UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L BUESGENS
PLAINTIFF

**RECEIVED**

V.

FEB 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHARLES E. BROWN
ATTORNEY
BOARD CERTIFIED
COMMERCIAL AND
RESIDENTIAL REAL
ESTATE - TEXAS
TSB NO. 03101650
AND
CHARLES E. BROWN
REAL ESTATE BROKER
NO. 320045
AND
STATE BAR OF TEXAS
AUSTIN, TEXAS    ET. AL.
DEFENDANTS

CIVIL
ACTION
1: 06 CV
01964
RBW

CIVIL NO. 1:2006CVO1964 RBW
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
HONORABLE JUDGE REGGIE B. WALTON
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

DATE FILED: 11/15/2006
BUESGENS V. BROWN, et al.

I.    SUPPLEMENT TO COMPLAINT

1.    THE **STATE BAR OF TEXAS** IS COMMITTED TO PROTECTING THE PUBLIC FROM ATTORNEYS (CHARLES EADS BROWN) WHO VIOLATE THE RULES GOVERNING PROFESSIONAL CONDUCT

**STATE BAR OF TEXAS**
**MAUREEN RAY**, ATTORNEY
**JOHN M. RICHARDS**, INVESTIGATOR
6300 LA CALMA DRIVE, #300
AUSTIN, TEXAS 78752

CIVIL NO. 1: 2006 CV 01964 RBW
HONORABLE JUDGE REGGIE B. WALTON

2  **STATE BAR OF TEXAS**
   **JOHN NEAL, DIRECTOR**
   MAUREEN RAY ATTORNEY
   JOHN M. RICHARDS, INVESTIGATOR

3  **SEE ATTACHED EXHIBITS**
   FROM STATE BAR OF TEXAS
   **AND**
4  JOHN M. RICHARDS, SENIOR INVESTIGATOR
   OFFICE OF CHIEF DISCIPLINARY COUNSEL
   **AND**
5  GAYLE VICKERS, DEPUTY DIRECTOR
   COUNSEL
   **AND**
6  CHRISTINE E. McKEEMAN
   EXECUTIVE DIRECTOR & GENERAL
   COUNSEL
   **AND**
7  AMY M. RUIZ, LEGAL SECRETARY
   **AND**
8  T. FRANCIS, LEGAL SECRETARY
                          **LETTERS**

CIVIL NO. 1:2006CV01964 RBW
U.S. DISTRICT COURT, DISTRICT
OF COLUMBIA

9    MICHAEL L BUESGENS, PLAINTIFF
LETTERS FROM **STATE BAR
OF TEXAS ET. AL.**

10    LETTERS FROM **STATE BAR OF
TEXAS ET. AL.
FROM**

A    JANUARY 26 , 2006
**TO**

B    OCTOBER 11, 2006

11.    RESPONDING TO PLAINTIFF
BUESGENS COMPLAINTS AGAINST
A.      ATTORNEYS
B.    CHARLES ENOS BROWN, **ET. AL.**
THAT
C.      BEGAN ON JANUARY 24, 2006

12.    LAWSUIT FILED : 11/15/2006
1:06CV01964 RBW

CIVIL NO. 1:2006CV01964RBW
U.S. DISTRICT COURT, DISTRICT
OF COLUMBIA

13   THE STATE BAR OF TEXAS
     ET.AL.

14   STATES THE FOLLOWING ABOUT
     PLAINTIFF MICHAEL L BUESGENS
     COMPLAINTS AGAINST ATTORNEYS
     ET.AL.

15.  "THIS OFFICE HAS DETERMINED
     THAT THE INFORMATION YOU
     (BUESGENS) PROVIDED DOES
     NOT ALLEGE ANY DISCIPLINARY
     RULE VIOLATION ON THE PART
     OF THE LAWYER. ACCORDINGLY,
     THIS GRIEVANCE HAS BEEN
     CLASSIFIED AS AN INQUIRY
     AND HAS BEEN DISMISSED."

CIVIL NO. 1:2006 CV01964 RBW
DISTRICT OF COLUMBIA
V.
**STATE BAR OF TEXAS**

16  PLAINTIFF MICHAEL L BUESGENS
DISAGREES WITH THE STATE
BAR OF TEXAS DETERMINATION
AND

17  THAT IS WHY HE HAS FILED
A LAWSUIT AGAINST THE
**STATE BAR OF TEXAS**

18  **THE EVIDENCE AND FACTS**
WILL SHOW THE WRONGDOING
BY **STATE BAR OF TEXAS**

AND
19  THE ATTORNEYS
IN THIS CIVIL ACTION.

AND
20. SEE **HALT** REPORT CARD ON
THE **PATTERN** AND **PRACTICE**
OF ATTORNEY DISCIPLINE AGENCIES
**STATE BAR OF TEXAS**

CIVIL NO. 1:2006 CV 01964 RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
HONORABLE JUDGE REGGIE B WALTON

21. **IN THE INTEREST OF JUSTICE**
PLAINTIFF MICHAEL L BUESGENS
FILED THIS SUIT AGAINST

A. TEXAS ATTORNEYS

AND

B. **STATE BAR OF TEXAS**

AT THE

C. DISTRICT OF COLUMBIA

22. **BECAUSE OF POLITICAL** BUYOUT
IN TEXAS BY ATTORNEYS
AND LAW FIRMS IN THE
**STATE OF TEXAS**

CASE NO. 1:06CV01964RBW
FILED:

PLAINTIFF- PRO SE- MICHAEL
L. BUESGENS

## II SUPPLEMENT TO COMPLAINT
PURSUANT TO RULE 15 OF FRCP

## BACKGROUND

THE CENTRAL ISSUES IN THIS
CIVIL ACTION ARE THE FOLLOWING:

1. ATTORNEY NEGLIGENCE AGAINST
NON-CLIENT MICHAEL L. BUESGENS

2. ATTORNEY MISREPRESENTATIONS
TO MICHAEL L. BUESGENS AND
THE COURTS

3. ATTORNEY FRAUD (WILLFUL)

4. ABUSE OF PROCESS

CASE NO.    1:06 CV01964 RBW

5. INTERFERENCE WITH PLAINTIFF
BUESGENS APARTMENT LEASE
CONTRACT — RENEWAL
DATED **12/05-12005**
FOR THE TERM 12/26/2005
THROUGH 10/22/2006

6. INTERFERENCE WITH PLAINTIFFS
HOUSING DISCRIMINATION COMPLAINT
BASED ON THE MEDICAL DISABILITY
BIPOLAR
**HUD # 06-06-293-8** AND
DENIAL OF REASONABLE ACCOMMODATION

7. ATTORNEY VIOLATIONS OF THE
CIVIL RIGHTS ACT OF 1871
AND
42 U.S.C. SECTION 1983
DISCRIMINATION — HOUSING
RETALIATION        ACCOMMODATION
AND
UNLAWFUL CONVERSION OF PLAINTIFFS
PROPERTY ON JULY 6, 2006 — EVICTION

CASE NO. 1:06CV01964RBW

8. CIVIL CONSPIRACY:
RETALIATORY EVICTION - 12/30/2005
CONSTRUCTIVE EVICTION 07/06/2006
AND
WRIT OF POSSESSION EXECUTED
ON 07/06/2006 AT
FALCON RIDGE APARTMENTS
APT 1023
500 E. STASSNEY
AUSTIN TEXAS 78745
PHONE: 1-512-326-5000

9. VICARIOUS LIABILITY AMONGST
THE ATTORNEYS AND LAW
FIRMS

10. BREACH OF FIDUCIARY DUTY
BY ATTORNEYS
LAW FIRMS
AND
STATE BAR OF TEXAS

CASE NO. 1:06CV01964RBW

11. ATTORNEYS FALSE STATEMENTS AND FAILURE TO DISCLOSE

12. FAILURE OF ATTORNEYS AND LAW FIRMS TO REPORT **CHARLES EADS BROWN**, ATTORNEY MISCONDUCT AGAINST

NON-CLIENT-PRO SE - TENANT-HUD COMPLAINANT-PLAINTIFF-DEFENDANT MICHAEL L. BUESGENS

13. VIOLATIONS BY ATTORNEYS OF THE TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT PART IV **NON-CLIENT RELATIONSHIPS**

PART VIII SECTION 8.04 - MISCONDUCT SECTION 8.03 - REPORTING

CASE NO. 1:06 CV 01964 RBW

14  PLAINTIFF MICHAEL L. BUESGENS
COMPLAINTS AGAINST

**CHARLES EADS BROWN**
**TSB NO.** 1:06 CV 01964 RBW
AND
ATTORNEYS AND LAW FIRMS

15  **TO**
THE **STATE BAR OF TEXAS**
AND THEIR BREACH OF FIDUCIARY
DUTY IN PROCESSING AND
INVESTIGATING THE COMPLAINTS

PLAINTIFF MICHAEL L. BUESGENS
COMPLAINTS TO THE STATE
BAR OF TEXAS **BEGAN IN**
JANUARY, 2006
AND
ALL WERE **DISMISSED** BY
THE STATE BAR OF TEXAS
AND

CASE NO. 1:06CV01964RBW

# STATE BAR OF TEXAS
## AND
16  # OFFICE OF CHIEF DISCIPLINARY COUNSEL

AND

TEXAS SUPREME COURT
TEXAS RULES OF DISCIPLINARY
PROCEDURE

17.  # STATE BAR OF TEXAS
TEXAS ATTORNEY GRIEVANCE SYSTEM
OFFICE OF THE CHIEF DISCIPLINARY
COUNSEL
6300 LA CALMA DRIVE
SUITE 300
AUSTIN TEXAS   78752
PHONE: 512-453-5535
FAX: 512-453-6667
OFFICIALS

A.   JOHN NEAL, DIRECTOR
O.   MAUREEN RAY, ATTORNEY
E.   JOHN M. RICHARDS, SENIOR INVESTIGATOR
D.   CHRISTINE E. MCKEEMAN, COUNSEL

CASE NO. 1:06CV01964 RBW

18. ATTACHED TO THIS SUPPLEMENT TO COMPLAINT ARE LETTERS FROM THE **STATE BAR OF TEXAS** AND OFFICIALS

19. IN THE INTEREST OF JUSTICE PLAINTIFF MICHAEL L BUESGENS FILED THIS CAUSE OF ACTION IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA INSTEAD OF A DISTRICT COURT IN TEXAS

20. **STATE BAR OF TEXAS**
A. CASE NO. **A00 106 10272**
   DATED: JANUARY 26, 2006

B. APPEAL TO **BODA**
   CASE NO. **38306**
   DATED: AUGUST 11 2006
C. CHARLES EADS BROWN, ATTORNEY
   TSB NO. 03106501

CASE NO. 1:06CV01964FM

21 **STATE BAR OF TEXAS**
CASE NO. **A0090610604**
LETTER DATED: SEPTEMBER 11, 2006
CHARLES EADS BROWN, ATTORNEY
TSB NO.

