IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. BUESGENS<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 1:06-CV-01964-RCL |
| CHARLES E. BROWN, ET AL.<br>Defendants | §<br>§<br>§ | |

RBW

**RECEIVED**

MAR 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S ORIGINAL ANSWER

Charles E. Brown, Defendant, files Defendant's Original Answer to Plaintiff's Original Petition and shows:

## ANSWER

1. Defendant denies that this Court has jurisdiction over the matters alleged by Plaintiff. (Plaintiff's Original Complaint, Paragraph II, pg. 15)

2. Defendant denies employment discrimination or housing discrimination based on disability or any basis. (Plaintiff's Original Complaint, Paragraph 14, pg. 18)

3. Defendant denies retaliation against Plaintiff because of employment discrimination or housing discrimination complaints. (Plaintiff's Original Complaint, Paragraph 15, pg. 18)

4. Defendant is without sufficient knowledge to admit or deny any facts regarding the constitutionality of state statutes. (Plaintiff's Original Complaint, Paragraph 16, pg. 18-19)

5. Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise taxes. (Plaintiff's Original Complaint, Paragraph 17, pg 19)

6. Defendant is without sufficient knowledge to admit or deny any facts regarding certificates of authority to do business. (Plaintiff's Original Complaint, Paragraph 18, pg. 19)

7. Defendant denies any assumed name or true name violations. (Plaintiff's Original Complaint, Paragraph 19, pg. 19)

8. Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise tax liability nexus to Federal Corporate IRS tax reporting. (Plaintiff's Original Complaint, Paragraph 20, pg. 19)

9. Defendant denies that there has been collusion between attorneys, law firms and real estate developers and state agencies against Plaintiff. (Plaintiff's Original Complaint, Paragraph 21, pg. 19)

10. Defendant denies that there is or has been a civil conspiracy intertwined in Plaintiff's housing discrimination complaint and employment discrimination complaint. (Plaintiff's Original Complaint, Paragraph 22, pg. 20)

11. Defendant denies retaliation against Plaintiff. (Plaintiff's Original Complaint, Paragraph 23, pg. 20)

12. Defendant denies discrimination and retaliation in collusion with any other parties against Plaintiff. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

13. Defendant denies discrimination or retaliation in collusion with the National Apartment Association, Texas Apartment Association, or Austin Apartment Association. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

14. Defendant denies a breach of duty owed against Plaintiff. (Plaintiff's Original Complaint, Paragraph 25, pg. 21)

15. Defendant denies any breach of fiduciary duty to the courts or to Plaintiff. (Plaintiff's Original Complaint, Paragraph 26, pg. 21)

16. Defendant denies any negligent misrepresentations to Plaintiff in employment discrimination or housing discrimination. (Plaintiff's Original Complaint, Paragraph 27, pg. 21)

17. Defendant denies connected or coordinated adverse actions against Plaintiff or circumventing federal statutes, state statutes, or federal and state rules of civil procedure. (Plaintiff's Original Complaint, Paragraph 28, pg. 22)

18. Defendant denies attorney and law firm private and government misconduct. (Plaintiff's Original Complaint, Paragraph 29, pg. 22)

19. Defendant denies state and federal tax fraud. (Plaintiff's Original Complaint, Paragraph 30, pg. 22)

20. Defendant denies violations of Secretary of State regulations for business and non-profit entities. (Plaintiff's Original Complaint, Paragraph 31, pg. 22)

21. Defendant denies that he failed to acquire fictitious name certification. (Plaintiff's Original Complaint, Paragraph 32, pg. 23)

22. Defendant denies misrepresenting the true name and identity and standing, and capacity of the owners and general partners of residential multi-family communities. (Plaintiff's Original Complaint, Paragraph 33, pg. 23)

23. Defendant denies negligent or intentionally negligent misrepresentations for mandatory disclosures. (Plaintiff's Original Complaint, Paragraph 34, pg. 23)

24. Defendant denies fraudulent acts or negligently allowing fraudulent acts, willful or premeditated activities regarding legal and business decisions, fraudulent activities that are foreign to the duties of an attorney, acting outside the scope of Defendant's duties, or fraudulent acts on behalf of Defendant's clients. (Plaintiff's Original Complaint, Paragraph 35, pg. 23-24)

25. Defendant is unable to admit or deny the statement made regarding "any limitations to rely on or disclaimers as to the accuracy of attorney representations made to Plaintiff or unrepresented non-clients", as the

statement is vague and non-sensical. (Plaintiff's Original Complaint, Paragraph 36, pg. 25)

26. Defendant denies aiding and abetting a breach of fiduciary duty based on rendition of legal advice. (Plaintiff's Original Complaint, Paragraph 37, pg. 25)

27. Defendant denies violations of rules of professional conduct toward persons involved in the judicial process. (Plaintiff's Original Complaint, Paragraph 38, pg. 25)

28. Defendant denies not reporting any professional misconduct and denies any knowledge of any professional misconduct. (Plaintiff's Original Complaint, Paragraph 39, pg. 26)

29. Defendant denies that he has caused the multiple civil litigation filings by Plaintiff. (Plaintiff's Original Complaint, Paragraph 40, pg. 26)

30. Defendant denies any retaliation, abuse of process, abuse of power, abuse of relationships, abuse of knowledge, or discrimination against Plaintiff. (Plaintiff's Original Complaint, Paragraph 41, pg. 26)

31. Defendant denies that he "pisses on" Plaintiff because he is pro se, or that statutes and laws and rules are only lip service and are routinely manipulated. (Plaintiff's Original Complaint, Paragraph 42, pg. 27)

32. Defendant denies that Plaintiff is entitled to or should recover any compensatory damages, punitive damages, or exemplary damages.

## PRAYER

Defendant prays that Plaintiff take nothing and that Defendant be granted all additional relief to which this Court finds Defendant justly entitled.

Respectfully Submitted,

_____
CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

_____
CHARLES E. BROWN

H:\A WorkCB\3-Brown, Buesgens, Answer.doc