IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. BUESGENS<br>Plaintiff | §<br>§<br>§<br>§ | |
| v. | § | CASE NO. 1:06-CV-01964-RCL |
| | § | |
| CHARLES E. BROWN, ET AL.<br>Defendants | §<br>§ | |



RECEIVED
MAR 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE

Charles E. Brown, Defendant, respectfully moves to dismiss this case for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, res judicata or, in the alternative, Defendant moves to transfer this case to the Western District of Texas, Austin Division, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a). In support of this Motion, the Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and proposed Order.

Defendant requests that to the extent that this Motion is treated as one for summary judgment, all factual assertions contained within the attached Memorandum in support of this Motion be accepted by the Court as true unless Plaintiff submits contravening affidavits or other documentary evidence. *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss Plaintiff's claims against Defendant in Plaintiff's Complaint and enter such other and further orders to which Defendant is justly entitled.

Respectfully Submitted,

_____
CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

_____
CHARLES E. BROWN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. BUESGENS<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 1:06-CV-01964-RCL |
| CHARLES E. BROWN, ET AL.<br>Defendants | §<br>§<br>§ | |

RECEIVED

MAR 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

Plaintiff, Michael L. Buesgens, has brought suit against thirty-five (35) Defendants, including the Defendant Charles E. Brown, for alleged violations of housing discrimination laws, attorney malpractice, employment discrimination and other incoherent claims. Upon information and belief, the Plaintiff is a resident of Texas and all claims made by Plaintiff arise out of facts which occurred in Texas. Plaintiff has other active civil matters already pending in the Western District of Texas from which there have been multiple appeals docketed with the United States Court of Appeals for the Fifth Circuit. Prior attempts by him to initiate and prosecute claims against Texas defendants in this court have been rebuffed and the case transferred to the proper court with jurisdiction and proper venue—the United States District Court for the Western District of Texas—Austin Division.

The Defendant Charles E. Brown is not a resident of the District of Columbia and has no contact with the District of Columbia. Furthermore, all of the events, actions and transactions by and between the Defendant Charles E. Brown and the Plaintiff occurred in Travis County, Texas. Accordingly, the Defendant Charles E. Brown moves to dismiss the Plaintiff's lawsuit based on lack

of personal jurisdiction, improper venue and for failure to state a claim upon which relief could be granted. If the Court is not inclined to dismiss these claims on these bases, the Defendant Charles E. Brown requests that the case be transferred to the Western District of Texas—Austin Division.

## ARGUMENT AND AUTHORITIES

### NO PERSONAL JURISDICTION OVER THE DEFENDANT CHARLES E. BROWN

The Defendant Charles E. Brown is a resident in Texas. Plaintiff Buesgens' complaints against the Defendant Charles E. Brown arise out of his tenancy in, and ultimate eviction from, an apartment community in Austin, Texas known as "Falcon Ridge" owned by Falcon Apartments of Austin, Ltd. Charles Brown, P.C. represented the landlord in a lawsuit to evict the Plaintiff. Armbrust & Brown, L.L.P. represented the landlord in Plaintiff's appeal of his eviction and is co-counsel in representing Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Management Services, L.P., GREP General Partner, L.L.C., Debi Wehmeier, Mandy Rogers and Amanda Torres-Wilson in Plaintiff's fair housing lawsuit pending in the Western District of Texas—Austin Division. Crady, Jewett & McCulley, LLP is co-counsel with Armbrust & Brown in the same federal district lawsuit and also represents these same Defendants in related proceedings filed by Plaintiff with the Multi-District Litigation Panel and pending before the United States Court of Appeals for the Fifth Circuit.

All of the factual statements related to the Defendant Charles E. Brown, even if taken as true, occurred entirely and solely within the State of Texas.

### District of Columbia Long Arm Jurisdiction Statute

The Defendant Charles E. Brown does not meet the statutory requirements sufficient to permit this Court to exercise personal jurisdiction over him either through conduct or through an enduring relationship. D.C. CODE ANN. § 12-422, 12, 423 (1981). All of the actions or omissions

complained of by the Plaintiff about the Defendant Charles E. Brown occurred in Texas. Plaintiff fails to allege that any of the incidents giving rise to his claims against the Defendant Charles E. Brown occurred in the District of Columbia.

