UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
PLAINTIFF

V.

CHARLES EADS BROWN

NATIONAL TREASURY
EMPLOYEES UNION-NTEU
ATTORNEYS

STATE BAR OF TEXAS

JOHN NEAL, DIRECTOR
CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS,
ATTORNEYS

ASSISTANT U.S. ATTORNEYS

CIVIL
NO
1:06 CV
01964
RBW

**RECEIVED**

MAR 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1:06 CV 01964 RBW
MDL-1800

5. SEE EXHIBITS
CIVIL NO. 1:05CV0233YRCL
DOCUMENT 6 FILED: 12/28/05
NTEU ATTORNEYS. MOTION FOR
EXTENSION OF TIME
NTEU ATTORNEYS WAIVE
SERVICE OF SUMMONS AND COMPLAINT
PAGE 2

6. UNSERVED ENTRY OF APPEARANCE
BY AUSA'S
A. KAREN MELNIK - D.C.
B. R. BARRY ROBINSON - AUSTIN, TX
DOCUMENT 8 FILED: 11/01/2006
CIVIL NO. 1:06CV01558 RCL

C. AUSA MELNIK IS ON A MISSION
NOW - RIGHT NOW - TRANSFER
AND
D. BUESGEUS MOTION TO CONSOLIDATE
AT U.S. DISTRICT COURT AUSTIN, TX
WAS IGNORED AND DELETED
1:05CV243SS

2

1:06 CV 01964 RBW

7. THUS ATTORNEYS CAN MAKE AN UNSERVED APPEARANCE IF THEY HAVE A MISSION

8. 1:05 CV 02334 RCL
APPEAL NO. 06-5314-D.C.
DOCUMENT 25 FILED: 02/27/06
MELNIKS MOTION TO DISMISS
AND TRANSFER PLAINTIFF
MICHAEL L BUESGENS EMPLOYMENT
RECORDS OUT OF O.P.M.
AND WASHINGTON, D.C.
NOW - RIGHT NOW
BECAUSE AUSA R. BARRY ROBINSON
IS WAITING FOR THEM.

9 1:06 CV 01558 RCL
DOCUMENT 6 FILED: 10/16/06
PLAINTIFF MICHAEL L BUESGENS
NOTICE OF LAWSUIT AND
REQUEST FOR WAIVER OF
SERVICE OF SUMMONS
NO ONE RESPONDS ✓

3

1:06CV 01964RBW
MDL-1800

17. COLLEEN M. KELLEY, PRESIDENT
NTEU
NATIONAL TREASURY EMPLOYEES UNION
ATTORNEYS ET.AL. WAIVER
SERVICE OF SUMMONS
1:06CV01558RCL
DOCUMENT 6 FILED: 10/16/06

18. MEGAN GOECES IS CHARLES
EADS BROWN PAID FOR WITNESS
EVICTION SUIT NO. 041509
CAUSE NO. C-1-CV-06-000678
CIVIL NO. 1:06CV260LY
1:06CV226LY-RP
1:06CV01558RCL
1:06CV00967LY-RP
AND
1:06CV001964RBW

5

1:06 CV 01964 RBW
MDL-1800

10  WAIVER OF SERVICE OF SUMMONS
ATTORNEYS IGNORE AND DELETE
THIS AND SO DOES JUDGE
ROYCE C. LAMBERTH AND
JUDGE EARL LEROY YEAKEL, III
1:06 CV 01558 RCL
1:06 CV 00967 LY-RP
WAIVER FOR

11.  DUNHAM JEWETT
12.  SHELLEY BUSH MARMON
13.  CRADY, JEWETT & McCULLEY, LLP

14  CHARLES G. HERNDON
1:04 CR 00171 LY

15  MEGAN GOERES GALLOWAY
A.  1:06 CV 01558 RCL
B.  1:06 CV 00967 LY

16  DEBI WEHMEIER   C-1-CV-06-000678
1:06 CV 260 LY              AUSTIN
1:06 CV 226 LY-RP          TEXAS
GREYSTAR FAMILY - C.T. CORPORATION
4

1:06 CV 01964 RBW
MDL-1800

19.   1:06 CV 260 LY
      1:06 CV 001964 RBW
      Document 6   FILED: 04/27/06
      MOTION FOR REMAND
                    BY
A.   CHARLES EADS BROWN
      C-1-CV06-00678
                    AND
B.   ARMBRUST & Brown, LLP
C.   CRADY, JEWETT & McCOLLEY, LLP


20.   1:06 CV 260 LY
      1:06 CV 001964 RBW
      DOCUMENT 4   FILED: 05/05/06
      AMENDED MOTION TO REMAND
      CHARLES EADS BROWN
      ARMBRUST & BROWN, LLP
      CRADY, JEWETT & McCOLLEY, LLP


21.   UNLAWFUL REMOVAL - REMAND
      1:06 CV 226 LY-RP        ✓
      1:06 CV 260 LY      IDENTICAL

                    6

1:06 CV 01964 RBW
MDL-1800

22    1:06 CV 226 LY-RP
REMOVAL   03/29/2006
1:06 CV 001964 RBW
DOCUMENT 1    FILED: 03/29/2006
D-1-GN-06-000262 FILED: 01/23/06

PLAINTIFF BUESGENS DID NOT FILE
SUIT IN HARRIS COUNTY, HOUSTON,
TEXAS
CHARLES ENOS BROWN
ARMBRUST & BROWN, LLP
CRADY, JEWETT & McCULLEY, LLP

23.    1:06 CV 226 LY-RP
D-1-GN-06-000
CHARLES ENOS BROWN IS FIRED
24    DOCUMENT 4    FILED: 04/10/2006
BECAUSE OF BUESGENS MOTION
TO DISQUALIFY COUNSEL BASED
25    MR. BROWN'S MISDEMEANOR RECORD
AND ILLEGAL VOTING AND JURY
TAMPERING IN CASE NO. 041509

7

1:06CV. 01964 RBW

PLAINTIFF – PRO SE MICHAEL L. BUESGEUS **MOTION** FOR **DEFAULT JUDGEMENT** AGAINST ATTORNEYS AND **STATE BAR** OF TEXAS – ET. AL. ETC.

**ATTORNEYS WITHOUT BORDERS**
**THE UNTOUCHABLES**

## II.    BACKGROUND

THE ONLY ATTORNEYS THAT HAVE RESPONDED TO THIS CIVIC ACTION ARE THE FOLLOWING:

1.  **SHELLEY BUSH MARMON**
    SEE 1:06 CV 00967 LY

2.  NATIONAL TREASURY EMPLOYEES UNION ATTORNEYS – **NTEU** FOR EXAMPLE:

A.  **BARBARA A. ATKIN** GENERAL COUNSEL
B.  SEE M.S.P.B. NO. DA 1221060171WI
C.  EEOC NO. 360-2003-82 86X

8

1:06 CV. 01964 RBW

D. NTEU — ATTORNEY DENNIS SCHNEIDER
SEE EEOC No. 360-2003-8286 X
12/16/2003

3. CHARLES EADS BROWN, ATTORNEY
A. RECIPIENT OF HUD AND FHA
FINANCING MONEY
B. FAIR HOUSING ACT AUTHORITY
C. HUD # 06-06-293-8 FILED 12/28/2005
D. FIFTH CIRCUIT APPEAL 06-60777
E. FTCA — FORM SF 95 — TORT CLAIM
U.S. DISTRICT COURT, BOSTON, MA

III THE CENTRAL ISSUES IN THEIR
RESPONSES TO CIVIL NO.
1:06CV001964 RBW
ARE THE FOLLOWING:

