UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, DC 20001

MICHAEL L BUESGENS
PLAINTIFF

V.

CHARLES EADS BROWN,
ATTORNEY

SHELLEY BUSH MARMON,
ATTORNEY

STATE BAR OF TEXAS

JOHN NEAL, DIRECTOR
OF DISCIPLINE ETAL.
DEFENDANTS

CIVIL NO.
1:06 CV
01964
RBW

RECEIVED

APR 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PAGE 1 OF 6

PLAINTIFF BUESGENS NOTICE AND SUBMISSION OF RELEVANT EVIDENCE OF WRONGDOING BY DEFENDANTS

1. FACTUAL DOCUMENTARY EVIDENCE OF ROUTINE PRACTICE AND PATTERN OF CONDUCT OF ATTORNEYS AND LAW FIRMS AND THEIR CLIENTS ACTING IN BAD FAITH

2. EVIDENCE OF SIMILAR CRIMES THAT ARE CONSIDERED NORMAL.

3. SELF VERIFICATION BY PLAINTIFF MICHAEL L. BUESGENS

4. DOCUMENTARY — HEARING TRANSCRIPTS FROM COURT PROCEEDINGS

2

5  SEE ATTACHED MOL-1800 FILING

6  SERVICE OF SUMMONS AND SUBPOENA FAILURES BY PLAINTIFF MICHAEL L BUESGENS WITH THE HELP OF TRAVIS COUNTY CONSTABLE BRUCE ELFANT AND COMPANY PRECINT NO.5 AUSTIN, TEXAS

7  HEARING TRANSCRIPTS - TWO

8  CASE NO. 0-1-GN-06-000262 IS MUD NO. 06-06-293-8 HEARING FEBRUARY 21, 2006 53RD AND 200TH JUDICIAL DISTRICT, AUSTIN, TEXAS

9  JUDGE SCOTT JENKINS

10  ATTORNEY CHARLES EADS BROWN SPEAKS

3

11    D-1-GN-06-000262
WAS FILED ON 01/23/2006
AND
REMOVED ON 03/29/2006
TO
U.S. DISTRICT COURT
AUSTIN, TEXAS
12    CIVIL NO. 1:06CV00226 LY-RP
13    JUDGE EARL LEROY YEAKEL III
14    MAGISTRATE JUDGE ROBERT L.
PITMAN

15    THE COMPANION CIVIL ACTION
REMOVAL-REMAND WAS
1:06CV00260 LY
16    REMANDED 05/24/2006
TO
17    TRAVIS COUNTY COURT AT
LAW NO. 1
18    CAUSE NO. C-1-CV-06-000678
19    JUDGE VAUN J. PHILLIPS
20    TRIAL JUNE 16, 2006

4

21.    HEARING TRANSCRIPT

22    CIVIL NO.  5:06CV00738 **XR**

**REMOVAL - REMAND**

23    JUDGE XAVIER RODRIGUEZ
U.S. DISTRICT COURT
SAN ANTONIO, TEXAS

24    PLAINTIFF BUESGENS INTERVENTION ✓
**DENIED**

25    THE **SAME ISSUES** AS AND
A. CIVIL NO.  1:06CV00226LY-RP
B. CIVIL NO.  1:06CV00260LY

26    ENTITIES - PARTIES IN INTEREST -
CAPACITY - STANDING

27    WHO DO YOU SUE?
28    WHO CAN SUE YOU??

29    PIERCING THE CORPORATE VEIL

5

1:06 CV 01964 RBW

RESPECTFULLY SUBMITTED,

*Michael L Buesgens*
MICHAEL L BUESGENS
APRIL 15, 2007

# DECLARATION OF MICHAEL L. BUESGENS

I DECLARE THAT THE FOREGOING AND THE FOLLOWING ATTACHMENTS AND DOCUMENTS AND EXHIBITS ARE TRUE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. SECTION 1746.

EXECUTED ON THIS 15TH DAY OF APRIL, 2007.

*Michael L Buesgens*
MICHAEL L BUESGENS

6

# MDL – 1800

# TABLE OF CONTENTS

I. CIVIC ACTIONS
HOUSING DISCRIMINATION
RETALIATION
AGGREGATE LITIGATION
PAGES: 4 – 6

II. MICHAEL L BUESGENS
DENIED HOUSING ACCOMMODATION
NATIONWIDE
DENIED AFFORDABLE ACCOMMODATION
PAGES: 7 – 9

III. CRIMINAL COMPLAINT
AGAINST
DEBRA WEHMEIER, ET.AL.
AND THE VICARIOUS LIABILITY
OF ET.AL. – ETC.
PAGES: 10 – 16

1

# MOL-1800

## TABLE OF CONTENTS CONTINUED

**IV** **CRIMINAL COMPLAINT**
SERVICE OF SUMMONS
SERVICE OF SUBPOENA
CONTINUING VIOLATIONS

DEBRA WEHMEIER, **ET.AL.**
PAGES: 16-20

**V** **CERTIFICATE OF SERVICE**
PAGES: 21-29

**VI** **EXHIBITS**
HEARING TRANSCRIPTS-**ETC.**
CIVIL NO. S:06CV00738 XR
BUESGENS INTERVENTION
ON REMOVAL-REMAND-ISSUE
NOW FIFTH CIRCUIT NO.
PAGES: 30-39

2

# MDL-1800

## TABLE OF CONTENTS CONTINUED

HEARING TRANSCRIPT -ETC.
CIVIL NO. 0-1-GN-06-000262
53RD JUDICIAL DISTRICT
JUDGE SCOTT JENKINS
ATTORNEY CHARLES ENOS BROWN
FEBRUARY 21, 2006
AUSTIN TEXAS
REMOVED ON
MARCH 29, 2006
TO
1:06 CV 226 LY-RP
JUDGE EARL LEROY YEAKEL, III

VII    THE JUDGES
1.    THE TEXAS SUPREME COURT
2.    THE FIFTH CIRCUIT CASE
MANAGERS
AND
3.    RECUSAL MOTION TO JUDGE SMITH
PAGES: 40-43

3

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# MDL-1800

IN RE: MICHAEL L. BUESGENS
LITIGATION

RE: CIVIL ACTIONS
1:06CV00967LY-RP
1:06CV01558 RcL
1:06CV01964 RBW
1:06CV226 LY-RP
1:06CV260 LY
HUD # 06-06-293-8
5:06CV00738XR

4

MDL-1800

8.  3:07CV00043 KI
    PORTLAND, OREGON

9.  1:07CV10538 WGY
    BOSTON, MASSACHUSETTS

10. 2:07CV02116
    KANSAS CITY, KANSAS

11. CONTINUING VIOLATIONS OF
    HOUSING DISCRIMINATION AND
    RETALIATION

12. THAT WAS BORN IN AUSTIN, TEXAS
    AND IS NOW NATIONWIDE

13. PLAINTIFF MICHAEL L. BUESGENS
    IS NOT ALLOWED TO RENT
    AN APARTMENT IN THE UNITED
    STATES.

5

14. SEE THE $3,893.00 IN
UNLAWFUL RELETTING CHARGES
THAT WAS CHARGED TO
PLAINTIFF MICHAEL BUESGENS
BY
GREYSTAR FAMILY

A. ROBERT A. FAITH, ET. AL.
AND
B. ARNOLD G. TAUCH, ET. AL.
AND
C. J. FRANK MILLER, ET. AL.
JPI - JEFFERSON - PARTNERS

15. SEE NATIONAL TENANT
NETWORK - NTN - TENANT
BLACKLIST - CONSUMER REPORT

16. SEE CHOICEPOINT - RESIDENT
DATA - TENANT BLACKLIST -
CONSUMER REPORT

17. SEE FIRST ADVANTAGE
SAFE RENT - TENANT BLACKLIST -
CONSUMER REPORT

6

**II** PLAINTIFF—**HUD** COMPLAINANT MICHAEL L. BUESGENS HAS BEEN **DENIED** HOUSING ACCOMMODATION BY THE FOLLOWING INDIVIDUALS PERSONALLY AND IN THEIR OFFICIAL CAPACITY

1. ARNOLD CARL TAUCH
2. JACK C. MOSS
3. KYLE O. TAUCH
4. FALCON APARTMENTS OF AUSTIN I, INC   GENERAL PARTNERS OWNERS—LANDLORDS FEIN NO: 76-0521779

5. ROBERT A. FAITH
6. GARY KIN OLDHAM
7. DEBRA WEHMEIER
8. WILLIAM C. MADDUX
9. GREYSTAR REAL ESTATE PARTNERS, LLC
10. GREYSTAR HOLDINGS, INC
11. GREP GENERAL PARTNER, LLC

7

12.
13. GREP CENTRAL, LP
GREYSTAR MANAGEMENT SERVICES, LP.
GENERAL PARTNERS
OWNERS
PROPERTY MANAGERS
LANDLORDS
FEIN NO: 363890381

14. CHRISTINE C. FREELAND
15. DEBRA WEHMEIER
16. HOWARD M. BOOKSTAFF, ATTORNEY
HOOVER SLOVACEK, LLP
17. RIVERSTONE RESIDENTIAL, SC, LLC
18. RIVERSTONE OPERATING COMPANY
LIHTC-LOW INCOME
HOUSING TAX CREDIT PROPERTIES
OWNERS
PROPERTY MANAGERS
GENERAL PARTNERS
LANDLORDS
FEIN NO: 203768430

8

19. FRANK J. MILLER, III ✓
20. JPI PARTNERS
OWNERS           FLORIDA
LANDLORDS              TEXAS
GENERAL PARTNERS
FEIN: 75-2290974

21. BRIAN POTASHNICK ✓
22. SOUTHWEST HOUSING INC
LIHTC - LOW INCOME HOUSING
TAX CREDIT PROPERTIES
OWNERS
GENERAL PARTNERS
LANDLORDS
FEIN: 75-2541771

23. LIBERTY MANAGEMENT COMPANY
PORTLAND, OREGON

24. GREYSTAR FAMILY
TAMPA, FLORIDA

9

**III** PLAINTIFF MICHAEL L BUESGENS HAS A **CRIMINAL COMPLAINT** AGAINST THE FOREGOING AND THE ATTORNEYS AND LAW FIRMS THAT REPRESENT THEM.

1. ALL OF THE FOREGOING CIVIL ACTIONS ARE **DIRECTLY RELATED** TO A PATTERN AND PRACTICE OF WRONGDOING AND BAD FAITH ACTIONS BY DEFENDANTS AND THEIR REPRESENTATIVES.

2. THE CAUSES OF ACTION BEGAN IN **2005** AND CONTINUE IN TO **2007**. HOUSING DISCRIMINATION

3. CONTINUING VIOLATIONS THAT DENY MICHAEL L BUESGENS AFFORDABLE HOUSING ACCOMMODATION

4. PERSONAL INJURY AND THEFT OF POSSESSIONS — IDENTITY AND FEDERAL EVIDENCE. APARTMENT 1023

10

5. FRAUDULENT CONCEALMENT OF EVIDENCE AND FACTS

6. MISREPRESENTATIONS TO THE COURTS - **IDENTITY ETC.**

7. HOUSING DISCRIMINATION BASED ON THE DISABILITY - BIPOLAR

8. LEASE CONTRACT VIOLATIONS

9. PROPERTY CODE VIOLATIONS AND
10. MUNICIPAL ORDINANCES VIOLATIONS

11. CONCEALING AND MISREPRESENTING PARTIES IN INTEREST
12. AND OWNERSHIP OF PROPERTIES.

13. FAILURE TO PROVIDE STATEMENT OF CORPORATE DISCLOSURE PARENT COMPANIES - ASSOCIATIONS AND AFFILIATIONS BY CORPORATIONS, LIMITED LIABILITY COMPANIES AND LIMITED PARTNERSHIPS. LLC

11

14. FAILURE TO RESPOND TO PLAINTIFF MICHAEL L BUESGENS SUMMONS AND SUBPOENAS.

15. FAILURE TO ANSWER COUNTERCLAIMS AND CROSSCLAIMS. #041509

16. JUDICIAL OFFICIALS FAILURE AND REFUSAL TO APPLY THE LAW. **ALL FORUMS**

17. A CONSPIRACY AND COLLUSION OF INTELLECTUAL DISHONESTY.

18. REAL ESTATE ATTORNEYS CLAIMING THEY **DON'T KNOW NOTHIN** - CLUELESS

19. LOOK AT THE PAPER ON FILE AT THE TEXAS SECRETARY OF STATE OFFICE AND

20. DELAWARE AND FLORIDA **ETC**.

21. NO PARENT COMPANIES - NO AFFILIATIONS

12

22    LLC AND CORPORATE STATE FRANCHISE TAX FORFEITURES TEXAS AND FLORIDA **ETC.**

23    ATTORNEYS LYING TO THE COURTS
24    **SEE** HEARING TRANSCRIPTS FOR

25    D-1-GN-06-000262
      FEBRUARY 21, 2006
      BEFORE
26    JUDGE SCOTT JENKINS
      53RD AND 200TH JUDICIAL
      DISTRICT COURT, AUSTIN, TEXAS

27.   CASE **REMOVED** ON MARCH 29, 2006
      **TO**
28    1:06 CV 226 **LY-RP**
29    JUDGE EARL LEROY YEAKEL, III
30    MAGISTRATE JUDGE ROBERT L. PITMAN
      **U.S.D.C.** AUSTIN, TEXAS

31.   ATTORNEY CHARLES ENOS BROWN
      **SPEAKS - ENTITIES - IDENTITY**

13

32.  SEE HEARING TRANSCRIPT
     FOR
        5:06CV00738XR
     BEFORE
33.  JUDGE XAVIER RODRIGUEZ
34.  GREYSTAR FAMILY ET.AL.
     REMOVAL-REMAND

35.  HEARING JANUARY 24, 2007
     U.S.D.C. , SAN ANTONIO, TEXAS

36.  ATTORNEY R. DAVID FRITSCHE
     SPEAKS

37.  LOCKE LIDDELL & SAPP
     ATTORNEYS
         SPEAK

38.  LOOK AT PLAINTIFF MICHAEL
     L. BUESGENS SERVICE OF
     SUMMONS, ON THE GREYSTAR
     FAMILY IN - 1:06CV226LY-RP

                14

39. NO APPEARANCE BY GREYSTAR FAMILY IN 1:06 CV 226 LY-RP

40. C.T. CORPORATION SYSTEM, INC REGISTERED AGENT TO THE WORLD SAYS THEY DON'T KNOW NOTHIN.

41. ROBERT A. FAITH - OWNER OF GREYSTAR FAMILY DON'T KNOW NOTHIN IN CHARLESTON, SOUTH CAROLINA AND HOUSTON, TEXAS

42. GARY KIN OLDHAM, PARTNER GREYSTAR FAMILY, IRVING, TEXAS GREP,

A. AND MEMBER OF APARTMENT ASSOCIATION GREATER DALLAS TEXAS

B. DON'T KNOW NOTHIN

15

43          MDL-1800 - Housing
A           1:06 CV 0096 7 LY-RP
B           1:06 CV 01964 RBW
C           1:06 CV 260 LY
D           1:06 CV 226 LY-RP
                    AND

44    HOUSING DISCRIMINATION
45    RETALIATORY EVICTION.
46    CONSTRUCTIVE EVICTION
47    42 USC SECTION 1983
      VIOLATIONS
48.   UNLAWFUL CONVERSION

                    AND

IV        CRIMINAL COMPLAINT

1.    CRIMINAL COMPLAINT AGAINST
      DEBRA WEHMEIER AND
      VICARIOUS LIABILITY OF THE
      DEFENDANTS AND ATTORNEYS
      AND LAW FIRMS

2.    CONTINUING VIOLATIONS

                    16

3. SEE TEXAS PENAL CODE
CHAPTER 38
OBSTRUCTING GOVERNMENT
OPERATION

4. SECTION 38.16
PREVENTING EXECUTION OF
CIVIC PROCESS

5. CLASS C MISDEMEANOR

6. NOW A FELONY

7. DEBRA WEHMEIER FORMER
REGIONAL VICE PRESIDENT

8. GREYSTAR AT MANAGEMENT SERVICES,
LP

9. NOW CALLED
GREP CENTRAL, LP

A. 812 SAN ANTONIO STREET
AUSTIN, TEXAS
PHONE: 512-474-2614

B. CARMIN GARZA CHAPA - NOTARY

17

10. DEBRA WEHMEIER,
FAILED TO APPEAR AT TRAVIS
COUNTY COURT AT LAW NO. 1
JUDGE DAVID J. PHILLIPS
C-1-CV-06-000678
TRIAL JUNE 16, 2006

11. C-1-CV-06-000678 IS THE
REMAND OF 1:06CV260LY
JUDGE EARL LEROY YEAKEL, III
U.S.D.C., AUSTIN, TEXAS

12. AT THIS CONSTRUCTIVE EVICTION
TRIAL PLAINTIFF BUESGENS
WAS ORDERED TO PAY
$40,000.00
AND

13. $15,000.00 MORE IF HE APPEALS

14. SEE THIRD COURT OF APPEALS
AUSTIN, TEXAS
A. APPEAL NO 3:06CV00614
B. JUDGE ROBERT PEMBERTON

*18*

15. **DEBRA WEHMEIER** IS ALSO THE FORMER **2005** PRESIDENT OF THE AUSTIN APARTMENT ASSOCIATION - **A A A**

16. THE FOLLOWING ATTORNEYS AND LAW FIRMS TOLD DEBRA WEHMEIER **TO CALL** CONSTABLE BRUCE ELFANT PRECINCT 5 TRAVIS COUNTY AUSTIN, TEXAS AND

17. **TELL HIM** THAT SHE WOULD COME IN AND PICK UP MICHAEL L BUESGENS SERVICE OF SUBPOENA FOR TRIAL ON JUNE 16, 2006

18. SOMEHOW **DEBRA WEHMEIER DISAPPEARED** ON JUNE 16, 2006 AND NO ONE KNEW WHERE SHE WAS. DON'T KNOW NOTHIN

19

19. THE ATTORNEYS AND LAW FIRMS FOR THE FOREGOING **LEGAL ADVICE TO** DEBRA WEHMEIER ARE THE FOLLOWING:

20. CHARLES EADS BROWN
21. GREGORY S. CAGLE
22. DAVID B. ARMBRUST
23. ARMBRUST & BROWN, **LLP**

24. SHELLEY BUSHMARMON
25. DUNHAM JEWETT
26. CRADY, JEWETT & McCULLEY, **LLP**

27. **SEE** CONSTABLES NOTES AND SERVICE OF SUBPOENA **FOR**

28 **DEBRA WEHMEIER**
TRIAL
JUNE 16, 2006
AUSTIN, TEXAS

20

MDL-1800

RESPECTFULLY SUBMITTED

Michael L Boesgens
MICHAEL L BOESGENS
APRIL 19, 2007

## V  CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE
COPY OF THIS CRIMINAL
COMPLAINT AGAINST DEFENDANTS
AND ATTORNEYS AND LAW
FIRMS WAS SERVED BY
FIRST CLASS MAIL ON THIS
16TH DAY OF APRIL, 2007

ADDRESSED **TO:**

21

# MOL-1800
## AGGREGATE CIVIL ACTIONS

1. MARC ERIC MALINGER
TEXAS STATE BAR NO.
RENTERS - TENANTS INSURANCE
POLICY NO. 82-LV-0578-9

2. STATE FARM COMPANIES
8900 AMBERGLEN BLVD
AUSTIN, TEXAS 78729-1110

3. CHARLES EMOS BROWN
TEXAS BAR NO. 03101650
REAL ESTATE BROKER NO. 320045
3624 NORTH HILLS DRIVE
B-100
AUSTIN, TEXAS 78731
PHONE: 512-346-6000
FAX: 512-346-6005
CASE NO. 041509 AUD. 06-0157
C-1-CV-06-000678
D-1-GN-06-000262
HUD # 06-06-293-8
1:06 CV 260 LY

22

MOL-1800

4  CHRISTINE C. FREELAND
LANDLORD - OWNER - GENERAL
PARTNER

5  RIVERSTONE RESIDENTIAL SC, LLC
FEIN: 20376 8430

6.  RIVERSTONE RESIDENTIAL HELP, LLC
ASSUMED NAME
HELP AMERICA BUY HOMES

7.  RIVERSTONE OPERATING CO., INC
LIHTC - LOW INCOME
HOUSING TAX CREDIT PROPERTIES

15219 BUCKEYE CT.
DARNESTOWN, MARYLAND
20878-3520

8  DEBRA WEHMEIER NOW WORKS
WITH CHRISTINE C. FREELAND
AT RIVERSTONE RESIDENTIAL SC,
LLC AND TRAMMEL CROW
AUSTIN TEXAS
PHONE: 1-301-590-9753
23

# MOL-1800

9  **DEBRA WEHMEIER**
REGIONAL VICE PRESIDENT
**AT**
10  RIVERSTONE RESIDENTIAL, **SC, LLC**
11  **CHRISTINE C. FREELAND**
LANDLORD-OWNER-GENERAL PARTNER
3131 BEE CAVES RD, #270
AUSTIN, TEXAS  78756
PHONE: 512-477-9900 X 147
FAX: 512-480-9424

12  **DEBRA WEHMEIER**
13  **LLOYD T WEHMEIER**
751 WOODLAND DRIVE
DRIFTWOOD, TEXAS
78619-4299
PHONE: 512-858-6789

A.  **AKA -** DEBI WEHMEIER
B.          DEBI G WEHMEIER
C.          DEBBIE WEHMEIER
D.          DEBRA W WEHMEIER
E.          DEBRA WINN WEHMEIER
24

MDL-1800

14. DEBRA WEHMEIER, PRESIDENT
AUSTIN APARTMENT ASSOCIATION
4407 MEDICAL PKWY, #100
AUSTIN, TEXAS 78756
512-323-0990

15.. DAVID B. ARMBRUST
GREGORY S. CAGLE
ARMBRUST & BROWN, LLP
DONHAM JEWETT
SHELLEY BUSH MARMON
CRADY, JEWETT & McCULLEY, LLP
DOUGLAS G. HOUSER
MAREN HOLM BOE
EDWARD BERSTEIN
BULLIVANT HOUSER BAILEY, PC

100 CONGRESS AVE, #1300
AUSTIN, TEXAS 78701

25

# MDL-1800

## CERTIFICATE OF SERVICE CONTINUED

**16.** UNITED STATES ATTORNEYS
OFFICE
R. BARRY ROBINSON, **AUSA**
KAREN MELNIK, **AUSA**
MATTHEW SOLOMSON, **AUSA**
JENNIFER RANDALL, **EEOC**
MICHAEL SALYARDS, **GLS-EEOC**
I.R.S. - TIGTA
**MARY-ELLEN RRCHA** - TORT CLAIMS
MANAGER - I.R.S.

