RECEIVED

MAY 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA 333 CONSTITUTION AVE, NW WASHINGTON, DC 20001

MICHAEL L. BUESGENS
PLAINTIFF

V.

CIVIL NO.
1:06CV
01964
RBW

1. CHARLES EADS BROWN
TEXAS BAR CARD NO: 03101650
REAL ESTATE BROKER: 320045
BOARD CERTIFIED COMMERCIAL
AND RESIDENTIAL REAL ESTATE

2. SHELLEY BUSH MARMON
TEXAS BAR CARD NO: 03497050
BANKRUPTCY ATTORNEY

3. GREGORY S. CAGLE
TEXAS BAR CARD NO: 24003678

4. DAVID B. ARMBRUST
RESPONDEAT SUPERIOR
TEXAS BAR CARD NO: 01304700

5    ARMBRUST & BROWN, LLP

6    DUSTIN JEWETT
     RESPONDENT SUPERIOR
     TEXAS BAR CARD NO: 10665500

7    CRADY, JEWETT & MCCULLEY
     LLP,
     HOUSTON, TEXAS

8    JOHN NEAL, DIRECTOR
     DISCIPLINE STATE BAR
     OF TEXAS - OFFICE
     OF CHIEF DISCIPLINARY
     COUNSEL

9    CHESTER E. BEAVER
     ASSISTANT CITY OF AUSTIN
     ATTORNEY
     TEXAS BAR CARD NO: 01998815

10   ANN MORGAN, ASSITANT
     CITY OF AUSTIN, TEXAS
     ATTORNEY
     TEXAS BAR CARD NO: 14432400

CIVIL NO.
1:06 CV
01964
RBW

2

11. FELIX TARANGO, ASSISTANT, TRAVIS COUNTY ATTORNEY AUSTIN, TEXAS TEXAS' BAR CODE: 24028027 ET. AL.

DEFENDANTS

CIVIL NO. 1:06 CV 01964 RBW

PLAINTIFF MICHAEL L BUESGENS RESPONSE TO ATTORNEY - REAL ESTATE BROKER CHARLES EADS BROWN MOTION TO DISMISS DOCUMENT 12 FILED: 03/19/2007 AND ANSWER TO COMPLAINT BY CHARLES EADS BROWN, DOCUMENT 11, FILED: 03/19/2007

AND

PLAINTIFF BUESGENS NOTICE TO THIS COURT THAT IT HAS JURISDICTION OVER THIS CLAIM AND THE VENUE IS PROPER AT U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

I. FOR THE FOLLOWING REASONS:

3

CIVIC NO. 1:06CV01964RBW

1. A SEQUENCE OF ADVERSE ACTIONS AND MISCONDUCT BY GOVERNMENT ATTORNEYS AND PRIVATE ATTORNEYS AND RESPONDEAT SUPERIORS AND LAW FIRMS THAT LED TO THE ULTIMATE DISMISSAL OF PLAINTIFF BUESGENS HOUSING DISCRIMINATION COMPLAINT

BY:

2. KIM KENDRICK ASSISTANT SECRETARY AT HUD - FAIR HOUSING EQUAL OPPORTUNITY OFFICE - FHEO
LOCATED IN WASHINGTON, DC

3. KIM KENDRICK IS ALSO A RESIDENT OF WASHINGTON, DC AND IS THE SUBJECT OF PLAINTIFF BUESGENS ADMINISTRATIVE FEDERAL TORT CLAIMS ACT - FORM SF95 SUM CERTAIN CLAIM
A. SEE CIVIL NO. 1:07CV10538WGY
B. BOSTON, MASSACHUSETTS - CLOSED

4

4. PLAINTIFF BUESGENS HAS A 42 U.S.C. SECTION 1983 CLAIM AND A FEDERAL TORT CLAIMS ACT CLAIM THAT ARE DIRECTLY RELATED TO TEXAS STATE ATTORNEYS INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY IN THIS HOUSING DISCRIMINATION COMPLAINT

5. **BASED ON THEIR**

6. VIOLATIONS OF THE FAIR HOUSING ACT
7. AMERICANS WITH DISABILITIES ACT
8. REHABILITATION ACT OF 1973 AS AMENDED.
9. VIOLATIONS OF AND INTERFERENCE WITH BUESGENS APARTMENT LEASE CONTRACT (RENEWAL) DATED: DECEMBER 5, 2005 FOR THE PERIOD DECEMBER 26, 2005= OCTOBER 22, 2006

10. THE ATTORNEYS HAVE DISCRIMINATED AGAINST BUESGENS AND INTERFERRED WITH HIS HUD COMPLAINT NO. 06-06-293-8, FILED: 12/28/05

5

11. PLAINTIFF BUESGENS MADE MANY COMPLAINTS ABOUT THIS TO

A. KIM KENDRICK ASSISTANT SECRETARY - HUD-FHEO AND

B. MILTON TURNER, DIRECTOR OF ENFORCEMENT AT HUD

12. THE FOREGOING RESIDE IN WASHINGTON, D.C. AND FAILED TO TAKE ANY ACTION TO MITIGATE OR REMEDY THE CONSIDERABLE DAMAGES BUESGENS HAS BEEN SUBJECT TO.

13. BUESGENS COMPENSATORY AND PUNITIVE DAMAGES ARE ESTIMATED AT $1,240,000.00

14. PLAINTIFF BUESGENS WROTE LETTERS AND MADE PHONE CALLS TO SECRETARY KENDRICK AND DIRECTOR TURNER AND SECRETARY JACKSON THROUGHOUT 2006.

15. PLAINTIFF BUESGENS ALSO PRODUCED
EVIDENCE OF THE WRONGDOING
TO:

A. KENDRICK
B. TURNER
C. JACKSON
D. AT WASHINGTON, DC

16. DOCUMENTARY EVIDENCE AND
AUDIO TAPES THAT PROVED
A. ATTORNEY DECEIT, DISHONESTY
MISREPRESENTATIONS, COLLUSION
AND MALICIOUS PROSECUTION OF
BUESGENS AT EVICTION SUIT—
FORCIBLE DETAINER TRIAL AND
B. THE APPEAL AND THE REMOVALS
AND REMAND FROM STATE COURT
TO U.S. DISTRICT COURT, AND
C. THE FIFTH CIRCUIT APPEALS.

17. BUESGENS HAS MADE SUFFICIENT
CONTACTS WITH THE LEADERS OF
HUD AT WASHINGTON, DC TO
ESTABLISH THIS COURTS VENUE.

7

18. THE FORUM IS CONVENIENT BECAUSE THE WITNESSES ARE DEFENDANTS WITH A CONSIDERABLE LIABILITY AT STAKE. THEREFORE UNRELIABLE HISTORIANS.

19. THIS CASE CAN BE ADJUDICATED WITHOUT VERBAL. BECAUSE PLAINTIFF BUESGENS HAS A PRIMA FACIE CASE BASED ON

A. SEQUENCE OF EVENTS
B. DOCUMENTARY EVIDENCE OF WRONGDOING
C. APPLICATION OF THE LAW
D. THE REGULATIONS AND
E. COMPLAINT PROCESSING MANUAL THAT IS USED BY HUD - CALLED TEAPOTS

20. IT REQUIRES A DECISION MAKER THAT HAS OR CAN ACQUIRE THE APPLICATION OF THE FOREGOING TO THE LAW.

8

21. THE DECISION MAKER HAS TO KNOW THE INTERNAL COMPLAINT PROCESSING REQUIREMENTS THAT HUD MANDATES FOR ITSELF AND HUD CERTIFIED-AFFILIATED FAIR HOUSING OFFICES SUCH AS THE CITY OF AUSTIN, TEXAS.

22. WASHINGTON, DC IS THE HOME OF THESE LAWS AND REGULATIONS.

23. TEXAS IS NOT.

24. TO DATE BUESGENS HAS NOT BEEN ALLOWED TO PRESENT ANYTHING IN TEXAS

25. THE SYSTEM HAS LOCKED HIM OUT AND ATTORNEYS FULLY PARTICIPATED IN THIS.

26. IN THE INTEREST OF JUSTICE THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS THE PROPER VENUE.

27. PLAINTIFF BUESGENS RESPECTFULLY SUGGESTS THAT WE START WITH THE FOLLOWING:

A. WHAT DID THE ATTORNEYS SAY?
B. WHAT DID THE ATTORNEYS DO?
C. WHEN DID THEY DO THIS?

SO HOW DO WE ANSWER THOSE QUESTIONS?

28. PLAINTIFF BUESGENS IS GOING TO SUBMIT TO THIS COURT THE ATTORNEYS OWN FILINGS IN THE RELATED CIVIL ACTIONS OF

29. HOUSING DISCRIMINATION
30. RETALIATION
31. WRONGFUL TERMINATION OF LEASE CONTRACT
32. CONSTRUCTIVE EVICTION
33. CONTINUING VIOLATIONS—2007
34. COLLUSION—CONSPIRACY WITH STATE ACTORS

35. **NONE** OF PLAINTIFF BUESGENS HOUSING RELATED CLAIMS ARE ALLOWED TO BE RELATED IN

A. TEXAS STATE COURTS

AND

B. U.S. DISTRICT COURT AUSTIN, TEXAS

AND

C. FIFTH CIRCUIT COURT OF APPEALS

36. **NONE** OF THESE COURTS WOULD ALLOW BUESGENS NUMEROUS REQUESTS FOR CONSOLIDATION ✓

37. THE ATTORNEYS AND THE COURTS CONTINUALLY INSISTED ON

A. BIFURCATED ACTIONS ✓

B. PIECE MEAL LITIGATION ✓

38. EVEN THOUGH ALL THE FACTS AND EVIDENCE AND TIMING OF EVENTS SUGGESTED CONSOLIDATION ✓

11

39    THE FOLLOWING ATTORNEYS AND
      LAW FIRMS ARE THE CENTRAL
      PLAYERS IN THIS 42 U.S.C.
      SECTION 1983 AND DISCRIMINATION
      CLAIM

40    CHARLES EADS BROWN
      BOARD CERTIFIED COMMERCIAL
      AND RESIDENTIAL REAL ESTATE
      REAL ESTATE INVESTOR
      EVICTION ATTORNEY
      TEXAS BAR CARD NO. 03101650
      TEXAS REAL ESTATE BROKER
      NO. 320045

41.   GREGORY S. CAGLE
      TEXAS BAR CARD NO. 24003678

42    SHELLEY BUSH MARMON
      BANKRUPTCY ATTORNEY
      TEXAS BAR CARD NO. 03497050

43    DAVID B. ARMBRUST
      RESPONDENT SUPERIOR
      TEXAS BAR CARD NO. 01304700

                    12

44. DUNHAM JEWETT,
RESPONDENT SUPERIOR
TEXAS BAR CARD NO. 10665500

45. ARMBRUST & BROWN, LLP

46. CRADY, JEWETT & MCCULLEY, LLP

TEXAS STATE PLAYERS

47. CHESTER E. BEAVER, ASSISTANT
CITY OF AUSTIN, TEXAS, ATTORNEY
TEXAS BAR CARD NO. 01998815

48. ANN MORGAN, ASSISTANT CITY OF
AUSTIN, TEXAS ATTORNEY
TEXAS BAR CARD NO. 14432400

49. FELIX TARANGO, ASSISTANT TRAVIS
COUNTY ATTORNEY, AUSTIN, TEXAS
TEXAS BAR CARD NO. 24028027

13

50. THE FOREGOING ATTORNEYS DIRECTLY PARTICIPATED IN PLAINTIFF BUESGENS HOUSING DISCRIMINATION COMPLAINT

51. HUD #06-06-293-8 FILED 12/28/05
52. CITY OF AUSTIN, TEXAS FAIR HOUSING OFFICE NO.

53. AND THEY ALL WERE DIRECTLY INVOLVED IN THE CIVIL LITIGATION THAT BEGAN IN 2006 AND CONTINUES INTO 2007

54. PLAINTIFF BUESGENS HAS SENT ALL OF THEM NUMEROUS COURT FILINGS AND DOCUMENTS THROUGHOUT 2006 AND 2007.

55. THEY HAVE BEEN SERVED NOTICE OF BUESGENS COMPLAINT AGAINST THEM MANY TIMES.

14

56. JOHN NEAL DIRECTOR-DISCIPLINE STATE BAR OF TEXAS OFFICE OF CHIEF DISCIPLINARY COUNSEL HAS ALSO BEEN SENT MANY DOCUMENTS AND COURT FILINGS

57. THAT BEGAN WITH BUESGENS COMPLAINT TO THE STATE BAR OF TEXAS

58. AGAINST CHARLES EADS BROWN IN JANUARY, 2006.

59. AND THEN LATER IN 2006 BUESGENS COMPLAINTS TO JOHN NEAL AGAINST THE REST OF THE FOREGOING ATTORNEYS

60. JOHN NEAL DIRECTOR OF DISCIPLINE DENIED BUESGENS COMPLAINTS

61. OMITTED AND DELETED THE EVIDENCE AND REFUSED TO SPEAK WITH BUESGENS

15

62. CHARLES ENOS BROWN, ATTORNEY REAL ESTATE BROKER FILING IN THIS COURT

A. DOCUMENT 11

B. DOCUMENT 12

63. ARE A CONTINUATION OF HIS MANIPULATIONS THAT BEGAN IN DECEMBER, 2005

64. HE DOES NOT PRESENT ANY DOCUMENTARY

65. ONLY TALK

66. MR BROWN NEVER EARNED THAT CREDIBILITY TO JUST TALK AND BE ACCEPTED

67. HE BOUGHT IT IN AUSTIN, TEXAS

68. MR BROWN IS A REAL ESTATE INVESTOR

69. WHAT KIND OF FEDERAL FINANCIAL ASSISTANCE HAS HE RECEIVED IN HIS PERSONAL AND BUSINESS DEALINGS FROM AGENCIES BASED IN WASHINGTON, D.C.

16

70. CHARLES EADS BROWN, ATTORNEY
REAL ESTATE INVESTOR
EVICTION SPECIALIST WAS
DIRECTLY INVOLVED IN THE
FOLLOWING:

71. HUD # 06-06-293-8
CASE NO. 041509    EVICTION SUIT

72. D-1-GN-06-000262 - BUESGENS
HOUSING DISCRIMINATION COMPLAINT
A. CIVIL ACTION FILED 01/23/06
B. 200TH AND 53RD JUDICIAL DISTRICT

73. CAUSE NO. C-1-CV-06-000678
THE APPEAL OF CASE NO. 041509

74. CASE NO. 06-0157
A. TEXAS SUPREME COURT - PETITION
FOR REVIEW OF CASE NO 041509
B. FILED: 02/22/06

75. CIVIC NO. 1:06CV226LY-RP
THE REMOVAL OF D-1-GN-06-000262
ON 03/29/2006

17

76. A. CIVIL NO. 1:06CV260CY
    THE REMOVAL OF
    C-T-CV-06-000678 ON 04/10/06
    B. AND REMANDED ON 05/24/06
    C. TRIAL 06/16/2006

77. WRIT OF POSSESSION EXECUTED
    ON JULY 6, 2006

78. BUESGENS ADMISSION TO SETON
    SETON CREEK HOSPITAL ON
    JULY 6, 2006 AND DISCHARGE
    ON JULY 12, 2006

79. BUESGENS MEDICAL DISABILITY
    BIPOLAR WAS AGGRAVATED
    BY THE FOREGOING
80. HOSPITAL CHARGES $7,300.00

81. THEN THE APPEALS OF
    A. CIVIL NO. 1:06CV226CY-RP
    B. CIVIL NO. 1:06CV260CY
    C. TO THE FIFTH CIRCUIT
82. DENIED

18

83. PLAINTIFF. MICHAEL BUESGENS IS DENIED HOUSING ACCOMMODATION ANYWHERE IN THE UNITED STATES

84. HIS DOMICILE IS EXTENDED STAY AMERICA AND THEY HAVE HOTELS NATIONWIDE

85. BUESGENS PAYS $1,400.00 PER MONTH AND THIS BEGAN ON JULY 17, 2006 ✓

86. BUESGENS RECEIVES $1,300.00 DISABILITY RETIREMENT FROM THE OFFICE OF PERSONNEL MANAGEMENT. ✓

87. THAT IS HIS ONLY INCOME

88. BUESGENS HAS SPENT $35,000.00 THAT WAS IN HIS THRIFT SAVINGS PLAN ON HOUSING ACCOMMODATION AND LITIGATION EXPENSES ✓

89. HE IS NOW DEPLETING HIS SMALL SAVINGS IN HIS IRA ACCOUNT ✓

19

1:06 CV 01964 RBW

# CONCLUSION

90   THIS COURT HAS PERSONAL AND SUBJECT MATTER JURISDICTION

91   THE ATTORNEYS HAVE CONSENTED TO THIS COURTS PERSONAL JURISDICTION WHEN THEY INTERFERRED AND PARTICIPATED IN THE WRONGFUL TERMINATION OF PLAINTIFF MICHAEL L BUESGENS

A.   EEOC COMPLAINT FILED : 12/28/05
B.   NO. 06-06-293-8

92   THE FOREGOING ATTORNEYS ABUSE OF PROCESS HAS CAUSED CONTINUING VIOLATIONS INTO 2007 AND BEYOND. THAT HAS PRODUCED MULTIPLE RELATED CAUSES OF ACTION.

93   FOR EXAMPLE
BUESGENS IS DENIED AFFORDABLE HOUSING ACCOMMODATION IN THE DISTRICT OF COLUMBIA   ET·AL.   20

94    BECAUSE OF THE ADVERSE
       ACTIONS BY ATTORNEYS IN
       TEXAS

95    THAT BEGAN WITH CHARLES EADS
       BROWN AND THE OWNERS AND
       PROPERTY MANAGERS
A.     ARNOLD CARL TAUCH  ✓
B.     JACK C. MOSS
C.     KYLE D. TAUCH

D.     ROBERT A. FAITH
E.     GARY KIN OLDHAM  ✓
96    DENIAL OF MY REASONABLE
       ACCOMMODATION REQUEST THAT
       NO LARGE ANIMAL DOGS LIVE
       DIRECTLY ABOVE ME IN APARTMENT
       1033.

97    SEE CHARLES EADS BROWN LETTER
       DATED DECEMBER 15, 2005 AND
       HIS VERSION OF THE INTERACTIVE
       PROCESS AND FAIR HOUSING ACT

21

98

A.
B.
C.

SEE CITY OF AUSTIN, TEXAS
ATTORNEY
CHESTER E. BEAVER ✔
APPEARANCE ON BEHALF OF
HUD CERTIFIED INVESTIGATOR
JOHN A. BENAVIDES
AT
TRAVIS COUNTY COURT AT LAW NO. 1
CAUSE NO. C-1CV-06-000678
TRIAL JUNE 16, 2006

99

MR BEAVER TELLS JUDGE J. ✔
DAVID PHILLIPS THAT BENAVIDES
DOESN'T HAVE TO ANSWER
BUESGENS SUBPOENA BECAUSE
HE DON'T KNOW NOTHIN AND
HE IS THE INVESTIGATOR THAT
FAILED TO WORK BUESGENS
HUD COMPLAINT

100

SEE CHARLES EADS BROWN, EVICTION
SUIT AGAINST BUESGENS BY
FALCON RIDGE APARTMENTS — NO
STANDING — NO CAPACITY TO SUE
ANYONE.

22

1:06 CV 01964 RBW
HUD # 06-06-293-8

## II  DECLARATION OF MICHAEL L. BUESGENS

I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING
AND ATTACHED EXHIBITS ARE
TRUE

PURSUANT TO 28 U.S.C SECTION
1746

EXECUTED ON THIS 15TH DAY OF
MAY, 2007.

*Michael Buesgens*
MICHAEL L BUESGENS

23

1:06 CV 01964 RBW
MUO # 06-06-293-8

## III    CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE
COPY OF THIS RESPONSE TO
CHARLES ENOS BROWN DOCUMENTS
11 AND 17 AND THIS SUBMISSION
OF DOCUMENTARY FACTS WAS
SERVED BY FIRST CLASS MAIL
ON THIS 17TH DAY OF MAY, 2007
ADDRESSED **TO**:

1.  JOHN NEAL, DIRECTOR
CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
6300 LA CALMA, #300
AUSTIN, TEXAS 78752

**2**  CHARLES ENOS BROWN
3624 NORTH HILLS DRIVE, B-100
AUSTIN, TEXAS 78731
512-346-6000

**24**

3.
4.
5.
DAVID B. ARMBRUST
GREGORY J. CAGLE
ARMBRUST & BROWN, **LLP**
100 CONGRESS AVE, #1300
AUSTIN, TEXAS 78701

6.
7.
8.
DUNHAM JEWETT
STELLEY BUSH MARMON
CRADY JEWETT & McCULLEY, **LLP**
2727 ALLEN PKWY, #1700
HOUSTON, TEXAS 77019

9.
10.
11.
12.
**ARNOLD TAUCH**
JACK C. MOSS
KYLE J. TAUCH
LANDLORDS-OWNERS-FALCON
5225 KATY FWY, #530
HOUSTON, TEXAS 77019

13.
14.
15.
CHESTER E. BEAVER        CITY
JOHN A. BENAVIDES         OF
ANN MORGAN              AUSTIN
P.O. BOX 1088
AUSTIN, TEXAS 78767-8865
512-499-2268
25

16
17
18
19
20
21
22
23

FELIX TARANGO
HERBERT EVANS
HARRIET M MURPHY
MELISSA YOUNG GOODWIN
BRUCE ELFANT
JOSEPH ROSSER
EDWARD CURRY
TRAVIS COUNTY
P.O. BOX 1748
AUSTIN, TEXAS 78767
PHONE: 512-854-9513

24
25
26.

**ANDREW KEVER, ATTORNEY**
**MEGIN MONIQUE GOERES**
GRANDE - WINSTEAD
401 CONGRESS AVE, # 2100
AUSTIN, TEXAS 78701

Michael L Buesgens
MICHAEL L BUESGENS
3112 WINDSOR CO, #A322
AUSTIN, TX 78703
512-339-6005 X 7958
FAX: 512-339-6099
MIKEBUESGENS@HOTMAIL.COM

26

1:06 CV 01964 RBW

BUESGENS

V.

BROWN-KEVORICK-HUD-CITY OF
AUSTIN, TEXAS  ET. AL.

IV        EXHIBITS

CHARLES EADS BROWN, ATTORNEY
HUD OFFICINS
CITY OF AUSTIN, TEXAS OFFICINS

1.    SEPTEMBER 23, 2005
RENEWAL LEASE CONTRACT PRICE
$619.00 PER MONTH

2.    DECEMBER 5, 2005
BUESGENS SIGNS RENEWAL LEASE
CONTRACT AT FALCON RIDGE APARTMENTS
APARTMENT 1023   619.00 PER MONTH
FOR DECEMBER 26, 2005 THROUGH
OCTOBER 22, 2006

3.    DECEMBER 15, 2005 LETTER FROM
ATTORNEY CHARLES EADS BROWN

27

1: 06 CV 01964 RBW
EXHIBITS

4. DECEMBER 16, 2005 LETTER
FROM CHARLES EADS BROWN
AND LANDLORD-OWNERS-PROPERTY
MANAGERS
A. ARNOLD CARL TAUCH
B. DICK C. MOSS                    HOUSTON, TX
C. KYLE D. TAUCH

D. ROBERT A. FAITH, CHARLESTON, SC
E. GARY KIN OLDHAM, IRVING, TEXAS

5. DECEMBER 21, 2005
NOTICE TO VACATE
BE OUT BY 11:59:59 PM
DECEMBER 24, 2005
CHRISTMAS EVE

6. DECEMBER 22, 2005
A. REASONABLE ACCOMMODATION REQUEST
B. NO INTERACTIVE PROCESS AND
C. BUESGENS REQUESTED THAT NO LARGE
DOGS LIVE ABOVE HIM.

