RECEIVED
JUL 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, DC 20001

MICHAEL L BUESGENS
PLAINTIFF

V

CIVIL NO. 1:06CV 01964 RBW

CHARLES EADS BROWN
ATTORNEY
REALESTATE BROKER
REALESTATE INVESTOR
REALTOR - NATIONAL ASSOCIATION OF REALTORS

DAVID B. ARMBRUST
RESPONDENT SUPERIOR

GREGORY S. CAGLE ATTORNEY
ARMBRUST & BROWN, LLP

DUNHAM JEWETT
RESPONDEAT SUPERIOR

SHELLEY BUSH MARMON, ATTORNEY CRADY, JEWETT & MCCULLEY, LLP - HOUSTON, TEXAS

CHESTER E. BEAVER ASSISTANT CITY OF AUSTIN ATTORNEY

ANN MORGAN, ASSISTANT CITY OF AUSTIN ATTORNEY

FELIX TARANGO, ASSISTANT ATTORNEY, TRAVIS COUNTY ATTORNEY

JOHN NEAL, DIRECTOR MAUREEN E. RAY ATTORNEY CHIEF DISCIPLINARY COUNSEL STATE BAR OF TEXAS

ET. AL.

DEFENDANTS

CIVIL NO. 1:06 CV 01964 RBW

PLAINTIFF BUESGENS MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE AND EASILY VERIFIABLE FACTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE

1 PLAINTIFF HAS FILED ANOTHER MISCONDUCT COMPLAINT AGAINST
A. CHARLES EADS BROWN WITH
B. JOHN NEAL DIRECTOR
C. MAUREEN M. RAY, ATTORNEY.
D. JOHN M. RICHARDS, INVESTIGATOR CHIEF DISCIPLINARY COUNSEL AT

2. THE STATE BAR OF TEXAS 6300 LA CALMA DRIVE #300 AUSTIN, TEXAS 78752

3 THIS COMPLAINT OF PROFESSIONAL MISCONDUCT AND GRIEVANCE DATED:
A. JUNE 24, 2007 IS ABOUT
B. CHARLES EADS BROWN LYING TO THIS COURT IN CIVIL NO:
C. 1:06CV01964RBW

4 PLAINTIFF BUESGENS NOW HAS A CRIMINAL COMPLAINT AGAINST CHARLES EADS BROWN AND THE ATTORNEYS THAT HAVE FAILED TO REPORT HIS CRIMES AND MISCONDUCT, THAT

A. INCLUDES THE STATE OF TEXAS AND

B. TRAVIS COUNTY AND CITY OF AUSTIN TEXAS AND THE DEFENDANTS THEY CLAIMED TO REPRESENT.

5. SINCE DECEMBER 2005 BUESGENS HAS BEEN AND CONTINUES TO BE SUBJECT TO RETALIATION BASED ON HIS HOUSING DISCRIMINATION COMPLAINT AND

A. REASONABLE ACCOMMODATION REQUEST AND

B. HIS LAWFUL COMPLAINTS TO POLICE AND ANIMAL CONTROL ABOUT THE NOISE AND NUISANCE OF A LARGE HIGH ENERGY ANIMAL DOG

C. WEIMARANER

D. THAT RESIDED AT FALCON RIDGE APARTMENTS

6 THIS ENTIRE MESS SHOULD HAVE BEEN STOPPED IN DECEMBER, 2005

7. INSTEAD ADDITIONAL PARTIES AND CAUSES OF ACTION HAVE MULTIPLIED.

8. BY CORRUPT GOVERNMENT OFFICIALS AND ATTORNEYS AND LAW FIRMS AND REAL ESTATE DEVELOPERS-BUILDERS-PROPERTY MANAGERS AND

9. THE COURTS AND STATE BAR OF TEXAS.

II NOTICE TO TURN BACK THE CLOCK TO THE FOLLOWING:

1. BUESGENS REASONABLE ACCOMMODATION REQUEST DATED: 12/22/05 - DENIED

A. HE REQUESTED THAT **NO** LARGE DOGS LIVE ABOVE HIM IN THAT SMALL ONE BEDROOM APARTMENT

B. BUESGENS WAS TOLD TO GET OUT

C. OR STAY WHERE HE IS. THERE **WILL NOT** BE A CHANGE POLICY.

2. BUESGENS FILES A HOUSING DISCRIMINATION COMPLAINT ON

A. 12/28/2005 - DUAL FILED

B. WITH HUD AND CITY OF AUSTIN

C. HUD # 06-06-293-8

3. 12/30/2005 - EVICTION SUIT - FORCIBLE DETAINER FILED BY

A. ARNOLD CARL TAUCH - LANDLORD

B. JACK C. MISS - REGISTERED AGENT

C. KYLE D. TAUCH - GENERAL PARTNERS AND

D. CHARLES EADS BROWN, ATTORNEY

4. FALCON RIDGE APARTMENTS

V.

MICHAEL L BUESGENS

CASE NO. 041509 TRIAL 1/26/06

5. FALCON RIDGE APARTMENTS IS NOT A LEGAL ENTITY

A. NO STANDING

B. NO CAPACITY

C. TO SUE ANYONE

6: JANUARY 23, 2006 BUESGENS FILES CIVIC ACTION—HOUSING DISCRIMINATION

A: D-1-GN-06-000262

B. REMOVED: 3/29/2006 TO

C. 1:06CV 22624-RP

7. JANUARY 26, 2006—TRIAL FOR EVICTION CASE NO. 041509

8 JUDGE HARRIET M. MURPHY

9 JUDGE HERBERT E. EVANS

10 JUDGE MELISSA YOUNG GOODWIN

11 ATTORNEY CHARLES ENOS BROWN ✓

12 WITNESS—TENANT—DOG OWNER

A. MEGAN MONIQUE GOERES GALLOWAY AND

B. PROPERTY MANAGER WITNESS

C. MANDY ROGERS

13. CHARLES ENOS BROWN—POLLUTES ✓ THE WELL AT VOIR DIRE 1/26/06 CASE NO. 041509—BUESGENS MEDICAL DISABILITY—BIPOLAR

14. PLAINTIFF BUESGENS ALSO ALLEGES THAT THERE WAS JURY RIGGING.

A. BY CHARLES EADS BROWN AND

B. JUSTICE OF THE PEACE, #5 HERBERT E. EVANS

C. IN THE SELECTION OF **VOIR DIRE** AND

D. THE SEATING ARRANGEMENTS OF **VOIR DIRE**

15. CHARLES EADS BROWN ALSO TESTIFIED AT THIS TRIAL ON 01/26/2006 THERE **WAS NOT A** COURT REPORTER PRESENT.

16. CHARLES EADS BROWN ALSO SUBPORNED PERJURY IN HIS WITNESS COACHING.

17. CHARLES BROWN INTERFERED WITH BUESGENS RENEWING APARTMENT

A. LEASE CONTRACT DATED: 12/05/05

B. FOR THE PERIOD 12/26/05 THROUGH OCTOBER 22, 2006.

18. CHARLES E. BROWN INTERFERRED WITH BUESGENS **HUD** COMPLAINT **DUAL FILED** WITH THE CITY OF AUSTIN NO. 06-06-293-8

19. CHARLES E BROWN **SENT HUD** INVESTIGATOR JOHN A. BENAVIDES COURT FILINGS FROM THE EVICTION SUIT CASE NO. 041509 TO GET THIS COMPLAINT DISMISSED **AND**

20. IT WORKED

21. **SEE** BROWNS LETTER TO BENAVIDES DATED: **2/10/2006** **AND**

22. **SEE** BENAVIDES LETTER TO BUESGENS DATE: **2/17/2006** DISMISSING BUESGENS HUD COMPLAINT

23. **SEE** THE **FHA** - INVESTIGATORS MANUAL **TEAPOTS** FOR PROPER PROCEDURES ON COMPLAINT DISMISSALS.

24. 1:06 CV 01964 RBW
A. ATTORNEY MISCONDUCT
B. ATTORNEY CRIMINAL ACTIVITIES

25. HAVE PRODUCED ALL THIS LITIGATION IN **2006** AND **2007** AND BEYOND

26. THAT NOW INCLUDES
A. DISTRICT OF COLUMBIA
B. OREGON
C. KANSAS
D. MARYLAND
E. MASSACHUSETTS

27. BUESGENS IS NOW **DENIED** APARTMENT RENTAL ANYWHERE IN THE UNITED STATES BECAUSE OF THE FOREGOING WRONGDOING.

28. BUESGENS **NAME** HAS BEEN **RUINED** IN THE COMMUNITY.

29. HIS MEDICAL DISABILITY HAS BEEN SEVERELY **AGGRAVATED** REQUIRING HOSPITALIZATION AND MORE MEDICATIONS.

30. BUESGENS STAYS AT EXTENDED STAY AMERICA $1,400.00 PER MONTH RENT

31. BUESGENS HAS DRAINED HIS RETIREMENT SAVINGS TO PAY FOR THIS AND ALL THE LEGAL EXPENSES

32. BUESGENS INVOLUNTARILY RETIRED FROM THE I.R.S. ON MARCH 7 2005 WITH OPM DISABILITY BENEFITS OF $1,300.00 PER MONTH - HIS ONLY INCOME

33. BUESGENS HAS BEEN UNABLE TO WORK SINCE MARCH 7, 2005.

34. THE COURTS IN TEXAS HAVE BREACHED A DUTY OWED.

35. BUESGENS HAS BEEN AND CONTINUES TO BE BEATEN DOWN BY THE JUSTICE SYSTEM.

36. HIS LEGAL RIGHTS AND REMEDIES HAVE BEEN GUTTED.

37. PLAINTIFF BUESGENS HAS ALWAYS PAID HIS RENT ON TIME.

38. AND PRIOR TO THIS MESS HAS NEVER BEEN SUBJECT TO EVICTION OR LEASE CONTRACT VIOLATIONS

39. BUESGENS DID HAVE AN EXCELLENT CREDIT HISTORY - NOT ANYMORE.

40. RELIEF REQUESTED

41. THAT THIS COURT TAKE **NOTICE** THAT ANOTHER ATTORNEY COMPLAINT - GRIEVANCE DATED: 6/24/2007 WAS FILED WITH

A. **JOHN NEAL**, DIRECTOR, CHIEF DISCIPLINARY COUNSEL

B. **STATE BAR OF TEXAS**

42. AGAINST CHARLES EVANS BROWN, **ET. AL.**

A. FOR **LYING** TO THIS COURT

B. SEE BROWN'S ANSWERS TO COMPLAINT IN 1:06CV01964RBW

AND

43. THAT PLAINTIFF BUESGENS FILED A COMPLAINT WITH THE TEXAS REAL ESTATE COMMISSION, AUSTIN, TEXAS

AGAINST

44. CHARLES EANS BROWN ATTORNEY
A. REAL ESTATE BROKER REALTOR
B. LICENSE NO. 320045

AND

45. ARNOLD CARL TAUCH - OWNER-
A. GENERAL PARTNER - FALCON RIDGE APARTMENTS, ET. AL. GROUP
B. REAL ESTATE BROKER
C. LICENSE NO. 167722

AND

46. JACK C. MOSS - REGISTERED AGENT
A. GENERAL PARTNER - LANDLORD - OWNER FALCON GROUP - FALCON INTERESTS, ET. AL.
B. REAL ESTATE BROKER
C. LICENSE NO. 285537

47. SEE LETTER DATED: 6/22/07 FROM THE TEXAS REAL ESTATE COMMISSION FILE NO. 073299

48. THE COMMISSION TELLS BUESGENS TO GO TO CIVIL COURT AND GET AN ATTORNEY.

49. SEE PLAINTIFF MICHAEL L BUESGENS COMPLAINT FORM AND ATTACHMENTS TO THE TEXAS REAL ESTATE COMMISSION DATED: MAY 11, 2007 AND

50 BUESGENS CERTIFICATE OF SERVICE – PAGE 24 OF COMPLAINT.

RESPECTFULLY SUBMITTED

Michael L. Buesgens

MICHAEL L BUESGENS

JUNE 28, 2007

1:06CV01964RBW

III CIVIL NO. 1:06CV01964RBW AND RELATED-ASSOCIATED-AFFILIATED

1. 1:06 CV 2260 LY — HOUSING
2. 1:06 CV 2264 LY-RP — DISCRIMINATION
3. 3:07 CV 00043 KI — OREGON
4. 2:07 CV 02116 KI — KANSAS
5.

6. 1:07CV 00427 SS

A. SEE JUDGE SAM SPARKS ORDER CLOSING THIS CASE.

B. THIS CASE WAS TRANSFERRED FROM **WACO DIVISION** COURT

C. JUDGE WALTER S. SMITH

D. **6:07CV 00150 WSS**

7. **1:07CV00444**

THIS CASE WAS TRANSFERRED FROM MARYLAND WHERE IT WAS **8:07CV 01363 DKC**

8. **8:07CV01642** - MARYLAND

FILED: 6/20/07

1:06 CV 01964RBW

# IV CERTIFICATE OF SERVICE

I, CERTIFY THAT ONE TRUE COPY OF THIS MOTION FOR JUDICIAL NOTICE OF ADJUDICATIVE AND EASILY VERIFIABLE FACTS WAS SERVED BY FIRST CLASS MAIL ON THIS 29 TH DAY OF JUNE, 2007 ADDRESSED TO:

1. JOHN NEAL, DIRECTOR — STATE BAR OF TEXAS CHIEF DISCIPLINARY COUNSEL
2. MAUREEN E RAY, ATTORNEY
3. JOHN M. RICHARDS, INVESTIGATOR
4. CHARLES EADS BROWN — ATTORNEY
5. DAVID B ARMBRUST — ATTORNEY
6. GREGORY S. CAGLE — ATTORNEY
7. SHELLEY BUSH MARMON — ATTORNEY
8. DUNHAM JEWETT — ATTORNEY
9. CHESTER E. BEAVER — ATTORNEY
10. ANN MORGAN — ATTORNEY

11 FELIX ZARANGO - ATTORNEY
12 HERBERT E. EVANS - J.P. #5
13 HARRIET M. MURPHY - J.P. #5
14 MELISSA Y. GOODWIN - J.P. #3

AT

6300 LA CALMA DRIVE #300
AUSTIN, TEXAS 78752

15 CHARLES EADS BROWN
16 ARNOLD CARL MUCH
17 JACK C. MOSS
18 FALCON AT LAKE TRAVIS - COSTA BELLA
19 FALCON GROUP = FALCON INTERESTS
20 FALCON - MUCH - FAMILY

5225 KATY FREEWAY #530
HOUSTON, TEXAS 77007

PHONE: 713-861-8850

FAX: 713-861-0971

FEIN # 760564516
DUNS # 87-675-2643

1:06CV01964RBW
RELATED - ASSOCIATED - AFFILIATED WRONGDOING

Michael L Buesgens

MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3612 WINDSOR RD, #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958

MIKEBUESGENS@HOTMAIL.COM

1:06 CV 01964 RBW.

V EXHIBITS

1. NATIONAL ASSOCIATION OF REALTORS DISTRICT OF COLUMBIA-OFFICE 2-PAGES

2. LETTER DATED: JUNE 22, 2007 FILE NO. 073299 TEXAS REAL ESTATE COMMISSION AND COMPLAINT AGAINST
A. CHARLES ENOS BROWN
B. ARNOLD CARL TAUCH
C. JACK C. MOSS
1-PAGE

3. MAY 11, 2007 - PLAINTIFF BUESGENS COMPLAINT TO TEXAS REAL ESTATE COMMISSION 27-PAGES

4. DOCKET SHEETS 6:07 CV 00150 WSS - WACO, TEXAS 7-PAGES AND ORDER-TRANSFER

5. PLAINTIFF BUESGENS COMPLAINT AGAINST ATTORNEYS CHARLES ENOS BROWN, ET. AL.

6. TO JOHN NEAL, DIRECTOR-CHIEF DISCIPLINARY COUNSEL STATE BAR OF TEXAS 15-PAGES AND

7. ATTACHED EXHIBITS

8. SEE AT THE END

A. 62-PAGE HEARING TRANSCRIPT FOR

B. D-1-GN-06-000262 FILED: 1/23/06

9. HEARING: 2/21/2006

10. MEDIATION: 3/27/2007

11. REMOVAL: 3/29/2007 TO

12. 1:06CV226LY-RP

13. DAVID B. ARMBRUST - GREGORY CAGLE

14. DON HAM JEWETT - SHELLEY BUSIT MARMON

NAR: REALTOR... Case 1:06-cv-01964-RBW Document 23-2 Filed 07/05/2007 Page 1 of 142 6/28/2007 11:06 AM

NATIONAL ASSOCIATION OF REALTORS

REALTOR.org

Click here for a free quote. MARSH

NATIONAL ASSOCIATION OF REALTORS®

Store | Library | Directories | Need

Register | Login | My Account | NRDS

Search

RESOURCES FOR

REALTORS® & Business Specialties

Association Executives

News Media

Home Buyers & Sellers

SITE BY TOPIC

About NAR

Education

Government Affairs

Law & Policy

Meetings & Expo

NAR Governance

REALTOR Benefits(sm)

Research

Technology

REGISTER NOW

Home > Directories

CHARLES E. BROWN, REALTOR

## Directories

### FIND REALTOR® SPECIALISTS

These directories are intended to be used by NAR members.

If you are looking for a REALTOR® to help you buy or sell a home, use the "white pages" on REALTOR.com.

REALTOR® Appraisers

Commercial Brokers (members only)

International Property Specialists

Land Specialists

Resort Specialists

### COMMERCIAL

Commercial Organizations/Associations

Commercial Committees

Commercial Affiliates

### STATE AND LOCAL REALTOR® ASSOCIATIONS

Complete listing of state and local information including regional MLSs, member counts, staff specialists, and association details.

**Find state & local association information >**

### INTERNATIONAL

National Association of REALTORS® International Network

### Find a REALTOR®

If you are looking for a REALTOR® to help you buy or sell a home, use the "white pages" on REALTOR.com. Otherwise, use the following links:

Find a REALTOR® >

Find an office >

Find an association >

### Update Your Record

Update Membership Profile in NRDS >

### Member Savings

**All Real Estate is Local**

Directory of Selected Federal Departments and Independent Agencies

NATIONAL ASSOCIATION OF REALTORS

NAR

This Directory was compiled by the staff of NAR's Regulatory and Industry Relations Department (RIR). RIR represents REALTOR® positions and concerns before federal regulatory departments and agencies to ensure that the interests of the real estate industry and the American homeowner are protected. The primary objective of NAR's regulatory activities is to create a vigorous environment for the real estate industry that is not impeded unnecessarily by regulatory barriers.

CHARLES EAMS BROWN

This Directory evaluates the relevant departments and agencies in terms of their regulatory responsibilities, their impact on REALTORS®, their key offices, the proposed activities each department and agency may undertake in 2005, the primary NAR staff contact, and the key contacts within each department and agency. This edition contains updated budget and key agency head personnel information and new summaries for selected departments and agencies. Collecting this information in one document gives NAR membership the ability to see the full scope and reach of the federal government in the business of real estate. This Directory provides information to assist NAR's legislative advocacy effort.

View the Directory (1,500K PDF file)

Government Affairs homepage

NAR — D.C. OFFICE
500 NEW JERSEY, NW
WASHINGTON, DC 20001-2020
1-800-874-6500



*Texas Real Estate Commission*
Post Office Box 12188 Austin, Texas 78711 -2188
1101 Camino La Costa Austin, Texas

June 22, 2007

Michael L. Buesgens
Extended Stay America
3112 Windsor Road No. A3222
Austin, Texas 78703

RE: Our File No. 073299

Dear Mr. Buesgens:

We acknowledge receipt of your complaint and have assigned the above referenced file number. However, due to the circumstances surrounding your complaint, we lack jurisdiction to investigate or take any action in this matter.

Under the provisions of the Real Estate License Act and the Commission's Rules, the Commission can consider complaints against real estate licensees of this agency and can take action against their real estate licenses. The Commission does not have authority to resolve contractual disputes between or among licensees and principals regarding the terms of a lease agreement or order a licensee to make monetary payments to persons involved in real estate transactions. The interpretation and enforcement of the parties' contractual agreement are a matter that must be resolved in a civil court. Any claim for monetary loss should be discussed with your private attorney.

Your complaint involves a tenant dispute relating to an eviction and the re-letting charges brought against you filed by the owner and the property manager. The Texas Property Code protects tenants' rights, and it is enforced through the civil court system. We would suggest that you seek the advice of a private attorney, or you may also wish to contact Tenant Assistance at (512)474-7006, or visit their website at: http://www.texastenant.org.

We are sorry we cannot be of any further assistance to you.

