

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, D C 20001

MICHAEL L. BUESGENS
    PLAINTIFF

V:

1  RUSSELL BOKELMAN
2  DENNIS SCHNEIDER
3  BARBARA A. ATKIN

4  NATIONAL TREASURY EMPLOYEES
   UNION -NTEU -LEGAL
   COUNSEL

5  R. BARRY ROBINSON, AUSA
6  MICHAEL LYND SALMOS
   IRS, GENERAL LEGAL SERVICES
   EEOC NO. 360-2003-8286X,
              ET. AL.
        DEFENDANTS

CIVIL NO.
1:06 CV
01964
RBW

RECEIVED
JUL 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF MICHAEL L BUESGENS
MOTION FOR REISSUANCE OF SUMMONS

AND

PRO SE RESPONSE TO MOTION TO DISMISS BY NATIONAL TREASURY EMPLOYEES UNION - NTEU LEGAL COUNSEL

1. RUSSELL BO KELMAN
2. DENNIS SCHNEIDER
3. BARBARA A. ATKIN

I.    BACKGROUND

1.    RUSSELL BO KELMAN - NTEU CHIEF STEWARD CHIEF STEWARD REPRESENTED MICHAEL L BUESGENS AT EEOC HEARING ON 12/16/2003

A. EEOC NO. 360-2003-8286 X
          BECAME
B. CIVIL NO. 1:05CV00243SS
C. JUDGE SAM SPARKS PRESIDING AUSTIN, TEXAS
                    2

2. ATTORNEYS
A. R. BARRY ROBINSON — AUSA
B. JENNIFER RANDALL — EEOC
C. 1:05CV002435S
D. CLOSED: 12/6/2006

3. NTEU NEVER MADE AN APPEARANCE
AT 1:05CV002435S AND
BREACHED A DUTY OWED THAT IS
DIRECTLY RELATED TO THEIR
FAILURES IN EEOC NO.
A. 360-2003-8286Y
AND RELATED
B: EEOC NO. 360-2006-00307.
BUESGENS DENIED OFFICIAL TIME
FOR EEO COMPLAINTS - CONTINUING VIOLATIONS

4. THE EEOC HEARING ON DECEMBER
16 2003 WAS DONE BY TELEPHONE
A. FROM EEOC OFFICE - SAN ANTONIO,
TEXAS TO AUSTIN, TEXAS
EEOC
B. JUDGE ROBERT LYNN POWELL, PRESIDING

3

5. **MICHAEL LYNN SALYARDS**
IRS - GENERAL LEGAL SERVICES
REPRESENTING THE FOLLOWING:

6. **DONALD RAY TAWNEY**, JR
   A. I.R.S. SUPERVISOR
   B. VOLUNTARY CHAPTER 7
   C. BANKRUPTCY CASE NO.   06-11164

7. RELATED CASES
   A. 1:07CV00 859 RBW
   B. ADVERSARY NO.   07-10008

8. MICHAEL LYNN SALYARDS ✓ - IRS-GLS
   ATTORNEY - DALLAS, TEXAS REPRESENTING

9. MARTHA SCHMHALS - IRS MANAGER
10. ANNA S. MEDLOCK - IRS MANAGER
11. NANCY A SPOTSER SESSION - IRS MANAGER
12. CHARLES WASHINGTON JR - DIRECTOR
13. RICHARD R. HUBY - FIELD DIRECTOR

14. **THOMAS I. THEIS** ✓ - IRS - HUMAN
    RELATIONS - NO SHOW AT HEARING

15.  A
    **CENTRAL FIGURE** IN THIS LITIGATION

4

16. **MARGARET F. WAITES - IRS -**
   A. **IN HOUSE EEO** - REASSIGNMENT COORDINATOR
   B. **NO SHOW** FOR HEARING 12/16/03

17. FEDERAL OCCUPATIONAL HEALTH - **FOH** DOCTORS:

18. NEAL LEE **PRESANT**, M.D. - BETHESDA, MD
19. MARK NORMAN **FLORIK**, M.D. - DENVER, CO
20. JAMES WILLIAM **ALLEO**, M.D. - WILMINGTON, DE

21. LILLIAN KOENIG - DIRECTOR **FOH**

22. DENNIS COLLINS - **TIGTA** AGENT
23. DAVIEF PARFITT - **TIGTA** AGENT
24. ROBERT F LEEKE - **TIGTA** AGENT

25. MELINDA LUNA ESTRADA - **IRS** "IN HOUSE" **EEO** TERRITORY MANAGER

26. ANGELIA GOODEN-DOYLE - IRS "IN HOUSE" **EEO** COUNSELOR

5

# II FEDERAL RULES OF CIVIL PROCEDURE — RULE 4 — SUMMONS

1. NATIONAL TREASURY EMPLOYEES UNION **AND** **UTEU** OFFICIALS

A. RUSSELL BUKELMAN
B. DENNIS SCHNEIDER
C. BARBARA A. ATKIN

2. RULE 4 (L) PROOF OF SERVICE — **UTEU**
SEE RELATED — ASSOCIATED ACTIONS
1:05 CV 02334 RCL
1:06 CV 01558 RCL
1:06 CV 00967 LY-RP
FEDERAL CIRCUIT NO. 2007-3115
M.S.P.B. NO. DA1221060171W1
F.L.R.A. NO. DA-CO-05-0505
O.S.C. NO. MA-05-2468  ET.AL.

3. **ALL** THE **AND** DOCUMENTS — COURT FILINGS AND LETTERS THAT BUESGENS SENT TO THE FOREGOING IN 2005 — 2006 — 2007.

6

4. FRCP 5 (C) — SAME NUMEROUS DEFENDANTS

5. THE COURT MAY ON ITS OWN MOTION ORDER THAT SERVICE OF PLEADINGS NOT BE MADE.

6. PLAINTIFF BUESGENS **REQUESTS** **THAT NTEU** OFFICIALS

A. RUSSELL BO KELMAN
B. DENNIS SCHNEIDER
C. BARBARA A. ATKIN
D. COLLEEN M. KELLEY
E. GREGORY O'DUDEN
F. JULIE M. WILSON

7. **TELL** THE COURT ABOUT (DESCRIBE) ALL THE DOCUMENTS AND COURT FILINGS AND REQUESTS FOR LEGAL REPRESENTATION THAT BUESGENS SENT THEM IN

A.
B.
C.

2005
2006
2007

7

8. TELL THE COURT WHAT YOU DID WITH ALL THE DOCUMENTS AND REQUESTS.

9. TELL THE COURT WHAT DOCUMENTARY EVIDENCE OF WRONGDOING DID
A. RUSSELL BOKELMAN
B. SUBMIT TO JUDGE ROBERT LYNN POWELL FOR EEOC HEARING — 12/16/2003

10. TELL THE COURT WHAT DISCOVERY AND DISCLOSURE WAS DONE AT EEOC NO. 360-2003-8286 ✗

11. TELL THE COURT WHY YOU NEVER MENTION RUSSELL BOKELMANS ✓ NAME.

12. TELL THE COURT WHY RUSSELL BOKELMAN NEVER APPEARED IN ANY OF THE CIVIL ACTIONS

13. FOR EXAMPLE:
A. NO AFFIDAVIT
B. NO STATEMENT
C. NOTHING

8

# III    ARGUMENT

1. RUSSELL BOKELMAN - LEGAL COUNSEL - NTEU CHIEF STEWARD CHAPTER 247    AUSTIN, TEXAS

2. DENNIS SCHNEIDER - NTEU ATTORNEY AUSTIN, TEXAS

3. BARBARA A. ATKIN - NTEU GENERAL COUNSEL

4. HAVE BEEN SERVED NOTICE OF LAWSUIT AND COMPLAINT, MANY TIMES. BEGINNING IN 2005 AND CONTINUING INTO 2007

5. THERE IS A DISPUTE ON SERVICE OF SUMMONS AND COMPLAINT

6. IN OCTOBER, 2006 THE FOREGOING SENT BACK TO BUESGENS ALL THE DOCUMENTS - EVIDENCE. THAT HE HAD PREVIOUSLY SUBMITTED TO THEM.

9

7.    EEOC NO. 360-2003-8286 ✗
  A.   1:05 CV 00243 SS
  B.   JUDGE SAM SPARKS
  C.   U.S. DISTRICT COURT, AUSTIN, TEXAS
8.    CASE CLOSED : 12/06/2003

9.    WHERE WAS NTEU ?

10.   BUESGENS FILED HIS COMPLAINT
      AGAINST THE FOREGOING IN 2005—
      CONTINUOUS

11.   CIVIL NO. 1:06CV01964 RBW
      IS THE RESULT OF NTEU
      OFFILINGS.
  A.   CONCEALING ✓ EVIDENCE OF WRONGDOING
               AND
  B.   MISCONDUCT—MIS REPRESENTATIONS ✓
      TO THE COURT IN CIVIL NOS.

12.   1:05 CV 02334 RCL
13.   1:06 CV 01558 RCL — FTCA-TORT
      CLAIM THAT BECAME CIVIL NO.
14.   1:06 CV 00967 LT-RP

10

15. CIVIL NO. 1:06CV00967LY-RP
A. CLOSED:
B. FEDERAL TORT CLAIMS ACT-FTCA
16. THAT SUPPORTS BUESGENS
A. PROOF OF CLAIM
B. AND ADVERSARY COMPLAINT
17. IN 07-10008
18. APPEAL NO. 1:07CV00859RBW

19. BUESGENS
V.
A. MARK EVERSON-COMMISSIONER
INTERNAL REVENUE SERVICE
B. HENEY PAULSON, SECRETARY
C. JOHN W. SNOW, SECRETARY
DEPARTMENT OF THE TREASURY

D. DONALD RAY TAWNEY, JR
I.R.S. SUPERVISOR
EEOC NO. 360-2003-8286X
EEOC NO. 360-2006-00307
VOLUNTARY CHAPTER 7
BANKRUPTCY CASE NO. 06-11164

11

20. THE FOREGOING **NTEU** OFFICIALS HAVE **CONTINUALLY REFUSED TO** PRODUCE THEIR RECORDS **FOR**

A. EEOC NO. 360-2003-8286X

**AND**

B. EEOC NO. 360-2006-00307 **OFFICIAL TIME DENIAL** COMPLAINT BY MICHAEL L BUESGENS

21. EEOC NO. 360-2003-8286X

**IS**

A. THE **DENIAL** OF REASSIGNMENT REQUEST THAT **BEGAN IN 2002**

AND

B. THE RETALIATION THAT HAS BEEN ONGOING INTO **2007**

22 WRONGFUL TERMINATION
23 INVOLUNTARY DISABILITY RETIREMENT ON MARCH 7, 2005 **AT**
24. **IRS'**
AUSTIN COMPLIANCE CENTER
CUSTOMER SERVICE BUILDING
1821 DIRECTORS BLVD
AUSTIN TEXAS 78744
25. **RUSSELL BOIKELMAN - NTEU**

12

26. MICHAEL L BUESGENS IS A NTEU MEMBER.

27. NTEU IS THE EXCLUSIVE REPRESENTITIVE FOR IRS. EMPLOYEES

28. BUESGENS AND IS DENIED REPRESENTATION
SEE: BARBARA A. ATKIN, NTEU
A. GENERAL COUNSEL REFUSING TO REPRESENT IN- M.S.P.B. NO. QA-
B. FEDERAL CIRCUIT NO. 2007-3115

29. SEE AND NTEU FAILURES FOR EEOC NO. 360-2003-8286Y

30. NOW AND NTEU REFUSES TO PRODUCE COPIES OF THE DOCUMENTS THAT WERE PRESENTED OR WERE NOT PRESENTED

31. TO EEOC JUDGE ROBERT LYNN POWELL SAN ANTONIO TEXAS
A. 360-2003-8286Y.
B. 12/16/2003               13

32.    1:06 CV 01964 RBW
   A:  MICHAEL L BUESGENS
            V.
   B:  RUSSELL BOKELMAN
   C:  DENNIS SCHNEIDER
   D:  BARBARA A. ATKIN
   NATIONAL TREASURY EMPLOYEES
   UNION — NTEU

33.            IS

   DIRECTLY RELATED TO
   THE FOLLOWING :

   A:  1:05 CV 243 SS — CLOSED
   B:  1:06 CV 01558 RCL — TRANSFERRED
                    TO
   C:  1:06 CV 00967 LY-RP — CLOSED
34.  FEDERAL TORT CLAIMS ACT — FTCA
   A:  PERSONAL INJURY
                    AND
   B:  ADVERSARY NO. 07-10008
   C:  APPEAL NO.    1:07 CV 00859 RBW
                    AND
35.  RUSSELL BOKELMAN — NTEU — CHAPTER 247

                    14

# IV  CONCLUSION

1. NTEU HAS BEEN SERVED SUMMONS AND COMPLAINT OVER AND OVER AGAIN.

2. PLAINTIFF BUESGENS HAS SPENT A LARGE-HUGE AMOUNT OF MONEY CONTACTING **NTEU** SINCE **2005**

3. PROVIDING
   A. DOCUMENTS
   B. COURT FILINGS    (PENDING)
   **AND**

4. RUSSELL BOKELMAN
5. DENNIS SCHNEIDER
6. BARBARA A. ATKIN
   A. OMIT
   B. DELETE
   C. REFUSE
   D. **TO** RESPOND
   **AND**

7. TO DATE **NO** DISCOVERY HAS **EVER** BEEN PROVIDED BY **NTEU**

15

8. BY REFERENCE PLAINTIFF BUESGENS **REQUESTS THAT THIS COURT TAKE** JUDICIAL NOTICE OF THE COURT FILINGS AT U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

9. CIVIL NO. 1:05CV02334RLL
   A: NEVER TRANSFERRED
   B. NTEU PREMATURELY DISMISSED

10. SAME THING IN CIVIL NO.
   A. 1:06CV01558RLL — TRANSFERRED
   B. FEDERAL TORT CLAIMS ACT
   C. **NTEU** DISMISSED

11. **WHERE IS** RUSSELL BOKEUMAN ✔
   NTEU CHIEF STEWARD — CHAPTER 247
   A. BUESGENS LEGAL COUNSEL ✔
   B. EEOC # ~~FOR~~ 360-2003-8286X ?

16

12.   CIVIL NO.   1:05CV2435S
      AUSTIN, TEXAS
      FILED:   4/29/2005 ✓
      CLOSED:  12/06/2006    EEOC

13.   CIVIL NO.   1:05CV02334RCL
      WASHINGTON, DC.
      FILED:   12/05/2005 ✓
      CLOSED:  5/9/2006
      NEVER TRANSFERRED

14.   CIVIL NO.   1:05CV01558RCL
      WASHINGTON, D.C.
      FILED:   9/01/2006 ✓
      CLOSED:  11/13/2006
      TRANSFERRED:  12/05/06 AND 12/28/06

15.   CIVIL NO.   1:06CV01964RBW
      WASHINGTON, DC.
      FILED:   11/15/2006 ✓

16.   CIVIL NO.   1:07CV00859RBW
      FILED:   5/17/2007 ✓

                    17

1:06CV01964 RBW

RESPECTFULLY SUBMITTED

*Michael L Buesgens*

MICHAEL L BUESGENS

JULY 15, 2007

# V.  CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY
OF THIS MOTION FOR REISSUANCE
OF SUMMONS AND RESPONSE
TO RUSSELL BO KELMAN - NTEU
MOTION TO DISMISS WAS SERVED
BY FIRST CLASS MAIL ON THIS
15 TH DAY OF JULY, 2007

ADDRESSED TO:

1. RUSSELL BO KELMAN - NTEU

2. DENNIS SCHNEIDER - NTEU

18

3/
4

**BARBARA A. ATKIN** – GENERAL COUNSEL
NATIONAL TREASURY EMPLOYEES UNION
**NTEU**
1750 H STREET, NW
WASHINGTON, D.C. 20006

5/
6/
8

**R BARRY ROBINSON** – AUSA
CHARLES R. NETTLES – BANKRUPTCY
KAREN MEWIK – **AUSA**
PAT S. GENIS – **AUSA**
816 CONGRESS AVENUE, #1000
AUSTIN, TEXAS 78701

9
A.
B.
C.

**CHARLES ENOS BROWN,** ATTORNEY
**HUD–IRS–EEO**
**IRS** EMPLOYEES
LIVING AT FALCON RIDGE APARTMENTS
POLLUTING THE WELL
**AND**

10.
11.

**NO** DISCOVERY ALLOWED
**HUD #** 06-06-293-8
3624 NORTH HILLS DRIVE
B-100
AUSTIN, TEXAS 78731
PHONE: 512-346-6000
FAX: 512-346-6005
19

Michael Buesgens

MICHAEL L BUESGENS

EXTENDED STAY AMERICA

MAILING ADDRESS

3112 WINDSOR RD #A-322

AUSTIN, TEXAS 78703

512-339-6005 X 7958

MIKEBUESGENS@HOTMAIL.COM

JULY 15, 2007

1:06CV01964 RBW

RELATED

1:07CV00859 RBW

20

# VI.          EXHIBITS

1.          1:06 CV 01964 RBW

2.      NATIONAL AND TREASURY EMPLOYEES
        UNION — NTEU

3.      WHAT DID THEY SAY ?
  A.          RUSSELL BOKELMAN

  B.          BARBARA A. ATKIN

  C.          DENNIS SCHNEIDER

4.
  A.      BEEN HAVE SERVED SUMMONS

  B.      NOTICE AND OF COMPLAINT
  C.              TO
              MANY TIMES

5.      SEE CIVIL NO. 1:05CV0233 RCL
        COURT FILINGS

6.      CIVIL NO. AND 1:06CV01558 RCL
        FEDERAL TORT CLAIMS ACT — FTCA

                    21

7. BY REFERENCE

8. SEE PARTIES OF INTEREST ON PACER

9. CIVIL NO. 1:05 CV 243 SS
U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN, TEXAS
AND

A. EEOC

B. JENNIFER RANDICE — EEOC ATTORNEY

C. ROBERT LYNN POWELL — EEOC
ADMINISTRATIVE JUDGE

10. EEOC # 360-2003-8286Y

22

NTEU Chapter 247 | Welcome

http://www.nteu247.org/index.php



**Sunday, July 15, 2007**

BREAKING NEWS | STAFF | HIGHLIGHTS | YOUR STEWARD | BENEFITS | LOCAL ACTION | CONTACT | LINKS | HOME

**National Treasury Employees Union Chapter 247, Austin, Texas, USA.**

RUSSELL BOKELMAN
NTEU
PHONE:
512-460-0063
AUSTIN, TEXAS

DENNIS SCHNEIDER
NTEU-ATTORNEY
512-912-7622

**WORKING FOR YOU 24/7!**

Chapter 247 is a patriotic, determined, and fun-loving union chapter representing IRS employees in Austin, Texas. 247's energetic staff reaches out to identify the concerns of NTEU members and pushes tirelessly for solutions to issues in the workplace. 70% of the chapter's employees are dues-paying members; as a result, Chapter 247's influence has grown, and will continue to grow.

