

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
PLAINTIFF

RECEIVED

JUL 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V.

CIVIL NO.
1:07CV
01964
RBW

R. BARRY ROBINSON,
ASSISTANT U.S. ATTORNEY

KAREN MELNIK,
ASSISTANT U.S. ATTORNEY

SHELLEY BUSH MARMON,
ATTORNEY

CHARLES EADS BROWN,
ATTORNEY

JOHN NEAL — DIRECTOR
CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS    ET. AL
DEFENDANTS

PLAINTIFF MICHAEL L. BUESGEUS
NOTICE TO THIS COURT **THAT**
UNITED STATES DISTRICT COURT
JUDGE SAM SPARKS **HAS**
**CONFERRED** JURISDICTION ON
THIS COURT

**FOR**

CIVIL NO.    1:06CV01964 RBW

**AND**

CIVIL NO.    1:07CV00859 RBW

FOR THE FOLLOWING REASONS:

1.    **1:07CV00427SS**
DOCUMENT 4  FILED: 6/21/2007
**OPINION AND ORDER**

2.    BUESGEUS **IS BARRED** FROM
FILING **ANY** FUTURE ACTIONS IN **ANY**
FEDERAL COURT.

3.    THIS IS THE **RESULT OF THE** BAD
FAITH ACTIONS BY ATTORNEYS
AND **THEIR** FAILURE TO DISCLOSE.

2

4. **DAVID O'TOOLE** COURT CLERK IN AUSTIN, TEXAS TOLD PLAINTIFF BUESGENS' THAT HE SENT AN EMAIL TO EVERY FEDERAL COURT IN THE UNITED STATES **STATING THAT**

BUESGENS **IS BARRED** FROM FILING **ANYTHING**. PER JUDGE SAM SPARKS ORDER **ANYWHERE**

*10* - PAGES

5. **1:07 CV 00427 SS**
DOCUMENT **7** FILED : 7/10/2007
ORDER

6. **1:07 CV 00337 SS**
DOCKET
BUESGENS MOTION TO INTERVENE

7. DOCUMENT **9** FILED : 7/11/2007
**2** - PAGES
CHARLES R. NETTLES

3

8. 1:05 CV 2435S
DOCUMENT 29 FILED: 7/01/2005
R. BARRY ROBINSON - AUSA
7 - PAGES

9. 1:05 CV 2435S
DOCUMENT 41 FILED: 6/01/2006
A. R. BARRY ROBINSON
B. MICHAEL LYNN SKYAROS ✓
2 - PAGES

10. 1:05 CV 2435S
DOCUMENT 49 FILED: 6/30/2006
COURT ORDER
2 - PAGES

11. 1:05 CV 2435S FILED: 7/18/2006
A. R. BARRY ROBINSON - AUSA
B. WITNESSES - DEFENDANTS
3 - PAGES

12. 1:05 CV 00 2435S
DOCUMENT 74 FILED :9/8/2006
COURT ORDER

4

13.  1:05CV 243 SS
     DOCUMENT 76   FILED: 9/26/2006
  A.  EEOC
     JUDGE ROBERT LYNN POWELL
  B.  NO DISCOVERY EXHIBITS
  C.  EEOC # 360-2003-8286X
     6-PAGES

14.  1:05 CV 243 SS   EEOC
     DOCUMENT 77  FILED: 9/27/2006
     2-PAGES

15.  1:05 CV 00 243 SS
     DOCUMENT 86  FILED: 10/10/2006
  A.  R BARRY ROBINSON
  B.  MICHAEL LYNN SACTARDS ✓
  C.  MOTION FOR SUMMARY JUDGMENT
     12-PAGES

16.  1:05 CV 243 SS
     DOCUMENT 90  FILED: 10/20/2006
     EEOC   NO SUBPOENA ALLOWED
     22-PAGES
     JENNIFER RANDALL

                    5

17. 1:05 CV 00243 SS
DOCUMENT 91 FILED: 10/20/2006
EEOC
JENNIFER RANDALL—ATTORNEY
NO DISCOVERY ALLOWED
8-PAGES

18. 1:05 CV 00243 SS
DOCUMENT 106 FILED: 12/06/2006
COURT ORDER
JUDGE SAM SPARKS
14-PAGES

19. 1:05 CV 00243 SS
AUSTIN, TEXAS
DOCUMENT 97 FILED: 10/27/2006
ADVISORY TO COURT
FROM
JENNIFER RANDALL
EEOC ATTORNEY
SAN ANTONIO, TEXAS
3-PAGES

6

1: 06 CV 01964 RBW

# CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE
COPY OF THE FOREGOING
WAS SERVED BY FIRST CLASS
MAIL ON THIS 18 TH DAY OF
JULY, 2007

## ADDRESSED TO

## DEFENDANT
JENNIFER RANDALL
**EEOC** ATTORNEY
COLORADO BAR NO. 033240
EEOC NO. 360-2003-82864
JUDGE ROBERT LYNN POWELL
EEOC NO. 360-2006-00307
FEDERAL CIRCUIT NO-2007-3115

5410 FREDDICKSBURG RD #200
SAN ANTONIO, TEXAS 78229-3555
PHONE: 210-281-7636
FAX: 210-281-7669

7

# DEFENDANT'S

R. BARRY ROBINSON
KAREN MELNIK
MICHAEL LYNN SALYARDS ✓
816 CONGRESS AVE. #1000
AUSTIN, TEXAS 78701

# DEFENDANTS

RUSSELL BOKEMAN -**NTEU**
CHIEF STEWARD CHAPTER **247**
DENNIS SCHNEIDER, ATTORNEY
BARBARA A. ATKIN - GENERAL COUNSEL
NATIONAL TREASURY EMPLOYEES UNION
**NTEU**
**EEOC** # 360-2003-8286X
**EEOC** # 360-2006-00307
1:05CV2435S
1:06CV01558RCL
1:05CV02334RCL
1:06 CV 00967LY-RP

1750 H STREET, NW
WASHINGTON, DC 20006

8

1:06 CV 01964 RBW
AND
RELATED
1:07 CV 00 859 RBW

Michael L Buesgens
MICHAEL L BUESGENS
EXTENDED STAY AMERICA
3112 WINDSOR RD, #A322
AUSTIN, TEXAS 78701

512-339-6005 X 7958

MIKEBUESGENS @ HOTMAIL.COM

JULY 17, 2007

9

JURY, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01964-RBW

BUESGENS v. BROWN et al
Assigned to: Judge Reggie B. Walton
Case: 1:07-cv-00859-RBW
Cause: 42:1983 Civil Rights Act

Date Filed: 11/15/2006
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**
**MICHAEL L. BUESGENS**                    represented by   **MICHAEL L. BUESGENS**
                                                            3112 Windsor Avenue
                                                            Apartment A 322
                                                            Austin, TX 78745
                                                            (512) 339-6005 Ext. 7958
                                                            Fax: (512) 478-7608
                                                            PRO SE

V.

**Defendant**
**CHARLES E. BROWN**                       represented by   **CHARLES E. BROWN**
*Attorney, Real Estate Broker,*                            3624 North Hills Drive
*Registered Agent, Member Attorney,*                       Suite B-100
*HUD Attorney, P.C.*                                       Austin, TX 78731
                                                           (512) 346-6000
                                                           Fax: (512) 346-6005
                                                           PRO SE

**Defendant**
**WILLIAM S. WARREN, III**
*Attorney - Member Austin Apartment*

**Defendant**
**DUNHAM JEWETT**
*Managing Partner*

**Defendant**
**HUGH LAWRENCE MCCULLEY**
*Partner*

**Defendant**

**SHELLEY BUSH MARMON**
*Partner, Lead Attorney for MDL 1800*

**Defendant**
**CRADY JEWETT MCULLEY LLP**

**Defendant**
**DAVID B. ARMBRUST**
*Managing Partner*

**Defendant**
**FRANK B. BROWN, IV**
*Partner*

**Defendant**
**GREGORY S. CAGLE**
*Attorney*

**Defendant**
**ARMBRUST & BROWN LLP**

**Defendant**
**WARREN LAW FIRM**

**Defendant**
**MARC ERIC MALINGER**
*Attorney*

**Defendant**
**CHESTER E. BEAVER**
*City Attorney*

**Defendant**
**ANNE L. MORGAN**
*City Attorney*

**Defendant**
**FELIX TARANGO**
*Travis County Attorney*

**Defendant**
**TIMOTHY MASHBURN**
*Attorney*

**Defendant**
**MICHAEL J. POWELL**
*Attorney*

**Defendant**
**GUY J. JOYNER**
*Attorney*

**Defendant**
**RAFAEL EDWARD CRUZ**
*Solicitor General*

**Defendant**
**MAUREEN RAY**
*Attorney*

**Defendant**
**JUDITH TAYLOR**
*Equal Employment Opportunity*
*Commission Attorney*

**Defendant**
**JENNIFER RANDALL**
*EEOC Attorney*

**Defendant**
**ROBERT B. HARWIN**
*EEOC Attorney*

**Defendant**
**MICHAEL LYNN SALYARDS**
*EEO - Attorney*

**Defendant**
**THOMAS STANTON**
*EEO - Supervisor*

**Defendant**
**KAREN MELNIK**
*Assistant U.S. Attorney*

**Defendant**
**R. BARRY ROBINSON**
*Assistant U.S. Attorney*

**Defendant**
**GERALD CONLEY CARRUTH**
*Assistant U.S. Attorney*

**Defendant**

**STEVEN BOCK BASS**
*Assistant U.S. Attorney*

**Defendant**

**BEN CASTLEMAN FLOREY, JR.,**
*Attorney*

**Defendant**

**DEREK HOWARD HOWARD**
*Attorney*

**Defendant**

**BARBARA A. ATKIN**                represented by **Julie M. Wilson**
*Attorney National Treasury Employees*          NATIONAL TREASURY
*Union*                                          EMPLOYEES UNION
                                                 1750 H Street, NW
                                                 Washington, DC 20006
                                                 (202) 572-5500
                                                 Email: julie.wilson@nteu.org
                                                 *LEAD ATTORNEY*

**Defendant**

**DENNIS SCHNEIDER**                represented by **Julie M. Wilson**
*Attorney National Treasury Employees*          (See above for address)
*Union*                                          *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES PETRUCCI**
*Attorney Federal Labor Relations*
*Authority*

**Defendant**

**TED CRUZ**
*Solicitor General Texas Attorney*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/15/2006 | 1 | COMPLAINT against FRANK B. BROWN, IV, GREGORY S. CAGLE, ARMBRUST & BROWN LLP, WARREN LAW FIRM, MARC ERIC MALINGER, CHESTER E. BEAVER, ANNE L. MORGAN, FELIX TARANGO, TIMOTHY MASHBURN, MICHAEL J. POWELL, GUY J. JOYNER, RAFAEL EDWARD CRUZ, MAUREEN RAY, JUDITH TAYLOR, JENNIFER RANDALL, ROBERT B. HARWIN, MICHAEL LYNN SALYARDS, THOMAS STANTON, KAREN MELNIK, R. BARRY |

District of Columbia live database - Docket Report    https://ecf.dcd.uscourts.gov/cgi-bin/DktRpt.pl?113154268358896-L...

| | | |
|---|---|---|
| | | ROBINSON, GERALD CONLEY CARRUTH, STEVEN BOCK BASS, BEN CASTLEMAN FLOREY, JR, DEREK HOWARD HOWARD, BARBARA A. ATKIN, DENNIS SCHNEIDER, JAMES PETRUCCI, TED CRUZ, CHARLES E. BROWN, WILLIAM S. WARREN, III, DUNHAM JEWETT, HUGH LAWRENCE MCCULLEY, SHELLEY BUSH MARMON, CRADY JEWETT MCULLEY LLP, DAVID B. ARMBRUST ( Filing fee $ 350 receipt number 4616000271.)filed by MICHAEL L. BUESGENS. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit)(td, ) (Entered: 11/21/2006) |
| 11/15/2006 | 2 | NOTICE OF RELATED CASE by MICHAEL L. BUESGENS. Case related to Case No. 06-260CY U.S. District Court for the Western District of Texas, Austin Division. (td, ) (Entered: 11/21/2006) |
| 11/15/2006 | | Summons (44)issued as to FRANK B. BROWN, IV, GREGORY S. CAGLE, ARMBRUST & BROWN LLP, WARREN LAW FIRM, MARC ERIC MALINGER, CHESTER E. BEAVER, ANNE L. MORGAN, FELIX TARANGO, TIMOTHY MASHBURN, MICHAEL J. POWELL, GUY J. JOYNER, RAFAEL EDWARD CRUZ, MAUREEN RAY, JUDITH TAYLOR, JENNIFER RANDALL, ROBERT B. HARWIN, MICHAEL LYNN SALYARDS, THOMAS STANTON, KAREN MELNIK, R. BARRY ROBINSON, GERALD CONLEY CARRUTH, STEVEN BOCK BASS, BEN CASTLEMAN FLOREY, JR, DEREK HOWARD HOWARD, BARBARA A. ATKIN, DENNIS SCHNEIDER, JAMES PETRUCCI, TED CRUZ, CHARLES E. BROWN, WILLIAM S. WARREN, III, DUNHAM JEWETT, HUGH LAWRENCE MCCULLEY, SHELLEY BUSH MARMON, CRADY JEWETT MCULLEY LLP, DAVID B. ARMBRUST. (td, ) (Entered: 11/21/2006) |
| 12/19/2006 | 3 | NOTICE by MICHAEL L. BUESGENS (td, ) (Entered: 01/04/2007) |
| 01/10/2007 | 4 | NOTICE by MICHAEL L. BUESGENS; (FIAT. "OK" Chambers) (td, ) (Entered: 01/31/2007) |
| 02/22/2007 | 5 | SUPPLEMENTAL MEMORANDUM to re 1 Complaint,,, filed by MICHAEL L. BUESGENS. (Attachments: # 1 Exhibit)(td, ) (Entered: 02/23/2007) |
| 03/05/2007 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHARLES E. BROWN served on 2/28/2007, answer due 3/20/2007 (td, ) (Entered: 03/07/2007) |
| 03/07/2007 | 7 | NOTICE that the foregoing are not cooperating for service by MICHAEL L. BUESGENS (td, ) (Entered: 03/08/2007) |
| 03/09/2007 | 8 | NOTICE or related MDL-1800 by MICHAEL L. BUESGENS (td, ) (Entered: 03/12/2007) |
| 03/09/2007 | 9 | MOTION for Default Judgment as to NTEU by MICHAEL L. BUESGENS. (td, ) (Entered: 03/12/2007) |

| | | |
|---|---|---|
| 03/16/2007 | 10 | MOTION to Dismiss by BARBARA A. ATKIN, DENNIS SCHNEIDER (Attachments: # 1 Exhibit Notice to Judicial Panel on Multidistrict Litigation# 2 Text of Proposed Order Mtn to Dismiss)(Wilson, Julie) (Entered: 03/16/2007) *RUSSELL & RECMAN* |
| 03/19/2007 | 11 | ANSWER to Complaint by CHARLES E. BROWN. Related document: 1 Complaint, filed by MICHAEL L. BUESGENS.(tg, ) (Entered: 03/20/2007) |
| 03/19/2007 | 12 | MOTION to Dismiss, MOTION to Transfer Case by CHARLES E. BROWN (Attachments: # 1 Text of Proposed Order)(tg, ) (Entered: 03/20/2007) |
| 03/26/2007 | 13 | Civil Statement by plaintiff. (Attachments: # 1 Exhibit)(td, ) (Entered: 03/28/2007) |
| 03/28/2007 | 14 | MOTION for exculpatory evidence by MICHAEL L. BUESGENS (Attachments: # 1 Exhibit)(td, ) (Entered: 03/29/2007) |
| 04/18/2007 | 15 | NOTICE and submission of relevant evidence of wrongdoing by defendants by MICHAEL L. BUESGENS (Attachments: # 1 Exhibit # 2 Exhibit)(td, ) (Entered: 04/19/2007) |
| 04/20/2007 | 16 | Letter dated 4/18/07 from The Judicial Panel on Multidistrict Litigation of Order denying Transfer of case to any Federal District Court; Docket No. 1800. (ks, ) (Entered: 04/24/2007) |
| 04/25/2007 | 17 | NOTICE and verification to this court of evidence of genuine material facts of wrongdoing by attorneys and respondent superior and law firms and the state bar of Texas by MICHAEL L. BUESGENS (Attachments: # 1 Exhibit)(td, ) (Entered: 05/02/2007) |
| 04/30/2007 | 18 | MOTION for judicial notice of verifiable facts and adjudicative facts by MICHAEL L. BUESGENS (Attachments: # 1 Exhibit)(td, ) (Entered: 05/02/2007) |
| 05/17/2007 | 19 | RESPONSE to 12 CHARLES E. BROWN, MOTION to Dismiss MOTION to Transfer Case filed by MICHAEL L. BUESGENS. (Attachments: # 1 Exhibit)(jf, ) (Entered: 05/18/2007) |
| 05/23/2007 | 20 | RESPONSE to 11 CHARLES E. BROWN's ANSWER to Complaint filed by MICHAEL L. BUESGENS. (Attachments: # 1 Exhibit)(jf, ) (Entered: 05/30/2007) |
| 05/29/2007 | 21 | NOTICE and Request for Subpoena Duces Tecum by MICHAEL L. BUESGENS (tg, ) (Entered: 05/31/2007) |
| 06/07/2007 | 22 | MOTION for Default Judgment by MICHAEL L. BUESGENS (Attachments: # 1 Attachments (part 1)# 2 Attachments (part 2)# 3 Attachments (part 3)# 4 Attachments (part 4))(tg, ) (Entered: 06/08/2007) |
| 07/05/2007 | 23 | MOTION for judicial notice of adjudicative and easily verifiable facts pursuant to Federal Rules of Civil Procedure Rule by MICHAEL L. BUESGENS (Attachments: # 1 Exhibit)(td, ) (Entered: 07/09/2007) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2007 JUN 21  AM 10: 29**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

MICHAEL BUESGENS,
        Plaintiff

-vs-

TRAVIS COUNTY, TEXAS, et al.,
        Defendants

Case No. A-07-CA-427-SS

*DOCUMENT 4*
*FILED : 6/21/07*
*10 - PAGES*

### OPINION AND ORDER

Before the Court is Plaintiff's pro se complaint.  For the reasons set forth below, the Court concludes Plaintiff's complaint is properly dismissed as an abuse of the litigation process and Plaintiff is henceforth barred from filing any future actions in any federal court without first obtaining leave of this Court.

