UNITED STATES DISTRICT COURT
FOR THE DISTRICT of COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
PLAINTIFF

V.

CHARLES ENOS BROWN
EVICTION ATTORNEY
REAL ESTATE BROKER
REAL ESTATE INVESTOR
DEFENDANTS,
ET. AL.

RECEIVED

NOV - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CIVIL NO.
1:06 CV
01964
RBW

PLAINTIFF BUESGENS MOTION FOR
THIS COURTS ORDER ON THE
PRODUCTION OF AFFIDAVIT FROM
VOIR DIRE
MEMBER
ALAN ROSWELL WEINER
J P #5 CASE NO. 041509

1. ALAN ROSWELL WEINER ✔
   D.O.B. 9/12/1964
   8675 233 RD. PT NE
   REDMOND, WASHINGTON 98053

   A. FORMER ADDRESS ✔
      7807 CITENO CORTINA TRAIL
      AUSTIN, TEXAS 78749

2. **HAS**
   EVIDENCE OF WRONGDOING AND
   MISCONDUCT BY EVICTION ATTORNEY

3. A. CHARLES EADS BROWN
      D.O.B. 3/26/1958
   B. TEXAS BAR NO. 03101650
   C. TEXAS REAL ESTATE LICENSE NO. 320045
      REAL ESTATE INVESTOR

      3624 NORTH HILLS DRIVE
           B-100
      AUSTIN, TEXAS 78731
   PHONE: 512-346-6000
   FAX: 512-346-6005

2

4.    ALAN ROSWELL WEINER

WAS A MEMBER OF **VOIRDIRE**
FOR EVICTION SUIT - FORCIBLE
DETAINER SUIT FILED AGAINST

5.    **Michael L. Buesges**
A.    FORMER TENANT AT
       FALCON RIDGE APARTMENTS
B.    MANAGED BY
       GREYSTAR HOLDINGS, INC
C.    **ARNOLD C. TAUCH** - LANDLORD
D.    JACK C. MOSS - PARTNER

E.    APARTMENT **1023**
       500 EAST STASSNEY
       AUSTIN, TEXAS    78745

6.    **EVICTION SUIT**
A.    FILED : 12/30/2005
                  **AT**
B.    JUSTICE OF THE PEACE PRECINCT
       **3** AND **5** TRAVIS COUNTY
C.    **AUSTIN, TEXAS**

3

7.    CASE NO. 041509
          BEFORE
A.  JUSTICE OF THE PEACE PRECINCT
      5  AUSTIN, TEXAS

B.    HERBERT E. EVANS

C.  ACTING JUSTICE OF THE PEACE
      AT TRIAL WAS
D.    HARRIET M. MURPHY
      TEXAS STATE BAR NO. 14699000
E.  HOME ADDRESS
      3638 QUIETTE BLVD DRIVE

      AUSTIN, TEXAS  78754

8.  TRIAL HELD ON JANUARY 26, 2006
     AT 9:30 AM

9.            ATTORNEY

      CHARLES EADS BROWN
A.  POLLUTED THE WELL AT
B.        VOIR DIRE

                4

10. CHARLES EADS BROWN ✓
EVICTION ATTORNEY
**TOLD**

A. VOIR DIRE
MEMBER

B. ALAN ROSWELL WEINER ✓
**THAT**

C. BUESGENS HAD THE MEDICAL
DISABILITY BIPOLAR
**AND**

11. CHARLES EADS BROWN **ASKED**

A. MR WEINER WHAT HE KNEW
ABOUT BIPOLAR MEDICATIONS
AND HOW THEY **AFFECT**

B. MICHAEL L BUESGENS

12. ATTORNEY BROWN **DID THIS TO** STIGMATIZE ✓
MICHAEL L BUESGENS AND MAKE
HIM LOOK MENTALLY ILL AND
✓ DANGEROUS . 5

13. ATTORNEY CHARLES EADS BROWN ✓

A. TALKED TO ALL THE MEMBERS AT VOIR DIRE

B. JANUARY 26, 2006 AT 9:30 AM

C. CASE NO. 041509

D. JUSTICE OF THE PEACE, PRECINT NO. 5

1000 GUADALUPE STREET

AUSTIN, TEXAS 78706

14. HARRIET M. MURPHY, ✓ PRESIDING AS ACTING JUSTICE OF THE PEACE.

15. ATTORNEY CHARLES EADS BROWN ✓ ALSO ✓ TOOK THE STAND AND TESTIFIED AGAINST MICHAEL L BUESGENS

16. ATTORNEY BROWN COMPLAINED ✓ ABOUT HOW MUCH WORK HE HAD TO DO AND REQUESTED $10,000.00 FOR

6

FOR ATTORNEY FEES

17. EVICTION ATTORNEY CHARLES
EADS BROWN
WON CASE NO. 04/509

18. MICHAEL L BUESGENS APPEALED ✓
THIS AND PUT UP A CASH
BOND OF $10,000.00 ON

A. FEBRUARY 2, 2006

B. TO TRAVIS COUNTY COURT AT LAW
NO. 1

C. CAUSE NO. C-1-CV-06-000678

19. THIS CASE IS RELATED
TO

A. CASE NO. D-1-GN-06-000262
FILED: 1/23/2006

B. CIVIL NO. AND 1:06CV00260LY

C. CIVIL NO. 1:06CV00226LY-RP

7

20. MICHAEL L BUESGENS
FORMER TENANT AT
FALCON RIDGE APARTMENTS
APARTMENT 1023
500 EAST STASSNEY
AUSTIN, TEXAS 7878

SENT

A. MANY COURT DOCUMENTS IN
2006 AND 2007 ABOUT THE
FOREGOING PENDING LITIGATION
TO

B. ALAN ROSWELL WEINER
AND

C. OTHER VOIR DIRE MEMBERS

21. REQUESTING

A. THEIR TESTIMONY AND AFFIDAVIT
B. ABOUT CHARLES EADS BROWN
MISCONDUCT
AT

C. VOIR DIRE ON JANUARY 24, 2006
8

22. **ALAN ROSWELL WEINER**
(AND)

A. OTHER MEMBERS OF **VOIR DIRE**
**REFUSED** AND FAILED **TO**
RESPOND TO THE **MANY** REQUESTS
FROM MICHAEL L BUESGENS

23. **WHY** DID ALAN ROSWELL WEINER
AND OTHER MEMBERS OF
**VOIR DIRE** REFUSE TO RESPOND
TO ALL THESE REQUESTS?

24. **WHAT** IS ALAN ROSEWELL WEINER
**LIABILITY** FOR ALL THE
SUBSEQUENT CIVIL ACTIONS
AND LITIGATION THAT HAVE
**RESULTED** FROM THE MISCONDUCT
**OF**

A. ATTORNEY CHARLES EADS BROWN
**ON**

B. JANUARY 26, 2006 AT 9:30 AM

C. CASE NO. 814509

D. JUSTICE OF THE PEACE PRECINCT
5 AUSTIN, TEXAS — **VOIR DIRE**

E. POLLUTING THE WELL

9

25    EVICTION SUIT
       FORCIBLE DETAINER
A.    CASE NO. 091509
B.    ATTORNEY
       CHARLES EADS BROWN
       AND
C.    VOIR DIRE MEMBER

D.    ALAN ROSWELL WEINER
       8675 233 RD PL NE
       REDMOND, WASHINGTON 98053

26.   HAVE
       CAUSED SEVERE HARM
       TO MICHAEL L BUESGENS
27.   THAT
       IS CONTINUAL AND ONGOING
       INTO
A.    2007
       AND
B.    BEYOND ✓

28.   BUESGENS IS NOT ALLOWED TO
       RENT AN AFFORDABLE APARTMENT
       ANYWHERE IN THE UNITED STATES
       TO

29. MICHAEL L BUESGENS STAYS AT EXTENDED STAY AMERICA

30. A. $1,400.00 PER MONTH BECAUSE NO ONE WILL RENT HIM AN APARTMENT IN THE UNITED STATES.

31. BUESGENS ONLY INCOME IS $1,300.00 PER MONTH FROM THE U.S. OFFICE OF PERSONNEL MANAGEMENT - OPM - DISABILITY RETIREMENT

