## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MICHAEL BUESGENS,                       )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Civil Action No. 06-1964 (RBW)
                                        )
CHARLES BROWN, et al.,                  )
                                        )
                    Defendants.         )
                                        )
_____)

## ORDER

Since the filing of this complaint on November 15, 2006, the pro se plaintiff has

inundated the Court with a slew of lengthy, nearly illegible handwritten notices and motions, the

legal and factual basis for each being effectively impossible to discern.  See December 19, 2006

Notice; January 10, 2007 Notice; February 22, 2007 Supplemental Memorandum; March 7, 2007

Notice; March 9, 2007 Notice; March 9, 2007 Motion for Default Judgment; March 28, 2007

Motion for Exculpatory Evidence; April 18, 2007 Notice and Submission of Relevant Evidence

of Wrongdoing by Defendants; April 25, 2007 Notice and Verification to this Court of Evidence

of Genuine Material Facts of Wrongdoing by Attorneys and Respondeat Superior and Law Firms

and State Bar of Texas; April 30, 2007 Motion for Judicial Notice of Verifiable Facts and

Adjudicative Facts; May 17, 2007 Response to Motion to Dismiss; May 23, 2007 Response to

Defendant's Answer; May 29, 2007 Notice and Request for Subpoena Duces Tecum; June 7,

2007 Motion for Default Judgment; July 5, 2007 Motion for Judicial Notice of Adjudicative and

Easily Verifiable Facts; July 18, 2007 Motion for Reissuance of Summons; July 19, 2007 Notice;

1

August 15, 2007 Civil Statement; and Motion for Judicial Notice of Adjudicative and Easily Verifiable Facts Pursuant to Federal Rules of Civil Procedure Rule.

Local Civil Rule 5.1 specifically states that all papers submitted to the Court "shall be typed (double spaced) or reproduced by any duplicating or copying process <u>that produces a clear black image on opaque white paper</u>."  LCvR 5.1(f) (emphasis added).  In addition, Federal Rule of Civil Procedure 8(e) mandates that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e), a requirement that applies equally to "all motions and other papers provided for by the[] [R]ules," Fed. R. Civ. P. 7(b)(2).  Although the papers filed by <u>pro se</u> litigants should be held "to less stringent standards than formal pleadings drafted by lawyers," <u>Sparrow v. United Airlines</u>, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)) (internal quotation marks omitted), this does not, and cannot, exempt such litigants from basic requirements of clarity and comprehensibility in setting forth their asserted bases for relief.  <u>See</u>, <u>e.g.</u>, <u>Scibelli v. Lebanon County</u>, 219 Fed. Appx. 221, at **1 (3rd Cir. Mar. 7, 2007) (affirming a district court's dismissal of a <u>pro se</u> complaint that "was exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotation marks and citation omitted).  Accordingly, it is hereby

**ORDERED** that the plaintiff's various motions are DENIED without prejudice.  The plaintiff may refile these motions as appropriate, but only if they are in conformance with the applicable provisions of the Federal Rules of Civil Procedures and the Local Civil Rules.  It is further

**ORDERED** that all future notices, motions, and other pleadings that do not conform to the applicable provisions of the Federal Rules of Civil Procedures and the Local Civil Rules will similarly and immediately be denied without prejudice.

**SO ORDERED** this 7th day of January, 2008.

/s/_____
REGGIE B. WALTON
United States District Judge