AND

22 **STATE BAR OF TEXAS** LETTER
DATED: OCTOBER 11, 2006
FROM:
JOHN M. RICHARDS
SENIOR INVESTIGATOR

23 CASE NOS.    A0090610632
24                    A0090610633
25                    A0090610634
26                    A0090610635
27                    A0090610636
28                    A0090610637
29                    A0090610638
30                    A0090610639
31                    A0090610640
         DISMISSED

CASE NO.   1:06 CV 01964 RBW

## III  TEXAS ATTORNEYS

1  CHARLES EADS BROWN — TEXAS
   TSB NO.   0310 1650
   BROKER LICENSE NO.  320045
   DAVID B. ARMBRUST
   TSB NO.  0130 4700

2  FRANK B. BROWN IV
   TSB NO.  0319 2500

3  GREGORY SCOTT CAGLE
   TSB NO.  2400 3678

4  DUNHAM F. JEWETT
   TSB NO.  1066 5500

5  SHELLEY BUSH MARMON
   TSB NO.  0349 7050

6  WILLIAM S. WARREN
   TSB NO.  2089 0800

CASE NO.  1:06 CV01964 RBW

# TEXAS ATTORNEYS

7. CHESTER E. BEAVER
CITY OF AUSTIN
TSB NO. 01998815

8. ANNE L. MORGAN
CITY OF AUSTIN
TSB NO. 14432400

9. FELIX TARANGO
TRAVIS COUNTY ATTORNEY
TSB NO. 24028027

10. MARC ERIC MALINGER
STATE FARM LLOYDS ATTORNEY
TSB NO. 12860050

A. PLAINTIFF MICHAEL L BUESGENS
RENTERS - TENANTS - INSURANCE
POLICY # 83-LV-0578-9

CASE NO.   1:06CV01964RBW

# TEXAS ATTORNEYS

11. R. BARRY ROBINSON
ASSISTANT U.S. ATTORNEY
TSB NO. ?

12. MICHAEL LYNN SALYARDS
I.R.S. - GENERAL LEGAL SERVICES
EEO - ATTORNEY
TSB NO. 00784898

13 THOMAS STANTON
I.R.S. - GENERAL LEGAL SERVICES
EEO - SUPERVISOR ATTORNEY
DALLAS TEXAS
TSB NO. 19055420

14 GERALD CONLEY CARRUTH
ASSISTANT U.S. ATTORNEY
AUSTIN, TEXAS
TSB NO. 03896500

CASE NO.   1:06CV01964 RBW

# TEXAS ATTORNEYS

15. STEVEN BASS   1:02CV00526 LY
ASSISTANT U.S. ATTORNEY
T.S.B. NO. 01889700

16 BEN FLOREY   DEFENSE ATTORNEY
AGAINST U.S. ATTORNEYS
CRIMINAL COMPLAINTS
CASE NO.  1:04CR00171 LY
TSB NO.  07169500

17 DEREK HOWARD  ATTORNEY
FOR RODOLFO LIZCANO
FORMER I.R.S. EMPLOYEE
1:02CV00526 LY
TAX COURT  211-03
1:2003CV00661 SS
TSB NO.  10064600

18. EDWARD CRUZ, SOLICITOR GENERAL
TEXAS  TSB NO. 24001953

CASE NO.   1:06CV01964 RBW

19  KAREN MELNIK
ASSISTANT U.S. ATTORNEY
WASHINGTON, DC

20  JUDITH TAYLOR  **EEOC**
ATTORNEY, SAN ANTONIO, TEXAS
TSB NO.  19708300

21  JENNIFER RANDALL  **EEOC**
ATTORNEY, SAN ANTONIO, TEXAS

22  DENNIS SCHNEIDER, ATTORNEY
NATIONAL TREASURY EMPLOYEES
UNION - **NTEU**

23  BARBARA A. ATKIN, GENERAL
COUNSEL - **NTEU**, NATIONAL TREASURY EMPLOYEES
UNION

CIVIL NO. 1:06 CV01964 RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF OREGON

IV **DECLARATION OF MICHAEL L. BUESGENS**

I DECLARE THAT THE FOREGOING
IS TRUE AND SUBJECT TO
THE PERJURY PROVISIONS
OF 28 U.S.C. SECTION 1746.

EXECUTED ON THIS 20TH DAY OF
FEBRUARY, 2007.

MICHAEL L BUESGENS

CIVIL NO. 1:06CV01964RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

## IV CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE
COPY OF THIS SUPPLEMENT
TO COMPLAINT AGAINST THE
STATE BAR OF TEXAS WAS
SERVED BY FIRST CLASS
MAIL ON THIS 20TH DAY OF
FEBRUARY, 2007

ADDRESSED TO:

1. JOHN NEAL, DIRECTOR
STATE BAR OF TEXAS
OFFICE OF THE CHIEF DISCIPLINARY
COUNSEL
6300 LA CALMA DRIVE, SUITE 300
AUSTIN, TEXAS  78752

CIVIL NO. 1:06CV01964RBW

2. CHARLES EADS BROWN
ATTORNEY
REAL ESTATE BROKER
3624 NORTH HILLS DRIVE, B-100
AUSTIN, TEXAS  78731

3. SHELLEY BUSH MARMON
ATTORNEY - PARTNER
CRADY, JEWETT & McCULLEY, LLP
MEGAN M. GOERES GALLOWAY
2727 ALLEN PARKWAY  #1700
HOUSTON, TEXAS  77019-2125
PHONE: 512-878-5236
PHONE: 713-739-7007
FAX: 512-326-1557

Michael Buesgens
3112 WINDSOR RD  #A322
AUSTIN, TEXAS  78703
512-339-6005 X 7958
MIKE BUESGENS@HOTMAIL.COM

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel

From:      Office of the Chief Disciplinary Counsel
           State Bar of Texas

Re:        Texas Attorney Grievance System

The State Bar of Texas is committed to protecting the public from attorneys who violate the rules governing professional conduct. Only by submitting your allegations in writing can we begin the process to review an attorney's actions. I have enclosed a grievance form and a brochure that explains the Texas attorney grievance system.

Texas attorneys' professional conduct is governed by the Texas Disciplinary Rules of Professional Conduct and the grievance process is governed by the Texas Rules of Disciplinary Procedure. Please understand that it is not necessary for you to know these rules or cite specific rule violations to allege professional misconduct against an attorney. Simply provide an outline or narrative of what occurred and the action or inactions of the attorney involved.

If you wish to formally file a grievance against an attorney, please return the completed grievance form to the State Bar of Texas' Chief Disciplinary Counsel's office of appropriate jurisdiction, that being:

State Bar of Texas
Office of the Chief Disciplinary Counsel
6300 La Calma Drive, Suite 300
Austin, Texas   78752

If you should have any questions about how to complete the grievance form or the status of a grievance you previously filed, please contact the State Bar of Texas' Chief Disciplinary Counsel's office nearest you by dialing toll free 866-224-5999. You may also visit the State Bar's website at www.texasbar.com, for information on the attorney grievance process.

# STATE BAR OF TEXAS



# FILE COPY

*Office of the Chief Disciplinary Counsel*

January 26, 2006

Michael L. Buesgens
500 E. Stassney #1023
Austin, Texas 78745

Re:    A0010610272  Michael L. Buesgens - Charles E. Brown

Dear Mr. Buesgens:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has received your Grievance against the above named lawyer.

Lawyers licensed in Texas are governed by the Texas Disciplinary Rules of Professional Conduct, and may only be disciplined when their conduct is in violation of one or more of the disciplinary rules.  After examining your Grievance, this office has determined that the information provided does not allege any disciplinary rule violation on the part of the lawyer. Accordingly, this Grievance has been classified as an Inquiry and has been dismissed.

You may appeal this determination to the Board of Disciplinary Appeals.  **Your appeal must be submitted directly to the Board in writing, using the enclosed form, within thirty (30) days of receipt of this notice.**

Disciplinary Proceedings, including the investigation and processing of a Complaint, are strictly confidential.  Facts and evidence discoverable elsewhere are not made confidential merely because they are discussed or introduced in the course of a disciplinary proceeding.

The State Bar of Texas maintains the Client-Attorney Assistance Program (CAAP).  You may have already visited with the staff of that program prior to filing your Grievance. Pursuant to the State Bar Act, all dismissed Grievances (other than where the person complained about is deceased, disbarred, or not a lawyer) are referred to CAAP.