Due Process Considerations

If this Court were to exercise personal jurisdiction over the Defendant Charles E. Brown, it would violate the due process rights of the Defendant Charles E. Brown guaranteed to them by the Fourteenth Amendment to the United States Constitution. Before this court may exercise personal jurisdiction over a non-resident defendant two requirements must be met: the non-resident defendant must have availed itself of the benefits and protections of the forum states by establishing minimum contacts with it and the court's exercise of personal jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Plaintiff does not allege specific jurisdictional facts but appears to rely on conclusory allegations and appears to aggregate factual allegations among the various Defendants. Such efforts should fail. Plaintiff bears the burden of establishing personal jurisdiction over each individual Defendant. The Plaintiff must allege specific facts upon which personal jurisdiction can be based. *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom., GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Dir. 2000). They may not aggregate factual allegations concerning multiple Defendants in order to demonstrate personal jurisdiction over any one Defendant. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).

A defendant's minimum contacts with the forum state can establish personal jurisdiction. The jurisdiction is either general or specific. General jurisdiction arises when the defendant's contacts

with the forum state are so continuous and systematic as to confer jurisdiction, even when none of the contacts directly relate to the instant case. In that case, even if the forum state has no interest in the specific dispute between the parties, the forum state may still have interest in the defendant because the defendant has already created substantial connections with it. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984). Sporadic or limited contacts with the forum are insufficient to confer general jurisdiction over a non-resident defendant. The Defendant Charles E. Brown has had no contact with the District of Columbia, much less sporadic contacts. Therefore, the Plaintiff cannot establish a systematic or continuing contact between Defendant and the District of Columbia and therefore cannot establish general jurisdiction over the Defendant Charles E. Brown.

Plaintiff cannot establish specific jurisdiction over the Defendant Charles E. Brown for the same reason. Specific jurisdiction arises when a defendant's contacts with the forum state are specifically related to the lawsuit in which the Plaintiff seeks to establish jurisdiction. In order to establish the minimum contacts which confer specific jurisdiction, the defendant must have purposefully performed some act or consummated some transaction within the forum state and the cause of action alleged by the Plaintiff must arise from or be connected with that act or transaction. *International Shoe*, 326 U.S. at 318. The Plaintiff's allegations regarding the Defendant Charles E. Brown occurred solely within the State of Texas, Travis County to be precise. None of the allegations have any connection with the District of Columbia.

Finally, the Court should also analyze whether anything within the circumstances of this lawsuit could confer jurisdiction over the Defendant Charles E. Brown so as to comport with the traditional notions of fair play and substantial justice. In reviewing this standard, the Court must consider the following factors: the burden on the Defendant Charles E. Brown, the interest of the

forum state, the interests of the Plaintiff in obtaining convenient and effective relief, the interest of the judicial system in efficiently resolving controversies and the interests of the states in furthering fundamental policies. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105, S.Ct. 2174 (1985).

In applying these factors, exercising jurisdiction over the Defendant Charles E. Brown does not comport with the traditional notions of fair play and substantial justice. The burden on the Defendant Charles E. Brown to defend against the vague complaints in a jurisdiction hundreds of miles from his residence would be substantial. Several of the Defendants are individuals of limited means with only tangential relationship to the allegations made by the Plaintiff. The Defendant Charles E. Brown does not have an office or other business within the District of Columbia. Nothing within Plaintiff's Complaint indicates any specific connection with the District of Columbia as such allegations relate to the Defendant Charles E. Brown. Defendant Charles E. Brown is a resident of Texas and the allegations raised by Plaintiff relate to his fair housing complaints, which are already the subject of a suit pending in the United States District Court for the Western District of Texas—Austin Division (the "Texas Federal Case") and an appeal pending before the United States Court of Appeals for the Fifth Circuit. The fair housing suit in federal district court was set for trial in January 2007 and the appellate case is set on a briefing schedule which begins October 17, 2007. Plaintiff has already elected the forums located in Texas for the resolution of his dispute against the Defendant Charles E. Brown. Clearly the prosecution of these complaints in yet another forum would not promote the convenient or efficient resolution of his claims.