4. CHARLES EADS BROWN SAYS
A. THIS COURT HAS NO JURISDICTION
B. LACK OF SUBJECT MATTER JURISDICTION
C. IMPROPER VENUE
D. FAILURE TO STATE A CLAIM

9

1:06 CV 01964 RBW

E. RES JUDICATA
F. OR IN THE ALTERNATIVE TRANSFER
   TO AUSTIN, TEXAS
G. REQUESTS SUMMARY JUDGMENT

5. CHARLES ENOS BROWN - MEMORANDUM
   OF POINTS AND AUTHORITIES OR
   TRANSFER TO AUSTIN, TEXAS

A. SAYS AUSTIN, TEXAS is THE PROPER
   COURT AND PROPER VENUE

B. ALL EVENTS AND TRANSACTIONS
   OCCURRED IN AUSTIN, TEXAS

C. LACK OF PERSONAL JURISDICTION

D. STATUTORY REQUIREMENTS INSUFFICIENT

E. BUESGENS **FAILS** TO IDENTIFY
   ISSUES OCCURRING IN **D.C.**
   JURISDICTION IS **UNCLEAR**

10

1:06CV 0 1964 RBW

6. NTEU — ATTORNEYS SAY FRCP — RULE 4(m). THAT PLAINTIFF MICHAEL C OVESGENS HAS **FAILED** TO SERVE DEFENDANTS ET. AL. WITH SUMMONS AND A COMPLAINT

A. THEREFORE THIS CASE MUST BE DISMISSED

B. THE **DEADLINE** TO SERVE WAS MARCH 15, 2007 (120 DAYS) 'AND THAT

C. **JUDGE ROYCE C. LAMBERTH** FOR CIVIC NO. 1: 06 CV 01558 **RCL**

7. NOW CALLED — 1:06CV00967 **LY** **JUDGE EARL LEROY YEAKEL, III**

8. THAT **NTEU** WAS **DISMISSED** ON **MAY 9, 2006**

A. CASE TRANSFERRED TO AUSTIN, TEXAS ON

B. **DECEMBER 5, 2006** THEREFORE **NTEU** SAYS AUSTIN, TEXAS IS THE FORUM

11

1:06CV 0.1964 RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

IV    PLAINTIFF MICHAEL L BUESGENS
RESPONSE TO ALL ATTORNEYS
AND THE STATE BAR OF TEXAS
AND JOHN NEAL DIRECTOR
CHIEF DISCIPLINARY COUNSEL

CENTRAL ISSUES ✓

9. JURISDICTION
10. VENUE
11. SERVICE OF SUMMONS
12. SERVICE OF COMPLAINT
13. ETHICAL DUTIES
14. ATTORNEYS AS OFFICERS OF COURT
15. AWARENESS OF PENDING
    LITIGATION

16. TIME FRAME 2002 - 2007
17. SEQUENCE OF EVENTS
18. ADMINISTRATIVE COMPLAINTS
19. CIVIL ACTIONS
20. MDL - 1800

12

1:06 CV. 01964 RBW

21. RULES OF PROFESSIONAL CONDUCT, FOR ATTORNEYS IN THE UNITED STATES

22. ATTORNEYS LIABILITY, TO ONE OTHER THAN IMMEDIATE CLIENT FOR NEGLIGENCE IN CONNECTION WITH LEGAL DUTIES

23. ATTORNEY MISCONDUCT
24. ATTORNEY NEGLIGENT MISREPRESANTIONS TO-THE COURT AND PRO SE

25. PROFESSIONAL MALPRACTICE
26. VICARIOUS LIABILITY

27. REFUSAL AND FAILURE TO REPRESENT FOR EXAMPLE: NTEU ATTORNEYS
A. E.E.O.C. NO. 360-2003-8286 X
B. M.S.P.B. NO. DA1221060171WI
C. FEDERAL CIRCUIT NO. 2007-3115

1:06 CV 01964 RBW

28. DISCRIMINATION BASED ON MENTAL DISABILITY - BIPOLAR

29. RETALIATION BY ATTORNEYS

30. ABUSE OF POWER
31. ABUSE OF RELATIONSHIPS
32. ABUSE OF KNOWLE
33. ABUSE OF AUTHORITY

34. CONSOLIDATED - COORDINATED COLCUSIVE - CONSPIRACY TO **DENY** PLAINTIFF MICHAEL L. BUESGENS CONSTITUTIONAL RIGHTS AND LEGAL REMEDIES IN **ALL FORUMS**

35. DISCOVERY AND DISCLOSURE VIOLATIONS

36. CONCEALING EVIDENCE
37. VIOLATIONS OF 42 U.S.C. SECTION 1983 BY PRIVATE AND GOVERNMENT OFFICIALS

14

38. 1:06 CV 01964 RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
AND

39. MDL - 1800
HEARING MARCH 29, 2007
SAN ANTONIO, TEXAS

V. JURISDICTION - VENUE
SERVICE OF SUMMONS
COMPLAINT SINCE 2003

40. 28 U.S.C. SECTION 1404(a)
VENUE
A. IN THE INTEREST OF JUSTICE
AND
B. THE IMPROPER TRANSFER OF
CIVIL ACTION NO. 1:06CV01558RCL

C. THE IMPROPER TRANSFER OF
CIVIL ACTION NO. 1:05CV02334RCL
D. JUDGE ROYCE C. LAMBERTH
E. LAW CLERK MICHAEL SONG
F. D.C. APPEAL NO. 06-5314

15

1:06 CV 01964 RBW

41. ALL OF PLAINTIFF BUESGENS RECORDS WERE IN WASHINGTON, D.C. SEE O.P.M. RETIREMENT ON MARCH 7, 2005

42. NTEU ATTORNEYS SENT THEIR RECORDS OF BUESGENS COMPLAINTS FROM 2003-2006 TO AUSTIN, TEXAS IN 2006

43. KAREN MELNIK AND

A. R. BARRY ROBINSON AUSA'S SENT BUESGENS RECORDS FROM D.C. TO AUSTIN, TEXAS AFTER SUITS WERE FILED IN 2005 AND 2006 AT DISTRICT OF COLUMBIA

44. SEE BUESGENS FOIA REQUESTS AND THE LETTERS HE RECEIVED IN 2005 AND 2006 - RECORDS ARE AT O.P.M. IN D.C.

16

1:06 CV 01964 RBW

45. THE WITNESSES IN THESE CIVIL ACTIONS ARE DEFENDANTS AND DUESGENS FTCA-TORT CLAIM SF95 SUM CERTAIN 1:06 CV 01558 RCL HAD TO SUBSTITUTE UNITED STATES OF AMERICA HOMETOWN WASHINGTON, D.C.