816 CONGRESS AVE., #1000
AUSTIN, TEXAS 78761

**17.** **TEXAS SUPREME COURT**
CHIEF JUDGE
WALLACE B JEFFERSON
P.O. BOX 12248
AUSTIN, TEXAS 78711
CASE NO. **06-0157**

26

MDL - 1800

18. CHIEF JUDGE WALTER SMITH
U.S. DISTRICT COURT
WACO DIVISION
800 FRANKLIN AVE #380
WACO, TEXAS 76701
**RECUSAL MOTION**

19. R. DAVID FRITSCHE ATTORNEY
**GREYSTAR-GREP** FAMILY
ATTORNEY SAN ANTONIO
APARTMENT ASSOCIATION
921 PROTON ROAD
SAN ANTONIO, TEXAS 78258
CIVIL NO. S: 06CV 00738 XR
JUDGE XAVIER RODRIGUEZ

20. ROBERT T. MOWREY, ATTORNEY
C. DON CLAYTON, ATTORNEY
JASON ROBERT MARLIN, ATTORNEY
**LOCKE, LIDDELL & SAPP**
2200 ROSS AVE #2200
DALLAS, TEXAS 75201

27

MDL - 1800

21. FELIX TARANGO
TRAVIS COUNTY ASSISTANT
ATTORNEY
CAUSE NO: C-1-CV-06-000678
EVICTION JULY 6, 2006
CHESTER E. BEAVER, ASSITANT
CITY OF AUSTIN ATTORNEY
HUD # 06-06-293-8
FIFTH CIRCUIT NO: 06-60777
ANN MORGAN ASSITANC
ATTORNEY CITY OF AUSTIN

P.O. BOX 1748
AUSTIN, TEXAS 78767

PHONE: 512-854-9513
PHONE: 512-499-2317
PHONE: 512-974-2507
FAX: 512-474-1605
FAX: 512-499-1605

28

# MDL-1800

22  ANDREW KEAVER
GENERAL COUNSEL FOR
MEGAN M. GOERES GALLOWAY
CIVIC NO.: 1:06CV0096LY-km
1:06CV226LY-KP
1:06CV260LY

GRANDE AND COMMUNICATIONS
AT
WINSTEAD, P.C.
401 CONGRESS AVE, #2100
AUSTIN, TEXAS  78701

PHONE: 512-370-2845
FAX : 512-370-2850

23  JOHN NEAL, DIRECTOR-DISCIPLINE
STATE BAR OF TEXAS
6300 LA CALMA #300
AUSTIN, TEXAS  78752

29

# MOL - 1800
# RELATED - CONSOLIDATED
# AGGREGATE LITIGATION

## VI.    EXHIBITS

1. JANUARY 24, 2006 ✓
SERVICE OF SUMMONS
FOR D-1-GN-06-000262
**DEBI WEHMEIER,** REGIONAL
VICE PRESIDENT, **GREYSTAR
PROPERTIES**

2. JUNE 9, ✓ 2006
SUBPOENA FOR **DEBI WEHMEIER**
CASE NO. C-1-CV-06-000678
FOR TRIAL JUNE 16, 2006

3. **DEBI WEHMEIER TOLD** TRAVIS
COUNTY CONSTABLE PRECINCT 5
BRUCE ELFANT AND MIRACLE
MOUNT THAT SHE WOULD COME
IN AND PICK UP SUBPOENA

4. **NEVER** SHOWED UP

30

# MOL-1800
## AGGREGATE LITIGATION

# EXHIBITS

5. **DEBI WEHMEIER** SIGNS VERIFICATION FOR THE **LIES** PROVIDED FOR PLAINTIFF **MICHAEL L BOISGEOUS** THIRD SET OF INTERROGATORIES

6. **SEE** TEXAS RULES OF CIVIL PROCEDURE — INTERROGATORIES

7. RIVERSTONE RESIDENTIAL, **SG LLC** REGIONAL VICE PRESIDENT SIGNS THIS VERIFICATION ON **JULY 13, 2006**

8. THE MONTH OF **JUNE, 2006** IS CROSSED OUT

9. **CARMEN GARZA CHAPA,** GREYSTAR FAMILY NOTARY

31

MDL-1800
AGGREGATE LITIGATION

10: DEBI WEHMEIER WAS FIRED FROM GREYSTAR FAMILY AND NOW WORKS FOR

11. CHRISTINE C. FREELAND RIVERSTONE RESIDENTIAL, SC, LLC

12: SEPTEMBER 29, 2006 PLAINTIFF MICHAEL L. BUESGENS SERVICE OF SUMMONS AGAIN

13 TWO TIMES

14 FOR DEBI WEHMEIER

15. AND FALCON APARTMENTS OF AUSTIN I, INC — GENERAL PARTNER-OWNER OF FALCON RIDGE APARTMENTS
APT 1023
500 EAST STASSNEY
AUSTIN, TEXAS 78745

32

# MDL-1800
## AGGREGATE LITIGATION

16. PLAINTIFF MICHAEL L GUESGEN REQUEST **TO** TEXAS SECRETARY OF STATE ✓ **NOTARY** PUBLIC UNIT

**FOR**
17. AN OFFICIAL CERTIFICATE OR ✓ APOSTILLE ON CARMEN GARZA CHAPA — **GREYSTAR** FAMILY NOTARY

**AT**
18. GREYSTAR MANAGEMENT SERVICES, **LP**

NOW CALLED
19. **GREP CENTRAL, LP** 712 SAN ANTONIO STREET SUITE 200 AUSTIN, TEXAS 78701 PHONE: 512-474-2614 FAX: 512-346-6005

20. GREP CENTRAL, **LP IS NOT** REGISTERED AT TEXAS SOS

33

# MDL-1800
# AGGREGATE LITIGATION

## EXHIBITS CONTINUED

21. TEXAS PENAL CODE ✓
OBSTRUCTING GOVERNMENTAL
OPERATION
PREVENTING EXECUTION OF
CIVIL PROCESS
CHAPTER **38** SECTION **38.16**

**DEBI WEHMEIER** - DEFENDANTS
ATTORNEYS, **ET. AL.**

22 MORE MISREPRESENTATIONS
BY ATTORNEYS
LETTER DATED AUGUST 29, 2006 ✓
**FROM**
23 ATTORNEY HOWARD M. BOOKSTAFF ✓
TEXAS STATE BAR NO. 02626200
24 **HOOVER SLOVACEK, LLP**
ATTORNEYS FOR
25. CHRISTINE C. FREELAND

34

MDL - 1800
AGGREGATE LITIGATION

26. HOOVER SLOVACEK, LLP
LETTER AUGUST 29, 2006

27 THE VILLAGE AT COLLINGWOOD
APARTMENTS

28 DOESN'T OWN ANYTHING.
THIS PROPERTY IS OWNED

29 BY CHRISTINE C. FREELAND
DEBI WEHMEIER

30 RIVERSTONE RESIDENTIAL SC, LLC
LIHTC - PROPERTY

31 BUESGENS WAS DENIED HOUSING
ACCOMMODATION THERE.

32 THIS LETTER IS ALL LIE.
33 BUESGENS DID SUBMIT
APPLICATION AND PAID FEE

35

# MDL-1800
## AGGREGATE LITIGATION

34. ANOTHER ATTORNEY PROVIDING **LEGAL ADVICE** TO BUESGENS

35. **MARC ERIC MALINGER**, ATTORNEY
TEXAS BAR NO:
INSURANCE LICENSE NO.

36. BUESGENS POLICY NO. FOR RENTERS
TENANTS POLICY #

37. LETTER DATED 09/07/2006 ✓

38. **MALINGER** TELLS BUESGENS
THAT **JAY VATH** STATE
FARM INVESTIGATOR **IS**
**NOT** A LEGAL ENTITY.

39. THEREFORE **MALINGERS LAW**
WORKS AND JAY VATH **NEVER**
✓ ANSWERS **SUBPOENA** THAT
WAS SERVED ON **08/31/2006**
1:06 CV 226 LY-RP

36

# MDL-1800

## AGGREGATE LITIGATION

## EXHiBiTS CONTINUED

40. LETTER DATED MARCH 27, 2007
EXTENDED STAY AMERICA
MONTHLY RENT IS
$1,499.50

41. EXTENDED STAY AMERICA
NATIONWIDE

42 BILL DATED 4-13-2007
FOR THE

43 PERIOD
7/17/06 — 4/12/2007

44. $14,017.30

45. ADVERSE ACTION LETTER
FROM SOUTHWEST HOUSING INC
BRIAN POTASHNIAK, OWNER
ZIATC PROPERTY
ROSEMONT    37

MDL - 1800
AGGREGATE LITIGATION

46   ADVERSE ✓ ACTION LETTER
**ORIGINATED FROM**

47
48   ARNOLD CARL TAUCH ✓
49   JACK C. MOSS ✓
50   KYLE D TAUCH
     FALCON APARTMENTS OF AUSTIN
     I, INC

51   WHOM SAY BUESGENS
     OWES $3,893.71
     **FOR**

52   **THE TERM** JULY 7, 2006
     THROUGH OCTOBER 22, 2006
     THESE ARE

53.  **UNLAWFUL RELETTING**
     **CHARGES - FEES**

54   BUESGENS CONSTRUCTIVELY
     EVICTED ON **JULY 6 2006**.

38

# MDL-1800
## AGGREGATE LITIGATION

## EXHIBITS CONTINUED

55. HEARING TRANSCRIPT
JANUARY 24, 2007
56. BUESGEUS INTERVENTION
IN CIVIL NO. 5:06CV00738XR
57. JUDGE XAVIER RODRIGUEZ
U.S.D.C. SAN ANTONIO, TEXAS
AND
58. GREYSTAR FAMILY
REMOVAL - REMAND
BEXAR COUNTY

59. HEARING TRANSCRIPT
FEBRUARY 21, 2006
60. D-1-GN-06-000262
61. JUDGE SCOTT JENKINS
53RD JUDICINC DISTRICT
AUSTIN TEXAS
ATTORNEY
62. CHARLES EADS BROWN SPEAKS
1:06CV226 LY-RP

39

# MDL-1800
## AGGREGATE LITIGATION

VII. **THE JUDGES**

1. JUDGE SCOTT JENKINS
   D-1-GN-06-000262
   1:06 CV 226 LY-RP
   1:06 CV 260 LY

2. JUDGE XAVIER RODRIGUEZ
   5:06 CV 00738 XR
   2006 CI 11334
   BEXAR COUNTY, SAN ANTONIO, TEXAS

3. JUDGE EARL LEROY YEAKEL III
4. MAGISTRATE JUDGE ROBERT
   LEE PITMAN
   1:06 CV 226 LY-RP
   1:06 CV 260 LY
   1:06 CV 00 967 LY-RP

40

# MDL-1800
## AGGREGATE LITIGATION

5. JUDGE ROBERT PEMBERTON
03-06-00614 CV
THIRD COURT OF APPEALS
AUSTIN, TEXAS

6. JUSTICE OF THE PEACE, PRECINCT
5, TRAVIS COUNTY, AUSTIN,
TEXAS
CASE NO. 041509

7. JUDGE MELISSA GOODWIN

8. JUSTICE OF THE PEACE PRECINCT
5, TRAVIS COUNTY, AUSTIN,
TEXAS
CASE NO. 041509
TRIAL JANUARY 26, 2006.
COUNTERCLAIMS - CROSSCLAIMS

9. JUDGE HERB EVANS

41

# MDL-1800
## AGGREGATE LITIGATION

10    JUSTICE OF THE PEACE, PRECINCT 5, TRAVIS COUNTY, AUSTIN, TX CASE NO. 041509

11.    JUDGE NIGEL GUSDORF TITLE HEARING - 041509

12.    JUSTICE OF THE PEACE, PRECINCT 5, TRAVIS COUNTY, AUSTIN TEXAS  CASE NO. 041509 TRIAL JANUARY 26, 2006

13    JUDGE HARRIET M. MURPHY

14    TEXAS SUPREME COURT DIRECT APPEAL OF CASE NO. 041509 CASE NO. 06-0157 FEBRUARY, 2006

42



# MDL-1800
## AGGREGATE LITIGATION

15   TRAVIS COUNTY COURT AT LAW
NO. 1      AUSTIN, TEXAS
CAUSE NO. C-1-CV-06-000678
TRIAL JUNE 16, 2006
ON **REMAND** FROM
1:06 CV 260 **LY**

16   JUDGE DAVID J. PHILLIPS
17   JUDGE EARL LEROY YEAKEL,
III

18   THE AND APPEALS TO THE FIFTH
CIRCUIT **CASE MANAGERS**

AND
NOW BEFORE
CHIEF JUDGE WALTER SMITH
U.S.D.C.   WACO, TEXAS
ON **RECUSAL MOTION**

43

MDL-1800
1: 06 CV 00967 LY-RP
1: 06 CV 0 1964 RBW
ANDVERSARY NO. 06-01248 FM

*Michael L Buesgens*
MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD. #A322
AUSTIN, TEXAS 78703

512-339-6005X 7958

MIKEBUESGENS@HOTMAIL.COM
APRIL 15, 2007

44

CITATION

THE STATE OF TEXAS

CAUSE NO. J-1-GN-06-000262

MICHAEL L SURGENS

vs.                                                                      , Plaintiff

FALCON RIDGE APARTMENTS, FALCON APARTMENTS OF AUSTIN, LTD ET AL

, Defendant

TO:  DEBI WEHMEIER, REGIONAL VICE PRESIDENT
     GREYSTAR PROPERTY MANAGEMENT
     812 SAN ANTONIO, SUITE 200
     AUSTIN, TEXAS 78701

**DEBI WEHMEIER**

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 23, 2006 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 23, 2006.

REQUESTED BY:                                    AMALIA RODRIGUEZ-MENDOZA
MICHAEL L SURGENS, 720 SE                         Travis County District Clerk
500 E STASSNEY, APT 1123                           Travis County Courthouse
AUSTIN, TEXAS 78745                                1000 Guadalupe, P.O. Box 679003 (78767)
                                                   Austin, Texas 78701
447-763/-No3A
                                                   By
                                                   JOHN LEVASLEY, Deputy



Case to hand on the ___ day of January, 2006 at 2:38 o'clock _.M., and executed at
912 San Antonio Ste 200 Austin TX within the County of Travis on the
24 day of January 2006, at 1:50 o'clock _.M., by delivering to the within supplement
Debi Wehmeier Virginal Vice President Greyster Property Management
(person) a true copy of this citation together with the ORIGINAL PETITION accompanying pleading, having first
attached such

copy of same citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

CONSTABLE PREC. 5 TRAVIS COUNTY TEXAS

Service Fee: $ _____                            Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the
                                                 By
___ day of _____, ____.                    MIRACLE MOUNT
                                                 Printed Name of Server

_____               _____ County, Texas

D10N0800228-1 ● MEYEN DEN ● █ Message

| Action | Date | Time | Responsible Person |
|---|---|---|---|
| deliv-person | 01/24/2008 | 1250 | Miracle Mount |

| Number | Street | City | State | Zip |
|---|---|---|---|---|
| 812 | SAN ANTONIO #200 | AUSTIN | TX | 78701 |

Comment _____ █ Memo

Next Cause

BLAYLOC 01/24/2008 11:37

**Case History**

| Action | Act Date | Act Time | Name |
|---|---|---|---|
| deliv-person | 01/24/2008 | 1250 | Miracle Mount |
| assign | 01/23/2008 | 1446 | Miracle Mount |

█ New   █ Edit   █ Save   █ Abandon   █ Delete   █ Exit

$10.00 WITNESS FEE TENDERED

**SUBPOENA**

*APPEN. NO.*
*03-06-00614-CV*
*C-1-CV-06-000678*

CAUSE NO. C-1-CV-06-000678
FALCON RIDGE vs. MICHAEL L BUESGENS

THE STATE OF TEXAS
COUNTY OF TRAVIS

TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS, GREETING:
YOU ARE HEREBY COMMANDED TO SUMMON:

*DEBRA WEHMEIER*
*AND*
*GREYSTAR*

DEBI WEHMEIER
GREYSTAR MANAGEMENT SERVICES
812 SAN ANTONIO ST, STE 200, AUSTIN, TX
(512) 474-2664/477-6800 FAX

To be and appear before the Honorable COUNTY COURT AT LAW 1 of Travis
County, Texas, at the Courthouse thereof in Austin, Texas, in said
County on the June 16, 2006 at 9:00 A.M. then and there to testify
as a witness in behalf of DEFENDANT in the above numbered and styled
Civil action pending in said Court.
Above named witness is then and there to remain from day to day and
from term to term until discharged by due course of law.

HEREIN FAIL NOT, and make due return hereof, showing how you have
executed the same.
WITNESS my official signature, at Austin, Texas, on June 08, 2006.

Requested By:                    DANA DEBEAUVOIR, County Clerk
BUESGENS, MICHAEL                Travis County, Texas
300 E STASSNEY LANE, #1023
AUSTIN, TX 78745                 BY: _____ DEPUTY
(512) 447-7031                       M. BRYANT

------------------------- OFFICER'S RETURN -------------------------

Came to hand the 9 day of June ,2006 at 12:1 o'clock ? M
and executed on the ____ day of _____ ,20___ at ____ o'clock ___M
by delivering to the within named witness in Person _____

_____ a true copy of this
subpoena.
                              BRUCE ELFANT
                     CONSTABLE PREC 5 TRAVIS COUNTY, TEXAS
                     RECEIVED
                                         ELLO 1672
                     2006 JUN -9
                     TRAVIS COUNTY, TEXAS

# Constable5.com

**Constable Bruce Elfant**
Travis County, Texas - Precinct Five
Service Check Hotline:
**512-854-9714**

## Case Data

*DEBRA WEHMEIER*

**Cause:** C1CV06000678-10 **Court:** County 1 **County:** TRAVIS

**Issued:** 06/08/2006 **Received:** 06/09/2006 **Type:** Subpoena

---

*GREYSTAR*
*03-06-00614-CV*

**Plaintiff:** FALCON RIDGE APARTMENTS

**Defendant:** BUESGENS,MICHAEL L

*C-1-CV-06-000678*

**Respondent:** WEHMEIER,DEBI

**Agent:** GREYSTAR MANAGEMENT SERVICE

**Attorney:** BUESGENS,MICHAEL L **Source:** Private

**Hearing:** 06/16/2006 9:00 A.M. **Division:** Main **Fee Due:** 0

## Case History

---

**06/19/2006** @12:59 P.M. unexecuted

**Responsible party:** Miracle Mount

**Address:** 812 SAN ANTONIO ST #200 AUSTIN TX 78701

**Comment:** see memo **Last changed:** LARAA 06/19/2006 13:00

**Notes:** ?never showed up to pick up papers. Is no longer employed @ given address. deputy spoke w/her and would not give a fwding address. utl before ct date.

---

**06/09/2006** @ 3:00 P.M. waiting respondent pickup

**Responsible party:** Miracle Mount

**Address:** 812 SAN ANTONIO ST #200 AUSTIN TX 78701

**Comment:** stated she will come by & p/u **Last changed:** BERRYT 06/12/2006 10:08

_DEBRA WENMEIER_

_03-06-00614-CV_

**06/09/2006 @** 1:44 P.M. assigned to deputy

_C-1-CV-06-000678_

**Responsible party:** Miracle Mount

**Address:** 812 SAN ANTONIO ST #200 AUSTIN TX 78701

**Last changed:** BURLESL 06/09/2006 13:44

**Click here for a new search**

03-06-00614-CV

DEBRA WEHMEIER

## OFFICER'S STATEMENT OF DILIGENCE

CAUSE NO. C1CV06000678    RESPONDENT: Debi Wehmeier    Austin TX 78701

RECORD OF ATTEMPTS:

DATE: 6/16/05    TIME: 3:15p    ADDRESS 812 San Antonio Ste 200 Austin TX    OFFICER: WMS#3
DATE:_____    TIME:_____    ADDRESS_____    OFFICER:_____
DATE:_____    TIME:_____    ADDRESS_____    OFFICER:_____
DATE:_____    TIME:_____    ADDRESS_____    OFFICER:_____
DATE:_____    TIME:_____    ADDRESS_____    OFFICER:_____
DATE:_____    TIME:_____    ADDRESS_____    OFFICER:_____
DATE:_____    TIME:_____    ADDRESS_____    OFFICER:_____

COMMENTS OR REASON WHY PROCESS NOT SERVED:

X ~~spoke to respondent by phone after her receptionist~~
~~called her told she advised that she would~~
~~be out to today on court date but if she was~~
~~able, she would f/u at our office - USUS, never~~
showed up. Also, she would not give address
so we could serve in person

no longer employed at 812 San Antonio
Ste 200 Austin TX 78701 - no
forwarding address known but
receptionist called her and *

Return to Court Unexecuted,
expired court date

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Western__ District of __Texas__

MICHAEL L. BUESGENS

**SUMMONS IN A CIVIL ACTION**

v.

FALCON APARTMENTS OF
AUSTIN I, INC
AND
DEBI WEHMEIER,
REGIONAL VICE PRESIDENT
GREYSTAR MANAGEMENT SERVICES,
LP

**CASE NUMBER:**

A-06-CV-226

TO: (Name and address of Defendant)

GREYSTAR MANAGEMENT SERVICES, LP
C.T. CORPORATION, REGISTERED AGENT
350 NORTH ST. PAUL ST.
DALLAS, TEXAS 75201

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL L. BUESGENS,
PRO SE,
PRIVATE ATTORNEY GENERAL
3112 WINDSOR RD #A322
AUSTIN TEXAS 78703
512-337-6005 FAX
7591

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

William G. Putnicki

SEP 2 5 2006

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me | DATE 9-29-06 @ 01:30 p |
| NAME OF SERVER (PRINT) Tони Sherman | TITLE Process Server |

Check one box below to indicate appropriate method of service

☑ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☑ Other (specify):
By delivering to Tamara Parisi, agent
Greystar Management Services LP
CT Corporation, Registered agent
350 N. St. Paul Dallas, TX. 75201

FILED
2006 OCT 20 AM 11:38
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___ DEPUTY

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVES | TOTAL $0.00 |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  9-29-06
Date

_signature_
Signature of Server

14113 N. Central Expy #200
Address of Server

Dallas, TX. 75205

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## VERIFICATION

STATE OF TEXAS     §
                 §

COUNTY OF _____ §

*CIVIL NO. D-1-GN-06-000262*

BEFORE ME, the undersigned Notary Public, on this day personally appeared Debi Wehmeier, who, being by me duly sworn on her oath, deposed and said that she is a Defendant in the above-entitled and numbered cause; that she has read the above and foregoing Answers to Plaintiff's Third Set of Interrogatories and that they are within her personal knowledge and are true and correct.

_____
Debi Wehmeier

Subscribed and sworn to before me on the 13th day of ~~June~~ July, 2006 by Debi Wehmeier.



_____
Notary Public, State of Texas

My commission expires: 11/7/09

CARMEN GARZA CHAPA
MY COMMISSION EXPIRES
NOVEMBER 7, 2009

**OFFICE OF SECRETARY OF STATE**
NOTARY PUBLIC UNIT

Request Form for an Official Certificate or Apostille on a Texas Notary Public
**(Not for use for a request related to an adoption of a Child)**

**FROM**
(Print or type your name and address)

*MICHAEL L. BUESGENS*
*3112 WINDSOR RD*
*#A 322*
*AUSTIN, TX 78703*

Telephone No. *339-6005 X 7958*
E-mail Address *MIKE BUESGENS @ HOTMAIL. COM*

For each document that has been notarized, please provide the following information. *You must submit each complete original document for authentication with your request.* Requests received without the document, or with photocopies of the original, will be rejected.

Name of Notary Public: *CARMEN GARZA CHAPA*

Commission expiration date: *11/07/2009*

Date the document was notarized: *JUNE 13 AND JULY 13, 2006*

Foreign country/consulate where the document is to be filed: _____

Number of Certificates/Apostilles _____*1*_____

Fee amount enclosed ($15.00 per Certificate/Apostille) *15.00*

An appropriately sized self-addressed, stamped envelope or a pre-paid overnight envelope/airbill for the return of the documents.

Complete one form for each notary public rather than per document notarized by the same notary public. When requesting two or more Certificates/Apostilles remit one payment for the total amount. Payment should be in favor of the Secretary of State. If paying by credit card, include Form #2101 (Card Payment Form). Mail your request to:

*SOS DIRECT ACCOUNT*
*NO. 169873670*
*BILL IT*

Texas Secretary of State
Notary Public Unit

P. O. Box 13375
Austin, Texas 78711

or

1019 Brazos Street
Austin, Texas 78701

**In-Person Service**
1019 Brazos, Room 214
**Hours:** 8:00 a.m. - 4:30 p.m. Monday - Friday (call for holiday hours)
Processing time is dependent on the number of in-person customers and the number of documents each has.