28

# EXHIBITS

7. DECEMBER 28 2005
HOUSING DISCRIMINATION
COMPLAINT FILED
**HUD** AND CITY OF AUSTIN

8. DECEMBER 29 2005
JOHN A. BENAVIDES INVESTIGATOR
A. HAD TO CORRECT DATE FROM
SEPTEMBER TO DECEMBER
B. HE DIDN'T EVEN KNOW WHAT
MONTH IT WAS

9. CITY OF AUSTIN TX FAIR HOUSING
OFFICE HUD CERTIFIED-DIRECTORY

10. DECEMBER 30, 2005
EVICTION SUIT BY FALCON RIDGE
APARTMENTS **-NO** STANDING **-NO**
CAPACITY

11. OTHER EVICTIONS BY BROWN
AND FALCON RIDGE APARTMENTS
**NO** CAPACITY TO **SUE**

29

# EXHIBITS

12  WEIMARANER DOG CHARACTERISTICS

13. JANUARY 10, 2006
**MEGAN MONIQUE GOERES - TENANT**
WEIMARANER OWNER
STATEMENT

14. JOEL PEREZ STATEMENT
APARTMENT TENANT

15.. CATHERINE ROWAN STATEMENT
APARTMENT TENANT

16. HOUSING DISCRIMINATION CIVIC
ACTION D-1-GN-06-000262
FILED : 01/23/2006

17. FEBRUARY 1, 2006 LETTER FROM
A. AUSTIN APARTMENT ASSOCIATION
MEMBER OF
B. NATIONAL APARTMENT ASSOCIATION

30

# EXHIBITS

**18.**
**A.** FEBRUARY 1, 2006 LETTER FROM JOHN A. BENAVIDES, HUD INVESTIGATOR TO TENANT

**B.** MEGAN MONIQUE GOERES

**19.** FEBRUARY 3 2006 CHARLES EADS BROWN **FIRST** AMENDED PETITION FOR EVICTION

**A.** TRIAL WAS HELD 01/26/2006
**B.** APPEAL FILED 2/2/2006 TO CAUSE NO. C-1-CV-06-000678

**C.** CHARLES EADS BROWN CONTINUALLY OMITTED AND LIED TO THE COURTS ABOUT BUESGEUS **RENEWAL LEASE CONTRACT** SIGNED ON
**D.** DECEMBER 5, 2005 FOR
**E.** THE PERIOD DECEMBER 26, 2005 THROUGH OCTOBER 22, 2006

31

EXHIBITS

20. CHARLES ENOS BROWN, ATTORNEY
FEES FOR EVICTION SUIT
CASE NO. 04105Y FILED 12/30/05
ARE #10,000.00
5 PAGES

21. FEBRUARY 21, 2006
A. CHARLES ENOS BROWN
B. ARNOLD CARL TAUCH
C. JACK C. MOSS
D. KYLE O. TAUCH
E. ROBERT A. FAITH
F. GARY KIN OLDHAM
G. ORIGIN ANSWER
CASE NO. D-1-GN-06-000262  01/23/06
HOUSING DISCRIMINATION
HUD #06-06-293-8              12/28/05
4 PAGES

22. FEBRUARY 21, 2006 - HEARING
A. D-1-GN-06-000262 - MEDIATION - WHY?
B. SEE HEARING TRANSCRIPT

32

# EXHIBITS

**23.** MARCH 2, 2006
CASE NO. D-1-GN-06-000262
CHARLES EADS BROWN

**A.** **FIRST** AMENDED ANSWER
D-1-GN-06-000262 WAS REMOVED
ON 03/29/06 TO 1:06CV226LYRP

**B.** WHERE ANOTHER FIRST AMENDED
ANSWER WAS FILED BY

**C.** ARMBRUST & BROWN, LLP
**D.** CRADY JEWETT & McCULLEY, LLP

**E.** WHERE IS GREYSTAR HOLDINGS INC?
AND NO ONE AUTHORIZED CHARLES
EADS BROWN TO REPRESENT THE

**F.** GREYSTAR-GREP FAMILY
**G.** ROBERT A. FAITH-GARY KIDOLNIHAM

**24.** SEE REGISTERED AGENT **C.T.**
CORPORATION STATEMENT
DOCUMENT DATED: 12/29/06

**25.** MARCH 24, 2006 ANOTHER ✔
**ORIGINAL ANSWER** BY BROWN
D-1-GN-06-000262

**33**

# EXHIBITS

TO SUMMARIZE — SO FAR WE
HAVE **TWO** ORIGINAL ANSWERS
FROM CHARLES ENOS BROWN
AND **ONE** FIRST AMENDED ANSWER
FOR: D-1-GN-06-000262

**26.**
**A.** MARCH 28, 2006
**B.** CHARLES ENOS BROWN
**C.** ARNOLD CARL TAUCH
**D.** JACK C. MOSS
**E.** KYLE O. TAUCH
**F.** ROBERT A. FAITH
**G.** GARY KID OLDHAM
   NEED PROTECTION FROM
DISCOVERY
       AND
**H.** TEXAS RULES OF CIVIL PROCEDURE
FOR INTERROGATORIES THAT
WERE NEVER ANSWERED ANYWHERE
**4 PAGES**

**27.** DEBRA WEHMEIER ✓ FAILURE ON
BUESGENS **SUBPOENA** PER CHARLES
ENO BROWN ORDER  C-1-CV-06-000678

**34**

# EXHIBITS

**28.**  JULY 5, 2006
CAUSE # C-1-CV-06-000678
THE REMAND OF 1:06CV260LY
CHARLES ENOS BROWN IS
FIRED
**3** PAGES

**29.**  FEBRUARY 10, 2006
CHARLES ENOS BROWN LETTER
TO    CHARLES A. GORHAM
**A.**
**B.**      JOHN A. BENVIDES, INVESTIGATOR
**C.**   CHESTER E. BEAVER - ATTORNEY
**D.**  ANN MORGAN - AUSTIN
**E.**   KIM KENDRICK - **HUD**
**F.**   MILTON TURNER - **D.C.**

**30.**  CHARLES ENOS BROWN **USES**
EVICTION SUIT CASE NO. 041509
THAT HE FILED AGAINST BUESGENS
**A.**   **TO DISMISS**
**HUD** # 06-06-293-8
**B.**   AND IT WORKS - CLAIM DISMISSED
**2** PAGES

**35**

# EXHIBITS

31: FEBRUARY 17, 2006
LETTER FROM JOHN A. BENAVIDES
A. KIM KENDRICK
B. MILTON TURNER
C. CHESTER E. BEAVER
D. ANN MORGAN

32. TO
MICHAEL L BUESGENS
A. HUD # 06-06-293-8
B. DISMISSED BECAUSE OF
C. EVICTION TRIAL JANUARY 26, 2006
D. CASE NO. 041509

33. FEBRUARY 21, 2006 LETTER
A. FROM JOHN A. BENAVIDES
B. KIM KENDRICK AND MILTON TURNER

34. SEE HUD'S TEAPOTS COMPLAINT
PROCESSING MANUAL AND FHA
AND INTERFERENCE WITH BUESGENS
HUD COMPLAINT BY CHARLES
EADS BROWN, ET. AL:

36

# EXHIBITS

**35.** APRIL 21, 2006 LETTER
FROM REGION VI - HUD - FHEO

**A.**
**B.** DIRECTOR GARRY SWEENEY
ANALYSIS OF
TRIAL JANUARY 26, 2006

**C.** EVICTION SUIT 041509

**D.** CHARLES EADS BROWN, INTERFERENCE

**E.** JOHN A. BENAVIDES

**F.** CHESTER E. BEAVER **ET. AL.**


**36** JULY 28 2006 LETTER FROM
KIM KENDRICK ASSISTANT
SECRETARY - HUD - FHEO

**A.** CHARLES EADS BROWN - INTERFERENCE
**B.** JOHN A. BENAVIDES

**C.** GARRY SWEENEY

**D.** CASE NO. 041509 - EVICTION SUIT

**E.** SOLE ISSUE IS POSSESSION OF PROPERTY
AND

**F.** HUD # 06-06-293-8
IS

**G.** DISMISSED
**2** PAGES
**37**

# EXHIBITS

**37.** AUGUST 14, 2006  LETTER FROM GARRY SWEENEY,
**LINDA THOMPSON,** DIRECTOR
WASHINGTON DC
CONTINUING VIOLATIONS ✓
BUESGENS IS DENIED HOUSING
ACCOMMODATION

**38.** AUGUST 25, 2006  LETTER FROM
**A.**    **MILTON TURNER,** DIRECTOR
HUD ENFORCEMENT
**B.**    HUD # 06-06-293-8

MR TURNER SAYS HE DOES NOT
HAVE ANY RESPONSIBILITY

**39.** SEPTEMBER 18, 2006  LETTER FROM
**LINDA G. KATZ** – HUD – FTCA
FEDERAL TORT CLAIMS CENTER
**HUD** # 06-06-293-8

38

# EXHIBITS

**40.** OCTOBER 4 2006 LETTER FROM **MINIARD CULPEPPER** FEDERAL TORT CLAIMS CENTER HUD # 06-06-293-8

**41.** APRIL 4 2007 LETTER FROM PENNY SHIELDS - HUD - FOIA HUD # 06-06-293-8 MINIARD CULPEPPER - FOIA - FTCA

**42.** MAY 4 2007 LETTER FROM MINIARD CULPEPPER ✓

**FOIA**

MINIARD DON'T KNOW NOTHIN ABOUT AUDIO TAPES

OF

**A** CHARLES ENOS BROWN ✓

**B** JOHN A. BENAVIDES

OR

**C.** ALL THE DOCUMENTARY BUESGENS SENT IN 2006 TO KIM KENDRICK AND MILTON TURNER - HUD - **D.C.**

39

EXHIBITS

43. JUNE 19, 2006 ANOTHER REASONABLE ACCOMMODATION REQUEST BY REX WIER, M.D. ✔

44. JUNE 29, 2006 ANOTHER REASONABLE ACCOMMODATION REQUEST BY REX WIER, M.D.

45. BUESGENS WAS EVICTED ON JULY 6, 2006

46. ADMITTED TO SETON SHOAL CREEK HOSPITAL ON JULY 6, 2006 AND DISCHARGED ON JULY 12, 2006

47. JULY 8, 2006 ANOTHER REASONABLE ACCOMMODATION REQUEST TO —LANDLORDS—OWNERS
A. ARNOLD CARL TAUCH
B. JACK C. MOSS
C. KYLE D. TAUCH
2 PAGES

40

EXHIBITS

48. DECEMBER 29 2006 LETTER
FROM REGISTERED AGENT
C.T. CORPORATION
THEY DONT KNOW WHO GREYSTAR
OF GREP IS.

49. DOCUMENT 11 FILED: 03/19/07
A. CHARLES EADS BROWN IS
B. INNOCENT
C. DENIES EVERYTHING
6 PAGES

50 DOCUMENT 12
1:06 CV 01964 RBW
A. CHARLES EADS BROWN HAS
B. FACTUAL
C. VERBALISMS
D. THAT ARE ACCEPTED
EVERY WHERE IN TEXAS
10 PAGES

41

EXHIBITS

51. ADVERSE ACTION LETTER
DATED 11/14/2006
FROM
A SOUTHWEST HOUSING CORP
B ROSEMONT AT MODEN CREEK
C L IHTC PROPERTY
AND
52 FALCON RIDGE APARTMENTS
NEW OWNERS
A I. FRANK MILLER III
B J.P.I. PARTNERS
C JEFFERSON AT FALCON RIDGE

53 UNLAWFUL RELETTING CHARGES
FOR JULY 6, 2006 THROUGH
OCTOBER 22, 2006

54 BUESGENS DOES NOT OWE
$3,893.00

2 PAGES

42

1:06 CV 01964 RBW
HUD # 06-06-293-8

# EXHIBITS

55. FALCON RIDGE
A. ROSEMONT AT (HIDDEN) CREEK
B. LIHTC PROPERTY
C. SOUTHWEST HOUSING CORP

D. WEEKS & ASSOCIATES
   INVESTIGATORS
   AUSTIN TEXAS
   FALCON RIDGE APARTMENTS

56 TEAPOTS COMPLAINT PROCESSING
   MANUAL - HUD - FHEO - FHAP

57 HUD OFFICIALS
   3 PAGES

58. CIVIL NO.: 1:07CV10538 WGY
    HUD # 06-06-293-8
    FTCA - TORT CLAIM
    4 PAGE DOCKET        CLOSED
59 MAILED TO KIM KENDRICK AT HUD

43

1:06CV01964RBW

**MAILED TO**

1   KIM KENDRICK, ASSISTANT
SECRETARY
U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT
FAIR HOUSING EQUAL OPPORTUNITY
HUD-FHEO
                    AND

2   MILTON TURNER, DIRECTOR
ENFORCEMENT AND COMPLIANCE
CHARLES ENOS BROWN
HUD# 06-06-293-8
    FILED: 12/28/05
EVICTION SUIT 04150Q
    FILED: 12/30/05
TRIAL: 01/26/06
BROWN INTERFERENCE    02/10/2006
CLAIM DISMISSED    02/17/2006

3   451 7TH STREET SW ROOM 5700
WASHINGTON DC 20410
PHONE: 202-708-4252
    FAX: 202-708-4483

4   THIS ENTIRE FILING
                44

# Falcon Ridge Apartments

September 23, 2005

Apartment #: 1023

Dear Michael Buesgens,

Congratulations on your anniversary with us and thank you for being a valued resident in our community!  Your lease will be expiring on **December 25, 2005** and you are currently paying **$619.00** per month for rent.

Our entire team is committed to providing you with exceptional service. Our goal is to offer one of the finest apartment communities in the area, a place you can truly be proud to call your home! We look forward to your continued residency with us!  Your new lease term rental rates are shown below.

**$624.00** on a 6-9 month lease
**$619.00** on a 10-13 month lease
**$730.00** on month-month basis beginning January 1, 2006
**\*\*These rates do not include carports, garages or view fees.**

Again, we would like to extend our appreciation for making Falcon Ridge Apartments your home!  However, we do understand that everyone is not able to stay for as long as we would like for them to, so if you are planning to leave at the end of your lease term don't forget that you must submit a **written 60-day notice to vacate prior to your lease expiration per your signed Lease Contract.**

Sincerely,
*Mandy, Leann, Amanda, Samantha, Nawal, Jack, Aide, Giovanni and Cruz*
*The Falcon Ridge Team*

**Don't forget...when you renew you get a "tune-up" on your apartment.  Ask for details!**





## GREYSTAR
## MANAGEMENT
### S E R V I C E S

**Concession Reimbursement**
**Addendum to Apartment Lease Contract**

The move in special/concession or lease renewal special is contingent upon full and complete compliance with the Lease Agreement, including rent being paid on or before the stipulated due date each month and completing the full term of the lease agreement. If the lessee fails to comply with the lease agreement in any manner, including paying rent late or lease violations due to noise, etc., *or* terminates the lease prior to the expiration of the term, the amount of the concession is due and payable in full.

In case of conflict between the provisions of this addendum and any other provisions of the lease, the provisions of this addendum shall govern.

The rental rate on Apartment # **023** is being adjusted from $ **730**, the current market rent, for the following reason and according to the following terms:
(Above market rent includes: check all that apply: ____ garage ____ carport ____ storage ____ washer/dryer)

1. ✓ Concession of $ **111—** per month.
   For the following specified month(s)(indicate each month and year, if more than one):
   **Dec. 26,** 200**5**-**Oct. 22,** 200**6**

   **OR**

2. _____ A one time ___ move-in___ renewal special of $ ____ for the month of _____, 200__, which will be the first full month.

The pro-rated amount upon move-in will be $ **019** for the month of **Dec**, 200**5**

Thereafter, the monthly rent will be $ **019** starting with the month of **Jan**, 200**6** and ending on the **22nd** day of the month of **Oct**, 200**6**

The total amount of the concession covered by this Lease Addendum is $ **110—**.

*\*If the Lease Agreement is terminated prior to the lease expiration date agreed in the apartment Lease Agreement, the total amount of the concession taken **must be repaid at the time of the lease termination.** The cancellation fee (if applicable, as discussed in the lease) is paid at the full market rental rate as stated on the front page of the Lease Contract, not the reduced rate mentioned above. Otherwise, you will be charge a re-letting fee **(which is not a cancellation fee)**, in addition to owing accelerated rent through the end of your lease term.*
*\*If a locator referred you to our property, a fee will be paid to the locator. It is the locator's responsibility to reimburse our company the total fee paid should you break your contract within the first 90 days of residency. Should the locator default, and not reimburse us, you will be charged the entire amount of the locator fee. **Should you break your lease contract after 90 days, we will require you to reimburse the property the prorated share of the locator fee paid.** The prorated share is based on the lease term indicated on your lease contract.*

_____        _____        _____
Resident Signature                 Resident Signature                 Date

_____        _____        _____
Resident Signature                 Resident Signature                 Date

Greystar Associate                 Date **12/5/05**

TEXAS APARTMENT ASSOCIATION ~~~~~~~~ Apartment Lease Contract ~~~~~~~~ Association

Date of Lease Contract:  **December 5, 2005**
(when this Lease Contract is filled out)

This is a binding contract. Read carefully before signing.

**A619.00 RENT**

## Moving In — General Information

**1. PARTIES.** This Lease Contract is between you, the resident(s) (list all people signing the Lease Contract): **Michael Buesgens**

and us, the owner:

**Falcon Ridge**

(name of apartment community or title holder). You've agreed to rent Apartment No. **1023**, at **500 East Stassney Lane** (street address)
in **Austin** (city),
Texas, **78745** (zip code) for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above and not to property managers or anyone else. Written notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor must be executed.

**2. OCCUPANTS.** The apartment will be occupied only by you and (list all other occupants not signing the Lease Contract):

_____
_____
_____

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than 7 consecutive days without our prior written consent, and no more than twice that many days in any one month. If the previous space isn't filled in, two days per month is the limit.

**3. LEASE TERM.** The initial term of the Lease Contract begins on the **26th** day of **December**, **2005** (year), and ends at midnight the **22nd** day of **October 2006** (year). This Lease Contract will automatically renew month-to-month unless either party gives at least **60** days written notice of termination or intent to move-out as required by paragraph 37. If the number of days isn't filled in, at least 30 days notice is required.

**4. SECURITY DEPOSIT.** The total security deposit for all residents is $ **0.00**, due on or before the date this Lease Contract is signed. This amount (check one): ☐ does or ☒ does not include an animal deposit. Any animal deposit will be stated in an animal addendum. See paragraphs 41 and 42 for security deposit return information.

**5. KEYS AND FURNITURE.** You will be provided **1** apartment key(s), **1** mailbox key(s), and **1** other access device(s) for **Gatecard(s)**. Any resident, occupant, or spouse who, according to a remaining resident's affidavit, has permanently moved out or is under court order not to enter the apartment, is (at our option) no longer entitled to occupancy, keys, or other access devices. Your apartment will be (check one): ☐ furnished or ☒ unfurnished.

**6. RENT AND CHARGES.** You will pay $ **730.00** per month for rent, in advance and without demand (check one):
☐ at the on-site manager's office, or
☒ at **24 Hour Night Drop Box**

Prorated rent of $ **141.29** is due for the remainder of (check one): ☒ 1st month or ☐ 2nd month, on **September 27 2004** (year). Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. If you don't pay all rent on or before the **2nd** day of the month and we haven't given notice to vacate before that date, you'll pay an initial late charge

of $ **50.00** plus a late charge of $ **10.00** per day until that date until paid in full. Daily late charges will not exceed 15 days for any single month's rent. You'll also pay a charge of $ **50.00** for each returned check or rejected automatic electronic draft, plus initial and any late charges from that date until we receive acceptable payment. If you don't pay rent on time, you'll be delinquent and all remedies under state law and this Lease Contract will be authorized. If you violate the animal restrictions of paragraph 27 or other animal rules, you'll pay an initial charge of $ **100.00** per animal (not to exceed $100 per animal) and a daily charge of $ **10.00** per animal (not to exceed $10 per day per animal) from the date the animal was brought into your apartment until it is finally removed. We'll also have all other remedies for such violation.

**7. UTILITIES.** We'll pay for the following items, if checked: ☐ gas ☐ water ☐ wastewater ☐ electricity ☐ trash ☐ cable TV ☐ master antenna ☐ Internet service ☐ other utilities
You'll pay for all other utilities, related deposits, and any charges or fees on such utilities during your Lease Contract term. You must not allow utilities (other than cable TV) to be cut off or switched for any reason—including disconnection for not paying your bills—until the Lease Contract term or renewal period ends. If a utility is submetered or prorated by an allocation formula, we will attach an addendum to this Lease Contract in compliance with state agency rules. If a utility is individually metered, it must be connected in your name and you must notify the utility provider of your move-out date so the meter can be timely read. If you delay getting it turned on in your name by commencement or cause it to be transferred back into our name before you surrender or abandon the unit, you'll be liable for a $ **50.00** charge (not to exceed $50), plus the actual or estimated cost of the utilities used while the utility should have been connected in your name. If you are in an area open to competition and your unit is individually metered, you may change or choose your retail electric provider at any time. If you qualify, your provider will be the same as ours, unless you choose a different provider. If you choose or change your provider, you must give us written notice. You must pay all applicable provider fees, including fees to change service back into our name after you move out.

**8. INSURANCE.** Our insurance does not cover your personal property or any loss or damage for losses due to theft, fire, water damage, etc. You intend to (check one):
☐ not buy insurance to protect against such losses, or
☐ buy insurance from your own agent to cover such losses.
If neither is checked, you acknowledge that you will not have insurance coverage.

**9. SECURITY DEVICES. What We Must Provide.** Texas law requires, with some exceptions, that we must provide at no cost to you when occupancy begins (1) a window latch on each window; (2) a doorviewer (peephole) on each exterior door; (3) a pin lock on each sliding door; (4) either a door handle latch or a security bar on each sliding door; (5) a keyless bolting device (deadbolt) on each exterior door; and (6) either a keyed deadbolt or a keyed doorknob lock on one entry door. Keyed lock(s) will be rekeyed after the prior resident moves out. The rekeying will be done either before you move in or within 7 days after you move in, as required by statute. If we fail to install or rekey security devices as required by Property Code, you have the right to do so and deduct the reasonable cost from your next rent payment under Section 92.165(1) of the Code.

**What You Are Now Requesting.** Subject to some limitations, under Texas law you may at any time ask us to: (1) install one keyed deadbolt lock on an exterior door if it does not have one; (2) install a security bar on a sliding glass door if it does not have one; and (3) change or rekey locks or latches. We must comply with those requests, but you must pay for them. Subject to statutory restrictions on what security devices you may request, you are now requesting us to install or change at your expense:

_____

If no item is filled in, then you are requesting none at this time.

**Payment.** We will pay for missing security devices that are required by statute. You will pay for: (1) rekeying that you request (except when failed to rekey after the previous resident moved out) and (2) repairs or replacements due to misuse or damage by you or your family, occupants, or guests. You must pay immediately after the work is done unless state statute authorizes advance payment. You must also pay in advance for additional or changed security devices you request, in advance if afterward, at our option.

## Special Provisions and "What If" Clauses

**RELETTING**

**10. SPECIAL PROVISIONS.** The following or attached special provisions and any addenda or written notice furnished to you at or before signing will become a part of this Lease Contract and will supersede any conflicting provisions of this printed Lease Contract form.

**A $175.00 non-refundable administrative fee has been paid. Checks will not be accepted for rental payments after the 10th of the month.**

_____
_____

**11. UNLAWFUL EARLY MOVE-OUT; RELETTING CHARGE.** You'll be liable for a reletting charge of $ **620.5** (not to exceed 85% of the highest monthly rent during the Lease Contract term) if you:
(1) fail to move in, or fail to give written move-out notice as required by paragraphs 23 or 37; or
(2) move out without paying rent in full for the entire Lease Contract term or renewal period; or
(3) move out at our demand because of your default; or
(4) are judicially evicted.
The reletting charge is not a cancellation fee and does not release you from obligations under this Lease Contract. See the first paragraph of page 2.