Sincerely,

Carol D. Taylor
Legal Assistant

CDT:sah

**Texas Real Estate Commission**
**P.O. Box 12188**
**Austin, Texas 78711-2188**
**512-465-3960**

MAY 11, 2007 FAX: 512-465-3962

# COMPLAINT FORM

I wish to file a complaint against the following real estate agent(s), inspector(s), timeshare developer(s), registered easement or right-of-way agent(s), education provider(s) residential service company(ies), or person(s) acting without a license while engaged in activity for which a license is required.

| | |
|---|---|
| CHARLES EADS BROWN<br>Name | ARNOLD CARL TAUCH<br>Name |
| 3624 NORTH HILLS DR. B-100<br>Address | 5225 KATY FWY #530<br>Address |
| AUSTIN, TEXAS 78731<br>City, State, Zip | HOUSTON, TEXAS 77007<br>City, State, Zip |
| 512-346-6000<br>Phone<br>FAX: 512-346-6005 | 713-861-8850<br>Phone |

**Please provide the following information:**

- Date(s) of transaction(s): 12/05/05 - 12/21/05 - 12/22/05 12/28/05 12/30/05 7/26/06 06/16/06 7/6/06 10/22/06
- Do you have any written documents (listing agreement, buyer representation agreement, earnest money contract, lease, inspection report, etc)? ☒ Yes ☐ No (Check one) **IMPORTANT: Please enclose copies.**
- Were you a party to the transaction? ☒ Yes ☐ No (Check one) If not, please explain:
- Please describe your complaint in detail. (Attach extra sheets if necessary.)

APARTMENT LEASE CONTRACT DATED: 12/5/05 FOR THE PERIOD 12/26/05 THROUGH 10/22/06 AT FALCON RIDGE APARTMENTS APT 1023 500 EAST STASSNEY AUSTIN, TEXAS 78745



**Texas Real Estate Commission**
**P.O. Box 12188**
**Austin, Texas 78711-2188**
**512-465-3960**

# COMPLAINT FORM

I wish to file a complaint against the following real estate agent(s), inspector(s), timeshare developer(s), registered easement or right-of-way agent(s), education provider(s) residential service company(ies), or person(s) acting without a license while engaged in activity for which a license is required.

| | |
|---|---|
| JACK C. MOSS<br>Name | <br>Name |
| 5225 KATY FWY, #530<br>Address | <br>Address |
| HOUSTON, TEXAS 77007<br>City, State, Zip | <br>City, State, Zip |
| 713-861-8850<br>Phone | <br>Phone |

**Please provide the following information:**

- Date(s) of transaction(s): SAME DATES - SAME COMPLAINT
- Do you have any written documents (listing agreement, buyer representation agreement, earnest money contract, lease, inspection report, etc)? ☐ Yes ☐ No (Check one) **IMPORTANT: Please enclose copies.**
- Were you a party to the transaction? ☐ Yes ☐ No (Check one) If not, please explain: ______
- Please describe your complaint in detail. (Attach extra sheets if necessary.)

AS
CHARLES ENOS BROWN
ARNOLD C. TAUCH

This document is available on the TREC website at www.trec.state.tx.us

**NP** CF-01 (Revised 01/2005)



1. CHARLES EADS BROWN, ATTORNEY
   A. TEXAS BAR CARD : 03101650
   B. REAL ESTATE BROKER: 320045
   C. BOARD CERTIFIED IN COMMERCIAL AND RESIDENTIAL REAL ESTATE
   D. EVICTION ATTORNEY

2. ARNOLD CARL TAUCH
   A. REAL ESTATE BROKER: 167722
   B. OWNER-GENERAL PARTNER
   C. LANDLORD
   D. FALCON RIDGE APARTMENTS
   E. FALCON APARTMENTS OF AUSTIN, LTD
   F. FALCON APARTMENTS OF AUSTIN I, INC - GENERAL PARTNER

3. JACK C. MOSS
   A. REAL ESTATE BROKER: 285537
   B. REGISTERED AGENT
   C. OWNER-GENERAL PARTNER
   D. LANDLORD
   E. FALCON RIDGE APARTMENTS
   F. FALCON APARTMENTS OF AUSTIN, LTD
   G. FALCON APARTMENTS OF AUSTIN I, INC - GENERAL PARTNER
   H. RESPONDEAT SUPERIORS

4 CHARLES EADS BROWN
BROKER NO. 320045

5 ARNOLD CARL TAUCH
BROKER NO. 167722

6 JACK C. MOSS
BROKER NO. 285537

7 IN COLLUSION AND WITH MALICE INTENTIONALLY MISREPRESENTED: THE TERMS OF MY APARTMENT LEASE CONTRACT TO

A. TEXAS STATE COURTS
AND,
B. U.S. DISTRICT COURTS
AND

8. WILLFULLY AND MALICIOUSLY CHARGED ME UNLAWFUL RELETTING FEES OF

9. $3,893.00

10. FOR THE PERIOD JULY 6, 2006 THROUGH OCTOBER 22, 2006
AND

11. DISCRIMINATED AGAINST ME IN HOUSING ACCOMMODATION

12. I HAVE ALSO BEEN DENIED HOUSING ACCOMMODATION BASED ON THEIR FALSE REPORT THAT I OWE THEM $3,893.00

13. I CANNOT RENT AN APARTMENT IN THE UNITED STATES BECAUSE OF THEIR ADVERSE ACTIONS AGAINST

14. BROWN-TAUCH-MOSS-BROKERS STOLE ALL MY POSSESSIONS ON JULY 6, 2006.

15. UNDER COLOR OF STATE LAW 42 USC SECTION 1983

16. INCLUDING MEDICAL RECORDS
A. SOCIAL SECURITY RECORDS
B. TAX RECORDS
C. PASSPORT
D. FEDERAL EVIDENCE FOR CIVIL ACTIONS

17. IN COLLUSION WITH AUSTIN, TRAVIS COUNTY AND STATE OF TEXAS

18. ARNOLD CARL TAUCH ✓
AND
19 ZACK C. MOSS

20. ALSO RECEIVED FEDERAL ✓ FINANCIAL ASSISTANCE TO BUILD AND MAINTAIN
FALCON RIDGE APARTMENTS
500 EAST STASSNEY
AUSTIN, TEXAS 78745

21. THEY ARE IN VIOLATIONS OF
A. TEXAS PROPERTY CODES
B. MUNICIPAL ORDINANCES
C. FAIR HOUSING ACT.
D. AMERICANS WITH DISABILITIES ACT
E. REHABILITATION ACT

22. THE FOREGOING ARE IN VIOLATION OF TITLE 7 SUBTITLE A CHAPTER 1101 REAL ESTATE BROKERS

A. SECTION 1101.004
B. SECTION 1101.202-COMPLAINTS
C. SECTION 1101.652 GROUNDS FOR SUSPENSION

23. 1101.652(3) MISREPRESENTATION-DISHONESTY-FRAUD-LEASE REAL PROPERTY

24. 1101.652(10) AND (10)(b)

25. 1101.652(10)(b)(1) AND (2)

26. 1101.652(10)(b)(6)

27. 1101.652(10)(b)(24)

28. 1101.652(25)

29. 1101.652(32) DISCRIMINATES AGAINST TENANT MICHAEL L. BUESGENS BASED ON DISABILITY AND LAWFUL COMPLAINTS OF NOISE AND DISTURBANCE OF A LARGE ANIMAL DOG -

30. 1101.754 (b) TENANT MAY FILE SUIT

31. 1101.803 GENERAL LIABILITY OF BROKER

32. 1101.805 LIABILITY FOR MISREPRESENTATION CONCEALMENT OF MATERIAL FACTS

A. TO THE COURTS AND

B. TO TENANT MICHAEL L BUESGENS AND

33. BROWN — TAUCH — MOSS — BROKERS WERE WELL AWARE OF THE DECEPTION AND IN COLLUSION ASSERTED THE LIES EVERYWHERE

34 CHARLES EADS BROWN
BROKER NO. 320045

35. ARNOLD CARL TAUCH
BROKER NO. 167722

36. JACK C. MOSS
BROKER NO. 285537

37. THE FOREGOING ARE ALSO
IN VIOLATION AT

38 THE TEXAS COMPTROLLER
TEXAS SECRETARY OF STATE

39 ALASKA SECRETARY OF STATE

40. FLORIDA SECRETARY OF STATE
FOR

41. FRANCHISE TAX VIOLATIONS
A. FORFEITURES
B. REVOCATIONS
FOR

42. REAL ESTATE ENTITIES

43 BECAUSE THE FOREGOING ADVERSE ACTIONS BY

A. BROWN ✓

B. TAUCH ✓

C. MOSS

44 I AM SUFFERING CONTINUAL VIOLATIONS THROUGH 2007

45 DENIAL OF HOUSING ACCOMMODATION AND

46 RENT PAYMENTS AT EXTENDED STAY AMERICA OF $1,400.00 PER MONTH AND

47. MY MONTHLY INCOME IS $1,300.00 PER MONTH DISABILITY RETIREMENT

48. I AM DEPLETING ✓ MY INDIVIDUAL RETIREMENT ACCOUNT AND

49. THE FOREGOING CLAIM THAT I OWE THEM $50,000.00

[signature]

MAY 11, 2007

APARTMENT LEASE CONTRACT RENT 619.00 / MONTH WAS OMITTED AT EVICTION TRIAL 01/26/06 AND THE AMOUNT WAS CHANGED TO 730.00 / MONTH ON 07/06/06 AND I WAS CHARGED UNLAWFUL RELETTING FEES-CHARGES OF $3,893.00 FOR THE PERIOD 07/06/06 - 10/22/06 AND THE APARTMENT (1023) WAS RENTED TO SOMEONE ELSE DURING THAT PERIOD.

- Have you previously notified the person(s) named on the preceding page about your complaint?

☒ Yes ☐ No (Check one) How were they notified? ☒ Written ☒ Oral (Check one) BOTH

What was the response? DENIAL OF REASONABLE ACCOMMODATION AND EVICTION SUIT FILED ON 12/30/05 AT JUSTICE OF THE PEACE PRECINCT 3 AUSTIN, TEXAS 041509

**NOTICE: PLEASE ENCLOSE COPIES OF ALL AGREEMENTS, RECEIPTS, CORRESPONDENCE AND ANY OTHER DOCUMENTS NECESSARY TO EXPLAIN YOUR COMPLAINT. IF WE CANNOT READ YOUR COMPLAINT, WE WILL BE UNABLE TO PROCESS IT.**

**PLEASE DO NOT SEND ORIGINAL DOCUMENTS** but retain them in your own file.

By filing this complaint you agree to appear at your own expense and testify at the request of the Texas Real Estate Commission if a hearing is called as a result of this complaint. The content of this complaint will be made available to the person(s) against whom it is filed. By law the Commission cannot act as a legal representative or attorney for an individual.

My Name MICHAEL L. BUESGENS

My Address EXTENDED STAY AMERICA 3112 WINDSOR RD #A322

Phone: AUSTIN, TX Work Phone: 78703

Cell Phone: 512-339-6005 X 7958

Signature [signature] MAY 11, 2007 Date

**PRIVACY NOTICE**

**In accordance with Chapter 559, Government code, the following notice about certain information laws and practices is given.**

**(1) With few exceptions, an individual is entitled on request to be informed about the information that a state governmental body collects about the individual.**

**(2) Under Sections 552.021 and 552.023 of the Government Code, the individual is entitled to receive and review the information.**

**(3) Under Section 559.004 of the Government Code, the individual is entitled to have the governmental body correct information about the individual that is incorrect**

**NP** CF-01 (Revised 01/2005)

MAY 11, 2007

MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD, #A 322
AUSTIN, TEXAS 78703

512-339-6005 X 7958
FAX: 512-339-6099
MIKE.BUESGENS@HOTMAIL.COM
Michael L Buesgens

EXHIBITS
FOR
COMPLAINT
TO
TEXAS REAL ESTATE
COMMISSION

Falcon Ridge
500 E Stassney Ln
Austin, TX 78745-3243

FALCON RIDGE APARTMENTS

Buesgens, Michael
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US

## Final account statement

| Ledger Account at move-out | |
|---|---|
| Rent | 3,893.71 |
| Balance at move-out | $3,893.71 |

| Deposit Activities | |
|---|---|
| Total Deposits on hand | $0.00 |

| Additional charges/credits/payments after move-out | |
|---|---|
| Total additional charges / credits / payments | $0.00 |

| Final Account balance | |
|---|---|
| Balance at move-out | 3,893.71 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 0.00 |
| Total account balance due | $3,893.71 |

| FAS Prepared | |
|---|---|
| Date | 07/12/2006 |
| User | Shepherd, Samantha |

| Pay to | |
|---|---|
| Buesgens, Michael | |

| Lease information - Unit 01023 | |
|---|---|
| Move-in | 06/28/2003 |
| Notice given | 07/07/2006 |
| Lease expires | 10/22/2006 |
| Move-out | 07/09/2006 |
| Move-out reason | Evicted |

UNLAWFUL RELETTING CHARGES

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

[signature]

Manager

ARNOLD CARL TAUCH
JACK C. MOSS
CHARLES ENOS BROWN

(TUE)NOV 14 2006 14:07/ST. 14:06/NO. 6310042013 P 2
FROM

**MICHAEL BUESGENS**

**ADVERSE ACTION LETTER**

Dear MICHAEL BUESGENS, xxx-xx-7122

Thank you for your recent application to: Rosemont at Hidden Creek

At this time we are unable to approve your application.

This adverse action has been taken in accordance with the requirements of the federal Fair Credit Reporting Act, 15 U.S.C. 1681m(a).

This decision was based on:

[ ] Information contained in consumer report(s) obtained from or through First Advantage SafeRent, Inc., which may include credit or consumer information from one or more credit bureaus or consumer reporting agencies.

First Advantage SafeRent, Inc. can be reached at: Consumer Relations 7300 Westmore Road, Suite 3, Rockville, Maryland 20850-5223. By phone: (888) 333-2413.

[ ] Information obtained from a source other than a consumer reporting agency. **(You have the right to disclosure of the nature of this information, upon your furnishing proper identification, if you make a written request to us within 60 days of receiving this letter.)**

[✓] Other: poor rental history Falcon Ridge is owed $3897.71

In evaluating your application, information obtained from or through First Advantage SafeRent, Inc., which may include credit information or consumer information from one or more of the credit bureaus or consumer reporting agencies, may have influenced our decision in whole or in part. These consumer-reporting agencies and/or credit bureaus did not make the decision to take adverse action and are unable to provide specific reasons why adverse action was taken.

YOU HAVE CERTAIN RIGHTS UNDER FEDERAL AND STATE LAW WITH RESPECT TO YOUR CONSUMER REPORT. IF ANY PERSON TAKES ADVERSE ACTION BASED IN WHOLE OR IN PART ON ANY INFORMATION CONTAINED IN A CONSUMER REPORT OR CREDIT REPORT, YOU HAVE THE RIGHT TO A DISCLOSURE OF THE INFORMATION IN YOUR CONSUMER FILE FROM THE AGENCY THAT PROVIDED SUCH INFORMATION, IF YOU MAKE A WRITTEN REQUEST TO THEM AND UPON YOUR PROPER IDENTIFICATION WITHIN 60 DAYS OF RECEIVING THIS DENIAL. THE FEDERAL FAIR CREDIT REPORTING ACT ALSO PROVIDES THAT YOU ARE ENTITLED TO OBTAIN FROM ANY NATIONWIDE CREDIT REPORTING AGENCY OR CREDIT BUREAU A FREE COPY OF YOUR REPORT IN ANY TWELVE MONTH PERIOD. YOU HAVE THE RIGHT TO DIRECTLY DISPUTE WITH THE CONSUMER REPORTING AGENCY AND/OR CREDIT BUREAU THE ACCURACY AND COMPLETENESS OF ANY INFORMATION FURNISHED BY THAT AGENCY OR BUREAU AND TO PROVIDE A CONSUMER STATEMENT DESCRIBING YOUR POSITION IF YOU DISPUTE THE INFORMATION IN YOUR CONSUMER FILE. IF YOU BELIEVE THE INFORMATION IN YOUR CONSUMER FILE IS INACCURATE OR INCOMPLETE, YOU MAY CALL FIRST ADVANTAGE SAFERENT, INC. CONSUMER RELATIONS DEPARTMENT AT (888) 333-2413. FIRST ADVANTAGE SAFERENT, INC. WILL INITIATE THE REINVESTIGATION OF ANY DISPUTED INFORMATION OBTAINED THROUGH THEM AND WILL REINVESTIGATE ANY DISPUTED INFORMATION OBTAINED FROM THEIR DATABASE.

Authorized Signature: Shannon [signature]

Date: 11/14/06



34154

# Explanation of Benefits

THIS IS NOT A BILL

BLUE CROSS BLUE SHIELD OF TEXAS
FEDERAL EMPLOYEE PROGRAM
P.O. BOX 660044
DALLAS, TEXAS 75266-0044
1-800-442-4607

MICHAEL L BUESGENS
3112 WINSOR RD
AUSTIN TX 78703-2350

WRIT OF POSSESSION EXECUTED ON JULY 6, 2006 AT FALCON RIDGE APARTMENTS AUSTIN, TEXAS

## EXPLANATION OF BENEFITS AT A GLANCE

| | |
|---|---|
| We Sent Check To: | DAUGHTERS OF CHARITY HEALTH |
| Patient Name: | MICHAEL BUESGENS |
| Dates of Service: | 07/06/2006 - 07/12/2006 |
| You Owe the Provider: | $100.00 |

ID Number:
Claim Number: 0620251297170X
Claim Paid On: 08/16/2006
Claim Received On: 07/21/2006
Claim Processed On: 08/15/2006

Provider: DAUGHTERSOFCHARITYHEALTH
Type: PREFERRED PROVIDER
SETON SHOAL CREEK HOSPITAL
Dates of Service: 07/06/2006 - 07/12/20

| Type of Service | Submitted Charges | Plan Allowance | Remark Codes | Deduct | Coinsurance Or Copay | Medicare/ Other Ins. | What We Paid | You Owe the Provider |
|---|---|---|---|---|---|---|---|---|
| THERAPEUTIC CARE | 6,276.00 | 4,315.89 | 610 | | 100.00 | | 4,215.89 | 100.( |
| PRESCRIPTION DRUG | 640.00 | 440.11 | 610 | | | | 440.11 | |
| DIAGNOSTIC LAB TEST | 261.00 | 179.48 | 610 | | | | 179.48 | |
| DIAGNOSTIC TEST | 152.00 | 104.52 | 610 | | | | 104.52 | |
| TOTALS: | $7,329.00 | $5,040.00 | | $0.00 | $100.00 | $0.00 | $4,940.00 | $100.( |

## EXPLANATION OF REMARK CODES

610--THE SUBMITTED CHARGES EXCEED OUR ALLOWABLE CHARGES FOR THESE SERVICES. OUR ALLOWABLE CHARGES ARE THE SUBMITTED CHARGES LESS ANY NON-COVERED CHARGES. BECAUSE THIS PROVIDER IS A PREFERRED OR PARTICIPATING NETWORK PROVIDER, YOU ARE NOT RESPONSIBLE FOR THE DIFFERENCE BETWEEN THE SUBMITTED CHARGES AND OUR ALLOWABLE CHARGES.

Continued On Next Page





DANA DEBEAUVOIR, TRAVIS COUNTY CLERK — Civil Bond — 0110
P.O. Box 149325
Austin, TX 78714-9325

32-61
1110

Date: September 08, 2006

Pay to the Order Of: Falcon Apartments of Austin, LTD $10,000.00 *****$10,000.00 ✓

Ten Thousand and 00/100 Dollars

***** VOID AFTER 180 DAYS FROM ISSUE DATE *****

Chase Bank
221 W 6th St
Austin, TX 78701

Memo: Closeout Cause #06-000678

⑈110⑈ ⑆111000614⑆ ⑈686970419⑈

$10,000.00 BUESGENS IRA ACCOUNT

Closeout Cause #06-000678 ✓
Falcon Ridge Apartments vs. Michael Buesgens

Certified Article Number
7160 3901 9849 3504 8737
SENDERS RECORD

To:
GREGORY S CAGLE
ARMBRUST & BROWN LLP
100 CONGRESS STE 1300
AUSTIN, TX 78701-2744

ARNOLD CARL TROCH
JACK C. MOSS
CHARLES ENDS BROWN

16

Westlaw

D&B Completed Analysis: 10-26-2006

Database Last Updated: 10-27-2006
Source: Copyright © 2005 by Dun & Bradstreet, Inc.
Current Date: 11/22/2006

**COMPANY INFORMATION**

DUNS: 06-865-3935 (Click for List of Available D&B Reports.)
Name: FALCON APARTMENTS OF AUSTIN I INC

Address: 5225 KATY FWY STE 530

City/State: HOUSTON, TX 77007-2251

County: HARRIS

Telephone: 713-861-8850

State of Incorporation: TX
Year Started: 1996

**EXECUTIVE(S) INFORMATION**

1. Executive Name: TAUCH, KYLE D
   Executive Title: PRINCIPAL
2. Executive Name: TAUCH, ARNOLD C
   Executive Title: PRINCIPAL

**BUSINESS DESCRIPTION**

Line of Business: APARTMENT BUILDING OPERATOR
Industry Group: FINANCE, INSURANCE, AND REAL ESTATE

Primary SIC:
6513 APARTMENT BUILDING OPERATORS, NSK
65130000 APARTMENT BUILDING OPERATORS, NSK

Business Is A: SINGLE LOCATION
SMALL BUSINESS
CORPORATION

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

**EXECUTIVE BIOGRAPHY RECORD**

Database Last Updated: 11-17-2006
Current Date: 11/22/2006
Source: Copyright © 2006 Dun & Bradstreet, Inc.