NTEU Chapter 247 will never rest in its efforts to improve the workplace and protect the rights of its employees. 247 is working for you...24/7!



The National Treasury Employees Union (NTEU) represents 150,000 government employees who work in cities and towns across the United States in 30 agencies and departments. For more than 65 years, NTEU has been a leading voice on behalf of federal workers who, each and every day, enforce our nation's laws, protect our borders, keep our food and water safe, and provide assistance to millions of Americans.

**ON THE RADAR:**

NTEU Chapter 247 has serious issues... employee issues. See where we stand.

BREAKING NEWS | STAFF | HIGHLIGHTS | YOUR STEWARD | BENEFITS | LOCAL ACTION | CONTACT | LINKS | HOME

**NTEU Chapter 247**
PO Box 19495
Austin, TX 78760-9495
tel: (512) 460-0964
email: action@nteu247.org

© 2007 All Rights Reserved.
Site Design by **M Media**

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

PLAINTIFF

*MICHAEL L BUESGENS*

V. DEFENDANT AND THIRD PARTY PLAINTIFF

*BARBARA A. ATKIN*
*NTEU GENERAL COUNSEL*
*ET. AL.*

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

Case Number: *1:06CV01964 RBW*

V. THIRD PARTY DEFENDANT

*RUSSELL BOKELMAN*
*NTEU CHIEF STEWARD*

To: Name and address of Third Party Defendant

*INTERNAL REVENUE SERVICE*
*AUSTIN COMPLIANCE CENTER*
*1821 DIRECTORS BLVD AUSTIN, TX 78744*

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

*PRO SE*
*MICHAEL L BUESGENS*
*3112 WINDSOR RD A322*
*AUSTIN, TX 78703*

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

*GREGORY O'DUDEN*
*NTEU*
*1750 H STREET, NW*
*WASHINGTON, DC 20006*

an answer to the third-party complaint which is served on you with this summons, within _____**20**_____ days after
the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken
against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the
complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case
within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor
of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you
are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer
that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after
service.

CLERK

DATE

(By) DEPUTY CLERK

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the third-party defendant.  Place where served: _____

_____

G  Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

_____

G  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                    *Signature of Server*


_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MICHAEL L BUESGENS

V.

**SUMMONS IN A CIVIL CASE**

DENNIS SCHNEIDER
NTEU - ATTORNEY
ET. AL.

CASE NUMBER: 1:06CV01964 RBW

TO: (Name and address of Defendant)

DENNIS SCHNEIDER
NTEU ATTORNEY
3755 SOUTH CAPITAL OF TEXAS HWY
AUSTIN, TEXAS 78704

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

PRO SE
MICHAEL L BUESGENS
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev. 8/01)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G    Served personally upon the defendant.  Place where served: _____

G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left: _____

G    Returned unexecuted: _____

G    Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
             Date            *Signature of Server*

            _____
            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MICHAEL L. BUESGENS

        V.

BARBARA A. ATKIN
NTEU-GENERAL COUNSEL
ET.AL.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1:06CV01964CBW

TO: (Name and address of Defendant)

BARBARA A. ATKIN
NTEU-GENERAL COUNSEL
1750 H STREET, NW
WASHINGTON, DC 20006

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

PRO. SE
MICHAEL L BUESGENS
3112 WIN OSCR RD #A 322
AUSTIN, TEXAS 78703

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

_____    _____
CLERK                                      DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

G    Served personally upon the defendant. Place where served: _____

_____

G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left: _____

G    Returned unexecuted: _____

_____

_____

G    Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date                          *Signature of Server*

                                 _____
                                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**1:05-cv-02334-RCL** BUESGENS v. COATES et al
Royce C. Lamberth, presiding
**Date filed:** 12/05/2005
**Date terminated:** 05/09/2006 **Date of last filing:** 07/06/2007

# Attorneys

**Karen L. Melnik**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room E4112
Washington, DC 20530
(202) 307-0338
karen.melnik@usdoj.gov
 *Assigned: 02/27/2006*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing    **CARI M. DOMINGUEZ**
*(Defendant)*

*1:05CV02334RcL*

**J. RUSSELL GEORGE**
*(Defendant)*

**JOHN W. SNOW**
*(Defendant)*

**KAY COLES JAMES**
*(Defendant)*

**MARCIA H. COATES**
*(Defendant)*

**COLLEEN M. KELLEY**
*TERMINATED: 05/09/2006*
*(Defendant)*

**Gregory O'Duden**    *RUSSELL BOKELMAN - NTEU*
NATIONAL TREASURY EMPLOYEES
UNION    *BARBARA A. ATKIN*
1750 H Street, NW                    **COLLEEN M. KELLEY** ✓
Washington, DC 20006-4600        representing    *TERMINATED: 05/09/2006*
(202) 572-5500    *DENNIS SCHNEIDER*    *(Defendant)*
(202) 572-5645 (fax)
greg.oduden@nteu.org

District of Columbia live database - Docket Report          https://ecf.dcd.uscourts.gov/cgi-bin/DktRpt.pl?791425399022855-L...

*1:05CV0233 4RcL - DOCKET*

| 01/20/2006 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to MARCIA H. COATES served on 12/20/2005, answer due 2/21/2006. (tg, ) (Entered: 01/24/2006) | |
|---|---|---|---|
| 01/20/2006 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to COLLEEN M. KELLEY served on 12/19/2005, answer due 2/17/2006. (See Docket Number 13 for scanned document) (tg, ) (Entered: 01/24/2006) | *NTEU* |
| 01/20/2006 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to CARI M. DOMINGUEZ served on 12/16/2005, answer due 2/14/2006. (See docket number 13 for scanned document) (tg, ) (Entered: 01/24/2006) | *EEOC* |
| 01/20/2006 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to KAY COLES JAMES served on 12/19/2005, answer due 2/17/2006. (See docket number 13 for scanned document). (tg, ) (Entered: 01/24/2006) | *OPM* |
| 01/20/2006 | 17 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to JOHN W. SNOW served on 12/20/2005, answer due 2/21/2006. (See docket number 13 for scanned document) (tg, ) (Entered: 01/24/2006) | |
| 01/20/2006 | 18 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to J. RUSSELL GEORGE served on 12/19/2005, answer due 2/17/2006. (See docket number 13 for scanned document) (tg, ) (Entered: 01/24/2006) | *TIGTA* |
| 01/20/2006 | 19 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. Served on 12/27/2005, answer due 2/27/2006. (See docket number 13 for scanned document) (tg, ) (Entered: 01/24/2006) | |
| 01/20/2006 | 20 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General (return receipt is not signed by the recipient and does not list a date of receipt). Date of mailing: 12/12/05. (See docket number 13 for scanned document). (tg, ) (Entered: 01/24/2006) | |
| 01/20/2006 | 21 | SUPPLEMENT TO THE RECORD and Notice in Anticipation of Litigation In a Separate Civil Action Against The Department of Treasury. (tg, ) (Entered: 01/25/2006) | |

*KAREN MELNIK, AUSA*

*R. BARRY ROBINSON, AUSA*

*PAT S. GENIS, AUSA*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS ✓          )
500 E. Stassney                )
Apt. 1023                      )
Austin, Texas 78745            )
                               )
            Plaintiff,         )
                               )
      v.                       )       Case No. 1:05CV02334 ✓
                               )       Judge: Royce C. Lamberth
MARCIA H. COATES, et al.       )
DIRECTOR,                      )       DOCUMENT 6
OFFICE OF EQUAL OPPORTUNITY PROGRAM)   FILED: 12/28/2005
U.S. DEPT. OF TREASURY         )
Treasury Annex Building        )
1500 Pennsylvania Avenue, NW   )
Room 5110                      )
Washington, DC 20220           )
                               )
            and                )
                               )
COLLEEN M. KELLEY, ✓ NTEU      )       RUSSELL BO KELMAN
NATIONAL PRESIDENT,            )       NTEU - CHIEF STEWARD
NATIONAL TREASURY EMPLOYEES UNION )    CHAPTER 247
1750 H Street, NW              )       AUSTIN, TEXAS
Washington, DC 20006           )
                               )
            Defendants.        )
                               )

**DEFENDANT KELLEY'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER PLAINTIFF'S COMPLAINT**

Defendant Colleen M. Kelley, National President of the National Treasury Employees Union (Kelley), by her undersigned counsel, respectfully moves this Court for an extension of time until February 27, 2006, in which to file her answer or other response to plaintiff's complaint. In support of this motion,

8-PAGES

defendant Kelley states as follows:

1.  Plaintiff's Return of Service (attached to summons)
    states that he served his complaint by certified mail
    on December 12, 2005.  Kelley received a copy of
    plaintiff's complaint on December 20, eight days after
    it was mailed.

2.  Pursuant to Rule 4 of the Federal Rules of Civil
    Procedure, unless a waiver of service has been
    requested, the plaintiff is responsible for personally
    serving defendant Kelley.  Certified mail is
    insufficient to effectuate personal service.  See Fed.
    R. Civ. P. 4(e).  To date, Kelly has neither waived
    service nor been personally served by the plaintiff.

3.  Nevertheless, as of the date of this motion, defendant
    Kelley is willing to waive judicial service of the
    complaint and summons.  Where service has been timely
    waived, a defendant has 60 days to answer or respond
    to a complaint.  See Fed. R. Civ. P. 12(a)(1)(B).
    Defendant Kelley's response, therefore, should be due
    on February 27, 2006.

4.  Kelley's counsel anticipates that it will take
    considerable time to respond to plaintiff's complaint. WHY?

2

Among other things, counsel will have to obtain information from the Equal Employment Office and from its field office relating to the allegations in the complaint. In addition, given the unnumbered format of the complaint and the conclusory allegations against defendant, counsel will need substantial time to determine the factual underpinnings of the allegations against defendant Kelley.

5. The attorney with supervisory responsibility for this case is out of the office on prearranged leave and will be unavailable to work on this case until January 3, 2006. The defendant is also out of the office until early January 2006.

6. Despite several attempts, counsel has been unable to reach Mr. Buesgens to find out whether he would stipulate to an extension of time.

7. Granting defendant Kelley's request for an extension until February 27, 2006, will not delay the litigation of this case or otherwise prejudice the plaintiff because the answers of the agency defendants are not due until 60 days after service of the complaint on those parties. See Fed. R. Civ. P. 12(a)(3).

3

Wherefore for the foregoing reasons, counsel for defendant

Kelley respectfully requests an extension of time to and

including February 27, 2006, in which to file defendant Kelley's

answer or other response to plaintiff's complaint.

Respectfully submitted,

Gregory O'Duden
General Counsel
Bar No. 254862

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC  20006
(202) 572-5500

RUSSELL & KELMAN - NTEU
Counsel for defendant Kelley

4

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served Defendant

Kelley's Unopposed Motion for Extension of Time To Answer

Plaintiff's Complaint on the following person by first-class

mail on this **27** day of December, 2005:

Michael L. Buesgens
500 E. Strassney
Apt. 1023
Austin, Texas 78745

U.S. Attorney's Office
Department of Justice
Bicentennial Building
600 E Street, NW
Washington, DC 20530

*1:05CV02334RCL*

*Myra Bernard*
Myra Bernard
Legal Assistant

*RUSSELL BOKELMAN*
*NTEU*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS              )
500 E. Stassney                  )
Apt. 1023                        )
Austin, Texas 78745              )
                                 )
         Plaintiff,              )
                                 )
    v.                           )        Case No. 1:05CV02334
                                 )        Judge: Royce C. Lamberth
MARCIA H. COATES, <u>et al</u>.          )
DIRECTOR,                        )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY           )
Treasury Annex Building          )
1500 Pennsylvania Avenue, NW     )
Room 5110                        )
Washington, DC 20220             )
                                 )
    and                          )
                                 )
COLLEEN M. KELLEY,               )
NATIONAL PRESIDENT,              )
NATIONAL TREASURY EMPLOYEES UNION )
1750 H Street, NW                )
Washington, DC 20006             )
                                 )
         Defendants.             )
_____)

## ORDER

Upon consideration of the unopposed motion filed by

defendant Kelley requesting an extension of time to file an

answer or other response to plaintiff's complaint, it is hereby

ORDERED that the motion be granted and that the time for

defendant to file its response to plaintiff's complaint is

extended until February 27, 2006.

Date: _____        _____
                                   United States District Judge

Parties to be notified:

Julie M. Wilson
Assistant Counsel
National Treasury Employees Union
1750 H Street, NW
Washington, DC  20004

Michael L. Buesgeus
500 E. Stassney
Apt. 1023
Austin, Texas 78745

U.S. Attorney's Office
Department of Justice
Bicentennial Building
600 E Street, NW
Washington, DC  20530

1:05CV02334RCL
DOCUMENT 6
FILED : 12/28/2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
                        )          *23 -PAGES* (handwritten)
            Plaintiff, )
                        )
    v.                  )          Case No. 1:05CV02334
                        )          Judge: Royce C. Lamberth
MARCIA H. COATES, et al. )
DIRECTOR,               )          *DOCUMENT 10* (handwritten)
OFFICE OF EQUAL OPPORTUNITY PROGRAM) *FILED: 1/13/2006* (handwritten)
U.S. DEPT. OF TREASURY  )
                        )          *RUSSELL Bo KELMNN* (handwritten)
        and             )          *EEOC# 360-2003-82864* (handwritten)
                        )
COLLEEN M. KELLEY, *NTEU* (handwritten) )
NATIONAL PRESIDENT,     )
NATIONAL TREASURY EMPLOYEES UNION )
                        )
            Defendants. )
                        )
_____)

## DEFENDANT KELLEY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant Colleen Kelley (Kelley) hereby moves this Court to dismiss the claims filed against her in this civil action.

As shown in the accompanying memorandum, this Court lacks subject matter jurisdiction over the complaint allegations against Kelley because the allegations are nothing more than a charge that Kelley and NTEU breached a duty of fair representation; the Federal Labor Relations Authority has exclusive jurisdiction over such claims. *NOT IF IT INVOLVES DISCRIMINATION - NTEU-EEO* (handwritten)

The Court alternatively lacks subject matter jurisdiction over purported claims by Michael L. Buesgens (Buesgens) of discrimination against defendant Kelley because Kelley cannot be properly named as defendant under the Rehabilitation Act and because Buesgens has failed to exhaust the requisite administrative remedies for bringing a discrimination claim. Even if the Court had jurisdiction over Buesgens's purported Title VII retaliation claim, the complaint fails to allege the essential elements of such a claim.

*WHAT ADMIN REMEDY?*

Alternatively, pursuant to Rule 12(e), defendant Kelley moves this Court to require plaintiff Buesgens to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss all of Buesgens's claims against her.

Respectfully submitted,

*Gregory O'Duden*
GREGORY O'DUDEN
General Counsel    *by RMW*
Bar No. 254862

*RUSSELL BOKEUMN*

2

*L. Pat Wynns* by jmw
L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


*Julie M Wilson*
JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
            Plaintiff, )
)
    v. )
) Case No. 1:05CV02334
)  Judge: Royce C. Lamberth
MARCIA H. COATES, et al. )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY )
)
    and )
)
COLLEEN M. KELLEY, *NTEU* )
NATIONAL PRESIDENT, )     *EEOC # 360-2003-8286X*
NATIONAL TREASURY EMPLOYEES UNION )
)
        Defendants. )
_____ )

**MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT**

**Summary**

The Court lacks subject matter jurisdiction over claims by

Michael L. Buesgens (Buesgens) against defendant Colleen Kelley

(Kelley).  The allegations in Buesgens's complaint (Pl. Compl.)

are nothing more than a charge that Kelley, as National

President of the National Treasury Employees Union (NTEU),

breached a duty of fair representation.  Under the Civil Service

Reform Act and Supreme Court precedent squarely on point, the

Federal Labor Relations Authority has exclusive jurisdiction

over such a charge and, therefore, this Court is precluded from

exercising jurisdiction over Buesgens's claims.  *NOT IF IT*
*INVOLVES DISCRIMINATION — EEO*

Even if plaintiff's claims are not preempted by the Civil Service Reform Act, the purported discrimination claims against defendant Kelley must be dismissed for lack of subject matter jurisdiction. Kelley is not covered by the Rehabilitation Act and plaintiff Buesgens has failed to exhaust the requisite administrative remedies for a claim under Title VII of the Civil Rights Act of 1964 or any other potentially applicable discrimination statutes. Because Buesgens did not file his claims with the appropriate administrative body, this Court lacks subject matter jurisdiction to review his discrimination allegations. *SEE EEOC NO. 360-2006-00307*

Further, Buesgens has failed to state a Title VII retaliation claim upon which relief can be granted. His allegations of retaliation based on disability are not covered by Title VII. Buesgens's retaliation claims, accordingly, must be dismissed. *AOA*

Alternatively, even if the Court has jurisdiction over any of Buesgens's claims, the complaint fails to set forth a definite statement of all such claims.

## Background

Plaintiff Buesgens has alleged that he was employed by the Internal Revenue Service (IRS) from October 1990 to March 2005 as a Seasonal Customer Services Representative. Pl. Compl. 14. See also December 6, 2005 Dismissal of Buesgens's ULP Charge by

2

FLRA Regional Director James E. Petucci (attached hereto as Attachment 1).[1]  Buesgens has further alleged that on March 7, 2005, he retired from the IRS because of a medical disability. Id.  While employed at the agency, Buesgens was a member of NTEU.  Pl. Compl. 5. *EEO #05-2291 AND EEO #05-2291 S*

On January 5, 2005, Buesgens filed an Equal Employment Opportunity (EEO) complaint against the IRS, alleging that the agency had improperly dismissed his previous EEO complaints as untimely filed.  Pl. Compl. 15.  He filed an additional EEO complaint against the IRS in April 2005.  Pl. Compl. 18.

On December 5, 2005, Buesgens filed a complaint in this Court, alleging that defendant Kelley and NTEU "failed to represent [him] fairly under Title VII retaliation provisions." Pl. Compl. 36.  Buesgens then asserts that NTEU engaged in "discriminatory representation" by purportedly 1) negotiating collective bargaining agreements that have the effect of denying him equal opportunities for employment; 2) failing to act affirmatively to prevent IRS from discriminating against EEO complainants generally; 3) failing to process EEO grievances like other grievances; and 4) failing to effectively represent

---

[1]    Courts routinely take judicial notice of prior proceedings in a pending matter.  Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]). Accordingly, defendant Kelley asks this Court to take judicial notice of the FLRA and EEOC documents that are cited and appended to this memorandum.