I.

Plaintiff Michael Buesgens ("Buesgens") originally filed this action in the Waco Division of the United States District Court for the Western District of Texas.  By order dated May 21, 2007, this action was transferred to the docket of this Court.

By way of his complaint, Plaintiff names approximately sixty separate defendants.[1]  The defendants include state and federal employees and judges, as well as private individuals, attorneys and business entities, plus the Fifth Circuit Court of Appeals, the Departments of Justice and Housing and Urban Development ("HUD"), and the United States. (Plf. Verif. Compl. ¶¶ 2-65). In his complaint Buesgens alleges generally the Defendants have violated various civil rights statutes, the Federal Tort Claims Act ("FTCA"), the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Texas Fair Housing Act, the Texas Property Code, and City of Austin municipal ordinances.  In sum, Plaintiff complains the Defendants were

---

[1] Some of the defendants are listed more than once.

a moving force behind: (1) his eviction from Falcon Ridge Apartments, the wrongful termination of his lease and the imposition of unlawful reletting charges; (2) "polluting the well" at voir dire in the eviction trial, failing to report this improper behavior and refusing his requests for the related testimony; (3) causing the dismissal of his housing discrimination complaint; and (4) covering up evidence and facts which would have "won" his prior legal actions. (*Id.* at 17-35). He complains all of the civil actions and appeals relating to these matters "stink like a garbage pit with defendant - lawyer - judicial officer misconduct and blatant violations of laws and regulations and rules." (*Id.* at 36).

II.

This is not the first time Plaintiff has sought relief from this Court related to his difficulties with his former apartment complex and neighbors. Plaintiff first sought relief in an action originally filed in the 200th Judicial District Court of Travis County, Texas on January 23, 2006. The matter was removed by the defendants to this Court on March 29, 2006 as *Buesgens v. Falcon Ridge Apartments, et al.*, A-06-CA-226 LY ("*Buesgens I*"). In *Buesgens I*, Plaintiff alleged the defendants violated his rights under the FHA and the ADA. Succinctly put, Plaintiff complained the defendants improperly evicted him from his apartment because of his disability, and in retaliation for his having filed a housing discrimination complaint and for reporting violations of lease conditions, city ordinances and animal cruelty statutes. The undersigned notes this action was eventually dismissed based on Plaintiff's failure to comply with his obligation to engage in the discovery process and to comply with Court orders compelling his participation.

On April 10, 2006 Plaintiff removed a related state court action to this Court, styled *Falcon Ridge Apartments, Ltd. v. Buesgens*, A-06-CA-260 LY ("*Buesgens II*"). *Buesgens II* was an appeal originally filed by Buesgens in state court, following a judgment of eviction entered on behalf of his former apartment complex. On motion of the plaintiff, the matter was remanded to state court.

On September 1, 2006 Buesgens filed another civil action in the United States District Court

2

for the District of Columbia which was transferred to this Court by order signed on November 13,

2006 and styled *Buesgens v. United States*, A-06-CA-967 LY ("*Buesgens III*"). In his complaint in

*Buesgens III* Plaintiff named over fifty defendants.  In sum, Buesgens alleged: (1) he was

constructively discharged from his employment with the Internal Revenue Service ("IRS"); (2)

government employees distributed his medical records in violation of the Privacy Act; (3) his

Freedom of Information Act requests were refused; (4) agencies and government employees

violated various regulations; (5) he was subjected to retaliation; (6) the administrative process for

evaluating his employment claims was flawed; (7) various federal agencies failed to investigate his

complaints; (8) a deal was cut with a criminal defendant in exchange for the defendant not testifying

in a civil whistleblower action in the same court; (9) other civil cases involving the Plaintiff were

mishandled and flawed; (10) other IRS employees disclosed private information to the management

of Plaintiff's apartment complex; (11) HUD dismissed his housing discrimination complaint, causing

him to be subjected to a retaliatory eviction; (12) various attorneys and law firm colluded against

him in matters relating to his apartment lease, resulting in an unlawful writ of possession and the

theft of all of his personal property; (13) government officials colluded together to commit fraud and

refuse to acknowledge receipt of his FTCA claim; (14) the Texas Attorney General failed to enforce

Texas statutes concerning business corporations and partnerships; (15) various attorneys, the

Texas Secretary of State and the Texas Comptroller failed to comply with or report violations of

Texas tax laws; (16) the Austin Apartment Association failed to maintain a registered agent, did not

properly process his complaint, refused to rent him an apartment, abused process, unlawfully

acquired a tax exempt status, refused to provide him a copy of their annual report, and propounds

contracts which include unlawful reletting fees; (17) the National Tenants Network blacklisted him

in violation of the Fair Credit Reporting Act; and (18) State Farm Insurance and its agents

wrongfully denied his property claim, refused to accept his personal injury claim and failed to

investigate his claims resulting from his housing discrimination complaint, retaliatory eviction suit,

constructive eviction and execution of the unlawful writ of possession.

On January 10, 2007 Buesgens filed another related civil action in the United States District Court for the District of Oregon, styled *Buesgens v. Galloway*, 3-07-CV-043 KI ("*Buesgens IV*"). In *Buesgens IV* Plaintiff sought relief for violations of federal civil rights statutes, the FHA, the Rehabilitation Act, the ADA, the Uniform Residential Landlord Tenant Act, as well as for concealment of evidence and interference with contract. The sole defendant named by Buesgens was Scott Galloway ("Galloway"), the stepfather of Buesgens' former neighbor, based on Galloway's alleged involvement in a conspiracy to interfere with Buesgens' housing and eviction. According to Buesgens, Galloway had spoken to him about the noise of his neighbor's dog on one occasion and subsequently refused to testify in the eviction proceeding. *Buesgens IV* was dismissed with prejudice for failure to state a claim by order dated June 7, 2007.[2]

Buesgens also filed an appeal of two bankruptcy orders issued by the United States Bankruptcy Court, Western District of Texas, Austin Division on February 23, 2007, styled *Buesgens v. Tawney*, A-07-CA-127 LY ("*Tawney I*"). In his notice of appeal Buesgens contended the personal bankruptcy action of a former supervisor at the IRS was related to his employment claims raised in *Snow* and the issues raised in *Buesgens III*. The appeal was dismissed as untimely on March 19, 2007.

Buesgens filed yet another appeal involving the personal bankruptcy action of his former supervisor on March 19, 2007, styled *Buesgens v. Tawney*, A-07-CA-209 LY ("*Tawney III*"). The appeal was dismissed as improperly filed on May 1, 2007 because Buesgens filed his appeal on a motion before the bankruptcy court rendered an order or judgment.

Buesgens filed yet another action against numerous employees of HUD in the United States

---

[2] The undersigned notes on March 16, 2007 Buesgens filed what appears to be a related complaint, this time in the United States District Court for the District of Kansas, styled *Buesgens v. Galloway, et al.*, 2:07-CV-2116 JAR. The two named defendants are Galloway and Douglas G. Houser ("Houser"). Houser is a partner in the law firm which represented Galloway in *Buesgens IV*.

District Court for the District of Massachusetts on March 21, 2007, styled *Buesgens v. Culpepper,
et al.*, 1-07-CV-10538 WGY ("*Buesgens V*"). The matter was summarily dismissed for lack of
venue the following day.

Finally, just one week after he filed this action, Buesgens filed yet another civil action, this
time in the United States District Court for the District of Maryland, styled *Buesgens v. Freeland,
et al.*, DKC-07-1363 ("*Buesgens VI*"). In *Buesgens VI* Plaintiff names approximately forty one
defendants. The named defendants once again are many of the same defendants named in his
prior actions, including counsel for his former apartment complex, the complex, several apartment
associations, plus various city, state and federal agencies and employees. In sum, Plaintiff alleges:
(1) he was denied housing accommodation and was wrongly evicted; and (2) his complaints
regarding the improper eviction, made to HUD, were wrongly denied. Noting virtually all of the
defendants, as well as Plaintiff, were located in Texas and the events in question occurred in
Texas, on June 5, 2007 District Judge Deborah K. Chasanow entered an order transferring
*Buesgens VI* to this Court.

Buesgens also has a history of repeatedly filing frivolous motions in his cases. For
example, in *Buesgens I* Plaintiff filed: (1) a motion for "directed verdict" a scant six weeks after the
case was filed, before the Court had even scheduled the initial pretrial conference in the case; (2)
motions seeking to compel discovery and to subpoena witnesses which did not identify the
discovery sought or the witnesses; (3) three separate motions for "judicial notice" which did not
identify the facts at issue and which sought unspecified substantive relief; (4) a "Motion for Court
Order and Motion for Intervention by Private Attorney General Buesgens" in which he requested
the appearance of "Private Attorney General Buesgens" because "[t]he disease has mestasized.
It is virulent and rampant insidiously infecting one and all in collusion;" (5) a motion seeking
sanctions asserting defendants' counsel had made "false representations" to the Court without
specifically identifying the representations at issue; (6) a second motion seeking sanctions based

on various acts of misconduct allegedly perpetrated by defendants' counsel without pointing to any facts evidencing the involvement of counsel; and (7) at least two additional motions seeking judicial notice which were not supported by competent evidence and which sought "notice" of legal matters in dispute in the case.

Similarly, in *Buesgens II*, after the Court granted the motion to remand, based in part on Buesgens' failure to respond to the motion, Buesgens filed: (1) a motion to reconsider the remand, arguing the presiding judge discriminated against him; (2) a motion for judicial notice setting forth numerous questions concerning the legal status of various persons and entities purportedly related to the litigation and further seeking substantive relief; and (3) a second motion for judicial notice posing a variety of questions, including whether "anyone know[s] how the word discovery relates to nuances, seances, voodoo and madness of crowds?" and "why would anyone stand up when its more comfortable to lay down?"

To date, in *Buesgens III*, Buesgens has filed: (1) a motion seeking to unseal the presentence investigation report in a criminal case in which his former supervisor at the IRS was a defendant;[3] (2) a motion seeking "Removal of [Attorney] Shelley Bush Marmon From any U.S. District Court on Planet Earth;" (3) a motion seeking to reopen *Buesgens II* and one other action because the Fifth Circuit case managers failed to comply with the Federal Rules of Appellate Procedure; (4) a motion for return of the property and possessions allegedly stolen from him in the course of his eviction; and (5) a motion seeking to reopen a long list of federal civil actions, state court cases and administrative proceedings because they are directly related to *Buesgens III* and were not properly adjudicated.

Continuing his pattern of prolix filings, during the pendency of *Buesgens IV*, Buesgens filed:

---

[3] The undersigned notes the factual basis filed in that action reflects no involvement of Buesgens, but rather indicates the acts involved the unauthorized use of IRS computers to aid in the filing of tax returns for female topless dancers.

(1) a motion for default judgment only eight days after summons was executed on the defendant;

(2) a motion for unspecified Court order and motion for verification of pleadings filed by the

defendant; (3) a second motion for default judgment three days after entry of an order denying his

first motion for default judgment;[4] (4) a motion for unspecified judicial notice; and (5) "opposition"

to the Court's order denying several of his motions.

In addition, Plaintiff has a history of filing frivolous interlocutory appeals during the pendency

of his lawsuits. For example, in April 2005 Buesgens filed suit against the Secretary of the

Treasury alleging discrimination in his former employment with the Internal Revenue Service in

cause number A-05-CA-243 SS, *Buesgens v. Snow* ("*Snow*"). A final judgment was entered

against Plaintiff on December 6, 2006. As noted on the docket of the case, Buesgens filed: (1) on

May 16, 2005 an appeal of the Court's order denying him leave to proceed in forma pauperis and

of the Court's order denying his motion for appointment of counsel; (2) on July 31, 2005 a notice

of transfer based on his motion to the Judicial Panel on Multidistrict Litigation requesting

consolidation of his then pending federal actions; and (3) on July 25, 2006 an appeal of the Court's

denying his second motion for appointment of counsel and motion for continuance.

Buesgens followed this same pattern in *Buesgens I*. Although judgment was not entered

until December 2006, the docket of the case reflects Buesgens filed: (1) on April 18, 2006 a notice

of transfer based on his motion to the Judicial Panel on Multidistrict Litigation requesting

consolidation of his then pending federal actions; (2) on July 25, 2006 an appeal of the Court's

"final" orders; and (3) on November 1, 2006 an "amended" appeal of his earlier appeal.

Buesgens has continued his practice of filing interlocutory appeals in his second appeal of

bankruptcy orders issued by the United States Bankruptcy Court, Western District of Texas, Austin

---

[4] The undersigned notes, in denying Buesgens' motions for court order, verification of pleadings and second default judgment, the Oregon judge prohibited Buesgens from filing any additional motions without first obtaining permission until the Court entered an order addressing Defendant's pending motion to dismiss.

Division. In this action, styled *Buesgens v. Tawney*, A-07-CA-156 LY ("*Tawney II*"), on May 22, 2007 Buesgens filed an appeal of the order of Chief District Judge Walter Smith denying Buesgens' motion to recuse presiding Judge Yeakel.[5]  In his final interlocutory appeal to date, on June 11, 2007 Buesgens filed an appeal of the order of transfer in *Buesgens IV*.

III.

Despite repeated judgments denying him relief, Buesgens continues to file and pursue legal action related to his housing and employment.  Further, it is clear in each successive case, Buesgens adds new claims seeking relief against persons and entities he believes were responsible for his failure to achieve relief in the prior case.  Notably, Buesgens adds claims against the lawyers whose only act was to represent clients sued by Buesgens and claims against the judges who have ruled against him.  Further, as set forth above, in litigating these actions Buesgens has made a practice of filing both frivolous motions and improper appeals.  Moreover, although Buesgens files numerous and voluminous pleadings, he evinces scant respect for the actual litigation process, both because virtually all of his pleadings fail to comply with the applicable legal or procedural authorities, and because he fails to comply with the obligations imposed in the litigation process involving discovery and other matters and fails to comply with Court orders.  Clearly, his conduct constitutes a misuse and abuse of the legal system.

Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.*

---

[5] The undersigned notes, one week later, an undeterred Buesgens filed another motion to recuse Judge Yeakel.

Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *See also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (courts may impose regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions); *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989) (litigants have no constitutional right of access to the courts to prosecute action that is frivolous or malicious and district court has power to enjoin litigants who abuse court system); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (noting it is well settled that court may employ injunctive remedies to protect integrity of courts and orderly and expeditious administration of justice); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d. Cir. 1984) (affirming district court's order granting injunction against vexatious pro se litigant).

Despite repeated admonitions concerning his obligations as a litigant, Plaintiff has continued his vexatious practices by filing this frivolous lawsuit seeking relief on issues already litigated in numerous prior actions. Based on Buesgens' continued contumacious conduct, the Court concludes the imposition of sanctions is proper in this case to preserve the integrity of this Court's prior orders and the finality of final judgments and to protect the other litigants named in these actions. The undersigned recognizes an "injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Ferguson*, 808 F.2d at 360. However, the Fifth Circuit has also made clear a "broad[] injunction, prohibiting any filings in any federal court without leave of that court" may be "appropriate if a litigant is engaging in a widespread practice of harassment against different people." *Id.* As set forth above, Plaintiff continues to litigate matters already subject to final judgment, but also in each successive action, adds new claims and parties he holds responsible for the continued rejection of his claims. Thus, a broad injunction, barring him from filing any future actions without leave of court, is appropriate. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators);

9

*Green v. Warden*, 699 F.2d 364, 370 (7th Cir. 1983) (court has authority to issue injunction requiring petitioner's future claims to be "original"); *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981) (ordering district court to enjoin pro se litigant from filing suit without leave of court, and requiring litigant to certify, on penalty of contempt, his claim had not previously been litigated in federal court).

In accordance with the foregoing:

IT IS ORDERED that all claims asserted by Plaintiff in his complaint are hereby DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that Plaintiff is barred from filing any future civil actions in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action.

SIGNED this the __20th__ day of June 2007.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2007 JUL 10 AM 10: 21

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

**MICHAEL BUESGENS,**

      **Plaintiff,**

-vs-

**TRAVIS COUNTY, TEXAS, et al.,**

      **Defendants.**

**Case No. A-07-CA-427-SS**

DOCUMENT 7
FILED: 7/10/07

## ORDER

BE IT REMEMBERED on the _10th_ day of July 2007 the Court reviewed the file in the

above-styled cause, and specifically the "Plaintiff Michael L. Buesgens' Response to this Court's

Final Order Filed 6/21/2007 Document 4," and thereafter, enters the following:

    IT IS ORDERED that the Clerk shall not file further pleadings of Michael J.

Buesgens in this case other than a notice of appeal.

SIGNED this the _10th_ day of July 2007.

_Sam Sparks_
UNITED STATES DISTRICT JUDGE

ATTENTION

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00337-SS

Millegan v. Brown
Assigned to: Honorable Sam Sparks
Case in other court: U.S. Bankruptcy Court, Austin Division,
                              07-01004 frm
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 05/04/2007
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**Appellant**

**Julie Wiley Millegan**                      represented by  **Charles R. Nettles, Jr.**
                                                              Charles Nettles
                                                              1524 South IH 35
                                                              Suite 233
                                                              Austin, TX 78704
                                                              (512) 459-3212
                                                              Fax: 512/459-0842
                                                              Email: charlesnettles@hotmail.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

*BUESGENS*
*MOTION TO INTERVENE*
*DENIED*

V.

**Appellee**

**Patricia Brown**                          represented by  **James V. Hoeffner**
                                                            Attorney at Law
                                                            701 Brazos
                                                            Suite 1500
                                                            Austin, TX 78701
                                                            (512) 703-5070
                                                            Fax: 512/708-8777
                                                            Email: jhoeffner@thompsoncoe.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kelle K. Masters**
                                                            Thompson, Coe, Cousins & Irons
                                                            701 Brazos
                                                            Suite 1500
                                                            Austin, TX 78701
                                                            (512) 703-5087
                                                            Fax: (512) 708-8777
                                                            Email: kmasters@thompsoncoe.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Debtor**

**Julie Wiley Millegan**

<u>**Movant**</u>

**Michael L. Buesgens**
*TERMINATED: 07/11/2007*

     represented by   **Michael L. Buesgens**
                        3112 Windsor Rd., #A322
                        Austin, TX 78703
                        (512) 339-6005 ext. 7958
                        PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2007 | 1 | Certificate of transmission of Bankruptcy on Appeal. Bankruptcy Court case number 07-01004 frm., filed by Julie Wiley Millegan. (Attachments: # 1 Bankruptcy Court docket sheet)(tdk, ) (Entered: 05/07/2007) |
| 05/04/2007 | | Remark: Record not available electronically; in expandable folder on shelf. (tdk, ) (Entered: 05/07/2007) |
| 05/07/2007 | 2 | SUPPLEMENT to 1 Certificate of transmission of Bankruptcy record on Appeal. (td, ) (Entered: 05/08/2007) |
| 05/25/2007 | 3 | ORDER...Appellant shall serve and file brief by May 25, 2007.... Appellee shall serve and file brief by June 8, 2007... Oral Argument Hearing set for 6/29/2007 01:30 PM before Honorable Sam Sparks.. Signed by Judge Sam Sparks. (jg3, ) (Entered: 05/25/2007) |
| 05/25/2007 | 4 | AMENDED ORDER re 3 Order, Set Hearings, Set/Reset Deadlines Appellant Brief due by 6/8/2007. Appellee Brief due by 6/22/2007. Miscellaneous Hearing on oral arguments set for 7/13/2007 02:00 PM before Honorable Sam Sparks.. Signed by Judge Sam Sparks. (jg3, ) Modified on 5/25/2007 to add 'amended' (jg3, ). (Entered: 05/25/2007) |
| 06/08/2007 | 5 | Appellant's BRIEF by Julie Wiley Millegan. (Attachments: # 1 Appendix Appendeix)(Nettles, Charles) (Entered: 06/08/2007) |
| 06/20/2007 | 6 | Appellee's BRIEF by Patricia Brown. (Attachments: # 1 Supplement Brief of Appellee Particia Brown prt 2)(Masters, Kelle) (Entered: 06/20/2007) |
| 06/20/2007 | 7 | Appendix by Patricia Brown. *Appendix to Brief 5 of Appellee Patricia Brown* (Attachments: # 1 Exhibit 1-3# 2 Exhibit 4 (prt 1)# 3 Exhibit 4 (prt 2)# 4 Exhibit 5 (prt 1)# 5 Exhibit 5 (prt 2)# 6 Exhibit 6-7# 7 Exhibit 8# 8 Exhibit 9# 9 Exhibit 10# 10 Exhibit 11# 11 Exhibit 12# 12 Exhibit 13)(Masters, Kelle) Modified on 6/20/2007 to correct text (td, ). (Entered: 06/20/2007) |
| 06/20/2007 | | Notice of Correction to Kelle Masters: re 7 Appellee's Brief (filing user selected wrong event) (td, ) (Entered: 06/20/2007) |
| 07/11/2007 | 9 | ORDER Striking Pleading [8] MOTION to Intervene as it violates Court's order of June 20, 2007, in case # A-07-CV-427... **Clerk is ordered not to file any further pleadings of Michael Buesgens in this lawsuit, including a NOtice of Appeal.** Signed by Judge Sam Sparks. (jg3, ) (Entered: 07/11/2007) |
| 07/13/2007 | 10 | Minute Entry for proceedings held before Judge Sam Sparks : Miscellaneous Hearing (oral arguments) held on 7/13/2007 (Minute entry documents are not available electronically.). (Court Reporter Lily Reznik.)(td, ) (Entered: 07/16/2007) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

2007 JUL 11  AM 8: 40

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

**JULIE WILEY MILLEGAN,**
            **Plaintiff,**

-vs-                                            **Case No. A-07-CA-337-SS**

**PATRICIA BROWN,**                             DOCUMENT 9
                **Defendant.**                  FILED 7/11/07
_____

## O R D E R

BE IT REMEMBERED on the __10th__ day of July 2007 the Court reviewed the file in the

above-styled cause, and specifically the Motion to Intervene [#8] filed by Michael L. Buesgens on

July 6, 2007, and thereafter, enters the following:

The Motion to Intervene is DENIED, as Michael L. Buesgens is not involved in the

underlying bankruptcy proceedings and has no standing whatsoever to intervene in this bankruptcy

appeal.  Apparently, the only interest Mr. Buesgens has in attempting to intervene is to disparage

Charles R. Nettles who he has requested disbarment in multiple pleadings in other cases.

Notwithstanding, the Clerk is instructed to STRIKE the Motion to Intervene and remove it

from the file in the above-captioned matter as it violates this Court's order of June 20, 2007, in cause

number A-07-CV-427 styled *Michael Buesgens v. Travis County, Texas, et al.*  The Motion to

Intervene is simply an attempt to once again present irresponsible causes of action that have been

concluded in other lawsuits.

The Clerk is FURTHER ORDERED not to file any further pleadings of Michael Buesgens

in this lawsuit, including a notice of appeal.

SIGNED this the _10th_ day of July 2007.

UNITED STATES DISTRICT JUDGE



# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

FILED
AUSTIN DIVISION
2005 JL -1 PM 2:48
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY._____
DEPUTY

*MICHAEL L. BUESGENS,*
*Plaintiff,*

v.

*JOHN W. SNOW,*
*Secretary, Department of the Treasury,*
*Defendant.*

§
§
§
§
§
§
§
§
§

Civil Action No. A-05-CA-243-SS

R. BARRY ROBINSON

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES Defendant John W. Snow in his official capacity as Secretary of the Treasury (hereinafter "the Secretary"), by and through the U.S. Attorney for the Western District of Texas, and submits this Original Answer to Plaintiff's First Amended Complaint (DKT #17) and Supplement to Amended Complaint (DKT # 20). In support thereof, the Secretary respectfully offers the following:

EEOC # 360 -2003-8286X

## AMENDED COMPLAINT

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief whatsoever.

## HISTORY OF EEOC AND COURT ACTIONS

1-7.    Defendant admits Plaintiff filed three administrative EEO complaints that were consolidated before the EEOC into a single hearing.  The EEOC Judge rendered a bench decision disposing of all issues in favor of the Agency, which was affirmed by Final Agency Decision issued March 1, 2004.  Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004.  Plaintiff's request for reconsideration was also denied on February 18, 2005.  Defendant denies all remaining allegations.

8.    Defendant admits the allegations, but denies the date of filing.

9.    Defendant admits the allegations, but denies the date of filing.

## JURISDICTION

1-5.    Denied.

## INTRODUCTION

Defendant denies all of Plaintiff's unnumbered paragraphs contained on pages 2-6.

## PARTIES

1.    Denied.

2.    Defendant admits Plaintiff was employed by the Internal Revenue Service as a Seasonal Customer Service Representative, but denies all remaining allegations.

3.    Denied.

4.    Defendant admits Plaintiff was employed by the Internal Revenue Service as a Seasonal Customer Service Representative, but denies all remaining allegations.

5.    Defendant admits Plaintiff was employed by the Internal Revenue Service as a Seasonal Customer Service Representative, but denies all remaining allegations.

6.    Defendant admits Plaintiff has sued the Department of the Treasury, but denies the remaining allegations.

7.    Admit.

8.    Defendant admits Plaintiff retired on medical disability in March 2005.

## CAUSES OF ACTION

1-14.    Defendant denies all allegations in paragraphs 1-14.

## FACTUAL ALLEGATIONS

1-3.    Defendant avers that beginning in May 2002, Plaintiff submitted a doctor's note requesting that management accommodate his medical condition (depression) by taking him off telephone duty. Viewing the request as a temporary medical issue, management immediately complied with his request. Plaintiff continued to bring additional notes requesting accommodation for thirty or sixty days at a time. Management continued to fully comply with Plaintiff's request to remain off telephone duty. Defendant denies all remaining allegations.

4.    Defendant avers that Management denied Plaintiff's request to use his 71 hours of excess annual leave after January 11, 2003, the end of the leave year. Defendant denies all remaining allegations.

5.    Denied.

6.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraph 6, and they are therefore denied.

7-8.    Denied.

9-29.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 9-29, and they are therefore denied.

30-34.    Denied.

35-37.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 35-37, and they are therefore denied.

38.    Denied.

39-48.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 39-48, and they are therefore denied.

49-50. Denied.

51-113.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 51-113, and they are therefore denied.

114.    Denied.

## SUPPLEMENT TO AMENDED COMPLAINT

### Selected Jurisdiction Supplement

1-3.    Denied.

### Relief Requested Supplement

1-5.    Denied.

### Causes of Action Supplement

1-2.    Denied.

### Factual Allegations

1A-D.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 1A-D, and they are therefore denied.

1E.    Denied.

2-4.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 2-4, and they are therefore denied.

5.    Defendant avers that it did not discriminate or retaliate against Plaintiff.

6-7.    The Secretary is without sufficient knowledge or information regarding the allegations in Paragraphs 6-7, and they are therefore denied.

8.    This allegation is vague and therefore denied.

9.    Denied.

10-11. Denied.

12.    The Secretary is without sufficient knowledge or information regarding the allegations in

Paragraph 12, and they are therefore denied.

13-16. Denied.

Pursuant to Federal Rule of Civil Procedure 8(b), the Secretary hereby denies each and every

allegation contained in the Complaint except those expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

1.    Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

2.    The Court lacks subject-matter jurisdiction over Plaintiff's claims.

### Third Defense

3.    The Secretary had legitimate, non-discriminatory reasons for the actions taken with regard

to Plaintiff.

### Fourth Defense

4.    Plaintiff fails to establish a *prima facie* case of discrimination and/or retaliation.

### Fifth Defense

5.    Defendant affirmatively asserts that Plaintiff's alleged injuries and/or damages as stated in

the complaint were not caused by any acts of discrimination or unlawful conduct on the part of any

employees or agents of the Department of the Treasury.

### Sixth Defense

R. BARRY ROBINSON

6.    Plaintiff has failed to timely exhaust his administrative remedies.

1:05CV243SS

7.      The Secretary reserves the right to raise additional defenses that become apparent through

the factual development of the case.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant John Snow, respectfully requests

that the action be dismissed, that Plaintiff take nothing by his suit, that the defendant recover costs,

and for such other and further relief to which the defendant may show itself justly entitled.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By:   _____

R. BARRY ROBINSON
Assistant United States Attorney
Arkansas Bar No. 85206
816 Congress Avenue, Suite 1000
Austin, Texas  78701
(512) 916-5858 / 916-5854 (fax)

ATTORNEYS FOR DEFENDANT

*1:05CV243 SS*

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and

foregoing **Defendant's Original Answer** has been served by placing same in the United States mail,

Certified Return Receipt Requested postage prepaid, on this the 1st day of July 2005, addressed to:

Michael L. Buesgens, *Pro Se*
500 E. Stassney, Apt. 1023
Austin, Texas 78745

R. BARRY ROBINSON
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2006 JUN -1 PM 4: 36

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. A-05-CA-243-SS |
| | § | |
| JOHN W. SNOW, Secretary of the Treasury, | § | |
| Defendant. | § | |

DOCUMENT 41
FILED: 6/1/2006

**DEFENDANT'S ADR REPORT**

NOW COMES Defendant John W. Snow, Secretary of the Treasury (hereinafter "the Secretary"), by and through the U.S. Attorney for the Western District of Texas, and files this Alternative Dispute Resolution (ADR) Report in compliance with the Court's Scheduling Order and Local Rule CV-88. In support thereof, the Defendant offers the following:

1. The parties have not discussed settlement of this case.

2. The undersigned and Michael Salyards (IRS General Legal Services), are responsible for settlement negotiations on behalf of the Defendant.

3. The Defendant does not believe that ADR is appropriate in this case and is currently drafting a motion for summary judgment.