32. BUESGENS PAYS HIS HUGE LEGAL EXPENSES THAT CONTINUE INTO 2007 AND LIVING EXPENSES BY

33. DRAINING THE SMALL AMOUNT HE HAS IN HIS IRA RETIREMENT ACCOUNT

34. WRIT OF POSSESSION EXECUTED ON

A. JULY 6, 2006 AT 10:00AM AT

B. APARTMENT 1023 FALCON RIDGE APARTMENTS

C. BY JOSEPH ROSSER, DEPUTY CONSTABLE PRECINCT 5 TRAVIS COUNTY, AUSTIN, TEXAS

D. CAUSE NO. C-1-CV-000678

E. CASE NO. 091509

35. ALL OF BUESGENS POSSESSIONS

A. MEDICAL RECORDS

B. FEDERAL COURT EVIDENCE

C. 10 BOXES

36. WERE STOLEN AND REMOVED WHILE BUESGENS WAS AT HIS DOCTORS OFFICE FOR A 10:00 AM APPOINTMENT.

12

37. ON JULY 6, 2006 BUESGENS WAS ADMITTED TO SETON SHOAL CREEK HOSPITAL, AUSTIN, TEXAS

    A. FOR DECOMPENSATED BIPOLAR

    B. BUESGENS WAS DISCHARGED ON JULY 12, 2006. WITH THE CLOTHES ON HIS BACK.

38. NO ONE KNOWS WHAT HAPPENED TO ALL THOSE MEDICAL RECORDS AND FEDERAL COURT EVIDENCE AND DOCUMENTS THAT WERE STOLEN FROM HIS APARTMENT

39. ATTORNEYS

    A. CHARLES ENOS BROWN

    B. GREGORY S. CAGLE

    C. SHELLEY BUSH MARMON

         AND

    D. LANDLORD-OWNER ARNOLD C. TAUCH

40. DON'T KNOW NOTHIN ABOUT NOTHIN.

13

41.   THE HOSPITAL BILL AT SETON
      SHOAL CREEK HOSPITAL WAS

A.    $7,300.00
      FOR

B.    JULY 6, 2006 THROUGH JULY 12, 2006

42.   JULY 17, 2006 BUESGENS MOVED
      ON                          INTO

A.    EXTENDED STAY AMERICA
      AND

B.    STILL STAYS THERE

C.    TOTAL BILL
      SO FOR

D.    $23,000.00

43.   THE $10,000.00 APPEAL BOND
      WAS

A.    TURNED OVER TO ATTORNEYS
      AND

B.    LANDLORD
      ARNOLD E TAUCH
      FALCON GROUP
      5225 KATY FWY. #530
      HOUSTON, TEXAS 77007

              14

44. MICHAEL L BUESGENS HOUSING
DISCRIMINATION COMPLAINTS
CONTINUE INTO 2007 AND
NOW INCLUDE OTHER
APARTMENT COMMUNITIES IN

A.    KANSAS
B.    OREGON
C.    CALIFORNIA
D.    TEXAS

45.   ATTORNEY

      CHARLES EADS BROWN

A.    DENIED THAT HE TALKED TO
      HAS                    YOUR OFFICE
B.    CASE NO. 041509
C.    TRIAL 1/26/06
46.                 ABOUT
      BUESGENS MEDICAL DISABILITY
      AND BIPOLAR AND BIPOLAR
      MEDICATIONS

                    15



47.   SEE CHARLES EADS BROWN
              DENIALS
              IN

48.   CIVIL NO.   1:06CV00226LY-RP

   A.  JUDGE EARL LEROY YEAKEL III
   B.  MAGISTRATE JUDGE ROBERT L PITMAN
   C.  U.S. DISTRICT COURT FOR
       THE WESTERN DISTRICT OF
              TEXAS
         AUSTIN DIVISION
       200 WEST 8TH STREET
       AUSTIN, TEXAS 78701

              AND

49.   CIVIL NO.   1:06CV01964RBW

   A.  JUDGE REGGIE B. WALTON
   B.  U.S. DISTRICT COURT FOR THE
       DISTRICT OF COLUMBIA
       333 CONSTITUTION AVENUE, NW
       WASHINGTON, DC 2001'

16

50. **SEE**
EXHIBITS ATTACHED TO
THIS FILING
**FROM ATTORNEY**
A. CHARLES ENOS BROWN-DENIALS

**RELIEF REQUESTED**

51. **ORDER**

ALAN ROSWELL WEINER
**TO**
A. PROVIDE AN AFFIDAVIT OR
B. TESTIMONY REGARDING THE
**CHARLES E. BROWN TALK**
C. THAT **OCCURRED** AT VOIR DIRE
IN CASE NO. 041509
TRIAL : 1/26/2006
**AT**
52. JUSTICE OF THE PEACE, PRECINCT
**5** - CASE NO. **041509**
A. HARRIET M. MURPHY-PRESIDING
1000 GUADALUPE STREET
AUSTIN, TEXAS 78701

17

1:06CV01964 RBW

Michael Buesgens

MICHAEL L. BUESGENS.
EXTENDED STAY AMERICA

11/05/2007

18

1:06CV01964 RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

# CERTIFICATE OF SERVICE

I, CERTIFY THAT ONE TRUE
COPY OF THIS REQUEST
FOR COURT ORDER WAS
SERVED BY FIRST CLASS
MAIL ON THIS 8TH DAY
OF NOVEMBER, 2007

ADDRESSED **TO**

1.    ALAN ROSWELL WEINER

8675  233  RD. PI, NE

REDMOND, WASHINGTON  98053

19

2. CHARLES EADS BROWN
EVICTION ATTORNEY
3624 NORTH HILLS DRIVE, B100
AUSTIN, TEXAS 78731
PHONE: 512-346-6000
FAX: 512-346-6005

3.
4. GREGORY S. CAGLE
ARMBRUST & BROWN, LLP
100 CONGRESS AVE, #1300
AUSTIN, TEXAS 78701
PHONE: 512-435-2300
FAX: 512-435-2360

5.
6. SHELLEY BUSH MARMON
CRAIN, CATON & JAMES, LLP
1401 N MCLLEN PARKWAY #1700
HOUSTON, TEXAS 77019-2125
PHONE: 713-739-7007
FAX: 713-739-8403

7. ARNOLD C. TAUCH-FALCON GROUP
5225 KATY FWY, #530
HOUSTON, TEXAS, 77007
PHONE: 713-861-8850
FAX: 713-861-8971

20

8.

9. DOUGLAS G. HOUSER
BULLIVANT, HOUSER BAILEY, PC
888 5TH AVENUE
PORTLAND, OREGON 97204
PHONE: 503-499-4586
FAX: 503-295-0915

10. DAVID F. MORANO
REGIONAL COUNSEL- HUD FAIR
HOUSING OFFICE-REGION X
SEATTLE REGIONAL OFFICE
909 FIRST AVENUE, #200
SEATTLE, WASHINGTON 98104
PHONE: 206-220-5413
FAX: 206-220-5794

11. F. FAYE AUSTIN-GENERAL COUNSEL
HUD FAIR HOUSING OFFICE
REGION IX
SAN FRANCISCO REGIONAL OFFICE
600 HARRISON STREET
SAN FRANCISCO, CALIFORNIA
PHONE: 415-489-6500
FAX: 415-489-6601

21

12.    MILDRED CULPEPPER-GENERAL COUNSEL
       HUD-REGION 1 NEW ENGLAND
   A.  FEDERAL TORT CLAIMS CENTER
              AND
   B.  FREEDOM OF INFORMATION ACT
       HUD-FOIA OFFICE

   C.  HUD CASE NO. 06-06-293-8
   D.  FILED: 12/28/2005

   E.  HUD CASE NO. 07-07-0814-8

       10 CAUSEWAY, ROOM 310

       BOSTON, MA. 02222-1092

       PHONE: 617-994-8250

       FAX: 617-565-7337


              22

1:06 CV 01964 RBW

13  HARRIET M. MURPHY ✓
    ACTING JUSTICE OF THE PEACE
    PRECINCT 5 AUSTIN TEXAS
 A. TEXAS BARCARD NO. 146 9900
 B. EVICTION SUIT, CASE NO. 041509
 C. TRIAL- 1/26/2006
            9:30 AM
 D. VOIR DIRE MEMBERS
 E. NO COURT REPORTER
    36.38 QUIETTE DRIVE
    AUSTIN TEXAS 78754
    PHONE: 1-512-928-2045

14  NIGEL MATTHEW GUSDORF ✓
 A. ACTING JUSTICE OF THE PEACE
    PRECINCT 5
 B. CASE NO. 041509
 C. FIRED BY
 D. HERBERT E. EVANS - JUSTICE
    OF THE PEACE, PRECINCT 5
 E. WHY?
    100 EAST 11 TH STREET
    ELGIN, TEXAS 78621
            23

1:06 CV 01964 RBW

Michael Buesgens
MICHAEL L. BUESGENS
PLAINTIFF
PRO-SE
PRIVATE ATTORNEY GENERAL
EXTENDED STAY AMERICA
MAILING ADDRESS
3112 WINDSOR RD, A322
AUSTIN, TX 78703

512-339-6005X7958

MIKEBUESGENS@HOTMAIL.COM

11/05/2007

24

1:06CV01964RBW

# EXHIBITS

## CHARLES EADS BROWN
EVICTION ATTORNEY
REAL ESTATE BROKER
REAL ESTATE INVESTOR

1. 1:06CV00260LY
   TS
   A. CAUSE NO. C-1-CV-06-000678
      AND
   B. CASE NO. 041509

2. 1:06CV00226LY-RP
   TS
   A. CASE NO. D-1-GN-06-000262
      REMOVED FROM 200TH JUDICIAL
      DISTRICT AUSTIN TEXAS
   B. JUDGE SCOTT JENKINS-53RD
      DISTRICT PRESIDING

25

3.