P. O. Box 12487, Capitol Station, Austin, Texas 78711-2487, (512) 453-5535, (512) 453-6667 (FAX)

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

August 9, 2006 

Michael L. Buesgens
500 E. Stassney #1023
Austin, Texas  78745

RE:    A0010610272   Michael L. Buesgens - Charles E. Brown

Dear Mr. Buesgens:

Your request to appeal the classification decision in the above-referenced matter was received and has been forwarded to the Board of Disciplinary Appeals for their review.

The Board of Disciplinary Appeals will notify you of its decision and any further action to be taken.

Sincerely,

J.M. Richards
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas

CF-4A PRI

08/10/2006  10:55    5123395099          ESD NORTH CENTRAL                    PAGE  25
·Jul-26-2006  09:48am   From-CHIEF DISCIPLINARY OFC        +6124536667          T-734  P.004/004  F-181

# 8/10/2006

# FILE COPY

A0010610272  Michael L. Buesgens - Charles E. Brown



### THE BOARD OF DISCIPLINARY APPEALS
### APPOINTED BY THE
### SUPREME COURT OF TEXAS

## YOU MAY APPEAL THE STATE BAR
## SCREENING DECISION ON THIS GRIEVANCE

- Mail or fax this form within 30 days to:

  **Board of Disciplinary Appeals**
  **P.O. Box 12426**
  **Austin, Texas 78711**
  **512-475-1578**
  **FAX NO: 512-475-0802**

- Sign this form below.
- Do not send any additional information to the Board.
- We will obtain a copy of the complaint from the State Bar of Texas.
- You will usually receive a decision from the Board in 3 to 4 weeks.

*Thank you for participating in this process.*

A0010610272
ATTORNEY
CHARLES E. Brown

---

I wish to appeal the screening decision for the above matter to the Board of Disciplinary Appeals.

Date: AUGUST 4, 2006          Michael L Buesgens
                             (Signature)

                             MICHAEL L. BUESGENS
                             (Printed Name)

CF7-40.PRI

26 PAGES

TRANSMISSION VERIFICATION REPORT

```
                              TIME : 08/06/2006 09:28
                              NAME : ESD NORTH CENTRAL
                              FAX  : 5123396099
                              TEL  : 5123396005
                              SER.# : BROM4J175473
```

8/6/2006

```
DATE,TIME                    08/06  09:20
FAX NO./NAME                 4750802
DURATION                     00:07:42
PAGE(S)                      26
RESULT                       OK
MODE                         STANDARD
                             ECM
```

26 PAGES                    COMPLAINT

TO TEXAS STATE BAR

MY APPEAL ~ MICHAEL L BUESGENS

A-00106/0272

DATED AUGUST 6, 2006

CASE NO. 041509

CASE NO. C-1-CV-06-000678

CASE NO. A-06-CA-260LY

CHAIRMAN
JAMES S. FROST

· VICE CHAIRMAN
KATHY J. OWEN

MEMBERS
ALICE A. BROWN
PAUL D. CLOTE
YOLANDA DE LEÓN
ROBERT FLOWERS
JOSE I. GONZALEZ-FALLA
WILLIAM D. GREENHILL
CLEMENT H. OSIMETHA
THOMAS E. PITTS
CAROL E. PRATER
KAREN L. WATKINS

EXECUTIVE DIRECTOR & GENERAL COUNSEL
CHRISTINE E. MCKEEMAN

DEPUTY DIRECTOR/COUNSEL
GAYLE RILEY VICKERS



# THE BOARD OF DISCIPLINARY APPEALS
APPOINTED BY THE SUPREME COURT OF TEXAS

August 11, 2006

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, TX 78703

RE:    A0010610272; *Buesgens v. Brown;* BODA No. 38306

Dear Mr. Buesgens:

On August 7, 2006 you filed by fax your appeal of the dismissal of the above-referenced complaint. To the appeal form you attached your complaint along with a list of six other attorneys against whom you wished to complain.

On August 10, 2006 you called this office and asked that the Board of Disciplinary Appeals consider your complaints against the other six attorneys. That cannot be done. You must file your complaints with the Office of the Chief Disciplinary Counsel of the State Bar of Texas. The Board of Disciplinary Appeals is <u>not</u> the State Bar of Texas. The Board of Disciplinary Appeals is a Board appointed by the Supreme Court of Texas to hear appeals of classification decisions made in the grievance process, among other duties.

The State Bar of Texas will forward a copy of your complaint against Charles E. Brown to this office within the next three weeks. The Board will then examine your complaint to determine if it alleges a violation of the Texas Disciplinary Rules of Professional Conduct. We will forward the result to you by mail. If you wish to file a complaint against the attorneys you listed in your fax of August 7, 2006, please contact the State Bar of Texas Office of Chief Disciplinary Counsel

Sincerely,

Gayle Vickers
Deputy Director/Counsel

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel

August 11, 2006

Mr. Michael L. Buesgens
3112 Windsor Road, # A322
Austin, Texas  78703

Re; A0010610272; Michael Buesgens - Charles Brown

Dear Mr. Buesgens

Reference is made to the above identified case filed by you on
January 24, 2006 and dismissed on January 26, 2006. Reference is
also made to your appeal to the Board of Disciplinary Appeals on
August 7, 2006 for that dismissal. In addition reference is also
made to the second complaint you filed on August 10, 2006 to the
Office of the Chief Disciplinary Counsel.

The Texas Rules of Disciplinary Procedure, Rule 2.09, states
``Complainant may amend the statement with additional material
for reconsideration one time only following dismissal by the
Chief Disciplinary Counsel, the Board of Disciplinary Appeals, or
the Committee''. This means that we must wait for the Board of
Disciplinary Appeals to make a decision before you can re-file.

Your amended complainant is attached to this letter in its
entirety as received in this office. This office didn't retain a
copy of this amended complaint.

Sincerely,

J. M. Richards- Senior Investigator
Office of the Chief Disciplinary Counsel'
State Bar of Texas

Attachment: Your Amended Complaint received August 10, 2006

CHAIRMAN
JAMES S. FROST

VICE CHAIRMAN
KATHY J. OWEN

MEMBERS
ALICE A. BROWN
PAUL D. CLOTE
YOLANDA DE LEON
ROBERT FLOWERS
JOSE I. GONZALEZ-FALLA
WILLIAM D. GREENHILL
CLEMENT H. OSIMETHA
THOMAS E. PITTS
CAROL E. PRATER
KAREN L. WATKINS



EXECUTIVE DIRECTOR & GENERAL COUNSEL
CHRISTINE E. MCKEEMAN

DEPUTY DIRECTOR/COUNSEL
GAYLE RILEY VICKERS

# THE BOARD OF DISCIPLINARY APPEALS

APPOINTED BY THE SUPREME COURT OF TEXAS

August 21, 2006

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, TX 78703

RE:   A0010610272 Michael L. Buesgens v. Charles E. Brown, BODA #38306

Dear Mr. Buesgens:

We have received your additional information for the above referenced matter. According to the *Internal Procedural Rules of the Board of Disciplinary Appeals, Rule 3.02*, the Board cannot consider any additional information from either the complainant or the respondent. We only review the original complaint as you filed it with the Chief Disciplinary Counsel's Office. We are returning your paperwork to you.

The Supreme Court of Texas has delegated to the Board of Disciplinary Appeals specific responsibilities regarding lawyer discipline. The Board cannot assist complainants with any underlying civil or criminal matter, provide legal advice, or maker referrals to attorneys. If your case involved a court appointed attorney, court appointments are exclusively under the authority of the appointing court and the Board cannot take any action to remove or replace a court appointed attorney.

We have requested a copy of your original complaint from the Chief Disciplinary Counsel's Office. You will receive written notice of our decision. You can refile your complaint with the State Bar of Texas in Austin in order to have this information included in the complaint.

Sincerely,

Christine E. McKeeman
Executive Director & General Counsel

CEM/jt

CHAIRMAN
  JAMES S. FROST

VICE CHAIRMAN
  KATHY J. OWEN

MEMBERS
  ALICE A. BROWN
  PAUL D. CLOTE
  YOLANDA DE LEÓN
  ROBERT FLOWERS
  JOSE I. GONZALEZ-FALLA
  WILLIAM D. GREENHILL
  CLEMENT H. OSIMETHA
  THOMAS E. PITTS
  CAROL E. PRATER
  KAREN L. WATKINS



EXECUTIVE DIRECTOR & GENERAL COUNSEL
CHRISTINE E. MCKEEMAN

DEPUTY DIRECTOR/COUNSEL
GAYLE RILEY VICKERS

# THE BOARD OF DISCIPLINARY APPEALS
## APPOINTED BY THE SUPREME COURT OF TEXAS

August 24, 2006

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, TX  78703

  RE:   Disposition of Appeal Notice
        Michael L. Buesgens v. Charles E. Brown
        A0010610272; BODA Case No. 38306

Dear Mr. Buesgens:

The Supreme Court of Texas Board of Disciplinary Appeals met on August 24, 2006, to consider the appeal of Michael L. Buesgens v. Charles E. Brown, A0010610272. After reviewing the original complaint filed by Michael L. Buesgens, the Board has determined that the Complainant's appeal should not be granted and affirms the dismissal by the State Bar of Texas Chief Disciplinary Counsel's Office.

The Supreme Court of Texas has delegated to the Board of Disciplinary Appeals specific responsibilities regarding lawyer discipline. The Board cannot assist complainants with any underlying civil or criminal matter, provide legal advice, or make referrals to attorneys. If your case involved a court appointed attorney, court appointments are exclusively under the authority of the appointing court and the Board cannot take any action to remove or replace a court-appointed attorney. Information concerning the disciplinary system and the Texas Rules of Disciplinary Procedure are available at www.texasbar.com.