## **IMPROPER VENUE**

Should the Court determine that there is sufficient basis for personal jurisdiction over the Defendant Charles E. Brown, he moves to dismiss this case based on improper venue. It is unclear the basis for Plaintiff's establishment of jurisdiction. If the claims that jurisdiction over the

Defendant Charles E. Brown are based upon diversity, venue would be proper only in the following districts: 1) the judicial district where any Defendant resides, if all Defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that this the subject of the action is situated, or 3) a judicial district in which any Defendant may be found, if there are no districts in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Accordingly, venue would be proper in the District of Columbia only if all of the Defendants resided in the District of Columbia, a substantial part of the actions or omissions which the Plaintiff alleges occurred in the District of Columbia, or one of the residents resides in the District of Columbia and there is no other district in which Plaintiff could bring his lawsuit. None of these circumstances apply to the Plaintiffs' cause of action. Accordingly, venue is not proper and the Plaintiff's claims against the Defendant Charles E. Brown should be dismissed.

## **FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff has failed to allege any statutory or common law basis for any claims against the Defendant Charles E. Brown. Plaintiff Buesgens filed suit in Federal Court in the Western District of Texas against many of the same defendants named in this suit. The Texas Federal Case which was set for trial in January 2007. The allegations in the instant case appear to mirror the allegations in the Texas Federal Case. Plaintiff Buesgens is apparently not pleased with the way his suit is progressing and must have thought that naming the defendants in yet another lawsuit might change the results. Further, the Plaintiff's Complaint within the instant case fails to state any basis for relief against Defendant Charles E. Brown.

Defendant Charles E. Brown represented Falcon Ridge in an eviction case in Justice of the Peace Court, Precinct 5, Travis County, Texas, and the subsequent appeal of that case in the County

Court of Travis County, Texas. Charles E. Brown no longer represents Falcon Ridge in any matters. Nothing within Plaintiff's Complaint gives rise to any basis for any liability of Charles E. Brown for representing his clients in litigation with Plaintiff in other forums. Plaintiff alleges that Charles E. Brown and other attorneys engaged in interference with a contract (Paragraph 35), collusion (Paragraph 36) and theft or conversion (Paragraph 39). Even if any of these complaints were true, which Defendant Charles E. Brown strenuously denies, Plaintiff has failed to allege sufficient specific facts to support these claims and these attorneys have no personal liability to this Plaintiff for acts taken in the course of representing their clients. *Taco Bell v. Cracken*, 939 F.Supp. 528 (N.D. Tex 1996); *Chapman Children's Trust v. Porter & Hedges L.L.P.* 32 SW 3d 429 (Tex App—Houston [14th] 2000 pet denied). Plaintiff further suggests that these attorneys have committed third degree felony offenses in allowing certain corporate charters to be forfeited. (Paragraph 48). Even if such allegations are true, Plaintiff does not have standing to prosecute such claims, nor does it provide a basis upon which relief could be granted in favor of Plaintiff.

## CONCLUSION

Plaintiff's causes of action against Defendant Charles E. Brown should be dismissed for lack of personal jurisdiction over him and for improper venue. Nothing within Plaintiff's Complaint gives rise to a claim upon which relief could be granted.

WHEREFORE PREMISES CONSIDERED, Defendant Charles E. Brown requests this Court to dismiss Plaintiff's claims against him in Plaintiff's Complaint, or in the alternative, to transfer this case to the United States District Court for the Western District of Texas—Austin Division, and enter such other and further orders to which these parties may show themselves to be justly entitled.

Respectfully submitted,

_____
CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

_____
CHARLES E. BROWN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. BUESGENS<br>Plaintiff | § § § | |
| v. | § § | CASE NO. 1:06-CV-01964-RCL |
| CHARLES E. BROWN, ET AL.<br>Defendants | § § § | |

*(handwritten: RBW)*

## ORDER

Upon consideration of Defendant Charles E. Brown's Motion to Dismiss or, in the alternative, to transfer the pending action to the United States District Court for the Western District of Texas-Austin, it is hereby

ORDERED that Defendant Charles E. Brown's Motion to Dismiss is GRANTED/DENIED.

ORDERED that Defendant Charles E. Brown's Motion to transfer the pending action to the United States District Court for the Western District of Texas-Austin is GRANTED/DENIED.

_____
ROYCE C. LAMBERTH
United States District Judge

H:\A WorkCB\3-Brown, Buesgens, Order.doc