46 COMMENCEMENT OF ACTION FRCP 3 BY FILING A COMPLAINT WITH THE COURT

A. 1:05CV 2435 SS
B. APPEAL NO. 07-5011 - D.C.
C. 1:05 CV 02334 RCL
D. 1:06 CV 01558 RCL
E. 1:06 CV 00967 LY-RP
F. 1:06 CV 01964 RBW
G. 1:06 CV 260 LY-RP
H. 1:06 CV 226 LY
I. 3:07 CV 00043 KI

17

1:06 CV 01964 RBW

47. FEDERAL LABOR RELATIONS AUTHORITY – F.L.R.A. NO. DA-CO-05-0505 2005

48. OFFICE OF SPECIAL COUNSEL O.S.C. NO. MA-05-2468 2005

49. EEOC NO. 360-2003-8286X

50. EEOC NO. 360-2006-00307

51. M.S.P.B NO. DA-1221 06 0171W1

52. FEDERAL Circuit NO. 2007-3115

53. HUD # 06-06-293-8    12/28/2005

54. PETITION FOR REVIEW HUD # 06-06-293-8    06-60777 FIFTH CIR.

55. HUD – FTCA – FORM SF95 ADMINISTRATIVE COMPLAINT – 2006

18

1:06 CV 01964 RBW

56 THE FOREGOING ATTORNEYS
LAW FIRMS AND ASSISTANT
U.S. ATTORNEYS DEFINITELY
HAD **AWARENESS** OF HIS
A. **HOUSING** DISCRIMINATION
AND
B. **EMPLOYMENT** DISCRIMINATION
COMPLAINTS
AND
C. BUESGENS COMPLAINTS **AGAINST**
**ATTORNEYS** CONTAINED IN HIS
FILINGS AND PLEADINGS IN
ALL CIVIL ACTIONS

57. FRCP 4     BUESGENS SENT
**WAIVER** OF SERVICE OF
SUMMONS.     SENT IN
**2006 TO:**

58 CHARLES EADS **BROWN**
59 SHELLEY BUSH **MARMON-GOERES**
60 ARMBRUST **&** BROWN , LLP
61. CRADY, JEWETT **&** McCULLEY, LLP

19

1:06 CV 01964 RBW

WAIVER OF SERVICE OF SUMMONS
BUESGENS SENT
TO ATTORNEYS

62. NTEU

63. BARBARA A. ATKIN ✓

64. JULIE M WILSON

65. GREGORY O'DUDEN

66. DENNIS SCHNEIDER

67. RICHARD ZORN AND ✓ OFFICE OF
SOLICITOR FEDERAL LABOR
RELATIONS AUTHORITY

68. F.L.R.A. NO. DA-CO-05-0595

69. THE FOREGOING DID NOT ✓
RESPOND TO WAIVER OF
SERVICE OF SUMMONS IN
THE FOREGOING CIVIL ACTIONS

70. PLAINTIFF BUESGENS SERVICE OF
SUMMONS ON MEGAN GOERES
BY CARL WEEKS & ASSOCIATES

A. CIVIL NO. 1:06-CV01558 RCL

B. 1:06CV00967 LY-RP

C. IN 2006 WAS IGNORED

20

1:06 CV 01964 RBW

71. MEGAN M. GOERES, DEFENDANT
   A. 1:06 CV 01558 RCL
   B. 1:06 CV 00967 LY-RP HOUSING
   C. 1:06 CV 226 LY-RP
   D. HUD # 06-06-293-8

72 DID NOT RESPOND ✓ TO BUESGENS
   SERVICE OF SUMMONS BECAUSE
   THE LAW FIRMS AND ATTORNEYS

   A. ARMBRUST & BROWN, LLP
   B. GREGORY S. CAGLE

   C. CRADY, JEWETT & McCULLEY, LLP
   D. SHELLEY BUSH MARMON - GOERES

   E. CHARLES ENOS BROWN
73. TOLD
   MEGAN M. GOERES NOT TO ✓
   RESPOND TO SERVICE OF
   SUMMONS - 2006
   A. 1:06 CV 01558 RCL
   B. 1:06 CV 00967 LY-RP

21

1:06 CV 01964 RBW

74. SEE KELLEY - NTEU
ATTORNEYS ACCEPTANCE
OF BUESGENS SERVICE
OF SUMMONS IN CIVIL NO.
1:05 CV 02334 RCL
1:06 CV 01558 RCL
JUDGE ROYCE C. LAMBERTH
LAW CLERK - MICHAEL SONG
AUSTIN, TEXAS
ROYCE C. LAMBERTH - TEXAS
STATE BAR CARD
NO. 11846000 EXPIRED

75. SUBSTITUTED SERVICE
POSTING AND MAILING
AND
ALL OF BUESGENS COMPLAINTS
FILINGS - PLEADINGS SENT
TO

76. JOHN NEAL, DIRECTOR
DISCIPLINE STATE BAR OF
TEXAS

22

1:06CV 01964 RBW

SUBSTITUTED SERVICE
AWARENESS OF THE PENDENCY
OF A LAWSUIT
AND

77. PLAINTIFF BUESGENS COMPLAINS
AND PLEADINGS TO ATTORNEYS
IN ALL CIVIC ACTIONS AND
MDL-1800

78. CHESTER E. BEAVER ✓
CITY OF AUSTIN, ATTORNEY

79. ANN MORGAN, ✓ CITY OF AUSTIN

80. FELIX TARANGO, ✓ TRAVIS COUNTY
AUSTIN, TEXAS

81. SHELLEY BUSH MARMON, ATTORNEY
ET. AL. ETC.

82. PERSONAL JURISDICTION
83. SUBJECT MATTER JURISDICTION
HAVE BEEN MET FOR D.C.

23

1:06CV 01964 RBW
MDL-1800

# DECLARATION OF MICHAEL L. BUESGENS

I, DECLARE THAT THE FOREGOING IS TRUE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. 1746.

_Michael L Buesgens_
MICHAEL L BUESGENS
MARCH 22, 2007

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY OF THE FOREGOING WAS SERVED BY FIRST CLASS MAIL ON THIS 23 RD DAY OF MARCH, 2007, ADDRESSED TO:

24

1:06 CV 01964 RBW
MDL-1800

JOHN NEAL, DIRECTOR OF
DISCIPLINE, STATE BAR OF
TEXAS AND ATTORNEYS AND
LAW FIRM MEMBERS
6300 LA CALMA # 300
AUSTIN, TX 78752

SHELLEY BUSH MARMON
DUNHAM JEWETT
MEGAN GOERES GALLOWAY
CRADY JEWETT & McCULLEY, LLP
2727 ALLEN PARKWAY # 1700
HOUSTON, TEXAS 77019-2125
PHONE: 713-739-7007
FAX: 713-739-8403

DAVID B. ARMBRUST
FELIX TARANGO
CHESTER E. BEAVER
ARMBRUST & BROWN, LLP
100 CONGRESS AVE, #1300
AUSTIN, TEXAS 78701

25

1:06CV01964 RBW
MDL-1800

CHARLES EADS BROWN
4028 ENCLAVE MESA CIRCLE
AUSTIN, TEXAS  78731
PHONE:   512-794-9913
PHONE:   512-346-6000
FAX:   512-346-6005
STATE BAR CARD.  03101650
REAL ESTATE BROKER.  320045
HUD REGULAR.

BARBARA A. ATKIN, GENERAL
COUNSEL - NTEU, ET.AL.
EEOC NO.  360-2003-8286X
EEOC NO.  360-2006-00307
FLRA NO.  DA-CO-05-0505
OSC NO.  MA-05-2468
CIVIL NO.  1:06CV01964 RBW
1:05CV243SS
1:05CV02334RCL
1:06CV01558RCL
1:06CV00967Y
1750 H STREET NW
WASHINGTON, DC  20006
26

1:06CV01964RBW
MDL-1800

M.S.P.B. DA 1221-06-0171-W1
BARBARA A. ATKIN, GENERAL
COUNSEL REFUSED TO REPRESENT
BUESGENS
SAME THING EEOC 360-2003-8286Y

Michael Buesgens
MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958

MIKEBUESGENS@HOTMAIL.COM

27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
500 E. Stassney                        )
Apt. 1023                              )
Austin, Texas 78745                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )       Case No. 1:05CV02334
                                       )       Judge: Royce C. Lamberth
MARCIA H. COATES, et al.               )
DIRECTOR,                              )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                 )
Treasury Annex Building                )
1500 Pennsylvania Avenue, NW           )
Room 5110                              )
Washington, DC 20220                   )
                                       )
            and                        )
                                       )
COLLEEN M. KELLEY,                     )
NATIONAL PRESIDENT,                    )
NATIONAL TREASURY EMPLOYEES UNION      )
1750 H Street, NW                      )
Washington, DC 20006                   )
                                       )
            Defendants.                )
_____)

DOCUMENT 6
FILED : 12/28/05

## DEFENDANT KELLEY'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER PLAINTIFF'S COMPLAINT

Defendant Colleen M. Kelley, National President of the

National Treasury Employees Union (Kelley), by her undersigned

counsel, respectfully moves this Court for an extension of time

until February 27, 2006, in which to file her answer or other

response to plaintiff's complaint.  In support of this motion,

# DOCUMENT 6

defendant Kelley states as follows:   1:05CV02334KCC

1. Plaintiff's Return of Service (attached to summons) states that he served his complaint by certified mail on December 12, 2005.  Kelley received a copy of plaintiff's complaint on December 20, eight days after it was mailed.

2. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, unless a waiver of service has been requested, the plaintiff is responsible for personally serving defendant Kelley.  Certified mail is insufficient to effectuate personal service.  See Fed. R. Civ. P. 4(e).  To date, Kelly has neither waived service nor been personally served by the plaintiff.

3. Nevertheless, as of the date of this motion, defendant Kelley is willing to waive judicial service of the complaint and summons.  Where service has been timely waived, a defendant has 60 days to answer or respond to a complaint.  See Fed. R. Civ. P. 12(a)(1)(B). Defendant Kelley's response, therefore, should be due on February 27, 2006.

4. Kelley's counsel anticipates that it will take considerable time to respond to plaintiff's complaint.

2

1:05CV02334RCL

Among other things, counsel will have to obtain information from the Equal Employment Office and from its field office relating to the allegations in the complaint. In addition, given the unnumbered format of the complaint and the conclusory allegations against defendant, counsel will need substantial time to determine the factual underpinnings of the allegations against defendant Kelley.

5.    The attorney with supervisory responsibility for this case is out of the office on prearranged leave and will be unavailable to work on this case until January 3, 2006. The defendant is also out of the office until early January 2006.

6.    Despite several attempts, counsel has been unable to reach Mr. Buesgens to find out whether he would stipulate to an extension of time.

7.    Granting defendant Kelley's request for an extension until February 27, 2006, will not delay the litigation of this case or otherwise prejudice the plaintiff because the answers of the agency defendants are not due until 60 days after service of the complaint on those parties. See Fed. R. Civ. P. 12(a)(3).

3

DOCUMENT 6        1:05CV02334RCL

Wherefore for the foregoing reasons, counsel for defendant Kelley respectfully requests an extension of time to and including February 27, 2006, in which to file defendant Kelley's answer or other response to plaintiff's complaint.

Respectfully submitted,

BARBARA A. ATKIN

Gregory O'Duden
General Counsel
Bar No. 254862

L. Pat Wynns
Associate General Counsel for
    Appellate Litigation
Bar No. 257840

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC  20006
(202) 572-5500

Counsel for defendant Kelley

4

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served Defendant

Kelley's Unopposed Motion for Extension of Time To Answer

Plaintiff's Complaint on the following person by first-class

mail on this **27** day of December, 2005:

Michael L. Buesgens
500 E. Strassney
Apt. 1023
Austin, Texas 78745

U.S. Attorney's Office
Department of Justice
Bicentennial Building
600 E Street, NW
Washington, DC 20530

*DOCUMENT 6*
*1:05CV02334RCL*

*KAREN MELNIK*
*R. BARRY ROBINSON*

_____
Myra Bernard
Legal Assistant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS
RUDOLFO LIZCANO

                    Plaintiffs,

        v.

UNITED STATES OF AMERICA, et al.,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)

DOCUMENT 8
FILED: 11/01/2006

Civil Action No: 06-1558 (RCL)

KAREN MELNIK

## ENTRY OF APPEARANCE

The Clerk of the Court will please enter the appearance of Assistant United States

Attorney **Karen L. Melnik** as counsel for the federal defendants in the above-entitled case.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

By:         /s/
Karen L. Melnik, D.C. Bar. No. 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W., Rm E-4112
Washington, D.C. 20530
(202) 307-0338

UNSERVED ENTRY OF APPEARANCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Praecipe has been made

via Electronic Case Filing and/or mail to plaintiff, Mr. Michael Buesgens, 3112 Windsor Road,

Austin, Texas 78703, on November 1, 2006.

_____/s/_____
KAREN L. MELNIK D.C. BAR #436452
Assistant United States Attorney
U.S. Attorney's Office for the     District of
Columbia
Civil Division
555 Fourth Street, N.W. #4112
Washington, D.C. 20530
(202) 307-0338(O)
(202) 514-8780 (Fax)

*1:05CV02334RCL*
*DOCUMENT 25 MOTION TO DISMISS*

Plaintiff's only available relief relating to his underlying discrimination and retaliation

*FILED 02/27/06*

claims is to file a complaint in the Western District of Texas (which he has done) seeking a trial

<u>de novo</u>, as Title VII does not permit plaintiff to challenge the processing of his EEO claims.

Accordingly, plaintiff's Complaint fails to state a claim and should be dismissed.

*KAREN MELNIK, AUSA - D.C.*

## IV.    <u>This Action Should Be Dismissed Or Transferred For Improper Venue</u>.

Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the

exclusive requirements for venue in Title VII actions. <u>See</u> <u>Stebbins v. State Farm Mut. Ins. Co.</u>,

413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title

VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that

Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to

have been committed"; (2) where "the employment records relevant to such [unlawful

employment] practice are maintained and administered"; (3) where plaintiff "would have worked

but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal

office" (but <u>only</u> if defendant "is not found" in any of the three preceding districts). The District

of Columbia does not meet any of the four conditions for venue.

First, the alleged unlawful employment practice was not committed in this district.

Plaintiff was employed by the Internal Revenue Services as a seasonal Contact Representative in

Austin, Texas. <u>See</u> Salyards Decl. at ¶ 2. Second, none of plaintiff's employment records are

maintained and administered in the District of Columbia. <u>See id.</u> at ¶ 4. Plaintiff's relevant

employment records are located in the Western District of Texas. <u>See id.</u> at ¶ 3. In addition, the

relevant management witnesses in this case are located in the Western District of Texas. <u>Id.</u>

Third, as noted above, plaintiff would not have worked in this District at the time period

*DEFENDANT MARCIA H. COATES ET. AL
IS IN WASHINGTON D.C.
EEO NO. 05-2291S
EEO NO. 05-2291*

identified in the Complaint. See Salyards Decl. at ¶ 2. Fourth, plaintiff cannot rely on the fourth

prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because defendant's

principal office is located in this District. The statute itself provides that this fourth prong is

available only "if the respondent is not found within any such district" covered by one of the

three preceding prongs. See Stebbins, 413 F.2d at 1103 ("Only where the putative employer

cannot be brought before the court in one of those districts may the action be filed in the judicial

district in which he has 'his principal office.'"). In the present case, defendant can be "found"

and subject to suit in the Western District of Texas, where plaintiff worked before he retired.

Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this

Court determine it to serve the interest of justice, transferred to the Western District of Texas.

## V.    Even If Venue Were Proper In This District, This Case Should Be Transferred For Convenience And In The Interest Of Justice.

The preceding argument demonstrated that venue is not proper in the District of

Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C.