FORM NO. 2103 (Rev. 9/1/05)                    *3 PAGES*

Expires:

County:

Agency:

Surety Company:

| History | As | Effective | Expire Date |
|---|---|---|---|
| Commissioned Notary Public | Carmen Chapa | 10/13/1986 | 10/13/1990 |

Name: **Carmen Garza Chapa**

*# 12167175*

*SOS NOTARY 463-5705*

| Address: | 812 San Antonio St Ste 200 Austin, Tx 78701 | *GREYSTAR MANAGEMENT SERVICES, LP* |
|---|---|---|
| Expires: | Nov 07, 2009 | |
| County: | Travis | |
| Agency: | Atkinson Bros Agency | |
| Surety Company: | Western Surety Company | |

| History | As | Effective | Expire Date |
|---|---|---|---|
| Commissioned Notary Public | Carmen Garza Chapa | 11/07/2005 | 11/07/2009 |
| Commissioned Notary Public | Carmen R. Garza | 11/15/2000 | 11/15/2004 |

Name: **Carmen C. Chapa**

Address:

Expires:

County:

Agency:

Surety Company:

| History | As | Effective | Expire Date |
|---|---|---|---|
| Commissioned Notary Public | Carmen C. Chapa | 03/03/2003 | 03/03/2007 |

Name: **Carmen Chapa**

Westlaw.

**PEOPLE FINDER HOUSEHOLD-CENTRIC RECORD**

| | |
|---|---|
| **Information Current Through:** | 08-04-2006 |
| **Database Updated:** | 10-01-2006 |
| **Update Frequency:** | MONTHLY |
| **Current Date:** | 10/11/2006 |
| **Source:** | Data by InfoUSA, Copyright 2006, All Rights Reserved |

**HEAD OF HOUSEHOLD INFORMATION**

| | |
|---|---|
| **Head of Household:** | MR CELESTINO CHAPA |
| **Marital Status:** | SINGLE |
| **Name/Address Last Confirmed:** | 03/2006 |

**HOUSEHOLD INFORMATION**

| | |
|---|---|
| **Address:** | 1707 INVERNESS BLVD |
| | **AUSTIN, TX** 78745-2813 |
| **County:** | TRAVIS |
| **Residence Type:** | SINGLE FAMILY DWELLING |
| **Address First Reported:** | 2001 |

**ADDITIONAL HOUSEHOLD MEMBER INFORMATION**

| | |
|---|---|
| **Name:** | MRS CARMEN G CHAPA |
| **Name/Address Last Confirmed:** | 03/2006 |

END OF DOCUMENT

✓ NOTARY

CARMEN GARZA CHAPA
GREYSTAR MANAGEMENT SERVICES, LP
812 SAN. ANTONIO ST, STE. 200
AUSTIN, TEXAS  78701

11/30/06  THU 12:27 FAX 512 475 2815        STAT DOCS LEGAL                                    ☒001

# The State of Texas



## Roger Williams
## Secretary of State

Legal Support Unit
P.O. Box 12887
Austin, Texas 78711-2887

Phone: 512-475-0775
Fax: 512-475-2815
Dial 7-1-1 For Relay Services
www.sos.state.tx.us

# F A X   C O V E R   S H E E T

**DATE:** Nov. 30, 2006

**TIME:** 11:28 a.m.

**TO:** Michael (Mike) L. Buesgens #459

**PHONE:** 339-6005 ext. 7958
**FAX:**  339-6099

**FROM:**  Dora A. Valles, CLA
Certified Legal Assistant

**PHONE:**   (512) 463-5558
**FAX:**     (512) 475-2815

## NUMBER OF PAGES INCLUDING COVER [ 6 ]

### Confidentiality Notice

This facsimile may contain privileged and/or confidential information intended only for the use of the addressee.  If you are not the addressee, or the person responsible for delivering it to the person addressed, you may not copy or deliver this to anyone else.  If you received this facsimile by mistake, please notify me immediately by calling (512) 463-5558. Thank you.

**Message:  Re:  Carmen Garza Chapa, Texas notary public**

11/30/06  THU 12:27 FAX 512 475 2815      STAT DOCS LEGAL                    ☎002
11/15/2006 17:13 FAX 5124778800          ORIGINAL

LEGAL SUPPORT UNIT
NOV 1 5 2006
RECEIVED
SECRETARY OF STATE

# GREYSTAR

*812 San Antonio, Suite 200*
*Austin, TX 78701*

phone 512/474-2664
facsimile 512/477-6800

## FACSIMILE TRANSMISSION

NOTE: *The information transmitted by means of, and contained in, this facsimile transmission is confidential and intended only for the recipient named below. No other reception is authorized. If this transmission has reached any other destination than the one stated below, please call 512/474-2664 immediately.*

DATE: 11/10/06

TO: Dora Valles

COMPANY: Sec. of State

FAX #: 475-2815

FROM: Carmen Chapa

# Of Pages (Including Cover): 3

MESSAGE:

notary documents

affidavit

11/30/06  THU 12:27 FAX 512 475 2815       STAT DOCS LEGAL                    ☐003
11/15/2006  17:13 FAX 5124756003

## AFFIDAVIT
## OF
## NOTARY PUBLIC

RECEIVED
SECRETARY OF STATE

NOV 15 2006

LEGAL SUPPORT UNIT

**STATE OF TEXAS**

**COUNTY OF TRAVIS**

COMES NOW, Carmen Garza Chapa and being duly sworn, deposes and states:
That as the notary public named herein, I have personal knowledge of the following
facts.

On July 13, 2006, 2:00 pm., Debi Wehmeier, personally appeared before me to
notarize legal documents (questions and answers) for resident at Falcon Ridge,
Michael Buesgens.

I am one of two notaries at the Greystar Offices, we do not have a big need for
notaries but have two in place. This is the only document that I have in my notary
book since acquiring my notary license.

_Carmen Garza Chapa_
Signature of Carmen Garza Chapa

Subscribed and sworn to before me this 15 day of November, 2006.

(Seal)

_Barbara Jan Swart_
Signature of Officer administering oath

_Barbara Jan Swart_
Print or Typed Name of Officer administering oath

BARBARA JAN SWART
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-01-2007

RECEIVED
SECRETARY OF STATE

NOV 10 2006

LEGAL SUPPORT UNIT



813 San Antonio, Suite 200
Austin, TX 78701

phone 512/474-2664
facsimile 512/477-6800

## FACSIMILE TRANSMISSION

**NOTE:**  *The information transmitted by means of, and contained in, this facsimile transmission is confidential and intended only for the recipients named below. No other reception is authorized. If this transmission has reached any other destination than the one stated below, please call 512/474-2664 immediately.*

DATE: 11/10/06

TO: Dora Valles

COMPANY: Sec. of State

FAX#: 475-2815

FROM: Carmen Chapa

# Of Pages (Including Cover): 3

MESSAGE:

notary documents

| | Naturalization Date/Time | Proposed Date | Kind or Type of Naturalization | Name of Creator or Maker | Signer's Signature | Signer's Residence or Alleged Residence |
|---|---|---|---|---|---|---|
| 1 | 4/30/06 2:00 pm | 7/6/06 | | | | |
| 2 | 7/13/06 4:32 pm | 7/6/06 | affidavit | Debbi Wehmeier | [signature] | 757 wheeler Dr Bridgeport TX 76419 |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |

**Chapter 11 – Obstruction of the Administration of Govt.**
**Sec. 22-11-1. Resisting execution of service of process.**
Any person who resists the execution or service of any legal process is guilty of a Class 2 misdemeanor.

## TENNESSEE CODE ANNOTATED
**39-16-602 Resisting stop, frisk, half, arrest or search-prevention or obstruction of service of legal writ or process.**
(c) It is an offense for a person to intentionally prevent or obstruct an officer of the state or any other person known to be a civil process server in serving, or attempting to serve or execute, any legal writ, or process.
(d) A violation of this section is a Class B misdemeanor.

## TEXAS PENAL CODE         *DEBRA WEHMEIER*
**Chapter 38. Obstructing Governmental Operation**
**Sec. 38.16. Preventing Execution of Civil Process**
(a) A person commits an offense if he intentionally or knowingly by words or physical action prevents the execution of any process in a civil cause.
(b) It is an exception to the application of this section that the actor evaded service of process by avoiding detection.
(c) An offense under this section is a Class C misdemeanor.

## UTAH CODE ANNOTATED 1953
**76-8-301. Interference with Public Servant**
(1) A person is guilty of interference with a public servant if he:
(a) uses force, violence, intimidation, or engages in any other unlawful act with a purpose to interfere with a public servant performing or purporting to perform an official function; or
(b) **knowingly or intentionally interferes with the lawful service of process by a public servant.**
(2) Interference with a public servant is a class B misdemeanor.

[As amended 1998. Effective date: May 4, 1998]

Copyright ©1999 National Association of Professional Process Servers

web development www.graphiclynx.com

**§ 38.16. PREVENTING EXECUTION OF CIVIL PROCESS.** (a) A person commits an offense if he intentionally or knowingly by words or physical action prevents the execution of any process in a civil cause.

(b) It is an exception to the application of this section that the actor evaded service of process by avoiding detection.

(c) An offense under this section is a Class C misdemeanor.

Added by Acts 1995, 74th Leg., ch. 318, § 13, eff. Sept. 1, 1995.

DEBRA WEHMEIER

GARY KIN OLDHAM

CHRISTINE C. FREELAND

**HOOVER SLOVACEK LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

**ATTORNEYS AT LAW**
**SAN FELIPE PLAZA**
**5847 SAN FELIPE, SUITE 2200**
**HOUSTON, TEXAS 77057-3918**

(713) 977-8686
FAX (713) 977-5395

HOWARD M. BOOKSTAFF, P.C.
PARTNER
BOARD CERTIFIED-COMMERCIAL REAL ESTATE LAW
BOARD CERTIFIED-RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

bookstaff@hooverslovacek.com

REPLY TO:
P O BOX 4547
HOUSTON, TEXAS 77210

August 29, 2006

Via CMRRR and First Class Mail

Mr. Michael L. Buesgens
3112 Windsor Road, #A322
Austin, TX 78703

RE:    Documentation dated July 23, 2006 sent to Village at Collingwood Apartments
       (the "Owner")

Dear Mr. Buesgens:

The undersigned attorney and law firm represent the Owner.  Our client has asked us to respond to the documentation you forwarded to the Owner dated July 23, 2006.

Your claims are without merit. As you are fully aware, you never submitted your application and never paid an application fee or deposit. It is my understanding that, while you were in the process of completing your application, you asked the manager about the eviction on your record. When you were advised that the Owner's rental criteria would exclude a prospect that has previously been evicted, you decided not to complete your application or pay the required fees or deposits.

Nothing contained herein shall constitute an election or waiver of any rights or remedies which the Owner has; it is the Owner's intention to preserve all rights and remedies.  Any delay or postponement in taking any action shall not constitute a waiver of our client's right to take such action at any time.

Our client considers this matter closed.

Very truly yours,

HOOVER SLOVACEK LLP

Howard M. Bookstaff

HMB:dm/510961_1.DOC
151665.55

**State Bar of Texas**

Detailed Result

Howard M. Bookstaff

Bar Card Number*: 02626200



| | | |
|---|---|---|
| **Work Address** | | 5847 San Felipe St Ste 2200<br>Houston, TX, 77057-3198 |
| **Work Phone Number** | | (713) 977-8686 |
| **Primary Practice Location** | | HOUSTON , Texas |

Current Member Status
Eligible To Practice In Texas

License Information

State Bar Card Number*:          02626200
Texas Licensed*:                 11/07/1986

Practice Information

Firm:                  Hoover Slovacek LLP
Firm Size:             25 to 40
Occupation:            Private Law Practice
Primary Practice Areas: Real Estate          *REAL ESTATE EXPERT*

Services Provided:

Are language translation services available?           Not Specified
Are hearing impaired translation services available?   Not Specified
Are ADA accessible client services available?          Not Specified

Assistance available in languages:
No information reported by attorney

Courts of Admittance:

Federal Courts of Admittance:
US Court of Federal Claims
Fifth Circuit Court of Appeals
Texas Southern District/Bankruptcy Court
Other Courts of Admittance:
No information reported by attorney
Other States Where authorized to practice:
No Other States reported by attorney

Education and Certification History

**Law Schools:**

| Law School | Graduation Date | Degree Earned |
|---|---|---|
| University Of Houston | 05/1986 | Doctor of Jurisprudence/Juris Doctor (J.D.) |

**Texas Board of Legal Specialization Certifications:**
Commercial Real Estate Law
Residential Real Estate Law

Public Disciplinary History

*HOWARD M. BOOKSTAFF*
*RIVERSTONE RESIDENTIAL, SC*
*LLC*
**Public Disciplinary History - Texas\*:**
*DEBRA WEHMEIER*

**\*NOTE: Only Texas disciplinary sanctions within the past 10 years are displayed. For sanction information beyond 10 years, please contact the Office of the Chief Disciplinary Counsel at (877)953-5535.**

**Public Disciplinary History - Other:**
No information reported by attorney
**Statutory Profile Last Certified On:** 05/13/2003

**For information about a specific disciplinary sanction listed above, please call (877)953-5535.**

**The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (\*) is provided by the State Bar of Texas. Texas grievance/disciplinary information will not appear on the profile until a final determination is reached. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.**

**Back to search results**

**Back**

**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



September 7, 2006

8900 Amberglen Blvd.
Austin, Texas 78729-1110

Michael L. Buesgens
Information Recovery Program
3112 Windsor Rd., #A322
Austin, Texas 78703

RE: *Michael L. Buesgens vs. Falcon Apartments of Austin, Inc.*

Dear Mr. Buesgens:

Our office is in receipt of your correspondence requesting records concerning the above-referenced case.

We are unable to respond to your request for the following reason:

You have failed to identify a legal entity to whom the subpoena and notice is directed. The subpoena and notice must properly designate the entity from which you are requesting information and documents. The subpoena requests records pertaining to 53-Q912-998; the proper entity name for this 53-Q912-998 is State Farm Lloyds. No abbreviations are accepted. The subpoena must be served to the "Custodian of Records," State Farm Lloyds, 8900 Amberglen Boulevard, Austin, Texas 78729 via hand-delivery or certified mail.

We are closing our file at this time pending receipt of proper notice and a valid subpoena served in compliance with the Federal Rules of Civil Procedure.

If you have any questions, please feel free to contact me at (512) 918-4585.

Sincerely,

Marc Malinger                    /nr

Marc Malinger
Attorney

MM:ndt

POLICY #
83-LV-0578-9

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

___WESTERN___ DISTRICT OF ___TEXAS, AUSTIN DIVISION___

MICHAEL L. BUESGENS
v.
FALCON APARTMENTS OF AUSTIN
I, INC

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ A-06-CA-226 CY

TO: JAY VATH, CLAIMS REPRESENTATIVE
STATE FARM INSURANCE  CAPITOL AREA OPERATIONS
10801 N MOPAC EXPRESSWAY BUILDING ONE, SUITE 100
AUSTIN, TEXAS 78759

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): CLAIM # 53-9912-998

YOUR INVESTIGATIVE FILE OF BUESGENS THEFT
CLAIM AND PERSONAL INJURY CLAIM.

| PLACE  CLERKS OFFICE | DATE AND TIME    9:00AM |
|---|---|
| U.S. DISTRICT COURT AUSTIN DIVISION | 09/15/2006 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| WILLIAM G. PUTNICKI    CLERK U.S. DISTRICT COURT | AUG 25 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandra Katzenmeier

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | 8/31/06 @ 2:46pm | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Joy Vath | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Samuel Weeks | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    8/31/06
_____
DATE

_Samuel Weeks_
SIGNATURE OF SERVER

Weeks and Associates, L.L.C.
ADDRESS OF SERVER West 12th Street
Suite 306
Austin, Texas 78701



March 27, 2007

Extended Stay Deluxe Austin North Central
8221 N. IH 35
Austin, TX 78753
512.339.6005

RE: Room Rate


Dear Mr. Buesgens,

I apologize for not getting this information to you on time. You have been a guest at the Extended Stay Deluxe Austin North Central location since July 17, 2006. Currently, you have a departure date of June 17, 2007 unless you decide to extend your stay with us.

Your current daily rate is $49.99 per day, this rate **will increase to $59.99** on May 1, 2007.

You pay $349.93 each week.

Monthly your total stay is $1,499.50.

I hope that this is the information that you have been requesting. Once again I apologize that I have gotten this to you so late.

Sincerely,

Nicole Castonguay
Area Operations Manager

04/13/07   12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# EXTENDED STAY AMERICA

**Folio Receipt**
As Of: 4/13/2007

POLICY # 83-LV-0578-9    # 14,171.00
HOUSING
ACCOMMODATION
CHARGES

Folio # 11160
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
Company: State Farm    STATE FARM

Room:    459
Arrival:  7/17/2006
Departure:  6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 126531 | 7/17/2006 | MASTER CARD | $0.00 | $482.93 | ($482.93) |
| 126732 | 7/17/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($422.94) |
| 126733 | 7/17/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($419.34) |
| 126734 | 7/17/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($413.94) |
| 126910 | 7/18/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($353.95) |
| 126911 | 7/18/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($350.35) |
| 126912 | 7/18/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($344.95) |
| 127606 | 7/19/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($284.96) |
| 127607 | 7/19/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($281.36) |
| 127608 | 7/19/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($275.96) |
| 127896 | 7/20/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($215.97) |
| 127897 | 7/20/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($212.37) |
| 127898 | 7/20/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($206.97) |
| 128257 | 7/21/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($146.98) |
| 128258 | 7/21/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($143.38) |
| 128259 | 7/21/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($137.98) |
| 128513 | 7/22/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($77.99) |
| 128514 | 7/22/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($74.39) |
| 128515 | 7/22/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($68.99) |
| 128711 | 7/23/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($9.00) |
| 128712 | 7/23/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($5.40) |
| 128713 | 7/23/2006 | CITY ROOM TAX | $5.40 | $0.00 | $0.00 |
| 128751 | 7/24/2006 | MASTER CARD | $0.00 | $482.93 | ($482.93) |
| 128982 | 7/24/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($422.94) |
| 128983 | 7/24/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($419.34) |
| 128984 | 7/24/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($413.94) |
| 129229 | 7/25/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($353.95) |
| 129230 | 7/25/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($350.35) |
| 129231 | 7/25/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($344.95) |
| 129448 | 7/26/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($284.96) |
| 129449 | 7/26/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($281.36) |
| 129450 | 7/26/2006 | CITY ROOM TAX | $5.40 | $0.00 | ($275.96) |
| 129723 | 7/27/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($215.97) |

04/13/07   12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# Folio Receipt
## As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

**Room:** 459
**Arrival:** 7/17/2006
**Departure:** 6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| 129724 | 7/27/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($212.37) |
| 129725 | 7/27/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($206.97) |
| 129947 | 7/28/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($146.98) |
| 129948 | 7/28/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($143.38) |
| 129949 | 7/28/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($137.98) |
| 130206 | 7/29/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($77.99) |
| 130207 | 7/29/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($74.39) |
| 130208 | 7/29/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($68.99) |
| 130472 | 7/30/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($9.00) |
| 130473 | 7/30/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($5.40) |
| 130474 | 7/30/2006 | CITY  ROOM TAX | $5.40 | $0.00 | $0.00 |
| 130507 | 7/31/2006 | MASTER CARD | $0.00 | $482.93 | ($482.93) |
| 130733 | 7/31/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($422.94) |
| 130734 | 7/31/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($419.34) |
| 130735 | 7/31/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($413.94) |
| 130981 | 8/1/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($353.95) |
| 130982 | 8/1/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($350.35) |
| 130983 | 8/1/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($344.95) |
| 131218 | 8/2/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($284.96) |
| 131219 | 8/2/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($281.36) |
| 131220 | 8/2/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($275.96) |
| 131467 | 8/3/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($215.97) |
| 131468 | 8/3/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($212.37) |
| 131469 | 8/3/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($206.97) |
| 131717 | 8/4/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($146.98) |
| 131718 | 8/4/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($143.38) |
| 131719 | 8/4/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($137.98) |
| 131982 | 8/5/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($77.99) |
| 131983 | 8/5/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($74.39) |
| 131984 | 8/5/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($68.99) |
| 132101 | 8/6/2006 | MASTER CARD | $0.00 | $480.00 | ($548.99) |
| 132102 | 8/6/2006 | MASTER CARD | $0.00 | $2.93 | ($551.92) |
| 132204 | 8/6/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($491.93) |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

## Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

Room: 459
Arrival: 7/17/2006
Departure: 6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| 132205 | 8/6/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($488.33) |
| 132206 | 8/6/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($482.93) |
| 132450 | 8/7/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($422.94) |
| 132451 | 8/7/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($419.34) |
| 132452 | 8/7/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($413.94) |
| 132644 | 8/8/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($353.95) |
| 132645 | 8/8/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($350.35) |
| 132646 | 8/8/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($344.95) |
| 132861 | 8/9/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($284.96) |
| 132862 | 8/9/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($281.36) |
| 132863 | 8/9/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($275.96) |
| 133178 | 8/10/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($215.97) |
| 133179 | 8/10/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($212.37) |
| 133180 | 8/10/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($206.97) |
| 133430 | 8/11/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($146.98) |
| 133431 | 8/11/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($143.38) |
| 133432 | 8/11/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($137.98) |
| 133620 | 8/12/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($77.99) |
| 133621 | 8/12/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($74.39) |
| 133622 | 8/12/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($68.99) |
| 133663 | 8/13/2006 | MASTER CARD | $0.00 | $377.94 | ($446.93) |
| 133797 | 8/13/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($386.94) |
| 133798 | 8/13/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($383.34) |
| 133799 | 8/13/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($377.94) |
| 134015 | 8/14/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($317.95) |
| 134016 | 8/14/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($314.35) |
| 134017 | 8/14/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($308.95) |
| 134251 | 8/15/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($248.96) |
| 134252 | 8/15/2006 | STATE ROOM TAX | $3.60 | $0.00 | ($245.36) |
| 134253 | 8/15/2006 | CITY  ROOM TAX | $5.40 | $0.00 | ($239.96) |
| 134487 | 8/16/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($179.97) |
| 134684 | 8/17/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($119.98) |
| 134886 | 8/18/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($59.99) |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

Room: **459**
Arrival: **7/17/2006**
Departure: **6/1/2007**

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 135070 | 8/19/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | $0.00 |
| 135091 | 8/20/2006 | MASTER CARD | $0.00 | $419.93 | ($419.93) |
| 135265 | 8/20/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($359.94) |
| 135463 | 8/21/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($299.95) |
| 135684 | 8/22/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($239.96) |
| 135902 | 8/23/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($179.97) |
| 136140 | 8/24/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($119.98) |
| 136284 | 8/25/2006 | Fax & Copier Revenue | $2.48 | $0.00 | ($117.50) |
| 136285 | 8/25/2006 | SALES TAX | $0.21 | $0.00 | ($117.29) |
| 136431 | 8/25/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($57.30) |
| 136446 | 8/26/2006 | CASH | $0.00 | $2.69 | ($59.99) |
| 136627 | 8/26/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | $0.00 |
| 136832 | 8/27/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | $59.99 |
| 136881 | 8/28/2006 | MASTER CARD | $0.00 | $419.93 | ($359.94) |
| 137053 | 8/28/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($299.95) |
| 137268 | 8/29/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($239.96) |
| 137484 | 8/30/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($179.97) |
| 137744 | 8/31/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($119.98) |
| 138063 | 9/1/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($59.99) |
| 138504 | 9/2/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | $0.00 |
| 138539 | 9/3/2006 | MASTER CARD | $0.00 | $419.93 | ($419.93) |
| 138806 | 9/3/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($359.94) |
| 138961 | 9/4/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($299.95) |
| 139143 | 9/5/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($239.96) |
| 139295 | 9/6/2006 | Rm: 461 WKLY - WEEKLY RATE | $59.99 | $0.00 | ($179.97) |
| 139460 | 9/7/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($129.98) |
| 139613 | 9/8/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($79.99) |
| 139918 | 9/9/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($30.00) |
| 139973 | 9/10/2006 | MASTER CARD | $0.00 | $319.93 | ($349.93) |
| 140169 | 9/10/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($299.95) |
| 140386 | 9/11/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($249.95) |
| 140595 | 9/12/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($199.96) |
| 140823 | 9/13/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($149.97) |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# Folio Receipt
## As Of: 4/13/2007