Michael B

**1205200502 461**

cancellation or buyout fee. It is a liquidated amount covering only part of our damages; that is, our time, effort, and expense in finding and processing a replacement. These damages are certain and difficult to ascertain—particularly those relating to making ready, inconvenience, paperwork, advertising, showing apartments, utilities for showing, checking prospects, overhead, marketing costs, and locator-service fees. You agree that the reletting charge is a reasonable estimate of such damages and that the charge is due whether or not our reletting attempts succeed. If no amount is stipulated, you must pay our actual reletting costs so far as they can be determined. The reletting charge does not release you from continued liability for: future or past-due rent; charges for cleaning, repairing, repainting, or unreturned keys; or other sums due.

**12. DAMAGES AND REIMBURSEMENT.** You must promptly pay or reimburse us for loss, damage, consequential damages, government fines or charges, or cost of repairs or service in the apartment community due to a violation of the Lease Contract or rules; improper use; negligence; other conduct by you or your invitees, guests or occupants; or any other cause not due to our negligence or fault. You will indemnify and hold us harmless from all liability arising from the conduct of you, your invitees, guests, or occupants, or our representatives who perform at your request services not contemplated in this Lease Contract. Unless the damage or wastewater stoppage is due to our negligence, we're not liable for—and you must pay for—service, replacement costs, and damage to the following if occurring during the Lease Contract term or renewal period: (1) damage to doors, windows, or screens (2) damage from windows or doors left open; and (3) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment. We may require payment at any time, including advance payment of repairs for which you're liable. Delay in demanding sums you owe is not a waiver.

**13. CONTRACTUAL LIEN AND PROPERTY LEFT IN APARTMENT.** All property in the apartment is (unless exempt under Section 54.043 of the Texas Property Code) subject to a contractual lien to secure payment of delinquent rent. For this purpose, "apartment" excludes common areas but includes interior living areas and exterior patios, balconies, attached garages, and storerooms for your exclusive use.

**Removal After We Exercise Lien for Rent. If your rent is delinquent,** our representative may peacefully enter the apartment and remove and/or store all property subject to lien. Written notice of entry must be left afterwards in the apartment in a conspicuous place—plus a list of items removed. The notice must state the amount of delinquent rent and the name, address, and phone number of the person to contact about the amount owed. The notice must also state that the property will be promptly returned when the delinquent rent is fully paid. All property in the apartment is presumed to be yours unless proven otherwise.

**Removal After Surrender, Abandonment, or Eviction.** We or law officers may remove or store all property remaining in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) if you are judicially evicted or if you surrender or abandon the apartment (see definitions in paragraph 42).

**Storage.** We will store property removed under a contractual lien. We may, but have no duty to, store property removed after judicial eviction, surrender, or abandonment of the apartment. We're not liable for casualty loss, damage, or theft except for property removed under a contractual lien. You must pay reasonable charges for our packing, removing, storing, and selling any property. We have a lien on all property removed and stored after surrender, abandonment, or judicial eviction for all sums you owe, with one exception: Our lien on property listed under Property Code Section 54.042 is limited to charges for packing, removing, and storing.

**Redemption.** If we've seized and stored property under a contractual lien for rent as authorized by the Property Code, you may redeem the property by paying all delinquent rent due at the time of seizure. But if notice of sale (set forth as follows) is given before you seek redemption, you may redeem only by paying the delinquent rent and reasonable charges for packing, removing, and storing. If we've removed and stored property after surrender, abandonment, or judicial eviction, you may redeem only by paying all sums you owe, including rent, late charges, reletting charges, storage, damages, etc. We may return

the apartment ... due option). We may require payment by cash, money order, or certified check.

**Disposition or Sale.** Except for animals and property removed after the death of a sole resident, we may throw away or give to a charitable organization all items of personal property that are: (1) left in the apartment after surrender or abandonment; or (2) left outside more than 1 hour after writ of possession is executed, following judicial eviction. Animals removed after surrender, abandonment, or eviction may be kenneled or turned over to local authorities or humane societies. Property not thrown away or given to charity may be disposed of only by sale, which must be held no sooner than 30 days after written notice of date, time and place of sale is sent by both regular mail and certified mail (return receipt requested) to your last known address. The notice must itemize the amounts you owe and the name, address, and phone number of the person to contact about the sale, the amount owed, and your right to redeem the property. Sale may be public or private; subject to any third-party ownership or lien claims, must be to the highest cash bidder, and may be in bulk, in batches, or item-by-item. Proceeds exceeding sums owed must be mailed to you at your last known address within 30 days after sale.

**14. FAILING TO PAY FIRST MONTH'S RENT.** If you don't pay the first month's rent when or before the Lease Contract begins, all future rent will be automatically accelerated without notice and immediately due. We also may end your rights of occupancy and recover damages, future rent, reletting charges, attorney's fees, court costs, and other lawful charges. Our rights, remedies, and duties under paragraphs 11 and 32 apply to acceleration under this paragraph.

**15. RENT INCREASES AND LEASE CONTRACT CHANGES.** No rent increases or Lease Contract changes are allowed before the initial Lease Contract term ends, except for changes allowed by any special provisions in paragraph 10, by a written addendum or amendment signed by you and us, or by reasonable changes of apartment rules allowed under paragraph 18. If, at least 5 days before the advance notice deadline referred to in paragraph 3, we give you written notice of rent increases or Lease Contract changes effective when the Lease Contract term or renewal period ends, this Lease Contract will automatically continue month-to-month with the increased rent or Lease Contract changes. The new modified Lease Contract will begin on the date stated in the notice (without necessity of your signature) unless you give us written move-out notice under paragraph 37. The written move-out notice under paragraph 37 applies only to the end of the current Lease Contract or renewal period.

**16. DELAY OF OCCUPANCY.** If occupancy is or will be delayed for construction, repairs, cleaning, or a previous resident's holding over, we're not responsible for the delay. The Lease Contract will remain in force subject to (1) abatement of rent on a daily basis during delay; and (2) your right to terminate as set forth below. Termination notice must be in writing. After termination, you are entitled only to refund of deposit(s) and any rent paid. Rent abatement or Lease Contract termination does not apply if delay is for cleaning or repairs that don't prevent you from occupying the apartment.

If there is a delay and we haven't given notice of delay as set forth immediately below, you may terminate up to the date when the apartment is ready for occupancy, but not later.

(1) If we give written notice to any of you when or after the Lease Contract begins—and the notice states that occupancy has been delayed because of construction or a previous resident's holding over, and that the apartment will be ready on a specific date—you may terminate the Lease Contract within 3 days of your receiving the notice, but not later.

(2) If we give written notice to any of you before the effective Lease Contract date and the notice states that construction delay is expected and that the apartment will be ready for you to occupy on a specific date, you may terminate the Lease Contract within 7 days after any of you receives written notice, but not later. The readiness date is considered the new effective Lease Contract date for all purposes. This new date may not be moved to an earlier date unless we and you agree.

**17. DISCLOSURE RIGHTS.** If someone requests information on you or your rental history for law-enforcement, governmental, or business purposes, we may provide it. At our request, any utility provider may furnish us information about pending or actual connections or disconnections of utility service to your unit.

---

**While You're Living in the Apartment**

**18. COMMUNITY POLICIES OR RULES.** You and all guests and occupants must comply with any written apartment rules and community policies, including instructions for care of our property. Our rules are considered part of this Lease Contract. We may make reasonable changes to written rules, effective immediately, if they are distributed and applicable to all units in the apartment community and do not change dollar amounts on page 1 of this Lease Contract.

**19. LIMITATIONS ON CONDUCT.** The apartment and other areas reserved for your private use must be kept clean. Trash must be disposed of at least weekly in appropriate receptacles in accordance with local ordinances. Passageways may be used only for entry or exit. Any swimming pools, saunas, spas, tanning beds, exercise rooms, storerooms, laundry rooms, and similar areas must be used with care in accordance with apartment rules and posted signs. Glass containers are prohibited in or near pools and all other common areas. You, your occupants, or guests may not anywhere in the apartment

business or contributions. Conducting any kind of business (including child care services) in your apartment or in the apartment community is prohibited—except that any lawful business conducted "at home" by computer, mail, or telephone is permissible if customers, clients, patients, or other business associates do not come to the apartment for business purposes. We may regulate: (1) the use of patios, balconies, and porches; (2) the conduct of furniture movers and delivery persons; and (3) recreational activities in common areas.

We may exclude from the apartment community guests or others who, in our judgment, have been violating the law, violating this Lease Contract or any apartment rules, or disturbing other residents, neighbors, visitors, or owner representatives. We may also exclude from any outside area or common area a person who refuses to show photo identification or refuses to identify himself or herself as a resident, occupant, or guest of a specific resident in the community.

## CHARLES E. BROWN, P.C.
### ATTORNEY AT LAW
**BOARD CERTIFIED**
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

818 WEST 10TH STREET
AUSTIN, TEXAS 78701

512-476-8942
FAX: 512-477-5850
cbrown80@swbell.net

December 15, 2005

Mr. Michael L. Buesgens
500 E. Stassney Lane, Apt. 1023
Austin, Texas 78745

*Via Certified Mail, RRR #7005 1820 0006 6013 3497*
*First Class Mail & Hand Delivery*

RE:    Lease Contract between Michael L. Buesgens ("Resident") and Falcon Ridge Apartments ("Landlord") dated August 26, 2004 and renewed on March 28, 2005 (the "Lease") for the property described as 500 E. Stassney Lane, #1023, Austin, Texas 78745 (the "Premises").

*WHERE IS RENEWAL LEASE CONTRACT ?*

Dear Mr. Buesgens:

I represent Falcon Ridge Apartments regarding the above-referenced matter. Please send all correspondence regarding this matter to me.

It is my understanding that you have been harassing Falcon Ridge residents and Management because of a neighbor's dog that you claim is disturbing you. My client and the Austin Police Department have investigated your claims and have not found that your neighbor's dog is causing excessive noise as you have alleged. The dog is within the regulations and policies adopted by my client. Dogs and neighbors are part of living in an apartment. Therefore, the animal will continue to be allowed in the apartment as long as your neighbor is in compliance with the community policies and lease.

C:\CBShare\A WorkCB\12-Falcon Ridge, Michael Buesgens, letter to tenant.doc

Page 1 of 3

I have reviewed the complaint that you sent to my client dated December 11, 2005. My client denies all of the claims that you have described in that document. My client has not discriminated against you. My client's allowing your neighbor to have a pet does not constitute discrimination. This resident met the same criteria to have a pet as any other resident. Furthermore, the individuals named in your complaint, Debbie Wehmeier, Mandy Rogers and Amanda Wilson have no personal liability in this matter. These individuals are working within the scope of their duties as managers on behalf of the landlord. Any claims against them individually are misdirected.

Your conduct in this matter constitutes a breach of your lease. While my client welcomes residents to make complaints and requests where warranted, your conduct is far beyond reasonable. Specifically, you have harassed your neighbors to get them to complain to management. Further, I understand that you have made complaints to the police and animal control officers which our investigation does not prove to be warranted. You must cease your harassment of management and other residents and other disruptive behavior immediately or you will be evicted.

You are a valued resident at Falcon Ridge Apartments. Accordingly, my client makes the following proposals to you in an effort to settle this matter to your satisfaction. Some of these proposals have previously been offered to you verbally. My client offers the following:

1. You may terminate your lease early without penalty. You will be required to pay rent up until the date you vacate. Your deposit will be treated as required by the lease concerning the condition of the premises.

2. You may move to another unit within the complex. We suggest that you select a third floor unit so that you will not have anyone living above you. In such event, you will have to sign a new lease for the same length as the remainder of your current lease, your security deposit would transfer and you would be released from your current lease.

3. You can stay where you are. We will allow the neighbor living above you to move in January, 2006 as she has requested. Therefore, the dog will be moved away from you in about a month. However, my client will not agree

C \CBShare\A WorkCB\12-Falcon Ridge, Michael Buesgens, letter to tenant.doc

that the future resident of the apartment above yours will not have a pet. The apartment will be leased to the next qualified resident.

As a condition of any of the above offers, you must sign a Release and Settlement Agreement releasing all claims that you have alleged against my client. I will be happy to provide you with a draft to review.

I request that you do not contact the Management office of Falcon Ridge Apartments concerning this matter. Please respond to the above proposals within 3 days of your receipt of this letter. Thank you for your attention to this matter.

Sincerely,

Charles E. Brown

Cc: Falcon Ridge Apartments

## CHARLES E. BROWN, P.C.
### ATTORNEY AT LAW
**BOARD CERTIFIED**
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

512-476-8942
FAX: 512-477-5850
cbrown80@swbell.net

818 WEST 10TH STREET
AUSTIN, TEXAS 78701

December 16, 2005

Mr. Michael L. Buesgens
500 E. Stassney Lane, Apt. 1023
Austin, Texas 78745

*Via Certified Mail, RRR #7005 1820 0006 6013 3527*
*& First Class Mail*

RE:    Lease Contract between Michael L. Buesgens ("Resident") and Falcon
Ridge Apartments ("Landlord") dated August 26, 2004 and renewed on
March 28, 2005 (the "Lease") for the property described as 500 E. Stassney
Lane, #1023, Austin, Texas 78745 (the "Premises").

*WHERE IS RENEWAL LEASE CONTRACT?*

Dear Mr. Buesgens:

In response to your request dated December 15, 2005, the name and address of the
owner of Falcon Ridge Apartments is as follows:

Falcon Group, L.P.
5225 Katy Freeway, Suite 530
Houston, Texas 77007

Further, I once again request that you do not contact the Management office of
Falcon Ridge Apartments concerning this matter. Instead, please direct all
communications to this office by phone to (512) 346-6000, fax to (512) 346-6005,
or in writing to 3624 North Hills Drive, Suite B-100, Austin, Texas 78731.

Y:\A Work\CB\12-Falcon Ridge, Michael Buesgens, letter to tenant 2.doc

Page 1 of 2

Thank you for your attention to this matter. Please contact me if you have any questions.

Sincerely,

Charles E. Brown

Cc: Falcon Ridge Apartments

CHARLES E. BROWN, P.C.
ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**COPY**

818 WEST 10TH STREET
AUSTIN, TEXAS 78701

512-476-8942
FAX: 512-477-5850
cbrown80@swbell.net

## NOTICE TO VACATE

December 21, 2005

Mr. Michael L. Buesgens
500 E. Stassney Lane, #1023
Austin, Texas 78745

VIA HAND DELIVERY, CERTIFIED
MAIL RRR #7005 1820 0006 6013 3541
& FIRST CLASS MAIL

RE:   Lease Contract between Michael L. Buesgens ("Resident") and Falcon
Ridge Apartments ("Landlord") dated August 26, 2004 and renewed on
March 28, 2005 (the "Lease") for the property described as 500 E. Stassney
Lane, #1023, Austin, Texas 78745 (the "Premises")

*WHERE IS RENEWAL LEASE CONTRACT?*

Dear Mr. Buesgens:

I represent Falcon Ridge Apartments regarding the above-referenced matter.
Please send all correspondence regarding this matter to me.

You are in default of the above-described Lease.

Your rights of occupancy and possession of the Premises are hereby terminated.
Your liability under the Lease for rent and other charges you may owe has not been
terminated.

Specifically, this action is taken because:

1.     Violation of Paragraph 20 of the Lease – Prohibited Conduct.

2.     Default pursuant to Paragraph 32 of the Lease.

Y:\A WorkCB\12-Falcon Ridge, Michael Buesgens, Notice to Vacate.doc



Demand for possession is hereby made.  You are hereby given notice to vacate the Premises on or before 11:59:59 p.m. on the 24th day of December, 2005, which is at least one (1) day from the delivery of this notice to you or to your leased space. Your failure to move out then will result in appropriate legal action before the Justice of the Peace. Delay or postponement of such action shall not constitute waiver.

Sincerely,

Charles E. Brown

_____          _____
**Date notice was given by**              **Signature of Owner or**
**the method checked below**              **Owner's representative**


☐    hand delivered to any          ☐    posted on the inside of the Dwelling's
     person 16 or older                   main entry door (not the screen door)
     in the Premises;                     that has a keyless bolting device or
                                          a keyless deadbolt on it.



cc:    Falcon Ridge Apartments

## Request for Reasonable Accommodation

Certified Letter Number:  7002 2030 0000 3739 9896

Attn:  Charles E. Brown, P.C.
Address:  819 West 10th Street
City, State, Zip:  Austin, TX 78701

Date:  12/22/2005

I, Michael Buesgens, live at 500 E. Stassney, #1023, Austin, TX 78745. I am a person with a disability as defined under the Fair Housing Act, and I am covered under the protections for disabled persons of the Fair Housing Act. This letter is a formal Request for Reasonable Accommodation under the Fair Housing Act.

**This is the rule, policy, procedure, or service that is problematic to me:**
On Wednesday, December 21, 2005, I received a Notice To Vacate for allegedly being in violation of paragraph 20 of the lease and in default pursuant to paragraph 32 of the lease. Since October of 2005, I have made written and verbal complaints to management about the loud dog that lives in the apartment above me. I am disabled and am unable to peacefully enjoy my apartment due to the dog's loudness aggravating my disability.

**I request that you make the following reasonable accommodation in your rules, policies, or procedures to allow me equal opportunity to use and enjoy my dwelling:**
Please rescind the Notice To Vacate that I received on Wednesday, December 21, 2005, and allow me to continue living in my apartment.

Section 804(f)(3)(B) of the Fair Housing Act defines unlawful discrimination against disabled persons as "a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling..."

Please provide a written response to my request within ___5___ days of your receipt of this letter. I am prepared to seek enforcement of my rights under the Fair Housing Act if my request is not granted, which may include filing a complaint with the U.S. Department of Housing & Urban Development and/or filing a civil lawsuit. However, I would much rather resolve this matter without the involvement of HUD or litigation. I appreciate your attention to this critical matter and look forward to your written response.

Sincerely,

Michael Buesgens

Case 1:06-cv-00258-LY     Document 2     Filed 04/17/2006     Page 51 of 109

J. REX WIER, M.D.
GENERAL PSYCHIATRY
3724 JEFFERSON, SUITE 111
AUSTIN, TX 78731

(512) 452-0109
(512) 323-5465

DEA # AW 3061950

OFFICE HOURS BY APPOINTMENT

NAME _____ AGE _____
ADDRESS _____ DATE _____
Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

Rx *[handwritten]* To Whom it May
concern: Please be
aware that Mr.
Michael Baesgus is
under my care, and
suffers from a major
medical illness which

Refill _____ times.
☐ Label

*[handwritten]* is disabled. Please
assist with reasonable
accommodation due to his
illness.

Signature

A generically equivalent drug product may be dispensed unless the
practitioner hand writes the words 'Brand Necessary' or 'Brand Medically
Necessary' on the face of the prescription.

*[handwritten]* Sincerely, J. Rex Wier, M.D.

REX WIER, M.D.
12/22/2006

December 28, 2005

**HOUSING DISCRIMINATION COMPLAINT**

**CASE NUMBER:** 06-06-0293-8/HUD;01-06-0028-HG/COA,EE/FHO

1.  **Complainants**

    Michael Buesgens
    500 E. Stassney Lane
    #1023
    Austin, TX 78745

    Representing Michael Buesgens:

    Nekesha Phoniex
    Austin Tenants Council
    1619 East Cesar Chavez Street
    Austin, TX 78702
    Phone: (512)474-7007  Fax: (512)474-0197

2.  **Other Aggrieved Persons**

    None.

3.  **The following is alleged to have occurred or is about to occur:**

    Discriminatory terms, conditions, privileges, or services and
    facilities.
    Discriminatory acts under Section 818 (coercion, Etc.).
    Failure to make reasonable accommodation.

4.  **The alleged violation occurred because of:**

    Handicap.

    It is alleged that the respondent coerced, intimidated,
    threatened or interfered with a person in the exercise or
    enjoyment of fair housing rights or assisting another in enjoying
    such rights.

5.  **Address and location of the property in question (or if no
    property is involved, the city and state where the discrimination
    occurred):**

    Austin, TX

6.  **Respondent(s)**

Mandy Rogers
Manager Falcon Ridge Apts.
500 E. Stassney Lane (Office)
Austin, TX  78745

Representing Mandy Rogers:

     Charles E. Brown
     Attorney-at-Law
     818 West 10th Street
     Austin, TX  78701
     Phone: (512)476-8942   Fax: (512)477-5850

Falcon Ridge LP
5225 Katy Freeway, Suite 530
Houston, TX  77007

**7.  The following is a brief and concise statement of the facts
regarding the alleged violation:**

On or about March 2003 I first rented from Falcon Ridge
Apartments. On March 1, 2005 I notified Falcon Ridge that I had a
disability and might lose my job. Since that time they have
subjected me to Constructive Eviction, Breach of Lease, Bad Faith
Actions, Retaliation, Harassment, forfeiting my legal rights,
denial of my right of exercising my tenants rights under my
lease, my right to file a Police complaint, retaliating for
calling animal control. I have been denied the peaceful existence
of my property. I also feel that their continued harassment and
refusal to take corrective actions on the upstairs neighbor's dog
has aggravated my disability (Bipolar and Attention Deficit
Disorder). Because of their harassment and discriminatory acts I
have suffered physical injury,Mental Anguish and economic loss. I
believe that the above actions were in retaliation for having
complained of various violations of my lease after they became
aware of my Disability. I feel that these discriminatory acts
against me were in violation of the Federal and State Fair
Housing Acts and a violation of the American with Disabilities
act. They also were in violation of the City of Austin Fair
Housing Ordinance.

**8.  The most recent date on which the alleged discrimination
occurred:**

December 28, 2005, and is continuing.

**9.  Types of Federal Funds identified:**

None.

**10.  The acts alleged in this complaint, if proven, may constitute a
violation of the following:**

Sections 804b or f, 818 and 804f3B of Title VIII of the Civil
Rights Act of 1968 as amended by the Fair Housing Act of 1988.

**Please sign and date this form:**

**I declare under penalty of perjury that I have read this complaint
(including any attachments) and that it is true and correct.**

_Michael Buesgens_                           12/27/05
Michael Buesgens                                  (Date)

**N O T E :  HUD WILL FURNISH A COPY OF THIS COMPLAINT TO THE PERSON OR
ORGANIZATION AGAINST WHOM IT IS FILED.**

Jan 23 2006



# City of Austin, Equal Employment/
# Fair Housing Office

**Mailing:**    P. O. Box 1088, Austin, Texas 78767
**Physical:**   505 Barton Springs Rd. Suite720, Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

December 29, 2005

Mr. Michael Buesgens
500 E. Stassney Lane Apt-1023
Austin, Texas 78745

RE: Michael Buesgens v Falcon Ridge Apartments
     06-06-0293-8/ HUD; 01-06-0028-HG/ COA,EE/FHO

Dear Mr. Buesgens:

Please find enclosed two copies of the corrected complaint as we discussed via telephone
this morning. I also have sent a copy of the original complaint and highlighted the two
corrections. One was that HUD had assigned their complaint number. The second was
correcting the term assistance to existence in the body of the alleged violations in item 7.

I thank you for your assistance in this matter and will contact you during the course of the
investigation.

Sincerely,

John A. Benavides

John A. Benavides
Lead Investigator



**U.S. Department Of Housing and Urban Development**
Office of Fair Housing and Equal Opportunity
Region VI
801 Cherry Street, PO Box 2905
Fort Worth, Texas  76102
Phone 1-888-560-8913 - Fax 1-817-978-5876
www.hud.gov

December 28, 2005

Michael Buesgens
500 E. Stassney Lane
#1023
Austin, TX 78745

Dear Complainant:

Subject:  Housing Discrimination Complaint
          Michael L. Buesgens v Mandy Rogers
          Inquiry No.   201237
          HUD Case No.06-06-0293-8

     The subject housing discrimination complaint was filed on 12/28/05 pursuant to
the Fair Housing Act (the Act), 42 U.S.C. 3600-3620 and has been accepted for
processing.  Enclosed is a copy of the complaint.  Please retain it for your records.
All correspondence and information requests about this complaint must reference the
complaint number.