**COMPANY INFORMATION**

DUNS Number: 06-285-2400 (Click for List of Available D&B Reports)
Company Name: FALCON INTERESTS REALTY CORPORATION
Address: 5225 KATY FWY STE 530
HOUSTON, TX 77007-2251
County: HARRIS
Telephone: 713-861-8850

**EXECUTIVE INFORMATION**

Executive Name: MR ARNOLD C TAUCH
Executive Title: CHIEF EXECUTIVE OFFICER

**MANAGEMENT RESPONSIBILITIES**

CHIEF EXECUTIVE OFFICER

**BIOGRAPHY**

1993-PRESENT ACTIVE HERE.
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

D&B Completed Analysis: 10-26-2006

Database Last Updated: 10-27-2006
Source: Copyright © 2005 by Dun & Bradstreet, Inc.
Current Date: 11/22/2006

**COMPANY INFORMATION**

DUNS: 00-680-3287 (Click for List of Available D&B Reports.)
Name: FALCON RIDGE APARTMENT

Address: 500 E STASSNEY LN OFC

City/State: AUSTIN, TX 78745-3244

County: TRAVIS

Telephone: 512-326-5000

**EXECUTIVE(S) INFORMATION**

1. Executive Name: RITCHEY, MARTIN
   Executive Title: PARTNERS
2. Executive Name: MOSS, JACK
   Executive Title: OWNERS
3. Executive Name: RITCHEY, MARTIN
   Executive Title: CEO

**BUSINESS DESCRIPTION**

Line of Business: APARTMENT BUILDING OPERATOR
Industry Group: FINANCE, INSURANCE, AND REAL ESTATE

Primary SIC:
6513 APARTMENT BUILDING OPERATORS, NSK
65130000 APARTMENT BUILDING OPERATORS, NSK

Business Is A: SINGLE LOCATION
SMALL BUSINESS
CORPORATION

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Amendments: 02/13/1996 MISCELLANEOUS TAX FORFEITURE
12/30/1987 MISCELLANEOUS ARTICLES OF INCORPORATION

**ADDITIONAL DETAIL INFORMATION**

Additional Details: STATE TAXPAYER IDENTIFICATION NUMBER: 17424848608

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

THE PRECEDING PUBLIC RECORD DATA IS FOR INFORMATION PURPOSES ONLY AND IS NOT THE OFFICIAL RECORD. CERTIFIED COPIES CAN ONLY BE OBTAINED FROM THE OFFICIAL SOURCE.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 # Texas Real Estate Commission

Home | Contact Us / Agency Info | Forms, Laws & Contracts | News & Public Data | Education & Exams | Complaints, Consumer Info

for forms, rul | Search Web Site | Sales / Broker | Inspector | E.R.W. | Lic # or Lastnar | Search Licensee Info / Education | -- Quick Links -- | Go

**Contact Us**

**Contact Main Page**

- Email Addresses
- Map to TREC HQ
- Driving Directions
- Fee Schedule

**TREC Employment**

- Employment at TREC

**TREC Officials**

- Commissioners
- Broker-Lawyer Comm.
- Inspector Committee

**TREC Staff**

- Wayne Thorburn, Administrator
- Administration
- Education, Licensing & Cashier

## Contact & Agency Info Main Page

### How to Contact TREC

**Email:** For fastest response, choose from our main Email Addresses page.
For areas not covered by specific email addresses, you may use general.delivery@trec.state.tx.us, but expect a slower response, due to the time needed to route your message to the appropriate area.

**Mailing Address:** Texas Real Estate Commission
P. O. Box 12188
Austin, TX 78711-2188

**Street Address:** Texas Real Estate Commission
1101 Camino La Costa
Austin, TX 78752
Map to TREC
Driving Directions to TREC

**Phone:** (512) 459-6544 or 1-800-250-TREC (8732)

**Hours:** 8:00 a.m - 5:00 p.m. Monday - Friday

**Fax:**

| Division | Fax Number |
|---|---|
| Licensing | Fax: (512) 465-3913 |
| Education | Fax: (512) 465-3989 |
| Enforcement | Fax: (512) 465-3962 |

21

    *Texas Real Estate Commission*
**Post Office Box 12188 Austin, Texas 78711-2188**
1101 Camino La Costa Austin, Texas

# INFORMATION ABOUT THE COMPLAINT PROCESS

The Texas Real Estate Commission (TREC) accepts complaints against real estate brokers, salespeople, inspectors, TREC approved education providers, residential service companies, timeshare developers and unlicensed activity complaints. The Commission does not regulate new home builders, mortgage companies, title companies or sellers or buyers who are not also licensed, or resolve commission disputes between licensees. TREC's authority is limited to taking disciplinary action against those licensed or registered under its programs. Texas law prohibits the Commission from giving private legal advice or opinions or acting as your personal attorney; therefore, if you desire legal advice, please contact a private attorney.

The Commission does not have the authority to require a licensee to pay another person. Recovering a monetary loss is a civil action and should be discussed with your own attorney.

Attached is a complaint form. Please complete the entire form in English. Be sure to enclose copies of all relevant documents when returning the complaint form to the Commission. DO NOT SEND ORIGINAL DOCUMENTS. All complaints and accompanying information are open records once a case is resolved. Open records must by law be given to anyone who asks for them. If you do not want your identity revealed, or do not sign your complaint, we will be unable to process your complaint.

You will be notified by mail that your complaint has been received. If an investigation is opened, the person against whom the complaint is filed will receive a copy of the complaint. After the investigation is concluded, the information obtained will be reviewed to determine whether there is sufficient evidence to take disciplinary action, which could include a formal reprimand, the suspension or revocation of a license, payment of an administrative penalty, or other appropriate action.

It is not necessary to file a complaint with the Commission to proceed with a civil suit or recovery fund claim. Should a person obtain a civil suit (money) judgment against a licensee related to a real estate transaction and the licensee cannot pay the judgment, the Texas Real Estate Commission maintains the Real Estate Recovery Fund and the Real Estate Inspection Recovery Fund. These recovery funds might pay a claimant's actual out-of-pocket damages, court costs and attorney fees. Reimbursement from the Real Estate Recovery Fund is limited to $50,000 per transaction or $100,000 aggregate total against any one licensee. Reimbursement out of the Real Estate Inspection Recovery Fund is limited to $12,500 per transaction or $30,000 aggregate total against any one inspector. For further information about the recovery funds, you or your attorney may contact TREC's Administration Division at (512) 465-3900.

Please retain this information for future reference.

TRANSMISSION VERIFICATION REPORT

TIME : 05/11/2007 15:12
NAME : ESD NORTH CENTRAL
FAX : 5123396099
TEL : 5123396005
SER.# : BROM4J175473

| | |
|---|---|
| DATE,TIME | 05/11 15:06 |
| FAX NO./NAME | 4653962 |
| DURATION | 00:06:07 |
| PAGE(S) | 22 |
| RESULT | OK |
| MODE | STANDARD ECM |

FAX 22 PAGES
TO
TEXAS REAL ESTATE COMMISSION
MAY 11, 2007 15:06

TEXAS REAL ESTATE COMMISSION - COMPLAINT

# CERTIFICATE OF SERVICE

HUD #06-06-293-8

CITY OF AUSTIN FAIR HOUSING OFFICE, AUSTIN, TEXAS

NO. 01-06-0028-HG/COA, EE/FHO

FILED: 12/28/2005

APARTMENT LEASE CONTRACT RENEWAL SIGNED DECEMBER, 5, 2005 FOR THE PERIOD 12/26/05 THROUGH 10/22/06 $619.00 PER MONTH

COPIES OF THE FOREGOING AVAILABLE UPON REQUEST.

I CERTIFY THAT ONE TRUE COPY OF THIS COMPLAINT

A: AGAINST REAL ESTATE BROKERS
B: ARNOLD CARL TAUCH
C: JACK C. MOSS
D: CHARLES EADS BROWN

WAS SERVED BY FIRST CLASS

MAIL ON THIS 12 TH DAY OF MAY 2007

ADDRESSED TO

**CHARLES EVANS BROWN**

A. BOARD CERTIFIED COMMERCIAL AND RESIDENTIAL REALESTATE

B. TEXAS BAR CARD 03101650

C. TEXAS BROKER 320045

3624 NORTH HILLS DRIVE, B-100
AUSTIN, TEXAS 78731
PHONE: 512-339-6000
FAX: 512-339-6005

**ARNOLD CARL TAUCH**

RESPONDEAT SUPERIOR
LANDLORD
OWNER
GENERAL PARTNER
TEXAS BROKER 167722
FALCON RIDGE APARTMENTS
JEFFERSON AT FALCON RIDGE

5225 KATY FWY, #530
HOUSTON, TEXAS 77007
PHONE: 713-864-6598

19 JACK C. MOSS
20 RESPONDEAT SUPERIOR
21 LANDLORD
22 OWNER
23 GENERAL PARTNER
24 REGISTERED AGENT
25 TEXAS BROKER. 285537
26 FALCON RIDGE APARTMENTS
27 JEFFERSON AT FALCONRIDGE
28 FALCON APARTMENTS OF AUSTIN I, INC
29 FALCON APARTMENTS OF AUSTIN, LTD
30 FALCON GROUP
31 CCE-STASSNEY I, LTD
32 STASSNEY APARTMENTS, L.P.
33 GOODNIGHT FAMILY TRUST
34 MOSS SUBDIVISION-CITY OF AUSTIN

2202 RIMROCK STREET
KEMAH, TEXAS 77565-2213



TEXAS REAL ESTATE COMMISSION COMPLAINT

DOCUMENT NO CF-01
REVISED 01/2005

Michael L Buesgens
MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MOVE IN DATE: JULY 17, 2006
$1,400.00 PER MONTH
MAILING ADDRESS

3112 WINDSOR RD, #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958
FAX: 512-339-6099

MIKEBUESGENS@HOTMAIL.COM

MAY 12, 2007

6:07CV00150

CLOSED, PRO_SE_LAW_CLERK

**U.S. District Court [LIVE]**
**Western District of Texas (Waco)** WACO, TEXAS
**CIVIL DOCKET FOR CASE #: 6:07-cv-00150-WSS**

Buesgens v. Travis County, Texas et al
Assigned to: Honorable Walter S. Smith
Cause: 42:1983 Civil Rights Act

Date Filed: 05/14/2007
Date Terminated: 06/01/2007
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Michael L. Buesgens** represented by **Michael L. Buesgens**
3112 Windsor Rd., #A322
Austin, TX 78703
(512) 339-6005 ext. 7958
PRO SE

V.

LARGE NUMBER OF HOSTILE INHABITANTS AUSTIN, TEXAS

**Defendant**

**Travis County, Texas**

**Defendant**

**City of Austin, Texas**

**Defendant**

**State of Texas**

**Defendant**

**Investigator John A. Benavides**
*Individually and in his Official Capacity*

**Defendant**

**Administrator Charles H. Gorham**
*Individually and in his Official Capacity*

**Defendant**

**Earl Leroy Yeakel, III**
*Individually and in his Official Capacity*

**Defendant**

**Robert L. Pitman**
*Individually and in his Official Capacity*

**Defendant**

**Asst Travis Co Atty Felix Tarango**
*Individually and in his Official Capacity*

**Defendant**

**J. David Phillips**
*Individually and in his Official Capacity*

**Defendant**

**Constable Bruce Elfant**
*Individually and in his Official Capacity*

**Defendant**

**Deputy Joseph Rosser**
*Individually and in his Official Capacity*

**Defendant**

**Edward Curry**
*Individually and in his Official Capacity*

**Defendant**
**Chester E. Beaver**
*Individually and in his Official Capacity*

**Defendant**

**Ann Morgan**
*Individually and in her Official Capacity*

**Defendant**

**Judge Robert Pemberton**
*Individually and in his Official Capacity*

**Defendant**
**Charles Eads Brown**
*Individually and in his Official Capacity*

**Defendant**
**David B. Armbrust**
*Individually and in his Official Capacity*

**Defendant**
**Gregory S. Cagle**
*Individually and in his Official Capacity*

**Defendant**
**Armbrust & Brown**

**Defendant**
**Dunham Jewett**
*Individually and in his Official Capacity*

**Defendant**
**Shelly Bush Marmon**
*Individually and in her Official Capacity*

**Defendant**
**Crady, Jewett, McCulley LLP**

**Defendant**
**Megan Monique Goeres**

**Defendant**

**Andiruh Sarwal**

**Defendant**
**Ryan Goeres**

**Defendant**
**Debra Weitmeier**
*Individually and in her Official Capacity*

**Defendant**
**Samantha Sheppard**
*Individually and in her Official Capacity*

**Defendant**
**Gary Kin Oldham**
*Individually and in his Official Capacity*

**Defendant**
**Arnold Carl Tauch**
*Individually and in his Official Capacity*

**Defendant**
**Falcon Interests Realty Corp**

**Defendant**
**Falcon Interests Construction Company**

**Defendant**
**Kyle D. Tauch**
*Individually and in his Official Capacity*

**Defendant**
**Jack C. Moss**
*Individually and in his Official Capacity*

**Defendant**
**Trinity Management Group**

**Defendant**
**Jack E. Fritts**
*Individually and in his Official Capacity*

**Defendant**
**Fifth Circuit Court of Appeals**

**Defendant**
**Karen Whittington**
*Individually and in her Official Capacity*

**Defendant**
**Peggy Keller**
*Individually and in her Official Capacity*

**Defendant**

**Mary Frances Noveh**
*Individually and in her Official Capacity*

**Defendant**

**Mary Stewart**
*Individually and in her Official Capacity*

**Defendant**

**Madeline Chigoy**
*Individually and in her Official Capacity*

**Defendant**

**Gina Martin**
*Individually and in her Official Capacity*

**Defendant**

**Peter Connors**
*Individually and in his Official Capacity*

**Defendant**

**Harriet M. Murphy**
*Individually and in her Official Capacity*

**Defendant**

**Herbert Evans**
*Individually and in his Official Capacity*

**Defendant**

**Melissa Young Goodwin**
*Individually and in her Official Capacity*

**Defendant**

**U.S. Department of Housing and Urban Development**        HUD # 06-06-293-8

**Defendant**

**Alphonso Jackson**
*Individually and in his Official Capacity*

**Defendant**

**Kim Kendrick**
*Individually and in her Official Capacity*

**Defendant**

**Milton Turner**
*Individually and in his Official Capacity*

**Defendant**

**Garry Sweeney**
*Individually and in his Official Capacity*

**Defendant**

**Kenneth Burchfield**
*Individually and in his Official Capacity*

**Defendant**

**Joseph F. Castillo**
*Individually and in his Official Capacity*

**Defendant**

**Miniard Culpepper**
*Individually and in his Official Capacity*

**Defendant**

**Linda G. Katz**
*Individually and in her Official Capacity*

JUDGE WALTER S. SMITH
WACO, TEXAS

**Defendant**

**U.S. Department of Justice**

**Defendant**

**R. Barry Robinson**
*Individually and in his Official Capacity*

**Defendant**

**United States Of America**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2007 | 1 | COMPLAINT (Filing fee $ 350 receipt number 409183), filed by Michael L. Buesgens. (Attachments: # 1 Attachment 1 - Part 1# 2 Attachment 1 - Part 2)(sm3, ) (Entered: 05/16/2007) |
| 05/15/2007 | 2 | Filing fee received in the amount of $350, receipt number 409183 (sm3, ) (Entered: 05/16/2007) |
| 05/21/2007 | 3 | ORDER re 1 Complaint filed by Michael L. Buesgens. ORDER that the case be and is hereby Transferred to the United States District Court for the Western District of Texas, Austin Division. Signed by Judge Walter S. Smith. (sm3, ) (Entered: 05/22/2007) |

TRANSFER TO AUSTIN, TEXAS FROM WACO, TEXAS

**PACER Service Center**

**Transaction Receipt**

06/28/2007 10:27:09

| | | | |
|---|---|---|---|
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:07-cv-00150-WSS |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS,** **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. W-07-CA-150** |
| | § | TRANSFERRED TO 1:07CV00427SS, AND CLOSED 6/21/07 |
| **TRAVIS COUNTY, TEXAS, et al.,** **Defendants.** | § | |
| | § | |

**ORDER**

On this date the Court considers Plaintiff's *pro se* complaint. Plaintiff, a resident of Travis, Texas, asserts in his complaint that the over sixty (60) named Defendants violated his rights under federal and state laws and the constitutions of the United States and the State of Texas. Plaintiff's allegations concern the handling of his public housing complaints, his eviction from public housing, and the legal actions he has taken as a result. The Defendants include state and federal employees and judges, as well as private individuals and attorneys, the vast majority of whom work in and presumably reside in Travis County, Texas. The events giving rise to Plaintiff's complaint all took place in Travis County. Venue in this case is, therefore, dictated by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

JUDGE WALTER S. SMITH IGNORES BUESGENS CLAIM OF LARGE NUMBER OF HOSTILE INHABITANTS IN AUSTIN, TEXAS

The majority of the Defendants reside in and the events all took place in Travis County, Texas which is located within the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1). None of events giving rise to Plaintiff's complaint took place in and none of the Defendants reside within this Court's geographical boundaries. Venue is, therefore, not proper in this Court. It is the Court's opinion that, in the interest of justice, this case should be transferred to the Austin Division of the Western District of Texas, pursuant to 28 U.S.C. § 1406(a). Accordingly, it is

**ORDERED** that Plaintiff's case be and is hereby **TRANSFERRED** to the United States District Court for the Western District of Texas, Austin Division.

**SIGNED** on this 21st day of May, 2007.

Walter S. Smith, Jr.

WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE

JUNE 24, 2007

TO
JOHN NEAL, DIRECTOR
CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS

I REQUEST THAT YOU FORWARD A COPY OF YOUR INVESTIGATION OF MY COMPLAINT AGAINST CHARLES EADS BROWN TO

HONORABLE JUDGE REGGIE B. WALTON
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, DC 20001
CIVIL # 1:06 CV01964 RBW

AND
TO

HONORABLE JUDGE GARR KING
U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

PORTLAND, OREGON
CIVIL NO. 3:07 CV00043KI

JUNE 24, 2007

THIS IS A NEW COMPLAINT AGAINST **CHARLES EADS BROWN** AND A **CONTINUING VIOLATION** OF THE FIRST COMPLAINT I FILED IN JANUARY, 2006 WITH THE CHIEF DISCIPLINARY COUNSEL **JOHN NEAL**, DIRECTOR **STATE BAR OF TEXAS**

**SEE**
CHARLES EADS BROWN **LIES** **TO** U.S. DISTRICT COURT DISTRICT OF COLUMBIA CIVIL NO. **1:06CV01964RBW** DOCUMENTS **11** AND **12**

I REQUEST THAT JOHN NEAL TAKE **AFFIDAVITS** FROM **VOIR DIRE** CASE NO. **041509** **TRIAL 1/26/2006** **TO VERIFY** MY ALLEGATIONS AND COMPLAINTS OF MISCONDUCT AND **VOIR DIRE-POLLUTION** - SEE COMPLAINT FORM

JUNE 24, 2007

MICHAEL L BUESGENS
COMPLAINT AND GRIEVANCE AGAINST
CHARLES EADS BROWN, ATTORNEY
REAL ESTATE BROKER
REAL ESTATE INVESTOR
EVICTION ATTORNEY
BOARD CERTIFIED COMMERCIAL AND
RESIDENTIAL REAL ESTATE
AUSTIN, TEXAS
AND
REGULAR AT CITY OF HOUSING - HUD
CERTIFIED FAIR HOUSING OFFICE
HUD # 06-06-293-8 - DUAL FILED -
12/28/2005

TO

JOHN NEAL, DIRECTOR
CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
AND
MAUREEN RAY, ATTORNEY
EDITH M. RICITAKOS, INVESTIGATOR
AUSTIN, TEXAS

THIS IS A CONTINUING VIOLATIONS COMPLAINT AGAINST CHARLES EADS BROWN THAT BEGAN IN DECEMBER, 2005.