EEO complainants by permitting the EEO director to discriminate against them.  Pl. Compl. 36-37.

## **Issues**

1.   Whether the Court lacks subject matter jurisdiction over Buesgens's claims for breach of the duty of fair representation over which the Federal Labor Relations Authority has exclusive jurisdiction under the comprehensive labor relations scheme prescribed by the Civil Service Reform Act.

2.   Whether the Court lacks subject matter jurisdiction over Buesgens's discrimination claims under the Rehabilitation Act and Title VII of the Civil Rights Act of 1964 or any other discrimination statute because NTEU may not be sued under the Rehabilitation Act and Buesgens has failed to exhaust his administrative remedies under Title VII or any other discrimination statute.

3.   Whether Buesgens's purported retaliation claims must be dismissed because he has failed to state a claim upon which relief may be granted

4.   In the alternative, whether the Court should grant defendant Kelley's motion for a more definite statement and require Buesgens to file a clear and concise statement of his claims.

4

## Standard of Review

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

The Court may, however, disregard conclusory allegations that are wholly unsupported or contradicted by the plaintiff's factual allegations. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In construing a complaint most favorably for the plaintiff, a court need not give a plaintiff the benefit of every conceivable doubt; rather, a court is required only to draw every reasonable or warranted factual inference in the plaintiff's favor. Id. See also

McKinney v. DeBord, 507 F.2d 501, 504 (9th Cir. 1974).  Thus,
the same rule that requires the Court to apply "less stringent"
standards to pro se complaints "than [to] formal pleadings
drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972),
also cautions that common sense should prevail in interpreting
the frequently diffuse pleadings of pro se complainants.
McKinney, 507 F.2d at 504.  Cf. Logan v. Dep't of Veterans
Affairs, 357 F. Supp. 2d 149, 153 (D.D.C. 2004) (recognizing
that, although pro se pleadings shall be construed liberally by
the court, the pleader must allege a claim that falls within the
court's jurisdiction).

### Argument

I.  **The Court Lacks Subject Matter Jurisdiction over All of
    Buesgens's Claims Against Defendant Kelley Because They
    Consist of Nothing More than a Claim that NTEU Breached a
    Duty of Fair Representation, Which Is Preempted by the
    Civil Service Reform Act.**

Buesgens's broad claims and allegations amount to nothing
more than a charge that NTEU breached a duty of fair
representation, a charge that may only be brought before the
Federal Labor Relations Authority (FLRA).  See Steadman v.
Governor, U.S. Soldiers' and Airmen's Home, 918 F.2d 963, 966
(D.C. Cir. 1990) (charge alleging that union mishandled
employees' claim by failing to invoke arbitration appears on its
face to be a duty of fair representation claim); Breda v. Scott,
1 F.3d 908, 909 (9th Cir. 1993) (citing Montplaisir v. Leighton,

6

875 F.2d 1, 3 (1st Cir. 1989), which found that claim for legal

malpractice against federal sector union's attorneys amounts at

bottom to unfair labor practice allegations). *1:05CV02334RCL*

   Title VII of the Civil Service Reform Act, 5 U.S.C.

§§ 7101-7135 (CSRA), commonly known as the Federal Service

Labor-Management Relations Statute, governs all claims arising

from a union's alleged breach of the duty of fair

representation.  A union that is the exclusive representative of

a bargaining unit of federal employees has a duty to represent

all bargaining unit employees in a fair manner, without *DISCRIMINATION*

discrimination and without regard to union membership.  5 U.S.C.

§ 7114(a)(1).  Any breach of this duty of fair representation

constitutes an unfair labor practice.  5 U.S.C. § 7116(b).  The

duty is breached when the union treats its members differently

on the basis of race or handicap.  See 5 U.S.C. § 7116(b)(4);

Vaca v. Sipes, 386 U.S. 171, 177 & 188 (1967).

   The CSRA gives the FLRA exclusive jurisdiction over charges

that a federal sector union breached its duty of fair *FLRA FAILED TO PERFORM DUTY OWED*

representation.  Karahalios v. Nat'l Fed'n of Fed. Employees,

Local 1263, 489 U.S. 527, 529-36 (1989); Abbott v. United

States, 144 F.3d 1, 4-6 (1st Cir. 1998); Steadman, 918 F.2d at

966.  Federal sector union members do not have a private cause *THEY DO FOR*

of action against their unions for breaches of the duty of fair

representation.  Steadman, 918 F.2d at 966.  Their only recourse *MISCONDUCT MISREPRESENTATIONS*

7

is to file an unfair labor practice charge with the FLRA

*[handwritten: 1:05CV02334RCC]*

alleging a breach of the duty of fair representation.  Id.

Because NTEU is a federal sector union, Buesgens's only *[handwritten: ✓ SEE]*

means of pursuing his allegations was to bring an unfair labor

practice charge before the FLRA, which he has already done once. *[handwritten: 1:06CV01964 RBW]*

See Att. 1.  Indeed, Buesgens's allegations in his August 11, *[handwritten: 1:07CV00859 RBW]*

2005 unfair labor practice charge against the Union appear to be

the factual basis for his claims here that defendant Kelley and

NTEU failed "to process EEO complaint grievances on the same

*[handwritten: NO EEOC NO. 360-2003-8286X]*

basis as they process other grievances."  Pl. Compl. 37; Att. 1,

at 1 (listing alleged failures by NTEU to provide adequate

representation during the processing of Buesgens's EEO *[handwritten: UO]*

complaints). *[handwritten: EEOC NO. 360-2003-8286X]*
*[handwritten: M.SPB. NO DA1221 06 0171 W1]*

After investigating these claims, the FLRA Regional

Director for the Dallas Region refused to issue an unfair labor

practice complaint on Buesgens's behalf.  Att. 1, at 3-4.  On *[handwritten: NO INVESTIGATION WAS DONE]*

December 6, 2005, he dismissed most of the allegations in

Buesgens's charge as untimely filed.  Id. at 3.  He dismissed

the remaining allegations because there was no evidence that the

*[handwritten: EVIDENCE CONCEALED]*

Union had deliberately or unjustifiably treated Buesgens

differently than other unit employees by refusing to provide him

with an attorney "to pursue EEO complaints and related legal

actions."  Att. 1, at 3-4.  *[handwritten: 1:05CV24358]*

8

In sum, Buesgens's current allegations that defendant
Kelley failed to represent him fairly are nothing more than a
claim that NTEU breached its duty of fair representation.  The
FLRA has exclusive jurisdiction over claims for breaches of a
union's duty of fair representation; there is no other private
right of action to enforce the duty.  This Court, accordingly,
lacks subject matter jurisdiction over all of plaintiff
Buesgens's claims.  <u>Karahalios</u>, 489 U.S. at 531-32.

**II.   Even if All of Buesgens's Claims Were Not Preempted by the
     CSRA, the Court Lacks Subject Matter Jurisdiction over
     Buesgens's Purported Discrimination Claims.**

**A.   The Court Lacks Jurisdiction over Buesgens's
        Rehabilitation Act Claims Because Only a Federal
        Agency or Federally Financed Institution May Be Sued
        Under 29 U.S.C. § 794.** *AMERICANS WITH DISABILITIES ACT*

The Court lacks subject matter jurisdiction over any
professed Rehabilitation Act claim against defendant Kelley.
The Rehabilitation Act provides a cause of action for
individuals discriminated against on the basis of a disability
by a federal agency or institution receiving federal financial
assistance.  29 U.S.C. § 794.  The Act does not apply to a labor *ADA*
organization that does not receive federal financial assistance.
<u>Herman v. United Bhd. of Carpenters & Joiners of Am., Local
Union No. 971</u>, 60 F.3d 1375, 1381-83 (9th Cir. 1995).

Federal sector unions have been deemed not to receive
financial assistance.  <u>Lohf v. Runyon</u>, 999 F. Supp 1430, 1441-42

9

(D. Kan. 1998), aff'd, 176 F.3d 488 (10th Cir. 1999). Because

the amended complaint fails to allege that NTEU is a federal

agency or that it receives federal financial assistance, and

could not truthfully do so, neither defendant Kelley nor NTEU

may be sued under the Rehabilitation Act. The Court lacks

subject matter jurisdiction over this claim. ADA

**B. The Court Lacks Jurisdiction over Any Discrimination Claims Under Title VII or Other Discrimination Statutes Because Buesgens Has Failed To Exhaust His Administrative Remedies.** 1:05CV02334RCC

In addition, the Court lacks subject matter jurisdiction

over any discrimination claims by Buesgens under Title VII or

any other potentially applicable discrimination statute because

Buesgens has not exhausted his administrative remedies.[2] It is

well established that before proceeding to federal court on a

discrimination claim, complainants are required by law to

exhaust administrative remedies by filing a timely charge with

the Equal Employment Opportunity Commission (EEOC), or the

appropriate state agency, thereby affording the agency an

EEOC NO. 360-2006-00307

FEDERAL CIRCUIT # 2007-3115

opportunity to investigate the charge. See Marshall v. Federal

Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997). Once the

plaintiff has pursued his claim with the administrative agency,

---

[2] NTEU does not concede that as a labor organization it may be sued under Title VII. It therefore preserves its right to argue that NTEU is not a proper defendant to a Title VII claim by one of its members. NTEU has not briefed this issue because the Court lacks jurisdiction to hear the claims even if NTEU were a proper defendant.

he must obtain a right-to-sue letter against the party named in the complaint. <u>Park v. Howard Univ.</u>, 71 F.3d 904, 907 (D.C. Cir. 1995); <u>see also</u> <u>Williams v. Washington Metropolitan Area Transit Authority</u>, 721 F.2d 1412, 1413 (D.C. Cir. 1983).  Only after the plaintiff has obtained this letter may he bring a civil action in federal court. <u>Park</u>, 71 F.3d at 907.

A discrimination suit following an EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." <u>Cheek v. Western and Southern Life Ins. Co.</u>, 31 F.3d 497, 500 (7th Cir. 1994) (citations and internal quotation marks omitted); <u>Marshall</u>, 130 F.3d at 1098.  The D.C. Circuit has recognized that, at a minimum, the substance of a discrimination suit must arise from "the administrative investigation that can reasonably be expected to follow the [administrative] charge of discrimination." <u>Marshall</u>, 130 F.3d at 1098 (citing <u>Park</u>, 71 F.3d at 907).

*YES ME MS EEOC 360-2006-00307*

Buesgens has not filed a timely complaint against defendant Kelley or NTEU before the appropriate administrative agency and obtained the requisite right-to-sue letter with regard to the claims listed in his current complaint.  29 C.F.R. § 1614.105; 42 U.S.C. § 12117.  While he filed a charge of discrimination against NTEU with the EEOC on November 18, 2005, the allegations in that charge are not "like or reasonably related to the

*THEY SURE ARE*

11

allegations" contained within Buesgens's complaint before this

*1:05 CV02334 RCC*

Court.  See November 18, 2005 Notice of Charge of Discrimination

(attached hereto as Attachment 2) (principally alleging that

NTEU discriminated against him because of his status as a

seasonal and furloughed employee).  Moreover, even assuming that

the claims were similar in nature, the EEOC has not yet

completed its investigation of Buesgens's allegations and has

*EEOC # 360-2006-00307*

issued no right-to-sue letter.  See Wrenn v. Dep't of Veterans

*TOOK ONE YEAR TO PROCESS*

Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990) (allowing a civil

suit after abandonment of administrative claims would be

contrary to the intent and function of the statutory scheme);

Bush v. Engleman, 266 F. Supp. 2d 97, 101 (D.D.C. 2003) (a

plaintiff who abandons the administrative process fails to

satisfy the exhaustion requirement).  Consequently, this Court

lacks subject matter jurisdiction over any potential

*MSPB DA122106 0171 W1*

discrimination claims in the instant case.

## III. Buesgens's Title VII Retaliation Claims Against Defendant Kelley Must Be Dismissed Because Buesgens Has Not Asserted that He Falls Within a Protected Class.

Buesgens's Title VII retaliation claim must be dismissed

because he has not asserted discrimination based on a protected

class covered by Title VII.  Title VII prohibits discrimination

on the basis of race, color, religion, sex, and national origin.

5 U.S.C. § 2000e-2.  Title VII further prohibits retaliation

*AND ADA*

against any employee who alleges that an adverse action has been

12

taken against him because he formally complained about a discriminatory act based on race, color, religion, sex, or national origin. Id. § 2000e-3. Here, Buesgens has not protested any agency or union action based on any of the classes protected under Title VII. The only claims he has filed have *TITLE VII RETALIATION* been based on his disability and his status as a seasonal employee. See Att. 2. Neither disabled employees nor seasonal employees are protected classes under Title VII. Therefore, Buesgens's claims should be dismissed as outside the scope of Title VII.

*RETALIATION OF TITLE VII APPLIES TO ADA REINBACT*

## IV. To the Extent that the Court Does Not Dispose of All Claims Against Defendant Kelley, the Court Should Order Buesgens To File a More Definite Statement.

Further, to the extent that the Court does not dispose of all the claims against defendant Kelley, Kelley has moved the Court to grant the alternative motion for a more definite *1: 05CV02334RCC* statement to require Buesgens to comply with the standards for proper pleading under Rules 8 and 10 of the Federal Rules of Civil Procedure. Fed. Rule of Civ. Proc. 12(e).

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In the same vein, Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Finally, Rule 10 requires that "the contents of each paragraph shall be limited as far as practicable to a statement

13

of a single set of circumstances" and that each claim founded

upon a separate occurrence shall be stated in a separate count

whenever a separation facilitates the clear presentation of the

matter set forth.

The purpose of Rules 8 and 10 is "to simply 'give the

defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests.'" Rochon v. Ashcroft, 319 F. Supp.

2d 23, 29 (D.D.C. 2004) (quoting Swierkiewicz v. Sorema N.A.,

534 U.S. (2002)). While the rules do not require the plaintiff

to establish the prima facie elements of his case, the courts

will not accept overly broad inferences unsupported by the facts

in the complaint.  Rochon, 319 F. Supp. 2d at 29.

Buesgens's 50-page complaint, with 10 separate exhibits

attached, is not a short and plain statement of the claims

against defendant Kelley.  Although Buesgens is not obliged to

allege all that he must eventually prove, he has failed in this

case to articulate those concrete acts or circumstances where

defendant Kelley allegedly acted in a discriminatory or

retaliatory fashion.  Id.  In short, Buesgens's complaint does

not comply with the requirements of either Rule 8 or Rule 10.

Under these circumstances, the Court should grant Kelley's

motion for a more definite statement of the claims against her.

14

## Conclusion

In conclusion, all of Buesgens's claims are preempted by the Civil Service Reform Act and must be dismissed for lack of subject matter jurisdiction. The Court alternatively lacks subject matter jurisdiction over Buesgens's purported claims of discrimination because defendant Kelley cannot be properly named as defendant under the Rehabilitation Act and because Buesgens has failed to exhaust the requisite administrative remedies for bringing a discrimination claim. Even if the Court had jurisdiction over Buesgens's purported Title VII retaliation claim, the complaint fails to allege the essential elements of such a claim.

Alternatively, if the Court fails to dismiss any of the claims against Kelley, the complaint fails to set forth a definite statement of Buesgens's claims, in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel
Bar No. 254862

15

*1:05CV02334RCL*
*1:07CV00859RBW*
*1:06CV01964RBW*

_L. Pat Wynns_ *by JMW*
L. PAT WYNNS
Associate General Counsel for
Appellate Litigation
Bar No. 257840

_Julie M Wilson_
JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

*RUSSELL BOKELMAN
NTEU CHIEF STEWARD
CHAPTER 247
AND
DONALD RAY MAHONEY, JR
IRS-SUPERVISOR - 06-1116 4FRR*

*WHAT DID THEY TALK ABOUT PRIOR TO
EEOC HEARING ON 12/16/03
EEOC NO. 360-2003-8286X ?*

16



UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
**DALLAS REGION**
A. Maceo Smith Federal Building
525 S. Griffin Street, Suite 926, LB 107
Dallas, Texas
75202-5093
(214)767-6266 (Voice Mail)
(214)767-0156 (Fax)
www.flra.gov

December 6, 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, Texas 78745

*FLRA*

Re:    National Treasury Employees Union
       Case No. DA-CO-05-0505

Dear Mr. Buesgens:

This office has investigated the unfair labor practice charge which you filed. I have carefully considered all of the evidence and conclude that issuance of a complaint is not warranted.

The charge alleges that the National Treasury Employees Union (Union) violated Section 7116(b)(1) of the Statute by breaching its duty of fair representation through its refusal to provide you with an attorney to represent you in connection with the processing of Equal Employment Opportunity (EEO) complaints which you filed against the Internal Revenue Service (Activity) in 2002 and 2003; by refusing to provide you with an attorney in connection with a hearing before an Administrative Law Judge (ALJ) on December 16, 2003, regarding those complaints; by refusing to provide you with an attorney in 2004 in regard to your appeal to the Equal Employment Opportunity Commission (EEOC) of the ALJ's dismissal of the complaints and your Request for Reconsideration to the EEOC of the rejection by that agency of your appeal; and by refusing to provide you with an attorney in connection with a civil lawsuit which you filed in Federal District Court in April 2005, regarding the dismissal of your complaints by the ALJ and what you contend is a class action suit. The charge also alleges that the Union violated Section 7116(b)(1) of the Statute by the Union breaching its duty of fair representation through the failure of Union Steward Russell Bokelman to competently represent you in the hearing before the ALJ which took place on December 16, 2003.