MICHAEL LYNN SALYARDS
AND
R. BARRY ROBINSON
1: 05CV243 SS
EEOC# 360-2003-8286X

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY


By: _R. Barry Robinson (signature)_ _____

R. BARRY ROBINSON
Assistant United States Attorney
Arkansas Bar No. 85206
816 Congress Avenue, Suite 1000
Austin, TX  78701
(512) 916-5858 / 916-5854 (fax)

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and

foregoing **Defendants' ADR Report** has been served to Plaintiff in accordance with the FEDERAL

RULES OF CIVIL PROCEDURE, on this the /ST day of June 2006, addressed to:

| | |
|---|---|
| Michael L. Buesgens | _____ Via Fax |
| 500 E. Stassney, Apt. 1023 | _____ Hand Delivery |
| Austin, TX 78745 | __✓__ CM / RRR |
| *[Pro se Plaintiff]* | _____ First Class U.S. Mail |


_R. Barry Robinson (signature)_ _____

R. BARRY ROBINSON
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

**2006 JUN 30  AM 8: 38**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

MICHAEL L. BUESGENS,
                                **Plaintiff,**

-vs-                                                                 Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
                                **Defendant.**

## ORDER

BE IT REMEMBERED on June 15, 2006, the Court entered its order requiring the plaintiff Michael L. Buesgens to comply with Rule 8 of the Federal Rules of Civil Procedure in that his pleadings must be a short and plain statement of each claim to be litigated in this case and the relief for which he seeks. Again, Mr. Buesgens' response complained about the legal system, about lawyers, and his own health and problems with sarcastic and slandering statements. He again requests appointment of counsel, and this request has already been denied and the denial affirmed by the United States Court of Appeals for the Fifth Circuit. He then requests the attorneys representing the defendant in this case review certain legal authorities and then requests compensation in various ways. The Court now determines that it will not be possible for Mr. Buesgens to file a pleading in this case disassociating the issues in his other legal cases and problems and succinctly plead the specific claims he addresses against John W. Snow, Secretary of the Treasury. Therefore, the Court has undertaken to review the voluminous pleadings of Mr. Buesgens and enters the following:

On November of 2002, it was proposed by the Department of Treasury to remove Mr. Buesgens from the service based on specific reasons and specifications. The proposal was in writing

and submitted to Mr. Buesgens. Mr. Buesgens then appealed that decision. On May 14, 2003, an

official with the Department of Treasury issued a written declaration that the removal from service

was sustained for the reasons made in the proposal. Subsequently, Mr. Buesgens appealed that

determination. On January 28, 2004, an administrative judge issued its opinions in TD No. 03-2024,

03-2339 and 03-2446, and EOC No. 360-2003-08286X, rendering a final order on the appeal and

complaints made by Mr. Buesgens against the Department of the Treasury. On March 1, 2004, a

final order was issued by the Department of Treasury finding against Mr. Buesgens on all his

complaints and appeals and sustained the termination of employment. Mr. Buesgens appealed that

order. Thereafter, the United States Equal Employment Opportunity Commission issued its decision

on December 29, 2004, after its investigation, holding the record did not establish any discrimination

by the Department of the Treasury against Mr. Buesgens. He then appealed that determination. The

United State Equal Employment Opportunity Commission on February 18, 2005, issued its final

ruling and denial against Mr. Buesgens. On April 5, 2005, Mr. Buesgens timely filed this lawsuit

against the Department of Treasury regarding the Equal Employment Opportunity Commission's

determinations. This lawsuit, his appeal, and the trial in this case will be limited to those issues and

those issues only.

The amended scheduling order entered in this case on May 12, 2006, will be followed by Mr.

Buesgens and counsel for the defendants.

SIGNED this the _30_ day of June 2006.

1:05CV243SS

_Bumgarner_

UNITED STATES DISTRICT JUDGE

IS THIS ACCURATE REVIEW BY
JUDGE SAM SPARKS?

-2-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2006 JUL 18 PM 2: 43

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | |
|---|---|
| **MICHAEL L. BUESGENS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **Civil Action No. A-05-CA-243-SS** |
| § | |
| **JOHN W. SNOW, Secretary of the Treasury,** § | |
| § | **R. BARRY ROBINSON** |
| **Defendant.** § | |

**DEFENDANT'S DESIGNATION OF POTENTIAL WITNESSES**
**AND PROPOSED EXHIBITS**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant John W. Snow, Secretary, U.S. Department of the Treasury, by

and through the U.S. Attorney for the Western District of Texas, and files this Designation of

Potential Witnesses and Trial Exhibits pursuant to the Court's Scheduling Order of September 1,

2005. In support thereof, Defendant respectfully offers the following:

**I. POTENTIAL FACT WITNESSES**

A.    Plaintiff, Michael BUESGENS

B.    Naomi CRAIG, Human Resources Specialist, Austin Payroll Center, IRS Agency
      Wide Shared Services

C.    Melinda ESTRADA, Lead Equal Employment Specialist, EEO & Diversity Field
      Services, IRS Agency Wide Shared Services

D.    Anna MEDLOCK, Program Manager with the Accounts Management, IRS Wage &
      Investment Division

E.    Ernest OJEDA, Human Resources Specialist, Austin Employment Branch, IRS
      Employment Operations

F.    Martha SCHANHALS, Supervisory Contact Representative of Accounts
      Management, IRS Wage & Investment Division

G.    Nancy SESSION (formerly Spotser), Supervisory Program Analyst of Accounts Management, IRS Wage & Investment Division

H.    Donald TAWNEY, Supervisory Contact Representative of Accounts Management, IRS Wage & Investment Division

I.    Margaret WAITES, Reasonable Accommodation Coordinator, EEO & Diversity Field Services, IRS Agency Wide Shared Services

J.    Charles WASHINGTON, Jr., Field Director of Accounts Management, IRS Wage & Investment Division

Defendant reserves the right to supplement the identity of other witnesses who have relevant knowledge as their identities become available through discovery.

## II. POTENTIAL TRIAL EXHIBITS

Documents contained in the administrative case files including, but not limited to the following:

A.    Investigative File #1; Case Number 03-2024

B.    Investigative File #2; Case Number 03-2339

C.    Investigative File #3; Case Number 03-2446

D.    EEOC Hearing Transcript

E.    Bench Decision

F.    Final Agency Decision

*[handwritten annotation]* NO BUT LIMITED TO EMAILS AMONGST AND BETWEEN THE FOREGOING AND THOMAS J. THEIS HUMAN RELATIONS

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____

R. BARRY ROBINSON
Assistant United States Attorney
Arkansas Bar No. 85206
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858 / 916-5854 (fax)

ATTORNEYS FOR DEFENDANT,
JOHN W. SNOW

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and

foregoing **Defendant's Designations of Potential Witnesses and Proposed Exhibits** has been

served to Plaintiff in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on this the _18th_

day of July 2006, addressed to:

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, TX 78745
[Pro se Plaintiff]

_____ Via Fax
_____ Hand Delivery
__✓__ CM / RRR
_____ First Class U.S. Mail

_____

R. BARRY ROBINSON
Assistant United States Attorney

1:05CV243SS

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

2006 SEP -8  AM 9: 54

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

MICHAEL L. BUESGENS,
                    Plaintiff,

-vs-

JOHN W. SNOW, Secretary of the Treasury,
                    Defendant.

Case No.  A-05-CA-243-SS

_____

### O R D E R

BE IT REMEMBERED on the __7th__ day of September 2006 the Court reviewed the file in

the above-styled cause, and specifically the "Plaintiff's Motion for Judicial Notice of Adjudicative

and Verifiable Facts Number 2" [#63 filed August 17, 2006], and thereafter, enters the following:

IT IS ORDERED that the motion is GRANTED in part and DENIED in part.  The

Court will certainly take judicial notice of all filings in cause number A-05-CV-243.

However, without certified copies of the court filings in A-05-CV-02334-RCC in the District

of Columbia, the Court declines to take judicial notice of the same.  All other elements are

not matters of which judicial notice may be taken, and these factual findings must be proved

as any other issue by evidence in the trial.

SIGNED this the __7th__ day of September 2006.

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**FILED**

SEP 2 6 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 05-CV-00243-SS |
| | § | |
| JOHN W. SNOW, | § | |
| | § | |
| *Defendant.* | § | |

## EEOC's MOTION FOR CONTINUANCE REGARDING PLAINTIFF'S SUBPOENA OF EEOC ADMINISTRATIVE JUDGE ROBERT L. POWELL

COMES NOW United States Equal Employment Opportunity Commission ("EEOC") and moves this Court for a continuance regarding Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.[1] In support of its Motion for a Continuance, Movant would respectfully show the Court the following:

1. On or about September 18, 2006, Plaintiff served upon the EEOC the subpoena of Administrative Judge Robert L. Powell for a hearing on October 2, 2006. (Ex. 1.) Neither the EEOC[2] nor Judge Powell[3] is a party to this lawsuit.

2. During 2003, Judge Powell was assigned to EEOC Case No. 360-2003-08286X/Agency No. 03-2024, *Michael L. Buesgens v. Internal Revenue Service.* Judge Powell conducted a telephonic hearing in the case in December 2003, and issued a final decision and closed the case in January 2004. Plaintiff appears to

---

[1] The subpoena mistakenly identifies Judge Powell as "Robert E. Powell."

[2] The EEOC has been named as a defendant in at least two other related lawsuits filed by Mr. Buesgens in the United States District Court for the District of Columbia, *Buesgens v. Coates et al*, 05-CV-02334, and *Buesgens v. United States of America et al*, 06-01558.

[3] As an administrative judge, Judge Powell is immune from suit for actions taken while presiding over an administrative proceeding. *Butz v. Economou*, 438 U.S. 478, 513-514 (1978).

*EEOC's Motion for Continuance*

seek testimony from Judge Powell regarding his evidentiary rulings and bench decision during the EEOC proceeding, as well as evidence submitted in relation to the EEOC hearing.

3.  The EEOC is in the process of locating and reviewing any documents that it might have that are related to Plaintiff's EEOC proceeding; however, Plaintiff's file has been shipped from EEOC Headquarters in Washington D.C. to the Federal Records Center in Suitland, Maryland for storage. Although the EEOC has asked that the record retrieval be expedited, it will likely take seven to ten business days to retrieve the file. The EEOC must then review the documents in the file and determine whether any of the documents are privileged.

4.  The EEOC also needs seven to ten business days to obtain a declaration from EEOC Chair Naomi Earp, in order to assert the deliberative process privilege with regard to the testimony, and possibly some of the documents, that Plaintiff seeks. The EEOC needs to evaluate whether any of the documents in Plaintiff's EEOC file are privileged before it can begin this process.

5.  The EEOC has been diligent in its effort to timely reply to Plaintiff's subpoena of EEOC Administrative Judge Robert Powell since it received the subpoena on September 18, 2006. Not withstanding its diligence, the EEOC needs additional time to respond.

6.  The EEOC respectfully requests that the Court allow the EEOC and Defendant to have until October 20, 2006 to respond to Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.

7.  Counsel for the EEOC represents, by her signature below, that this motion has not

been brought for the purpose of delay, but instead to allow an opportunity for the

EEOC to respond to Plaintiff's subpoena.

8.    On Friday, September 21, 2006, Counsel for the EEOC spoke with Plaintiff in

order to determine whether he would withdraw his subpoena. Plaintiff indicated

that he would oppose both the EEOC's motion for continuance and the EEOC's

motion to quash. Defendant is not opposed to the EEOC's motion for

continuance. While the discovery deadline in this case is October 2, 2006,

Defendant has indicated that, in the event that the Court orders the EEOC to

produce Judge Powell to testify, Defendant will not object on the grounds that the

discovery deadline has passed.

9.    Good cause exists for the requested relief, and no prejudice will be caused to any

party, or the Court, by granting this motion.

Respectfully submitted,

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300

JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

*EEOC's Motion for Continuance*                                    3

## **CERTIFICATE OF CONFERENCE**

I hereby certify that EEOC Trial Attorney Jennifer Randall and EEOC Supervisory Trial Attorney Judith Taylor conferred with Plaintiff by phone on September 22, 2006. Plaintiff indicated that he is opposed to the EEOC's motion to quash, and Plaintiff EEOC's motion for continuance, and that he is opposed to everything that the EEOC will do in this case. Counsel for Defendant, R. Barry Robinson, is not opposed to the EEOC's motion.

Jennifer Randall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 25  day of September 2006.

Michael L. Buesgens
3112 Windsor Rd. #A322
Austin, Texas 78703

☐ Hand Delivery
☐ U.S. First Class Mail, Postage Prepaid
☑ Federal Express

R. Barry Robinson
Assistant U.S. Attorney
816 Congress Avenue Suite 1000
Austin, Texas  78701

☐ Hand Delivery
☐ U.S. First Class Mail, Postage Prepaid
☑ Federal Express
☑ Fax to 512-916-5854

JENNIFER RANDALL

EEOC
SAN ANTONIO, TEXAS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 05-CV-00243-SS |
| | § | |
| JOHN W. SNOW, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

ON THIS DAY, came to be heard the EEOC's Motion for Continuance. The Court is of the opinion that the motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the EEOC's Motion for Continuance is **GRANTED**.

**IT IS FURTHER ORDERD** that the EEOC and Defendant shall have until October 20, 2006 to respond to Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.

SIGNED and ENTERED this _____ day of _____, 2006.

_____
U.S. DISTRICT JUDGE

PAGE 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

SEP 2 7 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

MICHAEL L. BUESGENS,                  §
                                      §
        *Plaintiff,*                  §
                                      §
v.                                    §    Civil Action No. 05-CV-00243-SS
                                      §
JOHN W. SNOW,                         §
                                      §
        *Defendant.*                  §
                                      §

## EEOC'S MOTION TO SUPPLEMENT EEOC'S MOTION FOR CONTINUANCE REGARDING PLAINTIFF'S SUBPOENA OF EEOC ADMINISTRATIVE JUDGE ROBERT L. POWELL

United States Equal Employment Opportunity Commission ("EEOC") files this Motion to Supplement its Motion for Continuance Regarding Plaintiff's Subpoena of EEOC Administrative Judge Robert L. Powell, and would show the Court the following:

1.    On September 26, 2006, EEOC filed its Motion for Continuance Regarding Plaintiff's Subpoena of EEOC Administrative Judge Robert L. Powell.

2.    On September 26, 2006, EEOc noticed that it inadvertently did not attach Exhibit "1" to its Motion.

3.    The EEOC respectfully requests the Court to allow it to supplement it Motion for Continuance with the attached documentation identified as Exhibit "1" to EEOC Motion for Continuance Regarding Plaintiff's Subpoena of EEOC Administrative Judge Robert L. Powell.

Respectfully submitted,

JUDITH G. TAYLOR    *EEOC*
Supervisory Trial Attorney
Texas State Bar No. 19708300
*SAN ANTONIO, TEXAS*

*Judith of Taylor for w/ permission*

JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

Equal Employment Opportunity
  Commission
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

## CERTIFICATE OF CONFERENCE

I hereby certify that Trial Attorney Jennifer Randall and EEOC Supervisory Trial Attorney Judith G. Taylor conferred with Plaintiff by phone on September 22, 2006. Plaintiff indicated that he is opposed to everything that the EEOC will do in this case. On September 26, 2006, Paralegal Specialist Carol G. Herrera spoke with R. Barry Robinson, counsel for Defendant. Mr. Robinson indicated that he is not opposed to this Motion.

*Judith of Taylor for w/ permission*

JENNIFER RANDALL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 26th day of September 2006.

| | |
|---|---|
| Michael L. Buesgens | ☐ Hand Delivery |
| 3112 Windsor Rd., #A322 | ☑ U.S. first Class Mail, Postage Prepaid |
| Austin, Texas 78703 | ☐ Federal Express |
| | |
| R. Barry Robinson | ☐ Hand Delivery |
| Assistant U.S. Attorney | ☑ U.S. First Class Mail, Postage Prepaid |
| 816 Congress Avenue, Suite 1000 | ☐ Federal Express |

*Judith of Taylor for w/ permission*

JENNIFER RANDALL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

*12 PAGES*

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. A-05-CA-243-SS** |
| **JOHN W. SNOW,** | § | |
| *Secretary, Department of the Treasury,* | § | *DOCUMENT 86* |
| **Defendant.** | § | *FILED: 10/10/2006* |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant John W. Snow, in his official capacity as the Secretary, Department of the Treasury, by and through the U.S. Attorney for the Western District of Texas, and files this Motion for Summary Judgment. In support thereof, the Defendant respectfully offers the following:

### I. INTRODUCTION

Plaintiff Michael L. Buesgens was formerly employed as a Contact Representative with the Internal Revenue Service (IRS), a seasonal position that involved working on the Customer Service Toll-Free system. Prior to his disability retirement in March 2005, Plaintiff filed three administrative EEO complaints that were consolidated before the EEOC into a single hearing. The issues in Plaintiff's EEO complaints concern events that occurred in the Fall of 2002 and the Spring of 2003. The primary allegations are reprisal for Plaintiff's prior participation in EEO activity and the agency's failure to provide reasonable accommodation for his mental disability (Bipolar & depression). The personnel actions at issue are the Plaintiff's forfeiture of 71 hours of "use or lose" annual leave in January 2003, and the agencies' denial of his request for job restructuring that would have eliminated an essential duty of Plaintiff's position (telephone work).