ATTORNEY
CHARLES EADS BROWN
SPEAKS
IN
CIVIC ACTIONS AT U.S. DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS - AUSTIN DIVISION

A:      1:06CV260LY
B:      1:06 CV 226 LY-RP

C:      FALCON RIDGE APARTMENTS

D.      1:06 CV 226 LY-RP
E.      DOCUMENT 71 - FILED: 7/12/06
F.      PAGE 3
G.      ITEMS 6 AND 7

H.      BUESGENS VOIR DIRE - ALLOWING
THE WELL COMPLAINT IS DENIED
BY

I.      CHARLES EADS BROWN - ATTORNEY
K.      GREGORY S. CAGLE - ATTORNEY
     ARMBRUST & BROWN, LLP
L.      SHELLEY BUSH MARMON - ATTORNEY

26

M. CRADY, JEWETT RAE CULLEY, LLP

4. 1:06 CV 260 LY
FALCON RIDGE APARTMENTS
ATTORNEYS
A. DOCUMENT 4 FILED: 5/5/2006
AMENDED MOTION FOR REMAND
PAGE 3

B. THE ATTORNEYS REQUEST THAT THAT
PORTION OF THE CASE BE
REMOVED BACK TO TRAVIS,
COUNTY COURT AT LAW NO. 1
C. CAUSE NO. C-1-CV-06-000678
D. CASE NO. 041059
PORTIONS
E. THAT PORTION (HOUSING DISCRIMINATION)
F. HUD NO. 06-06-293-8
G. FILED: 12/28/05
WAS
H. SENT TO C-1-CV-06-000678
TRIAL 6/16/06
WRIT OF POSSESSION 7/6/06

27

5.

1:06 CV 01964 RBW
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS

V.

CHARLES ENOS BROWN
ATTORNEY

A. DOCUMENT 11   FILED: 3/19/2007
B. ORIGINAL ANSWER . 6-PAGES
C. CHARLES ENOS BROWN - LIES AND
DENIES AND DOESN'T HAVE
SUFFICIENT KNOWLEDGE

6. DOCUMENT 12 FILED: 3/19/07
A. CHARLES ENOS BROWN
B. MOTION TO DISMISS   2-PAGES
C. MEMORANDUM OF POINTS
AND
D. AUTHORITIES   8-PAGES

28

7. CHARLES ENOS BROWN
   **INTERFERENCE**
   **WITH**
   PLAINTIFF BUESGES HOUSING
   DISCRIMINATION COMPLAINT
   **HUD** CASE NO. 06-06-293-8
   FILED: 12/28/05

A. CHARLES ENOS BROWN LETTER TO **HUD**
   INVESTIGATOR JOHN A. BENAVIDES
   DATED: 2/10/2006

B. **USES** **BROWN** EVICTION SUIT CASE NO. 041509 ✓
   **TRIAL HAS BEGUN**

C. **1/26/2006**

D. **TO CLOSE** BUESGENS. HOUSING
   DISCRIMINATION COMPLAINT

8. JOHN A. BENAVIDES ✓ LETTER **TO**
   MICHAEL L BUESGENS ✓

A. DATED: 2/17/2006

B. ADMINISTRATIVE CLOSURE ✓
   **FOR**

C. **HUD** CASE NO. 06-06-293-8

D. **TRIAL** HAS BEGUN ✓

29

9.    $10,000.00
CASH BOND PAID APPEAL
OF 091509
TO
C-1-CV-06-000678
TRAVIS COUNTY COURT AT LAW
NO. 1
THEN TO
1:06CV260LY
REMOVAL - REMAND

10.    D P M
DISABILITY RETIREMENT
INCOME
$1,335.00 PER MONTH

30

1:06 CV01964 RBW

CHARLES EADS Brown

EXHiBiT 1

**1:06-cv-00260-LY** Falcon Ridge Apartme v. Buesgens

Lee Yeakel, presiding

**Date filed:** 04/10/2006

**Date terminated:** 05/24/2006 **Date of last filing:** 12/21/2006

# Attorneys

**Charles E. Brown**          *EVICTION ATTORNEY*
Charles E. Brown, PC
3624 North Hills Dr.
Suite B-100
Austin, TX 78731
(512)346-6000                              representing          **Falcon Ridge**
(512)346-6005 (fax)                                             **Apartments**
  *Assigned: 04/10/2006*                                        *(Plaintiff)*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE*
NOTICED

## PACER Service Center

### Transaction Receipt

11/05/2007 11:39:57

EXHIBIT 2

**1:06-cv-00226-LY** Buesgens v. Falcon Ridge Apartme, et al
Lee Yeakel, presiding
Date filed: 03/29/2006
Date terminated: 12/20/2006 Date of last filing: 05/11/2007

## Filer Falcon Ridge Apartments

HUD CASE NO. 06-06-293-8

| Doc. No. | Event Name | Filed |
|---|---|---|
| 3 | ■Response | 04/07/2006 |
| 4 | ꗏMotion to Withdraw as Attorney | 04/10/2006 |
| 5 | ꗏNotice of Filing  CHARLES E. BROWN | 04/11/2006 |
|  | ꗏMotion to Remand to State Court  FIRED | 04/27/2006 |
| 13 | ꗏMotion for Hearing | 04/28/2006 |
| 17 | ꗏResponse to Motion | 05/03/2006 |
| 31 | ■ADR Report Filed - Non-Consent to Alternate Dispute Resolution | 06/06/2006 |
| 32 | ꗏResponse to Motion | 06/06/2006 |
| 45 | ꗏResponse to Motion | 06/23/2006 |
| 50 | ꗏResponse to Motion | 06/28/2006 |
| 53 | ꗏAmended Document | 06/29/2006 |
| 71 | ꗏResponse to Motion | 07/12/2006 |
| 73 | ■Response to Motion | 07/14/2006 |
| 85 | ꗏMotion for Leave to File Document | 07/24/2006 |
| 97 | ꗏResponse to Motion | 08/04/2006 |

Filer Query

11/5/2007 11:42 AM

# FALCON RIDGE APARTMENTS
## 1:06 CV 00226 LY-RP

| 103 | ■Response to Motion | 08/08/2006 |
| 109 | ◑Amended Answer to Complaint | 08/09/2006 |
| 114 | ◑Motion to Compel | 08/11/2006 |
| 123 | ◑Response to Motion | 08/22/2006 |
| 124 | ◑Response to Motion | 08/22/2006 |
| 125 | ◑Response to Motion | 08/22/2006 |
| 126 | ◑Response to Motion | 08/23/2006 |
| 131 | ◑Motion for Protective Order | 08/29/2006 |
| 139 | ◑Motion to Strike | 09/01/2006 |
| 148 | ◑Response to Motion | 09/07/2006 |
| 157 | ◑Motion to Strike | 09/18/2006 |
| 163 | ◑Response to Motion | |
| 164 | ◑Motion for Discovery | 09/29/2006 |
| 165 | ◑Motion to Strike | 10/02/2006 |
| 195 | ◑Motion to Extend Scheduling Order Deadlines | 12/05/2006 |

## PACER Service Center
### Transaction Receipt
11/05/2007 11:42:04

| **PACER** | **Client** |

EX HIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2006 JUL 12 PM 2: 16**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CAUSE NO. A-06-CA-226-LY |
| | § | |
| FALCON RIDGE APARTMENTS, | § | |
| FALCON APARTMENTS OF AUSTIN, | § | |
| LTD., FALCON APARTMENTS OF | § | |
| AUSTIN I, INC., GREYSTAR PROPERTY | § | |
| MANAGEMENT, DEBI WEHMEIER, | § | |
| MANDY ROGERS AND | § | |
| AMANDA WILSON | § | |
| Defendants | § | |

DOCUMENT 71
FILED: 7/12/06

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S SECOND MOTION FOR SANCTIONS [Docket # 63]

COME NOW Defendants Falcon Ridge Apartments, Falcon Apartments of
Austin, Ltd. Falcon Apartments of Austin I, Inc., Greystar Property Management, Debi
Wehmeier, Mandy Rogers, and Amanda Wilson, and their respective counsel and file this
Response to Plaintiffs [SIC] Second Motion for Sanctions and would respectfully show
as follows:

1.      Plaintiff's motion appears to be a motion to compel responses to discovery
in the above-styled and referenced case. Plaintiff correctly states that this matter was
removed from state district court after he served interrogatories upon Defendants.
Defendants are in receipt of three (3) sets of interrogatories. As stated in Defendants'
Response [Docket #32] to Plaintiff's first Motion to Compel [Docket #21], Defendants
waited to answer the outstanding discovery in order to comply with Rule 26 and in
compliance with Rule 33(a). Once the scheduling conference had taken place and

- 1 -

Defendants had completed other Rule 26 obligations,[1] Defendants responded to the outstanding discovery requests, including responses to a Request for Production and three sets of Interrogatories.