Very truly yours,

Christine E. McKeeman
Executive Director & General Counsel

CEM/bb

cc:   Charles E. Brown

      Stephen A. Moyik
      State Bar of Texas
      6300 La Calma Dr., Ste. 300
      Austin, TX 78752

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel

August 31, 2006 

Michael L. Buesgens
3112 Windsor Road, #322
Austin, Texas 78703

Re:    Complaint against Shelley Bush Marmon, Gregory S. Cagle, William S. Warren, David Armbrust,
       Dunham Jewett, and Frank Brown

Dear Mr. Buesgens:

Please be advised that your recent grievance form submitted against attorney Charles E. Brown that included
complaints against the attorneys listed above will be opened ONLY against Charles E. Brown.

_____1.    The Grievance Form must be an original with an original signature.

_____2.    The Attorney-Client Privilege and Confidentiality Waiver (**Part V**) is not signed.

_____3.    **Use a separate form for each attorney about whom you are complaining. Please identify
           attorney's name and address.**

_____4.    **Please complete the attached grievance form to accompany the information you have
           submitted.**

_____5.    Your Grievance Form's **Part I, II, and IV are not completed. Please complete attached
           and return.**

Please take appropriate action to correct the above referenced items and return all correspondence to the **State
Bar of Texas, Office of Chief Disciplinary Counsel, 6300 La Calma Drive, Ste. 300, Austin, Texas 78752.**

Sincerely,

J.M. Richards
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas

Enclosures: Grievance forms

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel

September 7, 2006

Michael Buesgens
3112 Windsor Road #A322
Austin, Texas 78703

Re:    A0010610272 Michael Buesgens- Charles E. Brown

Dear Mr. Buesgens:

Enclosed you will find a copy of the grievance form you requested.

Sincerely,

Amy M. Ruiz
Legal Secretary
Office of the Chief Disciplinary Counsel
State Bar of Texas

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

September 11, 2006

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

Re:    A0090610604   Michael L. Buesgens - Charles E. Brown

Dear Mr. Buesgens:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has examined the Grievance concerning the above-referenced individual and determined that it has been previously considered. Accordingly, this matter has been dismissed as an Inquiry.

Disciplinary Proceedings, including the investigation and processing of a Complaint, are strictly confidential. Facts and evidence discoverable elsewhere are not made confidential merely because they are discussed or introduced in the course of a disciplinary proceeding.

The State Bar of Texas maintains the Client-Attorney Assistance Program (CAAP). You may have already visited with the staff of that program prior to filing your Grievance. Pursuant to the State Bar Act, all dismissed Grievances (other than where the person complained about is deceased, disbarred, or not a lawyer) are referred to CAAP. This is not a continuation of the attorney disciplinary process and participation by both you and the attorney is voluntary. For additional information you may contact CAAP at 1-800-932-1900.

Sincerely,

J.M. Richards
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas

CF1-13.PRI

P. O. Box 12487, Capitol Station, Austin, Texas 78711-2487, (512) 453-5535, (512) 453-6667 (FAX)

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel

September 21, 2006

Mr. Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

Re:    Correspondence Received September 22, 2006

Dear Mr. Buesgens:

Please be advised that your correspondence is being returned to you for one (1) or more of the following reason(s):

X    1.    The Grievance Form must be an original with an **original signature**.

_____2.    The Attorney-Client Privilege and Confidentiality Waiver **(Part D)** is not signed. **WE NEED THE ORGINAL SIGNATURE ON PART D, NOT A COPY.**

_____3.    A grievance can only be filed against individual attorneys, not against law firms as a whole. Use a separate form for each attorney about whom you are complaining.  **Please identify attorney's name.**

_____4.    The attached form must be completed to accompany the information you have submitted.  Use a separate form for each attorney about whom you are complaining.

_____5.    Your Grievance Form's **Part III** was not completed and/or **no attachments accompany your grievance. (See Part III attached)**

Please take appropriate action to correct the above referenced items and return the correspondence to the **State Bar of Texas, Office of the Chief Disciplinary Counsel, 6300 La Calma St., Suite 300, Austin, Texas 78752**

Sincerely,

T. Francis

T. Francis
Legal Secretary

**P.O. Box 12487, Capitol Station, Austin, Texas 78711-2487, (512) 453-5535,(512) 453-6667(FAX)**

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel



September 26, 2006 

Mr. Michael L. Buesgens
3112 Windsor Road, #A 322
Austin, Texas 78703

Re: A0010610272; Michael Buesgens - Charles Brown
    A0090610604; Michael Buesgens - Charles Brown

Dear Mr. Buesgens;

Reference is made to the above-mentioned complaints filed by you
that were dismissed. Reference is also made to your telephone
call to Ms. Ray on September 22, 2006 and my telephone call to
you on the same date.

In our telephone conversation you requested copies of documents
that you sent to the Bar as your second complainant. Please see
attached documents to this letter. You also requested why the Bar
can not re-open your second complaint with additional information
on Mr. Brown or open a third complaint.

You can review the Texas Rules of Disciplinary Procedure, Rule
2.10 at <texasbar.com> the Bar's web site. However you wanted
that information in writing and Rule 2.10, <u>Classification of
Inquiries and Complainants</u>:, states in part ``The Chief
Disciplinary Counsel shall within thirty days examine each
grievance received to determine whether is constitutes an Inquiry
or a Complaint. If the Grievance is determined to constitute an
Inquiry, the Chief Disciplinary Counsel shall notify the
Complainant and Respondent of the dismissal. The Complainant may,
within thirty days from notification of the dismissal, appeal to
the Board of Disciplinary Appeals. If the Board of Disciplinary
Appeals affirms the classification as an Inquiry, the Complainant
will be so notified and may within twenty days amend the
grievance one time only by providing new and additional evidence.
The Complainant may appeal a decision by the Chief Disciplinary
to dismiss the amended Complainant as an Inquiry to the Board of
Disciplinary. No further amendments or appeals will be
accepted.''

Page: 2
Michael Buesgens
September 26, 2006


So we will not have the same problem as in the Brown case I am
going to evaluate your other complainants on October 9, 2006. All
additional information that you may have must be in this office
by the morning of the 9th which is a Monday.


Sincerely:


J. M. Richards - Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas


Attachments: Copy of documents used to evaluate your second
complainant

CHARLES E. BROWN
ATTORNEY
CASE NOS.
    A 00 106 102 72
    A 00 906 106 04
APPEAL NO.



A0090610604  Michael L. Buesgens - Charles E. Brown



### THE BOARD OF DISCIPLINARY APPEALS
### APPOINTED BY THE
### SUPREME COURT OF TEXAS

YOU MAY APPEAL THE STATE BAR
SCREENING DECISION ON THIS GRIEVANCE

- **Mail or fax this form within 30 days to:**

  **Board of Disciplinary Appeals**
  **P.O. Box 12426**
  **Austin, Texas 78711**
  **512-475-1578**
  **FAX NO: 512-475-0802**

- **Sign this form below.**
- **Do not send any additional information to the Board.**
- **We will obtain a copy of the complaint from the State Bar of Texas.**
- **You will usually receive a decision from the Board in 3 to 4 weeks.**

*Thank you for participating in this process.*

---

I wish to appeal the screening decision for the above matter to the Board of Disciplinary Appeals.

Date:_____        _____
                                              (Signature)

                                   _____
                                              (Printed Name)

CF7-40.PRI

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

October 11, 2006

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

Re:    A0090610632 Michael L. Buesgens – David B. Armbrust
       A0090610633 Michael L. Buesgens - Frank B. Brown IV
       A0090610634 Michael L. Buesgens – Gregory Scott Cagel
       A0090610635 Michael L. Buesgens – Dunham F. Jewett
       A0090610636 Michael L. Buesgens – Shelley Bush Marmon
       A0090610637 Michael L. Buesgens – William S. Warren
       A0090610638 Michael L. Buesgens – Chester E. Beaver
       A0090610639 Michael L. Buesgens – Anne L. Morgan
       A0090610640 Michael L. Buesgens – Feliz Tarango

Dear Mr. Buesgens:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has received your
Grievance against the above named lawyer.

Lawyers licensed in Texas are governed by the Texas Disciplinary Rules of Professional
Conduct, and may only be disciplined when their conduct is in violation of one or more of the
disciplinary rules.   After examining your Grievance, this office has determined that the
information provided does not allege any disciplinary rule violation on the part of the lawyer.
Accordingly, this Grievance has been classified as an Inquiry and has been dismissed.

You may appeal this determination to the Board of Disciplinary Appeals. **Your appeal must be
submitted directly to the Board in writing, using the enclosed form, within thirty (30) days
of receipt of this notice.**

P. O. Box 12487, Capitol Station, Austin, Texas 78711-2487, (512) 453-5535, (512) 453-6667 (FAX)

Disciplinary Proceedings, including the investigation and processing of a Complaint, are strictly confidential. Facts and evidence discoverable elsewhere are not made confidential merely because they are discussed or introduced in the course of a disciplinary proceeding.

The State Bar of Texas maintains the Client-Attorney Assistance Program (CAAP). You may have already visited with the staff of that program prior to filing your Grievance. Pursuant to the State Bar Act, all dismissed Grievances (other than where the person complained about is deceased, disbarred, or not a lawyer) are referred to CAAP. This is not a continuation of the attorney disciplinary process and participation by both you and the attorney is voluntary. For additional information you may contact CAAP at 1-800-932-1900.