§ 1406(a). In the alternative, if the Court were to determine that venue is proper here under the

standards set forth in Title VII, this case should nevertheless be transferred to the Western

District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to

transfer a case under three conditions: (1) there is another judicial district in which the action

properly may have been brought; (2) the convenience of the parties and witnesses would be better

served in the alternative district; and (3) transfer is in the interest of justice. See Claasen v.

Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996). Each of these

conditions is satisfied in the present case.

-9-

RETIRED - INVOLUNTARY DISABILITY
RETIREMENT   03/07/2005
ALL OF BUESGENS RECORDS WERE
TRANSFERRED TO O.P.M.
WASHINGTON, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS
        PLAINTIFF
    AND
RODOLFO LIZCANO
        PLAINTIFF

V.

UNITED STATES OF
    AMERICA
        ET-AL.
    DEFENDANTS

DOCUMENT 6
FILED : 10/16/06
1:06CV01558 RCL

CASE NO.
1:2006CV01558

PLAINTIFF-PRO SE - BUESGENS
NOTICE OF LAWSUIT AND REQUEST
FOR WAIVER OF SERVICE FOR
    SUMMONS

TO THE FOLLOWING DEFENDANTS:

**RECEIVED**

SEP 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1. DUNHAM JEWETT, PRINCIPAL
CRADY, JEWETT & McCULLEY, LLP

2. COLLEEN M. KELLEY, PRESIDENT
NTEU

3. CHARLES G. HERNDON
FORMER I.R.S. MANAGER

4. MEGAN GOERES, TENANT
FALCON RIDGE APARTMENTS

5. DEBI WEHMEIER, REGIONAL
VICE PRESIDENT,
A. GREYSTAR MANAGEMENT SERVICES,
LP
B. GREYSTAR HOLDINGS INC
C. GREP GENERAL PARTNER, LLC
AND
D. DEBI WEHMEIER, PRESIDENT
AUSTIN APARTMENT ASSOCIATION

✓ SUMMONS AND COMPLAINT
SERVED SEPTEMBER 17, 2006.

RESPECTFULLY SUBMITTED

*Michael L. Biesgens*
MICHAEL L. BIESGENS
SEPTEMBER 17, 2006

AO 398 (10/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:   (A)   _DUNHAM JEWETT_

as    (B)   _PARTNER_   of (C)   _CRADY & JEWETT &_
            _PRINCIPAL_          _McCULLEY, LLP_

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _COLUMBIA_ and has been assigned docket number (E) _1:2006CV-01558_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot of the waiver form.)

I affirm that this request is being sent to you on behalf of the plaintiff, this _17TH_ day of

_SEPTEMBER 2006_ .

_Michael P Bergas_
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

_PRO SE_
_PRIVATE ATTORNEY_
_GENERAL_

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Addresses must be given at least 30 days (90 days if located in foreign country) in which to return waiver

_DUNHAM JEWETT_
_CRADY JEWETT & McCULLEY_
_2727 ALLEN PARKWAY_
_#1700_
_HOUSTON, TEXAS_
_77019-2125_

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: _MICHAEL L. BUESGENS    PRO SE_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _DONNA JEWETT_ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _BUESGENS AND LIZCANO_
_V. U.S.A._
(CAPTION ACTION)

which is case number _1:2006 CV01558_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _COLOMBIA_

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me. _ONE DOLLAR_
_CASH_

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____        _____
(DATE)                  (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party
who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons),
and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
OFFICE OF THE CLERK
333 CONSTITUTION AVE, NW
WASHINGTON, DC
                    20001-2866


*Michael Buesgens*

MICHAEL L. BUESGENS,
CASE NO.: 1: 2006 CV 01558
PLAINTIFF,
PRO SE,
PRIVATE ATTORNEY GENERAL

BUESGENS AND LIZCANO
            V.
    U.S.A.    ET. AL.

3112 WINDSOR RD
    #A322
AUSTIN, TEXAS 78703
512-339-6005 EXT. 7391
MIKEBUESGENS@HOTMAIL.COM

AO 399 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:   (A)   _COLLEEN M. KELLEY, PRESIDENT_

as    (B)   _PRESIDENT_   of (C)   _NTEU_

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _COLUMBIA_ and has been assigned docket number (E) _1:2006CV-01558_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this   _17 TH_   day of _SEPTEMBER. 2006_.

_Michael J Burgess_
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

_PRO SE_
_PRIVATE ATTORNEY_
_GENERAL_

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Addresses must be given at least 30 days (60 days if located in foreign country) in which to return waiver

_COLLEEN M. KELLEY, PRESIDENT_
_NTEU_
_1750 H STREET, NW_
_WASHINGTON, DC 20006_

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _MICHAEL L. BUESSENS, PRO SE_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _COLLEEN M. KELLEY_
(DEFENDANT NAME)
, acknowledge receipt of your request

that I waive service of summons in the action of _____
(CAPTION ACTION)

which is case number _1:2006CV01558_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _COLUMBIA_

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. _ONE DOLLAR CASH_

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
(DATE)                                    (SIGNATURE)

Printed/Typed Name: _____

As_____ of _____
(TITLE)                          (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
OFFICE OF THE CLERK
333 CONSTITUTION AVE, NW
WASHINGTON, DC
20001-2866

*Michael Buesgens*

MICHAEL L. BUESGENS,
CASE NO.: 1: 2006 CV01558
PLAINTIFF,
PRO SE,
PRIVATE ATTORNEY GENERAL

BUESGENS AND LIZCANO
V.
U.S.A.    ET. AL.

3112 WINDSOR RD
#A322
AUSTIN, TEXAS 78703
512-339-6005 EXT. 7391
MIKEBUESGENS@HOTMAIL.COM

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:  (A) _CHARLES G. HERNDON_

as  (B) _MANAGER_ of (C) _INTERNAL REVENUE SERVICE_

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _COLUMBIA_ District of _COLUMBIA_ and has been assigned docket number (E) _1:2006 EV 01559 RCL_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot of) the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _17 TH_ day of _SEPTEMBER 2006_.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

_PRO SE,_
_PRIVATE ATTORNEY_
_GENERAL_

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Address must be given at least 30 days (60 days if located in foreign country) in which to return waiver

_CHARLES G. HERNDON_
_9901 BRIAR RIDGE_
_AUSTIN, TEXAS 78748_

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _MICHAEL L. BUESGENS, PRO SE_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _CHARLES G. HERNDON_, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _V. BUESGENS AND LIZCANO_ _USA_
(CAPTION ACTION)

which is case number _1:2006 CV01558_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _COLUMBIA_

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me. _ONE DOLLAR CASH_

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                  (SIGNATURE)

Printed/Typed Name: _____

As_____ of _____
(TITLE)                        (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party
who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons),
and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
OFFICE OF THE CLERK
333 CONSTITUTION AVE, NW
WASHINGTON, DC
                    20001-2866

*Michael Buesgens*

MICHAEL L. BUESGENS,
CASE NO.: 1: 2006 CV 01558
PLAINTIFF,
PRO SE,
PRIVATE ATTORNEY GENERAL

BUESGENS AND LIZCANO
          V.
U.S.A.      ET. AL.

3112 WINDSOR RD
     #A322
AUSTIN TEXAS 78703
512-339-6005 EXT. 7391
MIKEBUESGENS@HOTMAIL.COM

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:  (A)  _MEGAN GOERES_

as  (B)  _TENANT_  of (C)  _FALCON RIDGE APARTMENT_

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _COLUMBIA_ and has been assigned docket number (E) _1:2006CV01558_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _17 TH_ day of _SEPTEMBER 2006_.