Folio # 11160
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
Company: State Farm

Room:  459
Arrival:  7/17/2006
Departure:  6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 141007 | 9/14/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($99.98) |
| 141204 | 9/15/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($49.99) |
| 141475 | 9/16/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | $0.00 |
| 141671 | 9/17/2006 | MASTER CARD | $0.00 | $349.93 | ($349.93) |
| 141827 | 9/17/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($299.94) |
| 142095 | 9/18/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($249.95) |
| 142334 | 9/19/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($199.96) |
| 142592 | 9/20/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($149.97) |
| 142821 | 9/21/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($99.98) |
| 143037 | 9/22/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($49.99) |
| 143211 | 9/23/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | $0.00 |
| 143239 | 9/24/2006 | MASTER CARD | $0.00 | $349.93 | ($349.93) |
| 143411 | 9/24/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($299.94) |
| 143680 | 9/25/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($249.95) |
| 143990 | 9/26/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($199.96) |
| 144247 | 9/27/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($149.97) |
| 144281 | 9/28/2006 | 14:18-12102817636/1 | $2.78 | $0.00 | ($147.19) |
| 144282 | 9/28/2006 | TELECO TAX | $0.23 | $0.00 | ($146.96) |
| 144479 | 9/28/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($96.97) |
| 144522 | 9/29/2006 | Internet Access Revenue | $4.99 | $0.00 | ($91.98) |
| 144523 | 9/29/2006 | SALES TAX | $0.42 | $0.00 | ($91.56) |
| 144723 | 9/29/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($41.57) |
| 144935 | 9/30/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | $8.42 |
| 144952 | 10/1/2006 | MASTER CARD | $0.00 | $358.35 | ($349.93) |
| 145111 | 10/1/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($299.94) |
| 145151 | 10/2/2006 | Fax & Copier Revenue | $1.00 | $0.00 | ($298.94) |
| 145152 | 10/2/2006 | SALES TAX | $0.09 | $0.00 | ($298.85) |
| 145155 | 10/2/2006 | MASTER CARD | $0.00 | $100.00 | ($398.85) |
| 145340 | 10/2/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($348.86) |
| 145532 | 10/3/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($298.87) |
| 145709 | 10/4/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($248.88) |
| 145920 | 10/5/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($198.89) |
| 146116 | 10/6/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($148.90) |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

## Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

Room:   459
Arrival:   7/17/2006
Departure:   6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 146142 | 10/7/2006 | MASTER CARD | $0.00 | $9.34 | ($158.24) |
| 146313 | 10/7/2006 | Rm: 461 MNTH1 - MONTHLY RATE | $49.99 | $0.00 | ($108.25) |
| 146335 | 10/8/2006 | MASTER CARD | $0.00 | $349.93 | ($458.18) |
| 146488 | 10/8/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($408.19) |
| 146688 | 10/9/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($358.20) |
| 146713 | 10/10/2006 | Fax & Copier Revenue | $4.00 | $0.00 | ($354.20) |
| 146714 | 10/10/2006 | SALES TAX | $0.33 | $0.00 | ($353.87) |
| 146715 | 10/10/2006 | Fax & Copier Revenue 10/3/06 | $29.50 | $0.00 | ($324.37) |
| 146716 | 10/10/2006 | SALES TAX | $2.44 | $0.00 | ($321.93) |
| 146881 | 10/10/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($271.94) |
| 147068 | 10/11/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($221.95) |
| 147256 | 10/12/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($171.96) |
| 147281 | 10/13/2006 | Fax & Copier Revenue | $1.65 | $0.00 | ($170.31) |
| 147282 | 10/13/2006 | SALES TAX | $0.14 | $0.00 | ($170.17) |
| 147462 | 10/13/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($120.18) |
| 147669 | 10/14/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($70.19) |
| 147834 | 10/15/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($20.20) |
| 147848 | 10/16/2006 | MASTER CARD | $0.00 | $305.43 | ($325.63) |
| 147865 | 10/16/2006 | Fax & Copier Revenue | $48.55 | $0.00 | ($277.08) |
| 147866 | 10/16/2006 | SALES TAX | $4.01 | $0.00 | ($273.07) |
| 147867 | 10/16/2006 | Fax & Copier Revenue | $4.75 | $0.00 | ($268.32) |
| 147868 | 10/16/2006 | SALES TAX | $0.40 | $0.00 | ($267.92) |
| 147877 | 10/16/2006 | Fax & Copier Revenue | $1.00 | $0.00 | ($266.92) |
| 147878 | 10/16/2006 | SALES TAX | $0.09 | $0.00 | ($266.83) |
| 148035 | 10/16/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($216.84) |
| 148220 | 10/17/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($166.85) |
| 148445 | 10/18/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($116.86) |
| 148609 | 10/19/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($66.87) |
| 148765 | 10/20/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($16.88) |
| 148787 | 10/21/2006 | MASTER CARD | $0.00 | $333.05 | ($349.93) |
| 148913 | 10/21/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($299.94) |
| 149065 | 10/22/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($249.95) |
| 149230 | 10/23/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($199.96) |

04/13/07   12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

## Folio Receipt
### As Of: 4/13/2007

Folio # 11160
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
Company: State Farm

Room:   459
Arrival:   7/17/2006
Departure:   6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 149264 | 10/24/2006 | 11:37-12104726552/1 | $2.78 | $0.00 | ($197.18) |
| 149265 | 10/24/2006 | TELECO TAX | $0.41 | $0.00 | ($196.77) |
| 149267 | 10/24/2006 | MASTER CARD | $0.00 | $153.16 | ($349.93) |
| 149278 | 10/24/2006 | Fax & Copier Revenue | $6.00 | $0.00 | ($343.93) |
| 149279 | 10/24/2006 | SALES TAX | $0.50 | $0.00 | ($343.43) |
| 149416 | 10/24/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($293.44) |
| 149629 | 10/25/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($243.45) |
| 149686 | 10/26/2006 | Fax & Copier Revenue | $2.00 | $0.00 | ($241.45) |
| 149687 | 10/26/2006 | SALES TAX | $0.17 | $0.00 | ($241.28) |
| 149856 | 10/26/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($191.29) |
| 149875 | 10/27/2006 | Fax & Copier Revenue | $6.00 | $0.00 | ($185.29) |
| 149876 | 10/27/2006 | SALES TAX | $0.50 | $0.00 | ($184.79) |
| 150024 | 10/27/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($134.80) |
| 150188 | 10/28/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($84.81) |
| 150351 | 10/29/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($34.82) |
| 150365 | 10/30/2006 | MASTER CARD | $0.00 | $315.11 | ($349.93) |
| 150527 | 10/30/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($299.94) |
| 150549 | 10/31/2006 | Fax & Copier Revenue | $6.00 | $0.00 | ($293.94) |
| 150550 | 10/31/2006 | SALES TAX | $0.50 | $0.00 | ($293.44) |
| 150717 | 10/31/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($243.45) |
| 150934 | 11/1/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($193.46) |
| 151102 | 11/2/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($143.47) |
| 151315 | 11/3/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($93.48) |
| 151563 | 11/4/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($43.49) |
| 151721 | 11/5/2006 | Rm: 459 User Override | $49.99 | $0.00 | $6.50 |
| 151737 | 11/6/2006 | MASTER CARD | $0.00 | $356.43 | ($349.93) |
| 151763 | 11/6/2006 | Fax & Copier Revenue | $1.00 | $0.00 | ($348.93) |
| 151764 | 11/6/2006 | SALES TAX | $0.09 | $0.00 | ($348.84) |
| 151912 | 11/6/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($298.85) |
| 152120 | 11/7/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($248.86) |
| 152132 | 11/8/2006 | 08:21-12104724955/3 | $4.33 | $0.00 | ($244.53) |
| 152133 | 11/8/2006 | TELECO TAX | $0.63 | $0.00 | ($243.90) |
| 152331 | 11/8/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($193.91) |

04/13/07   12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

## Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

**Room:** 459
**Arrival:** 7/17/2006
**Departure:** 6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 152576 | 11/9/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($143.92) |
| 152629 | 11/10/2006 | Fax & Copier Revenue | $9.00 | $0.00 | ($134.92) |
| 152630 | 11/10/2006 | SALES TAX | $0.75 | $0.00 | ($134.17) |
| 152823 | 11/10/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($84.18) |
| 153040 | 11/11/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($34.19) |
| 153184 | 11/12/2006 | Rm: 459 User Override | $49.99 | $0.00 | $15.80 |
| 153193 | 11/13/2006 | Fax & Copier Revenue | $0.40 | $0.00 | $16.20 |
| 153194 | 11/13/2006 | SALES TAX | $0.04 | $0.00 | $16.24 |
| 153195 | 11/13/2006 | Fax & Copier Revenue | $2.00 | $0.00 | $18.24 |
| 153196 | 11/13/2006 | SALES TAX | $0.17 | $0.00 | $18.41 |
| 153197 | 11/13/2006 | MASTER CARD | $0.00 | $368.34 | ($349.93) |
| 153348 | 11/13/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($299.94) |
| 153571 | 11/14/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($249.95) |
| 153794 | 11/15/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($199.96) |
| 153967 | 11/16/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($149.97) |
| 154129 | 11/17/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($99.98) |
| 154290 | 11/18/2006 | Rm: 459 User Override | $49.99 | $0.00 | ($49.99) |
| 154439 | 11/19/2006 | Rm: 459 User Override | $49.99 | $0.00 | $0.00 |
| 154450 | 11/20/2006 | Fax & Copier Revenue | $2.00 | $0.00 | $2.00 |
| 154451 | 11/20/2006 | SALES TAX | $0.17 | $0.00 | $2.17 |
| 154464 | 11/20/2006 | 09:55-12023543000/1 | $2.78 | $0.00 | $4.95 |
| 154465 | 11/20/2006 | TELECO TAX | $0.41 | $0.00 | $5.36 |
| 154607 | 11/20/2006 | Rm: 459 User Override | $49.99 | $0.00 | $55.35 |
| 154748 | 11/21/2006 | Rm: 459 User Override | $49.99 | $0.00 | $105.34 |
| 154770 | 11/22/2006 | Fax & Copier Revenue | $7.00 | $0.00 | $112.34 |
| 154771 | 11/22/2006 | SALES TAX | $0.58 | $0.00 | $112.92 |
| 154899 | 11/22/2006 | Rm: 459 User Override | $49.99 | $0.00 | $162.91 |
| 155043 | 11/23/2006 | Rm: 459 User Override | $49.99 | $0.00 | $212.90 |
| 155177 | 11/24/2006 | Rm: 459 User Override | $49.99 | $0.00 | $262.89 |
| 155294 | 11/25/2006 | Rm: 459 User Override | $49.99 | $0.00 | $312.88 |
| 155441 | 11/26/2006 | Rm: 459 User Override | $49.99 | $0.00 | $362.87 |
| 155646 | 11/27/2006 | Rm: 459 User Override | $49.99 | $0.00 | $412.86 |
| 155658 | 11/28/2006 | MASTER CARD | $0.00 | $210.73 | $202.13 |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
Company: State Farm

Room:  459
Arrival:  7/17/2006
Departure:  6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 155849 | 11/28/2006 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 156060 | 11/29/2006 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 156260 | 11/30/2006 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 156290 | 12/1/2006 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 156517 | 12/1/2006 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 156770 | 12/2/2006 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 156965 | 12/3/2006 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 157238 | 12/4/2006 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 157488 | 12/5/2006 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 157781 | 12/6/2006 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 158020 | 12/7/2006 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 158033 | 12/8/2006 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 158240 | 12/8/2006 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 158457 | 12/9/2006 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 158671 | 12/10/2006 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 158901 | 12/11/2006 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 159144 | 12/12/2006 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 159355 | 12/13/2006 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 159592 | 12/14/2006 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 159633 | 12/15/2006 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 159848 | 12/15/2006 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 160074 | 12/16/2006 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 160293 | 12/17/2006 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 160510 | 12/18/2006 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 160716 | 12/19/2006 | Rm: 459 User Override | $49.99 | $0.00 | $252.13 |
| 160925 | 12/20/2006 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 161114 | 12/21/2006 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 161150 | 12/22/2006 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 161269 | 12/22/2006 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 161405 | 12/23/2006 | Rm: 459 User Override | $49.99 | $0.00 | $102.14 |
| 161525 | 12/24/2006 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 161639 | 12/25/2006 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 161788 | 12/26/2006 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# Folio Receipt
## As Of: 4/13/2007

Folio # 11160
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
Company: State Farm

Room: 459
Arrival: 7/17/2006
Departure: 6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| 161974 | 12/27/2006 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 162124 | 12/28/2006 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 162155 | 12/29/2006 | MASTER CARD | $0.00 | $149.97 | $202.13 |
| 162314 | 12/29/2006 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 162468 | 12/30/2006 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 162641 | 12/31/2006 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 162650 | 1/1/2007 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 162683 | 1/1/2007 | 19:30-12104724955/1 | $2.78 | $0.00 | $4.95 |
| 162684 | 1/1/2007 | TELECO TAX | $0.41 | $0.00 | $5.36 |
| 162685 | 1/1/2007 | 19:34-12104724955/1 | $2.78 | $0.00 | $8.14 |
| 162686 | 1/1/2007 | TELECO TAX | $0.41 | $0.00 | $8.55 |
| 162825 | 1/1/2007 | Rm: 459 User Override | $49.99 | $0.00 | $58.54 |
| 162997 | 1/2/2007 | Rm: 459 User Override | $49.99 | $0.00 | $108.53 |
| 163154 | 1/3/2007 | Rm: 459 User Override | $49.99 | $0.00 | $158.52 |
| 163306 | 1/4/2007 | Rm: 459 User Override | $49.99 | $0.00 | $208.51 |
| 163509 | 1/5/2007 | Rm: 459 User Override | $49.99 | $0.00 | $258.50 |
| 163715 | 1/6/2007 | Rm: 459 User Override | $49.99 | $0.00 | $308.49 |
| 163915 | 1/7/2007 | Rm: 459 User Override | $49.99 | $0.00 | $358.48 |
| 163926 | 1/8/2007 | MASTER CARD | $0.00 | $356.31 | $2.17 |
| 164111 | 1/8/2007 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 164363 | 1/9/2007 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 164556 | 1/10/2007 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 164790 | 1/11/2007 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 164956 | 1/12/2007 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 165122 | 1/13/2007 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 165292 | 1/14/2007 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 165491 | 1/15/2007 | Rm: 459 User Override | $49.99 | $0.00 | $402.09 |
| 165744 | 1/16/2007 | Rm: 459 User Override | $49.99 | $0.00 | $452.08 |
| 165779 | 1/17/2007 | MASTER CARD | $0.00 | $349.93 | $102.15 |
| 165965 | 1/17/2007 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 166193 | 1/18/2007 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 166378 | 1/19/2007 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 166579 | 1/20/2007 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

## Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

Room:  459
Arrival:  7/17/2006
Departure:  6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 166802 | 1/21/2007 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 166828 | 1/22/2007 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 167079 | 1/22/2007 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 167360 | 1/23/2007 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 167373 | 1/24/2007 | 08:29-12104726550/1 | $2.78 | $0.00 | $104.93 |
| 167374 | 1/24/2007 | TELECO TAX | $0.41 | $0.00 | $105.34 |
| 167630 | 1/24/2007 | Rm: 459 User Override | $49.99 | $0.00 | $155.33 |
| 167938 | 1/25/2007 | Rm: 459 User Override | $49.99 | $0.00 | $205.32 |
| 168149 | 1/26/2007 | Rm: 459 User Override | $49.99 | $0.00 | $255.31 |
| 168349 | 1/27/2007 | Rm: 459 User Override | $49.99 | $0.00 | $305.30 |
| 168565 | 1/28/2007 | Rm: 459 User Override | $49.99 | $0.00 | $355.29 |
| 168578 | 1/29/2007 | MASTER CARD | $0.00 | $153.16 | $202.13 |
| 168803 | 1/29/2007 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 169121 | 1/30/2007 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 169374 | 1/31/2007 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 169618 | 2/1/2007 | Rm: 459 User Override | $49.99 | $0.00 | $402.09 |
| 169647 | 2/2/2007 | MASTER CARD | $0.00 | $349.93 | $52.16 |
| 169820 | 2/2/2007 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 170003 | 2/3/2007 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 170193 | 2/4/2007 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 170425 | 2/5/2007 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 170671 | 2/6/2007 | Rm: 459 User Override | $49.99 | $0.00 | $302.11 |
| 171004 | 2/7/2007 | Rm: 459 User Override | $49.99 | $0.00 | $352.10 |
| 171056 | 2/8/2007 | MASTER CARD | $0.00 | $349.93 | $2.17 |
| 171280 | 2/8/2007 | Rm: 459 User Override | $49.99 | $0.00 | $52.16 |
| 171488 | 2/9/2007 | Rm: 459 User Override | $49.99 | $0.00 | $102.15 |
| 171745 | 2/10/2007 | Rm: 459 User Override | $49.99 | $0.00 | $152.14 |
| 171977 | 2/11/2007 | Rm: 459 User Override | $49.99 | $0.00 | $202.13 |
| 172248 | 2/12/2007 | Rm: 459 User Override | $49.99 | $0.00 | $252.12 |
| 172292 | 2/13/2007 | 11:02-12025652500/1 | $2.78 | $0.00 | $254.90 |
| 172293 | 2/13/2007 | TELECO TAX | $0.41 | $0.00 | $255.31 |
| 172517 | 2/13/2007 | Rm: 459 User Override | $49.99 | $0.00 | $305.30 |
| 172801 | 2/14/2007 | Rm: 459 User Override | $49.99 | $0.00 | $355.29 |

04/13/07   12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

## Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
**Company: State Farm**

Room: **459**
Arrival: **7/17/2006**
Departure: **6/1/2007**

| Trans # | Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| 172827 | 2/15/2007 | MASTER CARD | $0.00 | $453.12 | ($97.83) |
| 173012 | 2/15/2007 | Rm: 459 User Override | $49.99 | $0.00 | ($47.84) |
| 173265 | 2/16/2007 | Rm: 459 User Override | $49.99 | $0.00 | $2.15 |
| 173500 | 2/17/2007 | Rm: 459 User Override | $49.99 | $0.00 | $52.14 |
| 173799 | 2/18/2007 | Rm: 459 User Override | $49.99 | $0.00 | $102.13 |
| 174091 | 2/19/2007 | Rm: 459 User Override | $49.99 | $0.00 | $152.12 |
| 174359 | 2/20/2007 | Rm: 459 User Override | $49.99 | $0.00 | $202.11 |
| 174646 | 2/21/2007 | Rm: 459 User Override | $49.99 | $0.00 | $252.10 |
| 174909 | 2/22/2007 | Rm: 459 User Override | $49.99 | $0.00 | $302.09 |
| 175142 | 2/23/2007 | Rm: 459 User Override | $49.99 | $0.00 | $352.08 |
| 175370 | 2/24/2007 | Rm: 459 User Override | $49.99 | $0.00 | $402.07 |
| 175556 | 2/25/2007 | Rm: 459 User Override | $49.99 | $0.00 | $452.06 |
| 175576 | 2/26/2007 | MASTER CARD | $0.00 | $349.93 | $102.13 |
| 175809 | 2/26/2007 | Rm: 459 User Override | $49.99 | $0.00 | $152.12 |
| 176080 | 2/27/2007 | Rm: 459 User Override | $49.99 | $0.00 | $202.11 |
| 176154 | 2/28/2007 | 20:11-19713277488/3 | $4.33 | $0.00 | $206.44 |
| 176155 | 2/28/2007 | TELECO TAX | $0.63 | $0.00 | $207.07 |
| 176156 | 2/28/2007 | 20:15-15149975911/1 | $2.78 | $0.00 | $209.85 |
| 176157 | 2/28/2007 | TELECO TAX | $0.41 | $0.00 | $210.26 |
| 176388 | 2/28/2007 | Rm: 459 User Override | $49.99 | $0.00 | $260.25 |
| 176692 | 3/1/2007 | Rm: 459 User Override | $49.99 | $0.00 | $310.24 |
| 177006 | 3/2/2007 | Rm: 459 User Override | $49.99 | $0.00 | $360.23 |
| 177076 | 3/3/2007 | MASTER CARD | $0.00 | $358.06 | $2.17 |
| 177087 | 3/3/2007 | 20:29-15052425228/1 | $2.78 | $0.00 | $4.95 |
| 177088 | 3/3/2007 | TELECO TAX | $0.41 | $0.00 | $5.36 |
| 177293 | 3/3/2007 | Rm: 459 User Override | $49.99 | $0.00 | $55.35 |
| 177485 | 3/4/2007 | Rm: 459 User Override | $49.99 | $0.00 | $105.34 |
| 177743 | 3/5/2007 | Rm: 459 User Override | $49.99 | $0.00 | $155.33 |
| 177793 | 3/6/2007 | Fax & Copier Revenue | $6.80 | $0.00 | $162.13 |
| 177794 | 3/6/2007 | SALES TAX | $0.57 | $0.00 | $162.70 |
| 177996 | 3/6/2007 | Rm: 459 User Override | $49.99 | $0.00 | $212.69 |
| 178261 | 3/7/2007 | Rm: 459 User Override | $49.99 | $0.00 | $262.68 |
| 178546 | 3/8/2007 | Rm: 459 User Override | $49.99 | $0.00 | $312.67 |

04/13/07   12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9834

# Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
Buesgens, Michael
500 E Stassney
AUSTIN, TX 78744
Company: State Farm

Room: **459**
Arrival: **7/17/2006**
Departure: **6/1/2007**

| Trans # | Date | Description | Charges | Payments | Balance |
|---------|------|-------------|---------|----------|---------|
| 178576 | 3/9/2007 | MASTER CARD | $0.00 | $349.93 | ($37.26) |
| 178837 | 3/9/2007 | Rm: 459 User Override | $49.99 | $0.00 | $12.73 |
| 179094 | 3/10/2007 | Rm: 459 User Override | $49.99 | $0.00 | $62.72 |
| 179346 | 3/11/2007 | Rm: 459 User Override | $49.99 | $0.00 | $112.71 |
| 179619 | 3/12/2007 | Rm: 459 User Override | $49.99 | $0.00 | $162.70 |
| 179945 | 3/13/2007 | Rm: 459 User Override | $49.99 | $0.00 | $212.69 |
| 180276 | 3/14/2007 | Rm: 459 User Override | $49.99 | $0.00 | $262.68 |
| 180584 | 3/15/2007 | Rm: 459 User Override | $49.99 | $0.00 | $312.67 |
| 180863 | 3/16/2007 | Rm: 459 User Override | $49.99 | $0.00 | $362.66 |
| 181131 | 3/17/2007 | Rm: 459 User Override | $49.99 | $0.00 | $412.65 |
| 181349 | 3/18/2007 | Rm: 459 User Override | $49.99 | $0.00 | $462.64 |
| 181370 | 3/19/2007 | MASTER CARD | $0.00 | $349.93 | $112.71 |
| 181634 | 3/19/2007 | Rm: 459 User Override | $49.99 | $0.00 | $162.70 |
| 181914 | 3/20/2007 | Rm: 459 User Override | $49.99 | $0.00 | $212.69 |
| 182214 | 3/21/2007 | Rm: 459 User Override | $49.99 | $0.00 | $262.68 |
| 182477 | 3/22/2007 | Rm: 459 User Override | $49.99 | $0.00 | $312.67 |
| 182722 | 3/23/2007 | Rm: 459 User Override | $49.99 | $0.00 | $362.66 |
| 182953 | 3/24/2007 | Rm: 459 User Override | $49.99 | $0.00 | $412.65 |
| 183168 | 3/25/2007 | Rm: 459 User Override | $49.99 | $0.00 | $462.64 |
| 183205 | 3/26/2007 | MASTER CARD | $0.00 | $349.93 | $112.71 |
| 183435 | 3/26/2007 | Rm: 459 User Override | $49.99 | $0.00 | $162.70 |
| 183682 | 3/27/2007 | Rm: 459 User Override | $49.99 | $0.00 | $212.69 |
| 183916 | 3/28/2007 | Rm: 459 User Override | $49.99 | $0.00 | $262.68 |
| 184133 | 3/29/2007 | Rm: 459 User Override | $49.99 | $0.00 | $312.67 |
| 184352 | 3/30/2007 | Rm: 459 User Override | $49.99 | $0.00 | $362.66 |
| 184616 | 3/31/2007 | Rm: 459 User Override | $49.99 | $0.00 | $412.65 |
| 184837 | 4/1/2007 | Rm: 459 User Override | $49.99 | $0.00 | $462.64 |
| 184861 | 4/2/2007 | MASTER CARD | $0.00 | $349.93 | $112.71 |
| 185140 | 4/2/2007 | Rm: 459 User Override | $49.99 | $0.00 | $162.70 |
| 185404 | 4/3/2007 | Rm: 459 User Override | $49.99 | $0.00 | $212.69 |
| 185658 | 4/4/2007 | Rm: 459 User Override | $49.99 | $0.00 | $262.68 |
| 185942 | 4/5/2007 | Rm: 459 User Override | $49.99 | $0.00 | $312.67 |
| 186227 | 4/6/2007 | Rm: 459 User Override | $49.99 | $0.00 | $362.66 |

04/13/07  12:10 PM
ESD - Austin - North Central

NV 3.1 SP1 HF3
Austin, TX 78753
Property ID: 9824

## Folio Receipt
### As Of: 4/13/2007

**Folio # 11160**
**Buesgens, Michael**
**500 E Stassney**
**AUSTIN, TX 78744**
**Company: State Farm**

Room:  459
Arrival:  7/17/2006
Departure:  6/1/2007

| Trans # | Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|---|
| 186447 | 4/7/2007 | Rm: 459 User Override | $49.99 | $0.00 | $412.65 |
| 186589 | 4/8/2007 | Rm: 459 User Override | $49.99 | $0.00 | $462.64 |
| 186613 | 4/9/2007 | MASTER CARD | $0.00 | $349.93 | $112.71 |
| 186858 | 4/9/2007 | Rm: 459 User Override | $49.99 | $0.00 | $162.70 |
| 187124 | 4/10/2007 | Rm: 459 User Override | $49.99 | $0.00 | $212.69 |
| 187383 | 4/11/2007 | Rm: 459 User Override | $49.99 | $0.00 | $262.68 |
| 187643 | 4/12/2007 | Rm: 459 User Override | $49.99 | $0.00 | $312.67 |
| | | | | **Balance:** | **$312.67** |

**Method of Pay:**   Credit Card

**Signature:**

| Folio Summary | |
|---|---|
| Previous Balance: | ($352.10) |
| Room Charges: | $14,017.30 |
| Other Charges/Credits: | $146.12 |
| Phone Charges: | $33.68 |
| Tax: | $286.94 |
| Less Payments: | $14,171.37 |
| Total Amount Due: | ($39.43) |

- Cardholder acknowledges receipt of goods and/or
services in the amount of the total shown above and agrees to perform
the obligations and terms in the cardholder agreement with the seller.