     While this complaint is pending, you will have the opportunity to resolve it
through conciliation or settlement.

     In addition to the administrative complaint process, the complainant may,
pursuant to Section 813 of the Act, commence a civil action in an appropriate Federal
district or state court, as long as an Administrative Law Judge has not begun a
hearing on this matter.  Such civil action must be commenced no later than two years
after the occurrence or termination of an alleged discriminatory housing practice,
irrespective of whether a complaint has been filed with this Department.  The two
year period does not include the time the complaint is pending before this
Department.  However, once a trial begins, the Department will cease its
administrative processing of the complaint.

     Pursuant to Section 810(f) of the Act, this complaint will be processed by:

                 CHARLES H. GORHAM, ADMINISTRATOR
                 CITY OF AUSTIN, EQUAL EMPLOYMENT/FAIR HOUSING OFFICE
                 P.O. Box 1088
                 AUSTIN, TEXAS 78767
                 (512)974-3251

     During the administrative processing of this complaint, you are responsible for
keeping this agency informed of any change in address.  Failure to do so may be

viewed as failure to cooperate in the investigation.

Unless otherwise notified, the aforementioned agency will be responsible for all processing action on this complaint. Therefore, all correspondence or inquiries regarding this matter should be directed to that agency.

Please be advised that retaliation against any person for participation in the enforcement of the Act is a discriminatory housing practice prohibited under Section 818 of the Act.

Your cooperation in this matter is appreciated.

Sincerely,

for Garry L. Sweeney
Director
Office of Fair Housing and Equal
Opportunity
Region VI

Enclosures



Search          Find! | Options | Select a service

Directory | Departments | FAQ | Links | Site Map |

*CHESTER E BENVER*

**Equal Employment/Fair Housing Office**
**Contacts** *ANN MORGAN*
*CITY OF AUSTIN, TEXAS ATTORNEYS*

All phone numbers are area code 512 unless otherwise noted.

| Name | Title | Phone Number |
|------|-------|--------------|
| Charles Gorham | Administrator | (512) 974-3259 |
| Ramona Broberg | Commission Coordinator | (512) 974-3250 |
| Manuel Cuesta | EE/FHO Investigator | (512) 974-3262 |
| Irma Madrigal | EE/FHO Investigator Sr. | (512) 974-3252 |
| Jacqueline Manor | EE/FHO Investigator | (512) 974-2494 |
| John Benavides | EE/FHO Investigator | (512) 974-2216 |
| Donato Rodriguez | EE/FHO Investigator | (512) 974-3255 |
| Fax Number | | (512) 974-3278 |
| TDD Number | | (512) 974-2445 |

City of Austin Equal Employment / Fair Housing Office
Equal Employment Ordinance
Fair Housing Ordinance
Contact Information

*HUD CERTIFIED BY KIM KENDRICK*

Austin City Connection - The Official Web site of the City of
Austin     *WASHINGTON, D.C.*

> > > > > EVICTION CITATION < < < < <

COPY

THE STATE OF TEXAS

To: BUESGENS, MICHAEL L
     500 E STASSNEY LN #1023
     AUSTIN, TX 78745

DELIVERED THIS 2O DAY OF DE 20 ✗
RICHARD McCAIN
CONSTABLE, PREC 3, TRAVIS COUNTY, TEXAS
_____
DEPUTY

Defendant, in the hereinafter styled and numbered cause:

You have been sued.  You may employ an attorney. YOU ARE HEREBY ORDERED
TO APPEAR  for a hearing on the below mentioned matter before the Presiding
Judge, on JANAUARY 12, 2006 AT  2:00 P.M. at 8656 B Hwy. 71 West, Austin
TX 78735. If you fail to appear of the above set court date a default
judgment may be taken against you.

Suit by Plaintiff to evict you and regain possession of the
premises you occupy. A suit for rent may be included. Please
review the attached petition.

Your cause number is  041509 , and your case styled
          FALCON RIDGE APARTMENTS, Plaintiff vs.
          BUESGENS, MICHAEL L, Defendant
was filed in Justice Court, Precinct 3, on DECEMBER 29, 2005 .

In order to obtain a jury trial, you must request one and pay a jury fee of
five dollars no later than 5 days after you are served with this citation.

Issued and given under my hand on    DECEMBER 29, 20

Judge Melissa Goodwin
Justice Court, Precinct 3
8656 B HWY 71 WEST, Austin, Tx. 78735

Plaintiff Attorney/Agent:
     CHARLES E BROWN / ATTY
     3624 NORTH HILLS DR STE B-100
     AUSTIN     TX 78731

- - - - - - - - - -  OFFICER'S RETURN  - - - - - - - - - -

Came to the hand on the _____ day of _____,20___ at ____o'clock____
Executed at _____ within County of Travis  at ____o'clock____
on the _____ day of _____, 20_____, by delivering to the within name

_____

_____

a true copy of this citation together with the accompanying copy of the petit
having first attached such copy of such petition to such copy  of citation an
endorsed on such copy of citation the date of delivery.

To certify which witness my hand officially:

          Constable, Pct 3 of _____  _____ County, Texa
          By Deputy              _____

Cause No. 04/509

**COPY**

PLAINTIFF'S ORIGINAL PETITION FOR FORCIBLE DETAINER
In the Justice Court, Precinct 3, Travis County, Texas

TO THE HONORABLE JUDGE OF THE COURT:

PLAINTIFF: Falcon Ridge Apartments          Phone: 326-5000

Agent or Attorney: Charles E. Brown          Phone: 346-6000

Address (for court purposes): 3624 North Hills Dr., Ste. B-100, Austin, 78731
                                                                   City            Zip

VERSUS

DEFENDANT: Michael L. Buesgens          Phone: 447-7031

Date of Birth:_____ Social Security Number:_____ Driver's License Number:_____

Residence Address: 500 E. Stassney Ln. #1023          Zip: 78745

Work Address: none          Phone: none

Plaintiff knows of no other work or residence addresses of Defendant within this county.

1. This is a lawsuit to evict Michael L. Buesgens, a tenant who leases
   the property located at 500 E. Stassney Ln. #1023, Austin, 78745.
   This property is within Justice Court Precinct Three of Travis County. The owner/landlord
   is Falcon Ridge Apartments.

2. The tenant rented this property on or about June 26, 2003 and still holds the property.
   The lease is (check one):
   ( ✓ ) written (a copy of which is attached)
   (  ) oral

3. The rent is $ 730.⁰⁰ per month and is due on the 1st day of each month.

4. The landlord claims the tenant should be evicted because: tenant violated Paragraph 20 of
   the lease by engaging in Prohibited Conduct. Specifically, tenant has consistently
   disturbed or threatened the rights, comfort health safety or convenience of others in
   apartment community and has disrupted management's staff & operations.

5. Written notice to vacate and demand for possession was given on 12/2/05 in the following manner:

   ( X ) certified mail
   ( X ) regular mail
   ( X ) delivery in person
   (  ) other (explain) _____

THE COURT IS ASKED TO EVICT THE TENANT AND ORDER TENANT TO:

   ( X ) Pay rent owed in the amount of $ 0.00, plus all rents accruing through the date of judgment
   ( X ) Pay court costs
   ( X ) Pay reasonable attorney's fees of $ 2,000.⁰⁰.

                                                    _____
Plaintiff _____                  Agent or Attorney

Said Plaintiff (or his agent or attorney), being duly sworn by me, the undersigned authority, upon oath says
that the facts as stated in the above instrument are, within the knowledge of said affiant, true and correct.

SWORN TO AND SUBSCRIBED BEFORE ME, TO CERTIFY WHICH, WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, THIS 28th
DAY OF December, 05.

COURT CLERK/NOTARY PUBLIC, TRAVIS COUNTY.

JACQUELINE KARAY STRONG
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
FEBRUARY 10, 2009

# EVICTIONS

| NUMBER | F/E | PLAINTIFF NAME | DEFENDANT NAME |
|--------|-----|----------------|----------------|
| 034529 | 000508 | FALCON RIDGE APARTMENTS OF AUS | HUSTON, KRISTIN LOUISE ET AL |
| 037968 | 030811 | FALCON RIDGE APARTMENTS | WAITE, MATTHEW |
| 037681 | 030520 | FALCON RIDGE APARTMENTS | GRAVELL, KASI |
| 034529 | 000508 | FALCON RIDGE APARTMENTS OF AUS | GARZA, GREGORIO III ET AL |
| 039044 | 040514 | FALCON RIDGE APARTMENTS | WATSON, JENNIFER /ET AL |
| 039044 | 040514 | FALCON RIDGE APARTMENTS | LONGORIA, ISMAEL /ET AL |
| 039043 | 040514 | FALCON RIDGE APARTMENTS | MCKETTA, JANE (GUARANTOR) /ET |
| 039043 | 040514 | FALCON RIDGE APARTMENTS | MCKETTA, KEVIN /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | DUGAS, SUNSHINE /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | WHITEHEAD, LEIGH /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | JASEK, DONNIE /ET AL |
| 038808 | 040309 | FALCON RIDGE APARTMENTS | GARCIA, RANDY |
| 038782 | 040225 | FALCON RIDGE APARTMENTS | HAJJAR, NADIM |
| 034859 | 000821 | FALCON RIDGE APARTMENTS OF AUS | MILLER, JOHN |
| 037935 | 030730 | FALCON RIDGE APARTMENTS | GILES, DONNA |
| 038267 | 031017 | FALCON RIDGE APARTMENTS | ACHKAR, GEORGE /ET AL |
| 038267 | 031017 | FALCON RIDGE APARTMENTS | AL-AJAIL, ABDULLA /ET AL |
| 037680 | 030520 | FALCON RIDGE APARTMENTS | SANCHEZ, JOSE |
| 036389 | 020401 | FALCON RIDGE APARTMENTS | YANEZ, SHAYONA RHEA |
| 037967 | 030811 | FALCON RIDGE APARTMENTS | BYRD, ALICE |
| 041588 | 060117 | FALCON RIDGE APARTMENTS | TIJERINA, YOLANDA |
| 041509 | 051229 | FALCON RIDGE APARTMENTS | BUESGENS, MICHAEL L |
| 041243 | 051026 | FALCON RIDGE APARTMENTS | ACORD, RICHARD |
| 035729 | 010720 | FALCON RIDGE APARTMENTS | ARNOLD, DUSHAN |
| 035580 | 010524 | FALCON RIDGE APARTMENTS OF AU | MILLER, JOSET D |
| 040198 | 050321 | FALCON RIDGE APARTMENTS | AUTRY, ANTHONY |
| 040006 | 050125 | FALCON RIDGE APARTMENTS | TREGRE, ANTHONY |
| 039927 | 050110 | FALCON RIDGE APARTMENTS | SALAZAR, MELVA HARP |
| 039695 | 041026 | FALCON RIDGE APARTMENTS | TREGRE, ANTHONY ET AL |
| 039695 | 041026 | FALCON RIDGE APARTMENTS | COOK, MISHELE ET AL |
| 039446 | 040824 | FALCON RIDGE APARTMENTS | ALVARADO, JESUS JAIME |

. . . . . END REPORT . . . . .

J.P. 3   TRAVIS COUNTY
AUSTIN, TEXAS

12/26/200610:31:57 PM11

**Here are some common questions that we receive about Weimaraners from customers. (All answers are based on our experience with the breed)**

**1. Do Weimaraners do well with children?**

Weimaraners make a wonderful family pet. They are very good with children and enjoy thoroughly the attention that kids give to them. Of course, with any breed, the puppy or dog must be taught to interact properly with children so neither the child or the dog is harmed.

**2. How do Weimaraners behave around other Weimaraners?**

Weimaraners tend to do very well with other pets if introduced properly and at a young age. Weimaraners were bred to hunt small and large animals so they might have a tendency to chase. This is why you must supervise introductions and interactions to ensure the pets are friends before leaving them alone together.

**3. Do Weimaraners make good apartment/house dogs?** ✔

In rare circumstances, a weimaraner may make a good apartment dog, but only if the dog is being exercised abundantly and receiving plenty of attention. Leaving a Weimaraner in a closed up apartment all day is a recipe for disaster. Neither the dog or the owner will be happy with the end results.

Weimaraners make wonderful house pets, but as mentioned above, they must receive proper exercise. Home owners have the ability to let the dog out in the yard for some fresh air and exercise. Weims love being inside and will always be as close to you as possible because they are such a loyal companion.



WEIMARNER DOG 80LBS
IN APARTMENT 1033
MEGAN MONIQUE GOELES

Weimaraner Club of America12/26/200612:22:52 PM11

- **WEIMARANER. END OF CASE.**

- Q. I live in an apartment. Is it possible to have a Weim without a yard?
A. The best scenario is to have a yard for the Weimaraner. If you are a person who likes to exercise and want the Weim to accompany you or there will otherwise be a regular, structured program of exercising the dog, it is possible to own a Weim and live in an apartment. Weims are high energy dogs and if this energy is not 'burned off' in constructive ways, they use it to make life miserable: pouting, tearing up everything, urinating in inappropriate places, the list goes on until those who do not cope with the Weimaraner temperament beat them or put them in rescue.

January 10, 2006

Attention Falcon Ridge Leasing Staff:

As I'm sure you are aware, there have been some recent conflicts between myself and my downstairs neighbor due to his constant complaints about the disruptive behavior of my dog. In my defense there are some things that I would like for you to note in my file regarding this neighbors harassing behavior.

The first complaint I received from this man came prior to my ownership of the dog, when my mom and step dad were visiting from out of state. When he came to my door to complain he was very rude to my step dad, a behavior that was not at all necessary. From here on his complaints became more frequent and more intense, making me fearful to leave my own apartment.

I then got another visit from him a few weeks later when he came upstairs and proceeded to bang repeatedly on my door until I answered only to say that he could hear my dog, not barking or whining but just that he could hear her (this happened on one other occasion as well). I apologized and asked him if the dog was keeping him awake, as it was 8:00 p.m. when he then answered "no" that the dog was not and that he was still planning to complain to the office I told him that I had already spoken with the office, but since the dog was not making any excessive noise nor was she keeping him up, I didn't see where there was a problem.

From here he proceeded to start calling the cops. Upon each visit, the police officers continued to say the same thing, they were apologetic for bothering me as they could not see a problem with the dog making any noise, nor did they ever give me any type of citation. In fact, I even had one police officer compliment me on what a good dog I had because she didn't even bark when the police officer came and knocked on my door, a behavior that most dogs instinctively have. The last encounter I had with this man came when I was pulling in to the parking lot, only to be met by this neighbor screaming at me that he could hear my dog upstairs in her kennel and that I had better go do something about it and that the police were on their way. I then calmly told him that he was not to talk to me anymore, as I did not appreciate being talked to in that manner and that if he had anything else to say to me he could contact the office or the police but that he was not to talk to me directly anymore.

As you can see I'm very upset with the actions taken by this neighbor and I will no longer tolerate his aggressive harassing behavior. I think there was a much better way that this could have been handled, one that did not involve me being fearful for my personal safety.

Thank you for your attention to this matter,

Resident Apt 1033



MEGAN
GOERES
1/10/2006
APT
1033
AND
327
AND
CHARLES
BROWN
ATTORNEY
REQUES
TO
MEGAN
GOERES

Joel Perez
500 E. Stassney Apt 1036
Austin, TX 78745
April 10, 2006

Dear Mr. Buesgens:

I am writing to acknowledge that fact that I have received letters requesting a testimony with regards to your eviction suit.

I, Joel Perez, hereby state that I have never met, spoken with, or interacted with Mr. Buesgens in any manner. I was unaware of any incidents involving Mr. Buesgens and Falcon Ridge Apartments prior to receiving letters requesting testimony from Mr. Buesgens. I have not encountered any incident involving myself and Mr. Buesgens, considering that I have never interacted with Mr. Buesgens while living in my apartment date from early September 2005 to present.

Furthermore, I am requesting that Mr. Beusgens refrain from contacting me in the future with regards to this matter. I pose no benefit to this case, considering that I have never met, spoken with, or interacted with Mr. Beusgens in any manner.

Sincerely,

Joel Perez

Subscribed and acknowledged, before me by _Joel Perez_____, on the
_10_ day of _April_____, 20_06_.

MARY A. HEARD
Notary Public, State of Texas
My Commission Expires
MAY 20, 2006

_____ NOTARY PUBLIC SEAL

_Mary A. Heard_____ NOTARY PUBLIC SIGNATURE

To Whom It May Concern:

Please consider this letter my written statement regarding the disputed eviction of Michael L. Buesgens by Falcon Ridge apartments.

I moved into apartment 1016 on August 27, 2005. In the time I have resided in apartment 1016, I have had no personal contact with Mr. Buesgens whatsoever. Mr. Buesgens has not disturbed me or threatened me in any way. Further, I have neither witnessed nor heard any disturbances coming from the direction of Mr. Buesgens apartment.

Regards,

Catherine Rowan
500 E Stassney Ln Apt 1016
Austin, TX 78745

Westlaw

**LAWSUIT RECORDS**

| | |
|---|---|
| Current Date: | 10/14/2006 |
| Court Current Through: | 08-22-2006 |
| Source: | CLERK OF THE COURT, TRAVIS COUNTY CIVIL DISTRICT COURT, TX |
| Database Last Updated: | 10-11-2006 |

### CASE INFORMATION

| | |
|---|---|
| Case Number: | D1GN06000262 |
| Filing Date: | 01/23/2006 |

*HUD #06-06-293-8*

| | |
|---|---|
| Filing Office: | TRAVIS COUNTY CIVIL DISTRICT COURT |
| | 1000 GUADALUPE |
| | AUSTIN, TX 78701 |
| Venue: | TRAVIS, TX |

*200 TH AND 53RD JUDICIAL DISTRICT*

### PARTY INFORMATION

| | |
|---|---|
| Plaintiff: | MICHAEL L BUESGENS |
| Defendant: | **FALCON** RIDGE **APARTMENTS** |

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**Austin Apart...nt Association**
4107 Medical Parkway
Austin, Texas 78756
512 323-0990
800 762-7460    Fax 512/323-2979
www.austinaptassoc.com

*NATIONAL APARTMENT ASSOCIATION MEMBER*

February 1, 2006

Michael L Buesgens
500 E Stassney
Apt 1023
Austin, Texas 78745

Dear Mr. Buesgens:

We are in receipt of your complaint on Falcon Ridge. As stated in the Dispute Resolution Procedures, item #6, your complaint will not be considered for review by the committee.

*CHARLES E. BROWN MEMBER ATTORNEY*

Regards,

Kristan J. Arrona
Executive Vice President

*DEBRA WEHMEIR PRESIDENT*



# City of Austin, Equal Employment/ Fair Housing Office

**Mailing:** P. O. Box 1088, Austin, Texas 78767
**Physical:** 505 Barton Springs Rd. Suite720, Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

February 1, 2006

Ms Megan Goeres
500 E. Stassney Apt-1033
Austin, Texas 78745

RE: Michael L. Buesgens vs. Falcon Ridge Apts.

Dear Ms. Goeres:

HUD #06-06-293-8

I have been assigned to investigate Mr. Buesgens discrimination complaint against Falcon Ridge Apartments. He has alleged that they are discriminating against him based on his disability. Falcon Ridge Apartments have claimed that he is disruptive and threatening to both tenants and staff and because of his behavior they had to evict him.

I understand that in his appeal your name has been mentioned. I would appreciate if you would call me with information concerning Mr. Buesgens. My telephone number is 974-2216.

I thank you in advance for any information you might have that would assist me in completing this investigation.

Sincerely,

John A. Benavides
John A. Benavides
City of Austin, Equal Employment/
Fair Housing Office
Lead Investigator

**COPY**

CHARLES E. BROWN, P.C.
ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

February 3, 2006

Mr. Michael L. Buesgens
500 E. Stassney Lane, Apt. 1023
Austin, Texas 78745

*Via Certified Mail, RRR #7005 1820 0006*
*6013 3107 and First Class Mail*

RE:   Cause No. 041509; *Falcon Ridge Apartments v. Michael L. Buesgens*

Dear Mr. Buesgens:

I have enclosed the following documents:

1.   Plaintiff and Counter-Defendant's First Amended Petition for Eviction.
2.   Plaintiff and Counter-Defendant's First Supplemental Response to Defendant and Counter-Plaintiff's Request for Disclosure.

Thank you for your attention to this matter. Please contact me if you have any questions.

Sincerely,

Charles E. Brown

Cc: Falcon Ridge Apartments

2-Falcon Ridge, Michael Buesgens, letter to op

Page 1 of 1

COPY

CAUSE NO. 041509

| | | |
|---|---|---|
| FALCON RIDGE APARTMENTS, | § | IN THE JUSTICE COURT |
| Plaintiff and Counter-Defendant | § | |
| | § | |
| v. | § | PRECINCT NO. 5    *2/3/06* |
| | § | |
| MICHAEL L. BUESGENS, | § | |
| Defendant and Counter-Plaintiff | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF AND COUNTER-DEFENDANT'S
## FIRST AMENDED PETITION FOR EVICTION    *FIRST*

## I. DISCOVERY

1.    Discovery is intended to be conducted under Level 1 of Rule 190 of Texas Rules of Civil Procedure.

## II. PARTIES

2.    Plaintiff and Counter-Defendant ("Plaintiff") is Falcon Ridge Apartments.

3.    Defendant and Counter-Plaintiff ("Defendant") is Michael L. Buesgens.

4.    Defendant has been served citation in this matter.

## III. SUBJECT MATTER

5.    This is a lawsuit to evict Defendant, Michael L. Buesgens, a tenant who leases the property described as Apartment No. 1023 located at 500 E. Stassney Lane, Austin, Texas 78745 (the "Premises").

## IV. FACTS

6.    On or about June 26, 2003, Plaintiff entered into a written lease agreement (the "Lease") with Defendant for the Premises described as Apartment No. 1023 located at 500 E. Stassney Lane, Austin, Texas 78745. The Lease was subsequently renewed on the following dates: February 13, 2004; August 26, 2004; March 21, 2005; and December 5, 2005. A copy of the Lease and all renewals were attached to Plaintiff's Original Petition for Forcible Detainer

*WHERE IS RENEWAL LEASE DATED 12/05/05*

and are incorporated in this Amended Petition by reference as if set forth herein verbatim.

7.  The rent for the Premises is $730.00 per month and is due and payable on the 1st day of each month.    *619.00*

8.  Defendant is still in possession of the Property.

9.  Plaintiff claims that Defendant should be evicted from Premises for multiple violations of Paragraph 20 of the Lease. Specifically, Defendant has: behaved in a loud or obnoxious manner; disturbed or threatened the rights, comfort, health, safety or convenience of others in or near the apartment community; disrupted Management's business operations; and injured Plaintiff's reputation by making bad faith allegations against it to others.

10.  Any one of the above-described violations of the Lease constitutes a Default under Paragraph 32 of the Lease.

11.  Written notice to vacate and demand for possession was given to Defendant on December 21, 2005 by hand-delivery, Certified Mail, and First-Class Mail. A copy of the Notice to Vacate, attached as Exhibit A, is incorporated in this petition by reference as if copied herein verbatim.

## V. ATTORNEY'S FEES & COSTS

14.  Pursuant to Paragraph 32 of the Lease, Plaintiff is entitled to recover reasonable attorney's fees and costs of suit in prosecuting this action.

## VI. CONDITIONS PRECEDENT

15.  All conditions precedent have been performed or have occurred.

## VII. PRAYER

Plaintiff prays that:

1.  Defendant be cited to appear and answer herein;
2.  Plaintiff be granted a judgment for possession of the subject Premises;
3.  Plaintiff be granted a Writ of Possession for the subject Premises;
4.  Plaintiff be granted judgment for $1,460.00, plus all rents accruing

through the date of judgment;

5.  Plaintiff be granted judgment as reasonable attorney's fees of a minimum of $10,000.00;

6.  Plaintiff be granted judgment for all costs of court;

7.  Plaintiff be granted judgment for postjudgment interest at the maximum yearly legal rate on the total amount of the judgment from the date of judgment until paid; and

8.  Plaintiff be granted such other and further relief, special or general, legal or equitable, as Plaintiff may be shown to be justly entitled to receive.