MR BROWN'S MISCONDUCT-DECEIT AND FRAUD NOW CONTINUE INTO 2007

SEE CIVIL NO. 1:06CV01964(RBW) DOCUMENTS 11 AND 12 FILED: MARCH 19, 2007 AT U.S. DISTRICT COURT-DISTRICT OF COLUMBIA HONORABLE JUDGE REGGIE B. WALTON PRESIDING

MR BROWN'S ABUSE OF PROCESS AND INTENTIONALLY NEGLIGENT ADVERSE ACTIONS AGAINST ME HAVE CAUSED SERIOUS HARM TO MY HEALTH AND FINANCIAL CONDITION AND RUINED MY NAME IN THE COMMUNITY-UNITED STATES OF AMERICA.

THE FOLLOWING ATTORNEYS HAVE ACTIVELY PARTICIPATED IN THIS MISCONDUCT AND ABUSE OF POWER BY CHARLES EADS BROWN

1. JOHN NEAL, DIRECTOR
   CHIEF DISCIPLINARY COUNSEL
   STATE BAR OF TEXAS
2. MAUREEN RAY
3. DAVID B. ARMBRUST
4. GREGORY S. CAGLE
5. DUNHAM JEWETT
6. SHELLEY BUSH MARMON
7. WILLIAM S. WARREN
8. CHESTER E. BEAVER
9. ANN MORGAN
10. FELIX ARANGO
11. HARRIET M MURPHY

12 HERBERT E. EVANS
13 MELISSA YOUNG GOODWIN
14 J. DAVID PHILLIPS

15 ANDREW KEVER, SAN MARCOS, TEXAS

16 R. BARRY ROBINSON, AUSA
17 DANIEL M. CASTILLO, AUSA
AUSTIN, TEXAS

18 DOUGLAS G. HOUSER
19 LLOYD BERSTEIN
20 MAREN HOLMBOE
PORTLAND, OREGON

21 HOWARD M BOOKSTAFF
HOUSTON, TEXAS

22 MINIARD CULPEPPER
23 LINDA G. KATZ
BOSTON, MASSACHUSETTS

24 KIM KENDRICK
WASHINGTON, DC
HUD # 06-06-293-8



ATTACHED IS A COPY OF THE NAMES OF **VOIR DIRE** TRIAL 01/26/2006 CASE NO. 041509 JP#5 AUSTIN, TEXAS

I AM ALSO REQUESTING THAT YOU REQUEST AN AFFIDAVIT FROM JUDGE **HARRIET M. MURPHY**, AS TO CHARLES EANOS BROWN POLLUTION OF VOIR DIRE ON 1/26/2006

SINCERELY

Michael L Buesgens

MICHAEL L BUESGENS
JUNE 24, 2007

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY OF THIS GRIEVANCE AND COMPLAINT TO JOHN NEAL DIRECTOR, CHIEF DISCIPLINARY COUNSEL & STATE BAR OF TEXAS WAS SERVED BY FIRST CLASS MAIL ON THIS 24 TH DAY OF JUNE, 2007

ADDRESSED TO

1. JOHN NEAL, DIRECTOR
2. CHIEF DISCIPLINARY COUNSEL
3. MAUREEN RAY, ATTORNEY
4. JOHN M. RICHARDS, INVESTIGATOR
5. THE COMMISSION OF LAWYER DISCIPLINE
6. DISTRICT GRIEVANCE COMMITTEES
7. BOARD OF DISCIPLINARY APPEAL
8. TEXAS SUPREME COURT
9. JUDGE EARL LEROY YEAKEL, III
   JUDGE SAM SPARKS
10. JUDGE ROBERT L. PITMAN

6300 LA CALMA DRIVE #300
AUSTIN, TEXAS 78752

U.S. ATTORNEYS ET. AL.

11 R. BARRY ROBINSON, AUSA
12 KAREN MELNIK, AUSA
13 PAT. S. GENIS, AUSA
14 ELIZABETH P. KARPATI, AUSA
15 ELIZABETH COTTINGHAM, AUSA
16 STEVEN BASS, AUSA
17. GERALD CONLEY CARRUTH, AUSA
18. DANIEL M. CASTILLO, AUSA
19. MARY-ELLAN KRCHA - I.R.S. - TORT CLAIMS MANAGER
20 MINARD CULPEPPER, GENERAL COUNSEL HUD - TORTS
21 LINDA G. KATZ, ATTORNEY
22 CHARLES EADS BROWN, ATTORNEY
23 JOHN NEAL, ATTORNEY
24 MAUREEN RAY, ATTORNEY
25 CHESTER E. BEAVER, ATTORNEY
26 ANN MORGAN, ATTORNEY
27 FELIX ARANGO, ATTORNEY
28 HARRIET M. MURPHY, ATTORNEY
29 816 CONGRESS AVE, #1000 AUSTIN, TEXAS 78701

PHONE: 512-453-5535 - JOHN
FAX: 512-453-6667 - NEAL

30 KIM KENDRICK, ATTORNEY
ASSISTANT SECRETARY - HUD
FAIR HOUSING EQUAL OPPORTUNITY
FHEO
FAIR HOUSING ASSISTANCE PROGRAM
FHAP - CITY OF AUSTIN, TEXAS.

31. JOHN A. BENAVIDES, INVESTIGATOR
32 CHARLES H. GORHAM, ADMINISTRATOR
HUD # 06-06-293-8 DUAL FILED

HUD
33 CHARLES EADS BROWN LETTER
AND EXHIBITS DATED 2/10/2006

34 MILTON TURNER, ENFORCEMENT
TEAPOTS - MANUAL - HUD

35 MINIARD CULPEPPER, GENERAL COUNSEL
36 LINDA G. KATZ, ATTORNEY
37 R. BARRY ROBINSON, AUSA
NEW ENGLAND - HUD - TORT CLAIMS
10 CAUSEWAY, # 310
BOSTON, MA 02222-1092

Michael L Buesgens [signature]
MICHAEL L BUESGENS
EXTENDED STAY AMERICA
MAILING ADDRESS
2112 WINDSOR RD, #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958
FAX: 512-339-6099

MIKEBUESGENS@HOTMAIL.COM

JUNE 24, 2007

COMPLAINT ATTORNEY MISCONDUCT
AGAINST
CHARLES EADS BROWN
AUSTIN, TEXAS
TO
JOHN NEAL, DIRECTOR
CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS

EXHIBITS
FOR
MISCONDUCT GRIEVANCE AND
COMPLAINT AGAINST ATTORNEY
CHARLES EADS BROWN
CONTINUING VIOLATIONS - HUD

1. GRIEVANCE FORM ✓

2. 1:06CV01964RBW
DOCUMENT 11 FILED: 3/29/07
CHARLES EADS BROWN ORIGINAL
ANSWER
6-PAGES

3. 1:06CV01964RBW
DOCUMENT 12 FILED: 3/29/07
CHARLES EADS BROWN
POINTS - AUTHORITIES
8-PAGES

4. 1:06CV01964RBW
DOCUMENT 12 FILED: 3/29/07
CHARLES EADS BROWN - ORDER
2-PAGES

5. VOIR DIRE - NAMES
CASE NO. 041509
TRIAL: 01/26/2006
ATTORNEY CHARLES EADS BROWN
JUDGE - HARRIET M. MURPHY
HERBERT E. EVANS
MELISSA GOODWIN
J.P. #5 AUSTIN, TEXAS
1-PAGE

6. UNLAWFUL RELETTING FEES
A. AND DOUBLE RENT FROM
B. CHARLES EADS BROWN
C. FALCONRIDGE APARTMENTS
D. JEFFERSON AT FALCONRIDGE
E. $3,893.00
TO
F. MICHAEL L BUESGENS
G. FOR APARTMENT LEASE CONTRACT
JULY 6, 2006 THROUGH OCTOBER
22, 2006
1-PAGE

7. FALCON RIDGE APARTMENTS
AND
A. CHARLES EVANS BROWN
EVICTION SUITS
AND
B. FALCON RIDGE APARTMENTS IS NOT A LEGAL ENTITY - NOT REGISTERED TO DO BUSINESS.
C. NO STANDING
D. NO CAPACITY
E. TO SUE
1-PAGE

8. STATE BAR OF TEXAS - LINE UP - MUG SHOTS FOR THE FOLLOWING:
CHARLES E BROWN
JOHN NEAL
MAUREEN E. RAY
HARRIET M. MURPHY
HERBERT E. EVANS
MELISSA YOUNG GOODWIN
SCOTT H. JENKINS
J. DAVID PHILLIPS
ROBERT PEMBERTON
ANDREW KEVER

9. CASE SUMMARY
DOCKET SHEETS
1:06 CV 01964 RBW
2:07 CV 02116 JAR
8:07 CV 01642 DKC
1:07 CV 00444 SS
1:07 CV 10538 WGY
3:07 CV 00043 KI

1:06 CV 260 LY
1:06 CV 226 LY-RP

**OFFICE OF THE CHIEF DISCIPLINARY COUNSEL**
**STATE BAR OF TEXAS**
**GRIEVANCE FORM**

**I. GENERAL INFORMATION** COMPLAINT OF MISCONDUCT CRIMINAL COMPLAINT

**Before you fill out this paperwork, there may be a faster way to resolve the issue you are currently having with an attorney.** CIVIC COMPLAINT

If you are considering filing a grievance against a Texas attorney for any of the following reasons: GRIEVANCE

~ You believe your attorney is neglecting your case.
~ Your attorney does not return phone calls or keep you informed about the status of your case.
~ You have fired your attorney but are having problems getting your file back from the attorney.

**You may want to consider contacting the Client-Attorney Assistance Program (CAAP) at 1-800-932-1900.**

CAAP was established by the State Bar of Texas to help people resolve these kinds of issues with attorneys quickly, without the filing of a formal grievance.

CAAP can resolve many problems without a grievance being filed by providing information, by suggesting various self-help options for dealing with the situation, or by contacting the attorney either by telephone or letter.

**I have ______ I have not ______ contacted the Client-Attorney Assistance Program.**

**II. INFORMATION ABOUT YOU -- PLEASE KEEP CURRENT**

1. Name: MICHAEL BUESGENS Address: EXTENDED STAY AMERICA MAILING ADDRESS 3112 WINDSOR RD, #A322
City: AUSTIN State: TEXAS Zip Code: 78703

2. Employer and address RETIRED - OPM MEDICAL DISABILITY

3. Telephone number: Residence 512-339-6005 Work: X 7958
Other: FAX: 512-339-6099
MIKEBUESGENS@HOTMAIL.COM

b. Title of the suit BUESGENS V. CHARLES BROWN AND JOHN NEAL, DIRECTOR CHIEF DISCIPLINARY COUNSEL TEXAS

c. Case number and date suit was filed

d. If you are not a party to this suit, what is your connection with it? Explain briefly.

~~CASE # 1:06CV01964RBW~~ FILED:

**If you have copies of court documents, please attach.** YES

3. Explain in detail why you think this attorney has done something improper or has failed to do something which should have been done. Attach additional sheets of paper if necessary.

**If you have copies of letters or other documents you believe are relevant to your grievance, please attach. Do not send originals.** YES

**Include the names, addresses, and telephone number of all persons who know something about your grievance.** YES

**Also, please be advised that a copy of your grievance will be forwarded to the attorney named in your grievance.** GRIEVANCES HAVE NO IMPACT ON ATTORNEY CHARLES E BROWN

1. CHARLES E. BROWN - POLLUTED VOIRDIRE ON 1/26/2006 J.P. #5 CASE# 041509
2. WITH HIS COMPANIONS AND TALK ABOUT MY DISABILITY - BIPOLAR. JUDGE HARRIET M. MURPHY - PRESIDING FOR JUDGE
3. HERBERT E. EVANS - CASE WAS TRANSFERRED FROM JP#3 JUDGE
4. MELISSA YOUNG GOODWIN. THIS CASE WAS APPEALED - $10,000.00 CASH BOND TO
5. JUDGE J. DAVID PHILLIPS, TRAVIS COUNTY COURT AT LAW NO. 1
6. C-1-CV-06-000678 TRIAL 6/16/06
7. I MUST PAY $30,000.00
8. WRIT OF POSSESSION EXECUTED ON 7/6/06
9. WHILE I WAS AT SETON SHOAL CREEK HOSPITAL, AUSTIN, TEXAS

4. Drivers License # 19185267 Date of Birth 9/3/50

5. Name, address, and telephone number of person who can always reach you.

Name R. BARRY ROBINSON Address ASSISTANT U.S. ATTORNEY 816 CONGRESS AVE, #1000 AUSTIN, TX 78701 Telephone

6. Do you understand and write in the English language? YES
If no, what is your primary language?
Who helped you prepare this form?
Will they be available to translate future correspondence during this process?

7. **Are you a member of the judiciary?** NO
If yes, please provide Court, County, City, State:

## III. Information about Attorney

Note: Grievances are not accepted against law firms. You must specifically name the attorney against whom you are complaining. A separate grievance form must be completed for each attorney against whom you are complaining.

1. Attorney name: CHARLES EADS BROWN Address: 3624 NORTH HILLS DR B-100
City: AUSTIN State: TX Zip Code: 78731

2. Telephone number: Work 512-346-6000 Home Other
FAX 512-346-6005

3. Have you or a member of your family filed a grievance about this attorney previously?
Yes ✓ No ___ If "yes", please state its approximate date and outcome.
JANUARY, 2006 - JOHN NEAL REFUSED AND FAILED TO INVESTIGATE ASOI MAUREEN RAY AND JOHN M. RICHARDS MEGAN GOERES ARNOLD TROCH JACK C. MOSS

4. Please check one of the following:
___ This attorney was **hired** to represent me.
✓ This attorney was **appointed** to represent me.
___ This attorney was hired to represent someone else.

Please give the date the attorney was hired or appointed and what the attorney was hired or appointed to do. DECEMBER, 2005
BROWN WAS HIRED TO RULE ON THE FAIR HOUSING ACT AND EVICT ME FROM MY APARTMENT #1023 FALCONRIDGE APARTMENTS 500 EAST STASSNEY AUSTIN, TEXAS 78745

5. What was your fee arrangement with the attorney? I WAS ORDERED TO PAY BROWN $5,000.00 IN CASE #641509 AND $30,000.00 IN CAUSE# C-1-CV-06-000678 6/16/06

**If you signed a contract and have a copy, please attach.**
**If you have copies of checks and/or receipts, please attach.**
**Do not send originals.**

6. If you did not hire the attorney, what is your connection with the attorney? Explain briefly 641509 AND C-1-CV-06-000678 AND 06-0157 0-1-GN-06-000262 AND 03-06-00614CV 1:06CV2260LY AND 1:06CV2260LY-RP AND HUD #06-06-293-8

7. Are you currently represented by an attorney? ____
If yes, please provide information about your current attorney: 1:06CV00967LY-RP AND 1:06CV01964RBW ET.AL.

8. Do you claim the attorney has an impairment such as depression or a substance use disorder? If yes, please provide specifics (your **personal** observations of the attorney such as slurred speech, odor of alcohol, ingestion of alcohol or drugs in your presence etc., including the date you observed this, the time of day, and location).
YES - NO ETHICS - NO CONSCIENTENCE NO RULES AND NO LAWS APPLY TO CHARLES E. BROWN

9. Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment such as depression or a substance use disorder? If so, please provide details. ATTORNEY REAL ESTATE BROKER
EVERY STATEMENT BROWN MADE WAS DESIGNED TO MISLEAD AND MISREPRESENT

## IV. Information About Your Grievance

1. Where did the activity you are complaining about occur?

County: TRAVIS City: AUSTIN, TEXAS

2. If your grievance is about a lawsuit, answer the following, if known:

a. Name of court AND WASHINGTON D.C. U.S. DISTRICT COURT 1:06CV01964RBW JUDGE REGGIE B. WALTON CASE IS STILL OPEN

10. CHARLES E. BROWN SUBPORNED PERJURY FOR WITNESSES MEGAN GOERES GALLOWAY AND MANDY M. ROGERS ON 01/26/2006 AND 06/16/2006

## V. Attorney-Client Privilege Waiver

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this grievance, and authorize such attorney to reveal any information in the professional relationship to the Office of Chief Disciplinary Counsel of the State Bar of Texas.

I understand that Disciplinary Proceedings are strictly confidential.

Signature: [signature] Date: 6/24/2007

**To ensure prompt attention, the grievance should be mailed to the Office of Chief Disciplinary Counsel closest to the attorney's office. Please see list of Chief Disciplinary Counsel offices below.**

**Austin** ✓
La Costa Center
6300 La Calma Dr., Ste. 300
Austin, Texas 78752
512-453-5535
877-953-5535
Fax: 512-453-6667

JOHN NEAL
MAUREEN RAY
JOHN M. RICHARDS

**Dallas**
One Lincoln Centre
5400 LBJ Freeway, Ste. 1280
Dallas, Texas 75240
972-383-2900
Fax: 972-383-2935

**Houston**
600 Jefferson, Ste. 1000
Houston, Texas 77002
713-758-8200
Fax: 713-758-8292

**San Antonio**
Federal Reserve Building
126 E. Nueva, Ste. 200
San Antonio, Texas 78204
210-208-6600

ATTACHED IS A COPY OF THE VOIR DIRE
CASE NO. 041509
TRIAL 1/26/06
JUDGE HARRIET M. MURPHY
J.P. # 5
TRAVIS COUNTY
AUSTIN, TEXAS

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DOCUMENT 11

RBW

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS** **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:06-CV-01964-RCL** |
| | § | |
| **CHARLES E. BROWN, ET AL.** **Defendants** | § | |

RECEIVED
MAR 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DEFENDANT'S ORIGINAL ANSWER**

Charles E. Brown, Defendant, files Defendant's Original Answer to Plaintiff's Original Petition and shows:

BROWN SPEAKS LIES

ANSWER

1. Defendant denies that this Court has jurisdiction over the matters alleged by Plaintiff. (Plaintiff's Original Complaint, Paragraph II, pg. 15)

2. Defendant denies employment discrimination or housing discrimination based on disability or any basis. (Plaintiff's Original Complaint, Paragraph 14, pg. 18)

3. Defendant denies retaliation against Plaintiff because of employment discrimination or housing discrimination complaints. (Plaintiff's Original Complaint, Paragraph 15, pg. 18)

4.   Defendant is without sufficient knowledge to admit or deny any facts regarding the constitutionality of state statutes. (Plaintiff's Original Complaint, Paragraph 16, pg. 18-19)

5.   Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise taxes. (Plaintiff's Original Complaint, Paragraph 17, pg 19)

6.   Defendant is without sufficient knowledge to admit or deny any facts regarding certificates of authority to do business. (Plaintiff's Original Complaint, Paragraph 18, pg. 19)

7.   Defendant denies any assumed name or true name violations. (Plaintiff's Original Complaint, Paragraph 19, pg. 19)

8.   Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise tax liability nexus to Federal Corporate IRS tax reporting. (Plaintiff's Original Complaint, Paragraph 20, pg. 19)

9.   Defendant denies that there has been collusion between attorneys, law firms and real estate developers and state agencies against Plaintiff. (Plaintiff's Original Complaint, Paragraph 21, pg. 19)

10.  Defendant denies that there is or has been a civil conspiracy intertwined in Plaintiff's housing discrimination complaint and employment discrimination complaint. (Plaintiff's Original Complaint, Paragraph 22, pg. 20)

11.    Defendant denies retaliation against Plaintiff. (Plaintiff's Original Complaint, Paragraph 23, pg. 20)

12.    Defendant denies discrimination and retaliation in collusion with any other parties against Plaintiff. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

13.    Defendant denies discrimination or retaliation in collusion with the National Apartment Association, Texas Apartment Association, or Austin Apartment Association. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

14.    Defendant denies a breach of duty owed against Plaintiff. (Plaintiff's Original Complaint, Paragraph 25, pg. 21)

15.    Defendant denies any breach of fiduciary duty to the courts or to Plaintiff. (Plaintiff's Original Complaint, Paragraph 26, pg. 21)

16.    Defendant denies any negligent misrepresentations to Plaintiff in employment discrimination or housing discrimination. (Plaintiff's Original Complaint, Paragraph 27, pg. 21)

17.    Defendant denies connected or coordinated adverse actions against Plaintiff or circumventing federal statutes, state statutes, or federal and state rules of civil procedure. (Plaintiff's Original Complaint, Paragraph 28, pg. 22)

18.    Defendant denies attorney and law firm private and government misconduct. (Plaintiff's Original Complaint, Paragraph 29, pg. 22)

19.  Defendant denies state and federal tax fraud. (Plaintiff's Original Complaint, Paragraph 30, pg. 22)

20.  Defendant denies violations of Secretary of State regulations for business and non-profit entities. (Plaintiff's Original Complaint, Paragraph 31, pg. 22)

21.  Defendant denies that he failed to acquire fictitious name certification. (Plaintiff's Original Complaint, Paragraph 32, pg. 23)

22.  Defendant denies misrepresenting the true name and identity and standing, and capacity of the owners and general partners of residential multi-family communities. (Plaintiff's Original Complaint, Paragraph 33, pg. 23)

23.  Defendant denies negligent or intentionally negligent misrepresentations for mandatory disclosures. (Plaintiff's Original Complaint, Paragraph 34, pg. 23)

24.  Defendant denies fraudulent acts or negligently allowing fraudulent acts, willful or premeditated activities regarding legal and business decisions, fraudulent activities that are foreign to the duties of an attorney, acting outside the scope of Defendant's duties, or fraudulent acts on behalf of Defendant's clients. (Plaintiff's Original Complaint, Paragraph 35, pg. 23-24)

25.  Defendant is unable to admit or deny the statement made regarding "any limitations to rely on or disclaimers as to the accuracy of attorney representations made to Plaintiff or unrepresented non-clients", as the

statement is vague and non-sensical. (Plaintiff's Original Complaint, Paragraph 36, pg. 25)

26.   Defendant denies aiding and abetting a breach of fiduciary duty based on rendition of legal advice. (Plaintiff's Original Complaint, Paragraph 37, pg. 25)

27.   Defendant denies violations of rules of professional conduct toward persons involved in the judicial process. (Plaintiff's Original Complaint, Paragraph 38, pg. 25)

28.   Defendant denies not reporting any professional misconduct and denies any knowledge of any professional misconduct. (Plaintiff's Original Complaint, Paragraph 39, pg. 26)

29.   Defendant denies that he has caused the multiple civil litigation filings by Plaintiff. (Plaintiff's Original Complaint, Paragraph 40, pg. 26)

30.   Defendant denies any retaliation, abuse of process, abuse of power, abuse of relationships, abuse of knowledge, or discrimination against Plaintiff. (Plaintiff's Original Complaint, Paragraph 41, pg. 26)

31.   Defendant denies that he "pisses on" Plaintiff because he is pro se, or that statutes and laws and rules are only lip service and are routinely manipulated. (Plaintiff's Original Complaint, Paragraph 42, pg. 27)

32.    Defendant denies that Plaintiff is entitled to or should recover any compensatory damages, punitive damages, or exemplary damages.