Initially, as was noted in the initial opening letter in this case on August 12, 2005, the party who files a charge must fully cooperate in the investigation by providing evidence and information in support of the charge. While you submitted a large number of written documents and positions to this office, you failed or refused to provide requested information and testimonial evidence to the investigating Agent in this case on November 8, 2005, the scheduled date for that interview. At your request, you were provided with a second date for presentation of this information, which

RUSSELL BOKELMAN

was to be November 21, 2005. Moreover, on November 17, 2005, at my request, Regional Attorney Dye of this office contacted you and discussed the importance of your fully cooperating in the investigation on the scheduled date. On November 21, when contacted by the Agent, you again failed or refused to provide the needed information and testimonial evidence. Based upon this fact, I have concluded that you failed to fully cooperate in the investigative process and the facts relied upon in this decision are those which could be understood from your written submissions only. *A SET UP DEAL*

As limited by the above, the investigation disclosed that you were employed by the Activity as a GS-8 Seasonal Customer Service Representative from October 1900, to March 7, 2005. The investigation further disclosed that you applied for disability retirement in September 2004, and that you subsequently retired based upon medical disability on March 7, 2005. During the period of time that you were employed with the Activity, you were also a member of the Union. In addition, the evidence obtained in the investigation established that you filed three EEO complaints against the Activity in 2002 and 2003, and that the Union designated Union Steward Michael Bokelman to represent you in the processing of these complaints. The three EEO complaints which you filed were ultimately consolidated at a hearing before Administrative Law Judge Robert Powell on December 16, 2003. Bokelman represented you at the hearing, and Attorney Michael Salyards represented the Activity. You contend that Bokelman did not competently represent you at the hearing in that he did not bring up the fact that you had been continually denied official time, there were no written interrogatories, no production of documents, no depositions, no request for admissions, no stipulations, uncooperative informal discovery, no motions to compel, the Activity's reliance on the Privacy Act was not disputed and there was no response to the Activity's Motion for Summary Judgment. At the conclusion of the hearing the ALJ issued a bench decision in which he dismissed the allegations in the EEO complaints which you had filed. Subsequently, the ALJ issued a written decision in the case on January 21, 2004, in which he reaffirmed his decision to dismiss the allegations in the complaints. You appealed the ALJ's decision to the EEOC, but the appeal was denied on December 29, 2004. Thereafter, you filed a Request for Reconsideration with the EEOC, but this was also denied. The investigation also revealed that you filed additional EEO complaints against the Activity in January 2005, March 2005, and in April 2005, and that you have represented yourself in the processing of these complaints. You assert that you requested that the Union provide you with an attorney to represent you in the processing of your EEO complaints from 2002 through 2005, but the requests were refused. In addition, the evidence establishes that you received a right to sue letter from the EEOC on February 18, 2005, regarding the dismissal of the three EEO complaints which you filed in 2002 and 2003, and on April 29, 2005, you filed a civil lawsuit in Federal District Court regarding those complaints. You also contend that this lawsuit constitutes a class action suit on behalf of other employees who have allegedly been discriminated against by the Activity. You requested that the court appoint an attorney to represent you in your lawsuit against the Activity. However, the request was denied, and you are now appealing that decision in the 5th Circuit Court of Appeals. The investigation further revealed that you sent letters to the Union's Deputy General Counsel, Barbara A. Atkin, on July 11 and 22, 2005, in which you requested that the Union provide you with representation by the

*MICHAEL SALYARDS*

*BARBARA A ATKIN*

2

Union's attorneys in connection with the proceedings which you had initiated in Federal District Court and the 5th Circuit Court of Appeals. Atkin responded to your letters by informing you in a letter dated July 28, 2005, that the Union's staff attorneys only very rarely provide representation to employees in judicial proceedings because of the limited nature of the Union's resources. Atkin further stated in the letter that the Union must devote its staff time and financial resources to the small number of cases that can have the greatest impact on the membership as a whole. Therefore, Atkin concluded in the letter that from the review of the material which you had provided it did not appear that the issues you faced were appropriate for the Union's involvement. *BARBARA A. ATKIN - NTEU*

Based upon the above information, I have determined to dismiss the allegations of this charge. Any charge alleging an unfair labor practice which is based on conduct or events which occurred more than six months before the filing of the charge is untimely under Section 7118(a)(4)(A) of the Statute, unless it is established that the respondent agency or labor organization prevented the person filing the charge from discovering the allegedly unlawful conduct within the six month limitations period by concealment or by failing to perform a duty owed to the Charging Party. Any concealment or failure to perform a duty must have prevented the discovery of the unfair labor practice within six months of its occurrence. *United States Department of Labor*, 20 FLRA 296 (1985). It is concluded in this case that the allegations in the charge which concern events that took place prior to February 11, 2005, are untimely filed since the charge was not filed until August 11, 2005. Furthermore, there is no evidence that the Union prevented you from discovering the alleged unlawful conduct within the six month period by concealing its conduct from you or by failing to perform a duty owed to you. Rather the evidence establishes that you were aware that the Union refused to provide an attorney to represent you in the processing of your EEO complaints as well as any deficiencies on the part of Bokelman in his representation of you in the processing of those complaints at the time that such conduct took place.

*CONTINUING VIOLATIONS   IS NOT A FACTOR*

As concerns your allegations which were not untimely filed (alleged conduct on or after February 11, 2005) the Authority has determined that, where Union membership is not a factor, as in this case, the standard for determining whether an exclusive representative has breached its duty of fair representation is whether the Union deliberately and unjustifiably treated one or more bargaining unit employees differently from other employees in the unit. The Union's actions must amount to more than mere negligence or ineptitude. The Union must have acted arbitrarily or in bad faith. *National Federation of Federal Employees, Local 1453*, 23 FLRA 686 (1986). In addition, the Authority has determined that the duty of fair representation only applies to matters grounded in the Union's authority to act as exclusive representative. *Fort Bragg Association of Educators, National Education Association, Fort Bragg, North Carolina*, 28 FLRA 908 (1987); *Antilles Consolidated Education Association, (OEA/NEA), San Juan, Puerto Rico*, 36 FLRA 776, 778 (1990); *American Federation of Government Employees, Local 1857, AFL-CIO*, 46 FLRA 904 (1992). In this case, the only timely allegations concern the Union's decision not to provide you with an attorney to pursue EEO complaints and related legal actions. There has been no showing that the Union routinely provides attorneys to employees in such situations or that it was required to do so in its status of exclusive representative for purposes of collective bargaining.

*EEOC # 360-2003-82864 - RUSSELL BOKELMAN*
*DONALD RAY THWEET, JR*

Absent a showing that you have been deliberately or unjustifiably treated differently than other unit employees, there is insufficient evidence to establish a breach of the duty of fair representation. Accordingly, further proceedings are not warranted, and I am therefore refusing to issue complaint in this matter.

If you do not agree with my decision, you may file an appeal with the Office of the General Counsel. Your appeal should include the applicable Case Number (DA-CO-05-0505) and be addressed to the:

> Federal Labor Relations Authority
> Office of the General Counsel
> 1400 K Street, NW, Second Floor
> Attn: Appeals
> Washington, D.C. 20424-0001

You may file your appeal by mail or by hand delivery. Whichever method you choose, please note that **the last day for filing an appeal in this case is January 9, 2006.** This means that an appeal that is mailed must be postmarked, or an appeal must be hand delivered, no later than **January 9, 2006. Please send me a copy of your appeal.**

If you need more time to prepare your appeal, you may request an extension of time. Mail or hand deliver your request for an extension of time to the Office of the General Counsel at the address listed above. Because a request for an extension of time must be received at least five days before the date your appeal is due, any request for an extension of time in this case must be received at the above address no later than **January 4, 2006.**

The procedures and time limits for filing an appeal are set forth in the Authority's Regulations at section 2423.10(c) through (e) (Volume 5 of the Code of Regulations). 5 C.F.R. §2423.10(c)-(e). These regulations may be found in any Authority Regional office, public law library, some large general purpose libraries, Federal Personnel Offices, and the Authority's Home Page internet site - **www.FLRA.gov.** I have also enclosed a document which summarizes commonly-asked questions and answers regarding the Office of the General Counsel's unfair labor practice appeals process.

Very truly yours,

James E. Petrucci
Regional Director

RICHARD ZORN
SOLICITOR

Enclosure

cc:   Dennis Schneider, National Counsel, National Treasury Employees Union, 3755 South Capital of Texas Highway, Suite 179, Austin, Texas 78704-6600

DENNIS SCHNEIDER

4

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 360-2006-00307 |

Texas Workforce Commission Civil Rights Division
_State or local Agency, if any_ and EEOC

| Name _(Indicate Mr., Ms., Mrs.)_ | Home Phone No. _(Incl Area Code)_ | Date of Birth |
|---|---|---|
| Michael L. Buesgens | (512) 447-7031 | 09/03/1950 |

Street Address                                City, State and ZIP Code
500 East Stassney Ln,, Apt. 1023, Austin, TX 78745

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| National Treasury Employees Union (NTEU) | ~~Unknown~~ 150,000 | (202) 572-5500 |

Street Address                                City, State and ZIP Code
1750 H Street NW, Washington D.C. 20006

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| | | |

Street Address                                City, State and ZIP Code

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☒ OTHER _(Specify below.)_
Federal Rehabilitation Act of 1973

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  05-15-2002    Latest  Continuing

☒ CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s)):_

On or about May 15, 2002, and continuing, the NTEU has not made a formal request that I receive "Official Time" when I was in furlough status for my participation in my EEO complaints, Reasonable Accommodation Requests, grievances, and EEOC hearings against my employer the IRS. I was not informed that Official Time was available to me in accordance with EEOC regulations (29CFR 1614.605). Throughout this time period the NTEU has failed to adequately represent me to protect my legal due process rights. I believe that the NTEU treats me differently because of my employee status being that of a seasonal employee. I believe all seasonal employees are not treated fairly by the NTEU.

I believe that I have been discriminated against because of my disability and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Federal Rehabilitation Act of 1973.

SEE AMENDMENT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | ANDREA RODRIGUEZ <br> Notary Public, State of Texas <br> My Commission Expires Aug. 22, 2009 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br> _Michael L Buesgens_ |
| 12/19/05 _Date_    _Michael L Buesgens_ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ <br> 12/19/05 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                          )
                                             )
            Plaintiff,                       )
                                             )
        v.                                   )
                                             )     Case No. 1:05CV02334
                                             )     Judge: Royce C. Lamberth
MARCIA H. COATES, et al.                     )
DIRECTOR,                                    )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                       )
                                             )
            and                              )
                                             )
                                             )
COLLEEN M. KELLEY,                           )
NATIONAL PRESIDENT,                          )
NATIONAL TREASURY EMPLOYEES UNION            )
                                             )
            Defendants.                      )
_____  )

## ORDER

Upon consideration of the motion to dismiss filed by

defendant Colleen Kelley, it is hereby       *RUSSELL BOKELMAN)*

ORDERED that the motion be granted and that all claims

against defendant Kelley be dismissed with prejudice.



Date: _____

                    _____
                    United States District Judge

Parties to be notified:

Julie M. Wilson
Assistant Counsel
National Treasury Employees Union
1750 H Street, NW
Washington, DC  20004

*RUSSELL BOKELMAN NTEU*
*1:05CV02334RCL*

Michael L. Buesgeus
500 E. Stassney
Apt. 1023
Austin, Texas 78745

U.S. Attorney's Office
Department of Justice
Bicentennial Building
600 E Street, NW
Washington, DC  20530

*R. BARRY ROBINSON*
*KAREN MELNIK*
*PAT S. GENIS*

*PAGE 23*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS            )
                               )
          Plaintiff,           )
                               )
     v.                        )          Case No. 1:05CV02334
                               )          Judge: Royce C. Lamberth
MARCIA H. COATES, <u>et al.</u>       )
DIRECTOR,                      )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)     DOCUMENT 23
U.S. DEPT. OF TREASURY         )         FILED: 1/25/06
                               )
     and                       )
                               )         4-PAGES
COLLEEN M. KELLEY,             )
NATIONAL PRESIDENT,            )
NATIONAL TREASURY EMPLOYEES UNION )
                               )
          Defendants.          )
_____)

## DEFENDANT KELLEY'S REPLY MEMORANDUM TO BUESGENS'S OPPOSITION TO HER MOTION TO DISMISS

In the memorandum in support of her motion to dismiss,
filed on January 13, 2006, defendant Colleen M. Kelley (Kelley)
demonstrated that all of the claims brought by Michael L.
Buesgens (Buesgens) against defendant Kelley must be dismissed.
Buesgens's opposition to Kelley's motion to dismiss consists of
conclusory statements unsupported by either legal authority or
the documentary evidence he has submitted in this case.
Buesgens has thus failed to demonstrate why Kelley's motion
should not be granted.

Defendant Kelley submits this reply for the limited purpose of responding to certain erroneous legal or factual assumptions that form the basis for Buesgens's conclusory statements.

1.   The Federal Labor Relations Authority has exclusive jurisdiction over claims that the Union has violated its duty of fair representation.  <u>Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263</u>, 489 U.S. 527, 529-36 (1989).  As discussed in detail in Kelley's Dismissal Memo, Buesgens's claims against defendant Kelley are nothing more than claims *ARE THEY?* that the National Treasury Employee Union (NTEU) failed to represent him fairly and properly, and should accordingly be dismissed for lack of jurisdiction by this Court.

2.   Buesgens is a retired federal employee and is covered by the Rehabilitation Act with respect to disability *AND ADA* discrimination claims <u>against a federal employer</u>.  29 U.S.C. § 794.  Neither defendant Kelley nor NTEU can be sued under the Rehabilitation Act.

3.   NTEU is subject to suit under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).  Buesgens, however, has failed to exhaust his *DID HE?* administrative remedies with regard to any purported discrimination claim under Title VII or the ADA.  Therefore, his complaint against the defendant Kelley should be dismissed.  29 C.F.R. § 1614.105; 42 U.S.C. § 12117.

2

a.    Assuming that Buesgens falls within one of the classes protected by Title VII, which defendant Kelley disputes (see Dismissal Memo at 12-13), Buesgens has not filed a Title VII claim against the Union with the appropriate administrative agency.

*DIDN'T HE ? WHAT ABOUT O.S.C. # MA-05-2468*

b.    Buesgens's complaint does not allege discrimination under the ADA; he first claims discrimination

*YES IT DOES*

under the ADA in his opposition to defendant Kelley's motion to dismiss. See Opp. Memo. at 2,3,11. Moreover, Buesgens has not filed a disability discrimination claim against the Union with the appropriate administrative agency.  *YES HE HAS*

c.    Although Buesgens recently filed a charge against

*EEOC # 360-2006-00307*

NTEU with the Equal Employment Opportunity Commission (EEOC), that charge does not include the allegations asserted in this complaint. See Dismissal Memo, Att. 2.   *YES IT DOES*

d.    Further, while Buesgens alleges that he received a right-to-sue letter from the EEOC Office of Federal Operations (Opp. Memo. at ¶7), such a letter only gives the complaining party the right to sue a federal agency.  Thus, a letter from the Office of Federal Operations does not amount to an exhaustion of administrative remedies as to any claims against defendant Kelley or NTEU.

*BUESGENS FTCA - TORT CLAIM   1:06CV01558RCC  1:06CV00967LY-RP  ADMIN FILED ON 8/22/2005 AT 8:01 AM*

3

WHEREFORE, defendant Kelley respectfully requests that this

Court dismiss with prejudice all of Buesgens's claims against

her. *DOCUMENT 23*       *1:05CV02334RcL*

Respectfully submitted,

*Gregory O'Duden*
GREGORY O'DUDEN
General Counsel
Bar No. 254862

*L. Pat Wynns*
L. PAT WYNNS
Associate General Counsel for
   Appellate Litigation
Bar No. 257840

*Julie M Wilson*
JULIE M. WILSON
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

*RUSSELL BOKECMAN - NTEU*
*WHERE ARE YOU?*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
            Plaintiff, )
)
    v. )            Case No. 1:05CV02334
)            Judge: Royce C. Lamberth
MARCIA H. COATES, et al. )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM )
U.S. DEPT. OF TREASURY )
)
    and )
)
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
            Defendants. )
_____ )

*DOCUMENT 26*
*FILED: 2/27/2006*

*4-PAGES*

**DEFENDANT KELLEY'S MOTION FOR EXTENSION OF TIME TO FILE AN
OPPOSITION TO PLAINTIFF'S MOTIONS TO JOIN ADDITIONAL PARTY
DEFENDANT AND TO FILE FIRST SUPPLEMENTAL COMPLAINT** *JOINDER*

Defendant Colleen M. Kelley (Kelley), National President of

the National Treasury Employees Union, by her undersigned

counsel, respectfully moves this Court for an extension of time

until March 10, 2006, in which to file an opposition to

Plaintiff's motions to join an additional party defendant and to

file a first supplemental complaint.  In support of this motion,

defendant Kelley states as follows:

    1.    On February 17, 2006, defendant Kelley received via

electronic service and first class mail a copy of the Motion to

Join Additional Party Defendant and Motion to File First

Supplemental Complaint filed by Michael L. Buesgens (Buesgens).

Pursuant to Local Rule 7(b), Kelley's responses to Buesgens's

motions are currently due by February 28, 2006.

2.    Because of her competing work responsibilities, Julie

M. Wilson, the attorney with primary responsibility for this

case, will have insufficient time to prepare defendant Kelley's

responses to Buesgens's motions to join an additional party and

to supplement his complaint.  Since receiving Plaintiff's

motion, Ms. Wilson has had to complete and file an opening brief

in NTEU v. FLRA, No. 05-76783 (9th Cir.) (filed Feb. 17, 2006),

and to draft and file a reply brief in NTEU v. FLRA, No. 05-1230

(D.C. Cir.) (filed Feb. 24, 2006).  Her work in those cases

precluded her from turning to this matter until today.  She,

therefore, requires additional time to prepare an opposition to

Buesgens's motions.  *BUESGEUS WHUTS MORE TIME ALSO IN 06CV01964 RBW*

3.    Granting defendant Kelley's request for an extension

until March 10, 2006, will not delay the litigation of this case

or otherwise prejudice Buesgens.  Counsel for the agency

defendants filed their Motion to Dismiss or for Transfer of

Venue today.  Per this Court's Order dated January 13, 2006,

Buesgens has ten days to respond to the Agency's motion.

2

4.    Counsel has been unable to reach Buesgens to find out whether he would stipulate to an extension of time.

Wherefore for the foregoing reasons, counsel for defendant Kelley respectfully requests an extension of time to and including March 10, 2006, in which to file an opposition to Buesgens's motions.

1:05CV02334

Respectfully submitted,

RUSSELL B0 KELMU)
NTEU

Gregory O'Duden
General Counsel
Bar No. 254862

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC  20006
(202) 572-5500

Counsel for defendant Kelley

3

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served Defendant

Kelley's Motion for Extension of Time To File an Opposition to

Plaintiff's Motions to Join Additional Party Defendant and to

File First Supplemental Complaint on the following person by

first-class mail on this 27 day of February 2006:


Michael L.Buesgens
500 E. Strassney
Apt. 1023
Austin, Texas 78745


Julie M. Wilson
Assistant Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS     )
             )
   Plaintiff,     )
             )
  v.          )  Case No. 1:05CV02334
             )  Judge: Royce C. Lamberth
MARCIA H. COATES, et al.   )
DIRECTOR,        )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY    )
             )
  and          )
             )
COLLEEN M. KELLEY,     )
NATIONAL PRESIDENT,     )
NATIONAL TREASURY EMPLOYEES UNION )
             )
   Defendants.    )
_____)

*DOCUMENT 26-1*

*2 - PAGES*

## ORDER

  Upon consideration of the motion filed by defendant Kelley requesting an extension of time to file an opposition to Plaintiff's motions to join an additional party defendant and to file a first supplemental complaint, it is hereby

  ORDERED that the motion be granted and that the time for defendant Kelley to file her opposition to Plaintiff's motions is extended until March 10, 2006.