Defendant contends Plaintiff's case should be dismissed because he fails to state a claim upon which relief can be granted, fails to establish a *prima facie* case of discrimination, retaliation, or hostile work environment.

## II. FACTUAL SUMMARY

See Appendix A.

## III. STANDARD OF REVIEW

### The Review of Employment Discrimination Claims.

Where only circumstantial evidence of discrimination is offered, plaintiffs must rely on the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, the plaintiff has the initial burden of proving a *prima facie* case by a preponderance of the evidence. *Id.* Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate nondiscriminatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant proffers such a legitimate reason, the burden shifts back to the plaintiff to show that the defendant's reason was merely a pretext for discrimination. *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 138-42, 120 S. Ct. 2097 (2000)). Throughout, the ultimate burden of persuasion remains with the plaintiff. *Reeves*, 530 U.S. at 143.

## IV. LEGAL ARGUMENT

### Plaintiff's First EEO Complaint.

#### Plaintiff fails to establish a *prima facie* case of retaliation.

In Plaintiff's first EEO Complaint, he alleges he was the victim of reprisal for his involvement in prior EEO activity (request for reasonable accommodation), when in October 2002, his request to forfeit and restore 71 hours of use or lose annual leave was denied. (Append., ¶ 18).

To establish a *prima facie* case of retaliation a plaintiff must show that (1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) a causal link existed between the protected activity and the adverse employment action. *Fierros v. Tex. Dep't of Health*, 274

2

F.3d 187, 191 (5th Cir. 2001). In June 2006, the Supreme Court broadened the standard of the second prong of the *prima facie* case of retaliation, *i.e.*, what constitutes an "adverse employment action." The *Burlington Northern* Court reasoned that, while the "ultimate employment decision" standard continues to apply to Title VII *discrimination* cases, the standard is not appropriate for Title VII *retaliation* cases.[1]

In the Fifth Circuit, "adverse employment actions" include only "ultimate employment decisions...'such as hiring, granting leave, discharging, promoting, and compensating.'" *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 519 (5th Cir. 2001). For the purpose of this summary judgment motion only, Defendant will concede that Plaintiff meets element one, but Defendant contends that Plaintiff was not subjected to an adverse employment action, and that he is unable to establish a causal link between his participation in prior EEO activity and the forfeiture of his 71 hours of annual leave.

Courts, when dealing with loss of leave issues, have distinguished between a refusal to grant accrued vacation time and merely delaying or restricting when the vacation time may be used. *See Paniagua v. Texas Dep't of Criminal Justice*, 2001 WL 540908 *6 (N.D. Tex.); *Washington v. Veneman*, 2004 WL 170315 *5 (E.D. La.). The courts have noted that employers routinely restrict the timing of employees' vacations based on the needs of the business. They have concluded that such scheduling decisions are closer to depriving an employee of "opportunities" rather than changing the "conditions or privileges of employment." *Id.*

In the present case, the IRS did not deny Plaintiff the opportunity to utilize his vacation leave, rather Plaintiff simply refused to use his leave at a time that was not in violation of the IRS's leave

---

[1]    *Burlington N. & Santa Fe Ry. Co. v. White*, ___ U.S. ___, 126 S.Ct. 2405, 2414  (2006)(holding that "we conclude that Title VII's substantive provision and its anti-retaliation provision are not coterminous. . . .  We therefore reject the standards applied in the Court of Appeals that have treated the anti-retaliation provisions as forbidding the same conduct prohibited by the anti-discrimination provision. . . .").

3

policies. Moreover, Plaintiff fails to establish a causal connection between his protected activity and the loss of his 71 hours of use or lose leave. (Append., ¶¶ 27-31).

Based on the foregoing, Plaintiff fails to establish a *prima facie* case of retaliation. In the alternative, Plaintiff cannot overcome the Agency's legitimate business reasons for not permitting Plaintiff to restore his forfeited leave. (Append., ¶¶ 32-34).

**Plaintiff's Second EEO Complaint.**

**Buesgens fails to state a claim under the Rehabilitation Act.**

The Rehabilitation Act prohibits discrimination against otherwise qualified employees with a disability. 29 U.S.C. § 794(a). Courts reviewing disability discrimination claims use the "straightforward" three-part burden-shifting analysis used in other discrimination cases. *Burciaga v. West*, 996 F. Supp. 628, 634 (W.D. Tx. 1998). The plaintiff-employee must establish a *prima facie* discrimination case. *McDonnell-Douglas v. Green*, 93 S. Ct. 1817 (1973); *Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089 (1981). To do so, he must show that (1) he was an individual with a disability within the meaning of the statute[2]; (2) he was otherwise qualified; and (3) he was adversely treated solely because of his disability. *Burciaga*, 996 F. Supp. at 640; 29 U.S.C. § 794(a). *See also Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993)(requiring plaintiff to show that "he was adversely treated solely because of his handicap") and *Soledad v. United States Dep't of Treasury*, 304 F.3d 500, 504 (5th Cir. 2002) (citing *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997)). The burden of proof for each of these elements lies with the plaintiff. *Chandler*, 2 F.3d at 1390.

If the employee establishes a *prima facie* case, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the action. *Id.* If the employer satisfies this

---

[2]   See 29 C.F.R. § 1614.203(b)(importing ADA standard into the Rehabilitation Act); 42 U.S.C. § 12102(2)(defining disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.").

burden, the burden then shifts back to the employee, who must prove that the legitimate reasons offered by the employer for the action were not its true reasons, but were a pretext for unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2104-2105 (2000). Plaintiff cannot establish elements two and three of a *prima facie* case. For the purposes of this summary judgment motion only, Defendant will concede that Plaintiff is disabled within the meaning of the Rehabilitation Act because the agency, albeit mistakenly, considered Plaintiff to be disabled[3].

1.  **Plaintiff cannot show that he is a qualified person with a disability under the Rehabilitation Act.**

    *YES HE CAN*

Assuming arguendo that Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act, Plaintiff still cannot establish a *prima facie* disability discrimination case because he was not "otherwise qualified for his position." "The law in this area is crystal clear: an otherwise qualified person is 'one who is able to meet all of the program's requirements in spite of his handicap.'" *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999). Determining whether Plaintiff is otherwise qualified for his job requires a two-part inquiry. First, the Court must determine whether Plaintiff can perform the essential functions of his position. If Plaintiff cannot perform the essential functions of his job, the Court must determine whether any reasonable accommodation would enable Plaintiff to perform those functions. *Burch*, 174 F.3d at 619; *Chandler*, 2 F.3d at 1393-94.

a.  **Essential functions of the job.**

*WHERE ARE FOH DOCTORS?*

---

[3] To qualify for protection as a disabled person, a plaintiff must show that his impairment substantially limits a major life activity. *Toyota v. Williams*, 534 U.S. 185, 195 (2002). Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Id.*; 45 C.F.R. § 84.3(j)(2)(ii). "Substantially limited" means "unable to perform a major life activity that the average person in the general population can perform" or "significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j).

According to regulations implementing the Americans with Disabilities Act (ADA), which are instructive in Rehabilitation Act cases,[4] "essential functions" means the "fundamental job duties" but does not include the marginal functions of the job. 29 C.F.R. § 1630.2(n)(1) and (2). One of the essential functions of a Contact Representative is to perform toll-free telephone duty. (Append., ¶¶ 16, 38). The summary judgment evidence establishes that Plaintiff was unable to perform the essential duty of telephone contact with taxpayers which, despite the agency's accommodations of eliminating telephone duty for several months or reducing it to four hours per day. (Append., ¶¶ 23, 24, 35, 38, 39, 41-46). In August 2004, Plaintiff submitted paperwork for his disability retirement and in support provided several physician statements supporting his request for disability retirement, indicating his condition had not changed and that his bipolar condition prevented him from fulfilling the critical job element of telephone work. (Id., ¶¶ 47-53).

b.    **Reasonable accommodations.**    *REASSIGNMENT*

Plaintiff has the burden of proving that the IRS could have made a reasonable accommodation to enable him to perform his job. *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 n.4 (5th Cir. 1997). *See also Burciaga*, 996 F. Supp. at 640 (discussing the many cases in which courts have placed the burden of proving reasonable accommodation on the plaintiff). As discussed above, despite the agency's reasonable accommodations, Plaintiff's medical condition continued to deteriorate to a level where his physicians recommended and supported his medical disability retirement request. (*Id.*)

Moreover, the IRS offered Plaintiff the only job available at the time that required no telephone contact with taxpayers, but he declined the offer. (Id., ¶ 38; DEX 28, Gates' Decl.)  "[F]or the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997). If an open position

---

[4] *Burciaga*, 996 F. Supp. at 628, 634 n.10 (W.D. Tx. 1998).

exists, Plaintiff must "prove that he is qualified for that position." *Burch*, 174 F.3d at 622. Plaintiff cannot show any vacant GS-8 positions for which he qualified and management was not required to create one. *Chiari v. City of League City*, 920 F.2d 311, 318 (5th Cir. 1991). To the contrary, Plaintiff rejected the GS-4 clerical position, the only available position that would accommodate his medical restrictions[5]. (Append., ¶ 39).

> **b.**    **Plaintiff cannot show that he was adversely treated solely by his disability.**

The Rehabilitation Act provides in relevant part "No otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . ." *Soledad*, 304 F.3d at 504. In the case at bar, Plaintiff cannot show that he was adversely treated solely because of his disability. As discussed above, all of Plaintiff's physicians' requests that Plaintiff be excused from telephone duty (or limited) were granted. Plaintiff's request that his Contact Representative job be restructured to eliminate telephone duty was not possible because telephone contact with taxpayers is an essential function of the job. (Append., ¶¶ 23, 24, 35, 37, 38).

Even after Plaintiff declined the reasonable accommodation of reassignment to a job that required no telephone contact with taxpayers, his supervisors continued to accommodate him until his medical disability retirement in March 2005. (Append., ¶¶ 39-42). There is no evidence that the IRS forced Plaintiff to submit his request for disability retirement. Plaintiff's retirement is presumed to be voluntary, unless he comes forward and introduces evidence to rebut the presumption. *Cf., Gonzalez v. Dep't of Transp.*, 701 F.2d 36, 38 (5th Cir. 1983) (citing *Christie v. United States*, 207 Ct. Cl. 333, 518 F.2d 584, 587 (Ct.Cl.1975)). Plaintiff cannot rebut this presumption. To the contrary, Plaintiffs'

---

[5] It is noteworthy that when Plaintiff declined the GS-4 Clerk position, he voluntarily wrote in the comments section: "I will contact my doctor and request an appointment to see if I can get a medical release for phone duties." (DEX 27, Tawney July 6, 2003 EEO Decl. ¶ 14, (p. 138)).

physicians fully supported his retirement application. Moreover, Plaintiff submitted a request for reconsideration after his application was initially denied. (Append., ¶¶ 51-53).

## Plaintiff's Third EEO Complaint.

A.   **Plaintiff Fails to Establish a *Prima Facie* Case of Hostile Work Environment or Retaliation.**

The gravamen of Plaintiff's hostile work environment and retaliation claims center around him being counseled for unprofessional conduct with customers on the telephone and the unfounded threat from a co-worker who maintained scissors at her work desk that she used when she knitted during her breaks. (Append. at ¶¶ 56-60). To establish a hostile work environment claim under the Rehabilitation Act, a plaintiff must prove that: (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Soledad*, 304 F.3d at 506. *See also Felton v. Polles*, 315 F.3d 470, 484 (5th Cir. 2002). If the alleged harasser is a supervisor with immediate (or successively higher authority), the plaintiff need only satisfy the first four elements. *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 299 (5th Cir. 2001). For harassment to affect a "term, condition, or privilege of employment" it must be sufficiently pervasive or severe so as to alter the conditions of employment and create an abusive working environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

Factors to consider in determining whether a work environment is hostile or abusive include such things as the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Id.* at 23. These standards for judging hostility are "demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998).

8

"Properly applied, they will filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.*

In the case at bar, Plaintiff cannot establish elements 2-5 necessary to state a *prima facie* case of a hostile work environment. Defendant submits that as a matter of law none of Plaintiff's allegations, even if they are true, are sufficiently pervasive or severe so as to alter the conditions of employment and do not create an abusive working environment. Personal animosity between employees that is not predicated on a protected characteristic does not establish actionable hostile work environment. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)(cautioning that Title VII does not prohibit all verbal or physical harassment in the workplace, only those directed at discrimination because of a protected trait); *Vore v. Indiana Bell Tel. Co. Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994)(explaining that "federal law does not guarantee a utopian workplace, or even a pleasant one," and that "personality conflicts between employees are not the business of federal courts."). Based on the foregoing, Plaintiff has failed to establish a *prima facie* case of hostile work environment.  To establish a *prima facie* retaliation claim, Plaintiff must show that (1) he engaged in activity protected by Title VII; (2) his employer took an adverse action against him; and (3) there was a causal link between the two. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). Plaintiff cannot establish any of the elements of a *prima facie* case. Plaintiff's request to transfer to another department was not based upon his disability. Rather it was related to his inability to get along with his supervisors and coworkers. (Append., ¶ 60). Alternatively, the legitimate, nondiscriminatory reasons discussed above apply with equal strength to Plaintiff's retaliation claim.

## Plaintiff fails to state a claim under the FMLA.

The FMLA grants private and federal employees periods of leave for certain family or health related events. Title I of the FMLA governs private sector and federal employees with less than 12

9

months of service. 29 U.S.C. ¶¶ 2601 *et seq.* Title II of the FMLA governs actions relating to federal employees with more than 12 months of federal service. 5 U.S.C. ¶¶ 6381 *et seq.* While both titles guarantee the same substantive rights, Title I expressly creates a private right of action to redress violations, whereas Title II does not. *Sullivan-OBST v. Powell,* 300 F.Supp.2d 85, 99 (D.D.C. 2004). It is undisputed that the IRS employed Plaintiff for more than 12 months. Accordingly, Title I of the FMLA does not afford the Plaintiff an avenue to assert his claim.

## Plaintiff fails to state a claim under the Privacy Act.

The Privacy Act is intended to protect the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records. *Sullivan-OBST,* 300 F.Supp.2d at 98. The act provides for a cause of action if the Plaintiff can prove that (1) the agency disclosed information, (2) the information disclosed is a record contained within a system of records; (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional. *Id.* In this case, Plaintiff alleges that the agency obtained his medical information without his consent. (Append., ¶9). As part of the request for reasonable accommodation, Ms Schanhals requested Plaintiff's medical information to assist her in determining the most appropriate accommodation. On January 24, 2003, Plaintiff signed an Authorization for Release of Medical Information. (Append., ¶24). As matter of law, Plaintiff fails to state a claim for which relief can be granted because the alleged unauthorized release of medical information, even if true, was done by a private medical care provider, not a federal governmental entity. Moreover, the agency received medical information regarding Plaintiff either directly from Plaintiff or pursuant to Plaintiff's authorization.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendant's motion for summary judgment.

10

Respectfully Submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY:    /s/  R. Barry Robinson

R. BARRY ROBINSON
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78216
(512) 916-5858 / 916-5854 (facsimile)
Arkansas State Bar No. 85206

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and foregoing **Defendant's Motion For Summary Judgment** and proposed Order has been served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 10th day of October 2006, as follows:

Michael L. Buesgens
3112 Windsor Rd. # A322
Austin, TX 78703
*[Pro se Plaintiff]*

_____ Via Fax
_____ Hand Delivery
___✓___ CM / RRR
_____ First Class U.S. Mail

/s/  R. Barry Robinson

R. BARRY ROBINSON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *MICHAEL L. BUESGENS,* | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | Civil Action No. A-05-CA-243-SS |
| *JOHN W. SNOW,* | § | |
| *Secretary, Department of Treasury,* | § | |
| **Defendant.** | § | |
| | § | |

## ORDER

The matter came before the Court on **Defendant's Motion For Summary Judgment**. After reviewing the pending motion, the pleadings, and the submissions of the parties, the Court is of the opinion that the following order should issue:

It is hereby **ORDERED** that **Defendant's Motion For Summary Judgment** is **GRANTED**.