2.      Plaintiff's interrogatories exceeded the number of permissible interrogatories under Rule 33. Rule 33 limits the number of interrogatories to 25 in number, including all discrete subparts. In Plaintiff's First Set of Interrogatories, there were thirteen (13) interrogatories, not including subparts. In Plaintiff's Second Set of Interrogatories, there were twenty-four (24) interrogatories, not including subparts. In Plaintiff's Third Set of Interrogatories, there were eighteen (18) interrogatories, not including subparts. The interrogatories were directed generically to all "Defendants" without specification. Therefore, all Defendants responded in writing to the first twenty-five (25) interrogatories. Defendants interposed objections as they believed warranted and responded to all interrogatories in number greater than 25 that such interrogatories exceeded the permissible number of interrogatories and therefore Defendants would not respond beyond Interrogatory No. 25.[2]

3.      Plaintiff alleges that David Armbrust and Frank Brown "lied" in Responses to Requests for Admissions by denying that Charles Brown "polluted voir dire with talk of Buesgens' bipolar and medications." He then requests that the jurors be called to trial in this case to testify about that issue. First, David Armbrust and Frank

---

[1] Note, however, that Plaintiff has failed to comply with Rule 26 by failing to engage in a conference to consider a scheduling order, failing to file initial disclosures, failing to disclose expert testimony, and failing to cooperate in scheduling discovery.

[2] In paragraph 1 of the Motion, Plaintiff complains that Dunham Jewett of the firm of Crady, Jewett & McCulley responded to the interrogatories. In fact, Mr. Jewett has no involvement in this case. Counsel of record for these Defendants is Shelley Bush Marmon or Gregory Cagle. Ms. Marmon was the attorney responsible for signing the interrogatories for the Defendants.

Brown are not counsel of record in this matter and have no personal knowledge or

interest in responding to requests for admissions. The requests for admissions were

directed to the Defendants collectively and they responded to accordingly. The responses

were compiled from the collective knowledge of all of the Defendants and their counsel.

Defendants believe that Plaintiff is complaining about two requests for admission which

he believes the Defendants have answered incorrectly. For the benefit of the Court,

Defendants believe that Plaintiff complains of the following requests and answers:



6.    That Charles E Brown told voir dire in Justice Court #5 on January 26,
      2006 that Buesgens has bipolar and requires medication.

**ANSWER:**    Denied.    *CHARLES EADS BROWN*

7.    That Charles E Brown asked voir dire jurors what they knew about bipolar
      medication.

**ANSWER:**    Denied.    *EVICTION ATTORNEY*
                          *AUSTIN, TEXAS*

Defendants conferred with their former counsel, Charles Brown, to determine whether

the statements in the requests were accurate. He responded that they were not accurate;

therefore, the requests were denied. Defendants' only obligation is to comply with Rule

36 by either admitting the requests, denying the requests or responding to the requests by

stating in detail why the requests cannot be truthfully admitted or denied. Defendants

have complied with the rule.

4.    Plaintiff complains about Defendants "lied" in their production of

documents. Defendants believe that Plaintiff complains of the following requests for

production and responses:

2.    Your copy of the background investigation done on Buesgens by you and
      your agents including attorney Charles E. Brown.

**RESPONSE:**    None other than the one completed at the inception of your tenancy in June 2003.

3.    A copy of your credit report investigation of Buesgens done by you or your agents or anyone else.

**RESPONSE:**    None other than the one completed at the inception of your tenancy in June 2003.

4.    A copy of National Tenants Network San Antonio, Linda Jerdet Credit and Eviction Report on Buesgens.

**RESPONSE:**    None.

5.    A copy of your police investigation report done on Buesgens by you and your agent or anyone else.

**RESPONSE:**    None.

Plaintiff seems to believe that Defendants have conducted investigations other than as responded. In fact, Defendants have not conducted such investigation other than at the inception of Plaintiff's lease in 2003.

5.    Defendants do not believe a hearing on Plaintiff's Motion will further advance discovery in this matter and that Plaintiff will use the hearing for the purpose of continued harassment of the parties and their counsel. However, to the extent the Court believes a hearing is warranted, counsel for the Defendants will appear and respond appropriately.

WHEREFORE PREMISES CONSIDERED, Defendants request that Plaintiff's Motion for Sanctions [Docket #63] be denied and that the Court enter such other and further orders to which the parties may show themselves justly entitled.

1:06CV226LY

CHARLES BROWN

Respectfully submitted,

By: _____
GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON
State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: 713.739.7007
Facsimile: 713.739.8403
ATTORNEYS FOR DEFENDANTS
FALCON APARTMENTS OF AUSTIN,
LTD.

## CERTIFICATE OF SERVICE

I do hereby certify that on this 12 day of July, 2006 a true and correct copy of the foregoing document was mailed, by First Class Mail and U.S. Certified Mail, Return Receipt Requested, as follows:

Michael L. Buesgens
c/o Seton Shoal Creek Hospital
3501 Mills Avenue
Austin, TX 78731

William S. Warren
1011 Westlake Dr.
Austin, TX 78746

_____
Gregory S. Cagle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CAUSE NO. A-06-CA-226-LY |
| | § | |
| FALCON RIDGE APARTMENTS, | § | |
| FALCON APARTMENTS OF AUSTIN, | § | |
| LTD., FALCON APARTMENTS OF | § | |
| AUSTIN I, INC., GREYSTAR PROPERTY | § | |
| MANAGEMENT, DEBI WEHMEIER, | § | |
| MANDY ROGERS AND | § | |
| AMANDA WILSON | § | |
| Defendants | § | |

## ORDER

Before the Court for consideration is Plaintiff's Motion for Sanctions [Docket #63] and Defendants' Response to Plaintiff's Motion for Sanctions. After a review of said motion and response to motion, the Court enters the following:

IT IS ORDERED that Plaintiff's Motion for Sanctions [Docket #63] is DENIED.

SIGNED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

*FILED*
2006 MAY -5 PM 4: 54
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

FALCON RIDGE APARTMENTS, LTD. §
§
V. § CA NO. 06-CV-260-LY
§
MICHAEL L. BUESGENS §

### AMENDED MOTION FOR REMAND

Plaintiff Falcon Ridge Apartments, Ltd., by the undersigned attorney, moves to remand that portion of the above-styled and numbered cause which was removed by Michael Buesgens from the County Civil Court at Law No. 1 for Travis County, Texas and would show as follows:

### FACTS AND ARGUMENT

1.      This matter arises out of an eviction proceeding filed by Plaintiff Falcon Ridge Apartments against Defendant Michael L. Buesgens, styled Case No. 041509, *Falcon Ridge Apartments and Greystar Property Management v. Michael L. Buesgens*, and filed in the Justice of the Peace Precinct Number Five in Austin, Travis County, Texas ("JP Eviction Case"). Pursuant to Texas Property Code Section 24.004, the Justice Court had original and exclusive jurisdiction over the JP Eviction Case. *041509 - TRIAL 1/26/06 AUSTIN, TEXAS*

2.      After a trial of the JP Eviction Case in that court on January 26, 2006, judgment was entered awarding possession of the apartment to Falcon Ridge Apartments, Ltd. and awarding Falcon Ridge Apartments, Ltd. attorneys fees in the amount of $5,000 to be paid by Michael Buesgens ("JP Eviction Judgment").

3.      Following entry of the JP Eviction Judgment, on February 2, 2006, Michael Buesgens appealed the JP Eviction Judgment to the court with jurisdiction to consider the appeal of an eviction

1

suit, County Civil Court at Law for Travis County, Texas, which was styled as Cause No. C-1-CV-

06-000678;  *Falcon Ridge Apartments vs. Michael L. Buesgens*, filed in the County Court at Law

No. 1 of Travis County, Texas (the "CCL Eviction Appeal").

4.      On or about April 14, 2006, Michael Buesgens filed a Notice of Removal of the CCL

Eviction Appeal to this Court on the basis that it is a "companion case" to a different lawsuit filed by

Michael Buesgens styled Cause No. D-1-GN-06-000262, *Michael L. Buesgens v. Falcon Ridge*

*Apartments, Falcon Apartments of Austin, Ltd. Falcon Apartments of Austin I, Inc., Greystar*

*Property Management, Debi Wehmeier, Mandy Rogers, and Amanda Wilson,* filed in the 200th

Judicial District Court of Travis County, Texas (the "State District Court Case") and subsequently

removed to federal court.