Sincerely,

J.M. Richards
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas

Enclosure: BODA Appeal Form
CF1-9 PRI

CASE NO. A00 906 10632
ARMBRUST & BROWN, LLP
DAVID B. ARMBRUST
100 CONGRESS AVE, # 1300
AUSTIN, TEXAS 78701

CASE NO. A00 906 10635
A00 906 10636
CRADY, JEWETT & McCULLEY, LLP
SHELLEY BUSH MARMON
DUNHAM JEWETT
2727 ALLEN PARKWAY, # 700
HOUSTON, TEXAS

A0090610640   Michael L. Buesgens - Felix Tarango



# The Board of Disciplinary Appeals
# Appointed by the
# Supreme Court of Texas

## YOU MAY APPEAL THE DISMISSAL OF THIS GRIEVANCE

**Sign below and mail or fax this form within 30 days to:**

**Board of Disciplinary Appeals
P.O. Box 12426
Austin, Texas 78711**

**FAX NO: (512) 427-4130**

**Do not send any additional information to the Board.**

**We will obtain a copy of your grievance from the State Bar of Texas.**

**You will usually receive a decision from the Board in 3 to 4 weeks.**

*Thank you for participating in this process.*

---

**I want the Board of Disciplinary Appeals to review the dismissal of my grievance.**


_____          _____
Signature                                                               Date


_____
Printed Name

---

P.O. Box 12426   Austin, Texas 78711   (512) 427-1578   www.txboda.org

CF7-40.PRI



**HALT**

SAT JANUARY 20, 2007

| GIVE TO HALT | SITE SEARCH | SITE MAP | INTERNSHIPS | CONTACT US |

**REPORT CARD**

JOIN Halt
Receive a Free Book
and Quarterly Newsletter

Members Area

About HALT

Press Room

▶ Reform Projects

Freedom of Legal
Information

Judicial Integrity

▶ Lawyer
Accountability

▶

Small Claims

Legal Information
Clearinghouse

The Legal
Reformer

**Alabama**

View

North Country Gazette

**Washington, DC** - A scathing indictment of attorney discipline agencies nationwide, HALT's 2006 Lawyer Discipline Report Card has issued grades to disciplinary systems in all 50 states and the District of Columbia. More than half the states received grades below C. Utah flunked outright. No state earned an A. While Connecticut took top honors, it received only a meager B-minus.

HALT produced the Report Card to assess whether states have taken any meaningful action to improve the lawyer discipline system since the organization's last Report Card in 2002. Unfortunately, few states showed any improvement, and many states' systems actually saw their grades decline.

To review the report state by state, see

"In state after state, the attorney discipline system not only fails consumers, but ultimately undermines the integrity of the legal profession," explains HALT associate counsel Suzanne Blonder. "We hope this wake-up call will spur more disciplinary officials to join us in working for meaningful reforms."

Founded in 1978, HALT - An Organization of Americans for Legal Reform, a nonprofit, nonpartisan public interest group of more than 50,000 members, is the nation's largest and oldest legal reform organization. Dedicated to the principle that all Americans should be able to handle their legal affairs simply, affordably and equitably, HALT's Reform Projects challenge the legal establishment to improve access and reduce costs in our civil justice system at both the state and federal levels.

The Report Card reveals that the average state investigates only 58% of the complaints it receives, and investigations rarely result in discipline. A whopping 24 states impose formal public sanctions - disbarments, suspensions and public reprimands - in just five percent of investigated cases.

Many states continue to prohibit the public from attending disciplinary hearings. Hamstrung by rules that require them to keep the process secret, officials refuse to release information about attorneys' discipline histories. A handful of states still prohibit consumers from disclosing information until the disciplinary body imposes public discipline in the case. New Jersey and Tennessee are the only two states that significantly improved in this area; supreme courts in both states struck down their gag rules as unconstitutional since HALT issued its 2002 Report Card.

One of the few states to show any improvement, Pennsylvania rose from worst in 2002 to fifth in the nation today. After officials reviewed HALT's findings in 2002, they implemented Pennsylvania's first discipline Web site and developed a more transparent process.

California, however, plummeted from the top quartile of disciplinary bodies in 2002 to an abysmal 45th in the nation today. While the Bar was investigating every complaint it received four years ago, California is now reviewing only one out of every three complaints. The state's confusing, automated phone system is a disaster and prevents consumers from obtaining prompt answers from an actual staff person. Like California, New York stands out as one of the nation's most confounding systems; it's the only state in the country that features a

**1**

bifurcated system broken down into multiple districts and departments - a system that baffles consumers and ultimately deters complaint-filing.

HALT graded lawyer discipline systems in six categories:

**Adequacy of Discipline** --- The most critical category produced the weakest grades. Analyzing the ABA's most recent statistics, HALT found that only six states - Maine, Massachusetts, Nevada, New Hampshire, West Virginia and Wisconsin - review every grievance, while the average state investigates only 58 percent of the complaints it receives. And unfortunately, investigations rarely result in discipline. A whopping 24 states impose formal public sanctions - disbarments, suspensions and public reprimands - in just five percent of investigated cases. In the average jurisdiction, only 7.8 percent of investigations yield public discipline. Almost half of the sanctions take the form of private discipline, rendered behind closed doors. "A secret reprimand amounts to little more than a slap on the wrist," explained HALT Associate Counsel Suzanne Blonder. "Because it is so lenient, it fails to deter unethical conduct and because it is done in secret, it fails to warn consumers about which attorneys to avoid."

**Publicity and Responsiveness** --- While disciplinary bodies are not publicized in courthouses and local media as much as they were four years ago, their online resources have dramatically improved since 2002. Today, most disciplinary Web sites offer downloadable complaint forms, information about upcoming hearings and clear explanations about the disciplinary process - features that most states lacked four years ago. Unfortunately, telephone services have not seen as much progress. California is one of the nation's worst offenders, forcing consumers to wade through a complex and time-consuming automated system before they can obtain information from Bar staff.

**Openness** --- Attorney discipline continues to be shrouded in secrecy. Nine states - Alabama, Delaware, Hawaii, Idaho, Iowa, Maryland, Nevada, Utah and Wyoming - prohibit the public from attending disciplinary hearings. Hamstrung by rules that require them to keep the process secret, officials in the vast majority of states refuse to release information about attorneys' discipline histories. Oregon and Arizona have always been the exceptions to the rule, providing consumers with complete records, including whether a grievance was ever filed against a lawyer. After HALT submitted comments to New Hampshire in 2004, the state adopted new rules which now allow disciplinary officials in that state to release complete disciplinary histories.

**Fairness** --- Disciplinary systems still utilize biased procedures. The most egregious - Alabama, Arkansas, Delaware, Iowa, Mississippi, South Dakota, Texas and Utah - prohibit consumers from disclosing information until the disciplinary body imposes public discipline in the case. New Jersey and Tennessee are the only two states that significantly improved in this area. At HALT's urging, supreme courts in both states struck down their gag rules as unconstitutional.

**Public Participation** --- On most hearing panels just one out of every three members is a non-lawyer. Six states - California, Hawaii, Kansas, Mississippi, South Carolina and Tennessee - do not allow a single layperson to hear evidence in disciplinary proceedings. Idaho is the only jurisdiction in the country where non-lawyers comprise the majority on hearing committees.

**Promptness** --- Shamefully, 18 states - Alaska, Arkansas, the District of Columbia, Hawaii, Idaho, Illinois, Indiana, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, North Carolina, South Carolina, Vermont, Virginia, Washington and Wisconsin - stonewalled, refusing to release information about their timeliness to the ABA. Of the states that did report on the pace of their case processing, the average jurisdiction took nine months just to bring charges against an attorney and an additional five months to impose sanctions. Louisiana, the nation's most inefficient disciplinary body, took an astonishing 45 months - nearly four years! - to file formal charges in the average case.

"American legal consumers deserve a system that investigates promptly, deliberates openly, and weeds out unethical or incompetent attorneys," stated Turner. "Until there is meaningful reform, the legal profession has only itself to blame for the widespread public mistrust that mars every attorney's reputation."