_Michael Buergos_

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

_PRO SE,_
_PRIVATE ATTORNEY_
_GENERAL_

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Addresses must be given at least 30 days (60 days if located in foreign country) in which to return waiver

_MEGAN GOERES  TENANT_
_FALCON RIDGE APARTMENTS_
_APARTMENT 327_
_500 E STASSNEY_
_AUSTIN, TEXAS 78745_

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _MICHAEL L. BUESGENS, PRO SE_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _MEGAN GOEKES_, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _BUESGENS AND LIZCANO_
_V. USA_
(CAPTION ACTION)

which is case number _1: 2006 CV01558_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _COLUMBIA_

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me. _ONE UPSTAIR CASH_

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                        (SIGNATURE)

Printed/Typed Name: _____

As_____ of _____
(TITLE)                    (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party
who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons),
and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
OFFICE OF THE CLERK
333 CONSTITUTION AVE, NW
WASHINGTON, DC
                    20001-2866


*Michael Buesgens*

MICHAEL L. BUESGENS,
CASE NO. 1: 2006 CVO1558
PLAINTIFF,
PRO SE,
PRIVATE ATTORNEY GENERAL

BUESGENS AND LIZCANO
                V.
    U.S.A.      ET. AL.

3112 WINDSOR RD
        #A322
AUSTIN, TEXAS 78703
512-339-6005 EXT. 7391
MIKEBUESGENS@HOTMAIL.COM

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE FOR SUMMONS

TO: (A) **DEBi WEHMEIER**

as (B) **REGIONAL VICE PRESIDENT** of (C) **GREYSTAR MANAGEMENT SERVICES, LP**

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of **COLUMBIA** and has been assigned docket number (E) **1:2006CV01558**

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) **30** days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this **17TH** day of **SEPTEMBER, 2006**.

_Michael Buergos_
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

**PRO SE
PRIVATE ATTORNEY
GENERAL**

A – Name of individual defendant (or name of officer or agent of corporate defendant)
B – Title, or other relationship of individual to corporate defendant
C – Name of corporate defendant, if any
D – District
E – Docket number of action
F – Addresses must be given at least 30 days (60 days if located in foreign country) in which to return waiver

**DEBi WEHMEIER
751 WOODLAND
DRIFTWOOD, TEXAS 78619**

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _MICHAEL L. BUESGENS, PRO SE_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _DEBI WEHMEIER_____, acknowledge receipt of your request

that I waive service of summons in the action of _BUESGENS AND LIZCANO_
_V. U.S.A._
(CAPTION ACTION)

which is case number _1:2006CV01558_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _COLUMBIA_

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me. _ONE DOLLAR_
_CASH_

   I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____          _____
(DATE)                         (SIGNATURE)

                    Printed/Typed Name: _____

                    As_____ of _____
                          (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party
who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons),
and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
OFFICE OF THE CLERK
333 CONSTITUTION AVE, NW
WASHINGTON, DC
20001-2866

Michael Buesgen

MICHAEL L. BUESGENS,
CASE NO.: 1: 2006 CV01558
PLAINTIFF,
PRO SE,
PRIVATE ATTORNEY GENERAL

BUESGENS AND LIZCANO
V.
U.S.A.    ET. AL.

3112 WINDSOR RD
#A322
AUSTIN, TEXAS 78703
512-339-6005 EXT. 7391
MIKEBUESGENS@HOTMAIL.COM

DOCUMENT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2006 APR 27 PM 1:48

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DM
DEPUTY

MICHAEL L. BUESGENS                   §
                                      §
V.                                    §
                                      §
FALCON RIDGE APARTMENTS, ✓            §      CA NO. 06-CV-260  ✓
FALCON APARTMENTS OF AUSTIN,          §
LTD., FALCON APARTMENTS OF            §
AUSTIN I, INC. GREYSTAR PROPERTY      §
MANAGEMENT, DEBI WEHMEIER             §      1:06 CV 260 LY
MANDY ROGERS AND AMANDA               §
WILSON                                §

**MOTION FOR REMAND**

Defendants, by the undersigned attorney, move to remand that portion of the above-styled

and numbered cause which was removed by Michael Buesgens from the County Civil Court No. 1

for Travis County, Texas and would show as follows:

**FACTS and ARGUMENT**

1.      On or about March 29, 2006, Defendant Falcon Ridge Apartments Ltd. filed its notice

of removal of Case No. D-1-GN-06-000262 pending before the 200th Judicial District Court of

Travis County, Texas (the "State District Court Case") . The basis for removal of the State District

Court Case is that Plaintiff, Michael Buesgens, alleges that Defendants, Falcon Ridge Apartments,

Ltd. and others, violated the Fair Housing Act and the Americans with Disabilities Act by failing to

accommodate his disability (bipolar) in connection with his lease of an apartment in Austin, Travis

County, Texas.

2.      Plaintiff and Defendant Falcon Ridge Apartments, Ltd. are also parties to an eviction

proceeding, first tried in the court of original jurisdiction, the Justice of the Peace Precinct Number

Five in Austin, Travis County, Texas. The case is styled *Falcon Ridge Apartments and Greystar*

FALCON RIDGE APARTMENTS, LTD
DOES NOT EXIST

1:06CV2604

041509
✓ C-1-CV-06-000678

*Property Management v. Michael L. Buesgens.* Case No. 041509 ("JP Case"). After a trial of the JP

Case in that court on January 26, 2006, judgment was entered awarding possession of the apartment

to the landlord, Falcon Ridge Apartments, Ltd. and awarded attorneys fees in the amount of $5,000 ✓

to be paid by the tenant, Michael Buesgens ("JP Judgment"). The Justice Court had original and

exclusive jurisdiction to enter the JP Judgment. TEX. PROP. CODE § 24.004.

        3.      Michael Buesgens appealed the JP Judgment to the court with jurisdiction to consider

the appeal of an eviction suit, the County Civil Court at Law for Travis County. Cause No. C-1-CV-

06-000678; *Falcon Ridge Apartments vs. Michael L. Buesgens* (the "CCL Appeal"). Michael

Buesgens posted a bond in connection with the CCL Appeal. On or about April 14, 2006, Michael

Buesgens filed a Notice of Removal of the CCL Appeal to this Court.

        4.      Defendants join in seeking remand of the CCL Appeal to the County Civil Court for

Travis County. The removal of the CCL Appeal is improper and untimely. No issue of federal law

is involved in the appeal. The sole issue involved in the CCL Appeal is the right of possession of the

apartment and the award of attorney's fees in the Justice Court culminating in the JP Judgment. TEX.

R. CIV. PRO. 746. No other issues are permitted or to be considered by the County Court at Law in

considering the CCL Appeal. The court with sole jurisdiction over the appeal of the JP Case is the

County Court for the county in which the judgment was rendered by the justice court, or Travis

County Civil Court. TEX. R. CIV. PRO. 749.

**SOLE ISSUE RIGHT OF POSSESSION**

        5.      No issues of federal law are involved in the removed CCL Appeal.

        6.      Only issues of local State law are involved in the removed CCL Appeal and it should

be remanded.

        THEREFORE, the movants request that that portion of the case before this Court that relates

to the County Civil Court at Law proceeding removed by Michael Buesgens on April 14, 2006 as it

2

241893-1

relates to a determination of the right of possession of an apartment, and consideration of attorneys

fees awarded in the JP Case be remanded to the County Civil Court at Law for Travis County, Case

No.C-1-CV-06-000678, and that the movant recover all costs and disbursements, including attorney

fees, incurred by reason of the removal proceeding, and prays for such other and further relief as is

just and proper.