- The above rate is based on your length of stay as stated on this
folio.  Any variance to your actual departure date can result in a daily
rate adjustment that will be reflected in total room charges on your
final bill.

ADVERSE ACTION LETTER

**MICHAEL BUESGENS**

## ADVERSE ACTION LETTER

Dear <u>MICHAEL BUESGENS, xxx-xx-7122</u>     ✓ *SOUTHWEST HOUSING LIHTC PROPERTY*

Thank you for your recent application to: <u>Rosemont at Hidden Creek</u>

At this time we are unable to approve your application.

This adverse action has been taken in accordance with the requirements of the federal Fair Credit Reporting Act, 15 U.S.C. 1681m(a).

This decision was based on:

[   ] Information contained in consumer report(s) obtained from or through First Advantage SafeRent, Inc., which may include credit or consumer information from one or more credit bureaus or consumer reporting agencies.

First Advantage SafeRent, Inc. can be reached at: Consumer Relations 7300 Westmore Road, Suite 3, Rockville, Maryland 20850-5223. By phone: (888) 333-2413.

[   ] Information obtained from a source other than a consumer reporting agency. (You have the right to disclosure of the nature of this information, upon your furnishing proper identification, if you make a written request to us within 60 days of receiving this letter.)

[✓] Other: *poor rental history Falcon Ridge is owed $3893.71*

In evaluating your application, information obtained from or through First Advantage SafeRent, Inc., which may include credit information or consumer information from one or more of the credit bureaus or consumer reporting agencies, may have influenced our decision in whole or in part. These consumer-reporting agencies and/or credit bureaus did not make the decision to take adverse action and are unable to provide specific reasons why adverse action was taken.

YOU HAVE CERTAIN RIGHTS UNDER FEDERAL AND STATE LAW WITH RESPECT TO YOUR CONSUMER REPORT. IF ANY PERSON TAKES ADVERSE ACTION BASED IN WHOLE OR IN PART ON ANY INFORMATION CONTAINED IN A CONSUMER REPORT OR CREDIT REPORT, YOU HAVE THE RIGHT TO A DISCLOSURE OF THE INFORMATION IN YOUR CONSUMER FILE FROM THE AGENCY THAT PROVIDED SUCH INFORMATION, IF YOU MAKE A WRITTEN REQUEST TO THEM AND UPON YOUR PROPER IDENTIFICATION WITHIN 60 DAYS OF RECEIVING THIS DENIAL. THE FEDERAL FAIR CREDIT REPORTING ACT ALSO PROVIDES THAT YOU ARE ENTITLED TO OBTAIN FROM ANY NATIONWIDE CREDIT REPORTING AGENCY OR CREDIT BUREAU A FREE COPY OF YOUR REPORT IN ANY TWELVE MONTH PERIOD. YOU HAVE THE RIGHT TO DIRECTLY DISPUTE WITH THE CONSUMER REPORTING AGENCY AND/OR CREDIT BUREAU THE ACCURACY AND COMPLETENESS OF ANY INFORMATION FURNISHED BY THAT AGENCY OR BUREAU AND TO PROVIDE A CONSUMER STATEMENT DESCRIBING YOUR POSITION IF YOU DISPUTE THE INFORMATION IN YOUR CONSUMER FILE. IF YOU BELIEVE THE INFORMATION IN YOUR CONSUMER FILE IS INACCURATE OR INCOMPLETE, YOU MAY CALL FIRST ADVANTAGE SAFERENT, INC. CONSUMER RELATIONS DEPARTMENT AT (888) 333-2413. FIRST ADVANTAGE SAFERENT, INC. WILL INITIATE THE REINVESTIGATION OF ANY DISPUTED INFORMATION OBTAINED THROUGH THEM AND WILL REINVESTIGATE ANY DISPUTED INFORMATION OBTAINED FROM THEIR DATABASE.

Authorized Signature: *Shannon Sun*

Date: 11/14/00

OneSite - Final account statement : Michael Buesgens

Page 1 of 1

Falcon Ridge ✓
500 E Stassney Ln
Austin, TX 78745-3243

*ARNOLD CARL TAUCH*
*ROBERT A. FAITH*
*GARY KID OLD HAM*

Buesgens, Michael ✓
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US

*UNLAWFUL*
*RELETTING CHAREGES*
*EVICTION 07/06/06*
*LEASE 12/26/05 - 10/22/06*

**Final account statement**

| Ledger Account at move-out | |
|---|---|
| Rent | 3,893.71 |
| Balance at move-out | $3,893.71 |

| Deposit Activities | |
|---|---|
| Total Deposits on hand | $0.00 |

| Additional charges | |
|---|---|
| Total additional charges / credits / payments | $0.00 |

| Final Account balance | |
|---|---|
| Balance at move-out | 3,893.71 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 0.00 |
| Total account balance due | $3,893.71 |

| Fax Prepared | | ✓ |
|---|---|---|
| Date | 07/12/2006 | |
| User | Shepherd, Samantha | |

| Payer | |
|---|---|
| Buesgens, Michael | |

| Lease Information : Unit 01023 | | ✓ |
|---|---|---|
| Move-in | 08/28/2003 | |
| Notice given | 07/07/2006 | |
| Lease expires | 10/22/2006 | |
| Move-out | 07/06/2006 | |
| Move-out reason   Evicted | | |

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

Manager

*SAMANTHA SHEPPARD* ✓ *WHERE*
*GREYSTAR EMPLOYEE*      *IS SHE*
                        *NOW*

AO44
(Rev 12/89)

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

INVOICE NO:   00000304

Mr. Mike Buesgens
--------
3112 Windsor Road, #A322
Austin, TX 78703

Phone:   (512) 339-6005

*extension 7958*

**━ MAKE CHECKS PAYABLE TO: ━**

Karl H. Myers, CSR, CRR
Official Court Reporter
655 E. Durango Blvd., Suite 315
San Antonio, TX 78206

Phone:   (210) 212-8114

Tax ID:   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
*karlcsr@sbcglobal.net*

| | CRIMINAL | ☒ CIVIL | DATE ORDERED: 03-29-2007 | DATE DELIVERED: 03-29-2007 |
|---|---|---|---|---|

**Case Style:** SA:06-CV-738, Thomas Retzlaff v Robert Faith, et al
Jan. 24, 2007 pretrial hearing.   Thank you.      ✓ S:06CV00738XR
*INTERVENTION ON REMOVAL-REMAND*
*JUDGE XAVIER RODRIGUEZ*

| CATEGORY | ORIGINAL | | | 1ST COPY | | | 2ND COPY | | | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|---|---|
| | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | |
| Ordinary | | | | | | | | | | |
| Expedited | 15 | 4.40 | 66.00 | | | | | | | 66.00 |
| Daily | | | | | | | | | | |
| Hourly | | | | | | | | | | |
| Realtime | | | | | | | | | | |
| Misc. Desc. | | | | | | | | MISC. CHARGES: | | |
| | | | | | | | | TOTAL: | | 66.00 |
| | | | | | | LESS DISCOUNT FOR LATE DELIVERY: | | | | |
| | | | | | | TAX (If Applicable): | | | | |
| | | | | | | LESS AMOUNT OF DEPOSIT: | | | | |
| | | | | | | TOTAL REFUND: | | | | |
| | Date Paid: 03-29-2007 | | Amt: $66.00 | | | | TOTAL DUE: | | | $0.00 |

### ADDITIONAL INFORMATION
Full price may be charged only if the transcript is delivered within the required time frame.  For example, if an order for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the ordinary delivery rate.

### CERTIFICATION
I certify that the transcript fees charged and page format used comply with the requirements of this court and the Judicial Conference of the United States.

SIGNATURE   *Karl H Myers*                                DATE   03-29-2007

*(All previous editions of this form are cancelled and should be destroyed)*

1    UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF TEXAS
2         SAN ANTONIO DIVISION

3    THOMAS RETZLAFF,                )
          Plaintiff,                 )
4                                    )  No. SA:06-CV-738
            vs.                      )
5                                    )  San Antonio, Texas
      ROBERT FAITH, ET AL,           )  January 24, 2007
6         Defendants.                )
      -----------------------------

7

8       TRANSCRIPT OF MOTION TO REMAND AND SCHEDULING CONFERENCE
             BEFORE THE HONORABLE XAVIER RODRIGUEZ
9              UNITED STATES DISTRICT JUDGE

      A P P E A R A N C E S:
10
      THE PLAINTIFF, APPEARING PRO SE.
11
      FOR THE DEFENDANT, GREP South, LP:
12
      Law Offices of R. David Fritsche
13    Mr. R. David Fritsche
      921 Proton Road
14    San Antonio, Texas 78258
      (210) 227-2726

15

16    FOR THE DEFENDANTS, BRENT WILSON AND CHOICEPOINT SERVICES,
      INC.:
17
      Locke, Liddell & Sapp, LLP
18    Mr. Jason Marlin
      2200 Ross Avenue, Suite 2200
19    Dallas, Texas 75201-6776
      (214) 740-8540

20
      COURT REPORTER:
21
      Karl H. Myers, CSR, RMR, CRR
22    Official Court Reporter
      655 E. Durango Blvd., Rm. 315
23    San Antonio, TX  78206
      Telephone:  (210) 212-8114
24    Email:  karlcsr@sbcglobal.net

25    Proceedings reported by stenotype, transcript produced by
      computer-aided transcription.

```
 1                  *-*-*-*-*-*-*-*-*

 2             (January 24, 2007.)

 3             THE COURT:  Thank you.  Please be seated.

 4   06-Civil-738, Thomas Retzlaff versus Robert Faith, Greystar,

 5   et al.  Appearances, please.

 6             MR. FRITSCHE:  Good morning, Your Honor.  David

 7   Fritsche on behalf of defendant, GREP South, LP, a Delaware

 8   limited partnership, a reporting interest.

 9             MR. MARLIN:  Your Honor, Jason Marlin here for

10   defendant, Brent Wilson, as well as defendant Choicepoint

11   Services, Inc.

12             MR. RETZLAFF:  Good morning, Your Honor.  I am Tom

13   Retzlaff, the plaintiff.

14             THE COURT:  Thank you.  We are here on a hearing on

15   the motion to remand, and I received a filing this morning as

16   I walked in from the attempted intervenor, Michael -- I am not

17   sure how to pronounce his last name Buesgens, who says he

18   can't be here today.

19             Let's talk about this motion to remand here.  I have

20   reviewed all of your latest submissions, and I frankly, I

21   guess, want to understand -- I have so much paper up here, I

22   don't have room to write.

23             The apartments at issue that Mr. Retzlaff initially

24   signed the lease on, the San Miguel Apartments here in San

25   Antonio, I am trying to understand which Greystar entities
```

1    either manage or own the facility, because as I go to the web

2    site at San Miguel, it will refer you to Greystar.

3           That web link will take you to Greystar Management,

4    and thereafter you can't determine the legal entities.

5           So could somebody explain to me what the

6    relationships are?

7           MR. FRITSCHE:  I can, Your Honor.  And I can't

8    represent that Greystar owns the property.  Greystar is a fee

9    management company.

10          THE COURT:  Okay.

11          MR. FRITSCHE:  I have a copy of the application for

12   registration of a foreign limited partnership, which is the

13   document filed with the Office of the Secretary of State by

14   the management company that is doing business as Greystar, and

15   that management company is GREP South, LP, a Delaware limited

16   partnership.

17          That application for registration is executed by

18   GREP General Partner, LLC, by Greystar Real Estate Partners,

19   LLC, who is the sole managing member of GREP General Partner,

20   LLC, the GP of the LP.

21          GREP South, LP is the management company that does

22   business in Texas as a fee management company for owners of

23   apartment communities.

24          THE COURT:  Then why is it when I get into the web

25   sites it doesn't talk to me about Greysouth -- GREP South?  It

1    talks to me about GREP Central.

2           MR. FRITSCHE:  I can't explain that, Judge.  I don't

3    know.  I am not prepared at this time to address that.  I just

4    know that the management company -- and there is --

5    Choicepoint requested an affidavit from an RVP of GREP South,

6    LP to be provided today explaining basically what I just

7    explained on the application for registration.

8           THE COURT:  And let me make sure I get this

9    straight.  The management company is GREP South, LP, a

10   Delaware limited partnership.  It is, in turn, owned by GREP

11   General Partner, which, in turn, is owned by Greystar Real

12   Estate Partners, LLC?

13          MR. FRITSCHE:  Your Honor, it is a little -- a

14   little bit more complicated than that.  The limited

15   partnership, GREP South, LP, has as its general partner GREP

16   General Partner, LLC.

17          THE COURT:  Okay.  Thank you.

18          MR. FRITSCHE:  Whose sole managing member is

19   Greystar Real Estate Partners, LLC.  And if the Court would

20   like to see the registration, I can provide that to the

21   Court.

22          THE COURT:  No.  That's all right.  Well, then, the

23   issue that we have before us here is whether or not there was

24   timely consent secured of all the defendants.

25          And what I am hearing you tell me now is that there

1    is an entity called Greystar Real Estate Partners, LLC.  The

2    plaintiff sued that entity, so why wasn't the consent of that

3    entity needed?

4             MR. FRITSCHE:  Your Honor, I may allow Mr. Marlin to

5    address that.  And I would direct the Court also to our

6    original answer filed in the state district court action.  Our

7    original answer raised -- I am going to step away.

8             The original answer filed by GREP South, LP included

9    a special denial putting at issue the defect of the party

10   defendant.  That was filed on August 25 of 2006.

11            We joined issue in that matter because the proper

12   party in interest is GREP South, the management company for

13   San Miguel.

14            THE COURT:  Yes.  I understood that.  I guess what I

15   am curious about is, for purposes of consent on removal, even

16   if a plaintiff improperly names a defendant, if they choose

17   either knowingly or unknowingly to sue a defendant that is

18   existing, isn't it necessary to secure that party's removal?

19            MR. MARLIN:  Yes.  The Court is certainly correct

20   that we would need to get consent from all parties served in

21   the action.

22            Now, as I understand the case law, if the party is

23   an incorrect party or an insignificant party or, more properly

24   in this case, the incorrect party, if a party answers on

25   behalf of or in the place thereof of the served defendant,

```
 1    consent upon the party acting in place of, or the proper party

 2    is the only party of consent that it would be needed from, and

 3    I have a couple of cases --

 4              THE COURT:  Thanks.

 5              MR. MARLIN:  -- to cite for --

 6              THE COURT:  Do you have copies for me?

 7              MR. MARLIN:  Yes, sir.

 8              THE COURT:  Yes.  I will take them now.

 9              MR. MARLIN:  I misplaced them.  I am kind of like

10    you.  I have too much paper around.

11              THE COURT:  And let's backtrack.  Mr. Retzlaff, was

12    Greystar Real Estate Partners, LLC served?

13              MR. RETZLAFF:  Yes, Your Honor.

14              THE COURT:  Okay.  And that is when GREP South came

15    in and filed their special denial in state court?

16              MR. RETZLAFF:  Yes, Your Honor.

17              THE COURT:  Okay.  Let me glance at these two cases

18    here.

19              Have you provided Mr. Retzlaff copies of these

20    cases?

21              MR. MARLIN:  I'm sorry, Your Honor.  That is the

22    only copy that I printed off.

23              THE COURT:  Okay.  Well, I will give them back to

24    you here in just a second.  And just for the record, you have

25    given me copies of Jernigan, J-e-r-n-i-g-a-n, versus Ashlind,
```

1    one word, A-s-h-l-i-n-d, Oil, Inc, 989 F. 2nd, 812.  It is a

2    Fifth Circuit case in '93.

3            And Gillis, G-i-l-l-i-s, versus Louisiana, 294 F.

4    3rd 755, also a Fifth Circuit case in 2002.

5            Is there any specific language you want to bring to

6    my attention on these two cases?

7            MR. MARLIN:  Yes.  I believe in one of them, I

8    forget which one it is offhand, even italicized, the language

9    saying that the -- I am working off memory here, but the -- if

10   the defendant answers in place of or with the consent of the

11   served party, then you would only need the consent from the

12   answering defendant.

13           I can -- I apologize for only having one copy.  If

14   you hand it back, I could probably find it pretty quickly and

15   point it out to you.

16           THE COURT:  Okay.  One second.

17           I am not seeing it at first blush.  Let me get these

18   back to you.

19           While we are looking for the language in those

20   cases, let's turn real quickly to, in the event this case does

21   stay here -- and I don't know if it is or is not going to at

22   this point -- let's turn to Mr. Buesgens' desire to intervene.

23           From what I can gather from his pro se pleadings,

24   Mr. Buesgens has got another gripe not dealing with the Fair

25   Credit Reporting Act against another apartment complex in

1    Austin that is managed by the same GREP South, LP or Greystar

2    entities.

3              I don't see any relationship between his claim and

4    this one, at first blush.  Does anybody else have any

5    thoughts?

6              MR. RETZLAFF:  Well, Your Honor, this morning, I

7    filed an opposition to the motion to intervene.  I don't know

8    if that has been given to you or not.

9              THE COURT:  It has not.

10             MR. RETZLAFF:  I will give you a copy of that right

11   now.

12             THE COURT:  Thanks.  So the plaintiff is opposed to

13   the intervention.  What about the defendants?

14             MR. FRITSCHE:  Your Honor, defendant GREP South, LP

15   is opposed to the intervention.

16             THE COURT:  Yes.  And I am assuming Choicepoint also

17   opposes?

18             MR. MARLIN:  Yes, Your Honor, we do.

19             THE COURT:  Yes.  I don't see any relationship

20   between that gentleman's claims and the issues involved in

21   this case.

22             The only similarity between the two issues is GREP

23   South manages that facility also in Austin, but that is not

24   sufficient for him to intervene in this case as a matter of

25   right or of leave.  So that request for intervention is going

1   to be denied.

2          Let's go back now to this motion to remand.

3          COURTROOM DEPUTY:  Thank you.

4          THE COURT:  Okay.  The language that has been

5   highlighted for me is out of the Gillis case.  My first

6   reading of it, and I will give it another careful reading,

7   though, is that Gillis really is not a situation that we have

8   here.

9          It is whether or not the board subsequently, in that

10  case, subsequently agreed to the removal.  It is not dealing

11  with a separate entity.  But, again, I will give it another

12  careful read.

13         Mr. Retzlaff, do you have any cases?

14         MR. RETZLAFF:  Yes, Your Honor.  I have got the case

15  of Doe versus Kerwood, K-e-r-w-o-o-d.  That is 969 F. 2nd,

16  165, Fifth Circuit case from 1992.  The pertinent part is on

17  page 167.

18         And if one of the defendants refuses to consent, the

19  removal is procedurally defective and the case should be

20  remanded upon timely challenge by the plaintiff.

21         And in this case, the plaintiff properly served a

22  defendant, somebody else filed an answer and somebody else

23  consented.  It would seem to me that if you are going to

24  consent to remand, then you would need the consent of the

25  actual defendant, as opposed to somebody else coming in.

1    Intuitively, it just doesn't make sense.  If you get

2    sued, I can't file an answer on your behalf and consent to

3    removal of the case without getting permission first.

4    You know, I am just some guy coming in and filing an

5    answer.

6    THE COURT:  I will look at this.  I will give this

7    further thought.  I will review all three of these cases you

8    all provided me.

9    I guess I am thinking back to my own practice when I

10   was out there.  If one of my clients was improperly named, I

11   always answered giving the proper name, but those were always

12   nonexistent entities that the plaintiff sued, and I just was

13   correctly naming the proper entity.

14   I don't recall an instance where I appeared or made

15   an answer on behalf of a completely separate corporation, even

16   though it was -- or entity, even though it was related to the

17   one at issue.

18   I will have to give this some thought.

19   MR. RETZLAFF:  One other point too, Your Honor, is

20   the defendants purposefully set up this sort of shell scheme,

21   and they shouldn't be allowed to hide behind this veil of

22   corporate shenanigans.

23   I mean, if you yourself couldn't actually figure

24   out, you know, who was involved, you know, with your best

25   efforts, why should the defendants then get the benefit of

1    their gamesmanship?

2             THE COURT:  Well, the only problem I have with that,

3    Mr. Retzlaff, is, they are actually appearing here under the

4    correct entity, so it seems that, you know, there is not

5    gamesmanship going on in that regard.

6             And if you get back -- and I guess one thing you

7    need to give some consideration to is, if you want to go back

8    to state court and I grant the remand, it appears that you are

9    suing an entity that is far above the food chain that you may

10   not have recourse to.  And it is certainly up to you if you

11   want to go that route --

12            MR. RETZLAFF:  Sure.

13            THE COURT:  -- but I would give that some thought,

14   if I was you.  It is kind of hard sometimes to pierce all of

15   these entities and if --

16            MR. RETZLAFF:  That's why I sued the president of

17   the company himself, as well as their regional director.