Respectfully Submitted,

HUD # 06-06-293-8

CHARLES E. BROWN
Attorney for Plaintiff
State Bar No. 03101650
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000 phone
(512) 346-6005 fax

## CERTIFICATE OF SERVICE

A true copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested # 7005 1820 0006 6013 3107 and First Class Mail on February 3, 2006 to Defendant:

Michael L. Buesgens
500 E. Stassney Lane, #1023
Austin, Texas 78745

CHARLES E. BROWN

# CASE LEDGER

Filtering out all activity before 12/12/2005 and after 1/24/2006

**Contact: Falcon Ridge**

**Case: Buesgens**

| Date | Time | Description | Amount Fee | Amount Exp |
|------|------|-------------|------------|------------|
| 12/23/2005 | 0.20 | Review | 60.00 | 0.00 |
| | | CEB | | |
| 12/23/2005 | 0.80 | draft CEB | 240.00 | 0.00 |
| 12/28/2005 | 0.10 | Review | 30.00 | 0.00 |
| | | CEB | | |
| 1/05/2006 | 0.20 | Call to CEB | 60.00 | 0.00 |
| 1/05/2006 | 0.20 | Call to CEB | 60.00 | 0.00 |
| 1/13/2006 | 0.20 | Call to | 60.00 | 0.00 |
| | | CEB | | |
| 1/17/2006 | 2.00 | Trip to | 600.00 | 0.00 |
| | | CEB | | |
| 1/17/2006 | 0.50 | Review | 150.00 | 0.00 |
| | | CEB | | |
| 1/17/2006 | 0.40 | Call to | 120.00 | 0.00 |
| | | CEB | | |
| 1/19/2006 | 0.20 | Call to | 60.00 | 0.00 |
| | | CEB | | |
| 1/19/2006 | 1.50 | Draft | 450.00 | 0.00 |
| | | CEB | | |
| 1/19/2006 | 3.00 | Attend trial. | 900.00 | 0.00 |
| | | CEB | | |
| 1/23/2006 | 0.80 | Review | 240.00 | 0.00 |
| | | CEB | | |
| 1/24/2006 | 0.40 | Review | 120.00 | 0.00 |
| | | CEB | | |
| 12/27/2005 | | Courier to CLB | 0.00 | 19.00 |
| 12/28/2005 | | Filing fee CLB | 0.00 | 77.00 |

CHARLES E. BROWN BILLABLE HOURS FOR EVICTION SUIT CASE NO. 041509

HUD #06-06-293-8

Printed  1/25/2006  at 4:39PM

# CASE LEDGER

Filtering out all activity before 12/12/2005 and after 1/24/2006

| | | | |
|---|---|---|---|
| 12/28/2005 | Courier fee - JP 4<br>CLB | 0.00 | 33.00 |
| 12/23/2005 | 0.10 fax<br>JKS | 7.50 | 0.00 |
| 12/28/2005 | 0.20 Issue filing fee for eviction petition.  Submit courier pickup<br>request<br>JKS | 15.00 | 0.00 |
| 12/21/2005 | 0.50 Meet with ·<br>      Telephone call from          Call<br><br>NM | 87.50 | 0.00 |
| 12/22/2005 | 0.90 Docket          Telephone call :<br>                Research<br>      Telephone call .        Returned call<br>to<br>NM | 157.50 | 0.00 |
| 12/27/2005 | 0.10 Telephone call to ,<br>NM | 17.50 | 0.00 |
| 12/27/2005 | 0.60 draft .<br>NM | 105.00 | 0.00 |
| 12/27/2005 | 0.10 call to<br>NM | 17.50 | 0.00 |
| 12/27/2005 | 0.20 review<br>NM | 35.00 | 0.00 |
| 12/28/2005 | 0.10 Telephone call<br><br>NM | 17.50 | 0.00 |
| 12/28/2005 | 0.40 draft<br>NM | 70.00 | 0.00 |
| 12/29/2005 | 0.10 Meeting with ·<br>NM | 17.50 | 0.00 |
| 1/03/2006 | 0.10 Meeting with<br>NM | 17.50 | 0.00 |
| 1/04/2006 | 0.50 Review<br>NM | 87.50 | 0.00 |
| 1/04/2006 | 2.20 draft<br>NM | 385.00 | 0.00 |
| 1/04/2006 | 0.20 create<br>NM | 35.00 | 0.00 |
| 1/04/2006 | 0.20 Call to<br>NM | 35.00 | 0.00 |
| 1/04/2006 | 0.20 telephone conference with<br>NM | 35.00 | 0.00 |

# CASE LEDGER

Filtering out all activity before 12/12/2005 and after 1/24/2006

| Date | Hours | Description | Amount | |
|---|---|---|---|---|
| 1/04/2006 | 0.20 | Review email from | 35.00 | 0.00 |
| | | NM | | |
| 1/05/2006 | 1.30 | Review | 227.50 | 0.00 |
| | | Meeting with          . Telephone call to | | |
| | | NM | | |
| 1/06/2006 | 0.10 | Meeting with | 17.50 | 0.00 |
| | | NM | | |
| 1/09/2006 | 0.60 | Draft | 105.00 | 0.00 |
| | | NM | | |
| 1/10/2006 | 0.30 | Review | 52.50 | 0.00 |
| | | NM | | |
| 1/11/2006 | 0.20 | Telephone call from | 35.00 | 0.00 |
| | | NM | | |
| 1/16/2006 | 1.70 | Review | 297.50 | 0.00 |
| | | Review | | |
| | | NM | | |
| 1/16/2006 | 0.30 | Search | 52.50 | 0.00 |
| | | NM | | |
| 1/18/2006 | 2.70 | Meeting with | 472.50 | 0.00 |
| | | NM | | |
| 1/19/2006 | 0.50 | Review | 87.50 | 0.00 |
| | | Meet with | | |
| | | NM | | |
| 1/20/2006 | 0.90 | Draft | 157.50 | 0.00 |
| | | NM | | |
| 1/20/2006 | 0.10 | Meeting with | 17.50 | 0.00 |
| | | NM | | |
| 1/22/2006 | 1.70 | Review          Draft | 297.50 | 0.00 |
| | | NM | | |
| 1/22/2006 | 0.10 | Meeting with | 17.50 | 0.00 |
| | | NM | | |
| 1/22/2006 | 0.50 | Draft | 87.50 | 0 00 |
| | | NM | | |
| 1/22/2006 | 1 50 | Review          Review | 262 50 | 0 00 |
| | | Research | | |
| | | NM | | |
| 1/23/2006 | 0 30 | Meeting with | 52 50 | 0 00 |
| | | Prepare | | |
| | | NM | | |

# CASE LEDGER

Filtering out all activity before 12/12/2005 and after 1/24/2006

| Date | Time | Description | | | Amount Fee | Amount Exp |
|---|---|---|---|---|---|---|
| 1/23/2006 | 0.10 | Review | | | 17.50 | 0.00 |
| | | NM | | | | |
| 1/23/2006 | 8.00 | Review Draft | | | 1,400.00 | 0.00 |
| | | Review | | | | |
| | | Meeting with | Meeting with | Review | | |
| | | NM | | | | |
| 1/23/2006 | 0.50 | Draft NM | | | 87.50 | 0.00 |
| 1/24/2006 | 0.10 | Review NM | | | 17.50 | 0.00 |
| 1/24/2006 | 1.00 | Gather | | | 175.00 | 0.00 |
| | | NM | | | | |
| 1/24/2006 | 1.00 | Prepare NM | | | 175.00 | 0.00 |
| 1/24/2006 | 0.40 | Review conference with NM | Telephone | | 70.00 | 0.00 |

| | Time | Fees and Expenses | Amount Fee | Amount Exp |
|---|---|---|---|---|
| Case total: | 41.30 | 8,639.00 | 8,510.00 | 129.00 |

## Case: Tenant Dispute

| Date | Time | Description | | | Amount Fee | Amount Exp |
|---|---|---|---|---|---|---|
| 12/14/2005 | 0.80 | Draft CEB | | | 240.00 | 0.00 |
| 12/14/2005 | 0.40 | Review CEB | | | 120.00 | 0.00 |
| 12/14/2005 | 0.40 | Call to CEB | | | 120.00 | 0.00 |
| 12/20/2005 | 0.20 | Return call to CEB | | | 60.00 | 0.00 |
| 12/20/2005 | 0.20 | Review CEB | Review | | 60.00 | 0.00 |
| 12/20/2005 | 0.20 | Review CEB | | | 60.00 | 0.00 |
| 12/12/2005 | 1.00 | Meeting with Meeting with | Review Email | Draft | 175.00 | 0.00 |
| | | NM | | | | |



# CASE LEDGER

Filtering out all activity before 12/12/2005 and after 1/24/2006

| 12/13/2005 | 0.10 Telephone call from | | 17.50 | 0.00 |
|---|---|---|---|---|
| | NM | | | |
| 12/15/2005 | 0.50 Send | ... Fax to         Review | 87.50 | 0.00 |
| | NM | | | |
| 12/16/2005 | 0.80 Telephone call to | ı. Draft | 140.00 | 0.00 |
| | ِ Fax | | | |
| | NM | | | |
| 12/20/2005 | 0.50 Meeting with ( | ' Draft ' . Review | 87.50 | 0.00 |
| | NM | | | |

| | Time | Fees and Expenses | Amount Fee | Amount Exp |
|---|---|---|---|---|
| Case total: | 5.10 | 1,167.50 | 1,167.50 | 0.00 |
| Contact total: | Time 46.40 | Fees and Expenses 9,806.50 | Amount Fee 9,677.50 | Amount Exp 129.00 |
| Grand totals: | Time 46.40 | Fees and Expenses 9,806.50 | Amount Fee 9,677.50 | Amount Exp 129.00 |

CHARLES E. BROWN
BILLABLE HOURS
EVICTION SUIT
041509

HUD #06-06-293-8

NO. D-1-GN-06-000262

| MICHAEL L. BUESGENS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| FALCON RIDGE | § | |
| APARTMENTS, FALCON | § | |
| APARTMENTS OF AUSTIN, | § | 200TH JUDICIAL DISTRICT |
| LTD., FALCON APARTMENTS | § | |
| OF AUSTIN I, INC., GREYSTAR | § | |
| PROPERTY MANAGEMENT, | § | |
| DEBI WEHMEIER, MANDY | § | |
| ROGERS, AND AMANDA | § | |
| WILSON, | § | |
| Defendants | § | TRAVIS COUNTY, TEXAS |

FILED 06 FEB 21 AM 9: 20

DISTRICT CLERK
TRAVIS COUNTY TEXAS

HUD #06-06-293-8

CHARLES E. BROWN

ORIGINAL

## ORIGINAL ANSWER OF DEFENDANTS GREYSTAR PROPERTY MANAGEMENT, DEBI WEHMEIER, MANDY ROGERS AND AMANDA WILSON

Defendants Greystar Property Management, Debi Wehmeier, Mandy Rogers, and Amanda Wilson file this Original Answer to Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order and show:

### GENERAL DENIAL

1. Defendants enter a general denial.

### VERIFIED PLEAS

2. Defendants Debi Wehmeier, Mandy Rogers, and Amanda Wilson deny that they

2-Falcon Ridge, Buesgens, District Ct Answer

Page 1 of 4

00004349

are liable in the capacity in which they are sued.

## PRAYER

3. Defendants pray that Plaintiff take nothing and that Defendants be granted all additional relief to which this Court finds Defendants justly entitled.

Respectfully submitted,

Charles E. Brown, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000 phone
(512) 346-6005 fax

_____
Charles E. Brown
SBN: 03101650
Attorney for Defendants

**STATE OF TEXAS** §
§        HUD # 06-06-293-8
**COUNTY OF TRAVIS** §

I, Debi Wehmeier, hereby certify that the foregoing is true and correct to the best of my knowledge.

_____
Debi Wehmeier

DEBi WEHMEIER

Sworn to and subscribed before me by Debi Wehmeier on February /7, 2006.



_____
Notary Public in and for the State of Texas

TAMMIE NEWMAN
Notary Public, State of Texas
My Commission Expires
May 21, 2006

2-Falcon Ridge Buesgens District Ct Answer

Page 2 of 4

**STATE OF TEXAS**                    §
                                      §
**COUNTY OF TRAVIS**                  §

I, Mandy Rogers, hereby certify that the foregoing is true and correct to the best of

my knowledge.



Mandy Rogers

Sworn to and subscribed before me by Mandy Rogers on February 20, 2006.

NIKKI D. MILLER
Notary Public, State of Texas
My Commission Expires
January 04, 2010

Notary Public in and for the State of Texas

**STATE OF TEXAS**                    §
                                      §
**COUNTY OF TRAVIS**                  §

I, Amanda Wilson, hereby certify that the foregoing is true and correct to the best of

my knowledge.



Amanda Wilson

Sworn to and subscribed before me by Amanda Wilson on February 20, 2006.

NIKKI D. MILLER
Notary Public, State of Texas
My Commission Expires
January 04, 2010

Notary Public in and for the State of Texas

2-Falcon Ridge, Buesgens, District Ct Answer

Page 3 of 4

**Certificate of Service**

I certify that a true copy of the above was served on Michael Buesgens, Plaintiff Pro Se, via Hand-Delivery at the Travis County Courthouse on February 21, 2006.

Charles E. Brown

D-1-GN-06-000262
REMOVED TO
1:06CV226LY-RP
ON MARCH 29, 2006

2-Falcon Ridge, Buesgens, District Ct Answer

Page 4 of 4

DC Civil    BK06053 PG649

## NO. D-1-GN-06-000262

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FALCON RIDGE** | § | |
| **APARTMENTS, FALCON** | § | |
| **APARTMENTS OF AUSTIN,** | § | **200ᵀᴴ JUDICIAL DISTRICT** |
| **LTD., FALCON APARTMENTS** | § | |
| **OF AUSTIN I, INC., GREYSTAR** | § | |
| **PROPERTY MANAGEMENT,** | § | |
| **DEBI WEHMEIER, MANDY** | § | |
| **ROGERS, AND AMANDA** | § | |
| **WILSON,** | § | |
| **Defendants** | § | **TRAVIS COUNTY, TEXAS** |

*HUD #06-06-293-8*

## <u>ORDER OF REFERRAL TO MEDIATION</u>

This case is referred to mediation in accordance with section 154.021 of the

Texas Civil Practice and Remedies Code. _Tom Collins_ is appointed

mediator in this case, and all parties are ordered to contact the mediator to arrange the

logistics of mediation within three (3) business days. The mediator's ~~address and~~

telephone number ~~are~~ *is* _474-2744_ .

This mediation is a mandatory settlement conference, conducted with the

assistance of the mediator. A mediated settlement agreement can be made binding on

the written agreement of the parties. Mediation is private, confidential, and

privileged, except as provided by applicable law. After mediation, the Court will be

2-Falcon Ridge, Buesgens, order of referral to mediation



advised by the mediator, the parties, and counsel only that the case did or did not settle. The mediator shall not be a witness, and the mediator's records may not be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session on any person entering, leaving, or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties, which shall be *paid* ~~divided and borne equally~~ by the ~~parties~~ *Defendants* unless agreed otherwise, paid in advance by *Defendants* ~~the parties~~ directly to the mediator, and taxed as costs. If the parties do not agree on the fee requested by the mediator, the mediator is ORDERED to supply the Court with all information requested for compliance with Texas Supreme Court Miscellaneous Docket Order No. 94-9014, and the Court will set a reasonable fee, which shall be taxed as costs. Each party and counsel will be bound by any rules for mediation furnished by the mediator and shall complete and supply all information requested by the mediator.

IT IS ORDERED that all named parties shall be present during the entire mediation process and that each corporate party must be represented by an executive officer with authority to negotiate a settlement. Counsel and parties are ORDERED to agree on a mediation date within the next five (5) days. If no agreed date can be scheduled within the next five (5) days, the mediator shall select a date for the

2-Falcon Ridge, Buesgens, order of referral to mediation

mediation and all parties are ORDERED to appear as directed by the mediator. Any

date so scheduled by the mediator is incorporated in this Order as the date on which

the mediation shall occur. ~~In any event, the mediation shall be conducted no later~~

~~than~~ _____.

   Referral to mediation is not a substitute for trial, and the case will be tried if not

settled.

SIGNED on _February 21, 2006_ . ✓

_____

JUDGE PRESIDING

0-1-GN-06-000262

CHARLES E. BROWN, P.C.
ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

March 2, 2006

Travis County District Clerk
Travis County Courthouse
P.O. Box 679003
Austin, TX 78767-9003

RE:  Cause No. D-1-GN-06-000262; *Michael L. Buesgens v. Falcon Ridge
      Apartments, et al.*

HUD #06-06-293-8

Dear Clerk:

I have enclosed the original and one copy of the First Amended Answer of
Defendant Greystar Management Services, L.P. in the above-referenced
matter. Please file this document in your usual manner and return a copy to
me in the self-addressed, stamped envelope provided.

Thank you for your assistance with this matter. Please feel free to contact
our office if you have any questions.

Sincerely,

Charles E. Brown
Enclosure

Cc:   Clients
      Mr. Michael Buesgens *via CM, RRR #7005 1820 0006 6013 3220*

000058759

3-Falcon Ridge, Buesgens, ltr to clk filing Amended Answer

Page 1 of 1

NO. D-1-GN-06-000262

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS,** **Plaintiff** | § § § | **IN THE DISTRICT COURT** |
| **v.** | § § § | |
| **FALCON RIDGE APARTMENTS, FALCON APARTMENTS OF AUSTIN, LTD., FALCON APARTMENTS OF AUSTIN I, INC., GREYSTAR PROPERTY MANAGEMENT, DEBI WEHMEIER, MANDY ROGERS, AND AMANDA WILSON,** **Defendants** | § § § § § § § § § § § § | **200TH JUDICIAL DISTRICT** **TRAVIS COUNTY, TEXAS** |

D-1-GN-06-000262
1:06CV226LYRP

### FIRST AMENDED ANSWER OF DEFENDANT
### GREYSTAR MANAGEMENT SERVICES, L.P.

Defendant Greystar Management Services, L.P., files this First Amended Answer to Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order and shows:

### FACTS

1. Plaintiff filed Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order on January 23, 2006.

2. Greystar Property Management was served with process on January 24, 2006.

3. The correct legal name of Greystar Property Management is Greystar Management

3-Falcon Ridge, Buesgens, 1st Amended Answer

Page 1 of 2

Services, L.P.

## GENERAL DENIAL

4. Defendant, Greystar Management Services, L.P., enters a general denial.

## PRAYER

5. Defendant prays that Plaintiff take nothing and that Defendant be granted all

additional relief to which this Court finds Defendant justly entitled.

Respectfully submitted,

Charles E. Brown, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000 phone
(512) 346-6005 fax

Charles E. Brown
SBN: 03101650
Attorney for Defendants

### Certificate of Service

I certify that a true copy of the above was served on Michael Buesgens, Plaintiff Pro Se, 500 E. Stassney Lane, Apt. 1023, Austin, Texas 78745 via Certified Mail, RRR #7005 1820 0006 6013 3220 and first-class mail on March 2, 2006.

Charles E. Brown

3-Falcon Ridge, Buesgens, 1st Amended Answer

Page 2 of 2

CT

a Wolters Kluwer business

December 29, 2006

CT
350 North St. Paul Street
Suite 2900
Dallas, TX 75201

214 979 1172 tel
214 754 0921 fax
www.ctlegalsolutions.com

Michael L. Buesgens, Pro Se
3112 Windsor Apt. #322,
Austin, TX 78703

Re: Michel L. Buesgens, Pltf. vs. Grep General Partner LLC, et al., Dfts. // To: Unknown -
Multiple entities listed on envelope.
Case No. 12006CV226LYRP

0-1-6N-06-000262

Dear Sir/Madam:

C T Corporation System received the enclosed Motion(s), Amended Final Judgment,
Letter(s), Certificate of Service, Order, Final Judgment, Response, Summons.

Neither the document(s) nor the envelope indicates the specific entity for which the
document(s) is intended. The envelope lists multiple entities instead. Our company is
agent for thousands of companies and cannot determine the party to which the document(s)
is to be forwarded unless the document(s) is directed to a particular entity.

Accordingly, we are returning the document for further disposition.

Very truly yours,

Marie-Dominique Sheeter        C.T. CORPORATION
Process Specialist              REGISTERED AGENT

Log# 511770747

cc: United States District Court of Western District

.,
., TX .

cc: New York SOP Support

SEE DOCUMENT 210
MOTION FOR NEW TRIAL
1:2006CV226LY-RP
SHELLEY BUSH MARMON
MEGAN M. GOERES

# CHARLES E. BROWN, P.C.
### ATTORNEY AT LAW
### BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

March 24, 2006

*03/24/06*

Travis County District Clerk
Travis County Courthouse
1000 Guadalupe
Austin, TX 78701

*Via Courier*

RE:    Cause No. D-1-GN-06-000262; *Michael L. Buesgens v. Falcon Ridge Apartments, et al.*

*HUD #06-06-293-8*

Dear Clerk:

I have enclosed the original and one copy of the Original Answer of Defendants Greystar Holdings, Inc., Greystar Multi-Family Services, Falcon Ridge Apartments, Falcon Apartments of Austin I, Inc., and Falcon Apartments of Austin, Ltd. in the above-referenced matter. Please file this document in your usual manner and return a copy to me in the self-addressed, stamped envelope provided.

Thank you for your assistance with this matter. Please feel free to contact our office if you have any questions.

Sincerely,

Charles E. Brown
Enclosure

Cc:    Clients
       Mr. Michael Buesgens *Via CM, RRR #7005 1820 0006 6013 7242 & First-Class Mail*

3-Falcon Ridge, Buesgens, ltr to clk filing Answer of Greystar and FR entities

Page 1 of 1

NO. D-1-GN-06-000262 ✓    03/24/06

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS,** Plaintiff | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FALCON RIDGE** | § | |
| **APARTMENTS, FALCON** | § | |
| **APARTMENTS OF AUSTIN,** | § | **200TH JUDICIAL DISTRICT** |
| **LTD., FALCON APARTMENTS** | § | |
| **OF AUSTIN I, INC., GREYSTAR** | § | D-1-GN-06-000262 |
| **PROPERTY MANAGEMENT,** | § | 1:06CV226LY-RP |
| **DEBI WEHMEIER, MANDY** | § | |
| **ROGERS, AND AMANDA** | § | |
| **WILSON,** | § | |
| **Defendants** | § | **TRAVIS COUNTY, TEXAS** |

ORIGINAL

## ORIGINAL ANSWER OF DEFENDANTS GREYSTAR HOLDINGS, INC., GREYSTAR MULTI-FAMILY SERVICES, FALCON RIDGE APARTMENTS, FALCON APARTMENTS OF AUSTIN I, INC., AND FALCON APARTMENTS OF AUSTIN, LTD.

Defendants Greystar Holdings, Inc., Greystar Multi-Family Services, Falcon

Ridge Apartments, Falcon Apartments of Austin I, Inc. and Falcon Apartments of

Austin, Ltd. file this Original Answer to Plaintiff's Original Complaint, Petition for

Damages, and Petition for Temporary Restraining Order, and Plaintiff's Second

Amendment, and show:

### GENERAL DENIAL

Defendants Greystar Holdings, Inc., Greystar Multi-Family Services, Falcon

3-Falcon Ridge, Buesgens, Answer Falcon Ridge and Greystar

Page 1 of 2

Ridge Apartments, Falcon Apartments of Austin I, Inc. and Falcon Apartments of Austin, Ltd. enter a general denial.