## PRAYER

Defendant prays that Plaintiff take nothing and that Defendant be granted all additional relief to which this Court finds Defendant justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS § DOCUMENT 12
Plaintiff §
§
v. § CASE NO. 1:06-CV-01964-RCL
§
CHARLES E. BROWN, ET AL. §
Defendants §

RECEIVED
MAR 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE**

Plaintiff, Michael L. Buesgens, has brought suit against thirty-five (35) Defendants, including the Defendant Charles E. Brown, for alleged violations of housing discrimination laws, attorney malpractice, employment discrimination and other incoherent claims. Upon information and belief, the Plaintiff is a resident of Texas and all claims made by Plaintiff arise out of facts which occurred in Texas. Plaintiff has other active civil matters already pending in the Western District of Texas from which there have been multiple appeals docketed with the United States Court of Appeals for the Fifth Circuit. Prior attempts by him to initiate and prosecute claims against Texas defendants in this court have been rebuffed and the case transferred to the proper court with jurisdiction and proper venue—the United States District Court for the Western District of Texas—Austin Division.

ROYCE C. LAMBERTH
KAREN MELNIK - AUSA

The Defendant Charles E. Brown is not a resident of the District of Columbia and has no contact with the District of Columbia. Furthermore, all of the events, actions and transactions by and between the Defendant Charles E. Brown and the Plaintiff occurred in Travis County, Texas. Accordingly, the Defendant Charles E. Brown moves to dismiss the Plaintiff's lawsuit based on lack

GREGORY O'DUDEN - NTEU

THE EVENTS ARE CONTINUING VIOLATIONS NATIONWIDE

of personal jurisdiction, improper venue and for failure to state a claim upon which relief could be granted. If the Court is not inclined to dismiss these claims on these bases, the Defendant Charles E. Brown requests that the case be transferred to the Western District of Texas—Austin Division.

EARL LEROY YEAKEL, III AND HARRIET M. MURPHY & DAVID PHILLIPS

**ARGUMENT AND AUTHORITIES**

**NO PERSONAL JURISDICTION OVER THE DEFENDANT CHARLES E. BROWN**

The Defendant Charles E. Brown is a resident in Texas. Plaintiff Buesgens' complaints against the Defendant Charles E. Brown arise out of his tenancy in, and ultimate eviction from, an apartment community in Austin, Texas known as "Falcon Ridge" owned by Falcon Apartments of Austin, Ltd. Charles Brown, P.C. represented the landlord in a lawsuit to evict the Plaintiff. Armbrust & Brown, L.L.P. represented the landlord in Plaintiff's appeal of his eviction and is co-counsel in representing Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Management Services, L.P., GREP General Partner, L.L.C., Debi Wehmeier, Mandy Rogers and Amanda Torres-Wilson in Plaintiff's fair housing lawsuit pending in the Western District of Texas—Austin Division. Crady, Jewett & McCulley, LLP is co-counsel with Armbrust & Brown in the same federal district lawsuit and also represents these same Defendants in related proceedings filed by Plaintiff with the Multi-District Litigation Panel and pending before the United States Court of Appeals for the Fifth Circuit. MDL-1800

All of the factual statements related to the Defendant Charles E. Brown, even if taken as true, occurred entirely and solely within the State of Texas. BROWN'S MISCONDUCT PERMEATES THE U.S.A. INCLUDING D.C.

District of Columbia Long Arm Jurisdiction Statute

The Defendant Charles E. Brown does not meet the statutory requirements sufficient to permit this Court to exercise personal jurisdiction over him either through conduct or through an enduring relationship. D.C. CODE ANN. § 12-422, 12, 423 (1981). All of the actions or omissions

complained of by the Plaintiff about the Defendant Charles E. Brown occurred in Texas. Plaintiff fails to allege that any of the incidents giving rise to his claims against the Defendant Charles E. Brown occurred in the District of Columbia.

THEY ARE STILL OCCURING - OREGON KANSAS - MARYLAND - BOSTON - D.C.

Due Process Considerations

If this Court were to exercise personal jurisdiction over the Defendant Charles E. Brown, it would violate the due process rights of the Defendant Charles E. Brown guaranteed to them by the Fourteenth Amendment to the United States Constitution. Before this court may exercise personal jurisdiction over a non-resident defendant two requirements must be met: the non-resident defendant must have availed itself of the benefits and protections of the forum states by establishing minimum contacts with it and the court's exercise of personal jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

FEDERAL FINANCING - FOR REAL ESTATE INVESTOR CHARLES BROWN

Plaintiff does not allege specific jurisdictional facts but appears to rely on conclusory allegations and appears to aggregate factual allegations among the various Defendants. Such efforts should fail. Plaintiff bears the burden of establishing personal jurisdiction over each individual Defendant. The Plaintiff must allege specific facts upon which personal jurisdiction can be based. *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom., GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Dir. 2000). They may not aggregate factual allegations concerning multiple Defendants in order to demonstrate personal jurisdiction over any one Defendant. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).

CONTINUING VIOLATIONS 3:07CV00043KI 2:07CV02116 ET.AL.

A defendant's minimum contacts with the forum state can establish personal jurisdiction. The jurisdiction is either general or specific. General jurisdiction arises when the defendant's contacts

with the forum state are so continuous and systematic as to confer jurisdiction, even when none of the contacts directly relate to the instant case. In that case, even if the forum state has no interest in the specific dispute between the parties, the forum state may still have interest in the defendant because the defendant has already created substantial connections with it. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984). Sporadic or limited contacts with the forum are insufficient to confer general jurisdiction over a non-resident defendant. The Defendant Charles E. Brown has had no contact with the District of Columbia, much less sporadic contacts. Therefore, the Plaintiff cannot establish a systematic or continuing contact between Defendant and the District of Columbia and therefore cannot establish general jurisdiction over the Defendant Charles E. Brown.

[Handwritten: IS THAT TRUE?]

Plaintiff cannot establish specific jurisdiction over the Defendant Charles E. Brown for the same reason. Specific jurisdiction arises when a defendant's contacts with the forum state are specifically related to the lawsuit in which the Plaintiff seeks to establish jurisdiction. In order to establish the minimum contacts which confer specific jurisdiction, the defendant must have purposefully performed some act or consummated some transaction within the forum state and the cause of action alleged by the Plaintiff must arise from or be connected with that act or transaction. *International Shoe*, 326 U.S. at 318. The Plaintiff's allegations regarding the Defendant Charles E. Brown occurred solely within the State of Texas, Travis County to be precise. None of the allegations have any connection with the District of Columbia.

[Handwritten: HUD # 06-06-293-8 AND BROWNS INTERFERENCE]

[Handwritten: HUD COMPLAINT FILED 12/28/05]

[Handwritten: EVICTION SUIT FILED 12/30/05]

Finally, the Court should also analyze whether anything within the circumstances of this lawsuit could confer jurisdiction over the Defendant Charles E. Brown so as to comport with the traditional notions of fair play and substantial justice. In reviewing this standard, the Court must consider the following factors: the burden on the Defendant Charles E. Brown, the interest of the

forum state, the interests of the Plaintiff in obtaining convenient and effective relief, the interest of the judicial system in efficiently resolving controversies and the interests of the states in furthering fundamental policies. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105, S.Ct. 2174 (1985).

In applying these factors, exercising jurisdiction over the Defendant Charles E. Brown does not comport with the traditional notions of fair play and substantial justice. The burden on the Defendant Charles E. Brown to defend against the vague complaints in a jurisdiction hundreds of miles from his residence would be substantial. Several of the Defendants are individuals of limited WHO IS LIMITED ? means with only tangential relationship to the allegations made by the Plaintiff. The Defendant Charles E. Brown does not have an office or other business within the District of Columbia. Nothing HUD # 06-06-293-8 AND within Plaintiff's Complaint indicates any specific connection with the District of Columbia as such U.S.D.C. DISTRICT OF MARYLAND allegations relate to the Defendant Charles E. Brown. Defendant Charles E. Brown is a resident of Texas and the allegations raised by Plaintiff relate to his fair housing complaints, which are already the subject of a suit pending in the United States District Court for the Western District of Texas—Austin Division (the "Texas Federal Case") and an appeal pending before the United States Court of Appeals for the Fifth Circuit. The fair housing suit in federal district court was set for trial in SEE 06-60777 January 2007 and the appellate case is set on a briefing schedule which begins October 17, 2007. Plaintiff has already elected the forums located in Texas for the resolution of his dispute against the I DIDNT ELECT FORUMS Defendant Charles E. Brown. Clearly the prosecution of these complaints in yet another forum U.S. ATTORNEYS ELECTED THEM AND SEE would not promote the convenient or efficient resolution of his claims. REMOVAL OF D-1-GN-06-000262 R 1:06CV226CY-RP

**IMPROPER VENUE**

Should the Court determine that there is sufficient basis for personal jurisdiction over the Defendant Charles E. Brown, he moves to dismiss this case based on improper venue. It is unclear the basis for Plaintiff's establishment of jurisdiction. If the claims that jurisdiction over the

Defendant Charles E. Brown are based upon diversity, venue would be proper only in the following districts: 1) the judicial district where any Defendant resides, if all Defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that this the subject of the action is situated, or 3) a judicial district in which any Defendant may be found, if there are no districts in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Accordingly, venue would be proper in the District of Columbia only if all of the Defendants resided in the District of Columbia, a substantial part of the actions or omissions which the Plaintiff alleges occurred in the District of Columbia, or one of the residents resides in the District of Columbia and there is no other district in which Plaintiff could bring his lawsuit. None of these circumstances apply to the Plaintiffs' cause of action. Accordingly, venue is not proper and the Plaintiff's claims against the Defendant Charles E. Brown should be dismissed.

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff has failed to allege any statutory or common law basis for any claims against the Defendant Charles E. Brown. Plaintiff Buesgens filed suit in Federal Court in the Western District of Texas against many of the same defendants named in this suit. The Texas Federal Case which was set for trial in January 2007. The allegations in the instant case appear to mirror the allegations in the Texas Federal Case. Plaintiff Buesgens is apparently not pleased with the way his suit is progressing and must have thought that naming the defendants in yet another lawsuit might change the results. Further, the Plaintiff's Complaint within the instant case fails to state any basis for relief against Defendant Charles E. Brown.

Defendant Charles E. Brown represented Falcon Ridge in an eviction case in Justice of the Peace Court, Precinct 5, Travis County, Texas, and the subsequent appeal of that case in the County

Court of Travis County, Texas. Charles E. Brown no longer represents Falcon Ridge in any matters. HE WAS FIRED Nothing within Plaintiff's Complaint gives rise to any basis for any liability of Charles E. Brown for representing his clients in litigation with Plaintiff in other forums. Plaintiff alleges that Charles E. Brown and other attorneys engaged in interference with a contract (Paragraph 35), collusion (Paragraph 36) and theft or conversion (Paragraph 39). Even if any of these complaints were true, which Defendant Charles E. Brown strenuously denies, Plaintiff has failed to allege sufficient specific facts to support these claims and these attorneys have no personal liability to this Plaintiff VOIR OIRE AND HUN #06-06-293-8 for acts taken in the course of representing their clients. *Taco Bell v. Cracken*, 939 F.Supp. 528 (N.D. Tex 1996); *Chapman Children's Trust v. Porter & Hedges L.L.P.* 32 SW 3d 429 (Tex App—Houston [14th] 2000 pet denied). Plaintiff further suggests that these attorneys have committed third degree felony offenses in allowing certain corporate charters to be forfeited. (Paragraph 48). Even if such allegations are true, Plaintiff does not have standing to prosecute such claims, nor does it PRIVATE ATTORNEY GENERAL provide a basis upon which relief could be granted in favor of Plaintiff. IT SHOWS A PATTERN AND PRACTICE OF MISCONDUCT

**CONCLUSION**

LIES AND DECEPTION AND CONTEMPT FOR THE LAW

Plaintiff's causes of action against Defendant Charles E. Brown should be dismissed for lack of personal jurisdiction over him and for improper venue. Nothing within Plaintiff's Complaint gives rise to a claim upon which relief could be granted.

WHEREFORE PREMISES CONSIDERED, Defendant Charles E. Brown requests this Court to dismiss Plaintiff's claims against him in Plaintiff's Complaint, or in the alternative, to transfer this TO EARL LEROY YEAKEL, III case to the United States District Court for the Western District of Texas—Austin Division, and enter such other and further orders to which these parties may show themselves to be justly entitled.

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

Respectfully submitted,

1:06CV01964RBW

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

PROPOSED ORDER

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:06-CV-01964-RCL** |
| | § | |
| **CHARLES E. BROWN, ET AL.** | § | |
| **Defendants** | § | |

RECEIVED
MAR 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE** TO TEXAS

Charles E. Brown, Defendant, respectfully moves to dismiss this case for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, res judicata or, in the alternative, Defendant moves to transfer this case to the Western District of Texas, Austin Division, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a). In support of this Motion, the Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities and proposed Order.

TO EARL LEROY YEAKEL, III
ROBERT L. PITMAN SAM SPARKS

Defendant requests that to the extent that this Motion is treated as one for summary judgment, all factual assertions contained within the attached Memorandum in support of this Motion be accepted by the Court as true unless Plaintiff submits contravening affidavits or other documentary evidence. *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992).

UNLESS

H:\A WorkCB\3-Brown, Buesgens, Motion to Dismiss.doc

PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss Plaintiff's claims against Defendant in Plaintiff's Complaint and enter such other and further orders to which Defendant is justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

CASE NO. 041509 TRIAL 01/26/06 VOIR DIRE AND JUDGE HARRIET M. MURPHY EVICTION SUIT FORCIBLE DETAINER

CAUSE # 041509 Falcon Ridge Apartments VS. Michael L. Buesgens

Jan 26, 2006 9:15 AM

| | | | | |
|---|---|---|---|---|
| 20 JOLYNN JANELL PEREZ | 19 BRENT CARLYLE POHL Excused | 18 BETTY CRAWFORD | 17 MARIANN JOHNSTON | 16 HILARY LYN REYES |
| 15 ALAN ROSWELL WEINER | 14 RACHEL ANN ATTEBURY Excused | 13 MADELON UNLAUF | 12 GARY PAUL DAVIS | 11 CATHERINE BROWN SPENCER ✓ |
| 10 KENNETH WAYNE GOHEEN Excused | 09 RAMON HERRERA No Show | 08 JAMES PATRICK OGRADY ✓ | 07 EXCUSED | 06 AMANDA DANIELLE VELA ✓ |
| 05 SCOTT BROWNING COOMBES | 04 EXCUSED | 03 ANGEL GUILLERMO CORTINA ✓ | 02 LAUREN A DAVIS ✓ | 01 DARLENE JONES ✓ |

✓ = Jurors selected

CHARLES EADS BROWN EVICTION ATTORNEY REAL ESTATE BROKER AND INVESTOR

Falcon Ridge
500 E Stassney Ln
Austin, TX 78745-3243

UNLAWFUL RELETTING FEES
DOUBLE RENT $3,893.00
CHARLES EVANS BROWN
ET. AL.

Buesgens, Michael
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US

## Final account statement

| Ledger Account at move-out | |
|---|---|
| Rent | 3,893.71 |
| Balance at move-out | $3,893.71 |

| Deposit Activities | |
|---|---|
| Total Deposits on hand | $0.00 |

| Additional charges/credits/payments after move-out | |
|---|---|
| Total additional charges / credits / payments | $0.00 |

| Final Account balance | |
|---|---|
| Balance at move-out | 3,893.71 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 0.00 |
| Total account balance due | $3,893.71 |

| FAS Prepared | |
|---|---|
| Date | 07/12/2006 |
| User | Shepherd, Samantha |

| Pay to | |
|---|---|
| Buesgens, Michael | |

| Lease Information - Unit 01023 | |
|---|---|
| Move-in | 06/28/2003 |
| Notice given | 07/07/2006 |
| Lease expires | 10/22/2006 |
| Move-out | 07/09/2006 |
| Move-out reason | Evicted |

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

Manager

CHARLES E. BROWN, ATTORNEY
EVICTIONS

| NUMBER | F/E | PLAINTIFF NAME | DEFENDANT NAME |
|---|---|---|---|
| 034529 | 000508 | FALCON RIDGE APARTMENTS OF AUS | HUSTON, KRISTIN LOUISE ET AL |
| 037968 | 030811 | FALCON RIDGE APARTMENTS | WAITE, MATTHEW |
| 037681 | 030520 | FALCON RIDGE APARTMENTS | GRAVELL, KASI |
| 034529 | 000508 | FALCON RIDGE APARTMENTS OF AUS | GARZA, GREGORIO III ET AL |
| 039044 | 040514 | FALCON RIDGE APARTAMENTS | WATSON, JENNIFER /ET AL |
| 039044 | 040514 | FALCON RIDGE APARTAMENTS | LONGORIA, ISMAEL /ET AL |
| 039043 | 040514 | FALCON RIDGE APARTMENTS | MCKETTA, JANE (GUARANTOR) /ET |
| 039043 | 040514 | FALCON RIDGE APARTMENTS | MCKETTA, KEVIN /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | DUGAS, SUNSHINE /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | WHITEHEAD, LEIGH /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | JASEK, DONNIE /ET AL |
| 038808 | 040309 | FALCON RIDGE APARTMENTS | GARCIA, RANDY |
| 038782 | 040225 | FALCON RIDGE APARTMENTS | HAJJAR, NADIM |
| 034859 | 000821 | FALCON RIDGE APARTMENTS OF AUS | MILLER, JOHN |
| 037935 | 030730 | FALCON RIDGE APARTMENTS | GILES, DONNA |
| 038267 | 031017 | FALCON RIDGE APARTMENTS | ACHKAR, GEORGE /ET AL |
| 038267 | 031017 | FALCON RIDGE APARTMENTS | AL-AJAIL, ABDULLA /ET AL |
| 037680 | 030520 | FALCON RIDGE APARTMENTS | SANCHEZ, JOSE |
| 036389 | 020401 | FALCON RIDGE APARTMENTS | YANEZ, SHAYONA RHEA |
| 037967 | 030811 | FALCON RIDGE APARTMENTS | BYRD, ALICE |
| 041588 | 060117 | FALCON RIDGE APARTMENTS | TIJERINA, YOLANDA |
| ✓041509 | 051229 | FALCON RIDGE APARTMENTS | BUESGENS, MICHAEL L ✓ |
| 041243 | 051026 | FALCON RIDGE APARTMENTS | ACORD, RICHARD |
| 035729 | 010720 | FALCON RIDGE APARTMENTS | ARNOLD, DUSHAN |
| 035580 | 010524 | FALCON RIDGE APARTMENTS OF AU | MILLER, JOSET D |
| 040198 | 050321 | FALCON RIDGE APARTMENTS | AUTRY, ANTHONY |
| 040006 | 050125 | FALCON RIDGE APARTMENTS | TREGRE, ANTHONY |
| 039927 | 050110 | FALCON RIDGE APARTMENTS | SALAZAR, MELVA HARP |
| 039695 | 041026 | FALCON RIDGE APARTMENTS | TREGRE, ANTHONY ET AL |
| 039695 | 041026 | FALCON RIDGE APARTMENTS | COOK, MISHELE ET AL |
| 039446 | 040824 | FALCON RIDGE APARTMENTS | ALVARADO, JESUS JAIME |

..... END REPORT .....