*RUSSELL BAKELMAN*

Date: _____

     _____
     United States District Judge

Parties to be notified:

Julie M. Wilson, Assistant Counsel
National Treasury Employees Union
1750 H Street, NW
Washington, DC 20006

Michael L. Buesgeus
500 E. Stassney
Apt. 1023
Austin, Texas 78745

Kenneth L. Wainstein, U.S. Attorney
R. Craig Lawrence, Assistant U.S. Attorney
Karen L. Melnik, Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, NW
Washington, DC 20530

*Handwritten annotations:*

1: 05CV0233(RCL)

RUSSELL BOKELMM(N) - NTEU

AUSA's
KAREN MELNIK
R. BARRY ROBINSON
PAT S. GENIS

1. MICHAEL LYNN SALYARDS
   IRS - GLS - EEO ATTORNEY
2. EEOC # 360-2003-8286X
3. EEO # 05-2291 AND
4. EEO # 05-2291 S    2005
5. AND FTCA ADMINISTRATIVE
   TORT CLAIM FILED
6. 8/22/2006 AT 8:01 AM
7. MARY-ELLEN KRCHA
   IRS TORT CLAIMS MANAGER

1: 07CV00859 RBW

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
        Plaintiff, )
)
    v. *EEO #05-2291* )     Case No. 1:05CV02334
) Judge: Royce C. Lamberth
MARCIA H. COATES, et al. )
DIRECTOR, )     *DOCUMENT 34*
OFFICE OF EQUAL OPPORTUNITY PROGRAM) *FILED: 3/10/2006*
U.S. DEPT. OF TREASURY )
)
    and )     *11-PAGES*
)
COLLEEN M. KELLEY, *NTEU* )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
        Defendants. )
_____)

## DEFENDANT KELLEY'S OPPOSITION TO BUESGENS'S MOTIONS TO JOIN ADDITIONAL PARTY DEFENDANT AND TO FILE FIRST SUPPLEMENTAL COMPLAINT

### INTRODUCTION *RUSSELL BOKELMAN*

Defendant Colleen M. Kelley (Kelley) hereby opposes the

Fourth Cause of Action set forth in the motions filed by Michael

L. Buesgens (Buesgens) to join an additional party defendant and

to file a first supplemental complaint alleging that "the FLRA

in collusion with NTEU discriminated and retaliated against

Buesgens based on his disability." As shown below, Buesgens has

failed to demonstrate a prima facie case of "conspiracy." He

has not pled facts sufficient to satisfy the elements of either

a civil conspiracy or section 1985(3) conspiracy case.

Accordingly, the Court must deny the new conspiracy claim set forth in Cause of Action 4 because Buesgens has failed to state any claim upon which relief may be based and, therefore, the supplemental claim would be futile.   1:06CV01964RBW

## BACKGROUND

On December 5, 2005, Michael Buesgens filed a complaint in this Court against multiple agency defendants and Colleen Kelley, President of the National Treasury Employees Union (NTEU or Union), alleging, among other things, that the defendants discriminated against him and other EEO complainants. On January 13, 2006, defendant Kelley filed a timely motion to dismiss the complaint. Kelley argued that the Court lacked jurisdiction over Buesgens's claims against her because the allegations were nothing more than a charge that defendant Kelley and NTEU breached a duty of fair representation, over which the Federal Labor Relations Authority had exclusive jurisdiction. Buesgens filed an opposition to Kelley's motion to dismiss on January 23, 2006, and on January 25, 2006, Kelley filed a timely reply to Buesgens's opposition. The Court has not yet ruled on Kelley's motion to dismiss.

On February 17, 2006, Buesgens filed motions to join the FLRA as an additional party defendant and to file a first supplemental complaint. In his motion to supplement, Buesgens appears to be dissatisfied with how the FLRA handled his unfair

2

labor practice charge against the Union.  See Pl. Mtn. Suppl.
¶¶ 5, 7, 8, 9, 10.  He states that the "FLRA knew of Buesgens
[sic] disability and failed to take any corrective or remedial
action in the processing of his complaint."  Id. ¶ 5.  He argues
that the FLRA Regional Director, who was responsible for
investigating his unfair labor practice charge against NTEU,
"had sufficient evidence [] to require NTEU to respond" and
"never required NTEU to respond to anything."  Id. ¶ 10.
Buesgens further argues that the FLRA "ignored" his allegations
that the Regional Director had improperly processed his
complaint against the Union.  Id. ¶ 3.  Finally, Buesgens
contends "that [the] FLRA in collusion with NTEU discriminated
and retaliated against Buesgens based on his disability."  Pl.
Mtn. Suppl. ¶ 4 (Cause of Action 4).

## ARGUMENT

### I.   Standard of Review

Under Rule 15(d) of the Federal Rules of Civil Procedure, a
motion to supplement a pleading is properly made when a party
seeks to allege new facts that have occurred since the filing of
the original pleading and that affect the controversy.  See
Thomas v. Ford Motor Co., 111 F. Supp. 2d 529, 532 (D.N.J.
2000).  A Rule 15(d) motion may also be used to add new parties
or claims arising from the new facts.  See Griffin v. County
School Board, 377 U.S. 218, 226 (1964) ("It follows, of course,

3

that persons participating in these new events may be added if necessary.").

In determining whether to allow a supplemental pleading, the Court is governed by the same liberal standard used to evaluate motions to amend pleadings under Rule 15(a), with leave "freely given when justice so requires." New York State NOW v. Cuomo, 182 F.R.D. 30, 36 (S.D.N.Y. 1998). See also Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979). Thus, leave to supplement is normally granted unless some particular reason for denial is provided. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) (quoting New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963), cert. denied, 376 U.S. 963 (1964)). Reasons for denial include bad faith, prejudice to the opposing party, and futility. Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

A supplementation to a pleading is considered "futile," and should not be allowed, when the proposed new claim would not withstand a motion to dismiss. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991). See also AM Int'l, Inc. v. Graphic Mgmt. Assocs., Inc., 44 F.3d 572, 578 (7th Cir. 1995) ("a judge should not grant a motion to amend the complaint if the grant would merely set the stage for the dismissal of the amended complaint"); Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113-114 (D.D.C. 2002) (finding that "nothing in

4

the proposed amended complaint would change the fact" that the plaintiff cannot defeat a motion to dismiss). Accordingly, if the proposed supplemental pleading would be subject to "immediate dismissal," the Court should not permit supplementation. See Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 498 (E.D.N.Y. 1998), aff'd 205 F.3d 1327 (2d Cir. 2000) (denying leave to supplement where the claim to be added would fail to state a claim upon which relief may be granted).

II. **Buesgens's Supplemental Conspiracy Claim Must Be Denied as Futile Because He Has Failed To Allege Facts Sufficient To Show the Existence of a Conspiracy**

In Cause of Action 4 (at p. 7), Buesgens alleges that the FLRA "colluded" with NTEU to discriminate and retaliate against him because of his disability. This conclusory assertion is insufficient to sustain either a civil conspiracy claim or a section 1985(3) conspiracy claim. Accordingly, the Court must deny Buesgens's new conspiracy claim because it would be futile.

1:06CV01964
RBW

A. This Court has defined a civil conspiracy as "two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means," with the principal element being the existence of an agreement between the parties to inflict a wrong against or injury upon another. Graves v. U.S., 961 F. Supp. 314, 320 (D.D.C. 1997). Buesgens has alleged no facts that would demonstrate that there was ever an agreement

5

or "meeting of the minds" between any of the defendants to
inflict a wrong upon him.  *BOKELMAN AND TAWNEY* *Graves*, 961 F. Supp. at 321-322
(allegation that defendant "colluded" to circumvent agency's
regulations regarding issuance of job vacancy announcements to
prevent plaintiff from getting job is conclusory allegation that
fails to state a claim).  On this basis alone, Buesgens has
failed to state a claim for civil conspiracy.

Moreover, civil conspiracy is not a separate cause of
action, but rather a means of establishing liability for
underlying torts.  See *Browning v. Clinton*, 292 F.3d 235, 245
(D.C. Cir. 2002) (citing *Halberstam v. Welch*, 705 F.2d 472, 479
(D.C. Cir. 1983)).  Buesgens has failed to plead any tort.[1]

Because he has failed to plead the requisite elements of a
civil conspiracy claim, Buesgens's claim in Cause of Action 4
would not stand a motion to dismiss for failure to state a claim
and must be denied as futile.

*1:06CV01964(RBW)*
*1:07CV00859RBW)*
*1:06CV00967LY*
*1:06CV01558RCL*
*1:05CV243SS*

B.  Buesgens's supplemental complaint also does not allege
any of the requisite elements to show a section 1985(3)
conspiracy.  A valid section 1985(3) claim must allege four
elements: 1) a conspiracy; 2) to deprive any person or class of
persons of the equal protection of the laws, or of privileges

---

[1]  Indeed, it is unclear in what unlawful act NTEU has
supposedly engaged.  It is ludicrous to suggest that NTEU
committed an unlawful act by failing to exercise its right to
file a pleading urging the FLRA to dismiss the unfair labor
practice charge against it.

6

and immunities under the law; 3) motivated by some class-based invidiously discriminatory animus; 4) whereby a person is either injured in his person or property, or is deprived of any right or privilege of a citizen of the United States. <u>Graves v. U.S.</u>, 961 F. Supp. 314, 320 (D.D.C. 1997).

As noted above, a conspiracy is an agreement between two or more persons to commit an unlawful act. <u>Brug v. Nat'l Coalition for the Homeless</u>, 45 F. Supp. 2d 33, 40 (D.D.C. 1999). The only two defendants cited in Cause of Action 4 of Buesgens's motion to supplement are the FLRA and NTEU. The former is a government agency, which is not a "person" for purposes of a section 1985(3) conspiracy claim. <u>See Proffitt v. U.S.</u>, 758 F. Supp. 342, 345 (E.D.Va. 1990). <u>See also Graves</u>, 961 F. Supp. at 381 (employee's civil rights claims against U.S. were barred by doctrine of sovereign immunity). Thus, because Buesgens has no valid section 1985(3) claim against the FLRA, there was no one with whom NTEU or defendant Kelley could have conspired. See OPM - EEOC ASSISTANT U.S. ATTORNEYS <u>Santiago v. New York State Dep't of Correctional Servs.</u>, 725 F. Supp. 780, 783 (S.D.N.Y. 1989) (plaintiff's claim fails to satisfy section 1985(3)'s requirement of a conspiracy between "two or more persons" where one of the two named defendants is a state agency that does not qualify as a "person"). MORE THAN TWO Buesgens's claim therefore must be denied for failure to state a claim upon which relief may be granted.

7

Further, even if the FLRA could be a co-conspirator under section 1985(3), the new conspiracy claim must be denied because Buesgens has alleged no facts to show that there was a "meeting of the minds" between the FLRA and defendant Kelley to deprive him as a member of a protected class of his civil rights.  On the whole, complaints such as Buesgens's, which contain only "conclusory," "vague," or "general allegations" of a conspiracy, fail to state a claim under section 1985(3).  See Brug, 45 F. Supp. 2d at 41 (quoting Hobson v. Wilson, 737 F.2d 1 (D.C. Cir. 1984)).

Moreover, Buesgens's assertion that he is disabled and that the complained-of actions by the FLRA and the Union were "based on his disability" are insufficient to establish that the parties' actions were motivated by some class-based, discriminatory animus.[2]  See Graves, 961 F. Supp. at 322 (claim of membership is some arguably protected classes, standing

_____

[2]    There is disagreement among the circuits as to whether a disabled person may even bring a claim under the civil rights conspiracy statute, 42 U.S.C. § 1985(3).  Compare Larson v. Miller, 55 F.3d 1343, 1352-53 (8th Cir. 1995) (extending protection to disabled persons as a class); People of New York v. 11 Cornwell Co., 695 F.2d 34, 43 (2d Cir. 1982) (same) with D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1486-87 (7th Cir. 1985) (holding that the disabled are not a class entitled to protection under section 1985(3)); Wilhelm Cont'l Title Co., 720 F.2d 1173, 1177 (10th Cir. 1983) (same).  This Court has not definitively addressed the issue.  Cf. Graves v. Riley, 961 F.Supp. 314, 322 n.3 (D.D.C. 1997) (recognizing in a footnote that the Seventh Circuit excludes disabled persons from section 1985(3)'s coverage, but having no need to address that question itself because plaintiff was black).

8

alone, is insufficient to constitute an allegation of class-based, invidiously discriminatory animus).

Because Buesgens has likewise failed to demonstrate a <u>prima facie</u> case of a section 1985(3) conspiracy, his supplemental conspiracy claim must be denied as futile.

*1:06CV01964RBW*
*1:07CV00859RBW*

## CONCLUSION

In sum, the Fourth Cause of Action in Buesgens's motions to file supplemental claims and add a party must be denied because Buesgens's new conspiracy claim is futile. Buesgens has failed to allege the essential elements of a civil conspiracy or section 1985(3) conspiracy claim against the FLRA and defendants. His claim must, therefore, be denied because he has failed to state a claim upon which relief can be based and is futile.

WHEREFORE, defendant Kelley respectfully requests that this Court deny Cause of Action 4 of Buesgens's motion to join an additional party defendant and to file a first supplemental complaint.

*HAS ANYONE BUT BUESGENS FAILED AT ANYTHING - ANYTIME - ANYWHERE?*

9

Respectfully submitted,


Gregory O'Duden
General Counsel
Bar No. 254862


L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

RUSSELL BO KELMIN
DONALD RAY TRANEY, JR
1:07 CV 00859 RBW

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
        Plaintiff, )
)
    v. )           Case No. 1:05CV02334
)                  Judge: Royce C. Lamberth
MARCIA H. COATES, et al. )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY )
)                   DOCUMENT 34
    and )           FILED: 3/10/06
)
COLLEEN M. KELLEY, ✓ NTEU )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
        Defendants. )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by first

class mail, a copy of DEFENDANT KELLEY'S OPPOSITION TO

BUESGENS'S MOTIONS TO JOIN ADDITIONAL PARTY DEFENDANT AND TO

FILE FIRST SUPPLEMENTAL COMPLAINT on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

RUSSELL BOKELMAN
NTEU

3/10/06
Date

Julie M. Wilson
Assistant Counsel

EEOC NO. 360-2003-82864
1:06CV01964 RBW
1:07CV00859 RBW

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                     )
                                        )
            Plaintiff,                  )
                                        )
      v.      *EEO#05-2291*             )        Case No. 1:05CV02334 ✓
                                        )        Judge: Royce C. Lamberth
MARCIA H. COATES, et al.,               )
DIRECTOR,                               )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                  )
                                        )
      and                               )        DOCUMENT 40
                                        )        FILED: 3/23/06
COLLEEN M. KELLEY, *NTEU*               )
NATIONAL PRESIDENT,                     )
NATIONAL TREASURY EMPLOYEES UNION       )
                                        )        4-PAGES
            Defendants.                 )
_____)

## DEFENDANT KELLEY'S OPPOSITION TO BUESGENS'S MOTION FOR SUMMARY JUDGMENT

     Defendant Colleen M. Kelley (Kelley) responds to the Motion

for Summary Judgment filed by Michael L. Buesgens (Buesgens) on

March 23, 2006, as follows.   *RUSSELL BOKELMAN - NTEU*

     1.   Buesgens's motion for summary judgment should be

dismissed as premature.  The Court has not yet ruled on the

jurisdictional issues raised in defendant Kelley's January 13,

2006 motion to dismiss.

     2.   Buesgens's motion for summary judgment does not comply

with the requirements of Federal Rule of Civil Procedure 56 and

Local Rules 7(h) and 56.1, and should therefore be dismissed or

stricken from the record.

*1:05CV02334(ecc*

3.   Buesgens's forty-four page memorandum in support of his motion for summary judgment contains four statements about NTEU, none of which even purports to support a request for summary judgment against defendant Kelley.  Essentially, Buesgens restates the allegation in his complaint against defendant Kelley.  Thus, at paragraph "O" on page 19, Buesgens contends that "Colleen M. Kelley failed to represent me under Title VII retaliation."  For the reasons stated in defendant Kelley's memorandum in support of her motion to dismiss, which defendant Kelley hereby incorporates by reference, Kelley requests that Buesgens's motion for summary judgment be denied.

Respectfully submitted,

*INCORPORATES BY REFERENCE*

*1:06CV01964RBW*

*1:06CV01558RCC*

*1:07CV00859RBW*

/s/ Gregory O'Duden

Gregory O'Duden
General Counsel
Bar No. 254862

/s/ L. Pat Wynns   *RUSSELL BOKELMAN*

L. Pat Wynns
Associate General Counsel for
   Appellate Litigation
Bar No. 257840

*DONALD RAY TAWNEY, JR*
*06-11164*
*07-10008   ETAL*

/s/ Julie M. Wilson
_____
Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

1:05CV02334RcL
DOCUMENT 40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS          )
                             )
          Plaintiff,         )
                             )
     v.                      )    Case No. 1:05CV02334
                             )    Judge: Royce C. Lamberth
MARCIA H. COATES, et al.,    )
DIRECTOR,                    )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY       )
                             )    DOCUMENT 40
     and                     )
                             )
COLLEEN M. KELLEY, NTEU      )
NATIONAL PRESIDENT,          )
NATIONAL TREASURY EMPLOYEES UNION )
                             )
          Defendants.        )
_____)

## CERTIFICATE OF SERVICE

     I hereby certify that I have caused to be served, by first

class mail, a copy of DEFENDANT KELLEY'S OPPOSITION TO

BUESGENS'S MOTION FOR SUMMARY JUDGMENT on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

3-23-06
Date

ROSSELL BOKELMAN NTEU

Myra Bernard
Legal Assistant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS          )
                             )
          Plaintiff,         )
                             )
     v.                      )        Case No. 1:05CV02334
                             )        Judge: Royce C. Lamberth
MARCIA H. COATES, et al.     )
DIRECTOR,                    )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)      DOCUMENT 44
U.S. DEPT. OF TREASURY       )        FILED: 3/28/06
                             )
     and                     )
                             )        4-PAGES
COLLEEN M. KELLEY,  NTEU     )
NATIONAL PRESIDENT,          )
NATIONAL TREASURY EMPLOYEES UNION )
                             )        RUSSELL BO KECMANI
          Defendants.        )
_____)

### DEFENDANT KELLEY'S MOTION TO EXTEND THE TIME FOR A RULE 26(f) CONFERENCE AND TO POSTPONE THE RULE 16 SCHEDULING CONFERENCE

Defendant Colleen M. Kelley (Kelley) hereby moves this Court
to: (1) extend the time for holding a Rule 26(f) conference until
30 days after the Court rules on the motion to dismiss that
defendant Kelley filed on January 13, 2006, and (2) postpone the
scheduling conference required under Rule 16 until at least 21
days after the extended date for the Rule 26(f) conference.  In
support of this motion, defendant Kelley states as follows:

1.    Pursuant to Rule 26(f) and Local Rule 16.3, the parties
must confer to discuss the nature and basis of their claims and to
develop a proposed discovery plan at least 21 days before a Rule

NO DISCOVERY ALLOWED
SEE DOCUMENT

16 scheduling conference is held.  Defendant Kelley has not received official notice of a scheduling conference.