Signed this the _____ day of _____, 2006.

_____
**SAM SPARKS**
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

*12 - PAGES*

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 05-CV-00243-SS |
| JOHN W. SNOW, | § § | *DOCUMENT 90* |
| *Defendant.* | § § | *FILED: 10/20/2006* |

## EEOC'S MOTION TO QUASH PLAINTIFF'S SUBPOENA
## OF EEOC ADMINISTRATIVE JUDGE ROBERT L. POWELL

COMES NOW United States Equal Employment Opportunity Commission ("EEOC") and moves this Court to quash Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.[1]  In support of its motion, Movant would respectfully show the Court the following:

## STATEMENT OF FACTS

On or about September 18, 2006, Plaintiff served upon the EEOC the subpoena of Administrative Judge Robert L. Powell.  (Ex. 1.)  Neither the EEOC[2] nor Judge Powell[3] is a party to this lawsuit.

Federal employees who believe that they have been discriminated against on the basis of a disability, in violation of the Rehabilitation Act, must first attempt to resolve their complaints using the administrative remedies within their federal agency.  *See generally* 29 C.F.R. §1614.103 through § 1614.110.  When a federal employee requests a hearing, the EEOC

---

[1] The subpoena mistakenly identifies Judge Powell as "Robert E. Powell."

[2] The EEOC has been named as a defendant in at least two other related lawsuits filed by Mr. Buesgens in the United States District Court for the District of Columbia, *Buesgens v. Coates et al*, 05-CV-02334, and *Buesgens v. United States of America et al*, 06-CV-01558.

[3] As an administrative judge, Judge Powell is immune from suit for actions taken while presiding over an administrative proceeding.  *Butz v. Economou*, 438 U.S. 478, 513-514 (1978).

EEOC's Motion to Quash Subpoena of Judge Powell

appoints an EEOC administrative judge, such as the Honorable Robert L. Powell, to adjudicate the case. *See* 29 C.F.R. § 1614.108(g). Administrative judges' duties include conducting pre-hearing conferences and ruling on pre-hearing matters (including motions to compel discovery, motions for protective order, motions for sanction and motions for summary judgment), conducting settlement conferences, conducting evidentiary hearings akin to bench trials (including rulings on the admissibility of evidence and other trial objections), and rendering final decisions on the merits of cases, either orally or in writing. (Ex. 2 at ¶ 3.) *See also* 29 C.F.R. § 1614.109.

In the present case, Plaintiff Michael L. Buesgens requested a hearing regarding his employment discrimination claim in or about April 2003. The case was assigned to Judge Powell. Judge Powell conducted a telephonic hearing in the case on December 15, 2003, and rendered an oral bench finding of "no discrimination" at the end of the hearing. (Ex. 2 at ¶ 4.) When rendering a bench decision, it is Judge Powell's practice to advise the parties that, prior to formal issuance, the bench decision may be edited, amended or supplemented. *See id.* Pursuant to standard office procedure, Judge Powell then consults with Supervisory Administrative Judge Katye Duderstadt regarding his findings. *See id.* On or about January 21, 2004, Judge Powell finalized his decision, entered judgment for the agency/employer (Defendant), and closed the case. (Ex. 3.) Plaintiff's case was one of 300 that Judge Powell has adjudicated since October 2003.

Pursuant to the United States Equal Employment Opportunity Commission Handbook for Administrative Judges ("Administrative Judge Handbook"), the San Antonio Hearings Unit ("Hearings Unit") "must retain a copy of all documents issued to the parties for a minimum of two years from the date the Office closes the case, but does not need to retain the hearing

transcript or hearing exhibits." (Ex. 4 at p. 28, section H.)  The agency/employer in which the complaint originated may retrieve the report of investigation and complaint file from the EEOC, but if it does not do so within 60 days, they may be destroyed.  *See id.*  In the present case, the Hearings Unit maintained the records of Plaintiff's EEOC hearing, as required by the Administrative Judge Handbook.  However, the Hearings Unit did not, and was not required to, retain copies of the hearing transcript or hearing exhibits.

A complainant may appeal an agency's final action following a decision by an administrative judge to the EEOC Office of Federal Operations.  *See* 29 C.F.R. § 1614.110, § 1614.401.  In the present case, Mr. Buesguens' appeal was denied on December 29, 2004, and his request for reconsideration of that ruling was denied on February 18, 2005.  (Exs. 5, 6.)  The EEOC maintains appeals documentation for four years after a file is closed.  *See* EEO MD-110 E(3), attached as Exhibit 7.  The EEOC has provided Plaintiff with a copy of the appellate record, including the hearing transcript and the hearing record.[4]  (Ex. 8.)

Pursuant to federal regulation, an employee of the EEOC may not testify or otherwise disclose any information acquired as a result of the performance of the employee's official duties without the express approval of the EEOC's Office of Legal Counsel ("Legal Counsel").  *See* 29 C.F.R. § 1610.32.  The San Antonio Field Office has contacted Legal Counsel, and has been instructed not to produce Judge Powell or any other EEOC employee to testify in this case.  By letter dated September 20, 2006, the Commission informed Plaintiff that it would not produce Judge Powell to testify absent court order.  (Ex. 9.)

---

[4] All documents submitted to, and accepted by, an administrative judge at a hearing shall be made a part of the hearing record. 29 C.F.R. § 1614.109(h).

*EEOC's Motion to Quash Subpoena of Judge Powell*

## STANDARD OF REVIEW

Pursuant to Rule 45(c)(3)(a)(iii) and (iv) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Positive Black Talk Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed. 1995)). "[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id.*

## ARGUMENT

Plaintiff appears to seek testimony from Judge Powell regarding his evidentiary rulings and bench decision during the EEOC hearing, as well as evidence submitted in relation to the EEOC hearing. *See* Ex. 1.

### A.   Judge Powell May Not be Asked to Testify about His Rulings

To the extent that Plaintiff seeks to compel Judge Powell's testimony regarding his rulings, it has long been recognized that a judge may not be asked to testify about his mental process in reaching a decision.[5] *See Fayerweather v. Ritch,* 195 U.S. 276, 307 (1904) (observing that a judge's ruling should never limited by the judge's testimony as to "what he had in mind at the time of the decision"). There are a number of policy reasons for this rule, including concern

---

[5] As the United States Supreme Court has recognized in the related context of judicial immunity, a federal hearing examiner or administrative law judge is "functionally comparable" to a judge. *But v. Economou,* 438 U.S. 478, 513 (1978).

that a judge will be unlikely be able to reconstruct his thought processes accurately several years after making a ruling, concern about the integrity of judges' rulings, and concern that allowing a judge to be interrogated about his decision in a subsequent lawsuit will detract from the integrity of the judicial process. *See Washington v. Strickland*, 693 F.2d 1243, 1263 (5th Cir. 1982), *rev'd on other grounds*, 466 U.S. 668 (1984).

In *Robinson v. Comm'r of Internal Revenue*, 70 F.3d 34 (5th Cir. 1995), the Fifth Circuit Court of Appeals held that the United States Tax Court did not err in quashing a subpoena seeking testimony from a state court judge regarding "his understanding and knowledge of the final judgment and what went into its determination." *Id.* at 38. In so ruling, the Fifth Circuit Court of Appeals observed that "the whole purpose of the subpoena was to delve into the judge's mental processes." *Id.* Similarly, in the present case, questions about Judge Powell's evidentiary rulings and final decision on the merits of the case would inappropriately seek information about Judge Powell's mental processes in making his rulings.

**B.    The Information Sought by Plaintiff is Protected by the Deliberative Thought Process Privilege**

Any testimony by Judge Powell regarding his decision-making process, and the basis of his decision, is protected by the deliberative thought process privilege. Naomi Earp, Chair of the Equal Employment Opportunity Commission, is hereby asserting the deliberative thought process privilege on behalf of the Commission with respect to the inquiries that will likely be made of Judge Powell. (Ex. 10.) The deliberative thought process privilege protects "the decision making processes of governmental agencies." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotations omitted). In order to be covered by the deliberative thought process privilege, information must be: (1) pre-decisional, that is, pertaining to the time period prior to the adoption of an agency decision; and (2) deliberative in nature, containing opinions,

recommendations or advice regarding agency processes or decisions. *See Skelton v. United States Postal Service,* 678 F.2d 35, 38 (5th Cir. 1982); *Klein v. Jefferson Parish Sch. Bd.,* No. 00-3401, 2003 WL 1873909 at *4 (E.D. La. April 10, 2003). Courts have recognized that the decision-making processes of agency officials serving in a judicial or quasi-judicial function are protected by the deliberative thought process privilege. *See United States v. Morgan,* 313 U.S. 409, 422 (1941) (holding that the Secretary of Agriculture's deliberate thought process in a proceeding that had "a quality resembling that of a judicial proceeding" was protected); *Gary W. v. State of Louisiana, Dept. of Health and Human Resources,* 861 F.2d 1366, 1368-1369 (5th Cir. 1988) (holding that the deliberative thought process of a special master in a child abuse and neglect hearing was protected).

Although the deliberative thought process privilege is a qualified privilege, it can only be overcome where the party seeking disclosure demonstrates sufficient need for disclosure. *See FTC v. Warner Comm. Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984). In determining whether a party has demonstrated sufficient need for disclosure, the Court should consider: 1) the relevance of the evidence to the lawsuit; 2) the availability of other evidence on the same matters; 3) the EEOC's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion within the EEOC regarding contemplated policies and decisions. *Id. See also Cipollone v. Liggett Group, Inc.,* 812 F.2d 1400, 1987 WL 36515 at *2 (4th Cir. Feb. 13, 1987) (unpublished opinion). In balancing the various factors in the present case, it is clear that Plaintiff cannot establish sufficient need for the compelled testimony.

1.    *Judge Powell's Testimony is Not Relevant to the Present De Novo Proceeding*

Cases brought by federal employees under the Rehabilitation Act are *de novo* proceedings.[6] *Prewitt v. United States Postal Service,* 662 F.2d 292, 303 (5th Cir. 1981). The question before the Court is whether sufficient facts have been presented to demonstrate liability under the Rehabilitation Act, not whether Judge Powell's administrative decision, issued nearly three years before, was reasonable. Judge Powell's testimony regarding his evaluation of the facts underlying Plaintiff's Rehabilitation Act claim may properly be excluded, as the Court's review of the evidence is independent of any evaluation made by the EEOC. *See Dickerson v. Metropolitan Dade County,* 659 F.2d 574, 579 (5th Cir. Unit B 1981) (EEOC's investigator's testimony regarding his evaluation of the facts would not aid in the fact finder's evaluation of the evidence).

2.    *The EEOC Has Provided Plaintiff with All Non-Privileged Information in the EEOC's Records Regarding his Case*

Judge Powell no longer recalls the specific facts of Plaintiff's case. (Ex. 2 at ¶¶ 5, 7.) Furthermore, Judge Powell never had personal knowledge of the events underlying Plaintiff's Rehabilitation Act claims, as required by Federal Rule of Evidence 602. Any knowledge that Judge Powell once had regarding the specific facts of the case was based on evidence submitted by the parties to the administrative hearing, and the hearing testimony. Plaintiff has access to the same evidence, as the EEOC has provided Plaintiff with copies of all non-privileged information in the EEOC's records regarding his case – including the hearing record and a transcript of the hearing.

---

[6] The requirement of trial *de novo* extends not only to the factual findings, but also to issues such as whether the time limit for filing a complaint was equitably tolled. *Teemac v. Henderson,* 298 F.3d 452, 455 (5th Cir. 2002). Thus, the deliberative process privilege applies not only to Judge Powell's decision-making process in ruling on the substance of Plaintiff's case, but also as to Judge Powell's decision-making process in making evidentiary rulings.

**3.**    *The EEOC is Not a Party to the Present Lawsuit*

The EEOC is not a party in the present lawsuit, and thus stands on even stronger ground with regard to the present motion. As in *Walker v. NCNB Nat. Bank of Florida*, 810 F. Supp. 11 (D.D.C. 1993), the EEOC, as a non-party, will be unduly burdened by any compelled testimony. *Id.* at 14.

**4.**    *Compelling Judge Powell to Testify Would Harm the EEOC and Hinder Frank and Independent Decision-making by EEOC Administrative Judges*

Judge Powell's decision in this case was based upon his analysis of the evidence and the case law. Judge Powell also consulted with Supervisory Administrative Judge Katye Duderstadt before finalizing his decision on January 21, 2004. The deliberative thought process privilege protects the disclosure of these mental impressions, analyses, opinions and recommendations. *See Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1981). If EEOC administrative judges were compelled to testify regarding the agency's decision-making process, the deliberative process would be compromised and the goals of the agency hindered because "officials would hesitate to offer their candid and conscientious opinions to supervisors or co-workers if they knew that their opinions of the moment might be made a matter of public record at some future date." *Id.*

**C.**    **Plaintiff's Request to Compel the Testimony of Judge Powell is Unduly Burdensome and Harassing**

The EEOC's San Antonio Field Office has only 4 administrative judges to handle the approximately 400 cases filed with the office each year. In light of this fact, a policy requiring testimony in even a fraction of those cases would hamper the EEOC hearings process - a process that is fundamental to the EEOC's role as an enforcement agency. Requiring administrative judges to provide testimony regarding every case in which a complainant later filed suit in

federal court would prevent the EEOC from fulfilling its obligation to the public. *See Lang v. Kohl's Food Stores, Inc.*, 185 F.R.D. 542, 549 (W.D. Wis. 1998). Such a requirement would create an undue burden and defeat the mission of the EEOC. *See Hamm v. New York City Office of the Comptroller*, No. 95-6367, 1996 WL 376930 at *1 (S.D.N.Y. July 3, 1996); *Leyh v. Modicon, Inc.*, 881 F. Supp. 420, 425 (S.D. Ind. 1995).

Judge Powell does not specifically recall the facts of Plaintiff's case, and never had any personal knowledge regarding the facts underlying Plaintiff's claims. (Ex. 2 at ¶¶ 5, 7.) Plaintiff's overreaching request to compel the testimony of Judge Powell will not result in admissible trial testimony, and is unduly burdensome and harassing.

**D.    Plaintiff Already has the Hearing Record and Hearing Transcript** WHAT ABOUT DISCOVERY EXHIBIT

To the extent that Plaintiff seeks copies of exhibits submitted in relation to the EEOC hearing, the EEOC has already provided Plaintiff with a copy of the hearing record and hearing transcript, along with all non-privileged information in the EEOC's records regarding his case. (Ex. 8.) At Plaintiff's request, the EEOC has also provided him with copies of all of materials in the possession of the San Antonio Hearings Unit that were received from Plaintiff between the date his case was closed by Judge Powell and the date the San Antonio Hearings Unit was served with his subpoena.[7] (Ex. 11.)

## CONCLUSION

The EEOC respectfully requests that this Court grant its Motion to Quash Plaintiff's Subpoena of EEOC Administrative Judge Robert Powell because it is improper to question a judge about his mental processes in reaching a decision, because the information that Plaintiff seeks is protected by the deliberative thought process privilege, and because compliance with the subpoena would

---

[7]As the EEOC informed Plaintiff, the San Antonio Hearings Unit is not required to maintain a record of materials received from a complainant after a case has been closed, and does not have a regular practice of storing or compiling such information. Thus, these materials are not a part of the EEOC's official record regarding his case.

*EEOC's Motion to Quash Subpoena of Judge Powell*

be unduly burdensome. The EEOC also requests that the Court grant any other relief to which the Court determines the EEOC is entitled.