5.      In the State District Court Case, Michael L. Buesgens alleges that the named defendants

violated the Fair Housing Act and the Americans with Disabilities Act by failing to accommodate his

disability (bipolar) in connection with his lease of an apartment in Austin, Travis County, Texas,

which is also the same apartment made the basis of the JP Eviction Case. The State District Court

Case was removed to the United Dates District Court for the Western District of Texas – Austin

Division on March 29, 2006 and assigned Cause No. A:06-CA-226-LY.  Removal of the State

District Court Case is based on the federal questions presented by Mr. Buesgens claims of violation

of the Fair Housing Act and the Americans with Disabilities Act.

6.      Defendants join in seeking remand of the CCL Eviction Appeal back to the County Civil

Court for Travis County. The removal of the CCL Eviction Appeal is improper and untimely.  No

issue of federal law is involved in the appeal. The sole issue involved in the CCL Eviction Appeal is

the right of possession of the apartment and the award of attorney's fees in the Justice Court

culminating in the JP Eviction Judgment. TEX. R. CIV. PRO. 746. No other issues are permitted or to be considered by the County Court at Law in considering the CCL Eviction Appeal. The court with sole jurisdiction over the appeal of the JP Eviction Case is the County Court for the county in which the judgment was rendered by the justice court, or Travis County Civil Court. TEX. R. CIV. PRO. 749.

*1:06CV260LY*

7.    No issues of federal law are involved in the removed CCL Eviction Appeal.

8.    Only issues of local State law are involved in the removed CCL Eviction Appeal and it should be remanded.

THEREFORE, Plaintiff Falcon Ridge Apartments, Ltd. requests that that portion of the case before this Court that relates to the County Civil Court at Law proceeding removed by Michael Buesgens on April 14, 2006 as it relates to a determination of the right of possession of an apartment, and consideration of attorneys fees awarded in the JP Eviction Case be remanded to the County Civil Court at Law for Travis County, Case No.C-1-CV-06-000678, and that Plaintiff recover all costs and disbursements, including attorney fees, incurred by reason of the removal proceeding, and prays for such other and further relief as is just and proper.

Respectfully submitted,

By: _____
GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON

State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: 713.739.7007
Facsimile: 713.739.8403

*1:06CV260LY*

*NAME CHANGE* ——————→ ATTORNEYS FOR PLAINTIFF
FALCON APARTMENTS OF AUSTIN, LTD.

## CERTIFICATE OF SERVICE

I do hereby certify that on this _5_ day of _May_, 2006 a true and correct copy of the foregoing document was mailed, by First Class Mail and U.S. Certified Mail, Return Receipt Requested, as follows:

Michael L. Buesgens
500 E. Stassney, Apartment 1023
Austin, TX 78745

William S. Warren
1011 Westlake Dr.
Austin, TX 78746

_____
Gregory S. Cagle

*CHARLES E. BROWN*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| FALCON RIDGE APARTMENTS, LTD. | § | |
| | § | |
| V. | § | CA NO. 06-CV-260-LY |
| | § | |
| MICHAEL L. BUESGENS | § | |

### ORDER ON PLAINTIFF'S MOTION FOR REMAND

After considering Plaintiff Flacon Ridge Apartments, Ltd.'s Motion for Remand, the response, and the notice of removal, the Court:

FINDS that Defendant Michael L. Buesgens failed to file his Notice of Removal within 30 days from receiving both the summons and a copy of the complaint from the underlying state-court action;

FINDS further that it does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1441(a) or 28 U.S.C. § 1332(a);

REMANDS this matter to the County Court at Law No. 1 for Travis County, Texas; and

ORDERS that Defendant Michael L. Buesgens pay Plaintiff's court costs, expenses and attorneys fees in the amount of $_____.

SIGNED AND ENTERED this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AND ENTRY REQUESTED:**

GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON
State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019 2125
Telephone: 713.739.7007
Facsimile: 713.739.8403

**ATTORNEYS FOR PLAINTIFF**
**FALCON APARTMENTS OF AUSTIN, LTD.**

PORTIONS

1:06CV260LY
REMNDED
TO
STATE COURT
5/24/06

CHARLES ENDS BROWN
GREGORY S. CAGLE
ARMBRUST BROWN, LLP

SHELLEY BUSH MARMON
CRADY JEWETT MCCULLEY, LLP

EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

1:06CVO1964 RBW

RBW

MICHAEL L. BUESGENS §
Plaintiff §
§
§
v. §    CASE NO. 1:06-CV-01964-RCL
§
§
CHARLES E. BROWN, ET AL. §
Defendants §

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EVICTION ATTORNEY

## DEFENDANT'S ORIGINAL ANSWER

Charles E. Brown, Defendant, files Defendant's Original Answer to Plaintiff's

Original Petition and shows:

DOCUMENT 11

## ANSWER

1.    Defendant denies that this Court has jurisdiction over the matters alleged by

Plaintiff. (Plaintiff's Original Complaint, Paragraph II, pg. 15)

2.    Defendant denies employment discrimination or housing discrimination based

on disability or any basis. (Plaintiff's Original Complaint, Paragraph 14, pg.

18)

3.    Defendant denies retaliation against Plaintiff because of employment

discrimination or housing discrimination complaints. (Plaintiff's Original

Complaint, Paragraph 15, pg. 18)

4.   Defendant is without sufficient knowledge to admit or deny any facts regarding the constitutionality of state statutes. (Plaintiff's Original Complaint, Paragraph 16, pg. 18-19)

5.   Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise taxes. (Plaintiff's Original Complaint, Paragraph 17, pg 19)

6.   Defendant is without sufficient knowledge to admit or deny any facts regarding certificates of authority to do business. (Plaintiff's Original Complaint, Paragraph 18, pg. 19)

7.   Defendant denies any assumed name or true name violations. (Plaintiff's Original Complaint, Paragraph 19, pg. 19)

8.   Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise tax liability nexus to Federal Corporate IRS tax reporting. (Plaintiff's Original Complaint, Paragraph 20, pg. 19)

9.   Defendant denies that there has been collusion between attorneys, law firms and real estate developers and state agencies against Plaintiff. (Plaintiff's Original Complaint, Paragraph 21, pg. 19)

10.  Defendant denies that there is or has been a civil conspiracy intertwined in Plaintiff's housing discrimination complaint and employment discrimination complaint. (Plaintiff's Original Complaint, Paragraph 22, pg. 20)

11.    Defendant denies retaliation against Plaintiff. (Plaintiff's Original Complaint, Paragraph 23, pg. 20)

12.    Defendant denies discrimination and retaliation in collusion with any other parties against Plaintiff. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

13.    Defendant denies discrimination or retaliation in collusion with the National Apartment Association, Texas Apartment Association, or Austin Apartment Association. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

14.    Defendant denies a breach of duty owed against Plaintiff. (Plaintiff's Original Complaint, Paragraph 25, pg. 21)

15.    Defendant denies any breach of fiduciary duty to the courts or to Plaintiff. (Plaintiff's Original Complaint, Paragraph 26, pg. 21)

16.    Defendant denies any negligent misrepresentations to Plaintiff in employment discrimination or housing discrimination. (Plaintiff's Original Complaint, Paragraph 27, pg. 21)

17.    Defendant denies connected or coordinated adverse actions against Plaintiff or circumventing federal statutes, state statutes, or federal and state rules of civil procedure. (Plaintiff's Original Complaint, Paragraph 28, pg. 22)

18.    Defendant denies attorney and law firm private and government misconduct. (Plaintiff's Original Complaint, Paragraph 29, pg. 22)

19. Defendant denies state and federal tax fraud. (Plaintiff's Original Complaint, Paragraph 30, pg. 22)

20. Defendant denies violations of Secretary of State regulations for business and non-profit entities. (Plaintiff's Original Complaint, Paragraph 31, pg. 22)

21. Defendant denies that he failed to acquire fictitious name certification. (Plaintiff's Original Complaint, Paragraph 32, pg. 23)

22. Defendant denies misrepresenting the true name and identity and standing, and capacity of the owners and general partners of residential multi-family communities. (Plaintiff's Original Complaint, Paragraph 33, pg. 23)

23. Defendant denies negligent or intentionally negligent misrepresentations for mandatory disclosures. (Plaintiff's Original Complaint, Paragraph 34, pg. 23)

24. Defendant denies fraudulent acts or negligently allowing fraudulent acts, willful or premeditated activities regarding legal and business decisions, fraudulent activities that are foreign to the duties of an attorney, acting outside the scope of Defendant's duties, or fraudulent acts on behalf of Defendant's clients. (Plaintiff's Original Complaint, Paragraph 35, pg. 23-24)

25. Defendant is unable to admit or deny the statement made regarding "any limitations to rely on or disclaimers as to the accuracy of attorney representations made to Plaintiff or unrepresented non-clients", as the

statement is vague and non-sensical. (Plaintiff's Original Complaint, Paragraph 36, pg. 25)

26.  Defendant denies aiding and abetting a breach of fiduciary duty based on rendition of legal advice. (Plaintiff's Original Complaint, Paragraph 37, pg. 25)

27.  Defendant denies violations of rules of professional conduct toward persons involved in the judicial process. (Plaintiff's Original Complaint, Paragraph 38, pg. 25)

28.  Defendant denies not reporting any professional misconduct and denies any knowledge of any professional misconduct. (Plaintiff's Original Complaint, Paragraph 39, pg. 26)

29.  Defendant denies that he has caused the multiple civil litigation filings by Plaintiff. (Plaintiff's Original Complaint, Paragraph 40, pg. 26)

30.  Defendant denies any retaliation, abuse of process, abuse of power, abuse of relationships, abuse of knowledge, or discrimination against Plaintiff. (Plaintiff's Original Complaint, Paragraph 41, pg. 26)

31.  Defendant denies that he "pisses on" Plaintiff because he is pro se, or that statutes and laws and rules are only lip service and are routinely manipulated. (Plaintiff's Original Complaint, Paragraph 42, pg. 27)

32.    Defendant denies that Plaintiff is entitled to or should recover any

compensatory damages, punitive damages, or exemplary damages.