© 2006 North Country Gazette

Compiled by

# HALT

An Organization of
Americans for Legal Reform

| | State Rank | Adequacy of Discipline Imposed 35% | Publicity and Responsiveness 15% | Openness of the Process 15% | Fairness of Disciplinary Procedures 15% | Public Participation 15% | Promptness 5% | Overall Grade 100% | Comparison to 2002 Standing |
|---|---|---|---|---|---|---|---|---|---|
| ALABAMA | 47 | D | C+ | C | D+ | D | C | D+ | |
| ALASKA | 43 | F | C+ | B+ | D | C | * | D+ | |
| ARIZONA | 3 | D– | B+ | A | B+ | C | D+ | B– | |
| ARKANSAS | 46 | D+ | D+ | B– | D | D | * | D+ | |
| CALIFORNIA | 45 | D– | C | B– | B– | F | D+ | D+ | |
| COLORADO | 2 | D– | B+ | B+ | B+ | C | C | B– | |
| CONNECTICUT | 1 | C– | C+ | B | C+ | C | B | B– | |
| DELAWARE | 41 | D | C+ | C | D– | C | B | D+ | |
| DISTRICT OF COLUMBIA | 8 | D+ | C+ | B | C | C | * | C+ | |
| FLORIDA | 14 | D+ | C+ | C+ | B+ | C | B | C+ | |
| GEORGIA | 9 | D | C+ | B– | B– | C | C+ | C+ | |
| HAWAII | 48 | D | D+ | C+ | B– | F | * | D+ | |
| IDAHO | 37 | D | D+ | C | D+ | A | * | D+ | |
| ILLINOIS | 21 | D+ | C+ | B– | B– | C | * | C | |
| INDIANA | 29 | D | C+ | B+ | B– | D | * | C– | |
| IOWA | 42 | C | D+ | C | D | D | D+ | D+ | |
| KANSAS | 27 | D– | B | B | B+ | F | D+ | C– | |
| KENTUCKY | 13 | D | C+ | C+ | C+ | C | F | C+ | |
| LOUISIANA | 34 | D+ | C | C+ | D+ | C | F | C– | |
| MAINE | 12 | C | C | B– | B | C | C+ | C+ | |
| MARYLAND | 32 | D+ | C | C+ | D+ | C | D+ | C– | |
| MASSACHUSETTS | 17 | C | C+ | B– | A– | D | F | C | |
| MICHIGAN | 25 | D– | C+ | B+ | B | C | * | C | |
| MINNESOTA | 26 | D | C | B | B | C | * | C– | |
| MISSISSIPPI | 10 | C | D+ | C– | B+ | F | A | C+ | |
| MISSOURI | 28 | D | C+ | C+ | B | C | * | C– | |
| MONTANA | 49 | D+ | D+ | * | D | C | C+ | D+ | |
| NEBRASKA | 30 | D+ | D+ | C+ | C | C | B | C– | |
| NEVADA | 31 | C | D+ | * | C | C | A | C– | |
| NEW HAMPSHIRE | 23 † | C | D | B+ | C | C | * | C | |
| NEW JERSEY | 7 | D– | C+ | B | B+ | C | * | C+ | |
| NEW MEXICO | 11 | D+ | D+ | C+ | B– | D | A | C+ | |
| NEW YORK | 36 | D | C+ | D+ | B | D | C | D+ | |
| NORTH CAROLINA | 50 | * | D+ | B– | C– | C | * | D | |
| NORTH DAKOTA | 20 | D | D+ | B+ | B– | C | A | C | |
| OHIO | 38 † | F | C | B– | B+ | D | C | D+ | |
| OKLAHOMA | 40 | F | D+ | B | B– | D | B | D+ | |
| OREGON | 19 | D– | B+ | B+ | B+ | D | D | C | |
| PENNSYLVANIA | 5 | D+ | B– | B+ | B– | D | D+ | C+ | |
| RHODE ISLAND | 18 | D+ | C+ | B– | C | C | C+ | C | |
| SOUTH CAROLINA | 44 | D+ | D– | C+ | B+ | F | * | D+ | |
| SOUTH DAKOTA | 35 | C | D+ | C | D | D | C+ | C– | |
| TENNESSEE | 4 | D | B+ | B+ | A | F | C | C+ | |
| TEXAS | 38 † | D | C+ | B | D | C | F | D+ | |
| UTAH | 51 | D | * | * | D | D | F | F | |
| VERMONT | 6 | D+ | D+ | B+ | B | C | * | C+ | |
| VIRGINIA | 33 | D | C+ | B– | C– | C | * | C– | |
| WASHINGTON | 23 † | D | C+ | B+ | B | C | * | C | |
| WEST VIRGINIA | 22 | C | D+ | C+ | C | C | D+ | C | |
| WISCONSIN | 16 | C | D+ | B+ | B– | C | * | C | |
| WYOMING | 15 | D+ | D | D+ | B+ | D | B+ | C | |

\* Incomplete    † Indicates a tie in state rank

Compiled by

# HALT

An Organization of
Americans for Legal Reform

| State | State Rank | Adequacy of Discipline Imposed 35% | Publicity and Responsiveness 15% | Openness of the Process 15% | Fairness of Disciplinary Procedures 15% | Public Participation 15% | Promptness 5% | Overall Grade 100% | Comparison to 2002 Standing |
|---|---|---|---|---|---|---|---|---|---|
| CONNECTICUT | 1 | C− | C+ | B | C+ | C | B | B− | |
| COLORADO | 2 | D− | B+ | B+ | B+ | C | C | B− | |
| ARIZONA | 3 | D− | B+ | A | B+ | C | D+ | B− | |
| TENNESSEE | 4 | D | B+ | B+ | A | F | C | C+ | |
| PENNSYLVANIA | 5 | D+ | B− | B+ | B− | D | D+ | C+ | |
| VERMONT | 6 | D+ | D+ | B+ | B | C | * | C+ | |
| NEW JERSEY | 7 | D− | C+ | B | B+ | C | * | C+ | |
| DISTRICT OF COLUMBIA | 8 | D+ | C+ | B | C | C | * | C+ | |
| GEORGIA | 9 | D | C+ | B− | B− | C | C+ | C+ | |
| MISSISSIPPI | 10 | C | D+ | C− | B+ | F | A | C+ | |
| NEW MEXICO | 11 | D+ | D+ | C+ | B− | D | A | C+ | |
| MAINE | 12 | C | C | B− | B | C | C+ | C+ | |
| KENTUCKY | 13 | D | C+ | C+ | C+ | C | F | C+ | |
| FLORIDA | 14 | D+ | C+ | C+ | B+ | C | B | C+ | |
| WYOMING | 15 | D+ | D | D+ | B+ | D | B+ | C | |
| WISCONSIN | 16 | C | D+ | B+ | B− | C | * | C | |
| MASSACHUSETTS | 17 | C | C+ | B− | A− | D | F | C | |
| RHODE ISLAND | 18 | D+ | C+ | B− | C | C | C+ | C | |
| OREGON | 19 | D− | B+ | B+ | B+ | D | D | C | |
| NORTH DAKOTA | 20 | D | D+ | B+ | B− | C | A | C | |
| ILLINOIS | 21 | D+ | C+ | B− | B− | C | * | C | |
| WEST VIRGINIA | 22 | C | D+ | C+ | C | C | D+ | C | |
| WASHINGTON | (tie) 23 | D− | C+ | B+ | B | C | * | C | |
| NEW HAMPSHIRE | (tie) 23 | D | D | B+ | C | C | * | C | |
| MICHIGAN | 25 | D− | C+ | B+ | B | C | * | C | |
| MINNESOTA | 26 | D | C | B | B | C | * | C− | |
| KANSAS | 27 | D− | B | B | B+ | F | D+ | C− | |
| MISSOURI | 28 | D | C+ | C+ | B | C | * | C− | |
| INDIANA | 29 | D | C+ | B+ | B− | D | * | C− | |
| NEBRASKA | 30 | D+ | D+ | C+ | C | C | B | C− | |
| NEVADA | 31 | C | D+ | * | C | C | A | C− | |
| MARYLAND | 32 | D+ | C | C+ | D+ | C | D+ | C− | |
| VIRGINIA | 33 | D | C+ | B− | C− | C | * | C− | |
| LOUISIANA | 34 | D+ | C | C+ | D+ | C | F | C− | |
| SOUTH DAKOTA | 35 | C | D+ | C | D | D | C+ | C− | |
| NEW YORK | 36 | D | C+ | D+ | B | D | C | D+ | |
| IDAHO | 37 | D | D+ | C | D+ | A | * | D+ | |
| OHIO | (tie) 38 | F | C | B− | B+ | D | C | D+ | |
| TEXAS | (tie) 38 | D | C+ | B | D | C | F | D+ | |
| OKLAHOMA | 40 | F | D+ | B | B− | D | B | D+ | |
| DELAWARE | 41 | D | C+ | C | D− | C | B | D+ | |
| IOWA | 42 | C | D+ | C | D | D | D+ | D+ | |
| ALASKA | 43 | F | C+ | B+ | D | C | * | D+ | |
| SOUTH CAROLINA | 44 | D+ | D− | C+ | B+ | F | * | D+ | |
| CALIFORNIA | 45 | D− | C | B− | B− | F | D+ | D+ | |
| ARKANSAS | 46 | D+ | D+ | B− | D | D | * | D+ | |
| ALABAMA | 47 | D | C+ | C | D+ | D | C | D+ | |
| HAWAII | 48 | D | D+ | C+ | B− | F | * | D+ | |
| MONTANA | 49 | D+ | D+ | * | D | C | C+ | D+ | |
| NORTH CAROLINA | 50 | * | D+ | B− | C− | C | * | D | |
| UTAH | 51 | D | * | * | D | D | F | F | |

* INCOMPLETE

# TEXAS

Overall Grade:

**What's New Since 2002:**
Texas' standing has sharply fallen from 22nd to 38th in the nation, primarily because rules adopted by the State Bar of Texas in 2004 made the system more biased in favor of lawyers.

**About Texas' Lawyer Discipline System:**

Ranked 38th in the nation overall.

Under new bar rules, the respondent attorney has the option to have his case heard before a district court or in an administrative venue. If he chooses the latter, the general public is prohibited from attending the hearing.

Texas' Office of Chief Disciplinary Counsel investigates only one out of every three complaints received.*

Of the investigated complaints, only seven percent result in public sanctions.*

Adequacy of Discipline Imposed

Publicity and Responsiveness

Openness of the Process

Fairness of Disciplinary Procedures

Public Participation

Promptness

**Overall Grade**

One of only seven states in the nation that still gags complainants, prohibiting them from disclosing information about a disciplinary case unless and until public sanctions are imposed.

Unlike most states, Texas requires lawyers to provide notice to each of their clients of the availability of the grievance process by making complaint brochures available at the attorney's place of business, prominently displaying a sign in their offices describing the disciplinary process or including the information on the written contract for services or the client's bill.