Respectfully submitted,

By: _____
GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON
State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: 713.739.7007
Facsimile: 713.739.8403

ATTORNEYS FOR DEFENDANT
FALCON APARTMENTS OF AUSTIN, LTD.

*CHARLES EADS BROWN WAS FIRED AND THEN REAPPEARED AT TRIAL ON 06/16/06 C-1-CV-06-000678 JUDGE DAVID J PHILLIPS TRAVIS COUNTY COURT AT LAW NO. 1 AUSTIN, TEXAS* (handwritten)

241893-1

3

## CERTIFICATE OF SERVICE

I do hereby certify that on this 8-7 day of April , 2006 a true and correct copy of the foregoing document was mailed, by First Class Mail and Certified Mail, Return Receipt Requested , as follows:

Michael L. Buesgens
500 E. Stassney, Apartment 1023
Austin, TX  78745

_____
Gregory S. Cagle

241893-1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

*FILED*

2006 MAY -5 PM 4: 54

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

FALCON RIDGE APARTMENTS, LTD. §
§
v.   *NO SUCH ANIMAL*   §   CA NO. 06-CV-260-LY
§
§
MICHAEL L. BUESGENS §

*1:06CV260LY*

*DOCUMENT 4*

### AMENDED MOTION FOR REMAND

Plaintiff Falcon Ridge Apartments, Ltd., by the undersigned attorney, moves to remand that

portion of the above-styled and numbered cause which was removed by Michael Buesgens from the

County Civil Court at Law No. 1 for Travis County, Texas and would show as follows:

### FACTS AND ARGUMENT

1.  This matter arises out of an eviction proceeding filed by Plaintiff Falcon Ridge Apartments

against Defendant Michael L. Buesgens, styled Case No. 041509, *Falcon Ridge Apartments and*

*Greystar Property Management v. Michael L. Buesgens,* and filed in the Justice of the Peace Precinct

Number Five in Austin, Travis County, Texas ("JP Eviction Case"). Pursuant to Texas Property

Code Section 24.004, the Justice Court had original and exclusive jurisdiction over the JP Eviction

Case.

2.  After a trial of the JP Eviction Case in that court on January 26, 2006, judgment was entered

awarding possession of the apartment to Falcon Ridge Apartments, Ltd. and awarding Falcon Ridge

Apartments, Ltd. attorneys fees in the amount of $5,000 to be paid by Michael Buesgens ("JP

Eviction Judgment").

3.  Following entry of the JP Eviction Judgment, on February 2, 2006, Michael Buesgens

appealed the JP Eviction Judgment to the court with jurisdiction to consider the appeal of an eviction

1

241893-2

suit, County Civil Court at Law for Travis County, Texas, which was styled as Cause No. C-1-CV-06-000678; *Falcon Ridge Apartments vs. Michael L. Buesgens*, filed in the County Court at Law No. 1 of Travis County, Texas (the "CCL Eviction Appeal").

*COMPANION*

4.     On or about April 14, 2006, Michael Buesgens filed a Notice of Removal of the CCL Eviction Appeal to this Court on the basis that it is a "companion case" to a different lawsuit filed by Michael Buesgens styled Cause No. D-1-GN-06-000262, *Michael L. Buesgens v. Falcon Ridge Apartments, Falcon Apartments of Austin, Ltd. Falcon Apartments of Austin I, Inc., Greystar Property Management, Debi Wehmeier, Mandy Rogers, and Amanda Wilson*, filed in the 200th Judicial District Court of Travis County, Texas (the "State District Court Case") and subsequently removed to federal court.

*D-1-GN-06-000262*
*FILED 01/23/06 REMOVED ON 03/29/06*

5.     In the State District Court Case, Michael L. Buesgens alleges that the named defendants violated the Fair Housing Act and the Americans with Disabilities Act by failing to accommodate his disability (bipolar) in connection with his lease of an apartment in Austin, Travis County, Texas, which is also the same apartment made the basis of the JP Eviction Case. The State District Court Case was removed to the United Dates District Court for the Western District of Texas – Austin Division on March 29, 2006 and assigned Cause No. A:06-CA-226-LY. Removal of the State District Court Case is based on the federal questions presented by Mr. Buesgens claims of violation of the Fair Housing Act and the Americans with Disabilities Act.

6.     Defendants join in seeking remand of the CCL Eviction Appeal back to the County Civil Court for Travis County. The removal of the CCL Eviction Appeal is improper and untimely. No issue of federal law is involved in the appeal. The sole issue involved in the CCL Eviction Appeal is the right of possession of the apartment and the award of attorney's fees in the Justice Court

2

*NO FEDERAL LAW NOT EVEN FHA*

culminating in the JP Eviction Judgment. TEX. R. CIV. PRO. 746. No other issues are permitted or

to be considered by the County Court at Law in considering the CCL Eviction Appeal. The court

with sole jurisdiction over the appeal of the JP Eviction Case is the County Court for the county in

which the judgment was rendered by the justice court, or Travis County Civil Court. TEX. R. CIV.

PRO. 749.

*SOLE ISSUE POSSESSION*
*SO WITH CHARLES BROWN VOIR*
*DIRE*

7. No issues of federal law are involved in the removed CCL Eviction Appeal.

*ACTIVITIES*

*041509 FILED 12/30/05*

8. Only issues of local State law are involved in the removed CCL Eviction Appeal and it

*041509*

should be remanded. *AND HUD #06-06-293-8-12/28/05*

THEREFORE, Plaintiff Falcon Ridge Apartments, Ltd. requests that that portion of the case

before this Court that relates to the County Civil Court at Law proceeding removed by Michael

Buesgens on April 14, 2006 as it relates to a determination of the right of possession of an apartment,

and consideration of attorneys fees awarded in the JP Eviction Case be remanded to the County Civil

Court at Law for Travis County, Case No.C-1-CV-06-000678, and that Plaintiff recover all costs and

disbursements, including attorney fees, incurred by reason of the removal proceeding, and prays for

such other and further relief as is just and proper.

Respectfully submitted,

By: _____
GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON

*CHARLES ENOS BROWN*

241893-2

3

State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP ✓
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: 713.739.7007
Facsimile: 713.739.8403

ATTORNEYS FOR PLAINTIFF
FALCON APARTMENTS OF AUSTIN, LTD.

## CERTIFICATE OF SERVICE

I do hereby certify that on this _5_ day of _May_ , 2006 a true and correct copy of the foregoing document was mailed, by First Class Mail and U.S. Certified Mail, Return Receipt Requested, as follows:

Michael L. Buesgens
500 E. Stassney, Apartment 1023
Austin, TX 78745

William S. Warren ✓ *AUSTIN APARTMENT ASSOCIATION*
1011 Westlake Dr.
Austin, TX 78746

_____
Gregory S. Cagle

*CHARLES ENOS BROWN
FIRED*

4

241893-2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FALCON RIDGE APARTMENTS, LTD.    §
                                 §
V.                               §      CA NO. 06-CV-260-LY
                                 §
MICHAEL L. BUESGENS              §

## ORDER ON PLAINTIFF'S MOTION FOR REMAND

After considering Plaintiff Flacon Ridge Apartments, Ltd.'s Motion for Remand, the response, and the notice of removal, the Court:

FINDS that Defendant Michael L. Buesgens failed to file his Notice of Removal within 30 days from receiving both the summons and a copy of the complaint from the underlying state-court action;

FINDS further that it does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1441(a) or 28 U.S.C. § 1332(a);

REMANDS this matter to the County Court at Law No. 1 for Travis County, Texas; and

ORDERS that Defendant Michael L. Buesgens pay Plaintiff's court costs, expenses and attorneys fees in the amount of $_____.