18            THE COURT:  Yes.  They haven't been served yet.

19            MR. RETZLAFF:  Right.

20            THE COURT:  All I am telling you is, you at least

21   have one person in the fishbowl that is appearing here before

22   you.  You don't have anybody at the state courthouse.  But

23   that decision is up to you.

24            MR. RETZLAFF:  Well, they would be taking a chance,

25   then, Greystar, of not -- they have already been served with a

1    lawsuit, then.  So if Greystar in North Carolina or wherever

2    chooses not to participate, then they take a chance of getting

3    a default judgment against them, so --

4            THE COURT:  And I am not going to make any rulings

5    for any state court on that.  But let me pause and get back to

6    you all and let you know what I decide on this.

7            Does anybody have any other arguments they want to

8    make, any other cases you want to present?

9            MR. MARLIN:  No.

10           THE COURT:  Okay.  Frankly, you know, what is

11   confusing about this case and still is, I noticed at first,

12   the pleadings to this Court made the representations that

13   there was no entity Greystar Real Estate Partners, LLC, and

14   then subsequently that there is an entity.

15           And a West Law search through Delaware records

16   indicates that there is a South Carolina corporation going

17   by -- or -- yes, South Carolina corporation going by that

18   name.

19           And then, to further complicate matters,

20   Mr. Fritsche, when you filed your answer in state court, you

21   answered on behalf of defendant, Greystar Management Services,

22   LP, a completely different entity than what we have heard from

23   today.

24           MR. FRITSCHE:  Judge, I think that was, where it

25   says "attorneys for" --

1          THE COURT:  Uh-huh.

2          MR. FRITSCHE:  -- I think that was a misprint on the

3    part of my office with regard to other pleadings that we have.

4          If I may address that one issue with regard to

5    Greystar Real Estate Services, the entity that you said does

6    not exist.  I don't think it is in our pleadings, it may have

7    been in Choicepoint's, but I think the issue there is, if you

8    do a Secretary of State search, that entity is not authorized

9    to do business in the state of Texas.

10          In other words, it is neither qualified nor is it --

11    does it have a certificate of authority to operate in the

12    state of Texas, and I think that's --

13          THE COURT:  Does that preclude a plaintiff from

14    suing that entity?

15          MR. FRITSCHE:  No, sir.

16          THE COURT:  Yes.  That's my concern there.  He sued

17    an entity, the entity exists, and let me give it some thought

18    as to whether inadvertently you all needed to get the consent

19    from that entity.  But it was a tricky issue, and I am not

20    blaming you all.

21          I could very well have fallen into this trap too

22    when I was in practice.  But at this point, let me figure out

23    what I am going to do with you all.

24          I will get back to you as quick as I can.

25          MR. FRITSCHE:  Thank you, Your Honor.

1          MR. RETZLAFF:  Thank you, Your Honor.

2          THE COURT:  I will take a ten-minute break before I

3    get to you, Mr. Lee, and the others.

4          MR. LEE:  Okay.  We are outside and ready.

5          THE COURT:  I will take a ten-minute break and come

6    in.

7          THE BAILIFF:  All rise.

8          *-*-*-*-*-*-*-*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    * - * - * - * - * - * - * - *

2    UNITED STATES DISTRICT COURT )

3    WESTERN DISTRICT OF TEXAS      )

4           I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6    I further certify that the transcript fees and format comply

7    with those prescribed by the Court and the Judicial Conference

8    of the United States.                    3 29-07

9                                    Karl H Myers

10   _____
     KARL H. MYERS, CSR, RMR, CRR

11   Official Court Reporter
     655 East Durango Blvd., Suite 315

12   San Antonio, Texas 78206
     (210) 212-8114

13

14

15

16

17

18

19

20

21

22

23

24

25

Westlaw.

**LAWSUIT RECORDS**

| | |
|---|---|
| Current Date: | 10/14/2006 |
| Court Current Through: | 08-22-2006 |
| Source: | CLERK OF THE COURT, TRAVIS COUNTY CIVIL DISTRICT COURT, TX |
| Database Last Updated: | 10-11-2006 |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | D1GN06000262 |
| Filing Date: | 01/23/2006 |

*[handwritten: HUD #06-06-293-8  1:06CV226LY-RP REMOVAL 03/29/06]*

| | |
|---|---|
| Filing Office: | TRAVIS COUNTY CIVIL DISTRICT COURT |
| | 1000 GUADALUPE |
| | AUSTIN, TX 78701 |
| Venue: | TRAVIS, TX |

**PARTY INFORMATION**

| | |
|---|---|
| Plaintiff: | MICHAEL L BUESGENS |
| Defendant: | FALCON RIDGE APARTMENTS |

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Chavela V. Prince
Official Court Reporter
53rd District Court, Travis County
1000 Guadalupe, Room 327
Austin, Texas  78701

Mailing Address:
P.O. Box 1748
Austin, Texas  78767

Phone: (512) 854-9322
Fax:    (512) 854-9332

---

### BILL OF COSTS

Invoice Date:  August 25, 2006

Job Number: 1539-1

Bill to: Michael L. Buesgens
       3112 Windsor Road, #A322
       Austin, Texas  78703
       (512) 339-6005, Ext. 7391

Cause No. D-1-GN-06-000262;
Michael L. Buesgens v. Falcon
Ridge Apartments, et al;
200th District Court;
Travis County, Texas

| DATE TAKEN | DESCRIPTION | AMOUNT |
|---|---|---|
| | Preparation of Court Transcript (Original & copy): | |
| 02-21-06 | Pretrial Conference | 306.50 |
| | **TOTAL** | $306.50 |

Please make check payable to:
Chavela V. Prince
Tax I.D. #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

*JUDGE SCOTT JENKINS*
*D-1-GN-06-000262*
*HEARING TRANSCRIPT*
*2/21/2006*
*1:06CV00226 LY-RP*

```
1                    REPORTER'S RECORD
                    VOLUME 1 OF 1 VOLUME
2            TRIAL COURT CAUSE NO. D-1-GN-06-000262

3

    MICHAEL L. BUESGENS          )  IN THE DISTRICT COURT
4                                )
                                 )
5    VS.                         )
                                 )
6                                )
    FALCON RIDGE APARTMENTS,     )
7    FALCON APARTMENTS OF        )  TRAVIS COUNTY, TEXAS
    AUSTIN, LTD., FALCON         )
8    APARTMENTS OF AUSTIN I,     )
    INC., GREYSTAR PROPERTY      )
9    MANAGEMENT, DEBI            )
    WEHMEIER, MANDY ROGERS,      )
10   AND AMANDA WILSON           )
                                 )
11       Defendants             )  200TH JUDICIAL DISTRICT

12

13    ----------------------------------------------------

14

15                   PRETRIAL CONFERENCE

16

17    ----------------------------------------------------

18                     ORIGINAL

19       On the 21st day of February, 2006, the following

20  proceedings came on to be heard in the above-entitled

21  and numbered cause before the Honorable Scott H.

22  Jenkins, Judge presiding, held in Austin, Travis County,

23  Texas;

24       Proceedings reported by machine shorthand.

25
```

1              **A P P E A R A N C E S**

2

  PRO SE PLAINTIFF:

3

      MICHAEL L. BUESGENS

4      3112 Windsor Road, #A322
      Austin, Texas  78703

5      (512) 339-6005 Ext. 7391

6

7  FOR THE DEFENDANTS:

8      CHARLES E. BROWN
      SBOT NO. 03101650

9      LAW OFFICES OF CHARLES E. BROWN, P.C.
      3624 North Hills Drive, Suite B-100

10     Austin, Texas  78731
      (512) 346-6000

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        **I N D E X**

2
                                                **Page**      **Vol.**
3
        Announcements..........................      4          1
4
        Argument by Mr. Buesgens................      5          1
5       Argument by Mr. Brown...................     29          1

6       Court Orders Mediation..................     50          1

7       Adjournment.............................     61          1

8       Court Reporter's Certificate............     62          1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    **PROCEEDINGS**

2              THE COURT:  We're on the record in Cause

3  No. D -- well, let me give me you the short -- you don't

4  need the whole thing, do you?  GN-06-000262, Michael

5  Buesgens, B-u-e-s-g-e-n-s, vs. -- on this style, on the

6  plaintiff's first amendment to original complaint, it's

7  styled Michael L. Buesgens vs. Falcon Ridge Apartments,

8  et al.  Would you each make your announcement for the

9  record, beginning with plaintiff?

10             MR. BUESGENS:  I'm Mike Buesgens, pro se,

11  for plaintiff.

12             THE COURT:  Okay.

13             MR. BROWN:  Charles Brown.  I represent

14  Falcon Ridge Apartments.

15             THE COURT:  And this came to me off the

16  central docket this morning, actually from the

17  unassigned docket.  Judge Covington sent you up.  And

18  it's set -- we just had a discussion off the record.

19  Although the docket sheet said it was set by the

20  defendant, you both agree this setting was obtained by

21  the plaintiff, and it was set for a pretrial conference.

22  Is that correct, Mr. Buesgens?

23             MR. BUESGENS:  That's correct, Your Honor.

24             THE COURT:  All right.  And let me let you

25  explain first what it is you believe needs to be

1  considered at this pretrial conference by the Court, and

2  then I'll hear from Mr. Brown, and we'll take it from

3  there.

4         MR. BUESGENS:  I'm requesting the correct

5  assumed name for Falcon Ridge Apartments and their

6  address, their limited liability company and their

7  general partnership company.  I'm also requesting the

8  true name of those individuals that own Falcon Ridge

9  Apartments.  I'm also requesting the name -- the true

10 and correct name -- or the assumed name of the general

11 partnership for Greystar Property Management and their

12 limited liability company.

13        THE COURT:  I'm sorry.  The true name for

14 Greystar?

15        MR. BUESGENS:  No.  The assumed name and

16 the true name also for Greystar Property Management and

17 their partnership and the names and addresses of the

18 individuals that I've named as defendants in this.  I

19 haven't been able to serve Falcon Ridge Apartments any

20 papers because of the confusion over what the name is of

21 the defendant.

22        THE COURT:  Well, you had a lease with

23 them; is that right?  I gather from reading the

24 pleadings that you had a lease with them, and you've

25 already had some litigation in justice of the peace

```
 1   court about that lease.  Is that right?

 2               MR. BUESGENS:  Yes, we did.  And discovery

 3   was abused in there and --

 4               THE COURT:  Well, let's don't digress into

 5   that.  If you could answer this --

 6               MR. BUESGENS:  All right.  I didn't get

 7   the names of these people that I need, and I've been

 8   trying to get it since December 15th.

 9               THE COURT:  Okay.  Of '05?

10               MR. BUESGENS:  That's correct.

11               THE COURT:  Okay.  When was the case in JP

12   court filed?

13               MR. BUESGENS:  We had a trial

14   January 26th.

15               THE COURT:  Of this year?

16               MR. BUESGENS:  Yes.

17               THE COURT:  Okay.  Do you remember when it

18   was filed, when it started, when that case started?

19               MR. BUESGENS:  I think the suit was filed

20   December 30th of 2005.

21               THE COURT:  Okay.  So all this has been

22   pretty recent, then.

23               MR. BUESGENS:  Yes.  And we're also in

24   county court now on appeal of that justice court.

25               THE COURT:  Of that very case that was
```

1    tried in January?

2                    MR. BUESGENS:  That's correct.

3                    THE COURT:  Okay.

4                    MR. BUESGENS:  And the issues are similar.

5                    THE COURT:  Okay.  And I gathered that

6    from the defendant, too.  And I gather you're not living

7    there now.  Or you are?

8                    MR. BUESGENS:  Yes, I live there.

9                    THE COURT:  You still live there?

10                   MR. BUESGENS:  Yes, I do.

11                   THE COURT:  Okay.  Because you posted a

12   bond which allows you to continue to live there?  Is

13   that the way -- I don't know that much about eviction

14   suits, to be honest, because they're in JP court, and I

15   just didn't really handle them in my career.

16                   MR. BUESGENS:  Yes, Your Honor.  I posted

17   bond, and that's why I'm still there, and now we're

18   going to appeals court in county court.

19                   THE COURT:  Okay.  I get that.  And you're

20   saying there was some confusion about the correct -- you

21   want to make sure you've got the correct parties in the

22   case; is that right?

23                   MR. BUESGENS:  The correct names and

24   addresses.  And I also want the true names.  And I've

25   looked at some of these filings that I just got here,

1  and the defendants' attorney believes that these

2  individuals are not liable.

3          THE COURT:  In their individual capacity?

4          MR. BUESGENS:  In their individual

5  capacity.  And I disagree with that.

6          THE COURT:  Well, and that's not something

7  that I'll be deciding today.  That's something --

8          MR. BUESGENS:  But I can't even get the

9  names and addresses to serve anyone.  The Texas Rules of

10  Civil Procedure allow me to request the true name of the

11  individuals that own this limited liability.  And I

12  tried to do that in JP Court, and I'm trying here, and I

13  can't get it.

14          THE COURT:  Okay.  So your concern is,

15  okay, if these individuals aren't liable in their

16  individual capacity, tell me the entity that I'm

17  supposed to have in this case that is responsible for

18  the lease and for whom they worked when they did all of

19  the actions about which you complain; you want to know

20  who's responsible for those actions.  Is that

21  essentially what you're after?

22          MR. BUESGENS:  No, Your Honor.

23          THE COURT:  Okay.

24          MR. BUESGENS:  I know who's responsible.

25          THE COURT:  Okay.

1          MR. BUESGENS:  But it's both the limited

2    liability company and the individuals in their own

3    capacity as working -- as their performance and their

4    duties.

5          THE COURT:  Okay.

6          MR. BUESGENS:  Because I'm in here on a

7    discrimination complaint.

8          THE COURT:  And I read that.  That's why I

9    pulled up your complaint, so I could read what it is the

10   case is about.  That's really my map, so to speak, to

11   see what's the case -- what is the case about.

12         MR. BUESGENS:  But I do request all the

13   names and addresses of these defendants --

14         THE COURT:  Okay.  All right.

15         MR. BUESGENS:  -- and the true names also

16   for the liability companies.  And I want to know the

17   general partnership and the limited.  Now, I see

18   defendant has mentioned in here that I'm supposed to go

19   to some public place and look this up.  Now, I am not a

20   real estate attorney, and I don't understand why I can't

21   request this from the opposing party to get the correct

22   person to serve here so I know who everybody is.

23   I mean, they've got my name, address, social security

24   number --

25         THE COURT:  Well, one way to do --

1          MR. BUESGENS:  -- credit history and

2   everything, and I'm not allowed to know anything about

3   them.

4          THE COURT:  One way to do that is if you

5   contend that the correct parties have not been sued,

6   state with precision who the correct parties are in the

7   case.  And I know Mr. Brown would respond to that and

8   would state who he contends, based on his reading of

9   your pleadings, to be the correct parties, because I

10  gather they're contending that the correct parties are

11  not these individuals because they weren't acting in an

12  individual capacity; they were acting on behalf of an

13  entity when they did what they did that you're

14  complaining about.  And that seems to be what he's

15  saying.  And you say I think, if I'm understanding you I

16  think legitimately, I simply want to know who you

17  contend are the correct parties, and that makes sense to

18  me.

19          MR. BUESGENS:  Also, I've got --

20          THE COURT:  But this may not be the

21  vehicle to do it, but maybe we can do it informally and

22  move you on down the road in your lawsuit.

23          MR. BUESGENS:  Excuse me, Your Honor.

24  I've also named Greystar Property Management as a

25  defendant, and I don't believe that's the correct name.

1  I think it's Greystar Management Services.

2              THE COURT:  So you want to make sure

3  you've got the right parties?

4              MR. BUESGENS:  Yes, because -- yes, Your

5  Honor, because I can't proceed here.  Otherwise, I can't

6  go anywhere with this thing.  I can't even serve the

7  citation.

8              THE COURT:  So if they read your

9  complaints about discrimination and all of that, you

10 want to know from them, even if -- if all or any of this

11 were true, who would be the correct party to sue.  Is

12 that right?

13             MR. BUESGENS:  I'm not asking them who the

14 correct -- you mean asking the defendant who the correct

15 party is?

16             THE COURT:  Yes.

17             MR. BUESGENS:  No, I'm not asking them who

18 the correct party is.

19             THE COURT:  Ah, okay.  Well, that may be a

20 harder problem.

21             MR. BUESGENS:  I don't care who they think

22 the correct party is.

23             THE COURT:  I see.

24             MR. BUESGENS:  I believe the correct party

25 is the limited liability company, general partnership,

1  and I want their true names, and I want their assumed

2  names and addresses, and I also want the name and

3  address of -- the resident address of these defendants

4  that I've listed as individuals.

5          THE COURT:  Well, the people you listed --

6  and I'm just reading your petition here.  Let's see.

7  Plaintiff -- well, other than the style of your first

8  amended original complaint, the style simply says Falcon

9  Ridge Apartments, et al and Greystar Property Management

10  and Debi Wehmeier, if I'm pronouncing that right,

11  W-e-h-m-e-i-e-r, regional vice president of Greystar

12  Property Management and Mandy Rogers, manager, Falcon

13  Ridge Apartments, and Amanda Wilson, leasing consultant,

14  Falcon Ridge Apartments.  Those are all the defendants

15  you've named in this amended complaint; is that right?

16          MR. BUESGENS:  That's correct.  But I

17  don't have their resident addresses.

18          THE COURT:  Apparently you've --

19          MR. BUESGENS:  Not their business address

20  or whatever.

21          THE COURT:  Ah.  Well, you've sued all

22  three of the individuals, right?  And they filed an

23  answer, the way I read it.

24          MR. BUESGENS:  Well, I got their answer

25  here this morning a few minutes ago.

13

1          THE COURT:  Okay.  So you're not concerned

2   about them anymore because they're already -- you got

3   them and they're in the case.

4          MR. BUESGENS:  No.  I'm requesting their

5   resident address.

6          THE COURT:  Why?

7          MR. BUESGENS:  I believe it's important to

8   properly pursue this case.

9          THE COURT:  Why?

10          MR. BUESGENS:  Because it's my

11  understanding that the rule allows that the resident

12  addresses are provided so I can properly serve these

13  defendants.

14          THE COURT:  You've already successfully

15  gotten them in the case.  They've already answered.  You

16  don't need to serve them again.  I don't know of any

17  other reason why you'd need their residence.

18          MR. BUESGENS:  Okay.  Well, I got it just

19  this morning.

20          THE COURT:  And that's great.  And I

21  understand that.  You didn't know you were going to get

22  it.  Now you've got the answer.  They're in the case.

23  The other two defendants are Falcon Ridge Apartments and

24  Greystar Property Management.

25          A quick question for Mr. Brown.  Have

1  answers been filed for either one of those defendants?

2       MR. BROWN:  We filed an answer for

3  Greystar Property Management this morning, along with

4  Mandy Rogers and Amanda Wilson.  Falcon Ridge Apartments

5  has not been served yet, so we have not filed an answer

6  on their behalf.

7       THE COURT:  And there's no answer yet for

8  Debi Wehmeier?

9       MR. BROWN:  I'm sorry.  Debi Wehmeier also

10  we filed -- the answer today was for Greystar Property

11  Management, Debi Wehmeier, Mandy Rogers and Amanda

12  Wilson.

13       THE COURT:  Okay.  Greystar Property

14  Management, is that the full name or is it an Inc.?

15       MR. BROWN:  That's an assumed named for --

16  I believe it's Greystar Property Management Services,

17  Inc.

18       THE COURT:  And you say that in your

19  answers -- in your answer?

20       MR. BROWN:  Our answer was just defendant

21  Greystar Property Management.  But I'll be happy to

22  provide him with an assumed named certificate if that's

23  the case or give him the name of the corporation.

24       THE COURT:  So what you're saying is he

25  sued you in your assumed name --

1              MR. BROWN:  Correct.

2              THE COURT:  -- which is Greystar Property

3   Management.

4              MR. BROWN:  Yes.

5              THE COURT:  And the only entity that

6   operates in that assumed name is Greystar Property

7   Management Services, Inc.  You're stating that on the

8   record now.  And you will give him the assumed name

9   certificate which would list the address for Greystar

10  Property Management Services, Inc. and indicate the

11  assumed name?

12             MR. BROWN:  I'll be happy to do that or I

13  will -- if they don't have an assumed name certificate,

14  I'll give him -- I'll amend my answer to be in the name

15  of the corporation.

16             THE COURT:  Okay.

17             MR. BROWN:  I'm not trying -- we're not

18  trying to --

19             THE COURT:  Play hide the ball.

20             MR. BROWN:  Right.

21             THE COURT:  I get it.

22             MR. BROWN:  It's all --

23             THE COURT:  That makes sense.  Now, Falcon

24  Ridge Apartments, is there an answer filed for Falcon

25  Ridge Apartments today?

1          MR. BROWN:  No, Your Honor.  They haven't

2     been served yet.

3          THE COURT:  Okay.  Do you have -- do

4     either one of you have the previous pleading filed by --

5     I gather there were two pleadings.  There was an

6     original complaint and a supplemental complaint.  I just

7     blew right past those.  When I saw that you had an

8     amended complaint, I went straight to that because that

9     wipes out everything before.  However, I gather the

10    service of process was the original petition.  And so do

11    either one of you have a copy of that?  I can call it up

12    if you don't.

13         MR. BUESGENS:  Your Honor, I want to speak

14    about that amendment.  I amended that in particulars.

15    And you said that wipes out the entire thing, even

16    though I amended particulars in it?

17         THE COURT:  The rules provide that when

18    you file an amended petition, what that means is that

19    wipes the plate clean of what you filed before and

20    everyone can just read this amended petition.  The way

21    lawyers do it -- and frankly, this is the way lawyers do

22    it, too -- rather than do supplemental petitions, which

23    are hard to follow, is that you just restate everything

24    you had before and add whatever you want to add or

25    subtract whatever you want to subtract.  But in any

1   event, that stands as your new pleading.

2        Now, you already served them with the

3   original pleading.  And apparently they've already

4   answered based on the original pleading because that's

5   what they were served with, so the answer they filed was

6   to your original pleading.  But now you've amended, and

7   those people who have appeared will now be aware of this

8   amendment and will have to deal with whatever new

9   complaints are in the amendment that weren't in your

10  original pleading.  Does that make sense?

11       MR. BUESGENS:  Yes, it does, but it's my

12  understanding that there's some dispute as to whether an

13  amendment completely changes something or whether it

14  doesn't.

15       THE COURT:  There's no dispute.  That's

16  the law.  If you file an amended complaint, that is your

17  live pleading.  By calling this amended -- plaintiff's

18  first amendment to original complaint, I would construe

19  that to be a first amended original complaint, and I

20  think any judge would.

21       So what I would do -- and again, I can't

22  be in a position of giving you advice, but this is what

23  most lawyers do.  They amend their pleadings and put

24  everything in the amendment they want.  Instead of

25  having various supplemental petitions floating around,

1  which gets confusing for everybody, including them, they

2  simply file amended pleadings.  And that's what every

3  lawyer I know does unless there's some little bitty

4  addition you want to make.  But even then, there's

5  seldom a reason to do it in a supplemental.

6          So what you did was file an amendment,

7  which is the way 99.999 percent of the time lawyers do

8  it, so you did right.  And that amends your previous

9  pleadings, and that becomes what we call the live

10 pleading.  This is what's before the Court.  This is the

11 complaint you have against these people.  And that's why

12 I've pulled it up, because I knew that that was the live

13 pleading.  Okay?

14          MR. BUESGENS:  I understand.

15          THE COURT:  All right.  Now, what

16 Mr. Brown said is that Falcon Ridge Apartments has not

17 been served yet.  Is that what you said, Mr. Brown?