**PRAYER**

Defendants pray that Plaintiff take nothing and that Defendants be granted all additional relief to which this Court finds Defendants justly entitled.

Respectfully submitted,

Charles E. Brown, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000 phone
(512) 346-6005 fax

_____
Charles E. Brown
SBN: 03101650
Attorney for Defendants

**Certificate of Service**

I certify that a true copy of the above was served on Michael Buesgens, Plaintiff Pro Se, 500 E. Stassney Lane, Apt. 1023, Austin, Texas 78745 via Certified Mail, RRR #7005 1820 0006 6013 7242 and first-class mail on March 24, 2006.

_____
Charles E. Brown

D-1-GN-06-000262
1:06CV2262LY-RP    REMOVAL
3/29/06

3-Falcon Ridge, Buesgens, Answer Falcon Ridge and Greystar

Page 2 of 2

# CHARLES E. BROWN, P.C.
**ATTORNEY AT LAW**
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*EXHIBIT*

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

March 28, 2006

Travis County District Clerk
Travis County Courthouse
1000 Guadalupe
Austin, Texas 78701

*Via Courier*

RE: Cause No. D-1-GN-06-000262; *Michael L. Buesgens v. Falcon Ridge Apartments, et al.*

Itw #06-06-293-8

Dear Clerk:

I have enclosed the original and one copy of Defendants' Motion for Protection from Discovery with regard to the above-referenced matter. Please file this document in your usual manner and return a copy to me by courier.

Thank you for your assistance with this matter. Please feel free to contact our office if you have any questions.

Sincerely,

Charles E. Brown
Enclosure

Cc: Clients
Mr. Michael Buesgens *via CM, RRR #7005 1820 0006 6013 7327*

3-Falcon Ridge, Buesgens, ltr to clk filing Amended Answer

Page 1 of 1

NO. D-1-GN-06-000262

| MICHAEL L. BUESGENS, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FALCON RIDGE** | § | |
| **APARTMENTS, FALCON** | § | |
| **APARTMENTS OF AUSTIN,** | § | 200TH JUDICIAL DISTRICT |
| **LTD., FALCON APARTMENTS** | § | |
| **OF AUSTIN I, INC., GREYSTAR** | § | |
| **PROPERTY MANAGEMENT,** | § | |
| **DEBI WEHMEIER, MANDY** | § | |
| **ROGERS, AND AMANDA** | § | |
| **WILSON,** | § | |
| **Defendants** | § | **TRAVIS COUNTY, TEXAS** |

*HUD # 06-06-293-8*

## DEFENDANTS' MOTION FOR PROTECTION FROM DISCOVERY

Defendants Greystar Management Services, L.P., Debi Wehmeier, Mandy Rogers, and Amanda Wilson ask the Court to protect them from Plaintiff Michael L. Buesgens' discovery requests.

### A. Introduction

1. Plaintiff is Michael L. Buesgens. Defendants are Greystar Management Services, L.P., Debi Wehmeier, Mandy Rogers, and Amanda Wilson.

2. Plaintiff sued Defendants for claims arising out of a residential lease of Apartment #1023 of Falcon Ridge Apartments, 500 E. Stassney Lane, Austin, Texas 78745. Specifically, Plaintiff has made allegations of discrimination and negligence against Defendants.

3. Discovery in this suit is governed by a Level 2 discovery control plan.

4. The case has not yet been set for trial.

## B. Facts

5.    Plaintiff served the attached discovery requests on Defendants. Defendants ask the Court to sign an order protecting them from Plaintiff's discovery requests.

6.    Plaintiff served Defendants with multiple discovery requests in the prior cause , No. 041509; In the Travis County Justice Court, Precinct Three, now on appeal to Travis County Court at Law #1 under Cause No. C-1-CB-06-000678. Defendants answered those discovery requests which included Request for Disclosure, Request for Admissions, and Request for Production, even though Defendants were not provided with at least thirty (30) days to do so. Defendants will provide the Court with a copy of these discovery requests and responses at the Court's request.

## C. Argument & Authorities

7.    A trial court has discretion to protect a party with a protective order. Tex. R. Civ. P. 192.6; *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990). The court has the authority to limit the scope of discovery based on the needs and circumstances of the case. Tex. R. Civ. P. 192, cmt. 7.

8.    Defendants as the Court for a protective order because Plaintiff's discovery requests seek information which is irrelevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence in accordance with Tex. R. Civ. P. 192.3.

9.    Defendants ask the Court for a protective order because Plaintiff's discovery requests are unreasonably cumulative and duplicative. Tex. R. Civ. P. 192.4(a). Plaintiff served Defendants with the same or similar requests in the previous case. Defendants answered the requests. In addition, Plaintiff served Defendants with his "Motion for Discovery" on February 2, 2006, which Defendants answered on February 21, 2006. The responses Defendants would provide to Plaintiff now would be the same as previously provided.

10.    Defendants ask the Court for a protective order because the burden and expense of complying with Plaintiff's discovery request outweighs the likely

benefit of the requested discovery, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery in resolving those issues. Tex. R. Civ. P. 192.4(b); *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999). Plaintiff's requests are not relevant to the subject matter of the pending action and the information sought does not appear reasonably calculated to lead to the discovery of admissible evidence.

11.    Defendants ask the Court for a protective order because Plaintiff's discovery requests are harassing and annoying. Tex. R. Civ. P. 192.6(b). For instance, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories to Defendants on February 3, 2006. On February 12, 2006, Plaintiff served Defendants with Plaintiff's Second Set of Interrogatories to Defendants. Then, on February 14, 2006, Plaintiff served Defendants with Plaintiff's Third Set of Interrogatories to Defendants. All three sets, as well as Plaintiff's "Requests for Disclosure" which were served on Defendants on February 26, 2006, are attached and incorporated herein by reference.

12.    Defendants ask the Court for a protective order because Plaintiff's discovery requests are overbroad. Tex. R. Civ. P. 192, cmt. 1. A discovery request must be reasonably tailored to include only relevant matters. *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). The Supreme Court has identified as overbroad requests encompassing time periods, products or activities. *See K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (request for information about criminal conduct at location for seven years was overbroad); *Dillard Dep't Store, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (request for every similar claim from every store was overbroad). The requests in this case are overbroad.

## D. Conclusion

13.    Plaintiff's discovery requests seek information which is irrelevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The discovery requests are unreasonably cumulative and duplicative. Further, the burden and expense of complying with Plaintiff's discovery requests outweighs the likely benefit of the requested discovery. In addition, Plaintiff's requests are not relevant to the subject matter of the pending action and the information sought does not

3-Falcon Ridge, Buesgens, Motion for Protection from Discovery

appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's discovery requests are also harassing, annoying and overbroad, and are not reasonably tailored to include only relevant matters. Defendants have previously provided Plaintiff with responses to all of the discovery requests relevant to this cause.

## E. Prayer

14.    For these reasons, Defendants ask the Court to set their motion for protection from discovery for hearing and, after the hearing, issue an order protecting Defendants from all discovery requested by Plaintiff by granting the relief requested in this motion.

Respectfully Submitted,

Charles E. Brown
Attorney for Defendants
State Bar No. 03101650
Charles E. Brown, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000 phone
(512) 346-6005 fax

*D-1-GN-06-000262 WAS REMOVED ON MARCH 29, 2006 TO 1:06 CV0022664*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on Michael L. Buesgens, Plaintiff Pro Se, 500 E. Stassney Lane, #1023, Austin, Texas 78745, via Certified Mail, RRR #7005 1820 0006 6013 7327 and First-Class Mail on March 28, 2006.

CHARLES E. BROWN

3-Falcon Ridge, Buesgens, Motion for Protection from Discovery

**Chapter 11 – Obstruction of the Administration of Govt.**
**Sec. 22-11-1. Resisting execution of service of process.**
Any person who resists the execution or service of any legal process is guilty of a
Class 2 misdemeanor.

**TENNESSEE CODE ANNOTATED**
**39-16-602 Resisting stop, frisk, half, arrest or search-prevention or obstruction**
**of service of legal writ or process.**
(c) It is an offense for a person to intentionally prevent or obstruct an officer of the
state **or any other person known to be a civil process server** in serving, or
attempting to serve or execute, any legal writ, or process.
(d) A violation of this section is a Class B misdemeanor.

**TEXAS PENAL CODE** *DEBRA G. WEHMEIER - SUBPOENA*
**Chapter 38. Obstructing Governmental Operation** *JUNE 16, 2006*
**Sec. 38.16. Preventing Execution of Civil Process**
(a) A person commits an offense if he intentionally or knowingly by words or physical
action prevents the execution of any process in a civil cause.
(b) It is an exception to the application of this section that the actor evaded service of
process by avoiding detection.
(c) An offense under this section is a Class C misdemeanor.

*CHARLES EADS BROWN ATTORNEY*
**UTAH CODE ANNOTATED 1953** *C-1-CV-06-000678*
**76-8-301. Interference with Public Servant**
(1) A person is guilty of interference with a public servant if he:
(a) uses force, violence, intimidation, or engages in any other unlawful act with a
purpose to interfere with a public servant performing or purporting to perform an
official function; or
(b) **knowingly or intentionally interferes with the lawful service of process by a**
**public servant.**
(2) Interference with a public servant is a class B misdemeanor.

[As amended 1998. Effective date: May 4, 1998]

| Home | Inside NAPPS | Membership | Online Store | Forms | Contact Us |

Copyright ©1999 National Association of Professional Process Servers

web development www.graphiclynx.com

CHARLES E. BROWN, P.C.
ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

July 5, 2006

Mr. Michael L. Buesgens
500 E. Stassney Lane, Apt. 1023
Austin, Texas 78745

*Via Certified Mail, RRR #7005 1820 0006 6013 6450*

RE:    Cause No. C-1-CV-06-000678; *Falcon Ridge Apartments v. Michael L. Buesgens*

Dear Mr. Buesgens:    *1:06CV 2604 -REMAND* (handwritten)

I have enclosed a copy of the Order on Motion for Withdrawal of Counsel which was signed by Judge Phillips on June 27, 2006. In accordance with the Order, please direct all future communications concerning this case to Gregory S. Cagle.

Thank you for your attention to this matter.

Sincerely,

*Ch Bn*

Charles E. Brown

Cc:    Falcon Ridge Apartments
       Gregory S. Cagle    *ARMBRUST & BROWN, LLP* (handwritten)

7-Falcon Ridge. Buesgens. letter to Buesgens encl WD Order

Page 1 of 1

COPY

CAUSE NO. C-1-CV-06-000678

| | | |
|---|---|---|
| FALCON APARTMENTS OF AUSTIN, LTD. D/B/A SOUTH FALCON RIDGE APARTMENTS<br>    Plaintiff, | §<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| vs. | §<br>§ | NO. |
| MICHAEL L. BUESGENS,<br>    Defendant. | §<br>§<br>§ | C-1-CV-06-000678 |
| | | OF TRAVIS COUNTY, TEXAS |

### ORDER ON MOTION FOR WITHDRAWAL OF COUNSEL

On _____ June 27, 2006 _____ the Court considered the Motion

for Withdrawal of Counsel of Charles E. Brown.

The Court finds that good cause exists for withdrawal of Charles E. Brown as

counsel.

The Court finds that Gregory S. Cagle has been employed to represent Falcon

Apartments of Austin, Ltd. doing business as South Falcon Ridge Apartments

("Falcon Ridge Apartments"), that the client has consented to the substitution of

counsel, and that the withdrawal of Charles E. Brown is not sought for delay only.

IT IS THEREFORE ORDERED that Charles E. Brown is permitted to

withdraw as counsel of record for Falcon Ridge Apartments in this case.

The Court recognizes Gregory S. Cagle, Armbrust & Brown, L.L.P., 100

Congress Avenue, Suite 1300, Austin, Texas  78701, telephone number (512) 435-

Page 1 of 2

6-Falcon Ridge, CCL, Order on Motion to Withdraw.1

2300, telecopier number (512) 435-2360, State Bar number 24003678 as counsel of record for Falcon Ridge Apartments in this case.

The Court orders that Charles E. Brown immediately notify Falcon Ridge Apartments in writing of any additional settings or deadlines of which Charles E. Brown now has knowledge and has not already notified Falcon Ridge Apartments. The Court further orders Charles E. Brown to make available to Falcon Ridge Apartments, not later than thirty (30) days after the date of entry of this order, the originals of all of Falcon Ridge Apartments' discovery responses and documents Falcon Ridge Apartments has produced in response to discovery requests.

SIGNED on _____*June 27, 2006*_____

**J. David Phillips**

_____

JUDGE PRESIDING

*TRAVIS COUNTY COURT AT LAW NO. 1*
*CAUSE # C-1-CV-06-000678*
*TRIAL 06-16-06*
*JUDGE J. DAVID PHILLIPS*
*FELIX TARANGO*
*CHESTER BEAVER*
*DEBRA WEITMEIER*
*MEGAN GOERES*

Page 2 of 2

6-Falcon Ridge CCL Order on Motion to Withdraw.1

Jan 31 04 10:39a     Charles E Brown                        123466005                    p.2

# CHARLES E. BROWN, P.C.
### ATTORNEY AT LAW
**BOARD CERTIFIED**
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

February 10, 2006

Mr. Charles H. Gorham, Administrator
Mr. John A. Benavides, Lead Investigator
City of Austin, Equal Employment/Fair Housing Office
505 Barton Springs Road, Suite 720
Austin, Texas 78704

*Via Facsimile (512) 974-3278*

Re:    Housing Discrimination Complaint
       Michael Buesgens v. Falcon Ridge Apartments
       COA, EE/FHO 01-06-0016-HG; HUD 06-06-0293-8

Dear Mr. Gorham and Mr. Benavides:

*HUD #06-06-293-8*
*EVICTION # 041509*

I have attached the following:

1. Defendant's Original Counterclaim (filed by Michael Buesgens in the eviction case heard by the Justice of the Peace, Precinct 5).

2. Notice of Appeal and Costs (Michael Buesgens' appeal of eviction judgment in favor of Falcon Ridge Apartments).

3. Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order (filed by Michael Buesgens in Travis County District Court).

There are approximately 50 pages of exhibits attached to Plaintiff's Original Petition. Due to their volume, I did not attach the exhibits. However, I will be happy to provide the documents at your request.

2-Falcon Ridge. Michael Buesgens. ltr to HUD encl Pet and Appeal

Page 1 of 2

Jan 31 04 10:40a    Charles E Brown                    123466005            p.3

Thank you for your attention to this matter. Please let me know if you have any questions or need further information.

Sincerely,

Charles E. Brown
Attachments

cc:    Falcon Ridge Apartments



# City of Austin, Equal Employment/ Fair Housing Office

**Mailing:**  P. O. Box 1088, Austin, Texas 78767
**Physical:**  505 Barton Springs Rd. Suite720 , Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

February 17, 2006

Michael Buesgens
500E. Stassney Lane Apt-1023
Austin, Texas 78745

RE: 06-06-0293-8/ HUD; 01-06-0028-HG/COA.EE/FHO
   Michael Buesgens v Mandy Rogers, Falcon Ridge Apartments, Falcon Ridge LP

Dear Mr. Buesgens:

Please let this letter confirm our telephone conversation of this morning. You indicated that you wish to amend your complaint and you were told that your original complaint was heard in JP court with a jury trial. You confirmed that the decision was in favor of the complex and you were evicted and fined $5000.00 attorney's fees with a $10,000. Bond that you had to post. This court action took place on 01/26/2006. You indicated during your telephone conversation of 01/27/2006 that you would be appealing the decision in County Court.

You were invited to come in to file a new complaint. The original complaint has already been heard by the courts and the administrative processing is over when the matter is heard by the courts. That complaint will be closed based on the fact that it has been heard in the courts. We will take a new complaint on any issue that is covered by the Fair Housing Act that was not alleged on the first complaint.

I look forward to you coming in to file the new complaint.

Sincerely,

*John A. Benavides*
John A. Benavides
Lead Investigator

Cc. Nekesha Phoenix,
   Austin Tenants Council

CASE NO. 041509
CHARLES E BROWN
FALCON RIDGE
APARTMENTS



# City of Austin, Equal Employment/ Fair Housing Office

**Mailing:**    P. O. Box 1088, Austin, Texas 78767
**Physical:**   505 Barton Springs Rd. Suite720, Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

February 21, 2006

Michael L. Buesgens
500 E. Stassney Lane Apt-1023
Austin, Texas 78745

*HUD # 06-06-293-8*

RE: Michael L. Buesgens vs. Falcon Ridge Apartments, Mandy Rogers, Falcon Ridge LP
    06-06-293-8 HUD; 01-06-0028-HG/COA,EE/FHO

Dear Mr. Buesgens:

Please let this letter confirm receipt of your fax dated 02/17/2006 with your request for a stay of the investigation. As was explained to you at intake and during the investigation once the matter has been filed in court and the trial has begun the administrative investigation is closed. The matter has gone to court and the trial has begun and a decision has been reached.

I understand that you have appealed the decision but the matter is in the courts. Therefore the investigation is being submitted for closure.

Sincerely,

*John A. Benavides*

John A. Benavides
Lead Investigator

*KIM KENDRICK
MILTON TURNER
GARRY SWEENEY
JOSEPH CASTILLO*

*HUD - FHEO - FHAP*

1



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
Fort Worth Regional Office
Office of Fair Housing and Equal Opportunity
801 Cherry Street    PO Box 2905
Fort Worth, Texas 76113-2905
Telephone: 1-888-560-8913 Fax: 1-817-978-5876
www.Hud.Gov

APR 2 1 2006

Mr. Michael L. Buesgens
500 E. Stassney Apt 1023
Austin, TX  78745

Subject: Fair Housing Complaint Case No. 06-0293-8, Michael L. Buesgens v
         Mandy Rogers,

Dear Mr. Buesgens:

    Your February 28, 2006 fax regarding the processing of your complaint
by the City of Austin Equal Employment/Fair Housing Office (AEEFHO) was
received by this Office. After analysis of your complaint, this Office
Office concurs with AEEFHO's determination to administratively close the
investigation based upon that fact that trial has begun. As this is an
ongoing litigation, this Office will not initiate any further actions
regarding this matter.

    Your complaint forwarded from the Texas Workforce Commission Civil
Rights Division filed against Austin Fair Housing Office, Mr.Gorham, Mr.
Benavides and Mr. Brown was received in this office on March 28, 2006. You
may address your concerns with employees of the City of Austin with the City
of Austin Director of Human Resources. For your concerns with Mr. Brown, you
may contact the Texas Bar Association.

    As these issues are ongoing litigation, this Office will not initiate
any further actions regarding this matter. If you have additional questions,
you may contact this office at 1-888-560-8913.

                              Sincerely,

                              Garry L. Sweeney
                              Director,
                              Office of Fair Housing
                                And Equal Opportunity
                              Region VI

cc: AEEFH

CHARLES E. BROWN
JOHN A BENAVIDES



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-2000
July 28, 2006 ✓



ASSISTANT SECRETARY FOR
FAIR HOUSING AND EQUAL OPPORTUNITY

Mr. Michael L. Buesgens
500 Stassney, Apartment No.1023
Austin, TX 78745-3243

*HUD #06-06-293-8*
*EVICTION SUIT # 041509*

Dear Mr. Buesgens:

    I am in receipt of your letters of May 31, 2006, and June 6, 2006, wherein you allege misconduct by Fair Housing and Equal Opportunity officials. You specifically allege that, "FHA Statutes and HUD Regulations are being ignored and omitted by them." As a result, you request the removal of U.S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity (FHEO), employees Garry Sweeney, Milton Turner, Turner Russell, and ✓ Joe F. Castillo. You also request the Department investigate the actions of certain staff of the City of Austin, Texas.  *KIM KENDRICK, SECRETARY*

    In response to your complaint, the Department reviewed and assessed the performance of the named HUD personnel in the conduct of their duties to ensure that their actions are in compliance with HUD's guidelines, procedures, and practices for conducting inquiries and investigations under Title VIII of the Fair Housing Act, as amended. We have concluded that there is no evidence to suggest HUD personnel acted improperly regarding the processing of your complaint. The evidence suggests the employees' conduct was appropriate and consistent with HUD policy.

    Your decision to move your case to state court required that the City of Austin, Equal Employment/Fair Housing Office close your case. Additionally, the commencement of trial prevented further action by the Office of Fair Housing and Equal Opportunity. Garry Sweeney, FHEO Region VI Director, acting in compliance with Federal regulations and fair housing policy, advised you in a letter dated April 21, 2006, that your case was administratively closed because of the ongoing litigation. The relevant regulation states, "[u]nder the Act, [...] the Secretary may not issue a charge of discrimination regarding an alleged discriminatory housing practice after trial begins in a civil action commenced by the aggrieved person under an Act of Congress or a State law seeking relief with respect to a discriminatory housing practice." 42 U.S.C. Section 3610(g)(4).

    The Department does not have jurisdiction to investigate your allegations against non-federal government employees -- namely, Charles Gorham and John Benavides of Austin, Equal Employment/Fair Housing Office (AEEFHO). You may wish to contact Cathy Rodgers, Director, Human Resources and Civil Service of the AEEFHO at 512-974-3250. The address is P.O. Box 1088, Austin, Texas 78767-3243.

Because you elected to file an action in court, the Department can no longer assist you in this matter. However, an additional source of information that you may find helpful is the:

**Texas Department of Housing & Community Affairs**
Post Office Box 13941
Austin, TX 78711-3941

If the Department can be of further assistance, do not hesitate to contact Garry Sweeney at our Fort Worth Regional office on 817-978-5900.

*JULY 28, 2006*

Sincerely,

*Kim Kendrick*

Kim Kendrick

*HUD #06-06-233-8 FILED: 12/28/05*
*EVICTION SUIT*
*041509 FILED: 12/30/05*

*D-1-GN-06-000262*
*1:06CV226LY-RP*

*C-1-CV-06-000678*
*1:06CV260LY*



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-2000
August 14, 2006

OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY

Mr. Michael L. Buesgens
500 Stassney, Apartment No.#1023
Austin, TX 78745-3243

Dear Mr. Buesgens:

Thank you for your letter on July 27, 2006, wherein you allege that Brandy Campbell and Southwest Housing (LIHTC) Property refused your request for a reasonable accommodation for housing. You state that you are "a qualified individual with a disability, a senior citizen and a veteran", and that you have the ability to pay the rent. You also state that, "she refused to rent to me and would not specify what rental criteria I failed to qualify on."

Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), as amended, prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on race, color, national origin, religion, sex, familial status (including children under the age of 18 living with parents of legal custodians, pregnant women, and people securing custody of children under the age of 18), and handicap (disability). If you believe you were discriminated against on the basis of your disability, you may have standing to file a complaint under the Fair Housing Act.

We are referring your inquiry to the Fort Worth Regional Office of Fair Housing and Equal Opportunity for further review. Someone from that office will contact you. Should you wish to speak directly with someone in the Fort Worth Office upon receipt of this letter, you may contact:

Mr. Garry Sweeney,
Director
Fort Worth Office of
Fair Housing and Equal Opportunity
801 Cherry Street
Fort Worth, TX 76113
817-978-5900

*CONTINUING VIOLATIONS BASED ON 041509 HUD #06-06-293-8*

Sincerely,

Linda J. Thompson,
Director
Office of Field Oversight



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-2000

AUG 2 5 2006

OFFICE OF FAIR HOUSING
AND EQUAL OPPORTUNITY

Mr. Michael L. Buesgens
3112 Windsor Road, Apartment A-322
Austin, TX 78703

HUD #06-06-293-8

Dear Mr. Buesgens:

Thank you for your July 23, 2006 correspondence. Please be advised that your correspondence will be forwarded within the next five days to the Southwest Office of Fair Housing and Equal Opportunity (FHEO), Fort Worth, Texas, for review and appropriate action. That Office has responsibility for determining jurisdiction over complaints in the state where the alleged discrimination occurred. A sheet listing all of the Department's FHEO Regional Offices is enclosed.