NO LEGAL CAPACITY TO SUE ANYONE

MELISSA GOODWIN
JUSTICE OF THE PEACE
PRECINCT NO. 3
TRAVIS COUNTY, TEXAS
AUSTIN, TEXAS

PAGE 1 OF 62

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. D-1-GN-06-000262

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | ) | IN THE DISTRICT COURT |
| VS. | ) | |
| FALCON RIDGE APARTMENTS, FALCON APARTMENTS OF AUSTIN, LTD., FALCON APARTMENTS OF AUSTIN I, INC., GREYSTAR PROPERTY MANAGEMENT, DEBI WEHMEIER, MANDY ROGERS, AND AMANDA WILSON | ) | TRAVIS COUNTY, TEXAS |
| | ) | D-1-GN-06-000262 WAS REMOVED ON 3/29/2006 TO 1:06CV226LY-KP |
| Defendants | ) | 200TH JUDICIAL DISTRICT |

---

SEE IRS EMPLOYEES LIVING

PRETRIAL CONFERENCE

AT FALCON RIDGE APARTMENTS

---

ORIGINAL PGS 44-46

On the 21st day of February, 2006, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Scott H. Jenkins, Judge presiding, held in Austin, Travis County, Texas;

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

PRO SE PLAINTIFF:

MICHAEL L. BUESGENS
3112 Windsor Road, #A322
Austin, Texas 78703
(512) 339-6005 Ext. 7391

FOR THE DEFENDANTS:

CHARLES E. BROWN
SBOT NO. 03101650
LAW OFFICES OF CHARLES E. BROWN, P.C.
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000

INDEX

| | Page | Vol. |
|---|---|---|
| Announcements........................... | 4 | 1 |
| Argument by Mr. Buesgens................ | 5 | 1 |
| Argument by Mr. Brown................... | 29 | 1 |
| Court Orders Mediation.................. | 50 | 1 |
| Adjournment............................. | 61 | 1 |
| Court Reporter's Certificate............ | 62 | 1 |

**PROCEEDINGS**

THE COURT: We're on the record in Cause No. D -- well, let me give me you the short -- you don't need the whole thing, do you? GN-06-000262, Michael Buesgens, B-u-e-s-g-e-n-s, vs. -- on this style, on the plaintiff's first amendment to original complaint, it's styled Michael L. Buesgens vs. Falcon Ridge Apartments, et al. Would you each make your announcement for the record, beginning with plaintiff?

MR. BUESGENS: I'm Mike Buesgens, pro se, for plaintiff.

THE COURT: Okay.

MR. BROWN: Charles Brown. I represent Falcon Ridge Apartments.

THE COURT: And this came to me off the central docket this morning, actually from the unassigned docket. Judge Covington sent you up. And it's set -- we just had a discussion off the record. Although the docket sheet said it was set by the defendant, you both agree this setting was obtained by the plaintiff, and it was set for a pretrial conference. Is that correct, Mr. Buesgens?

MR. BUESGENS: That's correct, Your Honor.

THE COURT: All right. And let me let you explain first what it is you believe needs to be

considered at this pretrial conference by the Court, and then I'll hear from Mr. Brown, and we'll take it from there.

MR. BUESGENS: I'm requesting the correct assumed name for Falcon Ridge Apartments and their address, their limited liability company and their general partnership company. I'm also requesting the true name of those individuals that own Falcon Ridge Apartments. I'm also requesting the name -- the true and correct name -- or the assumed name of the general partnership for Greystar Property Management and their limited liability company.

THE COURT: I'm sorry. The true name for Greystar?

MR. BUESGENS: No. The assumed name and the true name also for Greystar Property Management and their partnership and the names and addresses of the individuals that I've named as defendants in this. I haven't been able to serve Falcon Ridge Apartments any papers because of the confusion over what the name is of the defendant.

THE COURT: Well, you had a lease with them; is that right? I gather from reading the pleadings that you had a lease with them, and you've already had some litigation in justice of the peace

court about that lease. Is that right?

MR. BUESGENS: Yes, we did. And discovery was abused in there and --

THE COURT: Well, let's don't digress into that. If you could answer this --

MR. BUESGENS: All right. I didn't get the names of these people that I need, and I've been trying to get it since December 15th.

THE COURT: Okay. Of '05?

MR. BUESGENS: That's correct.

THE COURT: Okay. When was the case in JP court filed?

MR. BUESGENS: We had a trial January 26th. 2006

THE COURT: Of this year?

MR. BUESGENS: Yes.

THE COURT: Okay. Do you remember when it was filed, when it started, when that case started?

MR. BUESGENS: I think the suit was filed December 30th of 2005. HUD # 06-06-293-8 FILED: 12/28/05

THE COURT: Okay. So all this has been pretty recent, then.

MR. BUESGENS: Yes. And we're also in county court now on appeal of that justice court.

THE COURT: Of that very case that was

tried in January?

MR. BUESGENS: That's correct.

THE COURT: Okay.

MR. BUESGENS: And the issues are similar.

THE COURT: Okay. And I gathered that from the defendant, too. And I gather you're not living there now. Or you are?

MR. BUESGENS: Yes, I live there.

THE COURT: You still live there?

MR. BUESGENS: Yes, I do.

THE COURT: Okay. Because you posted a bond which allows you to continue to live there? Is that the way -- I don't know that much about eviction suits, to be honest, because they're in JP court, and I just didn't really handle them in my career.

MR. BUESGENS: Yes, Your Honor. I posted bond, and that's why I'm still there, and now we're going to appeals court in county court.

THE COURT: Okay. I get that. And you're saying there was some confusion about the correct -- you want to make sure you've got the correct parties in the case; is that right?

MR. BUESGENS: The correct names and addresses. And I also want the true names. And I've looked at some of these filings that I just got here,

and the defendants' attorney believes that these individuals are not liable.

THE COURT: In their individual capacity?

MR. BUESGENS: In their individual capacity. And I disagree with that.

THE COURT: Well, and that's not something that I'll be deciding today. That's something --

MR. BUESGENS: But I can't even get the names and addresses to serve anyone. The Texas Rules of Civil Procedure allow me to request the true name of the individuals that own this limited liability. And I tried to do that in JP Court, and I'm trying here, and I can't get it.

THE COURT: Okay. So your concern is, okay, if these individuals aren't liable in their individual capacity, tell me the entity that I'm supposed to have in this case that is responsible for the lease and for whom they worked when they did all of the actions about which you complain; you want to know who's responsible for those actions. Is that essentially what you're after?

MR. BUESGENS: No, Your Honor.

THE COURT: Okay.

MR. BUESGENS: I know who's responsible.

THE COURT: Okay.

MR. BUESGENS: But it's both the limited liability company and the individuals in their own capacity as working -- as their performance and their duties.

THE COURT: Okay.

MR. BUESGENS: Because I'm in here on a discrimination complaint.

THE COURT: And I read that. That's why I pulled up your complaint, so I could read what it is the case is about. That's really my map, so to speak, to see what's the case -- what is the case about.

MR. BUESGENS: But I do request all the names and addresses of these defendants --

THE COURT: Okay. All right.

MR. BUESGENS: -- and the true names also for the liability companies. And I want to know the general partnership and the limited. Now, I see defendant has mentioned in here that I'm supposed to go to some public place and look this up. Now, I am not a real estate attorney, and I don't understand why I can't request this from the opposing party to get the correct person to serve here so I know who everybody is. I mean, they've got my name, address, social security number --

THE COURT: Well, one way to do --

MR. BUESGENS: -- credit history and everything, and I'm not allowed to know anything about them.

THE COURT: One way to do that is if you contend that the correct parties have not been sued, state with precision who the correct parties are in the case. And I know Mr. Brown would respond to that and would state who he contends, based on his reading of your pleadings, to be the correct parties, because I gather they're contending that the correct parties are not these individuals because they weren't acting in an individual capacity; they were acting on behalf of an entity when they did what they did that you're complaining about. And that seems to be what he's saying. And you say I think, if I'm understanding you I think legitimately, I simply want to know who you contend are the correct parties, and that makes sense to me.

MR. BUESGENS: Also, I've got --

THE COURT: But this may not be the vehicle to do it, but maybe we can do it informally and move you on down the road in your lawsuit.

MR. BUESGENS: Excuse me, Your Honor. I've also named Greystar Property Management as a defendant, and I don't believe that's the correct name.

I think it's Greystar Management Services.

THE COURT: So you want to make sure you've got the right parties?

MR. BUESGENS: Yes, because -- yes, Your Honor, because I can't proceed here. Otherwise, I can't go anywhere with this thing. I can't even serve the citation.

THE COURT: So if they read your complaints about discrimination and all of that, you want to know from them, even if -- if all or any of this were true, who would be the correct party to sue. Is that right?

MR. BUESGENS: I'm not asking them who the correct -- you mean asking the defendant who the correct party is?

THE COURT: Yes.

MR. BUESGENS: No, I'm not asking them who the correct party is.

THE COURT: Ah, okay. Well, that may be a harder problem.

MR. BUESGENS: I don't care who they think the correct party is.

THE COURT: I see.

MR. BUESGENS: I believe the correct party is the limited liability company, general partnership,

and I want their true names, and I want their assumed names and addresses, and I also want the name and address of -- the resident address of these defendants that I've listed as individuals.

THE COURT: Well, the people you listed -- and I'm just reading your petition here. Let's see. Plaintiff -- well, other than the style of your first amended original complaint, the style simply says Falcon Ridge Apartments, et al and Greystar Property Management and Debi Wehmeier, if I'm pronouncing that right, W-e-h-m-e-i-e-r, regional vice president of Greystar Property Management and Mandy Rogers, manager, Falcon Ridge Apartments, and Amanda Wilson, leasing consultant, Falcon Ridge Apartments. Those are all the defendants you've named in this amended complaint; is that right?

MR. BUESGENS: That's correct. But I don't have their resident addresses.

THE COURT: Apparently you've --

MR. BUESGENS: Not their business address or whatever.

THE COURT: Ah. Well, you've sued all three of the individuals, right? And they filed an answer, the way I read it.

MR. BUESGENS: Well, I got their answer here this morning a few minutes ago.

THE COURT: Okay. So you're not concerned about them anymore because they're already -- you got them and they're in the case.

MR. BUESGENS: No. I'm requesting their resident address.

THE COURT: Why?

MR. BUESGENS: I believe it's important to properly pursue this case.

THE COURT: Why?

MR. BUESGENS: Because it's my understanding that the rule allows that the resident addresses are provided so I can properly serve these defendants.

THE COURT: You've already successfully gotten them in the case. They've already answered. You don't need to serve them again. I don't know of any other reason why you'd need their residence.

MR. BUESGENS: Okay. Well, I got it just this morning.

WHAT ABOUT SUBPOENAS

THE COURT: And that's great. And I understand that. You didn't know you were going to get it. Now you've got the answer. They're in the case. The other two defendants are Falcon Ridge Apartments and Greystar Property Management.

A quick question for Mr. Brown. Have

answers been filed for either one of those defendants?

MR. BROWN: We filed an answer for Greystar Property Management this morning, along with Mandy Rogers and Amanda Wilson. Falcon Ridge Apartments has not been served yet, so we have not filed an answer on their behalf.

THE COURT: And there's no answer yet for Debi Wehmeier? NO SHOW SUBPOENA 6/16/06 TRIAL C-1-CV-06-000678

MR. BROWN: I'm sorry. Debi Wehmeier also we filed -- the answer today was for Greystar Property Management, Debi Wehmeier, Mandy Rogers and Amanda Wilson.

THE COURT: Okay. Greystar Property Management, is that the full name or is it an Inc.?

MR. BROWN: That's an assumed named for -- I believe it's Greystar Property Management Services, Inc.

THE COURT: And you say that in your answers -- in your answer?

MR. BROWN: Our answer was just defendant Greystar Property Management. But I'll be happy to provide him with an assumed named certificate if that's the case or give him the name of the corporation.

THE COURT: So what you're saying is he sued you in your assumed name --

MR. BROWN: Correct.

THE COURT: -- which is Greystar Property Management. IS NOT THE NAME

MR. BROWN: Yes.

THE COURT: And the only entity that operates in that assumed name is Greystar Property Management Services, Inc. You're stating that on the record now. And you will give him the assumed name certificate which would list the address for Greystar Property Management Services, Inc. and indicate the assumed name?

MR. BROWN: I'll be happy to do that or I will -- if they don't have an assumed name certificate, I'll give him -- I'll amend my answer to be in the name of the corporation.

THE COURT: Okay.

MR. BROWN: I'm not trying -- we're not trying to --

THE COURT: Play hide the ball.

MR. BROWN: Right. A LIE

THE COURT: I get it.

MR. BROWN: It's all --

THE COURT: That makes sense. Now, Falcon Ridge Apartments, is there an answer filed for Falcon Ridge Apartments today?

MR. BROWN: No, Your Honor. They haven't been served yet.

THE COURT: Okay. Do you have -- do either one of you have the previous pleading filed by -- I gather there were two pleadings. There was an original complaint and a supplemental complaint. I just blew right past those. When I saw that you had an amended complaint, I went straight to that because that wipes out everything before. However, I gather the service of process was the original petition. And so do either one of you have a copy of that? I can call it up if you don't.

MR. BUESGENS: Your Honor, I want to speak about that amendment. I amended that in particulars. And you said that wipes out the entire thing, even though I amended particulars in it?

THE COURT: The rules provide that when you file an amended petition, what that means is that wipes the plate clean of what you filed before and everyone can just read this amended petition. The way lawyers do it -- and frankly, this is the way lawyers do it, too -- rather than do supplemental petitions, which are hard to follow, is that you just restate everything you had before and add whatever you want to add or subtract whatever you want to subtract. But in any

event, that stands as your new pleading.

Now, you already served them with the original pleading. And apparently they've already answered based on the original pleading because that's what they were served with, so the answer they filed was to your original pleading. But now you've amended, and those people who have appeared will now be aware of this amendment and will have to deal with whatever new complaints are in the amendment that weren't in your original pleading. Does that make sense?

MR. BUESGENS: Yes, it does, but it's my understanding that there's some dispute as to whether an amendment completely changes something or whether it doesn't.

THE COURT: There's no dispute. That's the law. If you file an amended complaint, that is your live pleading. By calling this amended -- plaintiff's first amendment to original complaint, I would construe that to be a first amended original complaint, and I think any judge would.

So what I would do -- and again, I can't be in a position of giving you advice, but this is what most lawyers do. They amend their pleadings and put everything in the amendment they want. Instead of having various supplemental petitions floating around,

which gets confusing for everybody, including them, they simply file amended pleadings. And that's what every lawyer I know does unless there's some little bitty addition you want to make. But even then, there's seldom a reason to do it in a supplemental.

So what you did was file an amendment, which is the way 99.999 percent of the time lawyers do it, so you did right. And that amends your previous pleadings, and that becomes what we call the live pleading. This is what's before the Court. This is the complaint you have against these people. And that's why I've pulled it up, because I knew that that was the live pleading. Okay?

MR. BUESGENS: I understand.

THE COURT: All right. Now, what Mr. Brown said is that Falcon Ridge Apartments has not been served yet. Is that what you said, Mr. Brown?

MR. BROWN: That's correct.

THE COURT: All right. So no answer has been filed for Falcon Ridge Apartments. But apparently today you got an answer for Greystar Property Management, and Mr. Brown has said on the record he will either get you a copy of the assumed name certificate, and he will send that to you by mail. Failing his ability to get an assumed name certificate, he said on

ON THE RECORD LIES BY CHARLES BROWN AND HE WALKS FREE

the record he would amend his pleadings and state that his answer is on behalf of Greystar Property Management Services, Inc., who is the entity that is operating under this assumed name that you've sued, to make it clear for you and clear for the record that that's the party in the case and that's who you do have in the case. Okay? That answers that question.

With respect to Falcon Ridge, they're not in the case yet, so there's really nothing I can do with Falcon Ridge Apartments. Presumably they will have the same lawyer. And I suspect Mr. Brown will go off the record and tell you who Falcon Ridge is and, you know, if there is an entity and give you --

MR. BROWN: We've already produced that information to him who the owner of Falcon Ridge Apartments is. It's a limited partnership. We gave him the name of the partnership and the address of the partnership. I WANT THE GENERAL PARTNER

THE COURT: And you did that in the --

MR. BROWN: We did that in the -- in the JP case --

THE COURT: Right.

MR. BROWN: -- the eviction case.

THE COURT: I started to say eminent domain, the forcible entry and detainer case. Okay.

All right.

MR. BUESGENS: Excuse me, Your Honor. I put in my pleadings that I requested the true name of Falcon Ridge --

THE COURT: Well, in --

MR. BUESGENS: -- in my original pleading.

THE COURT: In this case?

MR. BUESGENS: Pardon?

THE COURT: In this case here?

MR. BUESGENS: Yes.

THE COURT: Okay.

MR. BUESGENS: And I have not gotten a response to that, what the true name is.

THE COURT: Well, you haven't served Falcon Ridge for one thing, and so there's no answer for Falcon Ridge yet because they have not yet been served. The parties who have been served have answered, and they're going to give you supplemental information as to Greystar to make it clear who Greystar is. That's all they're obligated to do at this point.

MR. BUESGENS: Your Honor, I requested this in JP court and never got it.

THE COURT: Well, that's a matter that's not before me now. However, I did read -- and let me make a suggestion. I'll go outside the box here for a

minute. Mr. Brown filed something asking for relief from all the discovery you're filing in this case. I understand that you want certain information. There's certain information everyone is entitled to in the case. It may be that some of the things you're asking for you're entitled to. It may be that some of the things you're not entitled to. I did read with interest that he said that much of this discovery was done in the JP case.

So I would suggest that you both think about this. You both think about agreeing that whatever discovery was done in the JP case can be used in this case as though it was done in this case and it will be incorporated by reference. That way, you don't have to do it again. It will save you -- because you're handwriting this. I've done that a lot, too, because I'm not the best word processor. And that will save you time and effort. It will save them time and effort. And it will mean that all of the information you have in the JP case is as though it were done in this case. Just a suggestion --

MR. BUESGENS: Excuse me.

THE COURT: -- that jumped out at me, and it might work for you.

MR. BUESGENS: The discovery in JP was

041509

horrible. It didn't follow any rules of procedure. And it didn't have some of the issues that I've got before in this court in my interrogatories.

THE COURT: Okay. Well, then I'll just have to --

MR. BUESGENS: So it's worthless to me, more or less. And it was just a completely -- I didn't even get the thing until the day of the trial.

THE COURT: Okay. Well, so far everything that's on file, I've done everything I can do. I have required them -- or I didn't require them. Mr. Brown agreed graciously that he would provide you with the assumed name certificate. And failing that, he would amend his pleadings to make clear who the entity is behind the assumed name of Greystar Property Management who you sued. The individuals have already answered, so we've all agreed that's all they're required to do at this point.

MR. BUESGENS: Excuse me --

THE COURT: And I need to know what else from you is before me today that you can ask me to do.

MR. BUESGENS: I want to serve Falcon Ridge Apartments. I want to serve a citation on them.

THE COURT: Well, that's something you'll have to do.

MR. BUESGENS: But I'm still confused as to where to send it, where to serve it.

THE COURT: Then you may need to send a question to Greystar or the individuals, please tell me what the entity Falcon Ridge -- you know, who owns Falcon Ridge Apartments, who the owner is and operator of Falcon Ridge Apartments for me to properly serve them in my claims against them concerning my residence at Falcon Ridge Apartments.

MR. BUESGENS: Your Honor --

THE COURT: That's kind of a homely statement, but I don't know how else you can do it.

MR. BUESGENS: Your Honor, excuse me. I've done that. They know all about it. They're playing games with me here. That's why I called the pretrial conference.

THE COURT: When did you file the -- when did you send them the question to tell you?

MR. BUESGENS: In JP court. And I also sent it in this court.

THE COURT: Okay. What is it you want to know?

MR. BUESGENS: I want the name of the general partner for Falcon Ridge and the address for the general partner. I want the name and address of the

limited partner --

THE COURT: And how do you know that there is a partnership operating it?

MR. BUESGENS: Pardon?

THE COURT: How do you know that this is a partnership operating Falcon Ridge Apartments? If you knew that, you would have sued the partnership, right? You sued Falcon Ridge Apartments. What did you sue when you filed -- by the way, would someone hand me the original complaint? Do you have it, Mr. Brown?

MR. BUESGENS: Okay.

THE COURT: Hang on just one second. Let me read the original complaint because that's who you've sued. May I borrow your file for a moment?