2.    Under Rule 16, a scheduling conference must be held within 120 days after the complaint has been served on the defendant.  The last defendant in this case was served on December 27, 2005.  Thus, the scheduling conference must be scheduled before April 26, 2006.

3.    The Rule 26(f) conference and Rule 16 scheduling conference may prove to be unnecessary because defendant Kelley is likely to prevail on her motion to dismiss.  As defendant Kelley demonstrated in her motion, the Court lacks jurisdiction over claims that the union violated its duty of fair representation under established Supreme Court precedent.  Even if plaintiff's claims are not preempted by the Civil Service Reform Act, the purported discrimination claims against defendant Kelley must be dismissed for lack of subject matter jurisdiction for other reasons.  Kelley is not covered by the Rehabilitation Act and NOA plaintiff Michael L. Buesgens (Buesgens) has failed to exhaust the requisite administrative remedies for a claim under Title VII of the Civil Rights Act of 1964 or any other potentially applicable discrimination statutes.  Finally, Buesgens has failed to state a Title VII retaliation claim upon which relief can be granted.

WHEREFORE, defendant Kelley respectfully moves the Court to (1) extend the time for a Rule 26(f) conference until after the

2

Court rules on defendant Kelley's motion to dismiss and (2)

postpone the Rule 16 scheduling conference until at least 21 days

after the extended date for the Rule 26(f) conference.

Respectfully submitted,


/s/ Gregory O'Duden
_____
Gregory O'Duden
General Counsel
Bar No. 254862


/s/ L. Pat Wynns
_____
L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


/s/ Julie M. Wilson
_____
Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

RUSSELL BOKELMAN - NTEU
AUSTIN, TEXAS

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS

      Plaintiff,

    v.

*EEO #05-2291*

MARCIA H. COATES, et al.
DIRECTOR, *MACINE HARVEY*
OFFICE OF EQUAL OPPORTUNITY PROGRAM
U.S. DEPT. OF TREASURY

    and

COLLEEN M. KELLEY, *NTEU*
NATIONAL PRESIDENT,
NATIONAL TREASURY EMPLOYEES UNION

      Defendants.

Case No. 1:05CV02334
Judge: Royce C. Lamberth

*DOCUMENT 44*
*FILED: 3/28/06*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by first class mail, a copy of DEFENDANT KELLEY'S MOTION TO EXTEND THE TIME FOR A RULE 26(f) CONFERENCE AND TO POSTPONE THE RULE 16 SCHEDULING CONFERENCE on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

*3/28/06*
Date

*RUSSELL BOKELMAN*

/s/ Julie M. Wilson

Julie M. Wilson
Assistant Counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MICHAEL L. BUESGENS )
)
     Plaintiff, )
)
    v. )
)
MARCIA H. COATES, et al. )
DIRECTOR, )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY )
)
    and )
)
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )
)
    Defendants. )
_____)

Case No. 1:05CV02334
Judge: Royce C. Lamberth

*[handwritten: DOCUMENT 45 FILED: 3/28/2006 3-PAGES RUSSELL BOKELMAN]*

*[handwritten: NTEU]*

## DEFENDANT KELLEY'S MOTION FOR A PROTECTIVE ORDER

*[handwritten: NO DISCOVERY NOT NOW NOT EVER]*

In response to the First Motion for Discovery and Production of Documents and Disclosure filed by Michael L. Buesgens (Buesgens) on March 23, 2006, and pursuant to Rule 26(c), defendant Colleen M. Kelley (Kelley) hereby moves this Court to issue a Protective Order staying all discovery with respect to defendant Kelley and the National Treasury Employees Union in this case until the Court rules on defendant Kelley's pending dispositive Motion to Dismiss, or in the Alternative, to Provide a More Definite Statement and the parties develop a proposed discovery plan in accordance with Rule 26(f).

If defendant Kelley's dispositive motion is granted, and

the case against her dismissed, discovery will be unnecessary.
In such a case, a stay will have saved the burden and expense of
gathering the information requested by Michael Buesgens, and the
expense, time, and waste of judicial resources necessary to
resolve the objections which Kelley will raise to the discovery
requests.

Moreover, Buesgens will have ample time to engage in
discovery following the Court's ruling on defendant Kelley's
dispositive motion should her motion not be granted in full.

Respectfully submitted,

/s/ Gregory O'Duden

Gregory O'Duden
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS   )
            )
    Plaintiff,   )
            )
  v.        )  Case No. 1:05CV02334
            )  Judge: Royce C. Lamberth
MARCIA H. COATES, <u>et al.</u> )
DIRECTOR,       )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY  )
            )
  and        )
            )
COLLEEN M. KELLEY,   )
NATIONAL PRESIDENT,   )
NATIONAL TREASURY EMPLOYEES UNION )
            )
    Defendants.   )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by first class mail, a copy of DEFENDANT KELLEY'S MOTION FOR A PROTECTIVE ORDER, DEFENDANT KELLEY'S MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER and the PROPOSED ORDER on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

3/28/06
‾‾‾‾‾‾‾
Date

/s/ Julie M. Wilson
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Julie M. Wilson
Assistant Counsel

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS    )
           )
    Plaintiff,    )
           )
  v.         )  Case No. 1:05CV02334
           )  Judge: Royce C. Lamberth
MARCIA H. COATES, et al.  )
DIRECTOR,        )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY   )
           )
  and        )
           )
COLLEEN M. KELLEY,    )
NATIONAL PRESIDENT,    )
NATIONAL TREASURY EMPLOYEES UNION )
           )
    Defendants.   )
_____)

*[Handwritten annotations: "DOCUMENT 45 FILED: 3/28/2006   5-PAGES   RUSSELL BOKELMAN   NO DISCOVERY ALLOWED   NTEU"]*

### DEFENDANT KELLEY'S MEMORANDUM IN SUPPORT
### OF MOTION FOR A PROTECTIVE ORDER

  In response to the First Motion for Discovery and Production of Documents and Disclosure filed by Michael L. Buesgens (Buesgens) on March 23, 2006, defendant Colleen M. Kelley (Kelley) submits the attached Motion for a Protective Order and this accompanying memorandum.

### BACKGROUND

  On December 5, 2005, Michael Buesgens filed a complaint in this Court against multiple agency defendants and Colleen Kelley, President of the National Treasury Employees Union, alleging, among other things, that the defendants discriminated against him and other EEO complainants.  On January 13, 2006,

defendant Kelley filed a timely motion to dismiss the complaint. Kelley argued that the Court lacked jurisdiction over Buesgens's claims against her because the allegations were nothing more than a charge that defendant Kelley and NTEU breached a duty of fair representation, over which the Federal Labor Relations Authority had exclusive jurisdiction.  Buesgens filed an opposition to Kelley's motion to dismiss on January 23, 2006, and on January 25, 2006, Kelley filed a timely reply to Buesgens's opposition.  The Court has not yet ruled on Kelley's dispositive motion to dismiss.

On March 23, 2006, Buesgens filed a "First Motion for Discovery and Production of Documents and Disclosure."

## ARGUMENT

1.    As an initial matter, under Rule 26(d), Buesgens's motion for discovery is premature because the parties have not yet engaged in a Rule 26(f) planning conference.  Until such time that a planning conference is held, Kelley is not obligated to respond to Buesgens's request for documents.

2.    Nevertheless, in response to Buesgens's motion, defendant Kelley asks the Court to issue a protective order staying discovery against her until the Court rules on her pending dispositive motion to dismiss and the parties have *SUMMARY JUDGMENT FOR* developed a proposed discovery plan in accordance with Rule *RUSSELL* 26(f).  Rule 26(c) of the Federal Rules of Civil Procedure *BOKELMAN*

2

provides that courts may "make any order which justice requires
to protect a party or person from annoyance, embarrassment,
oppression, or undue burden or expense. . . ." Several courts
have held that it is proper to issue such an order to stay
discovery pending the outcome of a dispositive motion. <u>See,</u>
<u>e.g.</u>, <u>Chagon v. Bell</u>, 642 F.2d 1248, 1266 (D.C. Cir. 1980)
(district court had authority to stay discovery as to factual
matters not relevant to question of law posed by motion for
summary judgment); <u>Nolan v. United States Dep't of Justice</u>, 973
F.2d 843, 849 (10th Cir. 1992) (district court acted within its
discretion to stay discovery pending disposition of DOJ's
summary judgment motion); <u>Landry v. Air Line Pilots Ass'n Int'l</u>
<u>AFL-CIO</u>, 901 F.2d 404, 435-36 (5th Cir.), <u>cert. denied</u>, 498 U.S.
895 (1990) (district court properly stayed discovery pending
outcome of summary judgment motion which, if granted, would
altogether eliminate the need for discovery). *BUESGENS SUFFERED*

    In this case, Buesgens will suffer no hardship if the court
stays discovery. <u>See Marrese v. American Academy of Orthopaedic</u>
<u>Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983), <u>reh'g denied</u>, 471
U.S. 1062 (1984) ("[i]n ruling on a motion to limit discovery,
the district judge must compare the hardship to the party
against whom discovery is sought, if discovery is allowed, with
the hardship to the party seeking discovery if discovery is
denied"). First, discovery will not assist Buesgens in *IT SURE*
*WOULD*

3

responding to Kelley's pending motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Buesgens has already filed his response to Kelley's motion to dismiss. Thus, discovery at this stage is irrelevant to the legal arguments made in those pleadings. *RUSSELL BO KELMAN IS IRRELVANT*

Second, should the Court deny Kelley's dispositive motion, Buesgens will have ample time to serve discovery requests on Kelley. On the other hand, allowing discovery to proceed at this point will cause undue hardship for Kelley and waste this Court's judicial resources. Buesgens's discovery requests will require counsel for Kelley to expend significant time and resources to track down and gather information from NTEU's national office and the union's regional office in Austin, Texas. Moreover, much of the information Buesgens has requested is irrelevant to his claims against Kelley. Consequently, should discovery be allowed to proceed, this Court will have to devote precious judicial resources to resolving disputes that are certain to arise over the scope of Buesgens's discovery requests. *TRACK DOWN SOMETHING* *RUSSELL BO KELMAN - IRRELVANT*

This expenditure of resources by the Court and defendant Kelley is wholly unnecessary at this point. If Kelley's dispositive motion is granted, there will be no need for Buesgens to engage in any discovery against Kelley. Moreover, *CONCEAL EVIDENCE*

4

even if it is not granted, Buesgens will have sufficient time following the motion's disposition to serve discovery requests on Kelley. A stay of discovery, therefore, would promote efficiency and fairness for all parties.

For the reasons set forth in this Memorandum, defendant Kelley respectfully requests that this Court grant a protective order, staying discovery against her until the Court rules on Kelley's pending dispositive motion to dismiss and the parties have developed a proposed discovery plan in accordance with Rule 26(f).

*1:05CV02334RCL*

*STAY DISCOVERY FOR 1:06CV01964 RBW*

Respectfully submitted,

/s/ Gregory O'Duden

Gregory O'Duden
General Counsel
Bar No. 254862

*RUSSELL BOKELMAN NTEU CHAPTER 247 AUSTIN, TX*

/s/ L. Pat Wynns

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                           )
                                              )
        Plaintiff,                 )
                                              )
      v.                               )        Case No. 1:05CV02334
                                              )        Judge: Royce C. Lamberth
MARCIA H. COATES, et al.                      )
DIRECTOR,                                     )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                        )        *DOCUMENT 45*
                                              )        *FILED: 3/28/06*
     and                              )
                                              )
COLLEEN M. KELLEY,    *NTEU.*                 )        *2-PAGES*
NATIONAL PRESIDENT,                           )
NATIONAL TREASURY EMPLOYEES UNION             )
                                              )
        Defendants.                )
_____)

### ORDER

    Upon consideration of the Motion for a Protective Order

filed by defendant Colleen M. Kelley, it is hereby

    ORDERED that the motion be granted and that all discovery

against defendant Kelley is stayed until the Court rules on

defendant Kelley's pending dispositive motion and the parties

have developed a proposed discovery plan in accordance with Rule

26(f).


Date: _____        _____
                             United States District Judge

Parties to be notified:

*1: 05CV02334RCL*
*RUSSELL BOKELMAN -NTEU*

Julie M. Wilson
Assistant Counsel
National Treasury Employees Union
1750 H Street, NW
Washington, DC  20004

Karen L. Melnick
Assistant United States Attorney
Civil Division, Department of Justice
555 4th Street, NW
Washington, DC  20530

*R. BARRY ROBINSON*
*1: 05CV2435S*
*PAT S. GENIS*
*07-10008*
*1:07CV00859RBW*

Michael L. Buesgeus
500 E. Stassney
Apt. 1023
Austin, Texas 78745

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL BUESGENS,                          )
                                           )
    Plaintiff,                      )
                                           )
    v.                              )
                                           )
MARCIA H. COATES,                          )
as Director, Office of Equal Opportunity   )
Program, et al.,                           )    Civil Action No. 05-2334 (RCL)
                                           )
    and                             )
                                           )
COLLEEN M. KELLEY    NTEU                   )
as National President,                     )
National Treasury Employees Union          )
                                           )
    Defendants.                     )
                                           )

*DOCUMENT 54*
*FILED: 5/9/2006*
*✓    8-PAGES*

## MEMORANDUM OPINION

Before the Court is defendant Colleen Kelley's ("Kelley") motion to dismiss [10] and

Federal defendants'[1] motion [25] to dismiss or, in the alternative, to transfer the pending action to

the United States District Court for the Western District of Texas. As is clear from plaintiff's

complaint, the Federal defendants' motions and replies, and the plaintiff's opposition, this action

does not properly lie in this Court because it does not satisfy Title VII's specific venue provision

set forth in 42 U.S.C. § 2000e-5(f)(3). Accordingly, Federal defendants' motion [25] to transfer

is granted and the case is transferred to the District Court for the Western District of Texas.

Furthermore, because the Court concludes that it lacks subject-matter jurisdiction over plaintiff's

---

[1] Defendants include Marcia H. Coates, Director, Office of Equal Opportunity Program, Department of Treasury; Cari M. Dominguez, Chair, Equal Employment Opportunity Commission; Kay Coles James, Director, Office of Personnel Management; John W. Snow, Secretary, Department of Treasury; and J. Russell George, Inspector General, Treasury Inspector General Tax Administration.

claims against Kelly, Kelley's motion [10] to dismiss will be granted.

## BACKGROUND

Plaintiff was employed by the Internal Revenue Service ("IRS"), Wage & Investment Division, as a GS-0962-08 Contact Representative in Austin, Texas for nearly 15 years. (See Salyards Decl. ¶ 2.) Plaintiff began his employment with the IRS on October 22, 1990, and worked in Austin, Texas his entire career. See id. Plaintiff retired from the IRS because of a medical disability on March 7, 2005. See id. While employed at the agency, plaintiff was a member of the National Treasury Employees Union ("NTEU"). (Pl.'s Compl. 5.)

Plaintiff filed three administrative complaints concerning his separation from the agency that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing. (Salyards Decl. ¶ 5.) On January 21, 2004, the EEOC Administrative Judge found that there was no discrimination. See id. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. See id. Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004, and his request for reconsideration was also denied, on February 18, 2005. See id.

On January 5, 2005, plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the IRS claiming that the agency had improperly dismissed his previous EEO complaints as untimely filed. (Pl's Compl. 15.) On April 5, 2005, plaintiff filed a Complaint in the United States District Court for the Western District of Texas alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability. (See Defs.' Ex. 1.)

On May 31, 2005, plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints

2

and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency. (See Salyards Decl. at ¶ 7.) On August 11, 2005, plaintiff filed an unfair labor practice charge against the NTEU and defendant Kelley, National President of the NTEU. On December 6, 2005, the Federal Labor Relations Authority ("FLRA") Regional Director dismissed most of the allegations as untimely filed and dismissed the remaining allegation that the Union deliberately and unjustifiably treated plaintiff differently than other unit employees by refusing "to pursue EEO complaints and related legal actions" for lack of evidence. (Def.'s Mot. Att. 1.)

On December 5, 2005, plaintiff filed a lawsuit in this Court. Then on December 6, 2005, plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim under the Freedom of Information Act against the Department of Treasury, seeking damages for the agency's handling of an alleged FOIA request. See id.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. In turn, the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," See Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp.2d 9, 13 (D.D.C. 2001), which includes the obligation to determine whether the plaintiffs' claims are moot. See Mine Reclamation Corp. v. FERC, 30 F.3d 1519, 1522 (D.C. Cir. 1994).

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED. R. CIV. P. 12(b)(3). In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations

3

in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. <u>Darby v. U.S.</u> <u>Dep't of Energy</u>, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); <u>2215 Fifth St. Assocs. v. U-Haul Int'l,</u> <u>Inc.</u>, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The court, however, need not accept the plaintiff's legal conclusions as true. <u>2215 Fifth St. Assocs.</u>, 148 F. Supp. 2d at 54. To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. <u>Id.</u>

The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation Act. 29 U.S.C. § 794(a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C. 2000e-5(f)(3); <u>Archuleta v. Sullivan</u>, 725 F. Supp. 602, 603-04 (D.D.C. 1989). Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts.