Respectfully submitted,

      RONALD S. COOPER
      General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel

      ROBERT A. CANINO
      Regional Attorney
      Oklahoma State Bar No. 011782

      ROBERT B. HARWIN
      Associate Regional Attorney
      District of Columbia  Bar No. 076083

      JUDITH G. TAYLOR
      Supervisory Trial Attorney
      Texas State Bar No. 19708300

      /s/ Jennifer Randall
      JENNIFER RANDALL
      Trial Attorney
      Colorado State Bar No. 033240

      EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
      San Antonio District Office
      5410 Fredericksburg Rd., Ste. 200
      San Antonio, Texas 78229-3555
      Telephone: (210) 281-7636
      Facsimile: (210) 281-7669

## CERTIFICATE OF CONFERENCE

I hereby certify that EEOC Trial Attorney Jennifer Randall and EEOC Supervisory Trial Attorney Judith Taylor conferred with Plaintiff by phone on September 22, 2006. Plaintiff indicated that he is opposed to the EEOC's motion to quash, and Plaintiff EEOC's motion for continuance, and that he is opposed to everything that the EEOC will do in this case. Counsel for Defendant, R. Barry Robinson, is not opposed to the EEOC's motion.

                     /s/ Jennifer Randall

                     JENNIFER RANDALL

*EEOC's Motion to Quash Subpoena of Judge Powell*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 20th day of October 2006.

Michael L. Buesgens                    □ Hand Delivery
3112 Windsor Rd. #1322                 ☑ Federal Express
Austin, Texas 78703                    □ Certified Mail, Return Receipt Requested

R. Barry Robinson                      □ Hand Delivery
Assistant U.S. Attorney                □ U.S. First Class Mail, Postage Prepaid
816 Congress Avenue Suite 1000         □ Certified Mail, Return Receipt Requested
Austin, Texas  78701                   ☑ Electronic Filing


         /s/ Jennifer Randall
         JENNIFER RANDALL


                    1:05CV243SS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

*8 PAGES*

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 05-CV-00243-SS |
| | § | *DOCUMENT 91* |
| JOHN W. SNOW, | § | *FILED: 10/20/2006* |
| *Defendant,* | § | |

## EEOC'S MOTION TO QUASH AND MOTION FOR PROTECTION
## REGARDING PLAINTIFF'S MOTION FOR DISCOVERY AND DISCLOSURE

COMES NOW United States Equal Employment Opportunity Commission ("EEOC" or "the Commission") and moves this Court to quash Plaintiff's Motion for Discovery and Disclosure (Ex. 1), and for a protective order providing that the EEOC need not respond to any additional requests for information and/or documents by Plaintiff. In support of its motion, Movant would respectfully show the Court the following:

### STATEMENT OF FACTS

The EEOC is not a party to this lawsuit.[1] In pursing an employment discrimination claim against his former employer, a federal agency, Plaintiff Michael Buesgens requested a hearing with an EEOC administrative judge. EEOC Administrative Judge Robert Powell conducted a telephonic hearing in the case on December 15, 2003, and rendered an oral bench finding of "no discrimination" at the end of the hearing. On or about January 21, 2004, Judge Powell finalized his decision, entered judgment for the agency/employer (Defendant), and closed the case.

---

[1] In his Motion for Discovery and Disclosure, Plaintiff mistakenly identifies the EEOC as a defendant in the present action. (Ex. 1.) However, as the Court's order of October 11, 2006 makes clear, the EEOC is not a party to this lawsuit. (Docket No. 87.) The EEOC has been named as a defendant in at least two other related lawsuits filed by Mr. Buesgens in the United States District Court for the District of Columbia, *Buesgens v. Coates et al*, 05-CV-02334, and *Buesgens v. United States of America et al*, 06-CV-01558.

*EEOC's Motion to Quash Plaintiff's Motion for Discovery and Disclosure, and Motion for Protection*      1

Plaintiff subsequently filed an appeal with the EEOC Office of Federal Operations. Plaintiff's appeal was denied on December 29, 2004, and his request for reconsideration of that ruling was denied on February 18, 2005.

In response to Plaintiff's subpoena of Judge Powell, the EEOC has provided Plaintiff with more than 3,000 pages of documents, including a complete copy of his case record as well as copies of documents that Plaintiff sent to the San Antonio Hearings Unit after his case was closed. (Exs. 2, 3, 4.) On October 16, 2006, Plaintiff faxed the EEOC a "Motion for Discovery and Disclosure," requesting information from the case file of another individual.[2] (Ex. 1.) The EEOC now moves to quash Plaintiff's additional request for discovery, and for protection from any additional requests for information and/or documents by Plaintiff.

## STANDARD OF REVIEW

### A)    Motion to Quash

Pursuant to Rule 45(c)(3)(a)(iii) and (iv) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed. 1995)). "[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id.*

---

[2] Plaintiff's request was sent after the October 2, 2006 discovery deadline in this case. *See* Local Rule 16(d). However, as the EEOC is not a "party," the EEOC has filed the present motion out of an abundance of caution.

**B)    Motion for Protection**

A movant seeking a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure must establish good cause and a specific need for protection. *See Ferko v. Nt'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). "'Good cause' exists when justice requires the protection of a party from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing FED. R. CIV. P. 26(c)). In deciding whether to grant a motion for a protective order, the court has significant discretion. *See id.* (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)).

## ARGUMENT

As a non-party, the EEOC need not respond to Plaintiff's "discovery motions." *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2209 (observing that discovery against a non-party must be pursued under Federal Rule of Civil Procedure 45). Even if Plaintiff's "Motion for Discovery and Disclosure" is read as a subpoena, federal law prohibits the EEOC from providing Plaintiff with information from other individuals' case records. As the EEOC has already provided Plaintiff with a complete copy of his case record, and with copies of documents that he sent to the San Antonio Hearings Unit after his case was closed, the EEOC respectfully requests that the Court grant the EEOC's Motion for Protection from any additional requests for information and/or documents by Plaintiff.

**A.    Federal Law Prohibits the EEOC from Providing Plaintiff with Information from Other Individuals' Cases**

Plaintiff seeks information from the case record of another individual, Russell Holland.[3] However, the Privacy Act prohibits the EEOC from disclosing Mr. Holland's records to Plaintiff. The Privacy Act prohibits the disclosure of "any record which is contained in a system of records by any means of communication to any person" absent written request by, or the prior written consent of, the individual to whom the record pertains, unless the disclosure falls within one of twelve statutory exemptions. 5 U.S.C. § 552a(b).  *See also* 29 C.F.R. § 1611.10 ("The Commission shall not disclose any record which is contained in a system of records it maintains, by any means of communication to any person or to another agency, except pursuant to written request by, or with the prior written consent of the individual to whom the record pertains, unless the disclosure is authorized by one or more provisions of 5 U.S.C. § 552a(b)"). "[T]he term 'record' means any item, collection or grouping of information about an individual that is maintained by an agency. . . ." 5 U.S.C. § 552a(a)(4). "[T]he term 'system of records' means a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol or other identifying particular assigned to the individual. . . ." 5 U.S.C. § 552a(a)(5).  As the Fifth Circuit Court of Appeals recently observed, the Privacy Act's prohibition on unauthorized disclosures has been interpreted broadly, to include oral disclosures, and to include "'*nonconsensual disclosure of any information that has been retrieved from a protected record.*'" *Jacobs v. Nt'l Drug Intelligence Center*, 423 F.3d 512, 517, 520-521 n.9 (5th Cir. 2005) (emphasis in original) *quoting Orekoya v. Mooney*, 330 F.3d 1, 6 (1st Cir. 2003).  As Mr. Holland has not authorized the disclosure of his

---

[3]Mr. Holland appears to be an employee of the Social Security Administration who appealed to the EEOC Office of Federal Operations regarding an employment discrimination claim. (Ex. 1 at 8-9.)  In contrast, Plaintiff's case involves a discrimination claim against the Internal Revenue Service/Department of the Treasury.

records to Plaintiff as required by the Privacy Act, and because none of the twelve statutory exemptions set forth in Section 552a(b) of the Privacy Act applies in the present case, the Commission respectfully requests that its Motion to Quash Plaintiff's Motion for Discovery and Disclosure be granted.

**B.     Additional Discovery Requests by Plaintiff Are Unduly Burdensome and Harassing, as the EEOC Has Already Provided Plaintiff With a Complete Copy of His Case Record**

The EEOC has already provided Plaintiff with more than 3,000 pages of documents, including a complete copy of his case record, as well as copies of documents that Plaintiff sent to the San Antonio Hearings Unit after his case was closed. (Exs. 2, 3, 4.)   In doing so, the Commission expended considerable resources retrieving Plaintiff's record from the Federal Records Center, reviewing the documents for possible privilege objections, and copying and bates stamping the documents. The EEOC's San Antonio Field Office Legal Unit has also had to divert resources away from its prosecution of private-sector employment discrimination cases in order to respond to Plaintiff's discovery requests.   The EEOC has already provided Plaintiff with a complete copy of his case record, and with copies of documents that he sent to the San Antonio Field Office after his case was closed. As Plaintiff's additional requests for documents and/or information are unduly burdensome, duplicative and harassing, the Commission respectfully requests that its Motion for Protection be granted.

## CONCLUSION

The EEOC respectfully requests that this Court grant its Motion to Quash regarding Plaintiff's Motion for Discovery and Disclosure, since Plaintiff is not entitled to receive information from other individuals' case files.   As the EEOC has already provided Plaintiff with a complete copy of his case record, and with copies of documents that he sent to the San Antonio Hearings Unit

after his case was closed, the EEOC respectfully requests that the Court grant the EEOC's Motion for Protection from any additional requests for information and/or documents by Plaintiff. The EEOC also requests that the Court grant any other relief to which the Court determines the EEOC is entitled.

Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia  Bar No. 076083

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300

 /s/ Jennifer Randall
JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

Case 1:05-cv-00243-SS    Document 91    Filed 10/20/2006    Page 7 of 8

## CERTIFICATE OF CONFERENCE

I hereby certify that EEOC Trial Attorney Jennifer Randall and EEOC Supervisory Trial Attorney Judith Taylor conferred with Plaintiff by phone on September 22, 2006. Plaintiff indicated that he was opposed to the EEOC's Motion to Quash his subpoena of EEOC Administrative Judge Robert Powell, and Plaintiff EEOC's motion for continuance, and that he was opposed to everything that the EEOC will do in this case. Counsel for Defendant, R. Barry Robinson, is not opposed to the EEOC's motion.

/s/ Jennifer Randall
JENNIFER RANDALL



Case 1:05-cv-00243-SS    Document 91    Filed 10/20/2006    Page 8 of 8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 20th day of October 2006.

Michael L. Buesgens                ☐ Hand Delivery
3112 Windsor Rd. #1322           ☑ Federal Express
Austin, Texas 78703                 ☐ Certified Mail, Return Receipt Requested

R. Barry Robinson                   ☐ Hand Delivery
Assistant U.S. Attorney              ☐ U.S. First Class Mail, Postage Prepaid
816 Congress Avenue Suite 1000    ☐ Certified Mail, Return Receipt Requested
Austin, Texas  78701                 ☑ Electronic Filing

EEOC

/s/ Jennifer Randall
JENNIFER RANDALL

1:05CV243SS

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2006 DEC -6 PM 1: 39

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                    DEPUTY

MICHAEL L. BUESGENS,
                Plaintiff,

-vs-

JOHN W. SNOW, Secretary of the Treasury,
                Defendant.

Case No. A-05-CA-243-SS

DOCUMENT 105
FILED: 12/06/2006
14 PAGES

## ORDER

BE IT REMEMBERED on the 6th day of December 2006, after being advised that the Fifth

Circuit Court of Appeals has dismissed the interlocutory appeal in this case, the Court reviewed the

file in the above-styled cause, and specifically Defendant's Motion for Summary Judgment [#86],

Plaintiff's Cross Motion for Summary Judgment [#89], and Plaintiff's Declaration [#96]. After

consideration of the cross motions, the declaration, the case file, and the applicable law, the Court

enters the following opinion and order.

### Background

This lawsuit arises from disputes between Plaintiff Michael Buesgens and his former

employer the Internal Revenue Service ("IRS"). Plaintiff was employed as a Contact Representative

with the IRS, a seasonal position that involved working on the Customer Service Toll-Free system.

Prior to his disability retirement in March 2005, Plaintiff filed three administrative EEO complaints

concerning events that occurred in the Fall of 2002 and the Spring of 2003, which were consolidated

before the EEOC into a single hearing. Plaintiff's primary allegations are retaliation for prior

participation in EEO activity and failure to provide reasonable accommodation for his mental

disability (bipolar disorder and depression). The personnel actions at issue are the forfeiture of 71 hours of "use or lose" annual leave in January 2003 and the IRS's denial of Plaintiff's request for job restructuring that would have eliminated telephone work from Plaintiff's job. Plaintiff applied for and was granted disability retirement because of his mental disability on February 23, 2005.

**Discussion**

## I.    Summary Judgment Standard

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). First, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). However, "[n]either 'conclusory allegations' nor 'unsubstantiated

assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

Defendant contends Plaintiff's case should be dismissed because he fails to state a claim upon which relief can be granted and because he fails to establish a prima facie case of discrimination, retaliation, or hostile work environment.

## II.   Plaintiff's First EEO Complaint (October 18, 2002)

In Plaintiff's first EEO Complaint, he alleges he was the victim of reprisal for his involvement in prior EEO activity (i.e., a request for reasonable accommodation) when his request to restore 71 hours of use or lose annual leave was denied in October 2002. Def.'s Ex. 7.

Under 42 U.S.C. § 2000e-3(a) it is an unlawful employment practice "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse employment action. *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001).

The United States Supreme Court recently decided that in Title VII retaliation cases, the "adverse employment action" is not limited to employer actions affecting terms, conditions, or status of employment, but instead "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'" *Burlington N. & Santa*

-3-

*Fe Ry. Co. v. White,* 126 S.Ct. 2405, 2415 (2006) (quoting *Rochon v. Gonzales,* 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

Defendant concedes for purposes of this motion that Plaintiff meets element one (i.e., he engaged in a protected activity by requesting reasonable accommodation), but Defendant contends Plaintiff cannot demonstrate elements two and three. The adverse employment action alleged by Plaintiff is the forfeiture of 71 hours of his annual leave. Although Defendant is correct that this allegation does not rise to the level of an "ultimate employment decision," the Court must look to the new inquiry under *Burlington* to determine whether Plaintiff has alleged an adverse employment action here. *Pryor v. Wolfe,* No. 05-21067, 2006 WL 2460778 at *2 (5th Cir. Aug. 22, 2006). The Court finds that forfeiture of annual leave might have "dissuaded a reasonable worker from making or supporting a charge of discrimination"; therefore, the Court denies Defendant's motion on this basis. *Burlington,* 126 S.Ct. at 2415; *see Pryor,* 2006 WL 2460778 at *2 (finding that plaintiff had stated an adverse employment action under *Burlington* where he alleged he was deprived of earned compensation in retaliation for filing an EEOC complaint).

However, Plaintiff has not established the third element of his prima facie case, that a causal link existed between the protected activity and the adverse employment action. The evidence shows that Plaintiff lost his 71 hours of use or lose annual leave because he refused to use the leave before January 11, 2003, and he was not eligible for restoration of forfeited leave under Agency guidelines. Def.'s Mot Summ. J., Ex. 18, Schanhals' Affid. at 3–4; Ex. 24.[1] Plaintiff admits he is unaware of any employee in his situation who was treated differently than him; he states "I doubt there are any

---

[1] Under Agency guidelines, forfeited annual leave can be restored only for the following reasons: administrative error, exigency of public business, or sickness of the employee. Def.'s Mot. Summ. J., Ex. 25.

Seasonal employees who would have use or lose leave. And we know this isn't going to happen to a permanent employee." Def.'s Mot Summ. J., Ex. 13, Buesgens Affid. at 4. Schanhals explained that there were also two permanent employees who lost 4 hours of use or lose leave for 2002, and that she "never dreamed [Plaintiff] would not want to run his leave out at the end of the season." Def.'s Mot Summ. J., Ex. 18, Schanhals' Affid. at 4.

The evidence indicates that the IRS did not deny Plaintiff the opportunity to use his leave, but merely required that he use his leave in accordance with the IRS's leave policies, that is at some time before January 11, 2003. Plaintiff refused to use his leave, purportedly because he did not want to forfeit unemployment benefits for the time period during which he would have been receiving payment on the 71 hours of use or lose leave. Def.'s Mot Summ. J., Ex. 13, Buesgens Affid. at 2. There is no evidence that any seasonal or permanent employee was treated differently or better than Buesgens; this was a neutral policy and there is no indication that IRS's refusal to allow Plaintiff to forfeit and restore his annual leave was related in any way to Plaintiff's prior request for reasonable accommodation.