<u>PRAYER</u>    *1: 06 CV01964RBW*

Defendant prays that Plaintiff take nothing and that Defendant be granted all

additional relief to which this Court finds Defendant justly entitled.

Respectfully Submitted,

_____

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

*EVICTION ATTORNEY*
*CHARLES EMOS BROWN*

_____

CHARLES E. BROWN

EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

1:06CV01964

HUI #06-06-293-8

**MICHAEL L. BUESGENS**
**Plaintiff**

§
§
§
§
v.                                    §    CASE NO. 1:06-CV-01964-RCL
§
§                                **RECEIVED**
**CHARLES E. BROWN, ET AL.**    §
**Defendants**                   §    3/19/07        MAR 19 2007

*EVICTION ATTORNEY DOCUMENT 12*    NANCY MAYER WHITTINGTON, CLERK
                                   U.S. DISTRICT COURT

## DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE

Charles E. Brown, Defendant, respectfully moves to dismiss this case for lack

of subject matter jurisdiction, improper venue, failure to state a claim upon which

relief can be granted, res judicata or, in the alternative, Defendant moves to transfer

this case to the Western District of Texas, Austin Division, pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a).  In support of this

Motion, the Defendant respectfully refers the Court to the accompanying

Memorandum of Points and Authorities and proposed Order.

Defendant requests that to the extent that this Motion is treated as one for

summary judgment, all factual assertions contained within the attached Memorandum

in support of this Motion be accepted by the Court as true unless Plaintiff submits

contravening affidavits or other documentary evidence. *Neal v. Kelly,* 963 F.2d 453

(D.C. Cir. 1992).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss Plaintiff's claims against Defendant in Plaintiff's Complaint and enter such other and further orders to which Defendant is justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS     §
Plaintiff               §
                        §
                        §
v.                      §     CASE NO. 1:06-CV-01964-RCL
                        §
CHARLES E. BROWN, ET AL. §
Defendants              §

*1:06CV01964CBW*
*HUD #06-06-293-8*

*RECEIVED*
*3/19/07*     MAR 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*EVICTION ATTORNEY*

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE
## MOTION TO TRANSFER VENUE

Plaintiff, Michael L. Buesgens, has brought suit against thirty-five (35) Defendants, including

the Defendant Charles E. Brown, for alleged violations of housing discrimination laws, attorney

malpractice, employment discrimination and other incoherent claims. Upon information and belief,

the Plaintiff is a resident of Texas and all claims made by Plaintiff arise out of facts which occurred

in Texas. Plaintiff has other active civil matters already pending in the Western District of Texas

from which there have been multiple appeals docketed with the United States Court of Appeals for

the Fifth Circuit. Prior attempts by him to initiate and prosecute claims against Texas defendants in

this court have been rebuffed and the case transferred to the proper court with jurisdiction and proper

venue—the United States District Court for the Western District of Texas—Austin Division.

The Defendant Charles E. Brown is not a resident of the District of Columbia and has no

contact with the District of Columbia. Furthermore, all of the events, actions and transactions by and

between the Defendant Charles E. Brown and the Plaintiff occurred in Travis County, Texas.

Accordingly, the Defendant Charles E. Brown moves to dismiss the Plaintiff's lawsuit based on lack

of personal jurisdiction, improper venue and for failure to state a claim upon which relief could be granted. If the Court is not inclined to dismiss these claims on these bases, the Defendant Charles E. Brown requests that the case be transferred to the Western District of Texas—Austin Division.

## ARGUMENT AND AUTHORITIES

## NO PERSONAL JURISDICTION OVER THE DEFENDANT CHARLES E. BROWN

The Defendant Charles E. Brown is a resident in Texas. Plaintiff Buesgens' complaints against the Defendant Charles E. Brown arise out of his tenancy in, and ultimate eviction from, an apartment community in Austin, Texas known as "Falcon Ridge" owned by Falcon Apartments of Austin, Ltd. Charles Brown, P.C. represented the landlord in a lawsuit to evict the Plaintiff. Armbrust & Brown, L.L.P. represented the landlord in Plaintiff's appeal of his eviction and is co-counsel in representing Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Management Services, L.P., GREP General Partner, L.L.C., Debi Wehmeier, Mandy Rogers and Amanda Torres-Wilson in Plaintiff's fair housing lawsuit pending in the Western District of Texas—Austin Division. Crady, Jewett & McCulley, LLP is co-counsel with Armbrust & Brown in the same federal district lawsuit and also represents these same Defendants in related proceedings filed by Plaintiff with the Multi-District Litigation Panel and pending before the United States Court of Appeals for the Fifth Circuit.

All of the factual statements related to the Defendant Charles E. Brown, even if taken as true, occurred entirely and solely within the State of Texas.

District of Columbia Long Arm Jurisdiction Statute

The Defendant Charles E. Brown does not meet the statutory requirements sufficient to permit this Court to exercise personal jurisdiction over him either through conduct or through an enduring relationship. D.C. CODE ANN. § 12-422, 12, 423 (1981). All of the actions or omissions

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

complained of by the Plaintiff about the Defendant Charles E. Brown occurred in Texas. Plaintiff fails to allege that any of the incidents giving rise to his claims against the Defendant Charles E. Brown occurred in the District of Columbia.

## Due Process Considerations

If this Court were to exercise personal jurisdiction over the Defendant Charles E. Brown, it would violate the due process rights of the Defendant Charles E. Brown guaranteed to them by the Fourteenth Amendment to the United States Constitution. Before this court may exercise personal jurisdiction over a non-resident defendant two requirements must be met: the non-resident defendant must have availed itself of the benefits and protections of the forum states by establishing minimum contacts with it and the court's exercise of personal jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Plaintiff does not allege specific jurisdictional facts but appears to rely on conclusory allegations and appears to aggregate factual allegations among the various Defendants. Such efforts should fail. Plaintiff bears the burden of establishing personal jurisdiction over each individual Defendant. The Plaintiff must allege specific facts upon which personal jurisdiction can be based. *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom., GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Dir. 2000). They may not aggregate factual allegations concerning multiple Defendants in order to demonstrate personal jurisdiction over any one Defendant. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).

A defendant's minimum contacts with the forum state can establish personal jurisdiction. The jurisdiction is either general or specific. General jurisdiction arises when the defendant's contacts

with the forum state are so continuous and systematic as to confer jurisdiction, even when none of the contacts directly relate to the instant case. In that case, even if the forum state has no interest in the specific dispute between the parties, the forum state may still have interest in the defendant because the defendant has already created substantial connections with it. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984). Sporadic or limited contacts with the forum are insufficient to confer general jurisdiction over a non-resident defendant. The Defendant Charles E. Brown has had no contact with the District of Columbia, much less sporadic contacts. Therefore, the Plaintiff cannot establish a systematic or continuing contact between Defendant and the District of Columbia and therefore cannot establish general jurisdiction over the Defendant Charles E. Brown.

Plaintiff cannot establish specific jurisdiction over the Defendant Charles E. Brown for the same reason. Specific jurisdiction arises when a defendant's contacts with the forum state are specifically related to the lawsuit in which the Plaintiff seeks to establish jurisdiction. In order to establish the minimum contacts which confer specific jurisdiction, the defendant must have purposefully performed some act or consummated some transaction within the forum state and the cause of action alleged by the Plaintiff must arise from or be connected with that act or transaction. *International Shoe*, 326 U.S. at 318. The Plaintiff's allegations regarding the Defendant Charles E. Brown occurred solely within the State of Texas, Travis County to be precise. None of the allegations have any connection with the District of Columbia.