*According to the most recent statistics from the American Bar Association, which derive from the 2004 ABA Survey on Lawyer Discipline Systems.*



Compiled by

**HALT**

An Organization of Americans for Legal Reform

# About the 2006 Report Card

**ALT's Lawyer Discipline Report Card** compiled during 2005, evaluates the state of lawyer discipline systems across the country. HALT called each state's disciplinary agency, carefully reviewed the Web site, brochure and annual report of each agency, analyzed data compiled by the American Bar Association Survey on Lawyer Discipline, and assessed the rules and regulations that govern each state disciplinary agency.

Based on this analysis, HALT assigned a grade to each of six categories:

**Adequacy of Discipline Imposed**—Does the disciplinary agency investigate at least 90 percent of all grievances? Do at least 33 percent of investigated cases result in public sanctions (i.e., disbarment, suspension or public censure)? Do at least 33 percent of investigated cases result in private discipline (i.e., private admonition or reprimand)?

**Publicity and Responsiveness**—Does the disciplinary agency publicize its services sufficiently? Does the agency host a comprehensive, clear and easy-to-find Web site? Is the agency's staff informative and accommodating when consumers call with grievances against their lawyers or questions about the disciplinary process?

**Openness of the Process**—May grievants attend lawyer disciplinary hearings? Are hearings open to the general public? Can consumers easily find out whether grievances have ever been filed against their attorneys? Are names of sanctioned attorneys publicized in places to which the general public has access?

**Fairness of Disciplinary Procedures**—Does the state have a "gag rule" that holds grievants in contempt of court if they don't keep secret the fact that they have filed grievances against their attorneys? Are consumers granted civil immunity for allegations they make against their lawyers, such that they do not have to fear that their lawyers may later sue them? Is the standard for proving lawyer misconduct fair?

**Public Participation**—Do non-lawyers make up the majority of members serving on the disciplinary agency's hearing panels?

**Promptness**—How quickly does the disciplinary agency follow up on consumers' grievances? On average, does the agency file formal charges within three months of receiving a grievance? Are sanctions imposed within six months?

After assessing these categories, HALT assigned an overall grade to each state.

# About HALT

**HALT—An Organization of Americans for Legal Reform** pursues an aggressive education and advocacy program that challenges the legal establishment to improve access and to reduce costs in the civil justice system. HALT is known for its extensive collection of self-help law books and its advocacy to hold the legal profession accountable.

## GRADING SCALE
The following are the grading criteria for each category. The number in brackets after each category is the percent of the overall grade comprised of that category.

**Adequacy of Discipline Imposed** [35%]*
*What percentage of grievances does the agency investigate?*
A = 90% or more        B = 75-89%        C = 50-74%
D = 20-49%                  F = less than 20%
*What percentage of investigations result in public sanctions and what percentage lead to private sanctions?*
A = 33% or more        B = 25-32%        C = 15-24%
D = 5-14%                    F = less than 5%

**Publicity and Responsiveness** [15%]
*Does the disciplinary agency publicize itself sufficiently?*
A = advertise in yellow pages, in at least one local newspaper, through flyers in courthouses, and on the internet
B = 3 of the above    C = 2 of the above    D = 1 of the above
F = does not advertise its services to the public
*Does the agency meet HALT's criteria for a comprehensive, clear, and consumer-friendly Web site and telephone system?***
A = at least 95% of criteria
B = 85%                      C = 75%                D = 65% or less
F = no Web site, no telephone system or no brochure

**Openness of the Process** [15%]
*Can a grievant attend hearings?*
A = yes          C = not unless a witness      F = never
*Can the general public attend hearings?*
A = yes          C = only if case reaches public sanctions stage
F = never
*Where does the agency publish names of publicly sanctioned lawyers?*
A = agency's Web site *and* at least one local newspaper
B = agency's Web site *or* at least one local newspaper
C = only in publications distributed to lawyers
D = only in the agency's annual report
F = nowhere
*Can a consumer find out whether a grievance has ever been filed against her attorney?*
A = yes – information about a grievance can be provided
B = no – but information is available once the case reaches the formal charges stage
C = no – but information is available once the case reaches the informal or formal sanctions stage
D = no – but information is available once the case reaches the formal sanctions stage
F = no – information about a disciplinary case may be released

**Fairness of Disciplinary Procedures** [15%]
*Does the state have a "gag rule"?*
A = no
C = yes, the agency requests that individuals keep their grievances confidential
F = yes, grievants will be held in contempt of court if they speak about grievance
*Are grievants granted civil immunity?*
A = yes          C = qualified immunity          F = no
*What is the standard of proof in discipline hearings?*
A = "preponderance of the evidence" or its equivalent
C = "clear and convincing evidence" or its equivalent
F = "beyond a reasonable doubt"

**Public Participation** [15%]
*What percentage of nonlawyers serve on hearing panels?*
A = majority nonlawyers          B = 50% nonlawyers
C = 33-49% nonlawyers            D = less than 33% nonlawyers
F = no nonlawyers

**Promptness** [5%]*
*On average, how long does it take before the agency brings formal charges against an attorney?*
A = less than 3 months          B = 3-5 months
C = 6-8 months                        D = 9 months – 1 year
F = more than 1 year
*On average, how long does it take before the agency imposes sanctions on an attorney?*
A = less than 6 months          B = 6 months – 1 year
C = 1 year – 1-1/2 years          D = 1-1/2 years – 2 years
F = more than 2 years

* Data based on most recent statistics from the American Bar Association, which derive from the 2000 ABA Survey on Lawyer Discipline Systems.
** HALT's detailed list of criteria is available upon request.



**HALT**
*An Organization of
Americans for Legal Reform*

1612 K Street, NW, Suite 510, Washington, DC 20006 • (202) 887-8255 • (202) 887-9699 FAX • www.halt.org

# DISTRICT OF COLUMBIA

Overall Grade:

**What's New Since 2002:**
D.C.'s ranking jumped from
24th to 8th in the nation. The
District's standing improved
because of its increased
transparency and expanded
publicity of its disciplinary
services.

**About District of
Columbia's Lawyer
Discipline System:**

Ranked 8th in the nation overall.

The D.C. Bar imposes
discipline in less than ten percent
of investigated cases.*

Grievants as well as the
general public may attend lawyer
discipline hearings in the District of
Columbia.

D.C. provides grievants with
absolute immunity against lawsuits
based on their complaints, but
prohibits grievants from disclosing
information about their complaints
until formal charges are filed by
the Bar.

Lawyers comprise two-thirds of
every hearing committee; non-lawyers
only are given a token role.*

D.C. received an *Incomplete* for Promptness because the Bar failed to
provide the American Bar Association with statistics related to the
agency's timeliness in processing complaints.*

*According to the most recent statistics from the American Bar Association, which derive
from the 2004 ABA Survey on Lawyer Discipline Systems.*

Adequacy of Discipline Imposed

Publicity and Responsiveness

Openness of the Process

Fairness of Disciplinary Procedures

Public Participation

Promptness

**Overall Grade**



Compiled by
HALT
An Organization of
Americans for Legal Reform

# About the 2006 Report Card

**ALT's Lawyer Discipline Report Card** compiled during 2005, evaluates the state of lawyer discipline systems across the country. HALT called each state's disciplinary agency, carefully reviewed the Web site, brochure and annual report of each agency, analyzed data compiled by the American Bar Association Survey on Lawyer Discipline, and assessed the rules and regulations that govern each state disciplinary agency.

Based on this analysis, HALT assigned a grade to each of six categories:

**Adequacy of Discipline Imposed**—Does the disciplinary agency investigate at least 90 percent of all grievances? Do at least 33 percent of investigated cases result in public sanctions (i.e., disbarment, suspension or public censure)? Do at least 33 percent of investigated cases result in private discipline (i.e., private admonition or reprimand)?

**Publicity and Responsiveness**—Does the disciplinary agency publicize its services sufficiently? Does the agency host a comprehensive, clear and easy-to-find Web site? Is the agency's staff informative and accommodating when consumers call with grievances against their lawyers or questions about the disciplinary process?

**Openness of the Process**—May grievants attend lawyer disciplinary hearings? Are hearings open to the general public? Can consumers easily find out whether grievances have ever been filed against their attorneys? Are names of sanctioned attorneys publicized in places to which the general public has access?

**Fairness of Disciplinary Procedures**—Does the state have a "gag rule" that holds grievants in contempt of court if they do not keep secret the fact that they have filed grievances against their attorneys? Are consumers granted civil immunity for allegations they make against their lawyers, such that they do not have to fear that their lawyers may later sue them? Is the standard for proving lawyer misconduct fair?

**Public Participation**—Do non-lawyers make up the majority of members serving on the disciplinary agency's hearing panels?

**Promptness**—How quickly does the disciplinary agency follow up on consumers' grievances? On average, does the agency file formal charges within three months of receiving a grievance? Are sanctions imposed within six months?

After assessing these categories, HALT assigned an overall grade to each state.

# About HALT

**HALT—An Organization of Americans for Legal Reform** pursues an aggressive education and advocacy program that challenges the legal establishment to improve access and to reduce costs in the civil justice system. HALT is known for its extensive collection of self-help law books and its advocacy to hold the legal profession accountable.

## GRADING SCALE

The following are the grading criteria for each category. The number in brackets after each category is the percent of the overall grade comprised of that category.