SIGNED AND ENTERED this _____ day of _____, 2005.


                                    _____
                                    UNITED STATES DISTRICT JUDGE


241893-2

APPROVED AND ENTRY REQUESTED:

_____
GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON
State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019 2125
Telephone: 713.739.7007
Facsimile: 713.739.8403

ATTORNEYS FOR PLAINTIFF
FALCON APARTMENTS OF AUSTIN, LTD.

241893-2

*Document 1* (handwritten)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

*2006 MAR 29 PM 3:47* (stamped)

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | § | |
| | § | Case No. *A 06CA 226 LY* (handwritten) |
| *1:06CV226 LY* (handwritten) | § | |
| V. | § | *UNLAWFUL* (handwritten) |
| | § | *REMOVAL* (handwritten) |
| FALCON RIDGE APARTMENTS, | § | *D-1-GN-06-000262* (handwritten) |
| FALCON APARTMENTS OF AUSTIN, | § | |
| LTD., FALCON APARTMENTS OF | § | |
| AUSTIN I, INC., GREYSTAR | § | |
| PROPERTY MANAGEMENT, DEBI | § | |
| WEHMEIER, MANDY ROGERS AND | § | |
| AMANDA WILSON | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

Please take notice that Defendant Falcon Apartments of Austin, Ltd., by this Notice of

Removal, effect the removal of Case No. **D-1-GN-06-000262** currently pending in the 220th

Judicial District Court of Travis County, in the State of Texas, to the United States District

Courts for the Western District of Texas on the following grounds:

1.	Plaintiff Michael L. Buesgens filed suit in the 220th Judicial District Court of

Harris County, Texas on February 28, 2006. *BUESGENS DID NOT FILE SUIT IN HARRIS COUNTY* (handwritten)

2.	Defendant Falcon Apartments of Austin, Ltd. ("Falcon Apartments") is a Texas

limited partnership which owns real property in Travis County, Texas. Defendant Falcon

Apartments of Austin, Ltd. was served with summons dated March 1, 2006 by mail from the

Travis County Constable, Precinct Five, Austin, Texas. A true and correct copy of the Summons

is attached as Exhibit "A."

1

239501-1 03/28/2006

3.     One allegation in the Plaintiff's "Second Amendment" as amended and filed by
Plaintiff is that Defendant Falcon Apartments, and its agents, engaged in discrimination under
the Fair Housing Act based on Plaintiff's alleged disability. The Fair Housing Act is a federal
statute found at 42 U.S.C. § 3601 *et. seq.*

*FHA*

*1:06CV226LY-RP*     *1:06CV260LY*

4.     Pursuant to 28 U.S.C. §1441(a), removal is proper as to "any civil action brought
in a state court of which the district courts of the United States have original jurisdiction."
28 U.S.C. §1441(a). This court has original jurisdiction of this matter because the claim of
housing discrimination raises a federal question and such claims arise under federal law. 28
U.S.C. § 1331.

5.     Pursuant to 28 U.S.C. 1446, copies of all process and pleadings relating to this
case and previously filed with the District Court in Travis County, Texas are collectively marked
and attached hereto as Exhibit "B".

6.     Defendant Falcon Apartments will give written notice of the filing of this Notice
of Removal to all parties of record and to the Clerk of the District Court for Travis County,
Texas.

Respectfully submitted,

By: _____

GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

2

239501-1 03/28/2006

SHELLEY BUSH MARMON
State Bar No. 03497050
CRADY, JEWETT & McCULLEY, L.L.P.
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: 713.739.7007
Facsimile: 713.739.8403

CHARLES E. BROWN
State Bar No. 03101650
CHARLES E. BROWN, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 – Facsimile

ATTORNEYS FOR DEFENDANT
FALCON APARTMENTS OF AUSTIN, LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Plaintiff's Second Amended Petition was delivered via first class mail and certified mail, return, receipt requested, on the __29__ day of March, 2006, to the following:

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, Texas 78745

Gregory S. Cagle

3

239501-1 03/28/2006

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged and Contained in Expandable Folder

### See Expandable File(s) to View/Copy Document/Attachment(s)

Civil Case No.        A:06-CA-226 LY

Michael L. Buesgens

VS.

Falcon Ridge Apartments, et al.

Attachments to
Document #:        1

Description:        Notice of Removal

File Date:        March 29, 2006

Prepared by:        tdk

**This sheet to be imaged as the last page.**

**DOCUMENT 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

APR 1 0 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

MICHAEL L. BUESGENS §
§
§
**1:06 CV 226 LY-RP** §
§
FALCON RIDGE APARTMENTS, §
FALCON APARTMENTS OF AUSTIN, §
LTD., FALCON APARTMENTS OF §
AUSTIN I, INC. GREYSTAR PROPERTY §
MANAGEMENT, DEBI WEHMEIER §
MANDY ROGERS AND AMANDA §
WILSON §

CA NO. A:06-CA-226 LY

A-1-GN-06-000262
FILED: 01/23/06
HEARING 02/21/2006
JUDGE SCOTT JENKINS

**DESIGNATION OF LEAD COUNSEL OF RECORD AND MOTION FOR**

**WITHDRAWAL OF COUNSEL** SEE TRANSCRIPT

Defendants, FALCON RIDGE APARTMENTS, FALCON APARTMENTS OF

AUSTIN, LTD., FALCON APARTMENTS OF AUSTIN I, INC., GREYSTAR

PROPERTY MANAGEMENT, DEBI WEHMEIER, MANDY ROGERS AND

AMANDA WILSON ("Defendants") seek to Designate their Lead Counsel of Record

and file this Motion for Withdrawal of Counsel and in support thereof would show as

follows:

I.

Defendants seek to designate Greg Cagle, ARMBRUST & BROWN, L.L.P, 100

Congress Avenue, Suite 1300, Austin, Texas 78701, (512) 435-2300, Telecopy (512)

435-2360 and Shelley Bush Marmon, CRADY, JEWETT & McCULLEY, L.L.P., 2727

Allen Parkway, Suite 1700, Houston, Texas 77019-2125, (713) 739-7007, (713) 739-

8403 (telecopy) as lead counsel. Defendants further seek permission for Charles E.

Brown, CHARLES E. BROWN, P.C., 3624 North Hills Drive, Suite B-100, Austin,

::ODMA\PCDOCS\CJM\72531\1

4.

Texas  78731, (512) 346-6000, (512) 346-6005 (telecopy) to withdraw as counsel of

record for the Defendants.  Defendants have expressly approved this substitution.

III.

The withdrawal of CHARLES E. BROWN, and the designation of Shelley Bush

Marmon and Gregory S. Cagle as lead counsel are not sought for delay only, but rather

that justice may be done.

Respectfully submitted,

Greg Cagle
Armbrust & Brown, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas  78701
Telephone: (512) 435-2300
Facsimile:  (512) 435-2360

Shelley Bush Marmon
CRADY, JEWETT & MCCULLEY, L.L.P.
Texas Bar No. 03497050
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: (713) 739-7007
Facsimile: (713) 739-8403

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Substitute Counsel has
been forwarded to all parties in accordance with the Federal Rules of Civil Procedure by certified mail,
return receipt requested, on this the ___ day of April 2006.

Charles E. Brown
Charles E. Brown, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas  78731

Michael Buesgens
Pro Se
500 E. Stassney Lane, Apartment 1023
Austin, Texas  78745

SHELLEY BUSH MARMON

::ODMA\PCDOCS\CJM\72531\1