18          MR. BROWN:  That's correct.

19          THE COURT:  All right.  So no answer has

20 been filed for Falcon Ridge Apartments.  But apparently

21 today you got an answer for Greystar Property

22 Management, and Mr. Brown has said on the record he will

23 either get you a copy of the assumed name certificate,

24 and he will send that to you by mail.  Failing his

25 ability to get an assumed name certificate, he said on

1  the record he would amend his pleadings and state that

2  his answer is on behalf of Greystar Property Management

3  Services, Inc., who is the entity that is operating

4  under this assumed name that you've sued, to make it

5  clear for you and clear for the record that that's the

6  party in the case and that's who you do have in the

7  case.  Okay?  That answers that question.

8          With respect to Falcon Ridge, they're not

9  in the case yet, so there's really nothing I can do with

10  Falcon Ridge Apartments.  Presumably they will have the

11  same lawyer.  And I suspect Mr. Brown will go off the

12  record and tell you who Falcon Ridge is and, you know,

13  if there is an entity and give you --

14          MR. BROWN:  We've already produced that

15  information to him who the owner of Falcon Ridge

16  Apartments is.  It's a limited partnership.  We gave him

17  the name of the partnership and the address of the

18  partnership.

19          THE COURT:  And you did that in the --

20          MR. BROWN:  We did that in the -- in the

21  JP case --

22          THE COURT:  Right.

23          MR. BROWN:  -- the eviction case.

24          THE COURT:  I started to say eminent

25  domain, the forcible entry and detainer case.  Okay.

1  All right.

2              MR. BUESGENS:  Excuse me, Your Honor.  I

3  put in my pleadings that I requested the true name of

4  Falcon Ridge --

5              THE COURT:  Well, in --

6              MR. BUESGENS:  -- in my original pleading.

7              THE COURT:  In this case?

8              MR. BUESGENS:  Pardon?

9              THE COURT:  In this case here?

10             MR. BUESGENS:  Yes.

11             THE COURT:  Okay.

12             MR. BUESGENS:  And I have not gotten a

13  response to that, what the true name is.

14             THE COURT:  Well, you haven't served

15  Falcon Ridge for one thing, and so there's no answer for

16  Falcon Ridge yet because they have not yet been served.

17  The parties who have been served have answered, and

18  they're going to give you supplemental information as to

19  Greystar to make it clear who Greystar is.  That's all

20  they're obligated to do at this point.

21             MR. BUESGENS:  Your Honor, I requested

22  this in JP court and never got it.

23             THE COURT:  Well, that's a matter that's

24  not before me now.  However, I did read -- and let me

25  make a suggestion.  I'll go outside the box here for a

1  minute.  Mr. Brown filed something asking for relief

2  from all the discovery you're filing in this case.  I

3  understand that you want certain information.  There's

4  certain information everyone is entitled to in the case.

5  It may be that some of the things you're asking for

6  you're entitled to.  It may be that some of the things

7  you're not entitled to.  I did read with interest that

8  he said that much of this discovery was done in the JP

9  case.

10            So I would suggest that you both think

11  about this.  You both think about agreeing that whatever

12  discovery was done in the JP case can be used in this

13  case as though it was done in this case and it will be

14  incorporated by reference.  That way, you don't have to

15  do it again.  It will save you -- because you're

16  handwriting this.  I've done that a lot, too, because

17  I'm not the best word processor.  And that will save you

18  time and effort.  It will save them time and effort.

19  And it will mean that all of the information you have in

20  the JP case is as though it were done in this case.

21  Just a suggestion --

22            MR. BUESGENS:  Excuse me.

23            THE COURT:  -- that jumped out at me, and

24  it might work for you.

25            MR. BUESGENS:  The discovery in JP was

1  horrible.  It didn't follow any rules of procedure.  And

2  it didn't have some of the issues that I've got before

3  in this court in my interrogatories.

4              THE COURT:  Okay.  Well, then I'll just

5  have to --

6              MR. BUESGENS:  So it's worthless to me,

7  more or less.  And it was just a completely -- I didn't

8  even get the thing until the day of the trial.

9              THE COURT:  Okay.  Well, so far everything

10  that's on file, I've done everything I can do.  I have

11  required them -- or I didn't require them.  Mr. Brown

12  agreed graciously that he would provide you with the

13  assumed name certificate.  And failing that, he would

14  amend his pleadings to make clear who the entity is

15  behind the assumed name of Greystar Property Management

16  who you sued.  The individuals have already answered, so

17  we've all agreed that's all they're required to do at

18  this point.

19              MR. BUESGENS:  Excuse me --

20              THE COURT:  And I need to know what else

21  from you is before me today that you can ask me to do.

22              MR. BUESGENS:  I want to serve Falcon

23  Ridge Apartments.  I want to serve a citation on them.

24              THE COURT:  Well, that's something you'll

25  have to do.

1            MR. BUESGENS:  But I'm still confused as

2  to where to send it, where to serve it.

3            THE COURT:  Then you may need to send a

4  question to Greystar or the individuals, please tell me

5  what the entity Falcon Ridge -- you know, who owns

6  Falcon Ridge Apartments, who the owner is and operator

7  of Falcon Ridge Apartments for me to properly serve them

8  in my claims against them concerning my residence at

9  Falcon Ridge Apartments.

10            MR. BUESGENS:  Your Honor --

11            THE COURT:  That's kind of a homely

12  statement, but I don't know how else you can do it.

13            MR. BUESGENS:  Your Honor, excuse me.

14  I've done that.  They know all about it.  They're

15  playing games with me here.  That's why I called the

16  pretrial conference.

17            THE COURT:  When did you file the -- when

18  did you send them the question to tell you?

19            MR. BUESGENS:  In JP court.  And I also

20  sent it in this court.

21            THE COURT:  Okay.  What is it you want to

22  know?

23            MR. BUESGENS:  I want the name of the

24  general partner for Falcon Ridge and the address for the

25  general partner.  I want the name and address of the

1  limited partner --

2          THE COURT:  And how do you know that there

3  is a partnership operating it?

4          MR. BUESGENS:  Pardon?

5          THE COURT:  How do you know that this is a

6  partnership operating Falcon Ridge Apartments?  If you

7  knew that, you would have sued the partnership, right?

8  You sued Falcon Ridge Apartments.  What did you sue when

9  you filed -- by the way, would someone hand me the

10  original complaint?  Do you have it, Mr. Brown?

11          MR. BUESGENS:  Okay.

12          THE COURT:  Hang on just one second.  Let

13  me read the original complaint because that's who you've

14  sued.  May I borrow your file for a moment?

15          MR. BROWN:  Sure.

16          THE COURT:  It'll save me some time rather

17  than calling it up.

18          All right.  I'm looking at your original

19  complaint, and it's Michael Buesgens vs. Falcon Ridge

20  Apartments, 500 East Stassney, Falcon Ridge Apartments

21  of Austin, Ltd., 2525 South Shore Boulevard, League

22  City, Texas, Falcon Ridge Apartments of Austin,

23  Incorporated, 5225 Katy Freeway, Houston, Texas, and

24  then you go on to Greystar Property Management, which

25  we've already discussed.

1          You must know an awful lot about Falcon

2    Ridge Apartments because you sued an LTD and a

3    corporation, right?  So you know that there's a

4    corporation that runs these apartments as well as an

5    LTD?

6          MR. BUESGENS:  Excuse me.  It's my

7    understanding that they're a partnership that you call

8    them a corporation.  You can call a partnership a

9    corporation.  These names I've got here, it's confusing

10   for me to know who -- I want to know who the general

11   partner is for Falcon Ridge and who this limited partner

12   is and what their addresses are.  And I also want to

13   know their true names.

14          THE COURT:  Okay.

15          MR. BUESGENS:  You know, their true names

16   with surnames.  Now, I gave you a tax statement there to

17   look at from Falcon Ridge.  It's got directors Arnold

18   Tulmich (phonetic), I believe his name is.  And I'm not

19   sure if that person is just a director or also an owner

20   and is a registered agent there by the name of Moss.

21          THE COURT:  Okay.  Anything else you want

22   in the pretrial conference?

23          MR. BUESGENS:  That's it.  I want

24   compliance with discovery which I didn't get in JP

25   court.  And now it looks like I'm running into it with

1  these motions that he's filed saying that my discovery

2  doesn't apply or my requests are too extensive or --

3          THE COURT:  Well, these are just motions

4  that were filed --

5          MR. BUESGENS:  Uh-huh.

6          THE COURT:  -- hang on just one second --

7  on February 21st.  And what Mr. Brown said is that

8  they're not set today because they were just filed

9  today, this being February 21st.  So no, you don't have

10  to stand up and respond to those off the cuff.  They're

11  not -- they can't do that to you, and he's not asking me

12  to do that to you.  He's just filed those today.  And

13  you can anticipate, I guess, coming back here and

14  dealing with that.  And that's why I said maybe there's

15  a way to do this efficiently where you can use the

16  discovery that you got there.  And to the extent you say

17  you didn't get an answer there in JP court, ask

18  Mr. Brown to give you the answer now.  Because the

19  Court -- if the Court finds -- it may be me or it may be

20  another judge -- that you've already gotten the

21  information in JP court and he's willing to use that

22  information as though it were answered here and then you

23  come back saying I want him to do it -- I'm saying they

24  didn't give it to me and we can read that they did, a

25  court's going to be upset about that.  On the other

1 hand, if they didn't give it to you in JP court and

2 you're asking for it now and it's a legitimate question,

3 then the court will compel them to do it.  But that's --

4 I'm anticipating what a court may do, but that's not

5 before me today.

6           MR. BUESGENS:  But excuse me, Your Honor,

7 the record in JP court is defective, and I've been

8 trying for about a month to get that corrected, and both

9 JPs from Precinct 5 and 3 won't take any responsibility

10 to get a correct record.

11           THE COURT:  Well, that's not before me

12 now.  That's not my court.

13           MR. BUESGENS:  Okay.  I understand.

14 That's just an explanation.  I cannot rely on Mr. Brown

15 for anything.  We are at war.  We do not communicate.

16 Mr. Brown is a real estate attorney.  He runs all over

17 me because I'm a pro se.  He wants to beat me down with

18 anything he can legally and illegally.  He'll tell me

19 anything on discovery.  He'll give me legal advice.  I

20 don't need it.  I don't even want to communicate with

21 him.  The only way I can communicate with him is in

22 front of a judge.

23           THE COURT:  Okay.  Well, that's your

24 option.  You can communicate in writing or in front of a

25 judge.

1          MR. BUESGENS:  I can't communicate with

2  him at all.

3          THE COURT:  Well, he's the lawyer for

4  them.

5          MR. BUESGENS:  I understand that.

6          THE COURT:  And that's the person with

7  whom you have to communicate about this case.  If you

8  choose not to speak to him over the phone, that is

9  certainly your choice.  But communication will have to

10  occur under the Rules of Civil Procedure, and it will be

11  with Mr. Brown who's their lawyer.  But you've told

12  me --

13          MR. BUESGENS:  I would like --

14          THE COURT:  Excuse me.  You've told me

15  what it is you have before me today, and I've heard

16  that.  And I've worked I think very patiently to get

17  that information and to be clear about what you're

18  doing.  I take very seriously my obligations to make

19  sure that pro se litigants have a fair day in court.

20  And you're going to have that here, I assure you.  So I

21  think I've done that.

22          I've asked you to tell me what it is you

23  want in this motion, and you've told me.  You want

24  information regarding Falcon Ridge.  That's what you're

25  asking for, and I understand that.  So I'm going to

1  allow Mr. Brown to respond to that.  And I gather that

2  is the information you want in this pretrial conference.

3                    MR. BUESGENS:  That's correct.  You

4  understand that I want the limited partner, the general

5  partner and the true names?

6                    THE COURT:  I heard you say that.

7                    MR. BUESGENS:  Okay.

8                    THE COURT:  And I'm going to hear

9  Mr. Brown's response to that.

10                    MR. BUESGENS:  Okay.  And Mr. Brown is

11  going to provide some type of information at some time

12  later after this hearing?

13                    THE COURT:  I haven't even let Mr. Brown

14  speak yet really other than to answer my questions.

15  He's going to respond to what you're asking the Court to

16  do at what you call the pretrial conference.

17                    MR. BUESGENS:  Okay, fine.

18                    THE COURT:  And I'm going to let him

19  speak.  Mr. Brown?

20                    MR. BROWN:  Thank you, Your Honor.  With

21  respect to Falcon Ridge Apartments, on January 23rd we

22  sent Mr. Buesgens a letter by certified mail that

23  says -- that gives him the name of the holder of record

24  title of Falcon Ridge Apartments, and that's Falcon

25  Ridge Apartments of Austin.

1           THE COURT:  I'm sorry.  You gave this to

2    him --

3           MR. BROWN:  January 23rd.

4           THE COURT:  In this case?

5           MR. BROWN:  In the JP case.

6           THE COURT:  All right.

7           MR. BROWN:  And actually, that's not

8    necessarily even with that case.  Under the Texas

9    Property Code Section 92.203, he has a right as a

10   resident of Falcon Ridge Apartments to ask for the name

11   and address of the true owner.  And so just pursuant to

12   his request, he wanted that name and we gave that to

13   him.  We gave him a copy of the assumed name certificate

14   that is on file that shows Falcon Ridge -- Falcon

15   Apartments of Austin, Ltd. is doing business as an

16   assumed name, and it gives the address in League City,

17   Texas of the limited partnership.

18           THE COURT:  And that's the entity that

19   apparently he sued, though you say he has not yet served

20   in League City; is that right?

21           MR. BROWN:  Correct.

22           THE COURT:  All right.

23           MR. BROWN:  And it also is signed by the

24   Falcon Apartments of Austin I, Inc., general partner.

25           THE COURT:  What is signed by the --

1          MR. BROWN:  The assumed name certificate.

2          THE COURT:  Okay.  Do you have a copy of

3    the assumed name certificate or could we make a copy

4    here?

5          MR. BROWN:  Yes.  I've given it to him.

6    I've got a copy here and a copy of my letter.

7          THE COURT:  Okay.  Mr. Buesgens, did you

8    get this letter?

9          MR. BUESGENS:  I gave a copy to you.  I

10   don't know what he's talking about.  I gave him a copy

11   of a December 15th letter and a January 23rd.

12         MR. BROWN:  Correct.  On December 16th we

13   sent him -- gave him notice that the owner was Falcon

14   Group, LP and a Houston, Texas address.  We were wrong

15   about that.  We discovered that we were wrong about

16   that.  So on the 23rd we sent him another letter that

17   said that upon further investigation, we've determined

18   the name and address is Falcon Apartments of Austin,

19   Ltd.

20         MR. BUESGENS:  Excuse me, Your Honor.  He

21   didn't discover anything.  I had to do something about

22   it.

23         THE COURT:  Excuse me, Mr. Buesgens --

24         MR. BUESGENS:  I had to bring that up in

25   JP court.

1    THE COURT:  Mr. Buesgens, you're going to

2    need to retain your composure, all right?  Mr. Brown's

3    turn is now.  I asked one question, and this is not a

4    time to interrupt.  Okay?  If I ask you -- it's his turn

5    to speak now, just as I gave you a complete opportunity

6    to speak.  If I have a question of you, I will ask it,

7    just as I did Mr. Brown.  Otherwise, it's his turn.  So

8    you may be seated and wait until it's your turn.

9        All right.  So Mr. Brown, you -- the

10   current information -- is this the owner now or the

11   owner at the time -- during the time about which he

12   complains or both?

13   MR. BROWN:  It's both.

14   THE COURT:  All right.

15   MR. BROWN:  There hasn't been a change in

16   ownership.  We just gave -- I don't know how we got the

17   wrong name -- on our December 16th letter, we gave him

18   the wrong name.  When we discovered that we had given

19   him the wrong name, on January 23rd we gave him another

20   letter and said we were wrong before; upon further

21   investigation, we found, here is the name and address of

22   the record title owner of the apartments.

23   THE COURT:  All right.  Now, Mr. Buesgens,

24   I do have a question for you.  You handed me before I

25   got on the bench -- or you handed to the bailiff this

1  letter about which Mr. Brown just spoke dated

2  January 23rd.  And it has a Plaintiff's Exhibit 11 on

3  it.  What does that mean?  Why is it marked Plaintiff's

4  Exhibit 11?

5            MR. BUESGENS:  That's from the JP court.

6            THE COURT:  That means you already used it

7  there?

8            MR. BUESGENS:  Well, the plaintiff did.

9  Mr. Brown was the plaintiff in that.

10           THE COURT:  Ah, Mr. Brown was the

11  plaintiff in JP court, so -- but this is your copy with

12  the original exhibit marker on it?

13           MR. BUESGENS:  That's correct.

14           THE COURT:  And you believe it was

15  introduced as an exhibit in the JP court?

16           MR. BUESGENS:  Yes, it was.

17           THE COURT:  Okay.  Thank you,

18  Mr. Buesgens.  Do you concur on that?

19           MR. BROWN:  I believe that's correct.  I

20  don't know whether I -- I can't recall if I introduced

21  it into evidence, but I gave him copies of all my --

22           THE COURT:  All right.

23           MR. BROWN:  -- all my documents that were

24  used in that case.

25           THE COURT:  All right.  Now, here's where

1  we are, Mr. Brown.  And I'll let you -- I'm still with

2  you.  Or do you think you've given me the full response

3  you want to give me in response to his requests today in

4  what he's characterized a pretrial conference?

5           MR. BROWN:  Well, with regard to the

6  discovery, our answer date was today, so we filed our

7  answer today on the defendants that have been served.

8  He's filed three sets of interrogatories on us over the

9  last few weeks prior to our having even filed an answer

10 in this case.  So our response to the discovery is not

11 due for some time now.

12           THE COURT:  So the response to the

13 discovery, why was that done today?  If it wasn't served

14 with the original petition, was any of that due today?

15           MR. BROWN:  No, no discovery is due today.

16 And that's my point, is that he's asking -- whatever

17 he's -- he's upset because we're not giving him any

18 information pursuant to discovery requests, but our

19 discovery answers aren't due until some time because

20 they were served on us before we even filed an answer in

21 this case.

22           THE COURT:  Okay.  And I'm just trying to

23 kind of patch you through, and maybe if you can get the

24 information he seems to be concerned about, maybe that

25 will solve a lot of problems.  Maybe it won't.  He's

asked today, though I agree with you, it's not the --

this is not the proper way to get the information.  He

has said I simply want to know who the owners are of

this entity.  That seems -- that's what I'm inferring.

That seems to be what he's saying.  Is that what you

understand, too?

MR. BROWN:  If he's talking about the

individuals.  I don't know whether he's talking about

the individuals or --

THE COURT:  This is what I heard him say.

MR. BROWN:  Okay.

THE COURT:  It's clear to me, Mr. Brown,

that you're saying that the owner during the entire time

of the period that he -- about which he complains in his

lawsuit and today, that the owner for that entire time

is Falcon Apartments of Austin, Ltd., with an address on

South Shore Boulevard in League City, Texas, correct?

MR. BROWN:  That's correct.

THE COURT:  He seems to be today asking

who was the owner of Falcon Apartments of Austin, Ltd.

He wants the general partner, the limited partners.

That seems to be what he's asking.

Now, this is not the proper way to get it,

but what is your response to that, just so we can

anticipate that and maybe cut through it?

```
 1              MR. BROWN:  Well --

 2              THE COURT:  Not that you have to respond

 3   today.  You can tell me you don't.

 4              MR. BROWN:  I don't think that it's

 5   relevant who the -- unless he has some -- he hasn't made

 6   any allegation that anybody has acted outside of the

 7   scope of their duties with this -- in this case.  He's

 8   named Mandy -- these ladies that manage the apartments.

 9              THE COURT:  Did they all work for Falcon

10   Apartments of Austin, Ltd.?

11              MR. BROWN:  Mandy Rogers and Amanda Wilson

12   and Debi Wehmeier all work for Greystar.  Greystar is a

13   property management company that manages Falcon Ridge

14   Apartments for the owners.

15              THE COURT:  So the only thing Falcon

16   Apartments of Austin, Ltd. owns is the apartments

17   themselves and the land.  They contract with Greystar,

18   who has been properly sued and has answered in this

19   case.  That's the correct entity; is that right?

20              MR. BROWN:  That's correct.

21              THE COURT:  And that is the entity that

22   manages the apartments.  And they would be responsible

23   for the management decisions that have occurred there.

24   And these three individuals at all relevant times were

25   in the course and scope of their employment for the
```

1  Greystar entity that the plaintiff has sued.

2  MR. BROWN:  That's correct.

3  THE COURT:  It sounds like you've got the

4  right people, so you did good.  Okay.  And I understand

5  your point that the owners of Falcon Apartments of

6  Austin, Ltd. at this point, based on the pleadings now,

7  certainly -- there's no pertinence whatsoever, there's

8  no relevance whatsoever --

9  MR. BROWN:  Right.

10  THE COURT:  -- to this case.  And in fact,

11  they weren't even managing their own apartments.  They

12  entrusted that by contract to Greystar.

13  MR. BROWN:  That's correct.

14  THE COURT:  All rightee.  I understand.

15  Anything else you think the Court needs to do today in

16  this pretrial conference set by the plaintiff?

17  MR. BROWN:  Well, because it is a pretrial

18  conference -- and I guess part of the subject matter

19  here is how do we go forward in managing this case, and

20  you've given us one suggestion, and that would be to

21  possibly use the discovery in another case here.

22  Mr. Buesgens has filed a fair housing complaint, a

23  complaint that my clients violated the Fair Housing Act

24  with the local EEOC department which investigates fair

25  housing -- they're charged with the duty of

1  investigating fair housing complaints.  We filed a

2  response to that complaint.  We had a pre -- we had an

3  eviction case in JP court.  And I can't remember whether

4  his fair housing complaint came before or after we filed

5  the eviction case, but right around there.  We had a

6  trial already in that case.  We did discovery.  In fact,

7  the trial was postponed so we could produce responses to

8  his discovery in that case.  So I do think incorporated

9  in that -- in both of those responses would be our

10  response to the fair housing complaint and our response

11  to discovery in the JP case.  I mean, we've given,

12  basically, here's our file.

13              THE COURT:  What you're saying is you

14  would be willing for the plaintiff to be able to rely on

15  your discovery responses.  Now, he seems to have some

16  complaints about them.  But to the extent they're any

17  good at all from his standpoint, you're willing to say

18  that they're incorporated by reference and that all of

19  the discovery done in the JP case can be referenced in

20  this case as though it had occurred in this case?

21              MR. BROWN:  That's correct.

22              THE COURT:  Well, that would save

23  everybody some time to the extent there's any --

24  you know, there's any responses upon which he wants to

25  rely.  All right.  That sounds very reasonable.  What

1  else?

2                MR. BROWN:  Well, I don't know whether --

3  if the Court -- I'm kind of -- I don't really know.  We

4  have this case.  We have the case that's now going to be

5  in county court, which I assume we'll have another trial

6  on.

7                THE COURT:  Now, that's an appeal of the

8  JP case?

9                MR. BROWN:  That's an appeal of the JP

10  case.

11                THE COURT:  And that's a de novo?

12                MR. BROWN:  That's a de novo.

13                THE COURT:  De novo means you try the case

14  over again.

15                MR. BUESGENS:  Yes, Your Honor.

16                MR. BROWN:  We have -- Mr. Buesgens has

17  filed a grievance against me with the State Bar, with

18  the Ethics Commission.  We've had --

19                THE COURT:  With what Ethics Commission?

20  I understand the State Bar.

21                MR. BROWN:  With the State Bar.  I don't

22  know.  I guess it has to do with voting.  He had my

23  voting records for some reason.  And that's not really

24  important other than the point of -- because they didn't

25  find that I had done anything wrong, but the point is

1  that this has escalated from a -- was an eviction case

2  of we're not getting along, please leave, to, you know,

3  litigation on all fronts, which is his right to do, I

4  understand, but we have -- you know, he's filed some 19

5  motions in the other case, in the JP case, more -- and

6  that's an approximate amount, but it's numerous.  And he

7  spent quite a bit of resources and effort on that,

8  obviously.  You know --

9              THE COURT:  What are you asking me to do

10  today?