FHEO administratively enforces Federal statutes, executive orders and regulations designed to afford all persons an equal opportunity to live in housing of their choice and to participate in HUD-assisted programs and activities without regard to race, color, national origin, sex, religion, familial status (families with children under 18), disability or age. A sheet summarizing the different laws FHEO enforces and where they can be found in the Code of Federal Regulations is enclosed.

The FHEO Office noted on the enclosure will review your correspondence and notify you directly concerning its determination. If you have not heard from that Office within 30 days from the date of receipt of this letter, or if you wish to follow up on your letter, please direct all inquiries to that Office.

For further information, you may wish to visit HUD's Web site at www.hud.gov. I hope the information provided is helpful.

Sincerely,

Milton F. Turner
Director
Compliance and Disability Rights Division

Enclosures



**New England**

**U.S. Department of Housing and Urban Development**
**Federal Tort Claims Center**
**Office of the Regional Counsel**
**Thomas P. O'Neill, Jr. Federal Building**
**10 Causeway Street, Room 310**
**Boston, Massachusetts 02222-1092**

**(617) 994-8250    FAX: (617) 565-7337**

September 18, 2006

Michael L. Buesgens
3112 Windsor Rd. #A322
Austin, TX 78703

HUD #06-06-293-8

RE: Federal Tort Claims Act Administrative Claim

Dear Mr. Buesgens:

I write in response to the letter you faxed to HUD General Counsel Keith Gottfried and others on September 13, inquiring about the status of your claim seeking $5 million. We received your claim on April 6, 2006 and it is currently under review.

I note that the return address of your recent letter is different from the address stated on the claim. I assume that you moved, and that this letter reflects your current address. Please inform me if we should use a different address for future correspondence.

If you have any questions about the foregoing or need further assistance, please feel free to contact me.

Sincerely,

Linda G. Katz
Attorney-Advisor



**U.S. Department of Housing and Urban Development**
**Federal Tort Claims Center**
**Office of the Regional Counsel**
**Thomas P. O'Neill, Jr. Federal Building**
**10 Causeway Street, Room 310**
**Boston, Massachusetts 02222-1092**

**New England**                    **(617) 994-8250      FAX: (617) 565-7337**

OCT - 4 2006

<u>Certified Mail – Return Receipt Requested</u>

Michael L. Buesgens
3112 Windsor Rd. #A322
Austin, TX 78703

*HUD #06-06-293-8*

RE: Federal Tort Claims Act Administrative Claim

Dear Mr. Buesgens:

I am writing on behalf of the United States Department of Treasury, Internal Revenue Service, and the United States Department of Housing and Urban Development with regard to the administrative claim you filed on April 6, 2006. This is to inform you that we hereby deny your claim for monetary relief arising out of alleged discrimination HUD's handling of a housing discrimination complaint you filed on or about December 28, 2005, and all other matters encompassed in your claim received on April 6, 2006.

Please be advised that if you do not agree with the decision of the United States Department of the Treasury, Internal Revenue Service and the United States Department of Housing and Urban Development to deny your client claim, you may bring suit against the United States in an appropriate United States District Court no later than six (6) months after the date of mailing of this notification of denial. 28 U.S.C. § 2401 (b).

Very truly yours,

Miniard Culpepper,
Regional Counsel for New England



**U.S. Department of Housing and Urban Development**

**Office of the Regional Director**
**Thomas P. O'Neill, Jr. Federal Building**
**10 Causeway Street**
**Boston, Massachusetts 02222-1092**

**New England**

**TELEPHONE: (617) 994-8200**
**FAX: (617) 565-6558**

April 4, 2007

Michael Buesgens
3112 Windsor Road #A322
Austin, TX  78703

RE:  Freedom of Information Act Request
     Evidence Pertaining to HUD Complaint #06-06-293-8 Filed
     12/28/05
     FOIA Control No. 463485

Dear Mr. Buesgens:

This is in response to your Freedom of Information Act request
in which you seek copies of Evidence Pertaining to HUD
Complaint #06-06-293-8 Filed 12/28/05.  Your request has been
forwarded to Miniard Culpepper, Regional Counsel for New
England.  *MINIARD CULPEPPER*

HUD regulations implementing the federal Freedom of
Information Act provide that Attorney Culpepper will have 20
federal workdays from his receipt of your request to respond
to you. Your request was forwarded to him on April 4, 2007.

If you have questions about the status of your request, please
feel free to contact me at 617-994-8204.

Sincerely yours,

Penny Shields
Operations Analyst



**U.S. Department of Housing and Urban Development**

**Office of the Regional Counsel**
**Thomas P. O'Neill, Jr. Federal Building**
**10 Causeway Street**
**Boston, Massachusetts 02222-1092**

**New England**                    **(617) 994-8250    FAX: 565-7337**

MAY − 4 2007

Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX 78703

Subject: <u>Freedom of Information Act Request</u>

Dear Mr. Buesgens:                    HUD #06-06-293-8

This letter is in response to your Freedom of Information Act ("FOIA") request dated April 3,
2007 seeking documents and audiotapes of your telephone conversation with John A. Benavides
and Charles Eads Brown.  Please be advised that the records you have described in your FOIA
request are not in the possession of our office.

Pursuant to 24 C.F.R. § 15.111 you may appeal this denial of your request within thirty (30) days
of the date of this letter.  Your appeal should describe and identify the basis for your appeal, and
in particular indicate why you believe that the information is not in the possession of this office.
Your appeal must include a copy of your original FOIA request and a copy of this response to
your request, as well as a statement of all of the reasons, circumstances, or arguments that you
wish to assert in support of disclosure.  The envelope containing your appeal should be clearly
identified and prominently marked as a "Freedom of Information Act Appeal" and it should be
addressed to the Assistant General Counsel for Procurement and Administrative Law, Room
10176, 451 Seventh Street, SW, Washington, D.C., 20410.

Sincerely,

Miniard Culpepper
Regional Counsel

**J. REX WIER, III, MD**
**3724 JEFFERSON STREET, SUITE 111**
**AUSTIN, TX 78731**

512-452-0109
Fax 512-452-2706

June 19, 2006
Falcon Apartments of Austin I, Inc.
Attn: Arnold Tauch, Jack Moss & Kyle Tauch

Dr. Mr. Tauch and Moss:

This letter is being written on behalf of my patient, Micheal Buesgens. He has been under my care since August 17, 2004 for a debilitating medical condition. I would like to request reasonable accommodation for him.

His medical disability has been aggravated by the litigation involved in his housing accommodations. Please allow Mr. Buessgen's to remain in his apartment at this time. The loss of his housing or a change in his living environment would cause his condition to decompensate.

Please contact my office if you have any questions or concerns.

Sincerely,

J. Rex Wier, III, MD

JRW/cg

J. Rex Wier, III, MD
3724 Jefferson Street, Suite 111
Austin, TX 78731

Phone: 512-452-0109
Fax: 512-452-2706

**J. Rex Wier, III, MD**

HUD #06-06-293-8

800-528-7274

# Fax

To: Falcon Apartments    & Falcon Ridge Apartments
From: of AUSTIN I, INC.
Dr. John Rex Wier

Attn: Arnold Tauch, Jack Moss    Date: 6-29-06
    & Kyle Tauch

Fax: (713) 864-0971    Pages: 2

Re: Eviction of Micheal    CC:
    Buesgens

☒ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

**Comments:**

This is the second time this letter has been sent requesting special accommodation for Mr. Buesgens. If he is forced out of his home he will have no where to go. Please reconsider the eviction process in this case based on medical necessity.

**CONFIDENTIAL HEALTH INFORMATION ENCLOSED:** HEALTHCARE INFORMATION IS PERSONAL AND SENSITIVE INFORMATION. IT IS BEING SENT TO YOU AFTER RECEIVING THE APPROPRIATE AUTHORIZATION FROM THE INDIVIDUAL OR UNDER CIRCUMSTANCES THAT DO NOT REQUIRE INDIVIDUAL AUTHORIZATION. YOU, THE RECIPIENT, ARE OBLIGATED TO MAINTAIN THE INFORMATION IN A SAFE, SECURE AND CONFIDENTIAL MANNER. RE-DISCLOSURE WITHOUT ADDITIONAL INDIVIDUAL CONSENT/AUTHORIZATION OR AS PERMITTED BY LAW IS PROHIBITED. UNATHORIZED USE OR RE-DISCLOSURE OR FAILURE TO MAINTAIN CONFIDENTIALITY COULD SUBJECT YOU TO CIVIL AND CRIMINAL PENALTIES DESCRIBED UNDER FEDERAL AND STATE LAW.

*IF YOU HAVE RECEIVED THIS INFORMATION BY ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DESTROY OR RETURN THE INFORMATION. THANK YOU.*

FAX: 713-861-0971

Jun. 29 2006 10:11AM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|------------|------|-------|--------|
| 01 | 17138610971 | Jun. 29 10:10AM | 01'11 | TX | 02 | OK |

IF YOU HAVE A PROBLEM WITH YOUR FAX, CALL TOLL-FREE 1-800-HELP-FAX (1-800-435-7329).

TO :  ARNOLD TRUCH
      JACK C. MOSS
      KYLE O TRUCH
      OWNERS-LANDLORDS
      FALCON RIDGE APARTMENTS
      CHARLES E. BROWN
      MEGAN MONIQUE GOERES
      DEBRA WEHMEIER
      HUD # 06-06-293-8

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1456 |
| RECIPIENT ADDRESS | 917138610971ppp36039# |
| DESTINATION ID | |
| ST. TIME | 07/08 09:45 |
| TIME USE | 01'13 |
| PAGES SENT | 5 |
| RESULT | OK |

# SETON SHOAL CREEK HOSPITAL

3501 Mills Avenue,
Austin, TX 78731
Tel: (512) 324 2020
Fax: (512) 324 -2015

**FACSIMILE TRANSMISSION**    *PHONE : 512-326-5000*

**DATE:** *7/8/2006*

**TO:** *ARNOLD TAUCH, JACK MOSS, KYLE TAUCH*

**ATTN:** *REASONABLE ACCOMODATION REQUEST*
*6/16/2006 AND 6/21/2006 AND*  *6/31/2006*
*AND*
**FAX #:** ✓ *713-861-0971*  *7/2/2006*

**TEL#:** ✓ *512-326-1557*

**RE:** *APART 1023 FALCON RIDGE APARTMENTS*

**FROM:** *SHIVA KUMAR LAM M.D.*
Adult Services Unit

_____ *5* _____ **Pages, including this cover sheet, are being transmitted. If you have trouble receiving them, please call (512) 324-2020.**

## INFORMATION FAXED:

| | |
|---|---|
| ✓ Discharge Plan/Summary | ✓ MD Orders |
| ___ Psychiatric Evaluation | ___ Meds/Consents |
| ___ Assessments/Evaluations | ___ Treatment Plan |
| ___ History & Physical | ___ Admission Forms |
| ___ M.D. Progress Notes | |
| ___ Lab/EEG/EKG | |
| ___ OTHER: _____ *17* _____ | |

**Confidentiality Notice: The documents accompanying this transmission may contain confidential health or other information that is proprietary, legally privileged, and/or**



JULY 7, 2006                    HUD # 06-06-293-8

AVOLRD TAUCH
MANDY ROGEK
JACK C MOSS
DEBI WEIMEIER
KYLE TAUCH
FALCON APARTMENTS OF AUSTIN I, INC
CHARLES E BROWN
5225 KATY FREEWAY #530
HOUSTON, TX
FAX: 713-861-0971

    I REQUEST REASONABLE ACCOMMODATION
AT APARTMENT 1023, FALCON RIDGE
APARTMENT TO COMPLETE MY LEASE
DATED DECEMBER 5, 2005 ENDING
OCTOBER 22, 2006 AND I REQUEST RENEWAL
BECAUSE OF MY MEDICAL DISABILITY, I HAVE THE
ABILITY TO PAY RENT. I CURRENTLY RESIDE
AT SET SHOAL CREEK HOSPITAL, AUSTIN, TEXAS
                    Michael Burgess    7/7/2006

TRANSMISSION OK

TX/RX NO                    1420
RECIPIENT ADDRESS          917138610971PPPP36039#
DESTINATION ID
ST. TIME                   07/07 13:13
TIME USE                   00:52
PAGES SENT                 4
RESULT                     OK

18



CT
a Wolters Kluwer business

December 29, 2006

CT
350 North St. Paul Street
Suite 2900
Dallas, TX 75201

214 979 1172 tel
214 754 0921 fax
www.ctlegalsolutions.com

Michael L. Buesgens, Pro Se
3112 Windsor Apt. #322,
Austin, TX 78703

Re: Michel L. Buesgens, Pltf. vs. Grep General Partner LLC, et al., Dfts. // To: Unknown -
Multiple entities listed on envelope.
Case No. 12006CV226LYRP      HUD #06-06-293-8

Dear Sir/Madam:

C T Corporation System received the enclosed Motion(s), Amended Final Judgment,
Letter(s), Certificate of Service, Order, Final Judgment, Response, Summons.

Neither the document(s) nor the envelope indicates the specific entity for which the
document(s) is intended. The envelope lists multiple entities instead. Our company is
agent for thousands of companies and cannot determine the party to which the document(s)
is to be forwarded unless the document(s) is directed to a particular entity.

Accordingly, we are returning the document for further disposition.

Very truly yours,

Marie-Dominique Sheeter      C.T. CORPORATION
Process Specialist           REGISTERED AGENT

Log# 511770747

cc: United States District Court of Western District
    .,
    ., TX .

cc: New York SOP Support

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS §
Plaintiff §
§
v. §    CASE NO. 1:06-CV-01964-RCL
§
CHARLES E. BROWN, ET AL. §
Defendants §

*RBW* (handwritten)

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S ORIGINAL ANSWER

Charles E. Brown, Defendant, files Defendant's Original Answer to Plaintiff's

Original Petition and shows:

*HUD #06-06-293-8 EVICTION SUIT 041509* (handwritten)

## ANSWER

1.    Defendant denies that this Court has jurisdiction over the matters alleged by

Plaintiff. (Plaintiff's Original Complaint, Paragraph II, pg. 15)

2.    Defendant denies employment discrimination or housing discrimination based

on disability or any basis. (Plaintiff's Original Complaint, Paragraph 14, pg.

18)

3.    Defendant denies retaliation against Plaintiff because of employment

discrimination or housing discrimination complaints. (Plaintiff's Original

Complaint, Paragraph 15, pg. 18)

*JOHN A. BENAVIDES
KIM KENDRICK
MILTON TURNER
GARRY SWEENEY* (handwritten)

4.    Defendant is without sufficient knowledge to admit or deny any facts regarding the constitutionality of state statutes. (Plaintiff's Original Complaint, Paragraph 16, pg. 18-19)     *HUD #06-06-293-8*

5.    Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise taxes. (Plaintiff's Original Complaint, Paragraph 17, pg 19)

6.    Defendant is without sufficient knowledge to admit or deny any facts regarding certificates of authority to do business. (Plaintiff's Original Complaint, Paragraph 18, pg. 19)

7.    Defendant denies any assumed name or true name violations. (Plaintiff's Original Complaint, Paragraph 19, pg. 19)

8.    Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise tax liability nexus to Federal Corporate IRS tax reporting. (Plaintiff's Original Complaint, Paragraph 20, pg. 19)

9.    Defendant denies that there has been collusion between attorneys, law firms and real estate developers and state agencies against Plaintiff. (Plaintiff's Original Complaint, Paragraph 21, pg. 19)

10.   Defendant denies that there is or has been a civil conspiracy intertwined in Plaintiff's housing discrimination complaint and employment discrimination complaint. (Plaintiff's Original Complaint, Paragraph 22, pg. 20)

11.    Defendant denies retaliation against Plaintiff. (Plaintiff's Original Complaint, Paragraph 23, pg. 20)

12.    Defendant denies discrimination and retaliation in collusion with any other parties against Plaintiff. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

13.    Defendant denies discrimination or retaliation in collusion with the National Apartment Association, Texas Apartment Association, or Austin Apartment Association. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

14.    Defendant denies a breach of duty owed against Plaintiff. (Plaintiff's Original Complaint, Paragraph 25, pg. 21)

*HUD #06-06-293-8*

15.    Defendant denies any breach of fiduciary duty to the courts or to Plaintiff. (Plaintiff's Original Complaint, Paragraph 26, pg. 21)

16.    Defendant denies any negligent misrepresentations to Plaintiff in employment discrimination or housing discrimination. (Plaintiff's Original Complaint, Paragraph 27, pg. 21)   *HUD #06-06-293-8*

17.    Defendant denies connected or coordinated adverse actions against Plaintiff or circumventing federal statutes, state statutes, or federal and state rules of civil procedure. (Plaintiff's Original Complaint, Paragraph 28, pg. 22)

18.    Defendant denies attorney and law firm private and government misconduct. (Plaintiff's Original Complaint, Paragraph 29, pg. 22)

19. Defendant denies state and federal tax fraud. (Plaintiff's Original Complaint, Paragraph 30, pg. 22) *STATE FRANCHISE TAX ON ENTITIES*

20. Defendant denies violations of Secretary of State regulations for business and non-profit entities. (Plaintiff's Original Complaint, Paragraph 31, pg. 22)

21. Defendant denies that he failed to acquire fictitious name certification. (Plaintiff's Original Complaint, Paragraph 32, pg. 23)

22. Defendant denies misrepresenting the true name and identity and standing, and capacity of the owners and general partners of residential multi-family communities. (Plaintiff's Original Complaint, Paragraph 33, pg. 23)

23. Defendant denies negligent or intentionally negligent misrepresentations for mandatory disclosures. (Plaintiff's Original Complaint, Paragraph 34, pg. 23)

24. Defendant denies fraudulent acts or negligently allowing fraudulent acts, willful or premeditated activities regarding legal and business decisions, fraudulent activities that are foreign to the duties of an attorney, acting outside the scope of Defendant's duties, or fraudulent acts on behalf of Defendant's clients. (Plaintiff's Original Complaint, Paragraph 35, pg. 23-24)

25. Defendant is unable to admit or deny the statement made regarding "any limitations to rely on or disclaimers as to the accuracy of attorney representations made to Plaintiff or unrepresented non-clients", as the

statement is vague and non-sensical. (Plaintiff's Original Complaint, Paragraph 36, pg. 25)

26. Defendant denies aiding and abetting a breach of fiduciary duty based on rendition of legal advice. (Plaintiff's Original Complaint, Paragraph 37, pg. 25)

27. Defendant denies violations of rules of professional conduct toward persons involved in the judicial process. (Plaintiff's Original Complaint, Paragraph 38, pg. 25)

28. Defendant denies not reporting any professional misconduct and denies any knowledge of any professional misconduct. (Plaintiff's Original Complaint, Paragraph 39, pg. 26)

29. Defendant denies that he has caused the multiple civil litigation filings by Plaintiff. (Plaintiff's Original Complaint, Paragraph 40, pg. 26)

30. Defendant denies any retaliation, abuse of process, abuse of power, abuse of relationships, abuse of knowledge, or discrimination against Plaintiff. (Plaintiff's Original Complaint, Paragraph 41, pg. 26)

31. Defendant denies that he "pisses on" Plaintiff because he is pro se, or that statutes and laws and rules are only lip service and are routinely manipulated. (Plaintiff's Original Complaint, Paragraph 42, pg. 27)

32.    Defendant denies that Plaintiff is entitled to or should recover any

compensatory damages, punitive damages, or exemplary damages.

PRAYER

Defendant prays that Plaintiff take nothing and that Defendant be granted all

additional relief to which this Court finds Defendant justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

H:\A WorkCB\G-Brown, Buesgens, Answer.doc

Page 6 of 6

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS     §
Plaintiff     §
    §
v.     §    CASE NO. 1:06-CV-01964-RCL
    §
CHARLES E. BROWN, ET AL.     §
Defendants     §

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*HUD #06-06-293-8*

## DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE

      Charles E. Brown, Defendant, respectfully moves to dismiss this case for lack

of subject matter jurisdiction, improper venue, failure to state a claim upon which

relief can be granted, res judicata or, in the alternative, Defendant moves to transfer

this case to the Western District of Texas, Austin Division, pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a).  In support of this

Motion, the Defendant respectfully refers the Court to the accompanying

Memorandum of Points and Authorities and proposed Order.

      Defendant requests that to the extent that this Motion is treated as one for

summary judgment, all factual assertions contained within the attached Memorandum

in support of this Motion be accepted by the Court as true unless Plaintiff submits

contravening affidavits or other documentary evidence. *Neal v. Kelly*, 963 F.2d 453

(D.C. Cir. 1992).       *UNLESS*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court

dismiss Plaintiff's claims against Defendant in Plaintiff's Complaint and enter such

other and further orders to which Defendant is justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

*HUD #06-06-293-8*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

*KIM KENDRICK*
*MILTON TURNER*
*HUD*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL L. BUESGENS**<br>**Plaintiff** | §<br>§<br>§ |
| **v.** | §<br>§ |
| **CHARLES E. BROWN, ET AL.**<br>**Defendants** | §<br>§<br>§ |

*EVICTION SUIT*
*041509   12/30/05*

**CASE NO. 1:06-CV-01964-RCL**

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*12/28/05    HUD # 06-06-293-8*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

Plaintiff, Michael L. Buesgens, has brought suit against thirty-five (35) Defendants, including the Defendant Charles E. Brown, for alleged violations of housing discrimination laws, attorney malpractice, employment discrimination and other incoherent claims. Upon information and belief, the Plaintiff is a resident of Texas and all claims made by Plaintiff arise out of facts which occurred in Texas. Plaintiff has other active civil matters already pending in the Western District of Texas from which there have been multiple appeals docketed with the United States Court of Appeals for the Fifth Circuit. Prior attempts by him to initiate and prosecute claims against Texas defendants in this court have been rebuffed and the case transferred to the proper court with jurisdiction and proper venue—the United States District Court for the Western District of Texas—Austin Division.

The Defendant Charles E. Brown is not a resident of the District of Columbia and has no contact with the District of Columbia. Furthermore, all of the events, actions and transactions by and between the Defendant Charles E. Brown and the Plaintiff occurred in Travis County, Texas. Accordingly, the Defendant Charles E. Brown moves to dismiss the Plaintiff's lawsuit based on lack

of personal jurisdiction, improper venue and for failure to state a claim upon which relief could be granted. If the Court is not inclined to dismiss these claims on these bases, the Defendant Charles E. Brown requests that the case be transferred to the Western District of Texas—Austin Division.

## ARGUMENT AND AUTHORITIES

### NO PERSONAL JURISDICTION OVER THE DEFENDANT CHARLES E. BROWN

The Defendant Charles E. Brown is a resident in Texas. Plaintiff Buesgens' complaints against the Defendant Charles E. Brown arise out of his tenancy in, and ultimate eviction from, an apartment community in Austin, Texas known as "Falcon Ridge" owned by Falcon Apartments of Austin, Ltd. Charles Brown, P.C. represented the landlord in a lawsuit to evict the Plaintiff. Armbrust & Brown, L.L.P. represented the landlord in Plaintiff's appeal of his eviction and is co-counsel in representing Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Management Services, L.P., GREP General Partner, L.L.C., Debi Wehmeier, Mandy Rogers and Amanda Torres-Wilson in Plaintiff's fair housing lawsuit pending in the Western District of Texas—Austin Division. Crady, Jewett & McCulley, LLP is co-counsel with Armbrust & Brown in the same federal district lawsuit and also represents these same Defendants in related proceedings filed by Plaintiff with the Multi-District Litigation Panel and pending before the United States Court of Appeals for the Fifth Circuit.

All of the factual statements related to the Defendant Charles E. Brown, even if taken as true, occurred entirely and solely within the State of Texas.

District of Columbia Long Arm Jurisdiction Statute

The Defendant Charles E. Brown does not meet the statutory requirements sufficient to permit this Court to exercise personal jurisdiction over him either through conduct or through an enduring relationship. D.C. CODE ANN. § 12-422, 12, 423 (1981). All of the actions or omissions

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

complained of by the Plaintiff about the Defendant Charles E. Brown occurred in Texas. Plaintiff

fails to allege that any of the incidents giving rise to his claims against the Defendant Charles E.