MR. BROWN: Sure.

THE COURT: It'll save me some time rather than calling it up.

All right. I'm looking at your original complaint, and it's Michael Buesgens vs. Falcon Ridge Apartments, 500 East Stassney, Falcon Ridge Apartments of Austin, Ltd., 2525 South Shore Boulevard, League City, Texas, Falcon Ridge Apartments of Austin, Incorporated, 5225 Katy Freeway, Houston, Texas, and then you go on to Greystar Property Management, which we've already discussed.

You must know an awful lot about Falcon Ridge Apartments because you sued an LTD and a corporation, right? So you know that there's a corporation that runs these apartments as well as an LTD?

MR. BUESGENS: Excuse me. It's my understanding that they're a partnership that you call them a corporation. You can call a partnership a corporation. These names I've got here, it's confusing for me to know who -- I want to know who the general partner is for Falcon Ridge and who this limited partner is and what their addresses are. And I also want to know their true names.

THE COURT: Okay.

MR. BUESGENS: You know, their true names with surnames. Now, I gave you a tax statement there to look at from Falcon Ridge. It's got directors Arnold Tulmich (phonetic), I believe his name is. And I'm not sure if that person is just a director or also an owner and is a registered agent there by the name of Moss.

THE COURT: Okay. Anything else you want in the pretrial conference?

MR. BUESGENS: That's it. I want compliance with discovery which I didn't get in JP court. And now it looks like I'm running into it with

these motions that he's filed saying that my discovery doesn't apply or my requests are too extensive or --

THE COURT: Well, these are just motions that were filed --

MR. BUESGENS: Uh-huh.

THE COURT: -- hang on just one second -- on February 21st. And what Mr. Brown said is that they're not set today because they were just filed today, this being February 21st. So no, you don't have to stand up and respond to those off the cuff. They're not -- they can't do that to you, and he's not asking me to do that to you. He's just filed those today. And you can anticipate, I guess, coming back here and dealing with that. And that's why I said maybe there's a way to do this efficiently where you can use the discovery that you got there. And to the extent you say you didn't get an answer there in JP court, ask Mr. Brown to give you the answer now. Because the Court -- if the Court finds -- it may be me or it may be another judge -- that you've already gotten the information in JP court and he's willing to use that information as though it were answered here and then you come back saying I want him to do it -- I'm saying they didn't give it to me and we can read that they did, a court's going to be upset about that. On the other

hand, if they didn't give it to you in JP court and you're asking for it now and it's a legitimate question, then the court will compel them to do it. But that's -- I'm anticipating what a court may do, but that's not before me today.

MR. BUESGENS: But excuse me, Your Honor, the record in JP court is defective, and I've been trying for about a month to get that corrected, and both JPs from Precinct 5 and 3 won't take any responsibility to get a correct record.

THE COURT: Well, that's not before me now. That's not my court.

MR. BUESGENS: Okay. I understand. That's just an explanation. I cannot rely on Mr. Brown for anything. We are at war. We do not communicate. Mr. Brown is a real estate attorney. He runs all over me because I'm a pro se. He wants to beat me down with anything he can legally and illegally. He'll tell me anything on discovery. He'll give me legal advice. I don't need it. I don't even want to communicate with him. The only way I can communicate with him is in front of a judge.

THE COURT: Okay. Well, that's your option. You can communicate in writing or in front of a judge.

MR. BUESGENS: I can't communicate with him at all.

THE COURT: Well, he's the lawyer for them.

MR. BUESGENS: I understand that.

THE COURT: And that's the person with whom you have to communicate about this case. If you choose not to speak to him over the phone, that is certainly your choice. But communication will have to occur under the Rules of Civil Procedure, and it will be with Mr. Brown who's their lawyer. But you've told me --

MR. BUESGENS: I would like --

THE COURT: Excuse me. You've told me what it is you have before me today, and I've heard that. And I've worked I think very patiently to get that information and to be clear about what you're doing. I take very seriously my obligations to make sure that pro se litigants have a fair day in court. And you're going to have that here, I assure you. So I think I've done that.

I've asked you to tell me what it is you want in this motion, and you've told me. You want information regarding Falcon Ridge. That's what you're asking for, and I understand that. So I'm going to

allow Mr. Brown to respond to that. And I gather that is the information you want in this pretrial conference.

MR. BUESGENS: That's correct. You understand that I want the limited partner, the general partner and the true names?

THE COURT: I heard you say that.

MR. BUESGENS: Okay.

THE COURT: And I'm going to hear Mr. Brown's response to that.

MR. BUESGENS: Okay. And Mr. Brown is going to provide some type of information at some time later after this hearing?

THE COURT: I haven't even let Mr. Brown speak yet really other than to answer my questions. He's going to respond to what you're asking the Court to do at what you call the pretrial conference.

MR. BUESGENS: Okay, fine.

THE COURT: And I'm going to let him speak. Mr. Brown?

MR. BROWN: Thank you, Your Honor. With respect to Falcon Ridge Apartments, on January 23rd we sent Mr. Buesgens a letter by certified mail that says -- that gives him the name of the holder of record title of Falcon Ridge Apartments, and that's Falcon Ridge Apartments of Austin.

NO STANDING NO CAPACITY

THE COURT: I'm sorry. You gave this to him --

MR. BROWN: January 23rd.

THE COURT: In this case?

MR. BROWN: In the JP case. ✓ 041509

THE COURT: All right.

MR. BROWN: And actually, that's not necessarily even with that case. Under the Texas Property Code Section 92.203, he has a right as a resident of Falcon Ridge Apartments to ask for the name and address of the true owner. And so just pursuant to his request, he wanted that name and we gave that to him. We gave him a copy of the assumed name certificate that is on file that shows Falcon Ridge -- Falcon Apartments of Austin, Ltd. is doing business as an assumed name, and it gives the address in League City, Texas of the limited partnership.

THE COURT: And that's the entity that apparently he sued, though you say he has not yet served in League City; is that right?

MR. BROWN: Correct.

THE COURT: All right.

MR. BROWN: And it also is signed by the Falcon Apartments of Austin I, Inc., general partner.

THE COURT: What is signed by the --

MR. BROWN: The assumed name certificate.

THE COURT: Okay. Do you have a copy of the assumed name certificate or could we make a copy here?

MR. BROWN: Yes. I've given it to him. I've got a copy here and a copy of my letter.

THE COURT: Okay. Mr. Buesgens, did you get this letter?

MR. BUESGENS: I gave a copy to you. I don't know what he's talking about. I gave him a copy of a December 15th letter and a January 23rd.

MR. BROWN: Correct. On December 16th we sent him -- gave him notice that the owner was Falcon Group, LP and a Houston, Texas address. We were wrong about that. We discovered that we were wrong about that. So on the 23rd we sent him another letter that said that upon further investigation, we've determined the name and address is Falcon Apartments of Austin, Ltd.

MR. BUESGENS: Excuse me, Your Honor. He didn't discover anything. I had to do something about it.

THE COURT: Excuse me, Mr. Buesgens --

MR. BUESGENS: I had to bring that up in JP court.

THE COURT: Mr. Buesgens, you're going to need to retain your composure, all right? Mr. Brown's turn is now. I asked one question, and this is not a time to interrupt. Okay? If I ask you -- it's his turn to speak now, just as I gave you a complete opportunity to speak. If I have a question of you, I will ask it, just as I did Mr. Brown. Otherwise, it's his turn. So you may be seated and wait until it's your turn.

All right. So Mr. Brown, you -- the current information -- is this the owner now or the owner at the time -- during the time about which he complains or both?

MR. BROWN: It's both.

THE COURT: All right.

MR. BROWN: There hasn't been a change in ownership. We just gave -- I don't know how we got the wrong name -- on our December 16th letter, we gave him the wrong name. When we discovered that we had given him the wrong name, on January 23rd we gave him another letter and said we were wrong before; upon further investigation, we found, here is the name and address of the record title owner of the apartments.

THE COURT: All right. Now, Mr. Buesgens, I do have a question for you. You handed me before I got on the bench -- or you handed to the bailiff this

letter about which Mr. Brown just spoke dated January 23rd. And it has a Plaintiff's Exhibit 11 on it. What does that mean? Why is it marked Plaintiff's Exhibit 11?

MR. BUESGENS: That's from the JP court.

THE COURT: That means you already used it there?

MR. BUESGENS: Well, the plaintiff did. Mr. Brown was the plaintiff in that.

THE COURT: Ah, Mr. Brown was the plaintiff in JP court, so -- but this is your copy with the original exhibit marker on it?

MR. BUESGENS: That's correct.

THE COURT: And you believe it was introduced as an exhibit in the JP court?

MR. BUESGENS: Yes, it was.

THE COURT: Okay. Thank you, Mr. Buesgens. Do you concur on that?

MR. BROWN: I believe that's correct. I don't know whether I -- I can't recall if I introduced it into evidence, but I gave him copies of all my --

THE COURT: All right.

MR. BROWN: -- all my documents that were used in that case.

THE COURT: All right. Now, here's where

we are, Mr. Brown. And I'll let you -- I'm still with you. Or do you think you've given me the full response you want to give me in response to his requests today in what he's characterized a pretrial conference?

MR. BROWN: Well, with regard to the discovery, our answer date was today, so we filed our answer today on the defendants that have been served. He's filed three sets of interrogatories on us over the last few weeks prior to our having even filed an answer in this case. So our response to the discovery is not due for some time now.

THE COURT: So the response to the discovery, why was that done today? If it wasn't served with the original petition, was any of that due today?

MR. BROWN: No, no discovery is due today. And that's my point, is that he's asking -- whatever he's -- he's upset because we're not giving him any information pursuant to discovery requests, but our discovery answers aren't due until some time because they were served on us before we even filed an answer in this case.

THE COURT: Okay. And I'm just trying to kind of patch you through, and maybe if you can get the information he seems to be concerned about, maybe that will solve a lot of problems. Maybe it won't. He's

asked today, though I agree with you, it's not the -- this is not the proper way to get the information. He has said I simply want to know who the owners are of this entity. That seems -- that's what I'm inferring. That seems to be what he's saying. Is that what you understand, too?

MR. BROWN: If he's talking about the individuals. I don't know whether he's talking about the individuals or --

THE COURT: This is what I heard him say.

MR. BROWN: Okay.

THE COURT: It's clear to me, Mr. Brown, that you're saying that the owner during the entire time of the period that he -- about which he complains in his lawsuit and today, that the owner for that entire time is Falcon Apartments of Austin, Ltd., with an address on South Shore Boulevard in League City, Texas, correct?

MR. BROWN: That's correct.

THE COURT: He seems to be today asking who was the owner of Falcon Apartments of Austin, Ltd. He wants the general partner, the limited partners. That seems to be what he's asking.

Now, this is not the proper way to get it, but what is your response to that, just so we can anticipate that and maybe cut through it?

MR. BROWN: Well --

THE COURT: Not that you have to respond today. You can tell me you don't.

PIERCING CORPORATE VEIL IRRELEVANT

MR. BROWN: I don't think that it's relevant who the -- unless he has some -- he hasn't made any allegation that anybody has acted outside of the scope of their duties with this -- in this case. He's named Mandy -- these ladies that manage the apartments.

THE COURT: Did they all work for Falcon Apartments of Austin, Ltd.?

MR. BROWN: Mandy Rogers and Amanda Wilson and Debi Wehmeier all work for Greystar. Greystar is a property management company that manages Falcon Ridge Apartments for the owners.

THE COURT: So the only thing Falcon Apartments of Austin, Ltd. owns is the apartments themselves and the land. They contract with Greystar, who has been properly sued and has answered in this case. That's the correct entity; is that right?

MR. BROWN: That's correct.

THE COURT: And that is the entity that manages the apartments. And they would be responsible for the management decisions that have occurred there. And these three individuals at all relevant times were in the course and scope of their employment for the

Greystar entity that the plaintiff has sued.

MR. BROWN: That's correct.

THE COURT: It sounds like you've got the right people, so you did good. Okay. And I understand your point that the owners of Falcon Apartments of Austin, Ltd. at this point, based on the pleadings now, certainly -- there's no pertinence whatsoever, there's no relevance whatsoever --

MR. BROWN: Right.

THE COURT: -- to this case. And in fact, they weren't even managing their own apartments. They entrusted that by contract to Greystar.

MR. BROWN: That's correct.

THE COURT: All rightee. I understand. Anything else you think the Court needs to do today in this pretrial conference set by the plaintiff?

MR. BROWN: Well, because it is a pretrial conference -- and I guess part of the subject matter here is how do we go forward in managing this case, and you've given us one suggestion, and that would be to possibly use the discovery in another case here. Mr. Buesgens has filed a fair housing complaint, a complaint that my clients violated the Fair Housing Act with the local EEOC department which investigates fair housing -- they're charged with the duty of

investigating fair housing complaints. We filed a response to that complaint. We had a pre -- we had an eviction case in JP court. And I can't remember whether his fair housing complaint came before or after we filed the eviction case, but right around there. We had a trial already in that case. We did discovery. In fact, the trial was postponed so we could produce responses to his discovery in that case. So I do think incorporated in that -- in both of those responses would be our response to the fair housing complaint and our response to discovery in the JP case. I mean, we've given, basically, here's our file.

THE COURT: What you're saying is you would be willing for the plaintiff to be able to rely on your discovery responses. Now, he seems to have some complaints about them. But to the extent they're any good at all from his standpoint, you're willing to say that they're incorporated by reference and that all of the discovery done in the JP case can be referenced in this case as though it had occurred in this case?

MR. BROWN: That's correct.

THE COURT: Well, that would save everybody some time to the extent there's any -- you know, there's any responses upon which he wants to rely. All right. That sounds very reasonable. What

REASONABLE FOR WHO?

else?

MR. BROWN: Well, I don't know whether -- if the Court -- I'm kind of -- I don't really know. We have this case. We have the case that's now going to be in county court, which I assume we'll have another trial on.

THE COURT: Now, that's an appeal of the JP case?

MR. BROWN: That's an appeal of the JP case.

C-1-CV-06-000678
1:06CV260LY

THE COURT: And that's a de novo?

MR. BROWN: That's a de novo.

THE COURT: De novo means you try the case over again.

MR. BUESGENS: Yes, Your Honor.

MR. BROWN: We have -- Mr. Buesgens has filed a grievance against me with the State Bar, with the Ethics Commission. We've had --

THE COURT: With what Ethics Commission? I understand the State Bar.

MR. BROWN: With the State Bar. I don't know. I guess it has to do with voting. He had my voting records for some reason. And that's not really important other than the point of -- because they didn't find that I had done anything wrong, but the point is

DIDN'T WANT TO FIND ANYTHING

that this has escalated from a -- was an eviction case of we're not getting along, please leave, to, you know, litigation on all fronts, which is his right to do, I understand, but we have -- you know, he's filed some 19 motions in the other case, in the JP case, more -- and that's an approximate amount, but it's numerous. And he spent quite a bit of resources and effort on that, obviously. You know --

THE COURT: What are you asking me to do today?

MR. BROWN: Well --

THE COURT: I see that it's --

MR. BROWN: I don't know whether mediation -- I filed the motion for mediation. We're not able to sit down and talk as in most cases.

THE COURT: But you think if you had a third-party mediator --

MR. BROWN: If we had a third party, it may help.

REGGIE B. WALTON
1:06CV01964RBW

THE COURT: -- you could talk through them. And you would hope to maybe even resolve the case.

MR. BROWN: I'd love to resolve the case.

THE COURT: Okay.

MR. BROWN: But we need some direction

from the Court of how we might -- because we've got all this stuff going on, and it seems to me that it's kind of inefficient to have all these --

THE COURT: I understand.

MR. BROWN: -- little skirmishes here and there, and we could --

THE COURT: You're preaching to the choir now.

1:06CV01964RBW IS ONE ROOM ✓

MR. BROWN: -- put it all in one room.

THE COURT: I'm a big believer in mediation, having been a mediator myself. And that's the one thing about private practice I do miss. I love trying to get people together and making peace. There's nothing more gratifying in the world I've found than that.

So Mr. Buesgens, would you be amenable to going to -- you understand mediation is not arbitration. A mediator doesn't make any decisions for you. It's like, you know, President Carter shuttling diplomacy in the Middle East or Henry Kissinger, if you're old enough like me to remember that, shuttling back and forth between the parties to see if they can make peace and see if there can be some resolution that everyone can live with. Is that something you might be interested in doing now?

MR. BUESGENS: Your Honor, I gave defendants a statement regarding a settlement that I proposed, and I never got a response from them on that.

THE COURT: To whom did you give that statement?

MR. BUESGENS: To the defendants in this case.

THE COURT: To whom specifically? Did you write a letter to someone? Did you make an oral statement to them? What did you do?

MR. BUESGENS: I provided it in one of my -- in the motion or else in the amendment or something. I'm not sure. It's in there. But I offered a settlement to Greystar Property Management and the individuals and no one responded to me.

THE COURT: Okay. What was your settlement offer? Do you -- well, no, don't tell me that. Don't tell me that. I shouldn't ask that.

Well, here's the thing. Mediation -- that's exactly what mediation is for, for them to hear you, through the mediator -- person to person if that works; if that doesn't work, through the mediator. I used to do shuttle diplomacy a lot. I would put one party in one room and the other party in the other room, and I'd go back and forth as the mediator, and that's

what a lot of mediators do.

Sometimes they'll have the parties meet together at the beginning. Sometimes they won't. It just depends on the case and what's best for that case. That would allow you through the mediator to convey any offers you want to make to settle and for them through the mediator to convey any offers and for the mediator to talk to both of you to see if it might be possible to settle their case.

They're expressing interest in trying to sit down with you through a mediator and settle the whole case, and that makes a lot of sense to me. And I just wanted your response. Is there any reason you'd have to not sit down with them with a mediator that I can help you pick and send you to a mediator now?

MR. BUESGENS: Yes, Your Honor. I have a dispute on that. I've tried mediation before. We could have settled this all a long time ago back in December.

THE COURT: You tried this with a mediator before?

MR. BUESGENS: No. I mean, not with a mediator, but I tried to get mediators to help me and I couldn't get anybody. I tried to get housing discrimination people to help me. I tried to --

THE COURT: That's okay. If we could get

somebody now who would be --

MR. BUESGENS: No, I don't want anybody now because of the issues on this discovery. This issue has become more now on the discovery, particularly with these questions I have regarding Internal Revenue Service employees.

I.R.S.

THE COURT: I'm sorry. What on earth is that about?

I.R.S.

MR. BUESGENS: I used to work for the Internal Revenue Service, and I retired from there on disability. One of them lived at Falcon Ridge Apartments, and it's my opinion that they spoke with the managers there and told them that I had some kind of disability, some type of problem, and that they moved out of that apartment complex because of that, and that's why management has treated me the way they have for the past year or so, or two, or whatever it's been, and how we ended up in this situation to begin with.

I.R.S.

THE COURT: I see. And so --

MR. BUESGENS: And now they don't want to answer these questions, so I guess I'll do depositions.

THE COURT: What are the questions?

MR. BUESGENS: Well, he's --

THE COURT: What are the questions to which you must have an answer before you can even

discuss settling your case?

MR. BUESGENS: The Internal Revenue Service issues.

THE COURT: I don't understand the question. What is the question?

MR. BUESGENS: Huh?

THE COURT: What is the question?

MR. BUESGENS: Well, it's not just one question. It's --

THE COURT: Well, give me an example of a question.

MR. BUESGENS: I want to know how many people lived at the -- from the IRS from January of 2003 to January 1 of 2006 that were IRS employees. I want to know --

THE COURT: Wouldn't it be easier to simply ask, did anybody complain about me as the source of the reason why you wanted me evicted? Did you receive complaints about me?

MR. BUESGENS: Your Honor --

THE COURT: That seems to be the question.

MR. BUESGENS: Your Honor, these people are lying to me. We're in a lie here.

THE COURT: Okay.

MR. BUESGENS: I can't go to anybody and

say that. I've got to --

THE COURT: So the answer --

MR. BUESGENS: I've got to do a deposition or something on them. I've got to do investigative work. I've got to do all this.

THE COURT: The answer to my question is you don't want to go to a mediator?

MR. BUESGENS: No.

THE COURT: All right. That answers that question.

Okay. Anything else, Mr. Brown, that you want the Court to consider at this stage, at this early stage, at what has been called a pretrial conference?

It's my feeling when you have that sort of hostility to mediation that it's unproductive. Having said that, as a mediator, I frequently had people ordered by judges to mediation whose cases I settled as a mediator who -- sometimes both of whom told me there's no way you're going to be able to settle this case, we don't think we can settle this case, and it settled.

But my sense is, given his reaction to this, that the only way to handle this is, I guess, with motion practice in order to deal with what's before the Court, what's not before the Court. You know, I don't know what else to say. I don't know to whom I would

send it, but I'm willing to listen to you if you -- it's your suggestion that at this pretrial conference the Court -- which the Court can do; the Court has the power to do that -- order mediation.