The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. <u>Stebbins v. State Farm Mut. Auto.</u> <u>Ins. Co.</u>, 413 F.2d 1100, 1102 (D.C. Cir. 1969). If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is

4

improper. 42 U.S.C. § 2000e-5(f)(3). When a plaintiff files an action in the wrong district, 28

U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case"

to the proper venue. 28 U.S.C. § 1406(a).

## DISCUSSION

### A.    Defendant Kelley's Motion to Dismiss

Plaintiff alleges that defendant Kelley and NTEU "failed to represent [him] fairly under

Title VII retaliation provisions." (Pl.'s Compl. 36.) Plaintiff claims that NTEU engaged in

"discriminatory representation" by 1) negotiating collective bargaining agreements that have the

effect of denying him equal opportunities for employment; 2) failing to act affirmatively to

prevent the IRS from discriminating against EEO complainants; 3) failing to process EEO

grievances like other grievances; and 4) failing to effectively represent EEO complainants by

permitting the EEO director to discriminate against them. (Id. at 36-37.) Kelley argues that the

Court lacks subject matter jurisdiction to all plaintiff's claims. The Court agrees with Kelley.

Plaintiff's claims amount to nothing more than an allegation that NTEU breached their

duty of fair representation. Therefore, plaintiff's complaint may only be brought before the

FLRA. See Steadman v. Governor, U.S. Soldiers' and Airmen's Home, 918 F. 2d 962, 966

(D.C. Cir. 1990). Title VII of the Civil Service Reform Act, 5 U.S.C. §§ 7101- 7135 (CSRA),

governs all claims arising from a union's alleged breach of the duty of fair representation.

According to 5 U.S.C. § 7114 (a) (1), NTEU as a union, is the exclusive representative for

plaintiff and has a duty to represent him in a fair manner, without discrimination and without

regard to union membership. Any breach of this duty of fair representation constitutes an unfair

labor practice. 5 U.S.C. § 7116 (b). The CSRA also gives exclusive jurisdiction over charges

5

that a federal sector union breached its duty of fair representation. <u>Steadman</u>, 918 F. 2d at 966.

Furthermore, federal sector union members, like plaintiff, do not have a private cause of action

against their unions for breaches of the duty of fair representation. <u>Karhalios v. National</u>

<u>Federation of Federal Employees, Local 1263</u>, 489 U.S. 527, 529-36 (1989). Accordingly, this

Court lacks subject matter jurisdiction over plaintiff's claims against Kelly and the NTEU.

**B.      Defendants' Motion to Transfer**

Plaintiff alleges that the EEO process in Texas is biased and that the EEOC defendants

have abused the process and their power. (See Compl. 22.) Specifically, plaintiff states that "the

central issue in this case is the continuing and the endemic systemic leadership condoned

(defendants) that put EEO complainants in harms way, and a substantial loss in due process

rights." (<u>Id</u>. at 23.) In turn, defendants argue that plaintiff's lawsuit should be dismissed for lack

of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be

granted, or in the alternative, Federal defendants move to transfer this case to the Western

District of Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§

1404(a) and 1406(a). The Court agrees that this case should be transferred to the Western

District of Texas.

*1.      Venue in Title VII Actions*

In this case, each of the venue provisions found in Title VII show that the District of

Columbia is not the proper venue for this case. First, the alleged unlawful employment practice

was not committed in this District. Plaintiff was employed by the Internal Revenue Services as a

seasonal Contact Representative in Austin, Texas. (Salyards Decl. ¶ 2.) Second, none of

plaintiff's employment records are maintained and administered in the District of Columbia. (<u>Id</u>.

6

¶ 4.) Plaintiff's relevant employment records are located in the Western District of Texas. (See id. ¶ 3.) In addition, the relevant management witnesses in this case are located in the Western District of Texas. Id. Third, as noted above, plaintiff did not work in this District at the time period identified in the Complaint. (See Salyards Decl. ¶ 2.) Fourth, plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because defendants' principal office is located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103. There is no suggestion here that personal jurisdiction over these Federal defendants would not lie in the Western District of Texas, or that it would be otherwise inconvenient to proceed there. Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars plaintiff from proceeding with his lawsuit in this District.

    2.    *Transfer under § 1404(a)*

According to 28 U.S.C. § 1404 (a), the Court is authorized to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice. Each of these conditions is satisfied in the present case.

Plaintiff may properly have brought this action in the Western District of Texas, where plaintiff worked at all relevant times, pursuant to the third prong of the Title VII venue statute in § 2000e-5(f)(3). Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Western District of Texas. Plaintiff resides in Texas. Many of the

7

witnesses and agency officials with knowledge relevant to plaintiff's allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas. (Salyards Decl. ¶¶ 2-3.) Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer is in the interest of justice. Accordingly, the United States District Court for the Western District of Texas is the proper venue for plaintiff's claims against the EEOC defendants under Title VII's venue provision and this Court concludes that a transfer at this time will promote the interests of justice.

The Court has also considered the plaintiff's motion [36] for Recusal and Disqualification and Reassignment of Judge and Law Clerk, and concludes that it is without merit.

## CONCLUSION

For the reasons stated herein, the Court will grant Federal defendants' motion to transfer and grant defendant Kelley's motion to dismiss. The plaintiff's motion for recusal will also be denied.

A separate Order will issue this date.

Signed by Royce C. Lamberth, United States District Judge, May 9, 2006.

1:05CV02334 RCC
DOCUMENT 54

8

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL BUESGENS,       )
                      )

    Plaintiff,           )
                      )

    v.                 )
                      )

MARCIA H. COATES,       )
as Director, Office of Equal Opportunity  )
Program, et al.,         )     Civil Action No. 05-2334 (RCL)
                      )

    and           )

COLLEEN M. KELLEY     )
as National President,       )
National Treasury Employees Union   )
                      )

    Defendants.        )

*DOCUMENT 55*
*FILED: 5/9/2006*

*3-PAGES*

## ORDER

Upon consideration of defendant Colleen Kelley's ("Kelley") motion to dismiss [10] and

Federal defendants'[1] motion [25] to dismiss or, in the alternative, to transfer the pending action to

the United States District Court for the Western District of Texas, it is hereby

ORDERED that Federal defendants' motion [25] to transfer is GRANTED and this case

is transferred to the Western District of Texas.  It is further

ORDERED that Federal defendants' motion [25] to dismiss on other grounds remains

pending for decision by the transferee court.  It is further

ORDERED that defendant Kelley's motion [10] to dismiss is GRANTED and it is further

---

[1] Defendants include Marcia H. Coates, Director, Office of Equal Opportunity Program, Department of Treasury; Cari M. Dominguez, Chair, Equal Employment Opportunity Commission; Kay Coles James, Director, Office of Personnel Management; John W. Snow, Secretary, Department of Treasury; and J. Russell George, Inspector General, Treasury Inspector General Tax Administration.

ORDERED that this action is dismissed as to defendant Kelley, and it is further

ORDERED that plaintiff's motion [36] for Recusal and Disqualification and Reassignment of Judge and Law Clerk is DENIED. It is further

ORDERED that defendant Kelley's motion [10] for More Definite Statement, motion [44] for Extension of Time to Hold Rule 26(f) and Rule 16 Conferences, motion [45] for Protective Order are DENIED as MOOT. It is further

ORDERED that Federal defendants' motion [46] to Stay Discovery is GRANTED. It is further

ORDERED that plaintiff's motion [3] to Amend/Correct to Add a Party is DENIED. It is further

ORDERED that plaintiff's motion [7] for Reconsideration the Court's Order on Motion to Appoint Counsel is DENIED; it is further

ORDERED that plaintiff's motion [24] for Leave to File First Supplemental Complaint is DENIED; it is further

*1:05 CV0233YRCL*

ORDERED that plaintiff's motion [35] for Extension of Time to File an Opposition to Defendants' Motion for Summary Judgment and Transfer of Venue is GRANTED, *nunc pro tunc*. Plaintiff's opposition will be deemed timely filed. It is further

*NEVER WAS TRANSFERRED*

ORDERED that plaintiff's second motion [37] to Join Additional Party Defendant is DENIED; it is further

ORDERED that plaintiff's motion [38] for Summary Judgment is DENIED; it is further

ORDERED that plaintiff's motion [41] for Discovery is DENIED. It is further

ORDERED that plaintiff's motion [47] for Extension of Time is DENIED. It is further

ORDERED that plaintiff's motion [49] for Disclosure is DENIED. It is further

ORDERED that plaintiff's motion [50] for Sanctions is DENIED.  It is further

ORDERED that plaintiff's motion [51] for Transfer to Transferee is DENIED.  It is

further

ORDERED that plaintiff's motion [52] for Leave to Set Up Omitted Compulsory

Counterclaim by Amendment and to Bring in Additional Parties is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, May 9, 2006.

1:05CV02334RCL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS      )
                         )
        Plaintiff,       )
                         )
    v.                   )        Case No. 1:05CV02334
                         )        Judge: Royce C. Lamberth
MARCIA H. COATES, et al.,)
DIRECTOR,                )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY   )
                         )        *DOCUMENT 59*
    and                  )
                         )        *7-PAGES*
COLLEEN M. KELLEY,  *NTEU* )      *FILED: 6/21/2006*
NATIONAL PRESIDENT,      )
NATIONAL TREASURY EMPLOYEES UNION )
                         )
        Defendants.      )
                         )

## DEFENDANT KELLEY'S OPPOSITION TO BUESGENS'S MOTION TO ENLARGE TIME

*RUSSELL BOKELMAN*

Defendant Colleen M. Kelley (Kelley) hereby opposes the

Motion To Enlarge Time filed by Michael L. Buesgens (Buesgens)

on June 12, 2006.  In that Motion, Buesgens requests, among

other things, additional time to file an amended complaint in

this Court and to file an appeal to the U.S. Court of Appeals

for the District of Columbia Circuit of the Court's May 9, 2006

decision.

As shown below, Buesgens's requests for an enlargement of

time to file an amended complaint and to file an untimely appeal

must be denied.  Buesgens is barred from amending his complaint

against defendant Kelley because the Court has already entered a

*ENLARGEMENT   1:06 CV 01964 (RBW)*

final judgment in connection with the complaint.  In addition,

Buesgens cannot file an untimely appeal of the Court's decision

dismissing the complaint because Buesgens's reasons for failing

to file a timely appeal do not constitute excusable neglect.

Accordingly, this Court must deny Buesgens's motion for an

enlargement of time.

    **A.**    The D.C. Circuit has routinely held that a plaintiff

cannot amend his complaint after final judgment.  See Cassell v.

Michaux, 240 F.2d 406, 408 (D.C. Cir. 1956) (noting that the

right to amend under Rule 15(a) is terminated by a judgment of

dismissal); Building Indus. Ass'n v. Norton, 247 F.3d 1241, 1245

(D.C. Cir. 2001) ("Ordinarily post-judgment amendment of a

complaint under Rule 15(a) requires reopening of the judgment

pursuant to Rule 59(e) or 60(b).").  Because the complaint

against defendant Kelley was dismissed in its entirety on May 9,

2006, Buesgens can no longer amend it.  Buesgens's motion for an

enlargement of time to file an amended complaint against

defendant Kelley must therefore be denied.

    **B.**    Buesgens's request for additional time to appeal the

Court's May 9 decision must also be denied.  The 30-day time

period for filing a notice of appeal has expired (as of June 8),

and Buesgens has not provided any reason to justify his failure

to file a timely appeal.

2

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal of a district court decision must be filed within 30 days of final judgment.[1]  A party may seek an extension of that time only if (1) the party files the extension no later than 30 days after the time for filing expires and (2) the party shows excusable neglect or good cause for failing to file a timely notice of appeal.  Fed. R. App. Proc. 4(a)(5)(A). Buesgens filed his motion for an enlargement of time on June 12, 2006, which is within the 30-day deadline for filing a request for an extension of time to file a notice of appeal.  The reasons cited in Buesgens's motion do not, however, amount to excusable neglect and thus do not excuse his untimely filing.[2]

Buesgens has not cited any reason qualifying as "excusable neglect" to justify an extension of time to file a notice of appeal.  Essentially, Buesgens claims that his mental illness and pending litigation prevented him from focusing on this matter.  See Pl. Mtn. ¶¶ 1, 2.  Thus, at paragraph 1 on page 2,

---

[1]    The only portion of the Court's decision that is ripe for appeal is the dismissal of all claims against defendant Kelley. Buesgens thus had 30 days--and not the 60 days afforded plaintiffs when the United States or a federal agency is a defendant-party--to file his appeal.

[2]    The good cause standard is not applicable here.  The standard only applies in situations where there is no fault on the part of the movant (e.g., when the U.S. Postal Service fails to deliver a notice of appeal).  Buesgens makes no such claim. See generally Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9, 16 (D.D.C. 2003).

3

Buesgens states that "[he] has been ill and his ability to focus has been compromised." Id. ¶ 1. Further, at paragraph 2 on page 5, Buesgens cites to several housing discrimination suits with which he is involved that "[are] heating up". Id. ¶ 2.

Buesgens's mental illness has not prevented him from filing multiple voluminous documents in this case. Indeed, despite his illness, he has been active in at least ten cases pending in various forums, such as the Equal Employment Opportunity Commission, the Federal Labor Relations Authority, the Merit Systems Protection Board, the Office of Special Counsel, the U.S. District Court for the Western District of Texas, and the U.S. Court of Appeals for the Fifth Circuit.

Similarly, Buesgens's housing litigation, which he asserts began in December 2005 (see Pl. Mtn. ¶ 2), has not prevented him from filing prior documents and pleadings in this case. Most recently, this housing litigation has not interfered with Buesgens's ability to file a twenty-four page document requesting an extension of time. Thus, the fact that his housing litigation is now "heating up" fails to satisfy even the very light standard that applies to pro se litigants seeking an extension of time to file an appeal. See Johnson v. United States, 405 F.2d 1072, 1074 (D.C. Cir. 1968) (finding that lay litigants are to be held to less stringent standards when filing an appeal than those trained in law); cf. Alley v. Dodge Hotel,

4

501 F.2d 880 (D.C. Cir. 1974) (subsequent history omitted)

(holding that, "in all cases where a civil litigant unaided by

counsel files a motion for leave to appeal in forma pauperis

beyond the initial deadline, but within the period of extension

permitted by Rule 4, the District Court may not deny the appeal

as untimely without first inquiring of the litigant whether the

delay is due to excusable neglect.").

In short, the reasons that Buesgens cites for needing an

enlargement of time--his mental illness and housing litigation--

have not prevented him from actively litigating this case in the

previous five months.  Indeed, he has filed many documents that

required far more time and effort than a fill-in-the-blanks

notice of appeal form.  See Form 1 (Rules of Appellate

Procedure, Appendix of Forms).  Accordingly, because Buesgens

has not shown that his failure to file a timely notice of appeal

should be excused, his motion for additional time to file an

appeal must be denied.

For these reasons, defendant Kelley requests that

Buesgens's motion for an enlargement of time be denied.

                         Respectfully submitted,


                         /s/ Gregory O'Duden
                         _____
                         Gregory O'Duden
                         General Counsel
                         Bar No. 254862


5

/s/ L. Pat Wynns

—————————————————

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

—————————————————

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, N.W.
Washington, D.C.  20006
(202) 572-5500

Counsel for defendant Kelley

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                          )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )        Case No. 1:05CV02334
                                             )        Judge: Royce C. Lamberth
MARCIA H. COATES, et al.,                    )
DIRECTOR,                                    )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)          DOCUMENT 59
U.S. DEPT. OF TREASURY                       )        FILED: 6/21/2006
                                             )
      and                                    )
                                             )
COLLEEN M. KELLEY,         NTEU              )
NATIONAL PRESIDENT,                          )
NATIONAL TREASURY EMPLOYEES UNION            )
                                             )
            Defendants.                       )
_____     )

### CERTIFICATE OF SERVICE

      I hereby certify that I have caused to be served, by

commercial mail service (FedEx), a copy of DEFENDANT KELLEY'S

OPPOSITION TO BUESGENS'S MOTION TO ENLARGE TIME on the following

person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745


6-21-06                           RUSSELL BOKELMAN
Date                              Myra Bernard
                                  Legal Assistant

**1:06-cv-01558-RCL** BUESGENS v. UNITED STATES OF AMERICA et al
Royce C. Lamberth, presiding
**Date filed:** 09/01/2006
**Date terminated:** 11/14/2006 **Date of last filing:** 12/28/2006

# Attorneys

**Karen L. Melnik**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room E4112
Washington, DC 20530
(202) 307-0338
karen.melnik@usdoj.gov
*Assigned: 11/01/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**COMMISSIONER OF INTERNAL
REVENUE SERVICE**
*(Defendant)*


**DEPARTMENT OF HEALTH AND
HUMAN SERVICES**
*(Defendant)*

**UNITED STATES OF AMERICA**
*(Defendant)*

**UNITED STATES POSTAL
SERVICE**
*(Defendant)*

**Gregory O'Duden**
NATIONAL TREASURY
EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006-4600
(202) 572-5500
(202) 572-5645 (fax)
greg.oduden@nteu.org
*Assigned: 10/04/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RUSSELL BOKELMAN, NTEU
BARBARA A. ATKIN

representing **COLLEEN M. KELLEY**
*(Defendant)*
DENNIS SCHNEIDER

1:06 CV01558 RCL

| | | |
|---|---|---|
| 09/01/2006 | | SUMMONS Not Issued as to COLLEEN M. KELLEY, FEDERAL LABOR RELATIONS AUTHORITY, CARI M. DOMINGUEZ, KAY COLES JAMES, DONALD R. TAWNEY, MARGERET WAITES, JOHN W. SNOW, THOMAS THEIS, OSCAR LEAL, UNITED STATES OFFICE OF SPECIAL COUNSEL, ANNA MEDLOCK, F. RUSSELL GEORGE, NANCY SESSION, CHARLES WASHINGTON, JR, ANGELIA GOODEY-DOYLE, COMMISSIONER OF INTERNAL REVENUE SERVICE, MARY E. CARROLL, MARTHA SCHANHALS, JAMES PARKER, VICTOR REYES, CHERYL VUILLERMIER, DENNIS COLLINS, ROBERT E. POWELL, KATYE DUDERSTADT, MARY-ELLAN KRCHA, FALCON APARTMENTS OF AUSTIN I, INC., AMANDA WILSON-TORRES, DORIENNE BONILLA, MEGAN GOERES, MANDY ROGERS, DEBI WEHMEIER, CHARLES E. BROWN, P.C., GREP GENERAL PARTNER LLC, GREYSTAR MANAGEMENT SERVICES, LP, RICHARD R. AUBY, THOMAS LEGER, DANIEL PALACIOS, ARMBRUST R. BROWN, LLP, BEN FLOREY, JR, DEREK HOWARD, CRADY, JEWETT & MCCULLEY, LLP, DEPARTMENT OF HEALTH AND HUMAN SERVICES, ALPHONSO JACKSON, GREG ABBOTT, UNITED STATES POSTAL SERVICE, ALL DEFENDANTS, UNITED STATES OF AMERICA, MICHAEL SALYARDS, MARCIA H. COATES, CHARLES G. HERNDON, MELINDA ESTRADA (tg, ) (Entered: 09/07/2006) |

SUMMONS NOT ISSUED

1:06 CV01558 RCL
FEDERAL TORT CLAIM

FTCA

NTEU
RUSSELL BO HELMAN)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )    Case No. 1:06-CV-1558
                                       )    Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.       )
                                       )    DOCUMENT 5
      and                              )
                                       )
COLLEEN M. KELLEY,        NTEU         )    2-PAGES
NATIONAL PRESIDENT,                    )
NATIONAL TREASURY EMPLOYEES UNION      )
                                       )
            Defendants.                )
_____   )

### ORDER

Upon consideration of the motion to dismiss filed by

defendant Colleen M. Kelley, it is hereby *RUSSELL BOKELMAN*

ORDERED that the motion be granted and that all claims

against defendant Kelley be dismissed with prejudice.