Alternatively, Plaintiff has not provided any evidence that the IRS's proffered legitimate nonretaliatory reason for refusing his request to restore 71 hours of forfeited use or lose annual leave is a pretext for retaliation based on his request for reasonable accommodation.

**III.    Plaintiff's Second EEO Complaint (April 28, 2003)**

Plaintiff filed a complaint on April 28, 2003, requesting that he be moved to another department because Anna Medlock discriminated against him on the basis of his disability of depression. Def.'s Mot. Summ. J., Ex. 9 at 2.

-5-

The Rehabilitation Act prohibits discrimination against otherwise qualified employees with a disability. 29 U.S.C. § 794(a). The Rehabilitation Act uses the standards applied under Title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) to determine whether section 794 has been violated and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201 to 12204 and 12210), as such sections relate to employment. 29 U.S.C. § 794(d). The same three-part burden-shifting analysis used in other discrimination cases applies. It is the plaintiff's burden to first prove a prima facie case of discrimination, by showing: (1) Plaintiff was an individual with a disability under the meaning of the statute; (2) he was otherwise qualified; and (3) he was adversely treated solely because of his disability. *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993); *Burciaga v. West*, 996 F. Supp. 628 , 634 (W.D. Tex. 1998). If the employee establishes a prima facie case, the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the action. *Chandler*, 2 F.3d at 1390. If the employer satisfies this burden, the burden shifts back to the employee to prove that the legitimate reason offered by the employer for the action was not its true reason, but was a pretext for unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).

Defendant asserts Plaintiff cannot establish elements two and three of his prima facie case. Defendant concedes for purposes of this motion that Plaintiff is disabled within the meaning of the Rehabilitation Act.[2] First, Plaintiff cannot show he was otherwise qualified for his position as a Contact Representative because the evidence establishes he was unable to perform the essential duty

---

[2] Plaintiff also points to a letter from Mark Frank, M.D. to Margaret Waites at the IRS dated January 29, 2003 as proof that he was a qualified individual with a disability. Pl.'s Cross Motion at 2.

of telephone contact with taxpayers. "[A]n otherwise qualified person is 'one who is able to meet all of the program's requirements in spite of his handicap.'" *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999) (quoting *Chandler*, 2 F.3d at 1393)) (holding that firefighter could not meet the essential physical demands of his job in spite of his disability because there was no reasonable accommodation available that would have allowed Plaintiff to perform the essential duties of a firefighter). Determining whether Buesgens is otherwise qualified for his job requires a two-part inquiry:(1) can Plaintiff perform the essential function of his position; and (2) if not, would any reasonable accommodation enable Plaintiff to perform those functions. *Burch*, 174 F.3d at 619; *Chandler*, 2 F.3d at 1393–94.

One of the essential functions of a Contact Representative is to perform toll-free telephone duty to the public to help them resolve issues and obtain information about tax administration. Def.'s Mot. Summ. J., Ex. 5 at 2. The summary judgment evidence establishes that Plaintiff was unable to perform the essential function of telephone contact with taxpayers in spite of the IRS's reasonable accommodations of eliminating telephone duty for several months and reducing telephone duty to four hours per day.

Plaintiff's doctor David G. Jones, M.D. first requested that Plaintiff be relieved of his telephone duties for 30 days and acknowledged he was treating Plaintiff for depression, anxiety, and a bipolar condition. Def.'s Mot. Summ. J., Ex. 14. The agency granted that request and temporarily took Plaintiff off of telephone duty. *Id.*, Ex. 15, ¶¶ 2–3. Dr. Jones wrote a second request that Plaintiff be relieved of his telephone duties for an additional 60 days on June 21, 2002. *Id.*, Ex. 16. Again management accommodated this request. Plaintiff brought in a third request from Dr. Jones

on August 28, 2002, which asked that Plaintiff continue to remain off of telephone duty until further notice. *Id.*, Ex. 17.

Plaintiff was furloughed, as were all seasonal employees, in October 2002, because of lack of work, and he returned to work in February 2003. The IRS provided Plaintiff with a memorandum on February 26, 2003, which explained that the IRS would continue to accommodate his condition by allowing him to work under the Contact Representative job title without requiring him to do telephone duty until a decision was made regarding reassignment or until March 21, 2003, whichever came earlier. *Id.*, Ex. 26, ¶ 9. Because the ability to perform telephone work is an essential duty of a Contact Representative, the IRS sent a reasonable accommodation request to all heads-of-office in the Austin commuting area seeking a vacant position for Plaintiff that did not require telephone duty but was commensurate with his knowledge, skills, and at his current grade level or lower. *Id.*, Ex. 26, ¶¶ 10–13. The only position found, a GS-4 clerical position, was offered to Plaintiff on April 9, 2003; however, Plaintiff declined the offer, writing that "I will contact my doctor and request an appointment to see if I can get a medical release for phone duties." *Id.* at ¶ 13; Ex. 28. Plaintiff got a release from his doctor in April 2003 and continued to work on the phones up to 4 hours per day until he was furloughed from October 2003 until January 2004.

In January 2004, Plaintiff returned to work and he did not submit any medical documentation regarding telephone duty. *Id.*, Ex. 27 at ¶ 3. Plaintiff's supervisor, Ms. Carroll, attempted to accommodate him as much as possible in 2004, even though he had not presented current medical documentation of a disability. *Id.*, Ex. 27 at ¶ 4. However, Plaintiff's job performance and conduct, both on and off the telephone began to deteriorate, and Carroll began to counsel him in February 2004. *Id.* at ¶ 5. On June 30, 2004, Plaintiff was issued a notice of proposed disciplinary suspension

-8-

based on his inappropriate behavior interacting with taxpayers. *Id.* at ¶ 7.  On August 26, 2004,

Plaintiff was issued a 3-day suspension notification based on the reasons given in the June 30, 2004

notice. *Id.* at ¶ 8.  On August 18, 2004, Plaintiff submitted an application for disability retirement.

*Id.*, Ex. 29.  Plaintiff's application was approved on February 23, 2005.  *Id.*, Ex. 36.

      Plaintiff has the burden of proving the IRS could have made a reasonable accommodation

to enable him to perform his job. *Johnson v. Gambrinus C./Spoetzl Brewery*, 116 F.3d 1052, 1059

n.4 (5th Cir. 1997).  Plaintiff has not proved that the IRS could have reasonably accommodated him

in any way that they did not.  Despite the IRS's reasonable accommodations, Plaintiff's medical

condition continued to deteriorate to a level where his physicians recommended and supported his

request for medical disability retirement.  The IRS offered Plaintiff the only job available at the time

that required no telephone contact with taxpayers, and Plaintiff declined the offer.  "[F]or the

accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be

vacant." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997).  Plaintiff cannot

show any vacant GS-8 positions for which he qualified.  Management was not required to create a

position to accommodate him. *Chiari v. City of League City*, 920 F.2d 311, 318 (5th Cir. 1991)

(stating that an employer is not required to find or create a new job for a disabled employee).  Given

the long history of accommodating actions by the IRS set forth above and Plaintiff's inability to

articulate any reasonable accommodation the IRS failed to take, Plaintiff has not established the

second element of his prima facie case.

      Additionally, Plaintiff has also failed to establish that he was adversely treated solely because

of his disability.  All of Plaintiff's physicians' requests for accommodation were granted by the IRS,

and the IRS was not required to restructure Plaintiff's job to eliminate telephone duty, an essential function of the job.

## IV.    Plaintiff's Third EEO Complaint (July 1, 2003)

Plaintiff next filed a complaint asserting that he was not allowed to move to another department and that he was harassed and retaliated against based on his reasonable accommodation activity. Def.'s Mot. Summ. J., Ex. 11. To establish a hostile work environment claim under the Rehabilitation Act, a plaintiff must prove: (1) that he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action. *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 506 (5th Cir. 2002). For harassment to affect a "term, condition, or privilege of employment," it must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment. *Id.* Factors to consider in determining whether a work environment is hostile or abusive may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). These standards, if properly applied, "will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted).

-10-

Here, Plaintiff has alleged he was harassed and retaliated against when Mr. Tawney, his supervisor, counseled him regarding being tactful and courteous to customers, and when Tawney did not take Plaintiff's complaint that one of his co-workers had scissors at her desk seriously enough. Plaintiff also complains of the way Tawney talked to him and his general feeling of hostility from his co-workers. Def.'s Mot. Summ. J., Ex. 37. Plaintiff admits his co-worker who had the scissors knits at her desk, used the scissors to cut yarn, and never said or did anything threatening to him. *Id.* at 2. Plaintiff asserts he was afraid of this co-worker because he believed she had reported his telephone conversations with customers to Tawney, she sat behind him, and she had already "stabbed him in the back" by reporting him. *Id.* at 3. To accommodate Plaintiff's concern for his safety, Tawney moved Plaintiff to another location in the unit. *Id.*, Exs. 26, 38, 39.

The Court finds that Plaintiff has not established element four of his prima facie case of a hostile work environment because he has not alleged harassment sufficiently pervasive or severe to alter the conditions of his employment and create an abusive working environment. Personal animosity between employees that is not predicated on a protected characteristic does not establish an actionable hostile work environment. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998) (suggesting that male employee who was forcibly subjected to sex-related, humiliating actions on several occasions, called names suggesting homosexuality, physically assaulted in a sexual manner, and threatened with rape may not have alleged conduct severe or pervasive enough to create an objectively hostile or abusive work environment); *Vore v. Indiana Bell Tel. Co. Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994) ("[F]ederal law does not guarantee a utopian workplace, or even a pleasant one," and "personality conflicts between employees are not the business of federal courts."). Accordingly, the Court grants Defendant's motion for summary judgment on this basis.

-11-

Likewise, Plaintiff has not established a prima facie case of retaliation under Title VII.[3] To

establish a prima facie retaliation claim, Plaintiff must show (1) he engaged in activity protected by

Title VII; (2) his employer took an adverse action against him; and (3) there was a causal link

between the two. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). Plaintiff cannot

establish elements two or three. Plaintiff's request to transfer to another department was not based

on his disability, rather, it was related to his inability to get along with his supervisors and co-

workers. With regard to Plaintiff's concern for his safety, Plaintiff was moved to a different location

in the unit. Alternatively, the IRS's legitimate, nondiscriminatory reasons, discussed above, have

not been rebutted.

## V.    FMLA Claim

The Family Medical Leave Act ("FMLA") grants private and federal employees periods of

leave for certain family or health related events. Title I of the FMLA governs private sector and

federal employees with less than 12 months of service. 29 U.S.C. § 2601 *et seq.* Title II of the

FMLA covers actions relating to federal employees with more than 12 months of federal service.

5 U.S.C. § 6381 *et seq.* It is undisputed that Plaintiff falls under Title II because he had more than

12 months of service with the IRS. There is no private right of action to redress violations under

Title II of the FMLA; therefore, the Court grants summary judgment because Plaintiff cannot prove

any set of facts which would entitle him to relief under the FMLA. *Mann v. Haigh*, 120 F.3d 34, 37

(4th Cir.1997); *Sullivan-Obst v. Powell*, 300 F. Supp. 2d 85, 99 (D.D.C. 2004).

---

[3] The Court notes that Plaintiff has dropped any claims of sex and race discrimination. Pl.'s
Supplement with Cause of Action and Jurisdiction Clarifications [#30].

## VI.    Privacy Act

The Privacy Act, 5 U.S.C. § 552a, "is intended to protect the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records." *Sullivan-Obst*, 300 F. Supp. 2d at 98; *see Jacobs v. Nat'l Drug Intelligence Center*, 423 F.3d 512, 515 (5th Cir. 2005). To survive summary judgment on his disclosure claim under the Privacy Act, Plaintiff must present evidence of the following elements: "(1) the information is a 'record' in a 'system of records'; (2) the agency disclosed the information; (3) the disclosure had an adverse effect on him; and (4) the disclosure was willful." *Jacobs*, 423 F.3d at 516.

Here, Plaintiff alleges the IRS obtained his medical information from his medical providers without his consent. Pl.'s Am. Compl. As part of Plaintiff's request for reasonable accommodation, Ms. Schanhals requested Plaintiff's medical records to assist her in determining the most appropriate accommodation. Def.'s Mot. Summ. J., Ex. 19. On January 24, 2003, Plaintiff signed an Authorization From for Release of Medical Information. *Id.*, Exs. 20, 26. The Court finds Plaintiff has not stated a claim for which relief can be granted because his allegations of unauthorized release of medical information go toward private medical care providers, not the IRS or any other federal governmental entity. Additionally, the IRS received medical information regarding Plaintiff either directly from Plaintiff or pursuant to Plaintiff's authorization.

-13-

### Conclusion

In accordance with the foregoing:

IT IS ORDERED that Defendant's Motion for Summary Judgment [#86] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Cross Motion for Summary Judgment [#89] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Consolidate Civil Actions in this Court for Just Adjudication of Claims [#102] is REINSTATED and DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery [#103] is REINSTATED and DENIED;

IT IS FURTHER ORDERED that Plaintiff's Request to Sue any of the following persons [#103] is DENIED: Michael Lynn Salyards, Russell Bokelman, Colleen M. Kelley, Julie Wilson, Judge Robert Lynn Powell, Jennifer Randall, Judith Taylor, Robert B. Harwin, Robert Barnhart, Elizabeth P. Caldwell, Stephanie Young, and Stephanie Garner; and

IT IS FINALLY ORDERED that Plaintiff's Motion for Enlargement of Time [#98] is DENIED.

SIGNED this the 6th day of December 2006.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE

Case 1:05-cv-00243-SS    Document 97    Filed 10/27/2006    Page 1 of 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| MICHAEL L. BUESGENS, | § |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| JOHN W. SNOW, | § |
| *Defendant.* | § |

Civil Action No. 05-CV-00243-SS

*DOCUMENT 97*
*FILED: 10/27/2006*

### ADVISORY TO THE COURT - AFFIDAVITS

COMES NOW United States Equal Employment Opportunity Commission ("EEOC") and files this Advisory to the Court- Affidavits. The EEOC would show the Court the following:

1.  On October 23, 2006, the Court held a hearing regarding all pending matters in the above-referenced case. One of the issues discussed during the hearing was the EEOC's Motion to Quash Plaintiff's Subpoena of EEOC Administrative Judge Robert Powell.

2.  During the hearing, Plaintiff represented that the EEOC had not provided him with a copy of his EEOC case record. The Court ordered the EEOC to provide an affidavit from its custodian of records, representing that Plaintiff had been provided with a complete copy of his case record, and with copies of any correspondence between Plaintiff and the EEOC subject to a subpoena. The requested affidavits are attached as Exhibits 1, 2 and 3. The EEOC has provided Plaintiff with a complete copy of the case record, including all exhibits and transcripts, as well as any correspondence between Plaintiff and the EEOC subject to a subpoena.

3.     The EEOC notes that, in spite of Plaintiff's assertion that the EEOC has not

provided him with a copy of his case record, Plaintiff has been attaching

documents produced to him by the EEOC, and containing the EEOC Bates Stamp,

as exhibits to his filings.  *See e.g.* Plaintiff's Cross Motion for Summary

Judgment, Docket at 89, First Set of Exhibits, Pages 22-25, 28-35, 37-43.

Respectfully submitted,

> JUDITH G. TAYLOR
> Supervisory Trial Attorney
> Texas State Bar No. 19708300
>
>
> ___/s/_____
> JENNIFER RANDALL
> Trial Attorney
> Colorado State Bar No. 033240
>
> EQUAL EMPLOYMENT OPPORTUNITY
>    COMMISSION
> San Antonio Field Office
> 5410 Fredericksburg Rd., Ste. 200
> San Antonio, Texas 78229-3555
> Telephone: (210) 281-7636
> Facsimile: (210) 281-7669

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 27th day of October 2006.

Michael L. Buesgens
3112 Windsor Rd. #1322
Austin, Texas 78703

☐ Hand Delivery
☑ Federal Express
☐ Certified Mail, Return Receipt Requested

R. Barry Robinson
Assistant U.S. Attorney
816 Congress Avenue Suite 1000
Austin, Texas 78701

☐ Hand Delivery
☐ U.S. First Class Mail, Postage Prepaid
☐ Certified Mail, Return Receipt Requested
☑ Electronic Filing

_____/s/_____
JENNIFER RANDALL

*EEOC*

*1:05CV2435S*