Finally, the Court should also analyze whether anything within the circumstances of this lawsuit could confer jurisdiction over the Defendant Charles E. Brown so as to comport with the traditional notions of fair play and substantial justice. In reviewing this standard, the Court must consider the following factors: the burden on the Defendant Charles E. Brown, the interest of the

forum state, the interests of the Plaintiff in obtaining convenient and effective relief, the interest of

the judicial system in efficiently resolving controversies and the interests of the states in furthering

fundamental policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105, S.Ct. 2174 (1985).

In applying these factors, exercising jurisdiction over the Defendant Charles E. Brown does

not comport with the traditional notions of fair play and substantial justice. The burden on the

Defendant Charles E. Brown to defend against the vague complaints in a jurisdiction hundreds of

miles from his residence would be substantial. Several of the Defendants are individuals of limited

means with only tangential relationship to the allegations made by the Plaintiff. The Defendant

Charles E. Brown does not have an office or other business within the District of Columbia. Nothing

within Plaintiff's Complaint indicates any specific connection with the District of Columbia as such

allegations relate to the Defendant Charles E. Brown. Defendant Charles E. Brown is a resident of

Texas and the allegations raised by Plaintiff relate to his fair housing complaints, which are already

the subject of a suit pending in the United States District Court for the Western District of Texas—

Austin Division (the "Texas Federal Case") and an appeal pending before the United States Court of

Appeals for the Fifth Circuit. The fair housing suit in federal district court was set for trial in

January 2007 and the appellate case is set on a briefing schedule which begins October 17, 2007.

Plaintiff has already elected the forums located in Texas for the resolution of his dispute against the

Defendant Charles E. Brown. Clearly the prosecution of these complaints in yet another forum

would not promote the convenient or efficient resolution of his claims.

## IMPROPER VENUE

Should the Court determine that there is sufficient basis for personal jurisdiction over the

Defendant Charles E. Brown, he moves to dismiss this case based on improper venue. It is unclear

the basis for Plaintiff's establishment of jurisdiction. If the claims that jurisdiction over the

Defendant Charles E. Brown are based upon diversity, venue would be proper only in the following districts: 1) the judicial district where any Defendant resides, if all Defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that this the subject of the action is situated, or 3) a judicial district in which any Defendant may be found, if there are no districts in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Accordingly, venue would be proper in the District of Columbia only if all of the Defendants resided in the District of Columbia, a substantial part of the actions or omissions which the Plaintiff alleges occurred in the District of Columbia, or one of the residents resides in the District of Columbia and there is no other district in which Plaintiff could bring his lawsuit.  None of these circumstances apply to the Plaintiffs' cause of action.  Accordingly, venue is not proper and the Plaintiff's claims against the Defendant Charles E. Brown should be dismissed.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff has failed to allege any statutory or common law basis for any claims against the Defendant Charles E. Brown.  Plaintiff Buesgens filed suit in Federal Court in the Western District of Texas against many of the same defendants named in this suit.  The Texas Federal Case which was set for trial in January 2007.  The allegations in the instant case appear to mirror the allegations in the Texas Federal Case.  Plaintiff Buesgens is apparently not pleased with the way his suit is progressing and must have thought that naming the defendants in yet another lawsuit might change the results.  Further, the Plaintiff's Complaint within the instant case fails to state any basis for relief against Defendant Charles E. Brown.

Defendant Charles E. Brown represented Falcon Ridge in an eviction case in Justice of the Peace Court, Precinct 5, Travis County, Texas, and the subsequent appeal of that case in the County

CASE 041509
TRIAL 1/26/06
VOIR DIRE

Court of Travis County, Texas. Charles E. Brown no longer represents Falcon Ridge in any matters. Nothing within Plaintiff's Complaint gives rise to any basis for any liability of Charles E. Brown for representing his clients in litigation with Plaintiff in other forums. Plaintiff alleges that Charles E. Brown and other attorneys engaged in interference with a contract (Paragraph 35), collusion (Paragraph 36) and theft or conversion (Paragraph 39). Even if any of these complaints were true, which Defendant Charles E. Brown strenuously denies, Plaintiff has failed to allege sufficient specific facts to support these claims and these attorneys have no personal liability to this Plaintiff for acts taken in the course of representing their clients. *Taco Bell v. Cracken*, 939 F.Supp. 528 (N.D. Tex 1996); *Chapman Children's Trust v. Porter & Hedges L.L.P.* 32 SW 3d 429 (Tex App— Houston [14th] 2000 pet denied). Plaintiff further suggests that these attorneys have committed third degree felony offenses in allowing certain corporate charters to be forfeited. (Paragraph 48). Even if such allegations are true, Plaintiff does not have standing to prosecute such claims, nor does it provide a basis upon which relief could be granted in favor of Plaintiff.

## CONCLUSION

Plaintiff's causes of action against Defendant Charles E. Brown should be dismissed for lack of personal jurisdiction over him and for improper venue. Nothing within Plaintiff's Complaint gives rise to a claim upon which relief could be granted.

WHEREFORE PREMISES CONSIDERED, Defendant Charles E. Brown requests this Court to dismiss Plaintiff's claims against him in Plaintiff's Complaint, or in the alternative, to transfer this case to the United States District Court for the Western District of Texas—Austin Division, and enter such other and further orders to which these parties may show themselves to be justly entitled.

*JUDGE SAM SPARKS*          *AUSTIN, TEXAS*
*JUDGE EARL LEROY YEAKEL, III*

Respectfully submitted,

*[Handwritten in left margin: 1:06CV01964RBW HUD #06-06-293-8 INTERFEREUCE IN HOUSING DISCRIMINATION COMPLAINT]*

*[Signature]*

**CHARLES E. BROWN**
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

*[Handwritten: EVICTION ATTORNEY]*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

*[Signature]*

CHARLES E. BROWN

*[Handwritten: EVICTION SUIT 041509 TRIAL 1/26/06]*

EXHIBIT 7

INTERFERENCE

HUD

06-06-293-8

**CHARLES E. BROWN, P.C.**
ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

February 10, 2006

Mr. Charles H. Gorham, Administrator
Mr. John A. Benavides, Lead Investigator
City of Austin, Equal Employment/Fair Housing Office
505 Barton Springs Road, Suite 720
Austin, Texas 78704

*Via Facsimile (512) 974-3278*

Re:  Housing Discrimination Complaint
Michael Buesgens v. Falcon Ridge Apartments
COA, EE/FHO 01-06-0016-HG; HUD 06-06-0293-8

Dear Mr. Gorham and Mr. Benavides:

I have attached the following:

1. Defendant's Original Counterclaim (filed by Michael Buesgens in the eviction case heard by the Justice of the Peace, Precinct 5).

2. Notice of Appeal and Costs (Michael Buesgens' appeal of eviction judgment in favor of Falcon Ridge Apartments).

3. Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order (filed by Michael Buesgens in Travis County District Court).

There are approximately 50 pages of exhibits attached to Plaintiff's Original Petition. Due to their volume, I did not attach the exhibits. However, I will be happy to provide the documents at your request.

2-Falcon Ridge, Michael Buesgens, ltr to HUD encl Pet and Appeal

Page 1 of 2

Thank you for your attention to this matter. Please let me know if you have any questions or need further information.

Sincerely,

Charles E. Brown

Attachments

cc:    Falcon Ridge Apartments

HUD #06-06-293-8

2-Falcon Ridge, Michael Bessgans, ltr to HUD encl Pet and Appeal

EXHIBIT 8

$10,000.00 CASH



Melissa Goodwin, Justice of the Peace Pct.3
(Fund 753)

8656-B West Hwy 71
Austin, Texas 78735
(512) 854-6763
When calling ask for a Civil Clerk

# CIVIL RECEIPT

| DATE | RECEIPT NO. |
|------|-------------|
| 1/30/2006 | 8864 |

**PLAINTIFF**

Falcon Ridge Apartments
PAYEE: MICHAEL L BUESGENS

**DEFENDANT**

MICHAEL L BUESGENS

| | CLERK | DESC. CODE | CAUSE NO. |
|---|-------|-----------|-----------|
| | Lee | Bond | 041509 |

| ITEM | DESCRIPTION | QUANTITY | RATE | PMT. METH | CHECK NO. | AMOUNT |
|------|-------------|----------|------|-----------|-----------|--------|
| BONDS | Civil Bond | | | | | |
| 07 CIV-BOND | Bonds | | 10,000.00 | Money Order | 603257699 | 10,000.00 |
| | | | | | | 10,000.00 |