**Adequacy of Discipline Imposed** [35%]*
*What percentage of grievances does the agency investigate?*
A = 90% or more    B = 75-89%    C = 50-74%
D = 20-49%    F = less than 20%
*What percentage of investigations result in public sanctions and what percentage lead to private sanctions?*
A = 33% or more    B = 25-32%    C = 15-24%
D = 5-14%    F = less than 5%

**Publicity and Responsiveness** [15%]
*Does the disciplinary agency publicize itself sufficiently?*
A = advertises in yellow pages, in at least one local newspaper, through flyers in courthouses, and on the internet
B = 3 of the above    C = 2 of the above    D = 1 of the above
F = does not advertise its services to the public
*Does the agency meet HALT's criteria for a comprehensive, clear, and consumer-friendly Web site and telephone system?***
A = at least 95% of criteria
B = 85%    C = 75%    D = 65% or less
F = no Web site, no telephone system or no brochure

**Openness of the Process** [15%]
*Can a grievant attend hearings?*
A = yes    C = not unless a witness    F = never
*Can the general public attend hearings?*
A = yes    C = only if case reaches public sanctions stage
F = never
*Where does the agency publish names of publicly sanctioned lawyers?*
A = agency's Web site **and** at least one local newspaper
B = agency's Web site **or** at least one local newspaper
C = only in publications distributed to lawyers
D = only in the agency's annual report
F = nowhere
*Can a consumer find out whether a grievance has ever been filed against her attorney?*
A = yes – information about a grievance can be provided
B = no – but information is available once the case reaches the formal charges stage
C = no – but information is available once the case reaches the informal or formal sanctions stage
D = no – but information is available once the case reaches the formal sanctions stage
F = no – information about a disciplinary case may be released

**Fairness of Disciplinary Procedures** [15%]
*Does the state have a "gag rule"?*
A = no
C = yes, the agency requests that individuals keep their grievances confidential
F = yes, grievants will be held in contempt of court if they speak about grievance
*Are grievants granted civil immunity?*
A = yes    C = qualified immunity    F = no
*What is the standard of proof in discipline hearings?*
A = "preponderance of the evidence" or its equivalent
C = "clear and convincing evidence" or its equivalent
F = "beyond a reasonable doubt"

**Public Participation** [15%]
*What percentage of nonlawyers serve on hearing panels?*
A = majority nonlawyers    B = 50% nonlawyers
C = 33-49% nonlawyers    D = less than 33% nonlawyers
F = no nonlawyers

**Promptness** [5%]*
*On average, how long does it take before the agency brings formal charges against an attorney?*
A = less than 3 months    B = 3-5 months
C = 6-8 months    D = 9 months – 1 year
F = more than 1 year
*On average, how long does it take before the agency imposes sanctions on an attorney?*
A = less than 6 months    B = 6 months – 1 year
C = 1 year – 1-1/2 years    D = 1-1/2 years – 2 years
F = more than 2 years

* Data based on most recent statistics from the American Bar Association, which derive from the 2000 ABA Survey on Lawyer Discipline Systems.
** HALT's detailed list of criteria is available upon request.



**HALT**
An Organization of
Americans for Legal Reform

1612 K Street, NW, Suite 510, Washington, DC 20006 • (202) 887-8255 • (202) 887-9699 FAX • www.halt.org

JURY, PROSE-NP, TYPE-L

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:06-cv-01964-RBW

**BUESGENS v. BROWN et al**
**Assigned to: Judge Reggie B. Walton**
**Cause: 42:1983 Civil Rights Act**

**Date Filed: 11/15/2006**
**Jury Demand: Plaintiff**
**Nature of Suit: 440 Civil**
**Rights: Other**
**Jurisdiction: U.S.**
**Government Defendant**

## Plaintiff

**MICHAEL L. BUESGENS**    represented by **MICHAEL L. BUESGENS**
**3112 Windsor Avenue**
**Apartment A 322**
**Austin, TX 78745**
**US**
**(512) 339-6005 Ext. 7958**
**Fax: (512) 478-7608**
**PRO SE**

**V.**

## Defendant

**CHARLES E. BROWN**
*Attorney, Real Estate*
*Broker, Registered Agent,*
*Member Attorney, HUD*
*Attorney, P.C.*

**Defendant**

**WILLIAM S. WARREN, III**
*Attorney - Member Austin*
*Apartment*

**Defendant**

**DUNHAM JEWETT**
*Managing Partner*

**Defendant**

**HUGH LAWRENCE**
**MCCULLEY**
*Partner*

**Defendant**

**SHELLEY BUSH MARMON**
*Partner, Lead Attorney for*
*MDL 1800*

**Defendant**

**CRADY JEWETT MCULLEY**
**LLP**

**Defendant**

**DAVID B. ARMBRUST**
*Managing Partner*

**Defendant**

**FRANK B. BROWN, IV**
*Partner*

**Defendant**

**GREGORY S. CAGLE**

*Attorney*

**Defendant**

**ARMBRUST & BROWN LLP**

**Defendant**

**WARREN LAW FIRM**

**Defendant**

**MARC ERIC MALINGER**
*Attorney*

**Defendant**

**CHESTER E. BEAVER**
*City Attorney*

**Defendant**

**ANNE L. MORGAN**
*City Attorney*

**Defendant**

**FELIX TARANGO**
*Travis County Attorney*

**Defendant**

**TIMOTHY MASHBURN**
*Attorney*

**Defendant**

**MICHAEL J. POWELL**
*Attorney*

**Defendant**

**GUY J. JOYNER**
*Attorney*

**Defendant**

**RAFAEL EDWARD CRUZ**
*Solicitor General*

**Defendant**

**MAUREEN RAY**
*Attorney*

**Defendant**

**JUDITH TAYLOR**
*Equal Employment*
*Opportunity Commission*
*Attorney*

**Defendant**

**JENNIFER RANDALL**
*EEOC Attorney*

**Defendant**

**ROBERT B. HARWIN**
*EEOC Attorney*

**Defendant**

**MICHAEL LYNN**
**SALYARDS**
*EEO - Attorney*

**Defendant**

**THOMAS STANTON**
*EEO - Supervisor*

**Defendant**

**KAREN MELNIK**
*Assistant U.S. Attorney*

**Defendant**

**R. BARRY ROBINSON**
*Assistant U.S. Attorney*

**Defendant**

**GERALD CONLEY
CARRUTH**
*Assistant U.S. Attorney*

**Defendant**

**STEVEN BOCK BASS**
*Assistant U.S. Attorney*

**Defendant**

**BEN CASTLEMAN
FLOREY, JR.,**
*Attorney*

**Defendant**

**DEREK HOWARD HOWARD**
*Attorney*

**Defendant**

**BARBARA A. ATKIN**
*Attorney National
Treasury Employees Union*

**Defendant**

**DENNIS SCHNEIDER**

**Attorney National
Treasury Employees Union**

<u>**Defendant**</u>

**JAMES PETRUCCI**
**Attorney Federal Labor
Relations Authority**

<u>**Defendant**</u>

**TED CRUZ**
**Solicitor General Texas
Attorney**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2006 | <u>1</u> | COMPLAINT against FRANK B. BROWN, IV, GREGORY S. CAGLE, ARMBRUST & BROWN LLP, WARREN LAW FIRM, MARC ERIC MALINGER, CHESTER E. BEAVER, ANNE L. MORGAN, FELIX TARANGO, TIMOTHY MASHBURN, MICHAEL J. POWELL, GUY J. JOYNER, RAFAEL EDWARD CRUZ, MAUREEN RAY, JUDITH TAYLOR, JENNIFER RANDALL, ROBERT B. HARWIN, MICHAEL LYNN SALYARDS, THOMAS STANTON, KAREN MELNIK, R. BARRY ROBINSON, GERALD CONLEY CARRUTH, STEVEN BOCK BASS, BEN CASTLEMAN FLOREY, JR, DEREK HOWARD HOWARD, BARBARA A. ATKIN, DENNIS SCHNEIDER, JAMES PETRUCCI, TED CRUZ, CHARLES E. BROWN, WILLIAM S. WARREN, III, DUNHAM JEWETT, HUGH LAWRENCE MCCULLEY, SHELLEY BUSH MARMON, CRADY JEWETT |

| | | |
|---|---|---|
| | | MCULLEY LLP, DAVID B. ARMBRUST ( Filing fee $ 350 receipt number 4616000271.)filed by MICHAEL L. BUESGENS. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit)(td, ) (Entered: 11/21/2006) |
| 11/15/2006 | 2 | NOTICE OF RELATED CASE by MICHAEL L. BUESGENS. Case related to Case No. 06-260CY U.S. District Court for the Western District of Texas, Austin Division. (td, ) (Entered: 11/21/2006) |
| 11/15/2006 | | Summons (44)issued as to FRANK B. BROWN, IV, GREGORY S. CAGLE, ARMBRUST & BROWN LLP, WARREN LAW FIRM, MARC ERIC MALINGER, CHESTER E. BEAVER, ANNE L. MORGAN, FELIX TARANGO, TIMOTHY MASHBURN, MICHAEL J. POWELL, GUY J. JOYNER, RAFAEL EDWARD CRUZ, MAUREEN RAY, JUDITH TAYLOR, JENNIFER RANDALL, ROBERT B. HARWIN, MICHAEL LYNN SALYARDS, THOMAS STANTON, KAREN MELNIK, R. BARRY ROBINSON, GERALD CONLEY CARRUTH, STEVEN BOCK BASS, BEN CASTLEMAN FLOREY, JR, DEREK HOWARD HOWARD, BARBARA A. ATKIN, DENNIS SCHNEIDER, JAMES PETRUCCI, TED CRUZ, CHARLES E. BROWN, WILLIAM S. WARREN, III, DUNHAM JEWETT, HUGH LAWRENCE MCCULLEY, SHELLEY BUSH MARMON, CRADY JEWETT MCULLEY LLP, DAVID B. ARMBRUST. (td, ) (Entered: 11/21/2006) |
| 12/19/2006 | 3 | NOTICE by MICHAEL L. BUESGENS (td, ) (Entered: 01/04/2007) |
| 01/10/2007 | 4 | NOTICE by MICHAEL L. BUESGENS; (FIAT. "OK" |