11             MR. BROWN:  Well --

12             THE COURT:  I see that it's --

13             MR. BROWN:  I don't know whether

14  mediation -- I filed the motion for mediation.  We're

15  not able to sit down and talk as in most cases.

16             THE COURT:  But you think if you had a

17  third-party mediator --

18             MR. BROWN:  If we had a third party, it

19  may help.

20             THE COURT:  -- you could talk through

21  them.  And you would hope to maybe even resolve the

22  case.

23             MR. BROWN:  I'd love to resolve the case.

24             THE COURT:  Okay.

25             MR. BROWN:  But we need some direction

1    from the Court of how we might -- because we've got all

2    this stuff going on, and it seems to me that it's kind

3    of inefficient to have all these --

4                    THE COURT:  I understand.

5                    MR. BROWN:  -- little skirmishes here and

6    there, and we could --

7                    THE COURT:  You're preaching to the choir

8    now.

9                    MR. BROWN:  -- put it all in one room.

10                   THE COURT:  I'm a big believer in

11   mediation, having been a mediator myself.  And that's

12   the one thing about private practice I do miss.  I love

13   trying to get people together and making peace.  There's

14   nothing more gratifying in the world I've found than

15   that.

16                   So Mr. Buesgens, would you be amenable to

17   going to -- you understand mediation is not arbitration.

18   A mediator doesn't make any decisions for you.  It's

19   like, you know, President Carter shuttling diplomacy in

20   the Middle East or Henry Kissinger, if you're old enough

21   like me to remember that, shuttling back and forth

22   between the parties to see if they can make peace and

23   see if there can be some resolution that everyone can

24   live with.  Is that something you might be interested in

25   doing now?

 1          MR. BUESGENS:  Your Honor, I gave

 2  defendants a statement regarding a settlement that I

 3  proposed, and I never got a response from them on that.

 4          THE COURT:  To whom did you give that

 5  statement?

 6          MR. BUESGENS:  To the defendants in this

 7  case.

 8          THE COURT:  To whom specifically?  Did you

 9  write a letter to someone?  Did you make an oral

10  statement to them?  What did you do?

11          MR. BUESGENS:  I provided it in one of

12  my -- in the motion or else in the amendment or

13  something.  I'm not sure.  It's in there.  But I offered

14  a settlement to Greystar Property Management and the

15  individuals and no one responded to me.

16          THE COURT:  Okay.  What was your

17  settlement offer?  Do you -- well, no, don't tell me

18  that.  Don't tell me that.  I shouldn't ask that.

19          Well, here's the thing.  Mediation --

20  that's exactly what mediation is for, for them to hear

21  you, through the mediator -- person to person if that

22  works; if that doesn't work, through the mediator.  I

23  used to do shuttle diplomacy a lot.  I would put one

24  party in one room and the other party in the other room,

25  and I'd go back and forth as the mediator, and that's

1  what a lot of mediators do.

2           Sometimes they'll have the parties meet

3  together at the beginning.  Sometimes they won't.  It

4  just depends on the case and what's best for that case.

5  That would allow you through the mediator to convey any

6  offers you want to make to settle and for them through

7  the mediator to convey any offers and for the mediator

8  to talk to both of you to see if it might be possible to

9  settle their case.

10          They're expressing interest in trying to

11 sit down with you through a mediator and settle the

12 whole case, and that makes a lot of sense to me.  And I

13 just wanted your response.  Is there any reason you'd

14 have to not sit down with them with a mediator that I

15 can help you pick and send you to a mediator now?

16          MR. BUESGENS:  Yes, Your Honor.  I have a

17 dispute on that.  I've tried mediation before.  We could

18 have settled this all a long time ago back in December.

19          THE COURT:  You tried this with a mediator

20 before?

21          MR. BUESGENS:  No.  I mean, not with a

22 mediator, but I tried to get mediators to help me and I

23 couldn't get anybody.  I tried to get housing

24 discrimination people to help me.  I tried to --

25          THE COURT:  That's okay.  If we could get

1  somebody now who would be --

2          MR. BUESGENS:  No, I don't want anybody

3  now because of the issues on this discovery.  This issue

4  has become more now on the discovery, particularly with

5  these questions I have regarding Internal Revenue

6  Service employees.

7          THE COURT:  I'm sorry.  What on earth is

8  that about?

9          MR. BUESGENS:  I used to work for the

10  Internal Revenue Service, and I retired from there on

11  disability.  One of them lived at Falcon Ridge

12  Apartments, and it's my opinion that they spoke with the

13  managers there and told them that I had some kind of

14  disability, some type of problem, and that they moved

15  out of that apartment complex because of that, and

16  that's why management has treated me the way they have

17  for the past year or so, or two, or whatever it's been,

18  and how we ended up in this situation to begin with.

19          THE COURT:  I see.  And so --

20          MR. BUESGENS:  And now they don't want to

21  answer these questions, so I guess I'll do depositions.

22          THE COURT:  What are the questions?

23          MR. BUESGENS:  Well, he's --

24          THE COURT:  What are the questions to

25  which you must have an answer before you can even

```
 1  discuss settling your case?

 2              MR. BUESGENS:  The Internal Revenue

 3  Service issues.

 4              THE COURT:  I don't understand the

 5  question.  What is the question?

 6              MR. BUESGENS:  Huh?

 7              THE COURT:  What is the question?

 8              MR. BUESGENS:  Well, it's not just one

 9  question.  It's --

10              THE COURT:  Well, give me an example of a

11  question.

12              MR. BUESGENS:  I want to know how many

13  people lived at the -- from the IRS from January of 2003

14  to January 1 of 2006 that were IRS employees.  I want to

15  know --

16              THE COURT:  Wouldn't it be easier to

17  simply ask, did anybody complain about me as the source

18  of the reason why you wanted me evicted?  Did you

19  receive complaints about me?

20              MR. BUESGENS:  Your Honor --

21              THE COURT:  That seems to be the question.

22              MR. BUESGENS:  Your Honor, these people

23  are lying to me.  We're in a lie here.

24              THE COURT:  Okay.

25              MR. BUESGENS:  I can't go to anybody and
```

 1  say that.  I've got to --

 2              THE COURT:  So the answer --

 3              MR. BUESGENS:  I've got to do a deposition

 4  or something on them.  I've got to do investigative

 5  work.  I've got to do all this.

 6              THE COURT:  The answer to my question is

 7  you don't want to go to a mediator?

 8              MR. BUESGENS:  No.

 9              THE COURT:  All right.  That answers that

10  question.

11              Okay.  Anything else, Mr. Brown, that you

12  want the Court to consider at this stage, at this early

13  stage, at what has been called a pretrial conference?

14              It's my feeling when you have that sort of

15  hostility to mediation that it's unproductive.  Having

16  said that, as a mediator, I frequently had people

17  ordered by judges to mediation whose cases I settled as

18  a mediator who -- sometimes both of whom told me there's

19  no way you're going to be able to settle this case, we

20  don't think we can settle this case, and it settled.

21              But my sense is, given his reaction to

22  this, that the only way to handle this is, I guess, with

23  motion practice in order to deal with what's before the

24  Court, what's not before the Court.  You know, I don't

25  know what else to say.  I don't know to whom I would

1  send it, but I'm willing to listen to you if you -- it's

2  your suggestion that at this pretrial conference the

3  Court -- which the Court can do; the Court has the power

4  to do that -- order mediation.

5         Having heard Mr. Buesgens' response, do

6  you concur in what I'm saying or do you have different

7  feelings about that?

8         MR. BROWN:  Well, I never have thought

9  that mediation was a waste of time in any case because

10  there are cases that we're not hopeful that people can

11  get together and actually agree on something and they

12  do, so -- but, you know, if Mr. Buesgens picks -- if he

13  wants to pick a mediator -- I don't know that he would

14  pick a mediator.  He's not going to be comfortable with

15  whoever I pick, I don't think.

16         THE COURT:  No, no, no.  That's clear.

17  He's telling me he doesn't even want to go to a mediator

18  who I pick.  So I'm hearing from him he's not going to

19  pick a mediator.  But let me ask him a quick question.

20         If I order you to go to mediation, will

21  you pick a mediator?  If I say I want you to go to

22  mediation and I'm going to order mediation because I

23  want you to make your best effort to settle the case

24  before we spend however much court time we're going to

25  have to spend on this case --

1          MR. BUESGENS:  I don't think it would be

2   appropriate for me to pick a mediator, no.

3          THE COURT:  Do you even have anyone in

4   mind?  Have you done any research --

5          MR. BUESGENS:  No.

6          THE COURT:  Because you indicated to me

7   you were trying to get a mediator.  Do you have anyone

8   in mind?

9          MR. BUESGENS:  Well, I had some people

10  that I thought could help me, like the tenants council

11  and all those other people, but I couldn't get any help.

12  So no, I haven't looked into the mediation aspect of it

13  other than that.

14         THE COURT:  Okay.  So you wouldn't know

15  who to pick anyway, is what you're telling me?

16         MR. BUESGENS:  No.  But I don't think it's

17  appropriate for the plaintiff or the defendant to decide

18  who the mediator is going to be.

19         THE COURT:  Well, sometimes that's the way

20  it happens because the other side is willing -- because

21  if the mediators are good mediators, it doesn't matter

22  who picked them.  It's just like -- I mean, their role

23  is to be an independent third party to try to get you to

24  settle.  But I understand.  You don't -- your answer is,

25  no, you don't know of anybody and, no, you can't pick

1  anybody.  So you've answered my question.  Thank you.

2              MR. BUESGENS:  Can I say one other thing,

3  Your Honor?

4              THE COURT:  If it's about that question,

5  yes.

6              MR. BUESGENS:  For one thing, I would need

7  someone that's well versed in the Property Code to be a

8  mediator because there's been all kinds of violations

9  here by the defendant on that issue.

10             THE COURT:  I understand.

11             MR. BUESGENS:  And nobody understands that

12  except him, the defendants' attorney.

13             THE COURT:  I understand.  Well, you'd

14  need a smart mediator who could read the Property Code

15  and figure out what it says.

16             MR. BUESGENS:  Well, I need someone that

17  can deal with the Property Code and the real estate

18  issues, yes --

19             THE COURT:  Yeah.  I understand.

20             MR. BUESGENS:  -- and the discrimination

21  on top of it.

22             THE COURT:  Okay.

23             MR. BROWN:  And Judge, I think that if --

24  maybe the Court will give him three names that the Court

25  thinks would be an appropriate mediator for our case and

1  let him pick one, I'd be fine with that.  I mean, I --

2              THE COURT:  Is defendant willing to pay

3  for the mediation as long as it's -- and I always tax

4  mediations -- I say I always do -- I tend to tax

5  mediation as court costs.  So at the end of the case,

6  whoever loses the case, that's a cost of the case, and

7  that's what I tend to do.  Having said that, are you

8  willing to pay the up-front cost of the mediation, but

9  in the order it will be a taxable court cost?

10             MR. BROWN:  I would.

11             THE COURT:  All right.

12             MR. BROWN:  I would -- well, I mean, I

13  can't -- my client's not here to answer that question,

14  but I feel -- I would suggest that to them, and I don't

15  think that they would disagree.

16             THE COURT:  You can always ask the Court

17  to reconsider.

18             MR. BROWN:  Right.

19             THE COURT:  All right.  I think you need

20  to sit down with a mediator.  The mediator who comes to

21  my mind -- and I will tell you, I can tell you're very

22  angry, Mr. Buesgens, and you feel -- and you're very

23  distrustful.  I understand that.  You're not the first

24  person who's walked in this courtroom who feels that

25  way.  Generally I get at least one person who feels that

1 way every week, if not every day.  That's what I do.

2            MR. BUESGENS:  I can understand that.

3            THE COURT:  So the person who jumps out in

4 my mind, although there are many wonderful mediators,

5 but I'm thinking of this person because he's a very

6 gentle soul, extremely sincere, earnest person, and just

7 a hard person not to like, is my impression, is Tom

8 Collins.  He's also done a lot of business litigation.

9 He's done a lot of mediation involving collections

10 disputes.  He used to do a lot of that in bankruptcy.

11 This is not a bankruptcy case.  But I believe he will be

12 conversant in these issues because his entire practice

13 has been in the area of business practice.  And by

14 virtue of his bankruptcy work, you know, he's had to

15 encounter a lot of real estate cases.

16            Now, no one's coming to mind immediately

17 who's a real estate expert who has gone into mediation.

18 If you can think of any names, that's fine.  Another

19 person who's maybe not as gentle, but a very good

20 mediator, very firm mediator, and maybe you want that,

21 is Mike Schless.  But I think that he might not be the

22 right personality for this, though I have high regard

23 for him.  I have high regard for him.

24            I think it needs to be somebody who's just

25 really patient with a good personality.  And, you know,

1 you might ask Mr. Collins for two other names.  And

2 I'm -- again, each case is so different, and this one

3 strikes me as a good one for Mr. Collins.  I'll tell

4 you -- I'll give an example of a case that I had that I

5 thought there was no way it could settle.  It was after

6 a jury trial, and no one trusted each other.  There were

7 allegations of fraud in that case in the trial.  They

8 couldn't even speak to each other.  And I thought

9 there's no way this case is going to settle, and it

10 settled with Mr. Collins after the trial before it was

11 going up on appeal, an extraordinarily difficult case

12 with extraordinarily, you know, high emotions and

13 distrust, much, much worse than what I've heard so far

14 in this case.  So that's why he jumps out at me as

15 somebody who's just good at listening and making sure

16 he's understanding everybody and getting them to listen

17 hopefully at some point, because if you're not willing

18 to listen, you know, you're not ever going to settle

19 anything.  In fact, you can't even go through life if

20 you're not willing to at least listen to people and try

21 to work with them to see if you can get a resolution.

22             So that's what I think.  If -- so I'm

23 inclined to order you to mediation.  And since you

24 haven't picked a mediator, I'll pick Mr. Collins.  But

25 if you want to do some research in the meantime -- and I

1    mean a certified mediator, not just anybody who wants to

2    call themselves a mediator, but somebody's who's done

3    the training and is a certified mediator, recognized as

4    such, I'm certainly willing to change the order to a

5    different name.

6              So if you want to ask some folks who might

7    be a good mediator for this kind of dispute, if you want

8    to call Mr. Collins and say, "If we don't agree on you,

9    who would be two other mediators like you?" you know, he

10   might be willing to say -- because frequently if he's

11   busy and he can't schedule it, I'm sure he gives out

12   names.  And if you want, I'll call.  If you want to ask

13   me to do that, I will call him this morning and I'll get

14   two other names and I'll put that in the order, if you

15   want me to do that.  Would you like me to do that?  Now,

16   they're saying they'll pay for it.  They're saying

17   they're going to pay for Mr. Collins.  And he's not

18   inexpensive, but --

19              MR. BROWN:  I probably should ask how

20   much.

21              THE COURT:  Well, he's a standard amount

22   for a good mediator in this town.  It may be a couple

23   thousand dollars for a day's mediation.

24              MR. BROWN:  And just so Mr. Buesgens will

25   know, I've probably participated in 80 mediations, so

1    almost any mediator probably that you pick, I will have

2    participated in a mediation at one point or another with

3    him.

4                THE COURT:  Have you had any mediations

5    with Mr. Collins?

6                MR. BROWN:  It was over ten years ago.  He

7    mediated a case during --

8                THE COURT:  Settlement week?

9                MR. BROWN:  -- settlement week, and I

10   thought he did a good job.

11               THE COURT:  All right.

12               MR. BROWN:  And I have certainly no

13   objection to him.  But I wanted Mr. Buesgens to know

14   that I've been in mediation with him before.

15               THE COURT:  About ten years ago.

16               MR. BROWN:  It doesn't have anything to do

17   with it.

18               THE COURT:  All right.  Well, that's --

19   this is the person I came up with based upon what you've

20   told me so far about your case and the -- what I can

21   tell about the case.

22               So I'm going to order the defendant will

23   pay the cost of mediation.  It will be a one-day

24   mediation.  It will be Mr. Collins or one of two other

25   mediators whose names I will get from him this morning.

1  If you will get me a proposed order, I will fill in the

2  blanks with those three mediators.  You will jointly

3  pick one of those mediators to whom you will go.  You're

4  not going to get to interview these people because

5  that's not -- you know, they get paid if they do a

6  mediation.  But you can do some checking around about

7  them if you want.  And again, Mr. Collins came to mind,

8  but other mediators may come to my mind, but I think it

9  takes a -- it's going to take a good personality for

10 this case, and he --

11          MR. BUESGENS:  Excuse me, Your Honor.

12 What's his name?  Tom Collins?

13          THE COURT:  Tom Collins.  C-o-l-l-i-n-s is

14 I believe the way he spells it.

15          All right.  So Mr. Brown, since this is

16 your motion, will you get me that order?

17          MR. BROWN:  Yes, sir.

18          THE COURT:  Send a copy of that order --

19          MR. BROWN:  Actually, I think I have a

20 draft that can be modified.

21          THE COURT:  Why don't you give me a draft

22 of that order.  Give me a draft of that order.  I'm

23 going to hand you your pleadings.

24          Will you parcel these things out to whose

25 they are, Mr. Andrews?

1          MR. BUESGENS:  Excuse me, Your Honor.

2          THE COURT:  Some of them are Mr. Brown's.

3   Some of them are Mr. Buesgens'.  And I'm going to go in

4   my chambers now and I'm going to call Mr. Collins and

5   see if I can't get him now.

6          MR. BUESGENS:  Excuse me, Your Honor.

7          THE COURT:  Yes, sir.

8          MR. BUESGENS:  May I object to something

9   about --

10         THE COURT:  Sure.

11         MR. BUESGENS:  It's not about the

12  mediator.

13         THE COURT:  All rightee.

14         MR. BUESGENS:  I still haven't gotten the

15  answer to my original issue I came in here for, the name

16  and address of the limited partner for Falcon Ridge, the

17  general partner and also the surnames and true names of

18  the individuals that own this outfit.

19         THE COURT:  The owner is this Falcon

20  Apartments of Austin, Ltd.  That is the owner.  They've

21  gone on record as an officer of the court saying that is

22  the owner.  And there is no basis now to have any other

23  information.  One, it's not properly before me because

24  there is no discovery request for that.  Two, if you

25  made such a discovery request, based on what you've told

1  me so far, I would not order them to produce that

2  information, because there is no basis for you to know

3  who owns Falcon Apartments of Austin, Ltd., based on

4  what you've told me so far.

5           They own the apartments.  They have a

6  contract with this management entity.  You feel like

7  you've been discriminated against by the manager and/or

8  the owner.  That's it.  And so that's all I can tell you

9  about that.  But I don't believe that's properly before

10 me today.  And I'm not going to order them to produce

11 that information today.  If the case changes and there's

12 a different basis and there's a different motion before

13 me, that'll be a different matter.  The answer to that

14 today is, no, this is not the proper time.  And indeed,

15 I don't even see when the proper time would be to get

16 that information.

17          Now, I'm going to go back and call

18 Mr. Collins.  I believe I've disposed of each request

19 that each one of you made, and I need that order,

20 Mr. Brown.  I'll be surprised if I get him, but I'll do

21 my best.

22          (Recess taken.)

23          THE COURT:  Mr. Buesgens and Mr. Brown, we

24 just had a discussion off the record, and you both

25 agreed that -- I was not able to get ahold of

1   Mr. Collins, although I left a message, but you both

2   agreed, just to short circuit this, that you are both

3   willing for me to simply order that Tom Collins be your

4   mediator. Obviously, if you come up with an alternative

5   mediator, you may do that. But this order will reflect

6   that Tom Collins is appointed as mediator in absence of

7   some agreement to the contrary. The order also reflects

8   that his fee will be paid by the defendants, but that

9   that fee will be a taxable court cost, so that at the

10  end of the case, the loser of the case -- you know,

11  taxable court costs are one of the obligations the loser

12  has at the end of the case.

13          I think the order otherwise that was

14  tendered by Mr. Brown is just fine. I'm going to go

15  back and get that telephone number for Mr. Collins and

16  then fill that in. And then we both agree -- we all

17  three agree that Mr. Brown would call Mr. Collins in

18  your presence today, Mr. Buesgens -- I just got his

19  voice mail, so I suspect you will, too -- and leave a

20  message about this order. In fact, I'm going to go

21  ahead and call him and leave a message about the order,

22  too, and let him know that you're going to be following

23  up to find a day between now and before March 2nd when

24  he can mediate it.

25          If he can't do it between now and March

1  2nd, when is the next available date for you, Mr. Brown?

2             MR. BROWN:   After the end of March, after

3  about the 26th, or about the 27th or 28th.

4             THE COURT:   All right.   I wrote down the

5  28th.

6             MR. BROWN:   Well, the Monday is the 27th.

7  I think I'll be available from then on.

8             THE COURT:   So the 24th really, Friday,

9  the 24th?   You're available any time after Friday, the

10 24th?

11            MR. BROWN:   Correct.

12            THE COURT:   All right.   So you're not

13 available on March 2nd?

14            MR. BROWN:   I'm not available on the 2nd.

15            THE COURT:   And you're not available

16 between March 2nd and March 24th?

17            MR. BROWN:   Between the 2nd and the 24th,

18 correct.

19            THE COURT:   Unless something happens with

20 that case that suddenly makes you available, in which

21 case you will immediately convey that to Mr. Buesgens

22 and Mr. Collins.

23            MR. BROWN:   That's correct.

24            THE COURT:   All right.   Is there anything

25 else you need on the record for me to complete this

1  order, either one of you?

2            MR. BUESGENS:  No, I don't, Your Honor.

3            THE COURT:  Okay.  Thank you.  Anything

4  else?

5            MR. BROWN:  No, sir.

6            THE COURT:  I wish you both good luck.  If

7  you will work hard at trying to resolve your case and go

8  into it, you know, with an open mind trying to resolve

9  your case, I know no one will work harder to get your

10 case resolved than Mr. Collins.  And again, if you come

11 up with another mediator, let me know about that.  I'm

12 willing to order you to anybody you come up with.  I

13 just picked this person in lieu of your ability to agree

14 today, and I think you'll like him.

15           MR. BROWN:  You're going to go call him

16 now?

17           THE COURT:  Will you let me know -- since

18 this isn't my case, it's not assigned to me, will

19 somebody let me know what happened with the mediation,

20 please?

21           MR. BUESGENS:  Yes.

22           THE COURT:  All right.  I always like to

23 know.  I'm going to call him now.  I'm going to fill in

24 his number.  And I'm going to tell him that you are

25 going to be calling him to schedule this mediation.  I'm

1  going to tell him about your availability, Mr. Brown,

2  and that it would be most helpful if he could manage to

3  give us a day between now and the 2nd to mediate this

4  case and that when you call him, that way he'll be

5  ready.  He will have already looked at his calendar.

6  He'll be ready to tell you what that day is.  And I know

7  you both will make yourself available on that day.

8             All right.  I wish you good luck.

9             MR. BROWN:  Thank you.

10             (END OF PROCEEDINGS)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    **REPORTER'S CERTIFICATE**

2

3  THE STATE OF TEXAS   )

4  COUNTY OF TRAVIS     )

5                    I, Chavela V. Prince, Official Court

6  Reporter in and for the 53rd District Court of Travis

7  County, State of Texas, do hereby certify that the above

8  and foregoing contains a true and correct transcription

9  of all portions of evidence and other proceedings

10 requested in writing by counsel for the parties to be

11 included in this volume of the Reporter's Record, in the

12 above-styled and numbered cause, all of which occurred

13 in open court or in chambers and were reported by me.

14     I further certify that this Reporter's Record of

15 the proceedings truly and correctly reflects the

16 exhibits, if any, offered in evidence by the respective

17 parties.

18     WITNESS MY OFFICIAL HAND this the 24th day of

19 August, 2006.

20

21          _Chavela V. Prince_
            Chavela V. Prince
            Texas CSR 3064, RMR, CRR
22          Expiration Date:  12/31/2007
            Official Court Reporter
23          53rd District Court
            Travis County, Texas
24          P.O. Box 1748
            Austin, Texas 78767
25          (512) 854-9322