Brown occurred in the District of Columbia.

*NO THEY DID NOT*
*SEE KIM KENDRICK HUD*
*MILTON TURNER HUD 2006*

Due Process Considerations

    If this Court were to exercise personal jurisdiction over the Defendant Charles E. Brown, it

would violate the due process rights of the Defendant Charles E. Brown guaranteed to them by the

Fourteenth Amendment to the United States Constitution. Before this court may exercise personal

jurisdiction over a non-resident defendant two requirements must be met: the non-resident defendant

must have availed itself of the benefits and protections of the forum states by establishing minimum

contacts with it and the court's exercise of personal jurisdiction over the defendant must not offend

traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326

U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

    Plaintiff does not allege specific jurisdictional facts but appears to rely on conclusory

allegations and appears to aggregate factual allegations among the various Defendants. Such efforts

should fail. Plaintiff bears the burden of establishing personal jurisdiction over each individual

Defendant. The Plaintiff must allege specific facts upon which personal jurisdiction can be based.

*GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998), *remanded*

*on other grounds sub nom., GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C.

Dir. 2000). They may not aggregate factual allegations concerning multiple Defendants in order to

demonstrate personal jurisdiction over any one Defendant. *Rush v. Savchuk*, 444 U.S. 320, 331-32

(1980).

    A defendant's minimum contacts with the forum state can establish personal jurisdiction. The

jurisdiction is either general or specific. General jurisdiction arises when the defendant's contacts

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

with the forum state are so continuous and systematic as to confer jurisdiction, even when none of the contacts directly relate to the instant case.  In that case, even if the forum state has no interest in the specific dispute between the parties, the forum state may still have interest in the defendant because the defendant has already created substantial connections with it.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984).  Sporadic or limited contacts with the forum are insufficient to confer general jurisdiction over a non-resident defendant.  The Defendant Charles E. Brown has had no contact with the District of Columbia, much less sporadic contacts.  Therefore, the Plaintiff cannot establish a systematic or continuing contact between Defendant and the District of Columbia and therefore cannot establish general jurisdiction over the Defendant Charles E. Brown.

Plaintiff cannot establish specific jurisdiction over the Defendant Charles E. Brown for the same reason.  Specific jurisdiction arises when a defendant's contacts with the forum state are specifically related to the lawsuit in which the Plaintiff seeks to establish jurisdiction.  In order to establish the minimum contacts which confer specific jurisdiction, the defendant must have purposefully performed some act or consummated some transaction within the forum state and the cause of action alleged by the Plaintiff must arise from or be connected with that act or transaction. *International Shoe*, 326 U.S. at 318.  The Plaintiff's allegations regarding the Defendant Charles E. Brown occurred solely within the State of Texas, Travis County to be precise.  None of the allegations have any connection with the District of Columbia.

Finally, the Court should also analyze whether anything within the circumstances of this lawsuit could confer jurisdiction over the Defendant Charles E. Brown so as to comport with the traditional notions of fair play and substantial justice.  In reviewing this standard, the Court must consider the following factors: the burden on the Defendant Charles E. Brown, the interest of the

forum state, the interests of the Plaintiff in obtaining convenient and effective relief, the interest of the judicial system in efficiently resolving controversies and the interests of the states in furthering fundamental policies. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105, S.Ct. 2174 (1985).

In applying these factors, exercising jurisdiction over the Defendant Charles E. Brown does not comport with the traditional notions of fair play and substantial justice. The burden on the Defendant Charles E. Brown to defend against the vague complaints in a jurisdiction hundreds of miles from his residence would be substantial. Several of the Defendants are individuals of limited means with only tangential relationship to the allegations made by the Plaintiff. The Defendant Charles E. Brown does not have an office or other business within the District of Columbia. Nothing within Plaintiff's Complaint indicates any specific connection with the District of Columbia as such allegations relate to the Defendant Charles E. Brown. Defendant Charles E. Brown is a resident of Texas and the allegations raised by Plaintiff relate to his fair housing complaints, which are already the subject of a suit pending in the United States District Court for the Western District of Texas— Austin Division (the "Texas Federal Case") and an appeal pending before the United States Court of Appeals for the Fifth Circuit. The fair housing suit in federal district court was set for trial in January 2007 and the appellate case is set on a briefing schedule which begins October 17, 2007. Plaintiff has already elected the forums located in Texas for the resolution of his dispute against the Defendant Charles E. Brown. Clearly the prosecution of these complaints in yet another forum would not promote the convenient or efficient resolution of his claims.

## **IMPROPER VENUE**

Should the Court determine that there is sufficient basis for personal jurisdiction over the Defendant Charles E. Brown, he moves to dismiss this case based on improper venue. It is unclear the basis for Plaintiff's establishment of jurisdiction. If the claims that jurisdiction over the

*HUD IS LOCATED IN WASHINGTON, D.C.*

Defendant Charles E. Brown are based upon diversity, venue would be proper only in the following districts: 1) the judicial district where any Defendant resides, if all Defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that this the subject of the action is situated, or 3) a judicial district in which any Defendant may be found, if there are no districts in which the action may otherwise be brought. 28 U.S.C. § 1391(b).   *WHERE DOES BUESGENS RESIDE ?*

Accordingly, venue would be proper in the District of Columbia only if all of the Defendants *EXTENDED STAY AMERICA* resided in the District of Columbia, a substantial part of the actions or omissions which the Plaintiff alleges occurred in the District of Columbia, or one of the residents resides in the District of Columbia and there is no other district in which Plaintiff could bring his lawsuit. None of these circumstances apply to the Plaintiffs' cause of action. Accordingly, venue is not proper and the Plaintiff's claims against the Defendant Charles E. Brown should be dismissed.

## **FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff has failed to allege any statutory or common law basis for any claims against the Defendant Charles E. Brown. Plaintiff Buesgens filed suit in Federal Court in the Western District of Texas against many of the same defendants named in this suit. The Texas Federal Case which was set for trial in January 2007. The allegations in the instant case appear to mirror the allegations in the Texas Federal Case. Plaintiff Buesgens is apparently not pleased with the way his suit is progressing and must have thought that naming the defendants in yet another lawsuit might change the results. Further, the Plaintiff's Complaint within the instant case fails to state any basis for relief against Defendant Charles E. Brown.

Defendant Charles E. Brown represented Falcon Ridge in an eviction case in Justice of the Peace Court, Precinct 5, Travis County, Texas, and the subsequent appeal of that case in the County

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

Court of Travis County, Texas. Charles E. Brown no longer represents Falcon Ridge in any matters. Nothing within Plaintiff's Complaint gives rise to any basis for any liability of Charles E. Brown for representing his clients in litigation with Plaintiff in other forums. Plaintiff alleges that Charles E. Brown and other attorneys engaged in interference with a contract (Paragraph 35), collusion (Paragraph 36) and theft or conversion (Paragraph 39). Even if any of these complaints were true, which Defendant Charles E. Brown strenuously denies, Plaintiff has failed to allege sufficient specific facts to support these claims and these attorneys have no personal liability to this Plaintiff for acts taken in the course of representing their clients. *Taco Bell v. Cracken*, 939 F.Supp. 528 (N.D. Tex 1996); *Chapman Children's Trust v. Porter & Hedges L.L.P.* 32 SW 3d 429 (Tex App— Houston [14th] 2000 pet denied). Plaintiff further suggests that these attorneys have committed third degree felony offenses in allowing certain corporate charters to be forfeited. (Paragraph 48). Even if such allegations are true, Plaintiff does not have standing to prosecute such claims, nor does it provide a basis upon which relief could be granted in favor of Plaintiff.

## CONCLUSION

Plaintiff's causes of action against Defendant Charles E. Brown should be dismissed for lack of personal jurisdiction over him and for improper venue. Nothing within Plaintiff's Complaint gives rise to a claim upon which relief could be granted.    *IT HAS RISEN*

WHEREFORE PREMISES CONSIDERED, Defendant Charles E. Brown requests this Court to dismiss Plaintiff's claims against him in Plaintiff's Complaint, or in the alternative, to transfer this case to the United States District Court for the Western District of Texas—Austin Division, and enter such other and further orders to which these parties may show themselves to be justly entitled.

Respectfully submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

*HUD #06-06293-8*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

# ADVERSE ACTION LETTER ✓

Page 1 of 1

### MICHAEL BUESGENS

11/14/06

### <u>ADVERSE ACTION LETTER</u> ✓

Dear <u>MICHAEL BUESGENS, xxx-xx-7122</u>

Thank you for your recent application to: <u>Rosemont at Hidden Creek</u> ✓

At this time we are unable to approve your application.

This adverse action has been taken in accordance with the requirements of the federal Fair Credit Reporting Act, 15 U.S.C. ✓
1681m(a).

This decision was based on:

[ ] Information contained in consumer report(s) obtained from or through First Advantage SafeRent, Inc., which may include credit or consumer information from one or more credit bureaus or consumer reporting agencies.

✓ First Advantage SafeRent, Inc. can be reached at: Consumer Relations 7300 Westmore Road, Suite 3, Rockville, Maryland 20850-5223. By phone: (888) 333-2413.

[ ] Information obtained from a source other than a consumer reporting agency. (You have the right to disclosure of the nature of this information, upon your furnishing proper identification, if you make a written request to us within 60 days of receiving this letter.)

[✓ Other: **poor rental history Falcon Ridge is owed** ✓ **$3893.7**

In evaluating your application, information obtained from or through First Advantage SafeRent, Inc., which may include credit information or consumer information from one or more of the credit bureaus or consumer reporting agencies, may have influenced our decision in whole or in part. These consumer-reporting agencies and/or credit bureaus did not make the decision to take adverse action and are unable to provide specific reasons why adverse action was taken.

YOU HAVE CERTAIN RIGHTS UNDER FEDERAL AND STATE LAW WITH RESPECT TO YOUR CONSUMER REPORT. IF ANY PERSON TAKES ADVERSE ACTION BASED IN WHOLE OR IN PART ON ANY INFORMATION CONTAINED IN A CONSUMER REPORT OR CREDIT REPORT, YOU HAVE THE RIGHT TO A DISCLOSURE OF THE INFORMATION IN YOUR CONSUMER FILE FROM THE AGENCY THAT PROVIDED SUCH INFORMATION, IF YOU MAKE A WRITTEN REQUEST TO THEM AND UPON YOUR PROPER IDENTIFICATION WITHIN 60 DAYS OF RECEIVING THIS DENIAL. THE FEDERAL FAIR CREDIT REPORTING ACT ALSO PROVIDES THAT YOU ARE ENTITLED TO OBTAIN FROM ANY NATIONWIDE CREDIT REPORTING AGENCY OR CREDIT BUREAU A FREE COPY OF YOUR REPORT IN ANY TWELVE MONTH PERIOD. YOU HAVE THE RIGHT TO DIRECTLY DISPUTE WITH THE CONSUMER REPORTING AGENCY AND/OR CREDIT BUREAU THE ACCURACY AND COMPLETENESS OF ANY INFORMATION FURNISHED BY THAT AGENCY OR BUREAU AND TO PROVIDE A CONSUMER STATEMENT DESCRIBING YOUR POSITION IF YOU DISPUTE THE INFORMATION IN YOUR CONSUMER FILE. IF YOU BELIEVE THE INFORMATION IN YOUR CONSUMER FILE IS INACCURATE OR INCOMPLETE, YOU MAY CALL FIRST ADVANTAGE SAFERENT, INC. CONSUMER RELATIONS DEPARTMENT AT (888) 333-2413. FIRST ADVANTAGE SAFERENT, INC. WILL INITIATE THE REINVESTIGATION OF ANY DISPUTED INFORMATION OBTAINED THROUGH THEM AND WILL REINVESTIGATE ANY DISPUTED INFORMATION OBTAINED FROM THEIR DATABASE.

Authorized Signature: _Shannon Sun_

Date: 11/14/00 ✓

OneSite - Final account statement : Michael Buesgens

Page 1 of 1

Falcon Ridge ✓
500 E Stassney Ln
Austin, TX 78745-3243

*ARNOLD CARL TAUCH*
*ROBERT A. FAITH*
*GARY KID OLDHAM*

Buesgens, Michael ✓
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US

*UNLAWFUL*
*RELETTING CHARGES*
*EVICTION 07/06/06*
*LEASE 12/26/05 - 10/22/06*

## Final account statement

| Ledger Account at move-out | |
|---|---|
| Rent | 3,893.71 |
| Balance at move-out | $3,893.71 | ✓

| Deposit Activities | |
|---|---|
| Total Deposits on hand | $0.00 |

| Additional charges/credits/payments after move-out | |
|---|---|
| Total additional charges / credits / payments | $0.00 |

| Final Account balance | |
|---|---|
| Balance at move-out | 3,893.71 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 0.00 |
| Total account balance due | $3,893.71 |

| FAS Prepared | |
|---|---|
| Date | 07/12/2006 |
| User | Shepherd, Samantha |

| Pay to | |
|---|---|
| Buesgens, Michael | |

| Lease Information - Unit 01023 | |
|---|---|
| Move-in | 06/28/2003 |
| Notice given | 07/07/2006 |
| Lease expires | 10/22/2006 |
| Move-out | 07/09/2006 |
| Move-out reason | Evicted |
✓

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

Manager

*SAMANTHA SHEPPARD*
*GREYSTAR EMPLOYEE* ✓   *WHERE IS SHE NOW*



**FALCON RIDGE**

500 East Stassney Lane • Austin, TX 78745
Phone: 512.326.5000 • Fax: 512.326.1557
www.falconridgeapartments.com

HUD #06-06-293-8    12/28/05



ROSEMONT
*at* HIDDEN CREEK
APARTMENTS

9345 State Highway 290 East
Austin, Texas 78724
512.928.2339
Fax: 512.928.4861
MRobertson@SouthwestHousing.com

*Michael Robertson*
*NALP, CAM*
*Business Manager*

*Professional Investigations and Legal Support Services for Advocates*

### Weeks and Associates, L.L.C.
Michael J. Weeks

Office:      512-472-9989
Facsimile: 512-494-1133

Texas License A-08780
www.carlweeks.com
email mw@carlweeks.com

316 West 12th Street
Suite 308
Austin, Texas 78701

www.hudclips.org    *1:06CV01964RBW*

*HUD #06-06-293-8*

[Search] [Prev List] [Doc List] [Next List] [Bottom] [Help] [Collapsed]

*Documents: 1 - 5 of 5*
*Database: Fair Housing and Equal Opportunity Handbooks*    *HUD*

*Click on Collapsed view to see titles only*    *TEAPOTS*

*COMPLAINT PROCESSING MANUAL*

| REF | DOCN | |
|-----|------|---|

Fair Housing and Equal Opportunity Handbooks:
        8024.01    Title VIII Complaint Intake, Investigation, and Conciliation Handbook
1       8024.01        CHAPTER 4: COMPLAINT INTAKE
2       8024.01        CHAPTER 7: PLANNING AND CONDUCTING THE INVESTIGATION
3       8024.01        CHAPTER 9: ADMINISTRATIVE CLOSURES
4       8024.01        CHAPTER 10: PREPARATION OF THE CASE FILE
5       8024.01        CHAPTER 11: CONCILIATION

[Search] [Prev List] [Doc List] [Next List] [Top] [Help]

*KIM KENDRICK*
*MILTON TURNER*
*GARCY SWEENEY*
*JOSEPH CASTILLO*
*MINIARD CULPEPPER*
*LINDA G. KATZ*

**FHEO Headquarters**
**U.S. Department of Housing and Urban Development**
**451 7th Street, SW**
**Washington, DC 20410**

| Office | Name | Room | Phone |
|---|---|---|---|
| **Assistant Secretary for Fair Housing and Equal Opportunity** | | | |
| E  Assistant Secretary | **Kim Kendrick** | 5100 | (202) 708-4252 |
| Assistant Secretary Facsimile | TEAPOTS | | |
| FAX  Machine | | 5100 | (202) 708-4483 |

HUD # 06-06-293-8    12/28/05

1:06CV01964RBW

1:07CV10538WGY

06-60777

## Office of Enforcement ✓

| | | | | |
|---|---|---|---|---|
| EDE | Director | Lynn Grosso | 5226 | (202) 402-5361 |
| EDEE | Director, Enforcement Division | Turner Russell | 5214 | (202) 619-8041 |
| EDEC | Director, Compliance & Disability Rights Division | Milton ✓ Turner | 5240 | (202) 708-2333 |
| EDEA | Acting Director, FHAP Division | Myron P. Newry | 5230 | (202) 708-1992 |
| FAX | Office of Enforcement Facsimile Machine | | | (202) 708-4886 |

HUD #06-06-293-8
MILTON TURNER
MINIARD CULPEPPER
LINDA G. KATZ
FTCA - TORT CLAIM

TEAPOTS

**Office of Field Oversight** 

|  |  |  |  |  |
|---|---|---|---|---|
| EBA | Director, Office of Field Oversight | Linda Thompson | 5112 | (202) 708-3990 |
| FAX | Office of Field Oversight Facsimile Machine | | 5112 | (202) 708-6208 |

HUD #06-06-293-8

LINDA THOMPSON

TEAPOTS

CLOSED ✔

# United States District Court
## District of Massachusetts (Boston) ✔
### CIVIL DOCKET FOR CASE #: 1:07-cv-10538-WGY

*HUD #06-06-293-8*  ✔

Buesgens v. Culpepper et al
Assigned to: Judge William G. Young
Cause: 42:1981 Housing Discrimination

Date Filed: 03/21/2007 ✔  ✔
Date Terminated: 03/22/2007 ✔
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Michael Buesgens**

represented by **Michael Buesgens**
Extended Stay America
3112 Windsor Road
#A322
Austin, TX 78703
PRO SE

*CHARLES EADS BROWN*

V.

**Defendant**
Miniard Culpepper ✔

**Defendant**
Linda Katz

**Defendant**
Kim Kendrick

**Defendant**
Milton Turner

**Defendant**
Alphonso Jackson

**Defendant**

*FTCA-TORT CLAIM*
*KIM KENDRICK*
*ASSISTANT SECRETARY*
*HUD-FHEO*
*MILTON TURNER*
*GARRY SWEENEY*
*JOSEPH CASTILLO*
*MINIARD CULPEPPER*
*LINDA G. KATZ*
*BOSTON, MA*

**Department of Housing and Urban Development**

**Defendant**

**United States of America**

**Defendant**

**Falcon Group Interests General Partners**

**Defendant**

**John A. Benavides**
*HUD Investigator*

**Defendant**

**Charles H. Gorham**
*HUD Administrator*

**Defendant**

**Joseph Castillo**
*HUD Manager*

**Defendant**

**Garry Sweeney**
*Region VI HUD FHEO, Director*

**Defendant**

**Chester E. Beaver**
*Attorney-HUD*

**Defendant**

**Ann Morgan**
*Attorney-HUD*

**Defendant**

**Ann Morgan**
*Attorney-HUD*

**Defendant**

CULPEPPER AND KATZ
BOSTON, MA
FAILURE TO PROCESS
MICHAEL L BUESGENS
FEDERAL TORT CLAIMS ACT
ADMINISTRATIVE CLAIM
CAUSING MORE CIVIC
LITIGATION

LOOK AT THE FAIR
HOUSING ACT

LOOK HUD COMPLAINT
PROCESSING MANUAL
TEAPOTS

LOOK AT HUD CERTIFIED-FHAP
AGENCY CITY OF AUSTIN, TEXAS
FAIR HOUSING OFFICE MISCONDUCT

**Felix Tarango** ✓
County Attorney

**Defendant**

**Charles Eads Brown** ✓
Attorney-HUD

MILTON TURNER
KIM KENDRICK        HUD
CHARLES EADS BROWN    HUD
CHARLES H. GORHAM    FITED
                     FHAP

| Date Filed | # | Docket Text |
|---|---|---|
| | | *CHESTER E BEAVER* |
| 03/21/2007 | 1 | COMPLAINT against all defendants , filed by Michael Buesgens. (Attachments: # 1 Civil Cover Sheet)(Filo, Jennifer) (Entered: 03/21/2007) |
| 03/21/2007 | | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander (Filo, Jennifer) (Entered: 03/21/2007) |
| 03/21/2007 | | Filing fee: $ 350.00, receipt number 78986 for 1 Complaint (Filo, Jennifer) (Entered: 03/21/2007) *JOHN A BENAVIDES* |
| 03/21/2007 | | Summons Issued as to Falcon Group Interests General Partners, John A. Benavides, Charles H. Gorham, Joseph Castillo, Garry Sweeney, Chester E. Beaver, Ann Morgan(Attorney-HUD), Ann Morgan(Attorney-HUD), Felix Tarango, Charles Eads Brown, Miniard Culpepper, Linda Katz, Kim Kendrick, Milton Turner, Alphonso Jackson, Department of Housing and Urban Development, United States of America. (Filo, Jennifer) (Entered: 03/21/2007) |
| 03/22/2007 | | Judge William G. Young : Electronic ORDER entered. "THIS CASE IS DISMISSED SUA SPONTE BECAUSE VENUE IS INNAPPROPRIATE IN THIS DISTRICT AND THIS COURT HAS NO JURISDICTION OVER THE PARTIES. IT IS FURTHER ORDERED THAT THE SUMMONSES PREVIOUSLY ISSUED ON MARCH 21, 2007 ARE HEREBY RESCINDED. PLAINTIFF IS DIRECTED THAT HE MAY NOT SERVE THESE SUMMONSES ABSENT FURTHER ORDER OF THIS COURT. IF ANY DEFENDANT HAS BEEN SERVED OR IS INADVERTENTLY SERVED IN THE FUTURE, THE DEFENDANT IS NOT OBLIGATED TO RESPOND TO THE COMPLAINT ABSENT FURTHER ORDER OF THIS COURT." (Paine, Matthew) (Entered: 03/22/2007) |
| 03/22/2007 | | Civil Case Terminated. (Paine, Matthew) (Entered: 03/22/2007) |

| 03/27/2007 | 2 | MOTION for Reconsideration re Electronic Order of March 22, 2007, and NOTICE of Intent to Appeal, by Michael Buesgens. (Attachments: # 1 Exhibits)(Paine, Matthew) (Entered: 03/27/2007) |
| 03/28/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 2 MOTION for Reconsideration re Electronic Order of March 22, 2007. (Paine, Matthew) (Entered: 03/28/2007) |
| 04/06/2007 | 3 | MOTION To Judge William G. Young for Judicial Notice of Verifiable Facts That Are Directly Related to This Civil Action and to Buesgens Federal Tort Claims Act by Michael Buesgens. (Attachments: # 1 Exhibits)(Paine, Matthew) (Entered: 04/06/2007) |
| 04/09/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 3 MOTION To Judge William G. Young for Judicial Notice of Verifiable Facts That Are Directly Related to This Civil Action and to Buesgens Federal Tort Claims Act. (Paine, Matthew) (Entered: 04/09/2007) |
| 04/25/2007 | 4 | MOTION to Transfer The Case to a Venue that the Court Deems Appropriate and MOTION for Order on Miscellaneous Relief, by Michael Buesgens. (Attachments: # 1 Exhibits)(Paine, Matthew) (Entered: 04/26/2007) |
| 05/01/2007 | | Judge William G. Young : Electronic ORDER entered re 4 MOTION to Transfer The Case to a Venue that the Court Deems Appropriate and MOTION for Order on Miscellaneous Relief. "Denied As Moot, The Case Already Having Been Dismissed." (Paine, Matthew) (Entered: 05/01/2007) |

HUD 06-06-293-8
12/28/05

## PACER Service Center

### Transaction Receipt

#### 05/15/2007 17:51:22

| PACER Login: | | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-10538-WGY |
| Billable Pages: | 2 | Cost: | 0.16 |

FIFTH CIRCUIT # 06-60777