Having heard Mr. Buesgens' response, do you concur in what I'm saying or do you have different feelings about that?

MR. BROWN: Well, I never have thought that mediation was a waste of time in any case because there are cases that we're not hopeful that people can get together and actually agree on something and they do, so -- but, you know, if Mr. Buesgens picks -- if he wants to pick a mediator -- I don't know that he would pick a mediator. He's not going to be comfortable with whoever I pick, I don't think.

THE COURT: No, no, no. That's clear. He's telling me he doesn't even want to go to a mediator who I pick. So I'm hearing from him he's not going to pick a mediator. But let me ask him a quick question.

If I order you to go to mediation, will you pick a mediator? If I say I want you to go to mediation and I'm going to order mediation because I want you to make your best effort to settle the case before we spend however much court time we're going to have to spend on this case --

MR. BUESGENS: I don't think it would be appropriate for me to pick a mediator, no.

THE COURT: Do you even have anyone in mind? Have you done any research --

MR. BUESGENS: No.

THE COURT: Because you indicated to me you were trying to get a mediator. Do you have anyone in mind?

MR. BUESGENS: Well, I had some people that I thought could help me, like the tenants council and all those other people, but I couldn't get any help. So no, I haven't looked into the mediation aspect of it other than that.

THE COURT: Okay. So you wouldn't know who to pick anyway, is what you're telling me?

MR. BUESGENS: No. But I don't think it's appropriate for the plaintiff or the defendant to decide who the mediator is going to be.

THE COURT: Well, sometimes that's the way it happens because the other side is willing -- because if the mediators are good mediators, it doesn't matter who picked them. It's just like -- I mean, their role is to be an independent third party to try to get you to settle. But I understand. You don't -- your answer is, no, you don't know of anybody and, no, you can't pick

 anybody. So you've answered my question. Thank you.

MR. BUESGENS: Can I say one other thing, Your Honor?

THE COURT: If it's about that question, yes.

MR. BUESGENS: For one thing, I would need someone that's well versed in the Property Code to be a mediator because there's been all kinds of violations here by the defendant on that issue.

THE COURT: I understand.

MR. BUESGENS: And nobody understands that except him, the defendants' attorney.

THE COURT: I understand. Well, you'd need a smart mediator who could read the Property Code and figure out what it says.

MR. BUESGENS: Well, I need someone that can deal with the Property Code and the real estate issues, yes --

THE COURT: Yeah. I understand.

MR. BUESGENS: -- and the discrimination on top of it.

THE COURT: Okay.

MR. BROWN: And Judge, I think that if -- maybe the Court will give him three names that the Court thinks would be an appropriate mediator for our case and

let him pick one, I'd be fine with that. I mean, I --

THE COURT: Is defendant willing to pay for the mediation as long as it's -- and I always tax mediations -- I say I always do -- I tend to tax mediation as court costs. So at the end of the case, whoever loses the case, that's a cost of the case, and that's what I tend to do. Having said that, are you willing to pay the up-front cost of the mediation, but in the order it will be a taxable court cost?

MR. BROWN: I would.

THE COURT: All right.

MR. BROWN: I would -- well, I mean, I can't -- my client's not here to answer that question, but I feel -- I would suggest that to them, and I don't think that they would disagree.

THE COURT: You can always ask the Court to reconsider.

MR. BROWN: Right.

THE COURT: All right. I think you need to sit down with a mediator. The mediator who comes to my mind -- and I will tell you, I can tell you're very angry, Mr. Buesgens, and you feel -- and you're very distrustful. I understand that. You're not the first person who's walked in this courtroom who feels that way. Generally I get at least one person who feels that

way every week, if not every day. That's what I do.

MR. BUESGENS: I can understand that.

THE COURT: So the person who jumps out in my mind, although there are many wonderful mediators, but I'm thinking of this person because he's a very gentle soul, extremely sincere, earnest person, and just a hard person not to like, is my impression, is Tom Collins. He's also done a lot of business litigation. He's done a lot of mediation involving collections disputes. He used to do a lot of that in bankruptcy. This is not a bankruptcy case. But I believe he will be conversant in these issues because his entire practice has been in the area of business practice. And by virtue of his bankruptcy work, you know, he's had to encounter a lot of real estate cases.

Now, no one's coming to mind immediately who's a real estate expert who has gone into mediation. If you can think of any names, that's fine. Another person who's maybe not as gentle, but a very good mediator, very firm mediator, and maybe you want that, is Mike Schless. But I think that he might not be the right personality for this, though I have high regard for him. I have high regard for him.

I think it needs to be somebody who's just really patient with a good personality. And, you know,

you might ask Mr. Collins for two other names. And I'm -- again, each case is so different, and this one strikes me as a good one for Mr. Collins. I'll tell you -- I'll give an example of a case that I had that I thought there was no way it could settle. It was after a jury trial, and no one trusted each other. There were allegations of fraud in that case in the trial. They couldn't even speak to each other. And I thought there's no way this case is going to settle, and it settled with Mr. Collins after the trial before it was going up on appeal, an extraordinarily difficult case with extraordinarily, you know, high emotions and distrust, much, much worse than what I've heard so far in this case. So that's why he jumps out at me as somebody who's just good at listening and making sure he's understanding everybody and getting them to listen hopefully at some point, because if you're not willing to listen, you know, you're not ever going to settle anything. In fact, you can't even go through life if you're not willing to at least listen to people and try to work with them to see if you can get a resolution.

So that's what I think. If -- so I'm inclined to order you to mediation. And since you haven't picked a mediator, I'll pick Mr. Collins. But if you want to do some research in the meantime -- and I

mean a certified mediator, not just anybody who wants to call themselves a mediator, but somebody's who's done the training and is a certified mediator, recognized as such, I'm certainly willing to change the order to a different name.

So if you want to ask some folks who might be a good mediator for this kind of dispute, if you want to call Mr. Collins and say, "If we don't agree on you, who would be two other mediators like you?" you know, he might be willing to say -- because frequently if he's busy and he can't schedule it, I'm sure he gives out names. And if you want, I'll call. If you want to ask me to do that, I will call him this morning and I'll get two other names and I'll put that in the order, if you want me to do that. Would you like me to do that? Now, they're saying they'll pay for it. They're saying they're going to pay for Mr. Collins. And he's not inexpensive, but --

MR. BROWN: I probably should ask how much.

THE COURT: Well, he's a standard amount for a good mediator in this town. It may be a couple thousand dollars for a day's mediation.

MR. BROWN: ✓ And just so Mr. ✓ Buesgens will know, I've probably participated in 80 mediations, so

CHARLES E BROWN

almost any mediator probably that you pick, I will have participated in a mediation at one point or another with him.

THE COURT: Have you had any mediations with Mr. Collins?

MR. BROWN: It was over ten years ago. He mediated a case during --

THE COURT: Settlement week?

MR. BROWN: -- settlement week, and I thought he did a good job.

THE COURT: All right.

MR. BROWN: And I have certainly no objection to him. But I wanted Mr. Buesgens to know that I've been in mediation with him before.

THE COURT: About ten years ago.

MR. BROWN: It doesn't have anything to do with it.

THE COURT: All right. Well, that's -- this is the person I came up with based upon what you've told me so far about your case and the -- what I can tell about the case.

So I'm going to order the defendant will pay the cost of mediation. It will be a one-day mediation. It will be Mr. Collins or one of two other mediators whose names I will get from him this morning.

If you will get me a proposed order, I will fill in the blanks with those three mediators. You will jointly pick one of those mediators to whom you will go. You're not going to get to interview these people because that's not -- you know, they get paid if they do a mediation. But you can do some checking around about them if you want. And again, Mr. Collins came to mind, but other mediators may come to my mind, but I think it takes a -- it's going to take a good personality for this case, and he --

MR. BUESGENS: Excuse me, Your Honor. What's his name? Tom Collins?

THE COURT: Tom Collins. C-o-l-l-i-n-s is I believe the way he spells it.

All right. So Mr. Brown, since this is your motion, will you get me that order?

MR. BROWN: Yes, sir.

THE COURT: Send a copy of that order --

MR. BROWN: Actually, I think I have a draft that can be modified.

THE COURT: Why don't you give me a draft of that order. Give me a draft of that order. I'm going to hand you your pleadings.

Will you parcel these things out to whose they are, Mr. Andrews?

they are, Mr. Andrews?

MR. BUESGENS: Excuse me, Your Honor.

THE COURT: Some of them are Mr. Brown's. Some of them are Mr. Buesgens'. And I'm going to go in my chambers now and I'm going to call Mr. Collins and see if I can't get him now.

MR. BUESGENS: Excuse me, Your Honor.

THE COURT: Yes, sir.

MR. BUESGENS: May I object to something about --

THE COURT: Sure.

MR. BUESGENS: It's not about the mediator.

THE COURT: All rightee.

MR. BUESGENS: I still haven't gotten the answer to my original issue I came in here for, the name and address of the limited partner for Falcon Ridge, the general partner and also the surnames and true names of the individuals that own this outfit.

THE COURT: The owner is this Falcon Apartments of Austin, Ltd. That is the owner. They've gone on record as an officer of the court saying that is the owner. And there is no basis now to have any other information. One, it's not properly before me because there is no discovery request for that. Two, if you made such a discovery request, based on what you've told

me so far, I would not order them to produce that information, because there is no basis for you to know who owns Falcon Apartments of Austin, Ltd., based on what you've told me so far.

They own the apartments. They have a contract with this management entity. You feel like you've been discriminated against by the manager and/or the owner. That's it. And so that's all I can tell you about that. But I don't believe that's properly before me today. And I'm not going to order them to produce that information today. If the case changes and there's a different basis and there's a different motion before me, that'll be a different matter. The answer to that today is, no, this is not the proper time. And indeed, I don't even see when the proper time would be to get that information.

Now, I'm going to go back and call Mr. Collins. I believe I've disposed of each request that each one of you made, and I need that order, Mr. Brown. I'll be surprised if I get him, but I'll do my best.

(Recess taken.)

THE COURT: Mr. Buesgens and Mr. Brown, we just had a discussion off the record, and you both agreed that -- I was not able to get ahold of

Mr. Collins, although I left a message, but you both agreed, just to short circuit this, that you are both willing for me to simply order that Tom Collins be your mediator. Obviously, if you come up with an alternative mediator, you may do that. But this order will reflect that Tom Collins is appointed as mediator in absence of some agreement to the contrary. The order also reflects that his fee will be paid by the defendants, but that that fee will be a taxable court cost, so that at the end of the case, the loser of the case -- you know, taxable court costs are one of the obligations the loser has at the end of the case.

I think the order otherwise that was tendered by Mr. Brown is just fine. I'm going to go back and get that telephone number for Mr. Collins and then fill that in. And then, we both agree -- we all three agree that Mr. Brown would call Mr. Collins in your presence today, Mr. Buesgens -- I just got his voice mail, so I suspect you will, too -- and leave a message about this order. In fact, I'm going to go ahead and call him and leave a message about the order, too, and let him know that you're going to be following up to find a day between now and before March 2nd when he can mediate it.

If he can't do it between now and March

2nd, when is the next available date for you, Mr. Brown?

D-1-GN-06-000262 ✓

MR. BROWN: After the end of March, ✓ after about the 26th, or about the 27th ✓ or 28th. 2006

THE COURT: All right. I wrote down the 28th.

REMOVAL ON 3/29/06

1:06CV226LYRP

MR. BROWN: Well, the Monday is the 27th. I think I'll be available from then on.

THE COURT: So the 24th really, Friday, the 24th? You're available any time after Friday, the 24th?

MR. BROWN: Correct.

THE COURT: All right. So you're not available on March 2nd?

MR. BROWN: I'm not available on the 2nd.

THE COURT: And you're not available between March 2nd and March 24th?

MR. BROWN: Between the 2nd and the 24th, correct.

THE COURT: Unless something happens with that case that suddenly makes you available, in which case you will immediately convey that to Mr. Buesgens and Mr. Collins.

MR. BROWN: That's correct.

THE COURT: All right. Is there anything else you need on the record for me to complete this

order, either one of you?

MR. BUESGENS: No, I don't, Your Honor.

THE COURT: Okay. Thank you. Anything else?

MR. BROWN: No, sir.

THE COURT: I wish you both good luck. If you will work hard at trying to resolve your case and go into it, you know, with an open mind trying to resolve your case, I know no one will work harder to get your case resolved than Mr. Collins. And again, if you come up with another mediator, let me know about that. I'm willing to order you to anybody you come up with. I just picked this person in lieu of your ability to agree today, and I think you'll like him.

MR. BROWN: You're going to go call him now?

THE COURT: Will you let me know -- since this isn't my case, it's not assigned to me, will somebody let me know what happened with the mediation, please?

MR. BUESGENS: Yes.

THE COURT: All right. I always like to know. I'm going to call him now. I'm going to fill in his number. And I'm going to tell him that you are going to be calling him to schedule this mediation. I'm

going to tell him about your availability, Mr. Brown, and that it would be most helpful if he could manage to give us a day between now and the 2nd to mediate this case and that when you call him, that way he'll be ready. He will have already looked at his calendar. He'll be ready to tell you what that day is. And I know you both will make yourself available on that day.

All right. I wish you good luck.

MR. BROWN: Thank you.

(END OF PROCEEDINGS)

D-1-GN-06-000262
HEARING: 2/21/2006
REMOVED
ON
3/29/2006
MEDIATION
ON
3/27/2006
TOR COLLINS
AUSTIN, TEXAS

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS )
COUNTY OF TRAVIS )

I, Chavela V. Prince, Official Court Reporter in and for the 53rd District Court of Travis County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered in evidence by the respective parties.

WITNESS MY OFFICIAL HAND this the 24th day of August, 2006.

Chavela V. Prince
Chavela V. Prince
Texas CSR 3064, RMR, CRR
Expiration Date: 12/31/2007
Official Court Reporter
53rd District Court
Travis County, Texas
P.O. Box 1748
Austin, Texas 78767
(512) 854-9322



U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

JOHN NEAL
MAUREEN RAY
6/24/07
78752
COMPLAINT
AGAINST
BROWN

DELIVERY CONFIRMATION NUMBER: 0306 1070 0000 0500 1153

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- [ ] Priority Mail™ Service
- [ ] First-Class Mail® parcel
- [ ] Package Services parcel

PS Form 152, May 2002 (See Reverse)

U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

KIM KENDRICK
MINIMO COLPEPPER
BOSTON
02222
6/24/07

DELIVERY CONFIRMATION NUMBER: 0306 1070 0000 0500 1160

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries.
Access internet web site at
www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- [ ] Priority Mail™ Service
- [ ] First-Class Mail® parcel
- [ ] Package Services parcel

PS Form 152, May 2002 (See Reverse)

U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DAVID ARMBRUST
78701
6/24/07

DELIVERY CONFIRMATION NUMBER: 0306 1070 0000 0500 1122

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries.
Access internet web site at
www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- [ ] Priority Mail™ Service
- [ ] First-Class Mail® parcel

WELCOME TO
CENTRAL PARK STATION
3507 N LAMAR BLVD
AUSTIN, TX 78705-1117
06/24/07 12:30PM

Transaction Number 9
USPS® # 480408-9563

KENDRICK-COLPEPPER

1. Priority Mail® FR Env 5.25
Destination: 02222-1092
Weight: 1 lb. 7.60 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65

NEAL-TEA

2. Priority Mail® FR Env 5.25
Destination: 78752
Weight: 1 lb. 9.50 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65

3. Priority Mail® FR Env 5.25
Destination: 78701
Weight: 2 lb. 12.70 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65

Subtotal 15.75
Total Charged 15.75

MasterCard 15.75

<23-902480391-99>
MasterCard

| ACCT. NUMBER | TRANS # | AUTH |
|---|---|---|
| XXXX XXXX XXXX 2891 | 251 | 037428 |

To check on the delivery status of your Delivery Confirmation™ article, visit our Track & Confirm website at www.usps.com, use this Automated Postal Center® (or any Automated Postal Center® at other Postal locations) or call 1-800-222-1811.

Please retain all receipts from affixed forms. For inquiries, both the sales receipt and the customer copy from the affixed form shall be required.

Thanks.
It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

Your opinion matters to us.
Please visit
http://gx.gallup.com/apc

U.S. Postal Service™ Delivery Confirmation™ Receipt

DELIVERY CONFIRMATION NUMBER: 0306 3030 0000 3906 4441

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

U.S.D.C. KANSAS 66101
2:07CV02116
6/2 /07

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- [ ] Priority Mail™ Service
- [ ] First-Class Mail® parcel
- [ ] Package Services parcel

PS Form 152, May 2002 (See Reverse)

U.S. Postal Service™ Delivery Confirmation™ Receipt

DELIVERY CONFIRMATION NUMBER: 0306 1070 0000 0500 1137

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

BARRY ROBINSON
78701
6/24/07

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- [ ] Priority Mail™ Service
- [ ] First-Class Mail® parcel
- [ ] Package Services parcel

PS Form 152, May 2002 (See Reverse)

U.S. Postal Service™ Delivery Confirmation™ Receipt

DELIVERY CONFIRMATION NUMBER: 0306 3030 0000 3906 4465

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DONHAM JEWETT
77019
6/24/07

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- [ ] Priority Mail™ Service
- [ ] First-Class Mail® parcel
- [ ] Package Services parcel

PS Form 152, May 2002 (See Reverse)

***** WELCOME TO *****
CENTRAL PARK STATION
3507 N LAMAR BLVD
AUSTIN, TX 78705-1117
06/24/07 12:21PM

Transaction Number 6
USPS® # 480406-9583

R. BARRY ROBINSON

1. Priority Mail® FR Env 5.25
Destination: 66101 78701
Weight: 0 lb. 15.60 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65
07CV02116

2. Priority Mail® FR Env 5.25
Destination: 66101
Weight: 0 lb. 15.60 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65
KEMSKUST

3. Priority Mail® FR Env 5.25
Destination: 78701
Weight: 1 lb. 4.40 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65
2:07CV2116

Subtotal 15.75
Total Charged 15.75

MasterCard 15.75

<23-902480391-99>
MasterCard
ACCT. NUMBER XXXX XXXX XXXX 2891 TRANS # 249 AUTH 066810

To check on the delivery status of your Delivery Confirmation™ article, visit our Track & Confirm website at www.usps.com, use this Automated Postal Center® (or any Automated Postal Center® at other Postal locations) or call 1-800-222-1811.

Please retain all receipts from affixed forms. For inquiries, both the sales receipt and the customer copy from the affixed form shall be required.

Thanks.
It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

Your opinion matters to us.
Please visit
http://gx.gallup.com/apc

U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

JOAN NEAL
MAUREEN RAY
6/24/07
78752
COMPLAINT
AGAINST
BROWN

DELIVERY CONFIRMATION NUMBER:
0306 1070 0000 0500 1153

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- Priority Mail™ Service
- First-Class Mail® parcel
- Package Services parcel

PS Form 152, May 2002 (See Reverse)

U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

KIM KENDRICK
MINDIMA CULPEPPER
BOSTON
02222
6/24/07

Postmark Here

DELIVERY CONFIRMATION NUMBER:
0306 1070 0000 0500 1160

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- Priority Mail™ Service
- First-Class Mail® parcel
- Package Services parcel

PS Form 152, May 2002 (See Reverse)

U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

DAVID ARMBRUST
78701
6/24/07

Postmark Here

DELIVERY CONFIRMATION NUMBER:
0306 1070 0000 0500 1122

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
- Priority Mail™ Service
- First-Class Mail® parcel

***** WELCOME TO *****
CENTRAL PARK STATION
3507 N LAMAR BLVD
AUSTIN, TX 78705-1117
06/24/07 12:30PM

Transaction Number
USPS® # 480408-9562

KENDRICK-CULPEPPER

1. Priority Mail® FR Env 5.25
Destination: 02222-1092
Weight: 1 lb. 7.60 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65

NEAL-TEA

2. Priority Mail® FR Env 5.25
Destination: 78752
Weight: 1 lb. 9.50 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65

3. Priority Mail® FR Env 5.25
Destination: 78701
Weight: 2 lb. 12.70 oz.
Total Cost: 5.25
Base Rate: 4.60
SERVICES
Delivery Confirmation™ .65

Subtotal 15.75
Total Charged 15.75

MasterCard 15.75

<23-902480391-99>

MasterCard
ACCT. NUMBER XXXX XXXX XXXX 2891 TRANS # 251 AUTH 037428

To check on the delivery status of your Delivery Confirmation™ article, visit our Track & Confirm website at www.usps.com, use this Automated Postal Center® (or any Automated Postal Center® at other Postal locations) or call 1-800-222-1811.

Please retain all receipts from affixed forms. For inquiries, both the sales receipt and the customer copy from the affixed form shall be required.

Thanks.
It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

Your opinion matters to us.
Please visit
http://gx.gallup.com/apc