*DENNIS SCHNEIDER*
*BARBARA A. ATKIN*

Date: _____        _____
                                 United States District Judge

Parties to be notified:

Julie M. Wilson
Assistant Counsel
National Treasury Employees Union
1750 H Street, NW
Washington, DC  20004

Michael L. Buesgeus
3112 Windsor Road
#A 322
Austin, TX 78703

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
                                       )
              Plaintiff,               )
                                       )
        v.                             )      Case No. 1:06-CV-1558
                                       )      Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, <u>et al.</u> )
                                       )      DOCUMENT 7
        and                            )      FILED: 10/18/2006
                                       )
COLLEEN M. KELLEY, *NTEU*              )      3-PAGES
NATIONAL PRESIDENT,                    )
NATIONAL TREASURY EMPLOYEES UNION      )
                                       )
              Defendants.              )
_____)

### DEFENDANT KELLEY'S REPLY TO BUESGENS'S RESPONSE TO HER MOTION TO DISMISS

Defendant Colleen M. Kelley (Kelley), National President of the National Treasury Employees Union, hereby submits this reply to the response to Kelley's motion to dismiss filed by Michael L. Buesgens (Buesgens) on October 18, 2006.

In the memorandum in support of her motion to dismiss, filed on October 4, defendant Kelley demonstrated that all of Buesgens's claims against her must be dismissed on the basis of collateral estoppel. Buesgens does not make any showing to the contrary. Further, to the extent that Buesgens's response to Kelley's motion can be construed as containing a motion for summary judgment under Rule 56 of the Federal Rules of Civil

1:06CV01964 RBW

Procedure, defendant Kelley opposes the motion for the reasons stated in the memorandum in support of her motion to dismiss.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss with prejudice all of Buesgens's claims against her.

Respectfully submitted,

/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS          )
                             )
            Plaintiff,       )
                             )
      v.                     )        Case No. 1:06-CV-1558
                             )        Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al. )
                             )
      and                    )
                             )
COLLEEN M. KELLEY,  NTEU     )
NATIONAL PRESIDENT,          )
NATIONAL TREASURY EMPLOYEES UNION )
                             )
            Defendants.      )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by FedEx

mail, a copy of DEFENDANT KELLEY'S REPLY TO BUEGESNS'S RESPONSE

TO HER MOTION TO DISMISS on the following person:

Michael L. Buesgens
3112 Windsor Road
#A 322
Austin, TX 78703

                              RUSSELL BOKELMAN
October 18, 2006
                              /s/ Geri Khan
_____
Date
                              _____
                              Geri Khan
                              Legal Assistant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No: 06-1558 (RCL)
                                       )
UNITED STATES OF AMERICA, et al.,      )        *DOCUMENT IS*
                                       )        *FILED: 11/13/2006*
        Defendants.                    )
_____ )

## MEMORANDUM & ORDER

This is a follow-on to a prior case brought by this plaintiff, Civil Action No. 05-2334,
which this Court ordered dismissed as to defendant Kelley, and transferred to the United States
District Court for the Western District of Texas as to the remaining defendants. The Court's
Memorandum Opinion filed May 9, 2006, is reported as *Buesgens v. Coates, et al.*, 435 F. Supp.
2d 1 (D.D.C. May 9, 2006).

Plaintiff thereafter filed this case on September 1, 2006. Although the Complaint lists
Rudolfo Lizcano as a plaintiff, he did not sign the Complaint. Plaintiff Buesgens purported to
sign the Complaint for Lizcano as "Private Attorney General," but Buesgens has no authority to
appear as counsel for Lizcano, and Buesgens can only appear for himself, *pro se*. Accordingly,
the Clerk properly processed and docketed the Complaint only as to plaintiff Buesgens, and any
action purporting to be brought by Rudolfo Lizcano is DISMISSED.  *1:03CV006155*
                                                                    *RELATED*
Plaintiff's motion [4] to reassign this case to another judge is DENIED.  *P:04CR00171LY-RP*
*BOKELMAN*
Defendant Kelley's motion to dismiss this case on the basis of collateral estoppel because
of the prior case is GRANTED, and this case is hereby DISMISSED WITH PREJUDICE as to  *USA V. HERNDON*
defendant Kelley.  *FORMER IRS EMPLOYEE*

The Federal defendants have filed a motion [9] to dismiss, or, in the alternative, to transfer this case to the United States District Court for the Western District of Texas, where this Court ordered Civil Action No. 05-2334 transferred. The transfer motion is hereby GRANTED, and this case is TRANSFERRED to the United States District Court for the Western District of Texas. The Federal defendants' motion to dismiss on other grounds remains pending for decision by the transferee Court.

Plaintiff's motion [11] for admission of discovery exhibits to be included in the record is DENIED.

Plaintiff's motion [12] to add parties is also DENIED.


SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, November 13, 2006.

1:05CV01558 RCC — ORDER
NO DISCOVERY
CASE TRANSFERED TO
JUDGE EARL LEROY YEAKEL, III
1:06CV00967 LY — RP
AND
CLOSED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
3112 Windsor Road )
#A 322 )
Austin, TX 78703 )
)
          Plaintiff, )
)
     v. )       Case No. 1:06-CV-1558 ✓
)               Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al. )
)               *FEDERAL TORT CLAIM*
     and )      *DOCUMENT 5*
)               *FILED: 10/04/2006*
COLLEEN M. KELLEY, *NTEU* )
NATIONAL PRESIDENT, )            *13-PAGES*
NATIONAL TREASURY EMPLOYEES UNION )
1750 H Street, NW )
Washington, DC 20006 )
)
          Defendants. )
_____ )

## DEFENDANT KELLEY'S MOTION TO DISMISS
## ON THE BASIS OF COLLATERAL ESTOPPEL ✓

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil
Procedure, defendant Colleen Kelley (Kelley) hereby moves this
Court to dismiss the claims filed against her in this civil
action. *RUSSELL BOKELMAN-NTEU CHAPTER 247*

As shown in the accompanying memorandum, plaintiff Buesgens
raises the same claims in his September 1, 2006 complaint that
he raised in his December 5, 2005 complaint. This Court
dismissed the prior claims for lack of subject matter *1:05CV02334 RCL*
jurisdiction. Buesgens is thus precluded from now pursuing

those same claims in his current complaint.  Accordingly, the
Court should dismiss Buesgens's current complaint on the basis
of collateral estoppel.

WHEREFORE, defendant Kelley respectfully requests that this
Court dismiss all of Buesgens's claims against her.


Respectfully submitted,


/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862


/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley


2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                      )
                                         )
              Plaintiff,                 )
                                         )
        v.                               )        Case No. 1:06-CV-1558
                                         )        Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.         )
                                         )        DOCUMENTS
        and                              )
                                         )
COLLEEN M. KELLEY,          NTEU         )
NATIONAL PRESIDENT,                      )
NATIONAL TREASURY EMPLOYEES UNION        )
                                         )
              Defendants.                )
                                         )        RUSSELL BOKELMAN

### MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS ON THE BASIS OF COLLATERAL ESTOPPEL

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant Colleen M. Kelley (Kelley) hereby submits this memorandum in support of her motion to dismiss the complaint in this action, filed pro se by plaintiff Michael L. Buesgens (Buesgens) on September 1, 2006. Because plaintiff Buesgens raises the same claims in the current complaint that he raised in his December 5, 2005 complaint, and this Court dismissed the prior claims for lack of subject matter jurisdiction, Buesgens is precluded from pursuing the claims in his September 1, 2006 complaint. Accordingly, the Court should dismiss Buesgens's current complaint on the basis of collateral estoppel. FEDERAL TORT CLAIMS ACT

3

## Background

On December 5, 2005, plaintiff Buesgens filed a complaint

in this Court against multiple agency defendants and Colleen M.

Kelley, President of the National Treasury Employees Union (NTEU

or Union), alleging, among other things, that defendant Kelley

and NTEU "failed to represent [him] fairly under Title VII

retaliation provisions." Pl. Compl. (dated 12/5/05) at 36.[1]

Buesgens further asserted that NTEU engaged in "discriminatory

representation" by purportedly 1) negotiating collective

bargaining agreements that have the effect of denying him equal

opportunities for employment; 2) failing to act affirmatively to

prevent IRS from discriminating against EEO complainants

generally; 3) failing to process EEO grievances like other

grievances; and 4) failing to effectively represent EEO

complainants by permitting the EEO director to discriminate

against them. Pl. Compl. (dated 12/5/05) at 36-37.

On January 13, 2006, defendant Kelley filed a timely motion

to dismiss the complaint. Kelley argued that the Court lacked

jurisdiction over Buesgens's claims against her because the

allegations were nothing more than a charge that defendant

Kelley and NTEU breached a duty of fair representation, over

---

[1]    Courts routinely take judicial notice of prior proceedings
in a pending matter. Clay v. Equifax, Inc., 762 F.2d 952, 956
(11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]).

4

which the Federal Labor Relations Authority had exclusive jurisdiction.

In a May 9, 2006 decision, the Court agreed that Buesgens's claims amounted only to a claim that NTEU breached its duty of fair representation, and, thus, were claims over which the Court lacked subject matter jurisdiction. Therefore, the Court dismissed the complaint against defendant Kelley in its entirety. Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).

Plaintiff Buesgens has now filed a second complaint in this Court against defendant Kelley and NTEU. In the second complaint, dated September 1, 2006, Buesgens again asserts that NTEU failed to represent him and discriminated against him. Pl. Compl. (dated 9/1/06) at 17. Buesgens, however, did not provide in his September 1, 2006 complaint a background section or other factual context outlining how these alleged failures occurred. Rather, on page 48 of that complaint, Buesgens states: "the factual allegations did occur and are documented in court filings and other records." The only other court filing against defendant Kelley and NTEU is the December 5, 2005 complaint. The allegations of which are described above.

SEE    1:05 CV-2435 SS    CLOSED: 12/6/06
        EEOC # 360-2003-8286 Y

5

## Issue

Whether Buesgens is precluded from relitigating the asserted claims against defendant Kelley because the Court previously determined that it lacked subject matter jurisdiction over those same claims.

## Argument

### I.    Standard of Review

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

Nevertheless, it is the plaintiff's burden of persuasion to establish the existence of subject matter jurisdiction.

6

Reynolds v. U.S. Capitol Police Board, 357 F. Supp. 2d 2, 8

(D.D.C. 2004).  While it is recognized that pro se pleadings

shall be construed liberally by the court, the pleader must

allege a claim that falls within the court's jurisdiction.

Logan v. Dep't of Veterans Affairs, 357 F. Supp. 2d 149,

153 (D.D.C. 2004).

II.  **Buesgens's Claims Against Defendant Kelley Are Barred by the Doctrine of Collateral Estoppel.**

   A.  **The standards for establishing the application of collateral estoppel**

   The objective of the doctrine of collateral estoppel (or

issue preclusion) is judicial finality.  Yamaha Corp. v. United

States, 961 F.2d 245, 254 (D.C. Cir. 1992).  The Supreme Court

has thus emphasized the importance of collateral estoppel:  it

fulfills "the purpose for which civil courts had been

established, the conclusive resolution of disputes within their

jurisdiction."  Kremer v. Chemical Construction Corp., 456 U.S.

461, 467 n.6 (1982).

   Under collateral estoppel, once a court decides an issue of

fact or law necessary to its judgment, that decision precludes

relitigation of the same issue on a different cause of action

between the same parties.  Montana v. United States, 440 U.S.

147, 153 (1979).  The D.C. Circuit's three standards for

establishing the preclusive effect of a prior holding are:

"First, the same issue now being raised must have been contested

7

by the parties and submitted for judicial determination in the
prior case.  Second, the issue must have been actually and
necessarily determined by a court of competent jurisdiction in
that prior case.  Third, preclusion in the second case must not
work a basic unfairness to the party bound by the first
determination." Yamaha Corp., 961 F.2d at 254 (internal
citations omitted).  With regard to the third prong, the D.C.
Circuit has found that such unfairness would occur "when the
losing party clearly lacked incentive to litigate the point in
the first trial, but the stakes of the second trial are of a
vastly greater magnitude." Id.

    More specifically to this case, the D.C. Circuit has held
that a "party alleging jurisdiction in a second action will be
precluded from relitigating any issue of fact or law determined
against it in the first action which it had the full opportunity
to litigate." GAF Corp. v. United States, 818 F.2d 901, 913
(D.C. Cir. 1987).  Although Rule 41 of the Federal Rules of
Civil Procedure provides that a dismissal for lack of
jurisdiction will not operate as "an adjudication on the
merits," it will preclude relitigation of the precise issues of
jurisdiction leading to the dismissal in the first case.
Reynolds, 357 F. Supp. 2d at 10 (citing GAF Corp., 818 F.2d at
913).  Thus, where the jurisdictional issues were "'actually
litigated,' i.e., contested by the parties and submitted for

8

determination by the court, and then 'actually and necessarily determined by a court of competent jurisdiction,'" the plaintiff's claims may be barred by collateral estoppel.   Id.; McLaughlin v. Bradlee, 803 F.2d 1197, 1201-02 (D.C. Cir. 1986).

###   B.   The doctrine of collateral estoppel precludes relitigation of the same jurisdictional issues that formed the basis for a previous dismissal

In his prior complaint, Buesgens made two principal assertions against defendant Kelley and NTEU.  First, he claimed that NTEU failed to represent him.  Pl. Comp. (dated 12/5/05) at 36.  Second, he claimed that NTEU engaged in "discriminatory representation" by purportedly negotiating improper collective bargaining agreements; failing to prevent IRS from discriminating against EEO complainants; failing to process EEO grievances; and failing to effectively represent EEO complainants.  Id. 36-37.  This Court dismissed all of those claims.  It concluded that the Court lacked subject matter jurisdiction over the claims against defendant Kelley and NTEU because such claims constituted a charge that NTEU breached its duty of fair representation, for which the Federal Labor Relations Authority has exclusive jurisdiction.  Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).

Buesgens now attempts to relitigate the claims at issue in his December 5, 2005 complaint.  In almost identical language to that in his first complaint, Buesgens lists NTEU's alleged

9

failure to represent him and NTEU's alleged discrimination
(presumably against him) as causes of action in his September 1,
2006 complaint.  Buesgens undoubtedly had the opportunity to
litigate the asserted claims during the adjudication of his
first complaint.  On January 13, 2006, defendant Kelley filed a
motion to dismiss Buesgens's December 5, 2005 complaint;
Buesgens filed an opposition to that motion--totaling 34 pages--
on January 23.  See No. 05-cv-2334, doc. no. 22.[2]  In addition,
in the context of his December 2005 complaint against defendant
Kelley, plaintiff Buesgens also filed a motion to file a
supplemental complaint (dated Feb. 17, 2006); a motion for
summary judgment (dated Mar. 23, 2006); and a motion for
reconsideration of the Court's May 9, 2006 decision and order
(dated May 17, 2006).  Id. at doc. nos. 24, 38 & 56.  Buesgens
clearly took advantage of every possible opportunity to litigate
the jurisdictional issue.  Thus, because the Court's
jurisdiction over Buesgens's claims was actually and necessarily
decided in the prior case and Buesgens has provided no evidence
that he lacked either the incentive or opportunity to litigate
the issue of jurisdiction in that case, this Court lacks
jurisdiction on the basis of collateral estoppel over plaintiff
Buesgens's current claims.

---

[2]    Defendant Kelley requests that the Court take judicial
notice of the docket sheet in Buesgens's prior case, No. 05-cv-
2334.  See fn 1.

Moreover, Buesgens cannot remedy the jurisdictional defect identified in the original complaint, i.e., the Court's lack of subject matter jurisdiction over Buesgens's claims against defendant Kelley and NTEU. By asserting that the relevant factual allegations are documented in previous court filings (e.g., his first complaint), Buesgens necessarily concedes that his September 1, 2006 claims against defendant Kelley and NTEU are the same as those in his December 5, 2005 complaint. Pl. Compl. (dated 9/1/05) at 48. Because it is well established that the Federal Labor Relations Authority has exclusive jurisdiction over those claims, Buesgens is precluded from bringing the claims before any court. <u>Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263</u>, 489 U.S. 527, 529-36 (1989).

11

### Conclusion

In conclusion, Buesgens's current claims against defendant Kelley must be dismissed because plaintiff Buesgens is barred on the basis of collateral estoppel from asserting claims that were dismissed by this Court in a prior action.

Respectfully submitted,

/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS               )
                                  )
          Plaintiff,              )
                                  )
     v.                           )      Case No. 1:06-CV-1558
                                  )      Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.  )
                                  )      FTCA
     and                          )      TORT
                                  )      CLAIM
COLLEEN M. KELLEY,  NTEU          )
NATIONAL PRESIDENT,               )
NATIONAL TREASURY EMPLOYEES UNION )
                                  )
          Defendants.             )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by first
class mail, a copy of DEFENDANT KELLEY'S MOTION TO DISMISS ON
THE BASIS OF COLLATERAL ESTOPPEL; the MEMORANDUM IN SUPPORT OF
DEFENDANT KELLEY'S MOTION TO DISMISS; and the PROPOSED ORDER on
the following person:

Michael L. Buesgeus
3112 Windsor Road
#A 322
Austin, TX 78703

                                    RUSSELL BOKELMAN

10/04/06                            /s/ Geri Khan
_____                            _____
Date                                Geri Khan
                                    Legal Assistant

13