*FROM*
*BUESGENS INDIVIDUAL RETIREMENT*
*ACCOUNT*



**DANA DEBEAUVOIR, TRAVIS COUNTY CLERK**
P.O. Box 149325
Austin, TX 78714-9325

*Civil Bond*

32-61
1118

Q110

Date: September 08, 2006

*****$10,000.00

Pay to the
Order Of: Falcon  Apartments of Austin, LTD

Dollars

Ten Thousand and 00/100

***** VOID AFTER 180 DAYS FROM ISSUE DATE ****

**Chase Bank**
221 W 6th St
Austin, TX 78701

Memo: Closeout Cause #06-000678

*Susan Bell*

⑈110⑈ ⑆111000614⑈ ⑆686970419⑈

C110

*Closeout Cause #06-000678*
*Falcon Ridge Apartments vs. Michael Buesgens*

Certified Article Number

7160 3901 9847 3504 4735

SENDERS RECORD

To:
GREGORY S CAGLE
ARMBRUST & BROWN LLP
100 CONGRESS STE 1300
AUSTIN, TX 78701-2744

# EXHIBIT 8

HUD #06-06-293-8
ADMINISTRATIVE
CLOSURE



# City of Austin, Equal Employment/ Fair Housing Office

**Mailing:**   P. O. Box 1088, Austin, Texas 78767
**Physical:**  505 Barton Springs Rd. Suite720 , Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

February 17, 2006                       HUD # 06-06-293-8

Michael Buesgens
500E. Stassney Lane Apt-1023
Austin, Texas 78745

RE: 06-06-0293-8/ HUD; 01-06-0028-HG/COA.EE/FHO
    Michael Buesgens v Mandy Rogers, Falcon Ridge Apartments, Falcon Ridge LP

Dear Mr. Buesgens:

Please let this letter confirm our telephone conversation of this morning. You indicated that you wish to amend your complaint and you were told that your original complaint was heard in JP court with a jury trial. You confirmed that the decision was in favor of the complex and you were evicted and fined $5000.00 attorney's fees with a $10,000. Bond that you had to post. This court action took place on 01/26/2006. You indicated during your telephone conversation of 01/27/2006 that you would be appealing the decision in County Court.

You were invited to come in to file a new complaint. The original complaint has already been heard by the courts and the administrative processing is over when the matter is heard by the courts. That complaint will be closed based on the fact that it has been heard in the courts. We will take a new complaint on any issue that is covered by the Fair Housing Act that was not alleged on the first complaint.

I look forward to you coming in to file the new complaint.

Sincerely,

John A. Benavides
John A. Benavides
Lead Investigator

Cc: Nekesha Phoenix.

EXHIBIT 9

UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
RETIREMENT PROGRAMS
BOYERS, PA 16017

| Date |
|---|
| JULY 19, 2006 |
| Name of annuitant |
| MICHAEL V BUESGENS |
| Retirement claim number |
| |
| Case name |
| MICHAEL V BUESGENS |
| Social security number |

MICHAEL L BUESGENS
APT 1023
500 E STASSNEY LN
AUSTIN TX 78745

*OPM DISABILITY RETIREMENT*

## Verification of Annuity

The following information is provided in response to your request for verification of your retirement benefits under the Civil Retirement System or the Federal Employees Retirement System.

| Annuity commencing date | March 8, 2005 | Effective date of current gross | April 1, 2006 |
|---|---|---|---|
| Current gross monthly annuity | $1,335.00 | | |

### Additions

| Health benefits | Other additions |
|---|---|
| | |

### Deductions

| Health benefits | 125.82 | Medicare | |
|---|---|---|---|
| Federal income tax | | State income tax | |
| Basic life insurance | | Post retirement Basic life insurance | |
| Option A - Standard | | Option B - Additional | |
| Option C - Family | | Other deductions | |
| Net monthly annuity | $1,209.18 | Other deductions | |

The annuity of a retired member terminates on the day the member dies or the date of other terminating events provided by title 5, U.S. Code, Section 8345(c), *et seq.*

Remarks:

Disability under age 62: annuity will continue as long as individual remains disabled from position in which they retire

EXHIBIT 10

VOIR DIRE
041509
TRIAL 1/26/06

CAUSE # 041509 Falcon Ridge Apartments VS. Michael L. Buesgens

√ = Jurors selected

VOIR DIRE
EVICTION
SUIT
041509
TRIAL 1/26/06

ALAN
ROSWELL
WEINER
REDMOND
WASHINGTON

| 20 JOLYNN JANELL PEREZ | 19 BRENT CARLYLE POHL *Excused* | 18 BETTY CRAWFORD | 17 MARIANN JOHNSTON | 16 HILARY LYN REYES |
| 15 ALAN ROSWELL WEINER √ | 14 RACHEL ANN ATTEBURY *Excused* | 13 MADELON UNLAUF | 12 GARY PAUL DAVIS | 11 CATHERINE BROWN SPENCER √ |
| 10 KENNETH WAYNE GOHEEN *Excused* | 09 RAMON HERRERA *No Show* | 08 JAMES PATRICK OGRADY √ | 07 GARY *EXCUSED* | 06 AMANDA DANIELLE VELA √ |
| 05 SCOTT BROWNING COOMBES | 04 *EXCUSED* | 03 ANGEL GUILLERMO CORTINA √ | 02 LAUREN A DAVIS √ | 01 DARLENE JONES √ |

Jan 26, 20
9:15AM

*AUSTIN, TEXAS*
*JUSTICE OF THE PEACE, PRECINCT 3*
*EVICTIONS AT FALCON RIDGE APTS*
*AND*
*FALCON RIDGE DOES NOT HAVE STANDING*
*TO SUE*

| NUMBER | F/E | PLAINTIFF NAME | DEFENDANT NAME |
|--------|-----|----------------|----------------|
| 034529 | 000508 | FALCON RIDGE APARTMENTS OF AUS | HUSTON, KRISTIN LOUISE  ET AL |
| 037968 | 030811 | FALCON RIDGE APARTMENTS | WAITE, MATTHEW |
| 037681 | 030520 | FALCON RIDGE APARTMENTS | GRAVELL, KASI |
| 034529 | 000508 | FALCON RIDGE APARTMENTS OF AUS | GARZA, GREGORIO III  ET AL |
| 039044 | 040514 | FALCON RIDGE APARTMENTS | WATSON, JENNIFER  /ET AL |
| 039044 | 040514 | FALCON RIDGE APARTAMENTS | LONGORIA, ISMAEL  /ET AL |
| 039043 | 040514 | FALCON RIDGE APARTMENTS | MCKETTA, JANE (GUARANTOR) /ET |
| 039043 | 040514 | FALCON RIDGE APARTMENTS | MCKETTA, KEVIN  /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | DUGAS, SUNSHINE  /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | WHITEHEAD, LEIGH  /ET AL |
| 039042 | 040514 | FALCON RIDGE APARTMENTS | JASEK, DONNIE  /ET AL |
| 038808 | 040309 | FALCON RIDGE APARTMENTS | GARCIA, RANDY |
| 038782 | 040225 | FALCON RIDGE APARTMENTS | HAJJAR, NADIM |
| 034859 | 000821 | FALCON RIDGE APARTMENTS OF AUS | MILLER, JOHN |
| 037935 | 030730 | FALCON RIDGE APARTMENTS | GILES, DONNA |
| 038267 | 031017 | FALCON RIDGE APARTMENTS | ACHKAR, GEORGE  /ET AL |
| 038267 | 031017 | FALCON RIDGE APARTMENTS | AL-AJAIL, ABDULLA  /ET AL |
| 037680 | 030520 | FALCON RIDGE APARTMENTS | SANCHEZ, JOSE |
| 036389 | 020401 | FALCON RIDGE APARTMENTS | YANEZ, SHAYONA RHEA |
| 037967 | 030811 | FALCON RIDGE APARTMENTS | BYRD, ALICE |
| 041588 | 060117 | FALCON RIDGE APARTMENTS | TIJERINA, YOLANDA |
| 041509 | 051229 | FALCON RIDGE APARTMENTS | BUESGENS, MICHAEL L ✓ |
| 041243 | 051026 | FALCON RIDGE APARTMENTS | ACORD, RICHARD |
| 035729 | 010720 | FALCON RIDGE APARTMENTS | ARNOLD, DUSHAN |
| 035580 | 010524 | FALCON RIDGE APARTMENTS OF AU | MILLER, JOSET D |
| 040198 | 050321 | FALCON RIDGE APARTMENTS | AUTRY, ANTHONY |
| 040006 | 050125 | FALCON RIDGE APARTMENTS | TREGRE, ANTHONY |
| 039927 | 050110 | FALCON RIDGE APARTMENTS | SALAZAR, MELVA HARP |
| 039695 | 041026 | FALCON RIDGE APARTMENTS | TREGRE, ANTHONY  ET AL |
| 039695 | 041026 | FALCON RIDGE APARTMENTS | COOK, MISHELE  ET AL |
| 039446 | 040824 | FALCON RIDGE APARTMENTS | ALVARADO, JESUS JAIME |

. . . . . END REPORT . . . . .