UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 2001

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| NTEU Member | § | |
| Former IRS Employee, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL NO. |
| | § | |
| COLLEEN M. KELLEY, President, | § | 1:06CV |
| National Treasury Employees Union | § | 01964 |
| NTEU | § | RBW |
| | § | |
| RUSSELL BOKELMAN, | § | |
| Chief Steward, Chapter 247 | § | |
| NTEU | § | |
| | § | |
| DENNIS SCHNEIDER, | § | |
| NTEU Attorney, | § | |
| | § | |
| GRETCHEN PAULIG, | § | |
| NTEU Attorney | § | |
| | § | |
| JAN SMITH, President, | § | |
| NTEU Chapter 72 | § | |
| | § | |
| BARBARA A. ATKIN, | § | |
| NTEU General Counsel, et. al., | § | |
| Defendants | § | |

PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO RUSSELL BOKELMAN'S AND COLLEEN M. KELLEY'S
MOTION TO DISMISS

**RECEIVED**

FEB 8 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NTEU Member Buesgens makes this request for the following reasons:

Buesgens has discovered new evidence of wrongdoing by NTEU staff related to his complaints against NTEU staff in this civil action.

## SUMMARY HISTORY OF COMPLEX LITIGATION

Plaintiff Buesgens' first civil action against NTEU – KELLEY, ATKIN, BOKELMAN, SCHNEIDER – was the following:
1:05CV02334RCL
Filed: 12/05/2005
filed in U.S. District Court for the District of Columbia, JUDGE ROYCE C. LAMBERTH; Law Clerk MICHAEL SONG. (See exhibit.)

In Defendant Kelley's Motion to Dismiss, or in the alternative to provide a more definite statement in 1:05CV02334RCL, Bokelman and Kelley state that Buesgens' allegations are nothing more than a charge that Bokelman and Schneider and Paulig had reached a duty of fair representation; the Federal Labor Relations Authority has exclusive jurisdiction over such claims – says NTEU Chief Steward RUSSELL BOKELMAN.

RUSSELL BOKELMAN, NTEU Chief Steward, Chapter 247, was Buesgens' representative for the following:
EEO Complaint No. 03-2339
Denial of Reasonable Reassignment – REPR
which became EEOC Case No. 360-2003-8286X.

EEOC No. 360-2003-8286X has a defective record, and could not be presented at the appeal with EEOC Office of Federal Operations (OFO), Washington, DC – Director ROBERT BARNHART and Records Manager ELIZABETH P. CALDWELL.

EEO Case No. 03-2339 was never presented at the EEOC telephone hearing on December 16, 2003 – EEOC Judge ROBERT LYNN POWELL, IRS-GLS-EEO Attorney MICHAEL LYNN SALYARDS, presiding.

EEO Case No. 03-2339 was unlawfully combined with two other EEO complaints at the unlawful telephone hearing. The EEO complaints were intentionally combined in order to eliminate the main case, EEO No. 03-2339.

In the Denial of Reasonable Reassignment and Retaliation, no discovery was allowed for EEO Case No. 03-2339. Evidence of wrongdoing – emails, faxes, letters amongst and between IRS officials and NTEU officials, and Federal Occupational Health Service doctors was not presented, and was intentionally concealed by the foregoing and assisted by EEOC Judge ROBERT LYNN POWELL.

EEOC Judge ROBERT LYNN POWELL fully participated in this wrongdoing. Robert Lynn Powell, San Antonio, Texas, was named as a Defendant in Civil Action 1:05CV00243SS. Plaintiff Buesgens served summons – Subpoena Duces de Tecum – on EEOC Judge Powell for a record of the discovery and exhibits that were presented for EEO Case No. 03-2339.

1:05CV00243SS is EEO No. 03-2339, and EEOC No. 360-2003-8286X.

EEOC Attorney JENNIFER RANDALL refused to provide the exhibits for EEO Case No. 03-2339 in her submissions to Buesgens and the Court because Attorney Randall designated them as EEOC Judge ROBERT LYNN POWELL's thought processes. EEOC Attorney Randall supported her position with perjured declarations from EEOC officials:

ROBERT LYNN POWELL
KATYE DUDERSTADT, EEOC Supervisory Judge, San Antonio, Texas
ROBERT BARNHART, EEOC Office of Federal Operations Director,
Washington, DC.

EEOC Records Managers, now retired:
ELIZABETH P. CALDWELL, Bowie, Maryland; and
ROBERT B. HARWID, Attorney, EEOC Records,
did not make an appearance in Civil Action No. 1:05CV00243SS or No. 1:05CV02234RCL.

Plaintiff Buesgens has some of the emails in his possession that were not submitted at the EEOC hearing on December 16, 2003. The emails that Buesgens has clearly demonstrate IRS officials' wrongdoing:

DONALD RAY TAWNEY, JR., et. al., IRS official in:
Bankruptcy Case 06-1116419RM
Adversary Case 07-10008
Civil No. 1:07CV00859RBW.

IRS officials are unlawfully accessing Buesgens' medical records, and soliciting medical records from his doctor, DAVID G. JONES, M.D., Austin, Texas (see IRS Officials):

ANNA MEDLOCK
NANCY A. SESSION
CHARLES WASHINGTON, JR., Director
DONALD RAY TAWNEY, JR.
THOMAS J. TITELS
MARGARET F. WAITES;

threatening and discussing Buesgens' termination and removal from the IRS; telling Buesgens that the only job available with reduced incoming taxpayer phone calls was Grade 4 Clerk when Buesgens was a Grade 8 Step 5 Customer Service Representative. (There were other jobs available at the Grades 5, 6 and 7, that Buesgens was qualified for, and could work with or without a reasonable accommodation.)

## NATIONAL TREASURY EMPLOYEES UNION – NTEU

NTEU officials fully participated in this cover-up of evidence of wrongdoing for EEO Case No. 03-2339, the Denial of Reasonable Reassignment, and Retaliation and Reprisal that produced Buesgens' involuntary disability retirement on March 7, 2005, at
IRS Customer Service Building
1821 Directors Blvd.
Austin, Texas 78744
(See exhibit for Civil Action.)

1:06CV01558RCL – Buesgens' civil filing for Personal Injury Claim under the Federal Tort Claims Act, Administrative Claim, with MARY-ELLAN KRCHA, IRS Tort Claims Manager; Form SF95 – Sum Certain: $2,435,000.00; received on 8/22/2005, but receipt continually denied by MARY-ELLAN KRCHA throughout the year 2005, despite Buesgens' mailing by certified mail/return receipt requested.

1:06CV01558RCL – Federal Tort Claims Act – see:

NTEU – RUSSELL BOKELMAN and BARBARA A. ATKIN, and GRETCHEN PAULIG, and DENNIS SCHNEIDER, and GREGORY O'DUDEN, and COLLEEN M. KELLEY; Motion to Dismiss on the Basis of Collateral Estoppel.

The foregoing says that Plaintiff Buesgens is raising the same claims in 1:06CV01558RCL that he presented in 1:05CV02334RCL, Judge ROYCE C. LAMBERTH.

Plaintiff – NTEU Member Buesgens did not raise the same claims and his claims are not precluded in 1:06CV01558RCL based on his complaints in 1:05CV02334RCL.

No one from NTEU made an appearance in Civil Action 1:05CV00243SS, filed 4/29/2005.

No one from NTEU made an appearance in Buesgens' appeals to EEOC – Office of Federal Operations (OFO), Washington, DC, for the following:
EEO No. 03-2339
EEOC No. 360-2003-8286X

No one from NTEU made an appearance at MSPB Case No. DA-1221-06-0171-W1.

No one from NTEU provided any discovery exhibits or records for the following:
EEO Case No. 03-2339
EEOC Case No. 360-2003-8286X.

NTEU Member, Former IRS Employee, MICHAEL L. BUESGENS made many requests to the foregoing NTEU officials for their records in 2005 and 2006. (See NTEU response letter exhibit, dated: 11/9/2006.)

See the RUSSELL BOKELMAN, BARBARA A. ATKIN, DENNIS SCHNEIDER, GRETCHEN PAULIG, GREGORY O'DUDEN, COLLEEN M. KELLEY, JULIE A. WILSON letter, dated: 11/9/2006, telling Buesgens about what is proper etiquette for him, and the foregoing NTEU officials do not have their own records; only Buesgens has them. (See exhibit for Civil Action 1:06CV01964RBW.)

In the matter of NTEU officials Bokelman and Gretchen Paulig, and Barbara A. Atkin and Dennis Schneider's Motion to Dismiss Claims against them under Rule 4(a), "NTEU Member Buesgens has failed again to serve the foregoing NTEU officials with a summons and complaint." So, why are they not using collateral estoppel or nothing more than allegations of breach of duty to represent, as they did in Civil Actions 1:05CV02334RCL, 1:06CV01558RCL, Judge ROYCE C. LAMBERTH, Texas Judge in Washington, DC?

NTEU officials in Washington, DC, and in Texas, have continually been served with Buesgens' complaint since early in 2005. (See NTEU unserved appearance in Civil No. 1:06CV01558RCL, in coordination with AUSA KAREN MELNIK, unserved appearance in the same.)

See NTEU accepting Buesgens' direct mail of service of summons and complaint in Civil No. 1:05CV02334RCL.

Civil Actions 1:05CV02334RCL and 1:06CV01558RCL were cooked by Texans for Texas. Judge ROYCE C. LAMBERTH was not randomly selected to hear the foregoing cases.

The transfer of these civil actions was supported by a perjured declaration from IRS-GLS ATTORNEY MICHAEL LYNN SALYARDS. Salyards is also the attorney that concealed evidence in EEO No. 03-2339 and EEOC No. 360-2003-8286X. IRS-EEO Attorney Salyards is also the same tort feasor who worked Buesgens' Administrative Claim under the Federal Tort Claims Act, Personal Injury, with IRS TORT CLAIMS MANAGER MARY-ELLAN KRCHA, at IRS – Department of the Treasury, General Legal Services (GLS), Washington, DC.

Salyards' perjured declarations can be seen in the following civil actions exhibits, with AUSA's
KAREN MELNIK, Transfer Case
R. BARRY ROBINSON, Summary Judgment
1:05CV02334RCL
1:06CV01558RCL
1:05CV00243SS.

The objective for AUSA's KAREN MELNIK, R. BARRY ROBINSON, and Judge ROYCE. C. LAMBERTH, Law Clerk MICHAEL SONG; Judge SAM SPARKS, Austin, Texas; and MICHAEL LYNN SALYARDS, was to get Civil Actions 1:05CV02334RCL and 1:06CV01558RCL to Texas.

MICHAEL LYNN SALYARDS, IRS-GLS-EEO-FOIA-FICA Attorney, Dallas, Texas, declares the following:

That Buesgens worked his entire career at the IRS in Austin, Texas. Salyards knows that this is a lie. Buesgens began working for the IRS on October 19, 2990, at IRS District Office, Phoenix, Arizona; Buesgens began working at the IRS, Austin, Texas, in 1996.

## TORT FEASOR

IRS Attorney MICHAEL LYNN SALYARDS declares that all of Buesgens' records – employment/medical – are in Austin, Texas. Salyards knows that this is a lie, and so does AUSA's KAREN MELNIK, R. BARRY ROBINSON, Judge ROYCE C. LAMBERTH, and Law Clerk MICHAEL SONG.

Buesgens was subject to involuntary disability retirement at IRS on March 7, 2005. All of former IRS Employee NTEU Member Buesgens' records were transferred to OPM, Boyers, Pennsylvania, and Washington, DC. (See Buesgens' FOIA requests that begin in 2005.)

IRS Disclosure Officers STEPHANIE YOUNG and PAULA K. WARD, Austin, Texas, tell Buesgens they cannot produce any records because the records are in Washington, DC. (See exhibit – FOIA letter, dated: 9/23/2005.)

## CAUSES OF ACTION

This is complex litigation. This is also multi-district litigation that has become a suit within a suit – multiple tort claims, multiple parties – all connected and related to Civil Actions 1:06CV01964RBW and 1:07CV00859RBW; and Bankruptcy Cases 07-10008 – Adversary, 06-11164FRM, and 06-01248 FRM – Adversary.

Complaints and claims that arise from two central issues – employment discrimination at IRS, and housing discrimination at Falcon Ridge Apartments – have produced Plaintiff Buesgens' Creditor-Adversary claims that are the central focus in Civil Action 1:07CV00859RBW; and Personal Injury Tort Claims inside Bankruptcy Case 06-11164FRM, Texas, and Adversary Case 07-10008, Washington, DC.

**RELIEF**

PLAINTIFF-CREDITOR-ADVERSARY BUESGENS requests an extension of time to respond to Defendants' Motions.  Buesgens requests a thirty (30) day extension of time from the date set by this Court for a response on February 7, 2008.


Respectfully Submitted,

MICHAEL BUESGENS
Creditor-Adversary,
Plaintiff-Appellant
Former IRS Employee
*pro se*
Private Attorney General


February 4, 2008

# CERTIFICATE OF SERVICE

I certify that one true copy of this Motion for Extension of Time was served by priority mail, delivery confirmation, on this 7th day of February, 2008, addressed to:

CHARLES R. NETTLES
Bankruptcy Attorney
Bankruptcy Case 06-11164FRM
Adversary Case 07-10008
Civil Action 1:07CV00859RBW
1524 South IH-35 #233
Austin, Texas 78704

CHARLES EADS BROWN
Eviction Attorney
Civil No. 1:06CV01964RBW
HUD Case 06-06-293-8
HUD Case 07-07-0814-8
3624 North Hills Drive #B100
Austin, Texas 78731

PAT S. GENIS, AUSA
07-1008
1:07CV00859RBW
2:06CV00072PPS
KAREN MELNIK, AUSA
1:05CV02334RCL
1:06CV01558RCL
R. BARRY ROBINSON, AUSA
1:05CV00243SS
1:06CV00967LY – RP
MICHAEL LYNN SALYARDS, IRS Attorney
EEO No. 03-2339
EEOC No. 360-2003-8286X
MSPB No. DA-1221-06-171W1
P.O. Box 227
Washington, DC 20044

RUSSELL BOKELMAN, NTEU Chief Steward, Chapter 247
EEO No. 03-2339
EEOC No. 360-2003-8286X
GRETCHEN PAULIG, NTEU Attorney
1:00CV00600SS
BARBARA A. ATKIN, NTEU General Counsel
JAN SMITH, NTEU PRESIDENT, Chapter 72
1:00CV00600SS

8

DENNIS SCHNEIDER, NTEU Attorney, Austin, Texas
EEO No. 03-2339
EEOC No. 360-2003-8286X
Civil No. 1:05CV00243SS
Appeal No. 07-5011-D.C.
GREGORY O'DUDEN, NTEU General Counsel
JULIE A. WILSON, NTEU Attorney, Washington, DC
EEO No. 03-2339
EEOC No. 360-2003-8286X
1:05CV02334RCL
1:06CV01558RCL
COLLEEN M. KELLEY, NTEU President
EEO No. 03-2339
EEOC No. 360-2003-8286X
NATIONAL TREASURY EMPLOYEES UNION (NTEU)
1750 H Street NW
Washington, DC 20006

ROBERT LYNN POWELL
EEOC Judge, Telephone Hearing on 12/16/03
EEO No. 03-2339
EEOC No. 360-2003-8286X
Civil No. 1:05CVOO243SS
Bankruptcy Case 06-11164FRM
Adversary Case 07-10008
Civil No. 1:07CV00859RBW
5223 Casbury
San Antonio, Texas 78249-1785

ELIZABETH P. CALDWELL
EEOC Office of Federal Operations (OFO) Records Manager
EEO No. 03-2339
EEOC No. 360-2003-8286X
MSPB No. DA-1221-06-0171-W1
12344 Quiet Owl Lane
Bowie, Maryland 20720

JENNIFER RANDALL
EEOC Attorney
EEO No. 03-2339
EEOC No. 360-2003-8286X
Civil No. 1:04CV01056ESH
D.C. Appeal No. 07-5295
Kator, Parks, Weiser
1020 19th Street NW #350
Washington, DC 20036-3804

MARY-ELLAN KRCHA
IRS General Legal services Tort Claims Secretary for
MICHAEL LYNN SALYARDS
Civil No. 7:06CV01558RCL
Bankruptcy Case 06-1164FRM
Adversary Case 07-10008
8327 Second Avenue
Vienna, Virginia 22182

SHELLEY BUSH MARMOO, Attorney
DUNHAM JEWETT, Attorney
DAVID B. ARMBRUST, Attorney
GREGORY S. CAGLE, Attorney
DOUGLAS G. HOUSE, Attorney
MAREN J. HOLMBOE, Attorney
CRADY JEWETTE McCULLEY, LLP
ARMBRUST L. BROWN, LLP
BULLIVANT, HOUSER, BAILEY, PC
LATHROP R. GAGE, PLLC
2727 Allen Parkway #1700
Houston, Texas 77019

MICHAEL L. BUESGENS
Former IRS Employee
Employment Discrimination
Housing Discrimination
Extended Stay America
Mailing Address:
3112 Windsor Road #A322
Austin, Texas 78703
Telephone: 512-339-6005, x7958
mikebuesgens@hotmail.com

2/5/2008



**LII / Legal Information Institute**

**Wex**

 Categories: Definition

# Writ of error

  From Wex, everyone's resource for law learning

A writ emanating from an appellate court, demanding that a lower court convey the record of a case to the appellate court so that the record may be reviewed for alleged errors of law. see, e.g. Worcester v. Georgia, 31 U.S. 515 (1832).

See Appellate Procedure

Retrieved from "http://www.law.cornell.edu/wex/index.php/Writ_of_error"

This page has been accessed 12701 times. This page was last modified 02:26, 22 Nov 2005 by LII Editor. Based on work by Thomas R. Bruce. [1 watching user/s] Content is available under a Creative Commons Attribution-ShareAlike 2.5 License.

**EXHIBIT 1**

CIVIL ACTION 1:00CV00600SS
U.S. DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

V.

FREDIA BUTLER, Former IRS Employee
MICHAEL LYNN SALYARDS, IRS-GLS-EEO Attorney
THOMAS J. THEIS, IRS-HR, Labor Relations
INTERNAL REVENUE SERVICE
DEPARTMENT OF THE TREASURY

# ARBiTRATOR

Don B. Hays
123 N. Crockett, Suite 300
P.O.Box 370
Sherman, Texas 75091-0370
(903)893-9456

FOR
FREDIA BUTLER
HiDDEN CAMERA EViDENCE
AT IRS
GRETCHEN PAULIG -NTEU
ATTORNEY PRESIDING
1::00CV00600SS

*1:00CV00600 SS*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

*FREDIA BUTLER,*

**Plaintiff,**

2002 JL 12 FM 4: 50

U.S. CLE......

BY:_____

*v.*

Civil Action No. A-00-CA-600-SS

*INTERNAL REVENUE SERVICE,*
**Defendant.**

*Document 30*

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant Paul H. O'Neill in his official capacity as Secretary of the U.S. Department of the Treasury ("the Secretary"), by and through the U.S. Attorney for the Western District of Texas, and submits this Motion for Summary Judgment. In support thereof, Defendant respectfully offers the following:

### I. INTRODUCTION

This is a "mixed case." A "mixed case" occurs when a plaintiff (a) seeks review of a Merit Systems Protection Board ("MSPB") decision on a nondiscriminatory claim and (b) also asserts a Title VII claim of discrimination. *Gomez v. Dep't of the Air Force*, 869 F.2d 852, 855-57 (5th Cir. 1989). A district court reviews the discrimination claim *de novo* and the nondiscrimination claim on the administrative record pursuant to 5 U.S.C. § 7703(c). *Mason v. Frank*, 32 F.3d 315, 317 (5th Cir. 1994).

Here, Plaintiff Fredia Butler ("Butler") complains about her removal from Federal service in June 1998. Contrary to Butler's request for *de novo* review of civil service and discrimination issues, her "mixed case" provides for only *de novo* review of the discrimination claim. The civil

1

service issues are reviewed on the administrative record. As shown below, Butler's action fails because she cannot overturn the administrative findings and cannot establish discrimination based upon the record presented to this Court.

## II.  STATEMENT OF THE CASE

On September 14, 2000, Plaintiff Fredia Butler ("Butler") initiated this action by submitting a *pro se* complaint under Title VII. On April 12, 2002, Butler (now represented by counsel) submitted her First Amended Complaint. Butler seeks review of the administrative record created following her removal from Federal service and also seeks *de novo* review of her employment discrimination allegations.

On June 3, 2002, the Secretary responded to Butler's amended complaint by denying the substantive allegations. Pursuant to the Scheduling Order, the Secretary now provides this dispositive motion.

## III.  UNDISPUTED FACTS:  *See Appendix*

## IV.  GROUNDS FOR MOTION

Pursuant to FED. R. CIV. P. 56, the Secretary moves for summary judgment because (a) there is sufficient evidence to support the MSPB decision (reviewing the arbitrator's award) and (b) because Butler can neither establish the elements of her discrimination claim nor overcome the Secretary's legitimate, non-discriminatory reason.

A.  **Butler's Administrative Challenge Fails.**

1.  **The Standard for Reviewing the MSPB's Administrative Record.**

A MSPB decision must be upheld unless the reviewing court determines that required procedures have not been followed, the decision is arbitrary, or the decision is not supported by

2

1:00CV00600SS - BUTLER V. IRS

substantial evidence. 5 U.S.C. § 7703(c); *Mason*, 32 F.3d at 318. "Under the arbitrary and capricious standard the MSPB's decision needs only to have a rational basis in law." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

The scope in resolving a factual challenge to a MSPB decision on non-EEO issues is just as narrow as the scope of review of the MSPB decision in the Federal Circuit. *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson v. Perales*, 402 U.S. 369, 91 S.Ct. 1420, 1427 (1971). The district court may not reweigh the evidence or substitute its own judgment for that of the MSPB even if the court finds that the evidence preponderates against the MSPB's decision. *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir. 1980); *Wilder*, 846 F.2d at 619.

2. <u>Butler does not challenge the MSPB's decision as arbitrary or due to flawed procedures.</u>

In her amended complaint, Butler does not challenge the MSPB's decision as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Butler also does not contend that the decision was obtained without properly following necessary procedures. Therefore, Butler's challenge to the MSPB's review of the arbitrator's award is solely grounded in her belief that the award is not supported by "substantial evidence." (*See* Pl's. Am. Compl. at ¶¶ 6-7 (alleging that the agency failed to prove by a preponderance of the evidence that removal was warranted and was appropriate)).

3. <u>The MSPB's decision is supported by substantial evidence.</u>

The parties selected the arbitrator, Don B. Hays ("the Arbitrator"), to preside over Butler's challenge to her removal of June 16, 1998, from the position of tax examining clerk in the Tele-TIN

Unit in Austin, Texas. The arbitration hearing was conducted over five days in January 1999, and resulted in twenty witnesses providing testimony, including Butler. (Butler was represented by counsel at the hearing.) On February 2, 2000, the Arbitrator issued an award sustaining the agency's removal of Butler.

There is ample evidence within the administrative record to support the Arbitrator's conclusion that Butler engaged in the misconduct which led to her removal by the Secretary on June 16, 1998. Management officials testified about the steps they took to determine whether the unworked cases found in the stripping basket beginning in September of 1997 were placed there intentionally or inadvertently. (I MSPB 80-98; II MSPB 416-19).[1] Butler's first-line supervisor, Thomas J. Theis ("Theis"), testified that he and his immediate supervisor, Maureen Varnado ("Varnado"), created a system to track cases as they came into the Tele-TIN unit and matched each incoming case with a specific tax examining clerk in the unit. (I MSPB 80-81; II MSPB 416-19).

Theis and Varnado created this system specifically in response to the discovery of unworked cases in a basket used by the unit to dispose of those cases ready to be closed. (I MSPB 79-80). Moreover, Karen Landry (Theis' second-line supervisor) first wanted Theis to determine whether the attempted disposal of the documents in question was an intentional or inadvertent act. (II MSPB 456). At this time, Butler was not suspected of being the alleged perpetrator of this scheme. (I MSPB 99; II MSPB 421, 459-60). The evidence obtained put to that time led to only one suspect: Charlotte Jones, a black female. (I MSPB 80-81).

In the course of tracking cases assigned to Jones, Theis and Varnado also uncovered a second

---

[1] "I MSPB 80-98" refers this Court to the MSPB's administrative record which is attached to the instant motion. More specifically, "I MSPB 80-98" cites to Volume 1 of the MSPB record at Pages 80-98. Similarly, "II MSPB 416-19" cites the Court to Volume 2 of the MSPB record at Pages 416-419.

4

suspect, Patricia Johns, another black female in the Tele-TIN unit. (I MSPB 82-83). In light of the discovery of this second suspect, Landry then directed Theis and Varnado to develop an even more extensive system to track and monitor all cases in the Tele-TIN unit to ascertain any and all employees who might be emulating Johns and Jones in disposing of assigned work. (I MSPB at 83-96). It was only after the creation of this new system that Butler emerged as the third and final tax-examining clerk in the unit who was disposing of assigned work without having first worked it. (I MSPB 90). This discovery was made after the initiation of a thorough system to monitor all the cases entering the unit to track exactly which case had been assigned to which tax examining clerk within the unit. (I MSPB 83-96).

Video surveillance of the unit's stripping basket further supported the case against Butler. Specifically, a tape which recorded the events in the stripping basket area on January 16, 1998, showed Butler placing unworked CP notices in a folder already in the stripping basket, in the Arbitrator's opinion upon viewing it. (Arbitrator's Award at 17; I MSPB 185-90).[2] This video sequence was then correlated with Theis' recovery of a folder from the stripping basket. (I MSPB 189-90). The folder contained another tax examining clerk's completed work and five unworked CP notices assigned exclusively to Butler. (I MSPB 189-190).

The evidence above was presented to the Arbitrator during the hearing in which the union contested Butler's removal. Based upon the evidence presented by the agency, a reasonable person could conclude that Butler intentionally disposed of her assigned work without having actually worked it. Regardless of whether Butler agrees or disagrees with this conclusion, the Arbitrator

___

[2] The cite to the "Arbitrator's Award" refers this Court to Volume 6 of the MSPB's administrative record. (Please see the "Exhibits" section in the Appendix for a more detailed description of the documents contained in Volume 6.)

acted reasonably in concluding that this evidence supported such a finding.

The gravamen of Butler's challenge to the Arbitrator's award is that she disagrees with the finding. However, the MSPB in reviewing the Arbitrator's award was never empowered to substitute its judgment for the Arbitrator's judgment in assessing the evidence adduced at the hearing. As the MSPB's own precedent clearly indicates, an arbitrator's award is entitled to deference, and the MSPB can modify or set aside an arbitrator's award only when the arbitrator has erred as a matter of law in interpreting civil service law, rule, or regulation. Absent legal error, the MSPB is not empowered to substitute its conclusions for those of the arbitrator, even if it would disagree with the arbitrator's decision. *See Higgs v. Soc. Sec. Admin.*, 71 M.S.P.R. 48, 50-51 (1996).

As explained by the MSPB, Butler's request for review baldly asserted that the agency had failed to prove the charges. Butler was essentially contending that the arbitrator's findings were not supported by substantial evidence. However, the only issue for the MSPB to review, with respect to the issue of her removal, was whether the arbitrator erred as a matter of law in interpreting civil service law, rule, or regulation. (MSPB Opinion and Order at 3). The MSPB found that the Arbitrator did no so err, and, in fact, Butler did not even challenge his award on this basis in her petition for review. As such, her request for review reflected her mere disagreement with his findings and conclusions on whether the agency proved the charges against her and whether the penalty imposed was appropriate. This disagreement does not establish that the Arbitrator erred as a matter of l aw in interpreting civil service law, rule, or regulation. *See Luna v. Soc. Sec. Admin.*, 85 M.S.P.R. 301, ¶ 14 (2000). Therefore, there was no basis for the MSPB to set aside the Arbitrator's award.

Because there was no legal basis for the MSPB to reverse the arbitrator's award, there is no

logical basis for the district court to reverse the MSPB's decision in this case. Therefore, the Court should affirm the MSPB's decision to sustain the arbitrator's award in this case with respect to the issue of the propriety of her removal.

**B.    Butler Cannot Establish Her Claims of Gender and Race Discrimination.[3]**

**1.    Butler Cannot Establish a *Prima Facie* Case.**

In this lawsuit, Butler charges that gender and race discrimination led to her removal.[4]  In general, the *prima facie* case elements for a discrimination claim are (1) that the plaintiff belongs to a protected class, (2) that she suffered a materially adverse employment action, and (3) that there is a causal connection between the protected basis and the adverse action. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (setting out the elements for a gender claim); *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002) (race claim).

Here, Butler fails to assert or establish how her race and gender led to her removal from Federal service. Stated differently, Butler has no evidence that a person outside of her protected

---

[3]  In her amended complaint, Butler raises a new claim: retaliation. (Pl's. Am. Compl. at ¶ 5). However, the Court has no subject matter jurisdiction over the retaliation claim. First, retaliation never surfaced in the administrative context. In other words, while Butler asserted race and gender discrimination during her oral reply and petition for review of the Arbitrator's award, she never discussed retaliation. (*See* Oral Reply at 29 (asserting that "[w]e also allege discrimination based on race and sex."); Butler's Appeal of Arbitrator's Decision at 1 (asserting that "[t]he arbitrator refused to consider Appellant's claims of sex and race discrimination.")). Second, to the extent that Butler seeks to now raise a retaliation claim, she is time-barred. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961 (1976) (explaining that federal employees must exhaust their administrative remedies as defined by the statute and the regulations promulgated thereunder); *Tolbert v. United States*, 916 F.3d 245, 247 (5th Cir. 1990). The federal regulations require that an aggrieved employee must initiate contact "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Clearly, Butler is beyond the 45-day period in alleging that her removal in June 1998 is due to retaliation.

[4]  To the extent that Butler cites to undated "examples" of discrimination and her April 1996 performance rating (Pl's. Am. Compl. at ¶ 5), such "examples" may provide "background" but cannot ground a discrimination claim. First, the cited examples do not rise to the level of an adverse employment action. Second, none of the cited examples indicates that males were treated in a better fashion. Third, Butler's assertion that her supervisor once referred to her as a "jungle bunny" is irrelevant. The comment is outside of Butler's personal knowledge (as it was allegedly made in a manager's meeting), is hearsay, and never surfaced during the administrative context. Without more, the comment is seemingly a stray remark incapable of allowing Butler to move forward to trial.

class (African-American and female) was similarly situated (by improperly disposing of assigned

work and inaccurately completing employee time reports) and escaped a removal action. Instead,

the record evidence (discussed in Section IV(A)(3) above) establishes that a thorough investigation

was conducted to determine who was improperly disposing assigned work, that Butler was not a

target of the investigation, and that only three employees (who were African-American females)

were found to have improperly disposed of work. (*See* MSPB's Opinion and Order at 5 (explaining

that "the three African-American women . . . were the only employees disposing of their work in the

manner that generated the agency's investigation"). Having failed to establish a *prima facie* case,

the Secretary is entitled to summary judgment as to Butler's discrimination claims.

2. **The Secretary's legitimate, non-discriminatory reason for removing Butler is
   her repeated, improper disposal of unworked assignments and the inaccurate
   information provided on her employee time reports.**

Even assuming arguendo that Butler can establish the elements for a gender and race

discrimination claim, the Secretary has a legitimate, non-discriminatory reason for the action taken.

I.e. An investigation  (where Butler was not a target) determined that three employees were

improperly disposing assigned work and were inaccurately recording their efforts in their time

reports. In other words, the employees were getting paid to do no work. To promote the efficiency

of the service (as explained more fully in Section IV(A)(3)), Butler was removed from the civil

service.

Butler has not cast any doubt on the removal decision. While she continues to allege that her

first-line supervisor discriminated against her (*see* Pl's. Am. Compl. at ¶ 5), Butler wholly fails to

explain why others (above and below Theis) allegedly discriminated against her too and why the

agency was able to accumulate proof to support her removal. (*See* Arbitrator's Award at 43). In

8

/:00 CV00600 SS

other words, Butler cannot overcome the Secretary's legitimate, non-discriminatory reason for her

termination by asserting in conclusory fashion that her first-line supervisor disliked her. Therefore,

the Secretary is entitled to summary judgment as to Butler's discrimination claims.

## V. PRAYER

Summary judgment is appropriate in this matter. First, Butler cannot establish that the MSPB

decision (based on the Arbitrator's award) is unsupported by substantial evidence. Second, Butler

cannot establish her claims of gender and race discrimination. While Butler points out that only

three African-American women were removed, this fact without more does not allow her to

overcome the summary judgment hurdle. In other words, the fact that three African-American

women similarly disposed of assigned work improperly does not show discrimination. An election

was made by these women, and the Secretary properly removed them to promote the efficiency of

the service. Despite her administrative appeals and this lawsuit, Butler cannot overcome the

legitimate, non-discriminatory reason for her removal.

ACCORDINGLY, Defendant Paul H. O'Neill respectfully requests that the Court grant the

instant motion, dismiss Plaintiff's complaint, and grant such other and further relief as the Court

deems just and proper.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____

DANIEL M. CASTILLO
Assistant United States Attorney
State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, TX  78701
(512) 916-5858 / 916-5854 (fax)

ATTORNEYS FOR DEFENDANT

1:00CV00600SS

## CERTIFICATE OF SERVICE

I, DANIEL M. CASTILLO, do hereby certify that a true and correct copy of the above and foregoing **Defendant's Motion for Summary Judgment** has been served by placing same in the United States mail, Certified Return Receipt Requested postage prepaid, on this the ___ day of July, 2002, addressed to:

*Attorney for Plaintiff:*
Donna Hall Keith, Esq.
700 San Antonio St.
Austin, TX  78701

_____
DANIEL M. CASTILLO
Assistant United States Attorney

MICHAEL LYNN SALYARDS
THOMAS F. THEIS
ROBERT L. PITMAN - AUSA

10

**EXHIBIT 2**

CIVIL ACTION 1:00CV00600SS
DOCUMENT 30, FILED 7/12/2002
AUSA ROBERT L. PITMAN, REPRESENTING IRS, ET. AL.
HIDDEN CAMERA IN THE WORKPLACE AT IRS
AUSTIN, TEXAS
HIDDEN CAMERA EVIDENCE USED TO DEFEAT BUTLER
HIDDEN CAMERA EVIDENCE PRODUCED AND DIRECTED BY
THOMAS J. THEIS
IRS-HR – LABOR RELATIONS SUPERVISOR TO BUTLER
NO NTEU AGREEMENT THAT WOULD ALLOW A HIDDEN CAMERA
IN THE WORKPLACE AT IRS
AUSTIN, TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

*FREDIA BUTLER,*
**Plaintiff,**

v.                                          Civil Action No. A-00-CA-600-SS

*INTERNAL REVENUE SERVICE*
**Defendant,**

DOCUMENT 30

## APPENDIX TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. UNDISPUTED FACTS

For purposes of this motion, the following facts are undisputed:

**A.    Butler's Employment History.**

Plaintiff Fredia Butler ("Butler"), an African-American female, was employed as a tax examining clerk for the Tele-TIN Unit of the Internal Revenue Service in Austin, Texas between December 1982 and June 1998. (Pl's Compl. at ¶ 2; Order of 5/20/02 at 1).

**B.    The Investigation.**

On September 4, 1997, Michael Wright ("Wright"), a work leader in Butler's section, found what he considered to be an inappropriate folder in the stripping basket (*i.e.* destined for disposal/destruction). (Arbitrator's Award at 9). At the time, the section's manager, Thomas J. Theis ("Theis"), was out on personal leave. (Arbitrator's Award at 9). Wright brought the finding to the attention of Theis' supervisor, Maureen Varnado ("Varnado"). (Arbitrator's Award at 9).

On September 5, 1997, Theis discovered another suspicious folder in the stripping basket that he was able to determined belonged to a tax examining clerk, Charlotte Jones. (Arbitrator's Award at 10). At the direction of Theis' second-line supervisor, Karen Landry ("Landry"), Theis and Varnado devised a system to follow the assigned work of Ms. Jones through the unit.

(Arbitrator's Award at 10-11). Their system not only confirmed Ms. Jones' continued improper disposal of unworked assignments, but also indicated that others participated in this practice, such as Patricia Johns. (Arbitrator's Award at 11-12).

A more detailed (and objective) system was established to trace work assignments through the unit. (Arbitrator's Award at 12-14). In observing this system, Butler's assigned work appeared in the stripping basket without having been worked. (Arbitrator's Award at 15-17).

## C.    Butler's Removal.

On April 3, 1998, Butler received a notice of proposed removal.  The letter provided two reasons for the proposed action and 38 specifications, or specific examples in support of the two reasons.  (Arbitrator's Award at 18-27).  On May 28, 1998, Butler provided an oral reply in opposition to her proposed removal.  (Arbitrator's Award at 27; Oral Reply at 1). Butler's union representative, Jan Smith ( a chief steward) provided the oral reply on Butler's behalf.

On June 12, 1998, the deciding official (Thomas H. Dega) informed Butler that the proposed removal would be sustained.  (Arbitrator's Award at 27).  Butler was removed from Federal service effective June 16, 1998.

## D.    Butler's Grievance and Arbitration.

Pursuant to the union's grievance procedure negotiated with the agency, Butler grieved her removal. (Pl's Am. Compl. at ¶ 3; Order of 5/20/02 at 1).  On June 24, 1998, the National Treasury Employees Union invoked the arbitration process to challenge Butler's removal after she received the agency's response to her grievance at the last step of the grievance process on or about June 12, 1998.

The parties selected the arbitrator, Don B. Hays ("the Arbitrator"), to preside over the arbitration hearing. Butler was represented by counsel, Gretchen Paulig, at the hearing. The hearing

was conducted over five days: January 6, 7, 8, 27, and 28, 1999. Twenty witnesses were called to testify during the hearing, including Butler.

On February 2, 2000, the Arbitrator sustained the Secretary's decision to remove Butler and found that she had failed to properly raise her discrimination claims under the terms of the collective bargaining agreement. (*See* Pl's. Am. Compl. at ¶ 3; Order of 5/20/02 at 1). Stated simply, the Arbitrator did not believe that the discovery of unworked cases assigned to Butler by her supervisor was due to inadvertence. Instead, after a review of an extensive factual record, the Arbitrator concluded that Butler had intentionally disposed of work assigned to her in an effort to boost her quality review ratings and to reduce her workload. (Arbitrator's Award at 40). The Arbitrator ultimately found that Butler's removal was "for such cause as [would] promote the efficiency of the [Defendant's] service." (Arbitrator's Award at 50).

## E.    Butler's Appeal to the MSPB.

Butler then sought review of the arbitrator's award by the Merit Systems Protection Board ("MSPB") under 5 C.F.R. § 1201.3(c)(3). In her request for review, she argued that the agency had not proven its charges against her, that she lacked the necessary intent to defraud the agency, that the agency had not properly considered mitigating factors in deciding to remove her, and that the arbitrator had erred in failing to consider her allegations of sex and race discrimination.

On August 29, 2000, the MSPB issued its opinion and order concerning Butler's request for review. (Pl's. Compl. at ¶ 3 ; Order of 5/20/02 at 1). The MSPB first stated the relevant standard of review in assessing the arbitrator's award and, in upholding Butler's removal, found that the Arbitrator did not err as a matter of law in interpreting civil service law, rule, or regulation. The MSPB also stated that the Arbitrator "thoroughly discussed the circumstances surrounding the agency's charges, recognized the applicable burden of proof, and appropriately found that the

agency met its burden of proving the charges." (MSPB Opinion and Order at 3). The MSPB also stated that the Arbitrator did not err as a matter of law in interpreting civil service law, rule, or regulation in assessing whether the agency had imposed a reasonable penalty upon Butler for the proven misconduct at issue in the arbitration hearing. (MSPB Opinion and Order at 3). Finally, the MSPB reviewed Butler's discrimination claims but found that she failed to show that she was treated any differently than the other employees charged with improperly disposing of work. (MSPB Opinion and Order at 5-6; Order of 10/30/00 at 3, 7).

F.    **Butler's Lawsuit.**

On September 14, 2000, Butler submitted her Title VII complaint to this Court proceeding *pro se* and *in forma pauperis*. (*See* Order of 10/30/00 at 4 (granting leave to proceed *ifp*). In her *pro se* complaint, Butler also attempted to sue the attorney who represented the agency during the administrative process:   Michael Salyards.  The Court dismissed Mr. Salyards from the lawsuit. (Order of 4/23/01 at 5).

In February 2002, Butler retained counsel to represent her in this lawsuit. (*See* Application for Admission *Pro Hac Vice* of 2/7/02). Butler then submitted an amended complaint on April 12, 2002.

## II.   EXHIBITS

In support of the instant motion, the defendant attaches the following:   a certified copy of the MSPB's administrative record concerning Butler's appeal (MSPB #CB-7121-00-0012-V-1).

The administrative record consists of 6 spiral-bound volumes. Volumes 1-5 contain the hearing transcript of the arbitration proceeding conducted in January 1999. Volume 6 contains

*ADMINISTRATIVE RECORD CONSISTS OF FALSE EVIDENCE AND FACTS UNLAWFULL OBTAINED*

documents relating to Butler's appeal of the Arbitrator's award.  For example, Volume 6 contains

the following documents:

- The Agency's Notice of Proposed Adverse Action (4/2/98),

- A Transcript of Butler's Oral Reply (5/28/98),

- The Agency's Notice of Removal (6/12/98),

- Butler's Post-Hearing Brief [also submitted with her Original Complaint],

- The Arbitrator's Award (2/2/00),

- Butler's Appeal of the Arbitrator's Award (2/25/00) [also submitted with her Original Complaint],

- The Agency's Response to Butler's Request for Review (4/7/00), and

- The MSPB's Opinion and Order (8/29/00) [also submitted with her Original Complaint].

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED
## AND CONTAINED IN EXHIBIT FOLDER

Civil Case No.        A:00CA600-SS

Fredia Butler

VS.

IRS

Attachments to
Document #:        *30*

Description:        Defendant's Motion for Summary Judgment

Filed By:          Daniel Castillo

File Date:          7/12/02

EXHIBITS
3 THROUGH 11
ARE COMMENTARYTO
THE RELATIONSHIP OF
FREDIA BUTLER'S
CIVIL ACTION 1:00CV00600SS
TO MICHAEL L. BUESGENS
CIVIL ACTIONS, ET.AL.

**EXHIBIT 3**

JAN SMITH, NTEU PRESIDENT
REPRESENTED FREDIA BUTLER
NTEU – CHAPTER 72
AUSTIN, TEXAS

**EXHIBIT 4**

GRETCHEN PAULIG, NTEU ATTORNEY
REPRESENTED BUTLER BEFORE ARBITRATOR DON B. HAYS

**EXHIBIT 5**

THE HIDDEN CAMERA EVIDENCE ISSUE WAS NEVER RAISED,
SAYS DON B. HAYS

**EXHIBIT 6**

NTEU IN COLLUSION WITH IRS – CRIMINAL CONDUCT

**EXHIBIT 7**

SAME THING WITH PLAINTIFF BUESGENS

**EXHIBIT 8**

EEOC CASE NO. 03-2339
NEVER PRESENTED
NO DISCOVERY
NO WITNESSES

**EXHIBIT 9**

THEN COMBINE EEO NO. 03-2339 WITH
TWO OTHER INSIGNIFICANT CASES
AND LEAVE OUT THE MAIN CASE
EEO NO. 03-2339

**EXHIBIT 10**

THEN SCHEDULE A TELEPHONE HEARING
EEOC NO. 360-2003-8286X

**EXHIBIT 11**

WHERE DONALD RAY TAWNEY, JR., IN
BANKRUPTCY CASE 06-11164FRM AND
ADVERSARY CASE 07-10008FRM
IS A WITNESS AGAINST BUESGENS

**EXHIBIT 12**

NTEU LETTER DATED
NOVEMBER 9, 2006,
TO
NTEU MEMBER MICHAEL L. BUESGENS



# NTEU
### The National Treasury Employees Union

November 9, 2006

CERTIFIED MAIL

Michael L. Buesgens
3112 Windsor Road
#A322
Austin, TX  78703

        Re:  <u>Buesgens v. United States, 06-1558 (D.D.C.)</u>

Dear Mr. Buesgens:

        On November 2, we received several boxes of documents from you along with a notice stating that you were "appointing NTEU custodian of these large amount [sic] documents for trial preparation at their Washington, DC litigation office."  These documents relate to various cases that you have brought in Texas and Washington, DC.  You mailed these documents without first asking NTEU if it was willing to serve as your "custodian."  As explained below, NTEU and its attorneys are unable and unwilling to act as custodian of your documents in any current or future proceeding.

        You have filed several causes of action against NTEU, most recently in the above-captioned pending matter.  It is, therefore, improper for NTEU and any of the attorneys or its staff who represent NTEU to act as custodian of your documents.  Further, NTEU and its attorneys have no obligation to maintain your documents and refuse to do so.

        We will return the boxes of documents that you sent to NTEU under separate cover.  Be advised that we will not pay the expenses of returning to you any documents that we receive in the future.

                                    Sincerely,

                                    Julie M. Wilson
                                    Assistant Counsel

BOKELMAN-SCHNEIDER-ATKIN-PAULIG

**EXHIBIT 13**

NTEU MOTION OF DEFENDANTS
RUSSELL BOKELMAN
GRETCHEN PAULIG, ATTORNEY
BARBARA A. ATKIN, ATTORNEY
DENNIS SCHNEIDER, ATTORNEY
COLLEEN M. KELLY, PRESIDENT
JULIE A. WILSON, ATTORNEY
TO DISMISS CLAIMS AGAINST THEM UNDER RULE 4(m)
IN
CIVIL NO. 1:06CV01964RBW
DOCUMENT 10
FILED: 3/16/2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS,          )
                          )
    Plaintiff,  )
                          )
  v.                    )    Case No. 1:06cv1964
                          )    Judge: Reggie B. Walton
CHARLES E. BROWN, <u>et al</u>.   )
                          )
  and                   )
                          )
BARBARA A. ATKIN,             )
                          )
  and                   )
                          )
DENNIS SCHNEIDER,             )
                          )
    Defendants.  )
_____)

## MOTION OF DEFENDANTS ATKIN AND SCHNEIDER
## TO DISMISS CLAIMS AGAINST THEM UNDER RULE 4(m)

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendants Barbara A. Atkin, Deputy General Counsel of the National Treasury Employees Union (NTEU), and Dennis Schneider, National Counsel of the NTEU, respectfully request the Court to dismiss the claims filed against them in the above-captioned case. As set forth in defendants' memorandum in support of this motion, plaintiff Michael L. Buesgens has failed to serve defendants Atkin and Schneider with a summons and a complaint. Accordingly, the Court lacks jurisdiction over these defendants, and the claims against them must be dismissed.

Respectfully submitted,


_/s/_ RUSSELL BOKELMAN

GREGORY O'DUDEN
General Counsel
Bar No. 254862


_/s/_ GRETCHEN PAULIG

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


_/s/_ IAN SMITH

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946


National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500


Counsel for defendants Atkin and
  Schneider

DENNIS SCHNEIDER
BARBARA A. ATKIN
COLLEEN M. KELLEY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS,                    )
                                                    )
           Plaintiff,                    )
                                                     )
    v.                                  )     Case No. 1:06cv1964
                                                   )     Judge: Reggie B. Walton
CHARLES E. BROWN, <u>et al</u>.            )
                                                   )
    and                                 )
                                                   )
BARBARA A. ATKIN,                       )
                                                   )
    and                                 )
                                                   )
DENNIS SCHNEIDER,                       )
                                                   )
           Defendants.                   )
_____)

### MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS ATKIN AND SCHNEIDER TO DISMISS CLAIMS AGAINST THEM UNDER RULE 4(m)

Pursuant to Fed. R. Civ. P. 4(m), Barbara A. Atkin, Deputy General Counsel of the National Treasury Employees Union (NTEU), and Dennis Schneider, National Counsel of NTEU, have filed a motion to dismiss the claims filed against them in the above-captioned case. This memorandum is submitted in support of that motion.

### BACKGROUND

On or about November 15, 2006, plaintiff Michael L. Buesgens filed a complaint in this Court, in which he named thirty-five individuals and firms as defendants, including Atkin and Schneider. Docket No. 1. Forty-four summonses were issued.

To date, however, only one defendant, Charles E. Brown, has been served with process. Id. at 6. According to court records, none of the other listed defendants has been served with a summons or complaint.

On or about January 10, 2007, Buesgens filed a motion with the Judicial Panel on Multidistrict Litigation, seeking to consolidate two cases that he filed in the Western District of Texas with the above-captioned case. In a February 20, 2007 notice to the Panel, NTEU counsel Julie M. Wilson informed the Panel that, because neither Atkin nor Schneider had been served process in the instant case, they were not parties in any case properly before the Panel.[1]  See Attachment A.  Buesgens was served a copy of that notice. Plaintiff Buesgens has, therefore, been on notice that Atkin and Schneider have not been properly served process since at least February 20.[2]

*1:05CV02334RCL*

*1:06CV01558RCL*

[1]    It is undisputed that Atkin and Schneider are not parties in the Texas cases.

[2]    This is plaintiff Buesgens's third complaint in the District Court for the District of Columbia.  There is, accordingly, little doubt that he is familiar with the rules requiring service of process.  See, e.g., Buesgens v. Coates, 435 F. Supp. 2d 1 (D.D.C. 2006) (dismissed with regard to all claims against NTEU and remaining claims against the federal government transferred to the Western District of Texas); Buesgens v. United States, D.D.C. Case No. 06-1558 (decision issued Nov. 13, 2006) (claims against NTEU dismissed on the basis of collateral estoppel with claims against the government again transferred to Texas).

4

Defendants Atkin and Schneider have not previously appeared in this case. Nor have they filed an answer or other responsive pleading. *BOKELMAN - ATKIN - SCHNEIDER PAULIG*

## ARGUMENT

**BUESGENS FAILED TO SERVE DEFENDANTS ATKIN AND SCHNEIDER IN ACCORDANCE WITH RULE 4 AND, THEREFORE, THIS CASE MUST BE DISMISSED**

Federal Rule of Civil Procedure 4 requires a plaintiff to serve a summons and a copy of the complaint on each defendant within 120 days of the date that the complaint was filed. See Rule 4(c)(1) & (m). Pursuant to Rule 4(m) the Court must dismiss the complaint against defendants who are not served within the applicable 120-day time period and for which circumstances do not justify granting additional time for service.

The application of Rule 4(m) in this case requires the Court to dismiss the complaint against defendants Barbara Atkin and Dennis Schneider. Because Buesgens filed his complaint on November 15, 2006, the deadline for serving defendants was March 15, 2007. It is undisputed that Buesgens has not served a summons and complaint on Atkin and Schneider within the 120-day period required under Rule 4(m).[3] See Docket No. 9. Buesgens

---

[3]   It is well-established that actual notice of the complaint, without proper service of process, is insufficient to give the Court personal jurisdiction over a defendant. See also Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991) (citing Way v. Mueller Brass Co., 840 F.2d 303, 306

also has not requested Atkin or Schneider to waive service. The
Court must, therefore, dismiss the complaint against Atkin and
Schneider unless Buesgens can establish "good cause" for failing
to timely effect service of process. As we demonstrate below,
Buesgens can make no such showing.

Under a Rule 4(m) analysis, the plaintiff bears the burden
of showing good cause. Habib v. GMC, 15 F.3d 72, 73 (6th Cir.
1994). To demonstrate good cause, courts have held that a
plaintiff must show that he made a reasonable and diligent
effort to effect service. Friedman v. Estate of Presser, 929
F.2d 1151, 1157 (6th Cir. 1991); Ghana v. Roberts, 49 F.3d 728,
(9th Cir. 1994); Umbenhauer v. Woog, 969 F.2d 25, 31 (3d Cir.
1992); Colasante v. Wells Fargo Corp., 211 F.R.D. 555 (S.D. Iowa
2002).

In the instant case, Buesgens cannot show good cause in
light of his failure even to attempt service on defendants Atkin
and Schneider within the time period. As noted above, this is
Buesgens's third complaint before the Court. He is, therefore,
familiar with Rule 4's requirements. Moreover, Buesgens was
notified on February 20, 2007, that he had not properly served
Atkin or Schneider, and that, consequently, Atkin and Schneider
were not proper parties in this case. Attachment A.

_____

(5th Cir. 1998); Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir.
1982)).

6

Accordingly, Buesgens has failed to show good cause for his failure to serve Atkin and Schneider within the 120-day period under Rule 4, and his claims against them should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants Barbara A. Atkin and Dennis Schneider respectfully request that the Court dismiss all of Buesgens's claims against them.

Respectfully submitted,

_/s/_ RUSSELL BOKELMAN

GREGORY O'DUDEN
General Counsel
Bar No. 254862

_/s/_ EEO# 03-2339

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

EEO # 360-2003-82864

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendants Atkin and
  Schneider

NTEU

GRETCHEN PAULIG - ATTORNEY
1:00CV00600 SS

7

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS,                          )
                                              )
       Plaintiff,                         )
                                              )
    v.                                        )     Case No. 1:06cv1964
                                              )     Judge: Reggie B. Walton
CHARLES E. BROWN, <u>et al</u>.               )
                                              )
    and                                       )
                                              )
BARBARA A. ATKIN,                             )
                                              )
    and                                       )
                                              )
DENNIS SCHNEIDER,                             )
                                              )
       Defendants.                        )
_____    )

### CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be served, by first class mail, a copy of the MOTION OF DEFENDANTS ATKIN AND SCHNEIDER TO DISMISS CLAIMS AGAINST THEM UNDER RULE 4(m); the MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS ATKIN AND SCHNEIDER TO DISMISS CLAIMS AGAINST THEM UNDER RULE 4(m); and the PROPOSED ORDER on the following persons:

Michael L. Buesgens
3112 Windsor Road
#A 322
Austin, TX 78703

Charles E. Brown
3624 N. Hills Dr.
#B100
Austin, TX 78731


<u>March 16, 2007</u>
Date

                                      _/s/_____
                                       Geri Khan
                                       Legal Assistant

MDL DOCKET NO. 1800

THIS FORM MUST BE RETURNED
TO THE JUDICIAL PANEL NO
LATER THAN **MARCH 12, 2007**

TO:    Clerk of the Panel
       Judicial Panel on Multidistrict Litigation
       One Columbus Circle, NE
       Thurgood Marshall Federal Judiciary Building
       Room G-255, North Lobby
       Washington, DC 20002-8004

## NOTICE OF PRESENTATION OR WAIVER OF ORAL ARGUMENT

——    This is to give notice that the following designated attorney shall PRESENT ORAL ARGUMENT at
       the Panel hearing session on behalf of the designated party/parties. Panel Rule 16.1(e) states that:

       Except for leave of the Panel on a showing of good cause, only those parties to actions
       scheduled for oral argument who have filed a motion or written response to a motion or order
       shall be permitted to appear before the Panel and present oral argument.

       Also note Rule 16.1(f) requiring counsel with like positions to confer prior to the oral
       argument for the purpose of selecting a spokesperson to avoid duplication during oral
       argument.

XXX    This is to give notice that the party/parties noted hereafter will WAIVE ORAL ARGUMENT
       pursuant to Rule 16.1(d).

——    This is to give notice that the party/parties noted hereafter will WAIVE ORAL ARGUMENT IF ALL
       OTHER PARTIES IN THIS MATTER WAIVE ORAL ARGUMENT; otherwise the following
       designated attorney shall present oral argument at the Panel hearing session on behalf of the
       designated party/parties pursuant to Rule 16.1(d).

| 2/20/07 | Julie M. Wilson | *[signature]* |
| Date | Name | Authorized Signature |

Party/Parties Represented, District(s) & Civil Action Number(s) **(list even if waiving):**

       See attached.

Name and Address of Attorney Designated to Present Oral Argument:

       Julie M. Wilson, Assistant Counsel
       National Treasury Employees Union
       1750 H Street NW
       Washington, DC 20006

Telephone No.: 202-572-5500

ORIGINAL ONLY OF ORAL ARGUMENT APPEARANCE NEEDED FOR FILING. *THIS NOTICE MUST BE
SERVED ON ALL OTHER PARTIES IN THE AFFECTED LITIGATION AND A CERTIFICATE OF SERVICE
WITH PANEL SERVICE LIST MUST BE ATTACHED TO THIS ORAL ARGUMENT APPEARANCE.*

                                                          JPML Form 9 (4/01)

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re: Michael L. Buesgens Litigation

MDL No. 1800

<u>WAIVER OF ORAL ARGUMENT</u>

Julie M. Wilson represented Colleen M. Kelley, National President of the National Treasury Employees Union (NTEU), in <u>Buesgens v. United States</u>, 06-1558 (D.D.C.), which was dismissed with regard to all claims against defendant Kelley on May 9, 2006. Accordingly, Kelley is not a party in any matter properly before this Panel.

Barbara A. Atkin and Dennis Schneider, staff attorneys for NTEU, are named as defendants in <u>Buesgens v. Brown</u>, 06-1964 (D.D.C.). As of February 20, 2007, neither Atkin nor Schneider had been served a complaint and summons in that case and, therefore, are not parties in the case. Thus, neither Julie Wilson nor any other attorney in NTEU's Office of General Counsel, is representing any party in any case currently before the Panel.

ATKIN - SCHNEIDER
2003 THROUGH 2008

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re:  Michael L. Buesgens Litigation            MDL No. 1800


## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served, by first class mail, a copy of the ORAL ARGUMENT APPEARANCE FORM on the persons identified on the attached list.


2/21/07
Date

Geri Khan
Geri Khan
Legal Assistant

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Page 1

Docket: 1800 - In re Michael L. Buesgens Litigation

Status: Moot on  / /

Transferee District:          Judge:

Printed on 01/22/2007

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Armbrust, David B.<br>Armbrust R. Brown, LLP<br>100 Congress Avenue<br>Suite #1300<br>Austin, TX 78701-2744 | => Phone: (512) 435-2300<br>Armbrust, David B. |
| Atkins, Barbara A.<br>National Treasury Employees Union<br>1750 H. Street, N.W.<br>Washington, DC 20006 | =><br>Atkin, Barbara A. |
| Bass, Steven Bock<br>Assistant U.S. Attorney<br>816 Congress Avenue, # 1000<br>Austin, TX 78701 | =><br>Bass, Steven Bock |
| Beaver, Chester E.<br>City of Austin Attorney<br>P.O. Box 1546<br>Austin, TX 78767 | =><br>Beaver, Chester E. |
| Brown, IV, Frank B.<br>Armbrust R. Brown, LLP<br>100 Congress Avenue<br>Suite #1300<br>Austin, TX 78701-2744 | => Phone: (512) 435-2300<br>Brown, IV, Frank |
| Buesgens, Michael L.<br>3112 Windsor Road<br>#A322<br>Austin, TX 78703 | => Phone: (512) 339-6005  Fax: (512) 339-6099  Email: MikeBuesgens@hotmail.com<br>Buesgens, Michael L.* |
| Cagle, Gregory S.<br>Armbrust, Brown & Davis Llp<br>100 Congress Avenue<br>Suite 1300<br>Austin, TX 78701 | => Phone: (512) 432-2300<br>Cagle, Gregory S. |
| Carruth, Gerald Conley<br>Assistant U.S. Attorney<br>816 Congress Avenue, # 1000<br>Austin, TX 78701 | =><br>Carruth, Gerald Conley |
| Cruz, Edward<br>Texas Solicitor<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, TX 78711-2548 | =><br>Cruz, Rafael Edward; Cruz, Ted |

*Handwritten annotation:* BARBARA ATKIN NTEU GENERAL COUNSEL EEO 03-2339

*(Panel Attorney Service List for MDL 1,800 Continued)*

Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Florey, Jr., Ben C.**
Law Office Of Ben C. Florey, Jr.
1800 Guadalupe Street
Austin, TX 78701

=> **Phone: (512) 479-8600**
  Florey, Ben Jr.; Herndon, Charles G.

**Harwood, Robert B.**
Equal Employment Opportunity Commission
5410 Fredericksburg Road # 200
San Antonio, TX 78229-3555

=> **Phone: (210) 281-7600  Fax: (210) 281-2522**
  Harwin, Robert B

**Howard, Derek A.**
Howard & Kobelan
100 Congress Avenue
Suite 1720
Austin, TX 78701-4042

=> **Phone: (512) 480-9300**
  Howard, Derek

**Jewett, Dunham**
Crady, Jewett & McCulley, LLP
2727 Allen Parkway
Suite 1700
Houston, TX 77019

=> **Phone: (713) 739-7007  Fax: (713) 739-8403**
  Jewett, Dunham

**Joyner, Guy J.**
Texas Secretary of State
P.O. Box 12079
Austin, TX 78711-2079

=>
  Joyner, Guy J.

**Malinger, Marc Eric**
State Farm Lloyds
Policy # 83-LV-0578-9 Tenants Renters Policy
8900 Amber Glen Blvd
Austin, TX 78729

=>
  Malinger, Marc Eric

**Marmon, Shelley Bush**
Crady, Jewett & McCulley, LLP
2727 Allen Parkway
Suite 1700
Houston, TX 77019

=> **Phone: (713) 739-7007  Fax: (713) 739-8403**
  Armbrust R. Brown, LLP*; Brown, Charles E.*; Crady, Jewett & McCulley, LLP*; Falcon Apartments of Austin I, Inc.*; Goeres, Megan*; GREP General Partner, LLC*; Greystar Management Services, LP*; Marmon, Shelley Bush; Rogers, Mandy*; Wehmeier, Debi*; Wilson-Torres, Amanda*

**Mashburn, Timothy**
Texas Comptroller
P.O. Box 13528
Austin, TX 78711

=>
  Mashburn, Timothy

**McCulley, Hugh Lawrence**
Crady, Jewett & McCulley, LLP
2727 Allen Parkway
Suite 1700
Houston, TX 77019

=> **Phone: (713) 739-7007  Fax: (713) 739-8403**
  McCulley, Hugh Lawrence

*(Panel Attorney Service List for MDL 1,800 Continued)*

Page 3

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Melnik, Karen L.**
U.S. Attorney's Office
555 Fourth Street, NW
Room E4112
Washington, DC 20530

*AUSA*

=> Phone: (202) 307-0338
Abbott, Greg; Auby, Richard R.; Bonilla, Dorienne; Carroll, Mary E.; Collins, Dennis; Commissioner of the Internal Revenue Service; Department of Health & Human Services; Duderstadt, Katye; Estrada, Melinda; Federal Labor Relations Authority; Goodey-Doyle, Angelia; Jackson, Alphonso; Krcha, Mary-Ellen; Leal, Oscar; Leger, Thomas; Medlock, Anna; Melnik, Karen; Palacios, Daniel; Parker, James; Powell, Robert E.; Reyes, Victor; Salyards, Michael; Schanhals, Martha; Session, Nancy; Tawney, Donald R.; Theis, Thomas; United States Office of Special Counsel; United States Postal Service; Vuillermier, Cheryl; Waites, Margaret; Washington, Jr., Charles

**Morgan, Anne**
City of Austin Assistant Attorney
P.O. Box 1546
Austin, TX 78767

=>
Morgan, Anne L.

*MDL 1800*

**Nettles, Jr., Charles R.**
1524 South IH-35
Suite 233
Austin, TX 78704

*BANKRUPTCY ATTORNEY*

=> Phone: (512) 459-3212  Fax: (512) 459-0842  Email: charlesnettles@hotmail.com
Tawney, Donald R.*

*06-11164 FRM*
*07-10008*
*1:07CV00859RBW*
*1:06CV01558RCL*
*FEDERAL TORT CLAIM*

**Petrucci, James**
Federal Labor Relations Authority
Richard Zorn, Solicitor General
1400 K. Street, N.W. # 300
Washington, DC 20424-0001

=>
Petrucci, James J.

**Powell, Michael**
Texas Secretary of State
P.O. Box 12079
Austin, TX 78711-2079

=>
Powell, Michael

**Randall, Jennifer**
Equal Employment Opportunity Commission
5410 Fredericksburg Road # 200
San Antonio, TX 78229-3555

*EEOC ATTORNEY*

=> Phone: (210) 281-7600  Fax: (210) 281-2522
Randall, Jennifer

*03-2339*
*360-2003-82864*

**Ray, Maureen**
State Bar of Texas
P.O. Box 12487
Austin, TX 78711-2487

=>
Ray, Maureen

**Robinson, R. Barry**
Assistant U.S. Attorney
816 Congress Avenue
Suite 1000
Austin, TX 78701

=> Phone: (512) 916-5858  Fax: (512) 916-5854
Coates, Marcia H.*; Dominguez, Cari M.*; George, J. Russell*; James, Kay Coles*; Robinson, R. Barry; Snow, John W.*; United States of America

**Salyards, Michael Lynn**
Department of Treasury Internal Revenue Service
4050 Alpha Road, 7th Floor
Mail Stop 2500 MSRO
Dallas, TX 75244-4203

*MICHAEL LYNN SALYARDS*
*IRS ATTORNEY*

=> Phone: (972) 308-7365
Salyards, Michael

*(Panel Attorney Service List for MDL 1,800 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Schneider, Dennis ✓<br>National Treasury Employees Union<br>1750 H. Street<br>Washington, DC 20006 | ⇒ Schneider, Dennis *NTEU*<br>*EEO # 03-2339*<br>*EEOC 360-2003-8286X* |
| Stanton, Thomas ✓ *Ies*<br>Department of Treasury Internal Revenue Service<br>4050 Alpha Road, 7th Floor<br>Mail Stop 2500.MSRO<br>Dallas, TX 75244-4203 | ⇒ Phone: (972) 308-7365<br>Stanton, Thomas *NTEU*<br>*Dennis Schneider* |
| Tarango, Felix<br>County Attorney<br>P.O. Box 1748<br>Austin, TX 78767 | ⇒ Tarango, Felix |
| Taylor, Judith<br>Equal Employment Opportunity Commission<br>5410 Fredericksburg Road # 200<br>San Antonio, TX 78229-3555 | ⇒ Phone: (210) 281-7600  Fax: (210) 281-2522<br>Taylor, Judith |
| Warren, III, William S.<br>Warren Law Firm<br>1011 Westlake Drive<br>Austin, TX 78746 | ⇒ Phone: (512) 347-8777  Fax: (512) 347-7999<br>Warren Law Firm; Warren, III, William S. |
| Wilson, Julie M. *NTEU*<br>Assistant Counsel<br>National Treasury Employees Union<br>1750 H. Street, N.W.<br>Washington, DC 20006 | ⇒ Phone: (202) 572-5500  Fax: (202) 572-5645<br>Kelley, Colleen M.*<br>*EEO 03-2339*<br>*Russell Bokeland*<br>*Chief Steward*<br>*Chapter 247* |

**EXHIBIT 14**

NTEU MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
TO PROVIDE A MORE DEFINITE STATEMENT
CIVIL NO. 1:05CV02334RCL
DOCUMENT 10
FILED: 1/13/2006

*1:05CV02334RcL*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS        )
                       )
      Plaintiff,     )
                       )
    v.                )    Case No. 1:05CV02334
                       )    Judge: Royce C. Lamberth
MARCIA H. COATES, et al.   )
DIRECTOR,              )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY     )
                       )
    and             )
                       )
COLLEEN M. KELLEY,  **NTEU**   )
NATIONAL PRESIDENT,       )
NATIONAL TREASURY EMPLOYEES UNION )
                       )
      Defendants.    )
                       )

## DEFENDANT KELLEY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, defendant Colleen Kelley (Kelley)

hereby moves this Court to dismiss the claims filed against her

in this civil action.

As shown in the accompanying memorandum, this Court lacks

subject matter jurisdiction over the complaint allegations

against Kelley because the allegations are nothing more than a

charge that Kelley and NTEU breached a duty of fair

representation; the Federal Labor Relations Authority has

exclusive jurisdiction over such claims.

The Court alternatively lacks subject matter jurisdiction over purported claims by Michael L. Buesgens (Buesgens) of discrimination against defendant Kelley because Kelley cannot be properly named as defendant under the Rehabilitation Act and because Buesgens has failed to exhaust the requisite administrative remedies for bringing a discrimination claim. Even if the Court had jurisdiction over Buesgens's purported Title VII retaliation claim, the complaint fails to allege the essential elements of such a claim.

Alternatively, pursuant to Rule 12(e), defendant Kelley moves this Court to require plaintiff Buesgens to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss all of Buesgens's claims against her.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel
Bar No. 254862

*by jmw*

2

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

3

/:05CV02334

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS   )
          )
   Plaintiff,   )
          )
 v.       )  Case No. 1:05CV02334
          )  Judge: Royce C. Lamberth
MARCIA H. COATES, et al.  )
DIRECTOR,      )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY   )
          )
  and      )
          )
COLLEEN M. KELLEY,    )
NATIONAL PRESIDENT,   )
NATIONAL TREASURY EMPLOYEES UNION )
          )
  Defendants.   )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT**

**Summary**

The Court lacks subject matter jurisdiction over claims by

Michael L. Buesgens (Buesgens) against defendant Colleen Kelley

(Kelley).  The allegations in Buesgens's complaint (Pl. Compl.)

are nothing more than a charge that Kelley, as National

President of the National Treasury Employees Union (NTEU),

breached a duty of fair representation.  Under the Civil Service

Reform Act and Supreme Court precedent squarely on point, the

Federal Labor Relations Authority has exclusive jurisdiction

over such a charge and, therefore, this Court is precluded from

exercising jurisdiction over Buesgens's claims.

*1:05CV02334RcL*

Even if plaintiff's claims are not preempted by the Civil Service Reform Act, the purported discrimination claims against defendant Kelley must be dismissed for lack of subject matter jurisdiction. Kelley is not covered by the Rehabilitation Act and plaintiff Buesgens has failed to exhaust the requisite administrative remedies for a claim under Title VII of the Civil Rights Act of 1964 or any other potentially applicable discrimination statutes. Because Buesgens did not file his claims with the appropriate administrative body, this Court lacks subject matter jurisdiction to review his discrimination allegations.

Further, Buesgens has failed to state a Title VII retaliation claim upon which relief can be granted. His allegations of retaliation based on disability are not covered by Title VII. Buesgens's retaliation claims, accordingly, must be dismissed.

Alternatively, even if the Court has jurisdiction over any of Buesgens's claims, the complaint fails to set forth a definite statement of all such claims.

### Background

Plaintiff Buesgens has alleged that he was employed by the Internal Revenue Service (IRS) from October 1990 to March 2005 as a Seasonal Customer Services Representative. Pl. Compl. 14. See also December 6, 2005 Dismissal of Buesgens's ULP Charge by

2

FLRA Regional Director James E. Petucci (attached hereto as Attachment 1).[1]  Buesgens has further alleged that on March 7, 2005, he retired from the IRS because of a medical disability. Id.  While employed at the agency, Buesgens was a member of NTEU.  Pl. Compl. 5.

On January 5, 2005 Buesgens filed an Equal Employment Opportunity (EEO) complaint against the IRS, alleging that the agency had improperly dismissed his previous EEO complaints as untimely filed.  Pl. Compl. 15.  He filed an additional EEO complaint against the IRS in April 2005.  Pl. Compl. 18.

On December 5, 2005, Buesgens filed a complaint in this Court, alleging that defendant Kelley and NTEU "failed to represent [him] fairly under Title VII retaliation provisions." Pl. Compl. 36.  Buesgens then asserts that NTEU engaged in "discriminatory representation" by purportedly 1) negotiating collective bargaining agreements that have the effect of denying him equal opportunities for employment; 2) failing to act affirmatively to prevent IRS from discriminating against EEO complainants generally; 3) failing to process EEO grievances like other grievances; and 4) failing to effectively represent

---

[1]    Courts routinely take judicial notice of prior proceedings in a pending matter.  Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]). Accordingly, defendant Kelley asks this Court to take judicial notice of the FLRA and EEOC documents that are cited and appended to this memorandum.

3

*1:05CV02334RCL*

EEO complainants by permitting the EEO director to discriminate against them.  Pl. Compl. 36-37.  *EEO #03-2339*

### Issues

1.  Whether the Court lacks subject matter jurisdiction over Buesgens's claims for breach of the duty of fair representation over which the Federal Labor Relations Authority has exclusive jurisdiction under the comprehensive labor relations scheme prescribed by the Civil Service Reform Act.

2.  Whether the Court lacks subject matter jurisdiction over Buesgens's discrimination claims under the Rehabilitation Act and Title VII of the Civil Rights Act of 1964 or any other discrimination statute because NTEU may not be sued under the Rehabilitation Act and Buesgens has failed to exhaust his administrative remedies under Title VII or any other discrimination statute.

3.  Whether Buesgens's purported retaliation claims must be dismissed because he has failed to state a claim upon which relief may be granted

4.  In the alternative, whether the Court should grant defendant Kelley's motion for a more definite statement and require Buesgens to file a clear and concise statement of his claims.

4

## Standard of Review

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

The Court may, however, disregard conclusory allegations that are wholly unsupported or contradicted by the plaintiff's factual allegations. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In construing a complaint most favorably for the plaintiff, a court need not give a plaintiff the benefit of every conceivable doubt; rather, a court is required only to draw every reasonable or warranted factual inference in the plaintiff's favor. Id. See also

5

McKinney v. DeBord, 507 F.2d 501, 504 (9th Cir. 1974). Thus,

the same rule that requires the Court to apply "less stringent"

standards to pro se complaints "than [to] formal pleadings

drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972),

also cautions that common sense should prevail in interpreting

the frequently diffuse pleadings of pro se complainants.

McKinney, 507 F.2d at 504. Cf. Logan v. Dep't of Veterans

Affairs, 357 F. Supp. 2d 149, 153 (D.D.C. 2004) (recognizing

that, although pro se pleadings shall be construed liberally by

the court, the pleader must allege a claim that falls within the

court's jurisdiction).

## Argument

I.    **The Court Lacks Subject Matter Jurisdiction over All of
Buesgens's Claims Against Defendant Kelley Because They
Consist of Nothing More than a Claim that NTEU Breached a
Duty of Fair Representation, Which Is Preempted by the
Civil Service Reform Act.**

Buesgens's broad claims and allegations amount to nothing

more than a charge that NTEU breached a duty of fair

representation, a charge that may only be brought before the

Federal Labor Relations Authority (FLRA). See Steadman v.

Governor, U.S. Soldiers' and Airmen's Home, 918 F.2d 963, 966

(D.C. Cir. 1990) (charge alleging that union mishandled

employees' claim by failing to invoke arbitration appears on its

face to be a duty of fair representation claim); Breda v. Scott,

1 F.3d 908, 909 (9th Cir. 1993) (citing Montplaisir v. Leighton,

6

*1:05CV0233YRCL*

875 F.2d 1, 3 (1st Cir. 1989), which found that claim for legal
malpractice against federal sector union's attorneys amounts at
bottom to unfair labor practice allegations).

Title VII of the Civil Service Reform Act, 5 U.S.C.
§§ 7101–7135 (CSRA), commonly known as the Federal Service
Labor-Management Relations Statute, governs all claims arising
from a union's alleged breach of the duty of fair
representation.  A union that is the exclusive representative of
a bargaining unit of federal employees has a duty to represent
all bargaining unit employees in a fair manner, without
discrimination and without regard to union membership.  5 U.S.C.
§ 7114(a)(1).  Any breach of this duty of fair representation
constitutes an unfair labor practice.  5 U.S.C. § 7116(b).  The
duty is breached when the union treats its members differently
on the basis of race or handicap.  See 5 U.S.C. § 7116(b)(4);
Vaca v. Sipes, 386 U.S. 171, 177 & 188 (1967).

The CSRA gives the FLRA exclusive jurisdiction over charges
that a federal sector union breached its duty of fair
representation.  Karahalios v. Nat'l Fed'n of Fed. Employees,
Local 1263, 489 U.S. 527, 529–36 (1989); Abbott v. United
States, 144 F.3d 1, 4–6 (1st Cir. 1998); Steadman, 918 F.2d at
966.  Federal sector union members do not have a private cause
of action against their unions for breaches of the duty of fair
representation.  Steadman, 918 F.2d at 966.  Their only recourse

7

*1:05CV02334 RcL*

is to file an unfair labor practice charge with the FLRA alleging a breach of the duty of fair representation. Id.

Because NTEU is a federal sector union, Buesgens's only means of pursuing his allegations was to bring an unfair labor practice charge before the FLRA, which he has already done once. See Att. 1. Indeed, Buesgens's allegations in his August 11, 2005 unfair labor practice charge against the Union appear to be the factual basis for his claims here that defendant Kelley and NTEU failed "to process EEO complaint grievances on the same basis as they process other grievances." Pl. Compl. 37; Att. 1, at 1 (listing alleged failures by NTEU to provide adequate representation during the processing of Buesgens's EEO complaints).

*NO INVESTIGATION WAS DONE*

After investigating these claims, the FLRA Regional Director for the Dallas Region refused to issue an unfair labor practice complaint on Buesgens's behalf. Att. 1, at 3-4. On December 6, 2005, he dismissed most of the allegations in Buesgens's charge as untimely filed. Id. at 3. He dismissed the remaining allegations because there was no evidence that the Union had deliberately or unjustifiably treated Buesgens differently than other unit employees by refusing to provide him with an attorney "to pursue EEO complaints and related legal actions." Att. 1, at 3-4.

8

In sum, Buesgens's current allegations that defendant
Kelley failed to represent him fairly are nothing more than a
claim that NTEU breached its duty of fair representation.  The
FLRA has exclusive jurisdiction over claims for breaches of a
union's duty of fair representation; there is no other private
right of action to enforce the duty.  This Court, accordingly,
lacks subject matter jurisdiction over all of plaintiff
Buesgens's claims.  <u>Karahalios</u>, 489 U.S. at 531-32.

**II.    Even if All of Buesgens's Claims Were Not Preempted by the
CSRA, the Court Lacks Subject Matter Jurisdiction over
Buesgens's Purported Discrimination Claims.**

**A.    The Court Lacks Jurisdiction over Buesgens's
Rehabilitation Act Claims Because Only a Federal
Agency or Federally Financed Institution May Be Sued
Under 29 U.S.C. § 794.**

The Court lacks subject matter jurisdiction over any
professed Rehabilitation Act claim against defendant Kelley.
The Rehabilitation Act provides a cause of action for
individuals discriminated against on the basis of a disability
by a federal agency or institution receiving federal financial
assistance.  29 U.S.C. § 794.  The Act does not apply to a labor
organization that does not receive federal financial assistance.
<u>Herman v. United Bhd. of Carpenters & Joiners of Am., Local
Union No. 971</u>, 60 F.3d 1375, 1381-83 (9th Cir. 1995).

Federal sector unions have been deemed not to receive
financial assistance.  <u>Lohf v. Runyon</u>, 999 F. Supp 1430, 1441-42

9

(D. Kan. 1998), aff'd, 176 F.3d 488 (10th Cir. 1999). Because
the amended complaint fails to allege that NTEU is a federal
agency or that it receives federal financial assistance, and
could not truthfully do so, neither defendant Kelley nor NTEU
may be sued under the Rehabilitation Act. The Court lacks
subject matter jurisdiction over this claim.

**B.    The Court Lacks Jurisdiction over Any Discrimination
Claims Under Title VII or Other Discrimination
Statutes Because Buesgens Has Failed To Exhaust His
Administrative Remedies.**

In addition, the Court lacks subject matter jurisdiction
over any discrimination claims by Buesgens under Title VII or
any other potentially applicable discrimination statute because
Buesgens has not exhausted his administrative remedies.[2]   It is
well established that before proceeding to federal court on a
discrimination claim, complainants are required by law to
exhaust administrative remedies by filing a timely charge with
the Equal Employment Opportunity Commission (EEOC), or the
appropriate state agency, thereby affording the agency an
opportunity to investigate the charge. See Marshall v. Federal
Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997). Once the
plaintiff has pursued his claim with the administrative agency,

*BUESGENS DROPPED HIS FLRA CLAIM*

[2]    NTEU does not concede that as a labor organization it may
be sued under Title VII. It therefore preserves its right to
argue that NTEU is not a proper defendant to a Title VII claim
by one of its members. NTEU has not briefed this issue because
the Court lacks jurisdiction to hear the claims even if NTEU
were a proper defendant.

he must obtain a right-to-sue letter against the party named in the complaint. Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); see also Williams v. Washington Metropolitan Area Transit Authority, 721 F.2d 1412, 1413 (D.C. Cir. 1983). Only after the plaintiff has obtained this letter may he bring a civil action in federal court. Park, 71 F.3d at 907.

A discrimination suit following an EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (citations and internal quotation marks omitted); Marshall, 130 F.3d at 1098. The D.C. Circuit has recognized that, at a minimum, the substance of a discrimination suit must arise from "the administrative investigation that can reasonably be expected to follow the [administrative] charge of discrimination." Marshall, 130 F.3d at 1098 (citing Park, 71 F.3d at 907).

Buesgens has not filed a timely complaint against defendant Kelley or NTEU before the appropriate administrative agency and obtained the requisite right-to-sue letter with regard to the claims listed in his current complaint. 29 C.F.R. § 1614.105; 42 U.S.C. § 12117. While he filed a charge of discrimination against NTEU with the EEOC on November 18, 2005, the allegations in that charge are not "like or reasonably related to the

11

allegations" contained within Buesgens's complaint before this
Court.   See November 18, 2005 Notice of Charge of Discrimination
(attached hereto as Attachment 2) (principally alleging that
NTEU discriminated against him because of his status as a
seasonal and furloughed employee).   Moreover, even assuming that
the claims were similar in nature, the EEOC has not yet
completed its investigation of Buesgens's allegations and has
issued no right-to-sue letter.   See Wrenn v. Dep't of Veterans
Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990) (allowing a civil
suit after abandonment of administrative claims would be
contrary to the intent and function of the statutory scheme);
Bush v. Engleman, 266 F. Supp. 2d 97, 101 (D.D.C. 2003) (a
plaintiff who abandons the administrative process fails to
satisfy the exhaustion requirement).   Consequently, this Court
lacks subject matter jurisdiction over any potential
discrimination claims in the instant case.

## III. Buesgens's Title VII Retaliation Claims Against Defendant Kelley Must Be Dismissed Because Buesgens Has Not Asserted that He Falls Within a Protected Class.

Buesgens's Title VII retaliation claim must be dismissed
because he has not asserted discrimination based on a protected
class covered by Title VII.   Title VII prohibits discrimination
on the basis of race, color, religion, sex, and national origin.
5 U.S.C. § 2000e-2.   Title VII further prohibits retaliation
against any employee who alleges that an adverse action has been

taken against him because he formally complained about a
discriminatory act based on race, color, religion, sex, or
national origin.  Id. § 2000e-3.  Here, Buesgens has not
protested any agency or union action based on any of the classes
protected under Title VII.  The only claims he has filed have
been based on his disability and his status as a seasonal
employee.  See Att. 2.  Neither disabled employees nor seasonal
employees are protected classes under Title VII.  Therefore,
Buesgens's claims should be dismissed as outside the scope of
Title VII.

**IV.  To the Extent that the Court Does Not Dispose of All Claims
Against Defendant Kelley, the Court Should Order Buesgens
To File a More Definite Statement.**

Further, to the extent that the Court does not dispose of
all the claims against defendant Kelley, Kelley has moved the
Court to grant the alternative motion for a more definite
statement to require Buesgens to comply with the standards for
proper pleading under Rules 8 and 10 of the Federal Rules of
Civil Procedure.  Fed. Rule of Civ. Proc. 12(e).

Rule 8(a)(2) requires that the pleading contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief."  In the same vein, Rule 8(e) requires that
"[e]ach averment of a pleading shall be simple, concise, and
direct."  Finally, Rule 10 requires that "the contents of each
paragraph shall be limited as far as practicable to a statement

13

of a single set of circumstances" and that each claim founded

upon a separate occurrence shall be stated in a separate count

whenever a separation facilitates the clear presentation of the

matter set forth.

The purpose of Rules 8 and 10 is "to simply 'give the

defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests.'" Rochon v. Ashcroft, 319 F. Supp.

2d 23, 29 (D.D.C. 2004) (quoting Swierkiewicz v. Sorema N.A.,

534 U.S. (2002)).  While the rules do not require the plaintiff

to establish the prima facie elements of his case, the courts

will not accept overly broad inferences unsupported by the facts

in the complaint.   Rochon, 319 F. Supp. 2d at 29.

Buesgens's 50-page complaint, with 10 separate exhibits

attached, is not a short and plain statement of the claims

against defendant Kelley.  Although Buesgens is not obliged to

allege all that he must eventually prove, he has failed in this

case to articulate those concrete acts or circumstances where

defendant Kelley allegedly acted in a discriminatory or

retaliatory fashion.  Id.  In short, Buesgens's complaint does

not comply with the requirements of either Rule 8 or Rule 10.

Under these circumstances, the Court should grant Kelley's

motion for a more definite statement of the claims against her.

14

## Conclusion

In conclusion, all of Buesgens's claims are preempted by the Civil Service Reform Act and must be dismissed for lack of subject matter jurisdiction. The Court alternatively lacks subject matter jurisdiction over Buesgens's purported claims of discrimination because defendant Kelley cannot be properly named as defendant under the Rehabilitation Act and because Buesgens has failed to exhaust the requisite administrative remedies for bringing a discrimination claim. Even if the Court had jurisdiction over Buesgens's purported Title VII retaliation claim, the complaint fails to allege the essential elements of such a claim.

Alternatively, if the Court fails to dismiss any of the claims against Kelley, the complaint fails to set forth a definite statement of Buesgens's claims, in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. *OF NTEU*

Respectfully submitted,

*DENNIS SCHNEIDER*

*Gregory O'Duden*
GREGORY O'DUDEN
General Counsel          *by JMW*
Bar No. 254862

*RUSSELL B. KELMAN*
*EEO # 03-2339*

15

1:05CV02334RCL

RUSSELL & KELMAN

L. PAT WYNNS   by JMW
L. PAT WYNNS
Associate General Counsel for
Appellate Litigation
Bar No. 257840

DENNIS SCHNEIDER

JULIE M. WILSON
JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

GRETCHEN PAULIG - NTEU
ATTORNEY
1:00CV00600 SS
ARBITRATOR AWARD

16

*1:05CV02334 RcL*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )        Case No. 1:05CV02334
                                       )        Judge: Royce C. Lamberth
MARCIA H. COATES, <u>et al</u>.        )
DIRECTOR,                              )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                 )
                                       )
            and                        )
                                       )
COLLEEN M. KELLEY,                     )
NATIONAL PRESIDENT,                    )
NATIONAL TREASURY EMPLOYEES UNION      )
                                       )
            Defendants.                )
_____)

## CERTIFICATE OF SERVICE

     I hereby certify that I have caused to be served, by first

class mail, a copy of DEFENDANT KELLEY'S MOTION TO DISMISS, OR

IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT; the

MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS,

OR IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT; and

the PROPOSED ORDER on the following person:

Michael L. Buesgens
500 E. Stassney Lane
Apt. 1023
Austin, TX 78745

<u>1/13/06</u>    **1/13/06**               _Myra Bernard_
Date                                        Myra Bernard
                                            Legal Assistant



**UNITED STATES OF AMERICA**
**FEDERAL LABOR RELATIONS AUTHORITY**
**DALLAS REGION**
A. Maceo Smith Federal Building
525 S. Griffin Street, Suite 926, LB 107
Dallas, Texas
75202-5093
(214)767-6266 (Voice Mail)
(214)767-0156 (Fax)
www.flra.gov

*FLRA*

December 6, 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, Texas 78745

Re:   National Treasury Employees Union
Case No. DA-CO-05-0505

Dear Mr. Buesgens:

This office has investigated the unfair labor practice charge which you filed. I have carefully considered all of the evidence and conclude that issuance of a complaint is not warranted.

The charge alleges that the National Treasury Employees Union (Union) violated Section 7116(b)(1) of the Statute by breaching its duty of fair representation through its refusal to provide you with an attorney to represent you in connection with the processing of Equal Employment Opportunity (EEO) complaints which you filed against the Internal Revenue Service (Activity) in 2002 and 2003; by refusing to provide you with an attorney in connection with a hearing before an Administrative Law Judge (ALJ) on December 16, 2003, regarding those complaints; by refusing to provide you with an attorney in 2004 in regard to your appeal to the Equal Employment Opportunity Commission (EEOC) of the ALJ's dismissal of the complaints and your Request for Reconsideration to the EEOC of the rejection by that agency of your appeal; and by refusing to provide you with an attorney in connection with a civil lawsuit which you filed in Federal District Court in April 2005, regarding the dismissal of your complaints by the ALJ and what you contend is a class action suit. The charge also alleges that the Union violated Section 7116(b)(1) of the Statute by the Union breaching its duty of fair representation through the failure of Union Steward Russell Bokelman to competently represent you in the hearing before the ALJ which took place on December 16, 2003.

Initially, as was noted in the initial opening letter in this case on August 12, 2005, the party who files a charge must fully cooperate in the investigation by providing evidence and information in support of the charge. While you submitted a large number of written documents and positions to this office, you failed or refused to provide requested information and testimonial evidence to the investigating Agent in this case on November 8, 2005, the scheduled date for that interview. At your request, you were provided with a second date for presentation of this information, which

was to be November 21, 2005. Moreover, on November 17, 2005, at my request, Regional Attorney Dye of this office contacted you and discussed the importance of your fully cooperating in the investigation on the scheduled date. On November 21, when contacted by the Agent, you again failed or refused to provide the needed information and testimonial evidence. Based upon this fact, I have concluded that you failed to fully cooperate in the investigative process and the facts relied upon in this decision are those which could be understood from your written submissions only.

As limited by the above, the investigation disclosed that you were employed by the Activity as a GS-8 Seasonal Customer Service Representative from October 1900, to March 7, 2005. The investigation further disclosed that you applied for disability retirement in September 2004, and that you subsequently retired based upon medical disability on March 7, 2005. During the period of time that you were employed with the Activity, you were also a member of the Union. In addition, the evidence obtained in the investigation established that you filed three EEO complaints against the Activity in 2002 and 2003, and that the Union designated Union Steward Michael Bokelman to represent you in the processing of these complaints. The three EEO complaints which you filed were ultimately consolidated at a hearing before Administrative Law Judge Robert Powell on December 16, 2003. Bokelman represented you at the hearing, and Attorney Michael Salyards represented the Activity. You contend that Bokelman did not competently represent you at the hearing in that he did not bring up the fact that you had been continually denied official time, there were no written interrogatories, no production of documents, no depositions, no request for admissions, no stipulations, uncooperative informal discovery, no motions to compel, the Activity's reliance on the Privacy Act was not disputed and there was no response to the Activity's Motion for Summary Judgment. At the conclusion of the hearing the ALJ issued a bench decision in which he dismissed the allegations in the EEO complaints which you had filed. Subsequently, the ALJ issued a written decision in the case on January 21, 2004, in which he reaffirmed his decision to dismiss the allegations in the complaints. You appealed the ALJ's decision to the EEOC, but the appeal was denied on December 29, 2004. Thereafter, you filed a Request for Reconsideration with the EEOC, but this was also denied. The investigation also revealed that you filed additional EEO complaints against the Activity in January 2005, March 2005, and in April 2005, and that you have represented yourself in the processing of these complaints. You assert that you requested that the Union provide you with an attorney to represent you in the processing of your EEO complaints from 2002 through 2005, but the requests were refused. In addition, the evidence establishes that you received a right to sue letter from the EEOC on February 18, 2005, regarding the dismissal of the three EEO complaints which you filed in 2002 and 2003, and on April 29, 2005, you filed a civil lawsuit in Federal District Court regarding those complaints. You also contend that this lawsuit constitutes a class action suit on behalf of other employees who have allegedly been discriminated against by the Activity. You requested that the court appoint an attorney to represent you in your lawsuit against the Activity. However, the request was denied, and you are now appealing that decision in the 5th Circuit Court of Appeals. The investigation further revealed that you sent letters to the Union's Deputy General Counsel, Barbara A. Atkin, on July 11 and 22, 2005, in which you requested that the Union provide you with representation by the

2

Union's attorneys in connection with the proceedings which you had initiated in Federal District Court and the 5th Circuit Court of Appeals. Atkin responded to your letters by informing you in a letter dated July 28, 2005, that the Union's staff attorneys only very rarely provide representation to employees in judicial proceedings because of the limited nature of the Union's resources. Atkin further stated in the letter that the Union must devote its staff time and financial resources to the small number of cases that can have the greatest impact on the membership as a whole. Therefore, Atkin concluded in the letter that from the review of the material which you had provided it did not appear that the issues you faced were appropriate for the Union's involvement.

Based upon the above information, I have determined to dismiss the allegations of this charge. Any charge alleging an unfair labor practice which is based on conduct or events which occurred more than six months before the filing of the charge is untimely under Section 7118(a)(4)(A) of the Statute, unless it is established that the respondent agency or labor organization prevented the person filing the charge from discovering the allegedly unlawful conduct within the six month limitations period by concealment or by failing to perform a duty owed to the Charging Party. Any concealment or failure to perform a duty must have prevented the discovery of the unfair labor practice within six months of its occurrence. *United States Department of Labor,* 20 FLRA 296 (1985). It is concluded in this case that the allegations in the charge which concern events that took place prior to February 11, 2005, are untimely filed since the charge was not filed until August 11, 2005. Furthermore, there is no evidence that the Union prevented you from discovering the alleged unlawful conduct within the six month period by concealing its conduct from you or by failing to perform a duty owed to you. Rather the evidence establishes that you were aware that the Union refused to provide an attorney to represent you in the processing of your EEO complaints as well as any deficiencies on the part of Bokelman in his representation of you in the processing of those complaints at the time that such conduct took place.

As concerns your allegations which were not untimely filed (alleged conduct on or after February 11, 2005) the Authority has determined that, where Union membership is not a factor, as in this case, the standard for determining whether an exclusive representative has breached its duty of fair representation is whether the Union deliberately and unjustifiably treated one or more bargaining unit employees differently from other employees in the unit. The Union's actions must amount to more than mere negligence or ineptitude. The Union must have acted arbitrarily or in bad faith. *National Federation of Federal Employees, Local 1453,* 23 FLRA 686 (1986). In addition, the Authority has determined that the duty of fair representation only applies to matters grounded in the Union's authority to act as exclusive representative. *Fort Bragg Association of Educators, National Education Association, Fort Bragg, North Carolina,* 28 FLRA 908 (1987); *Antilles Consolidated Education Association, (OEA/NEA), San Juan, Puerto Rico,* 36 FLRA 776, 778 (1990); *American Federation of Government Employees, Local 1857, AFL-CIO,* 46 FLRA 904 (1992). In this case, the only timely allegations concern the Union's decision not to provide you with an attorney to pursue EEO complaints and related legal actions. There has been no showing that the Union routinely provides attorneys to employees in such situations or that it was required to do so in its status of exclusive representative for purposes of collective bargaining.

3

Absent a showing that you have been deliberately or unjustifiably treated differently than other unit employees, there is insufficient evidence to establish a breach of the duty of fair representation. Accordingly, further proceedings are not warranted, and I am therefore refusing to issue complaint in this matter.

If you do not agree with my decision, you may file an appeal with the Office of the General Counsel. Your appeal should include the applicable Case Number (DA-CO-05-0505) and be addressed to the:

> Federal Labor Relations Authority
> Office of the General Counsel
> 1400 K Street, NW, Second Floor
> Attn: Appeals
> Washington, D.C. 20424-0001

You may file your appeal by mail or by hand delivery. Whichever method you choose, please note that **the last day for filing an appeal in this case is January 9, 2006.** This means that an appeal that is mailed must be postmarked, or an appeal must be hand delivered, no later than **January 9, 2006. Please send me a copy of your appeal.**

If you need more time to prepare your appeal, you may request an extension of time. Mail or hand deliver your request for an extension of time to the Office of the General Counsel at the address listed above. Because a request for an extension of time must be received at least five days before the date your appeal is due, any request for an extension of time in this case must be received at the above address no later than **January 4, 2006.**

The procedures and time limits for filing an appeal are set forth in the Authority's Regulations at section 2423.10(c) through (e) (Volume 5 of the Code of Regulations). 5 C.F.R. §2423.10(c)-(e). These regulations may be found in any Authority Regional office, public law library, some large general purpose libraries, Federal Personnel Offices, and the Authority's Home Page internet site - www.FLRA.gov. I have also enclosed a document which summarizes commonly-asked questions and answers regarding the Office of the General Counsel's unfair labor practice appeals process.

                              Very truly yours,

                              *James E. Petrucci*

                              James E. Petrucci
                              Regional Director

Enclosure

cc:    Dennis Schneider, National Counsel, National Treasury Employees Union, 3755 South Capital of Texas Highway, Suite 179, Austin, Texas 78704-6600

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 360-2006-00307 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Michael L. Buesgens | (512) 447-7031 | 09/03/1950 |

| Street Address | City, State and ZIP Code |
|---|---|
| 500 East Stassney Ln,, Apt. 1023, Austin, TX 78745 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| National Treasury Employees Union (NTEU) | Unknown 150,000 | (202) 572-5500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1750 H Street NW, Washington D.C. 20006 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☒ OTHER (Specify below.)

Federal Rehabilitation Act of 1973

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-15-2002   Latest: Continuing

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about May 15, 2002, and continuing, the NTEU has not made a formal request that I receive "Official Time" when I was in furlough status for my participation in my EEO complaints, Reasonable Accommodation Requests, grievances, and EEOC hearings against my employer the IRS. I was not informed that Official Time was available to me in accordance with EEOC regulations (29CFR 1614.605). Throughout this time period the NTEU has failed to adequately represent me to protect my legal due process rights. I believe that the NTEU treats me differently because of my employee status being that of a seasonal employee. I believe all seasonal employees are not treated fairly by the NTEU.

I believe that I have been discriminated against because of my disability and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Federal Rehabilitation Act of 1973.

ANDREA RODRIGUEZ
Notary Public, State of Texas
My Commission Expires Aug. 22, 2009

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/19/05   Michael L Buesgens<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>12/19/05 |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MICHAEL L. BUESGENS, PRO SE
PLAINTIFF

**SUMMONS IN A CIVIL CASE**

V.

MARCIA H. COATES, ET AL

COLLEEN M. KELLEY,
NATIONAL PRESIDENT
NATIONAL TREASURY EMPLOYEES
UNION (NTEU)

DEFENDANT

CASE NUMBER 1:05CV02334

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 12/   /2005

TO: (Name and address of Defendant)

COLLEEN M. KELLEY
NATIONAL PRESIDENT
NATIONAL TREASURY EMPLOYEES UNION
1750 H. STREET, NW
WASHINGTON, DC 20006  PRO SE

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF  (name and address)

MICHAEL L. BUESGENS, PRO SE
500 E. STASSNEY
APT 1023
AUSTIN, TEXAS 78745

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON
CLERK

DEC 0 5 2005
DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12/12/05 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| MICHAEL L. BUESGENS | PLAINTIFF - PRO SE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☑  Other (specify): CERTIFIED MAIL POSTAGE PREPAID, RETURN RECEIPT REQUESTED

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12/12/05        *Michael Buesgens*
                Date                Signature of Server

MICHAEL L. BUESGENS, PRO SE
Address of Server
500 E. STASSNEY
APT 1023
AUSTIN, TEXAS 78745

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | UNIT ID: 0130 |
|---|---|---|
| Postage | $ 5.05 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KMMTJT |
| Total Postage & Fees | $ 9.10 | 12/12/05 |

MARCIA H. COATES DIRECTOR EEO
1801 L PENNSYLVANIA AVE #5710
WASHINGTON, DC 20220

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | UNIT ID: 0130 |
|---|---|---|
| Postage | $ 5.05 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KMMTJT |
| Total Postage & Fees | $ 9.10 | 12/12/05 |

COLLEEN KELLEY, PRESIDENT NTEU
1750 H. STREET, NW
WASHINGTON, DC 20006

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | UNIT ID: 0130 |
|---|---|---|
| Postage | $ 5.05 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KMMTJT |
| Total Postage & Fees | $ 9.10 | 12/12/05 |

CARI M. DOMINGUEZ, DIRECTOR
1801 L. ST NW
WASHINGTON, DC 20507

**1**

RECEIVED
12/20/05

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARCIA H. COATES
DIRECTOR - EEO
DEPARTMENT OF TREASURY
ROOM 5110
1750 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X A. Willi   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
A. Williams   12-20-05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7003 0500 0005 0000 5353

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**2**

RECEIVED
12/19/05

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

COLLEEN M. KELLEY
NATIONAL PRESIDENT
NTEU
1750 H. STREET, NW
WASHINGTON, DC 20006

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
T. Davis

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7003 0500 0005 0000 4042

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**EXHIBIT 15**

KELLEY AND NTEU NEED AN EXTENSION OF TIME
CIVIL NO. 1:05CV02334RCL
DOCUMENT 6
FILED: 12/28/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                      )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     Case No. 1:05CV02334
                                         )     Judge: Royce C. Lamberth
MARCIA H. COATES, et al.                 )
DIRECTOR,                                )
OFFICE OF EQUAL OPPORTUNITY PROGRAM)
U.S. DEPT. OF TREASURY                   )
                                         )
      and                                )
                                         )
COLLEEN M. KELLEY,                       )
NATIONAL PRESIDENT,                      )
NATIONAL TREASURY EMPLOYEES UNION   )
                                         )
            Defendants.                  )
_____)

*DOCUMENT 6*
*FILED: 12/28/2006*

### DEFENDANT KELLEY'S MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO PLAINTIFF'S MOTIONS TO JOIN ADDITIONAL PARTY DEFENDANT AND TO FILE FIRST SUPPLEMENTAL COMPLAINT

Defendant Colleen M. Kelley (Kelley), National President of the National Treasury Employees Union, by her undersigned counsel, respectfully moves this Court for an extension of time until March 10, 2006, in which to file an opposition to Plaintiff's motions to join an additional party defendant and to file a first supplemental complaint. In support of this motion, defendant Kelley states as follows:

1.    On February 17, 2006, defendant Kelley received via electronic service and first class mail a copy of the Motion to

Join Additional Party Defendant and Motion to File First
Supplemental Complaint filed by Michael L. Buesgens (Buesgens).
Pursuant to Local Rule 7(b), Kelley's responses to Buesgens's
motions are currently due by February 28, 2006.

    **2.**    Because of her competing work responsibilities, Julie
M. Wilson, the attorney with primary responsibility for this
case, will have insufficient time to prepare defendant Kelley's
responses to Buesgens's motions to join an additional party and
to supplement his complaint.  Since receiving Plaintiff's
motion, Ms. Wilson has had to complete and file an opening brief
in NTEU v. FLRA, No. 05-76783 (9th Cir.) (filed Feb. 17, 2006),
and to draft and file a reply brief in NTEU v. FLRA, No. 05-1230
(D.C. Cir.) (filed Feb. 24, 2006).  Her work in those cases
precluded her from turning to this matter until today.  She,
therefore, requires additional time to prepare an opposition to
Buesgens's motions.

    **3.**    Granting defendant Kelley's request for an extension
until March 10, 2006, will not delay the litigation of this case
or otherwise prejudice Buesgens.  Counsel for the agency
defendants filed their Motion to Dismiss or for Transfer of
Venue today.  Per this Court's Order dated January 13, 2006,
Buesgens has ten days to respond to the Agency's motion.

**4.**    Counsel has been unable to reach Buesgens to find out whether he would stipulate to an extension of time.

Wherefore for the foregoing reasons, counsel for defendant Kelley respectfully requests an extension of time to and including March 10, 2006, in which to file an opposition to Buesgens's motions.

Respectfully submitted,

Gregory O'Duden
General Counsel
Bar No. 254862

L. Pat Wynns
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

Julie M. Wilson
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC  20006
(202) 572-5500

Counsel for defendant Kelley

3

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served Defendant Kelley's Motion for Extension of Time To File an Opposition to Plaintiff's Motions to Join Additional Party Defendant and to File First Supplemental Complaint on the following person by first-class mail on this 27 day of February 2006:

Michael L. Buesgens
500 E. Strassney
Apt. 1023
Austin, Texas 78745

1:05CV02334RCL

Julie M. Wilson
Assistant Counsel

NTEU

**EXHIBIT 16**

KELLEY NEEDS A COLLATERAL ESTOPPEL APPLIED
CIVIL NO. 1:06CV01558RCL
DOCUMENT 5
FILED: 10/04/2006

*1:06CV01558 RCL*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS          )
3112 Windsor Road            )
#A 322                       )
Austin, TX 78703             )
                             )
        Plaintiff,           )
                             )
                             )   Case No. 1:06-CV-1558
                             )   Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al. )
                             )
    and              ✓       )   *FEDERAL TORT*
                             )   *CLAIMS ACT*
COLLEEN M. KELLEY,           )   *FTCA*
NATIONAL PRESIDENT,          )   *FORM SF95*
NATIONAL TREASURY EMPLOYEES UNION )
1750 H Street, NW            )   *MARY*
Washington, DC 20006         )   *ELLAN*
                             )   *KRCHA*
*NTEU-CHAPTER 247*           )   *IRS*
                             )   *TORT*
                             )   *CLAIMS*
                             )   *MANAGER*

## DEFENDANT KELLEY'S MOTION TO DISMISS
## ON THE BASIS OF COLLATERAL ESTOPPEL

        Pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure, defendant Colleen Kelley (Kelley) hereby moves this

Court to dismiss the claims filed against her in this civil

action.

        As shown in the accompanying memorandum, plaintiff Buesgens

raises the same claims in his September 1, 2006 complaint that

he raised in his December 5, 2005 complaint.  This Court

dismissed the prior claims for lack of subject matter

jurisdiction.  Buesgens is thus precluded from now pursuing

those same claims in his current complaint.  Accordingly, the

Court should dismiss Buesgens's current complaint on the basis

of collateral estoppel.

WHEREFORE, defendant Kelley respectfully requests that this

Court dismiss all of Buesgens's claims against her.

DENNIS SCHNEIDER-RUSSELL Bokeumi

Respectfully submitted,

/s/ Gregory O'Duden

_____
GREGORY O'DUDEN
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

_____
L. PAT WYNNS
Associate General Counsel for
   Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

_____
JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

BARBARA A ATKIN

EEO
03-2339

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                     )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )     Case No. 1:06-CV-1558
                                        )     Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.        )
                                        )
    and                                 )
                                        )
COLLEEN M. KELLEY,                      )
NATIONAL PRESIDENT,                     )
NATIONAL TREASURY EMPLOYEES UNION       )
                                        )
            Defendants.                 )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS
## ON THE BASIS OF COLLATERAL ESTOPPEL

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil
Procedure, defendant Colleen M. Kelley (Kelley) hereby submits
this memorandum in support of her motion to dismiss the
complaint in this action, filed pro se by plaintiff Michael L.
Buesgens (Buesgens) on September 1, 2006. Because plaintiff
Buesgens raises the same claims in the current complaint that he
raised in his December 5, 2005 complaint, and this Court
dismissed the prior claims for lack of subject matter
jurisdiction, Buesgens is precluded from pursuing the claims in
his September 1, 2006 complaint. Accordingly, the Court should
dismiss Buesgens's current complaint on the basis of collateral
estoppel.

3

**Background**

On December 5, 2005, plaintiff Buesgens filed a complaint

in this Court against multiple agency defendants and Colleen M.

Kelley, President of the National Treasury Employees Union (NTEU

or Union), alleging, among other things, that defendant Kelley

and NTEU "failed to represent [him] fairly under Title VII

retaliation provisions." Pl. Compl. (dated 12/5/05) at 36.[1]

Buesgens further asserted that NTEU engaged in "discriminatory

representation" by purportedly 1) negotiating collective

bargaining agreements that have the effect of denying him equal

opportunities for employment; 2) failing to act affirmatively to

prevent IRS from discriminating against EEO complainants

generally; 3) failing to process EEO grievances like other

grievances; and 4) failing to effectively represent EEO

complainants by permitting the EEO director to discriminate

against them. Pl. Compl. (dated 12/5/05) at 36-37.

On January 13, 2006, defendant Kelley filed a timely motion

to dismiss the complaint. Kelley argued that the Court lacked

jurisdiction over Buesgens's claims against her because the

allegations were nothing more than a charge that defendant

Kelley and NTEU breached a duty of fair representation, over

---

[1]     Courts routinely take judicial notice of prior proceedings
in a pending matter. Clay v. Equifax, Inc., 762 F.2d 952, 956
(11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]).

4

which the Federal Labor Relations Authority had exclusive
jurisdiction.

In a May 9, 2006 decision, the Court agreed that Buesgens's
claims amounted only to a claim that NTEU breached its duty of
fair representation, and, thus, were claims over which the Court
lacked subject matter jurisdiction.  Therefore, the Court
dismissed the complaint against defendant Kelley in its
entirety.  Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C.
2006).

Plaintiff Buesgens has now filed a second complaint in this
Court against defendant Kelley and NTEU.  In the second
complaint, dated September 1, 2006, Buesgens again asserts that
NTEU failed to represent him and discriminated against him.  Pl.
Compl. (dated 9/1/06) at 17.  Buesgens, however, did not provide
in his September 1, 2006 complaint a background section or other
factual context outlining how these alleged failures occurred.
Rather, on page 48 of that complaint, Buesgens states:  "the
factual allegations did occur and are documented in court
filings and other records."  The only other court filing against
defendant Kelley and NTEU is the December 5, 2005 complaint.
The allegations of which are described above.

5

**Issue**

Whether Buesgens is precluded from relitigating the asserted claims against defendant Kelley because the Court previously determined that it lacked subject matter jurisdiction over those same claims.

**Argument**

## I.    Standard of Review

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

Nevertheless, it is the plaintiff's burden of persuasion to establish the existence of subject matter jurisdiction.

6

Reynolds v. U.S. Capitol Police Board, 357 F. Supp. 2d 2, 8
(D.D.C. 2004). While it is recognized that pro se pleadings
shall be construed liberally by the court, the pleader must
allege a claim that falls within the court's jurisdiction.
Logan v. Dep't of Veterans Affairs, 357 F. Supp. 2d 149,
153 (D.D.C. 2004).

## II.   Buesgens's Claims Against Defendant Kelley Are Barred by the Doctrine of Collateral Estoppel.

### A.   The standards for establishing the application of collateral estoppel

The objective of the doctrine of collateral estoppel (or
issue preclusion) is judicial finality. Yamaha Corp. v. United
States, 961 F.2d 245, 254 (D.C. Cir. 1992). The Supreme Court
has thus emphasized the importance of collateral estoppel: it
fulfills "the purpose for which civil courts had been
established, the conclusive resolution of disputes within their
jurisdiction." Kremer v. Chemical Construction Corp., 456 U.S.
461, 467 n.6 (1982).

Under collateral estoppel, once a court decides an issue of
fact or law necessary to its judgment, that decision precludes
relitigation of the same issue on a different cause of action
between the same parties. Montana v. United States, 440 U.S.
147, 153 (1979). The D.C. Circuit's three standards for
establishing the preclusive effect of a prior holding are:
"First, the same issue now being raised must have been contested

7

by the parties and submitted for judicial determination in the
prior case.  Second, the issue must have been actually and
necessarily determined by a court of competent jurisdiction in
that prior case.  Third, preclusion in the second case must not
work a basic unfairness to the party bound by the first
determination." Yamaha Corp., 961 F.2d at 254 (internal
citations omitted).  With regard to the third prong, the D.C.
Circuit has found that such unfairness would occur "when the
losing party clearly lacked incentive to litigate the point in
the first trial, but the stakes of the second trial are of a
vastly greater magnitude." Id.

     More specifically to this case, the D.C. Circuit has held
that a "party alleging jurisdiction in a second action will be
precluded from relitigating any issue of fact or law determined
against it in the first action which it had the full opportunity
to litigate." GAF Corp. v. United States, 818 F.2d 901, 913
(D.C. Cir. 1987).  Although Rule 41 of the Federal Rules of
Civil Procedure provides that a dismissal for lack of
jurisdiction will not operate as "an adjudication on the
merits," it will preclude relitigation of the precise issues of
jurisdiction leading to the dismissal in the first case.
Reynolds, 357 F. Supp. 2d at 10 (citing GAF Corp., 818 F.2d at
913).  Thus, where the jurisdictional issues were "'actually
litigated,' i.e., contested by the parties and submitted for

8

determination by the court, and then 'actually and necessarily

determined by a court of competent jurisdiction,'" the

plaintiff's claims may be barred by collateral estoppel.    Id.;

McLaughlin v. Bradlee, 803 F.2d 1197, 1201-02 (D.C. Cir. 1986).

**B.   The doctrine of collateral estoppel precludes
relitigation of the same jurisdictional issues that
formed the basis for a previous dismissal**

In his prior complaint, Buesgens made two principal

assertions against defendant Kelley and NTEU.  First, he claimed

that NTEU failed to represent him.  Pl. Comp. (dated 12/5/05) at

36.  Second, he claimed that NTEU engaged in "discriminatory

representation" by purportedly negotiating improper collective

bargaining agreements; failing to prevent IRS from

discriminating against EEO complainants; failing to process EEO

grievances; and failing to effectively represent EEO

complainants.  Id. 36-37.  This Court dismissed all of those

claims.  It concluded that the Court lacked subject matter

jurisdiction over the claims against defendant Kelley and NTEU

because such claims constituted a charge that NTEU breached its

duty of fair representation, for which the Federal Labor

Relations Authority has exclusive jurisdiction.  Buesgens v.

Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).

Buesgens now attempts to relitigate the claims at issue in

his December 5, 2005 complaint.  In almost identical language to

that in his first complaint, Buesgens lists NTEU's alleged

9

failure to represent him and NTEU's alleged discrimination
(presumably against him) as causes of action in his September 1,
2006 complaint. Buesgens undoubtedly had the opportunity to
litigate the asserted claims during the adjudication of his
first complaint. On January 13, 2006, defendant Kelley filed a
motion to dismiss Buesgens's December 5, 2005 complaint;
Buesgens filed an opposition to that motion--totaling 34 pages--
on January 23. See No. 05-cv-2334, doc. no. 22.[2] In addition,
in the context of his December 2005 complaint against defendant
Kelley, plaintiff Buesgens also filed a motion to file a
supplemental complaint (dated Feb. 17, 2006); a motion for
summary judgment (dated Mar. 23, 2006); and a motion for
reconsideration of the Court's May 9, 2006 decision and order
(dated May 17, 2006). Id. at doc. nos. 24, 38 & 56. Buesgens
clearly took advantage of every possible opportunity to litigate
the jurisdictional issue. Thus, because the Court's
jurisdiction over Buesgens's claims was actually and necessarily
decided in the prior case and Buesgens has provided no evidence
that he lacked either the incentive or opportunity to litigate
the issue of jurisdiction in that case, this Court lacks
jurisdiction on the basis of collateral estoppel over plaintiff
Buesgens's current claims.

---

[2]    Defendant Kelley requests that the Court take judicial
notice of the docket sheet in Buesgens's prior case, No. 05-cv-
2334. See fn 1.

Moreover, Buesgens cannot remedy the jurisdictional defect identified in the original complaint, i.e., the Court's lack of subject matter jurisdiction over Buesgens's claims against defendant Kelley and NTEU.  By asserting that the relevant factual allegations are documented in previous court filings (e.g., his first complaint), Buesgens necessarily concedes that his September 1, 2006 claims against defendant Kelley and NTEU are the same as those in his December 5, 2005 complaint.  Pl. Compl. (dated 9/1/05) at 48.  Because it is well established that the Federal Labor Relations Authority has exclusive jurisdiction over those claims, Buesgens is precluded from bringing the claims before any court.  <u>Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263</u>, 489 U.S. 527, 529-36 (1989).

## Conclusion

In conclusion, Buesgens's current claims against defendant
Kelley must be dismissed because plaintiff Buesgens is barred on
the basis of collateral estoppel from asserting claims that were
dismissed by this Court in a prior action.

Respectfully submitted,


/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862


/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
        Plaintiff, )
        )
        )
v. )
        )
UNITED STATES OF AMERICA, et al. )
        )
  and )
        )
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, *NTEU* )
NATIONAL TREASURY EMPLOYEES UNION )

*1:06 CV01558 RCL*

Case No. 1:06-CV-1558
Judge: Royce C. Lamberth

*RUSSELL Bo KELMAN—CHAPTER 247*

### CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be served, by first class mail, a copy of DEFENDANT KELLEY'S MOTION TO DISMISS ON THE BASIS OF COLLATERAL ESTOPPEL; the MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS; and the PROPOSED ORDER on the following person:

Michael L. Buesgeus
3112 Windsor Road
#A 322
Austin, TX 78703

10/04/06

_____
Date

/s/ Geri Khan

_____
Geri Khan
Legal Assistant

13

**EXHIBIT 17**

BOKELMAN, KELLEY, SCHNEIDER, PAULIG, ATKIN, WILSON,
KELLEY, NTEU
RESPOND TO PLAINTIFF BUESGENS'
RESPONSE TO BOKELMAN'S
MOTION TO DISMISS
CIVIL NO. 1:06CV01558RCL
DOCUMENT 7
FILED: 10/18/2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
)
    Plaintiff, )
)
    v. )
)
UNITED STATES OF AMERICA, et al. )
)
    and )
)
COLLEEN M. KELLEY, )
NATIONAL PRESIDENT, )
NATIONAL TREASURY EMPLOYEES UNION )

*1:06CV01558 RCL*

Case No. 1:06-CV-1558
Judge: Royce C. Lamberth

*RUSSELL BOKELMAN-CHAPTER 247-NO SHOW*

## DEFENDANT KELLEY'S REPLY TO BUESGENS'S RESPONSE
## TO HER MOTION TO DISMISS

Defendant Colleen M. Kelley (Kelley), National President of the National Treasury Employees Union, hereby submits this reply to the response to Kelley's motion to dismiss filed by Michael L. Buesgens (Buesgens) on October 18, 2006.

In the memorandum in support of her motion to dismiss, filed on October 4, defendant Kelley demonstrated that all of Buesgens's claims against her must be dismissed on the basis of collateral estoppel. Buesgens does not make any showing to the contrary. Further, to the extent that Buesgens's response to Kelley's motion can be construed as containing a motion for summary judgment under Rule 56 of the Federal Rules of Civil

Procedure, defendant Kelley opposes the motion for the reasons stated in the memorandum in support of her motion to dismiss.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss with prejudice all of Buesgens's claims against her.

Respectfully submitted,

/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS       )
                         )
      Plaintiff,     )
                         )
  v.                  )    Case No. 1:06-CV-1558
                         )    Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.  )
                         )
     and              )
                         )
COLLEEN M. KELLEY,       )
NATIONAL PRESIDENT,      )
NATIONAL TREASURY EMPLOYEES UNION  )
                         )
      Defendants.    )
_____)

### CERTIFICATE OF SERVICE

     I hereby certify that I have caused to be served, by FedEx

mail, a copy of DEFENDANT KELLEY'S REPLY TO BUEGESNS'S RESPONSE

TO HER MOTION TO DISMISS on the following person:

Michael L. Buesgens
3112 Windsor Road
#A 322
Austin, TX 78703


October 18, 2006            /s/ Geri Khan
_____                   _____
Date                       Geri Khan
                             Legal Assistant

**EXHIBIT 18**

IRS OFFICIALS
DONALD RAY TAWNEY, JR.
ANNA S. MEDLOCK
NANCY A. SESSION
CHARLES WASHINGTON, JR., ET. AL.
AUSA
KAREN MELNIK
IRS-GLS-EEO ATTORNEY MICHAEL LYNN SALYARDS'
MOTION TO DISMISS OR SEND TO TEXAS
DOCUMENT 14
FILED: 11/9/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
RUDOLFO LIZCANO )
)          **1:06CV1558RcL**
Plaintiffs, )
)
v. )          Civil Action No: 06-1558 (RCL)
)
UNITED STATES OF AMERICA, et al., )
)
Defendants. )
_____ )

## ENTRY OF APPEARANCE

The Clerk of the Court will please enter the appearance of Assistant United States

Attorney **Karen L. Melnik** as counsel for the federal defendants in the above-entitled case.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

By: _____/s/_____

Karen L. Melnik, D.C. Bar. No. 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W., Rm E-4112
Washington, D.C. 20530
(202) 307-0338

UNSECURED APPEARANCE
BY KAREN MELNIK -AUSA
TO GET THIS PERSONAL
INJURY FORM SF95 TORT
CLAIM TO TEXAS NOW

1:06CV01558 RCL

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that service of the foregoing Defendant's Praecipe has been made

via Electronic Case Filing and/or mail to plaintiff, Mr. Michael Buesgens, 3112 Windsor Road,

Austin, Texas 78703, on November 1, 2006.

FTCA PECSONAL INJURY

_____/s/_____
KAREN L. MELNIK D.C. BAR #436452
Assistant United States Attorney
U.S. Attorney's Office for the     District of
Columbia
Civil Division
555 Fourth Street, N.W. #4112
Washington, D.C. 20530
(202) 307-0338(O)
(202) 514-8780 (Fax)

TORT CLAIM
FORA SF 95
ADMINISTRATIVE CLAIM
MARY-ELLAN KRCHA
IRS-TORT CLAIMS SECRETARY
MICHAEL LYNN SALYARDS
IRS-GLS-EEO-TORT
CLAIM ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS )
RUDOLFO LIZCANO )
 )                        *1:06CV01558Rcl*
Plaintiffs, )
 )
v. )          Civil Action No: 06-1558 (RCL)
 )
UNITED STATES OF AMERICA, et al., )
 )

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS OR FOR TRANSFER OF VENUE**

**I. INTRODUCTION**

In response to Defendants' Motion to Dismiss or for Transfer of Venue ("Defendants'
Motion"), pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and
1406(a), Plaintiffs make the same or similar allegations that are contained in Civil Action No.
05cv2334, which this Court transferred to the Western District of Texas on May 9, 2006. The
only additional claims consist of frivolous accusations of misconduct against the undersigned
Assistant. Since Plaintiffs' Opposition fails to establish that jurisdiction is proper in this District,
their Complaint should be dismissed. In the alternative, this case should be transferred to the
Western District of Texas because the claims arose in that district and because the relevant
employment records and witnesses are located in that district.[1]

*JEFFREY A. TAYLOR – U.S. ATTORNEY*

---

[1] In their Opposition, Plaintiffs fail to respond to Defendants' res judicata argument with
respect to Mr. Lizcano. Further, neither Plaintiffs' Complaint nor their Opposition is signed by
Plaintiff Rudolfo Lizcano, in violation of Fed. R. Civ. P. 11(a). Perhaps Mr. Lizcano smartly
heeded United States District Judge Sparks warning that if he filed another frivolous lawsuit, the
Court would impose sanctions. See Exhibit 6 to Defendants' Motion at 3. The Defendants
respectfully suggest that this Court give Mr. Buesgens the same warning.

*KAREN MELNIK – AUSA*

## II. LEGAL STANDARDS

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. In connection with this rule, defendants have submitted herewith materials from plaintiff's cases before the Western District of Texas and a declaration concerning venue.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Court must resolve all factual

doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences. *See* EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in Plaintiff's favor. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276. Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts. Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. ARGUMENT   *EEO # 03-2*

Plaintiffs do not challenge the Federal Defendants' argument, explained in both their motion in this case as well as in Civil Action No. 05cv2334, that Mr. Buesgens's Title VII claims arise from the same set of facts as the lawsuits he has filed in the Western District of Texas, and contain the same allegations as the lawsuit that this Court previously transferred to the Western District. Specifically, Mr. Buesgens's Texas Amended Complaint alleges that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before the EEOC judges is not neutral and is biased toward the agency. The United States Court of Appeals for the District of Columbia Circuit noted that: "separate parallel proceedings have been long

*EEOC NO. 360 -2003 -82864*

recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d

346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626

(D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the

wasteful expenditure of energy and money incidental to separate litigation of identical issues

should be avoided")). Where two actions involving the same parties and identical issues are

pending in different federal district courts, the United States Supreme Court has stated that the

"general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v.

United States, 424 U.S. 800, 817 (1976) (citations omitted).

✔     That is exactly the situation here. The Court should dismiss this case in order to avoid the

unnecessary time and expense of litigating the same claim between the same parties in two

different districts. In addition, dismissal would prevent the potential that juries may reach

inconsistent results if the claims proceed in two separate cases. The Court may, in its discretion,

dismiss a case that is also raised in another proceeding. Handy, 325 F.3d at 350-51.

In addition, Plaintiffs have failed to challenge Defendants' argument that the essence of

Plaintiff Buesgens's allegations is his dissatisfaction with the EEO and/or MSPB processes in

Texas. An alleged failure to process an EEO claim properly is not actionable under Title VII.

Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling

of EEO complaint is not an adverse action); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C.

1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if

errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102

(D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132

(D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an

- 4 -

independent cause of action for the mishandling of an employee's discrimination complaints."),

aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992).

Plaintiffs' only available relief relating to their underlying discrimination and retaliation claims is to file a complaint in the Western District of Texas (which they did) seeking a trial de novo, as Title VII does not permit Plaintiffs to challenge the processing of their EEO claims. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and it fails to state a claim for which relief may be granted. Accordingly, this action should be dismissed.

In addition, this case should be transferred to the Western District of Texas because venue is improper. Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the exclusive requirements for venue in Title VII actions. See Stebbins v. State Farm Mut. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but only if defendant "is not found" in any of the three preceding districts). The District of Columbia does not meet any of the four conditions for venue.

First, the alleged unlawful employment practice was not committed in this district. Both Plaintiffs were employed by the Internal Revenue Services in Austin, Texas. See Salyards Decl. at ¶ 2; Exhibit 5 to Defendant's Motion at 2. Second, none of Plaintiff Buesgens's employment records (and presumably none of Plaintiff Lizcano's employment records) are maintained and


MICHAEL LYNN SALYARDS - IRS
ATTORNEY DECLARATION

administered in the District of Columbia. See id. at ¶ 4. Plaintiff Buesgens's relevant

employment records are located in the Western District of Texas. See id. at ¶ 3. In addition, the

relevant management witnesses in this case are located in the Western District of Texas. Id.

Third, as noted above, neither Plaintiff would have worked in this District at the time period

identified in the Complaint. See Salyards Decl. at ¶ 2; Exhibit 5 to Defendants' Motion at 2.

Fourth, Plaintiffs cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to

establish venue here merely because Defendants' principal offices are located in this District.

The statute itself provides that this fourth prong is available only "if the respondent is not found

within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at

1103 ("Only where the putative employer cannot be brought before the court in one of those

districts may the action be filed in the judicial district in which he has 'his principal office.'"). In

the present case, Defendants can be "found" and subject to suit in the Western District of Texas,

where both Plaintiffs worked before they retired. Accordingly, pursuant to 28 U.S.C. § 1406(a),

this case should either be dismissed or, should this Court determine it to serve the interest of

justice, transferred to the Western District of Texas.

     The preceding argument demonstrated that venue is not proper in the District of

Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C.

§ 1406(a). In the alternative, if the Court was to determine that venue is proper here under the

standards set forth in Title VII, this case should nevertheless be transferred to the Western

District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to

transfer a case under three conditions: (1) there is another judicial district in which the action

properly may have been brought; (2) the convenience of the parties and witnesses would be better

served in the alternative district; and (3) transfer is in the interest of justice. <u>See</u> <u>Claasen v.</u>

<u>Brown</u>, No. 94-1018 (GK), 1996 WL 79490, at \*5-6 (D.D.C. Feb. 16, 1996). As explained in

Defendants' Motion at 13-14, each of these conditions is satisfied in the present case.

Lastly, Plaintiffs make unsupported, frivolous allegations of misconduct against the

undersigned Assistant, and request that sanctions be imposed against her.[2] Specifically, Plaintiffs

allege that the undersigned's "negligent misrepresentations and misconduct in Case No.

1:2005cv2334 and Case No. 1:2006cv1550 have caused Buesgens harm." <u>See</u> Plaintiffs'

Opposition at 2. Plaintiffs further allege that the undersigned's "gamesmanship and failures to

disclose have caused multiple new causes of action." <u>See</u> <u>id.</u> This is clearly not a basis for

sanctions against Defendants' counsel. The standard for applying Rule 11 sanctions is very high

in the District of Columbia and certainly is not met in this case. Under Rule 11, a person signing

a pleading certifies among other things that:

> . . . to the best of the person's knowledge, information, and belief .
> . . [the pleading] (1) is not being presented for any improper
> purpose, such as to harass or to cause unnecessary delay or
> needless increase in the cost of litigation; (2) the claims, defenses,
> and other legal contentions therein are warranted by existing law or
> by a nonfrivolous argument for the extension, modification, or
> reversal of existing law . . .; (3) the allegations and other factual
> contentions have evidentiary support [or] are likely to have
> evidentiary support . . .; and (4) the denials of factual contentions
> are warranted on the evidence . . .

(Brackets and ellipses added).

In this Circuit, the test is whether a "reasonable inquiry would have revealed that there is

no basis in law or fact for the asserted claim." <u>Laverne Johnson Reynolds, et al. v. The U.S.</u>

---

[2] Mr. Buesgens previously filed an equally frivolous motion for sanctions against the
undersigned in Civil Action No. 05cv2334.

Capitol Police Board, 357 F.Supp.2d 19, 23 (D.D.C. 2004). Thus, it almost goes without saying that, even if the Court subsequently finds that a party failed to sustain its burden of proof with respect to a contention, this hardly demonstrates a Rule 11 violation. Naegele v. Albers, 355 F.Supp.2d 129, 147 (D.D.C. 2005). A court will not find Rule 11 sanctions based upon "procedural niceties." Rather, it must be "patently clear" that a pleading "had no chance of success under the existing precedents and [that] no reasonable argument [could] be advanced to extend, modify or reverse the law as it stands." Independence Fed. Savings Bank v. Bender, 230 F.R.D. 11, 16-17, 2005 U.S. Dist. LEXIS 16923 (D.D.C. July 19, 2005). Therefore, Rule 11 sanctions, which never are to be "take[n] lightly," are "an extreme punishment for pleadings that frustrate judicial proceedings." Dove v. WMATA, 2005 U.S. Dist. LEXIS 17955 (D.D.C. Aug. 18, 2005) at *7.

Not surprisingly, Rule 11 is to be applied sparingly. It is a "blunt instrument of sanction against individual attorneys . . . to be applied with restraint." Dove, 2005 U.S. Dist. LEXIS 17955 at *7 (emphasis added). Rule 11 "guards against abuses to the judicial process," such as "frivolous and baseless filings that are not well grounded, [are] legally untenable, or brought for the purpose of vexatiously multiplying the proceedings." Id. at *9.

When considering a Rule 11 sanctions motion, the Court may also consider whether the filing was made in "bad faith," as well as whether it was frivolous. See Paul v. FNMA, 697 F.Supp. 547, 550-551 (D.D.C. 1988); LaFrance v. Georgetown Univ. Hosp., 1988 U.S. Dist. LEXIS 17514 at *16 (D.D.C. 1988); Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984) (no Rule 11 sanction imposed where "subjective bad faith" absent); but see, e.g., Laverne Johnson Reynolds, supra, 357 F.Supp.2d at 23 (the test under Rule 11 is "an objective

one"); <u>Eastway Constr. Corp. v. New York</u>, 762 F.2d 243 (2d Cir. 1985)(subjective good faith no longer precludes imposing sanctions under 1983 amendment to Rule 11). Examples of sanctionable conduct where the Court could find bad faith are "dilatory" or "vexatious" tactics to "perpetuate litigation" or cause "needless" or "unnecessary" delay. <u>Paul</u>, <u>supra</u>, 697 F.Supp. at 550-551.

Even if the absence of bad faith is not dispositive in a Rule 11 analysis, there is absolutely *nothing* in the Government's advocacy here that may be sanctionable. The Government's filings are characterizations of on-the-record pleadings and legal arguments that are well within the existing law. <u>See</u> <u>Blair v. U.S. Treasury Dept.</u>, 596 F.Supp. 273, 282 (N.D. Ind. 1984)(Court finds no Rule 11 sanctions where, even though the plaintiffs' arguments did "not prevail," they were not "specious arguments long ago rejected by the courts" or "outrageous arguments."); <u>Cady v. South Suburban College</u>, 310 F.Supp.2d 997, 1001-2 (N.D. Ill. E.D. 2004)(mod. on other grounds 2005 U.S.App. LEXIS 23150 (7th Cir. Ill. Oct. 24, 2005))(Court refuses to apply Rule 11 sanctions <u>simply because it disagrees with "characterizations" in motion to dismiss</u>; this does "not even approach" sanctionable conduct); <u>Tekula v. Bayport-Blue School District</u>, 295 F.Supp.2d 224, 235 (E.D. NY 2003)(Court's denial of several contentions of defendant's motion to dismiss does not provide basis for Rule 11 sanctions). Rather than the Government's filings, each and every one of Plaintiff Buesgens' filings much more resemble sanctionable filings in the District of Columbia.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Western District of Texas.

Respectfully submitted,

_s/_
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_s/_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_s/_ 1:06CV01558RCL
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

TO
R. BARRY ROBINSON
AUSA — TEXAS
IN
TRANSFER
TORT
CLAIM
TO
TEXAS
1:06CV00967LY

- 10 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 9th, 2006, I served a copy of the

foregoing Federal Defendants' Reply in Support of Motion to Dismiss or for Transfer of Venue,

a supporting memorandum, and a proposed Order by first class mail, postage pre-paid, to the

following:

Michael L. Buesgens
3112 Windsor Road
Austin, Texas 78703

*IRS-GLS-EEO ATTORNEY*
*MICHAEL LYNN SALYARDS*

KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

*DECLARATION BY SALYARDS*

**EXHIBIT 19**

IRS-GLS-EEO ATTORNEY MICHAEL LYNN SALYARDS'
PERJURED DECLARATIONS
IN THE FOLLOWING CIVIL ACTIONS:
1:05CV02334RCL
1:06CV01558RCL
1:05CV00243SS

*1:05CV02334CCL*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL L. BUESGENS, ) | |
| Plaintiff, ) | Civil Action No: 05-2334 (RCL) |
| ) | |
| v. ) | |
| ) | |
| MARCIA H. COATES, Director ) | |
| Office of Equal Employment Program ) | |
| U.S. Department of the Treasury, ) | |
| | |
| CART M. DOMINGUES, Chairman, | |
| Equal Employment Opportunity Comm., | |
| | |
| KAY COLES, Director | |
| Office of Personnel Management, ) | |
| ) | |
| JOHN W. SNOW, Secretary ) | |
| U.S. Department of Treasury, ) | |
| ) | |
| J. RUSSELL GEORGE, Inspector General ) | |
| Treasury Inspector General for Tax Admin., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF MICHAEL L. SALYARDS

I, Michael L. Salyards, make the following Declaration in lieu of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware that this Declaration will be filed in the United States District Court for the District of Columbia and that it is the legal equivalent of a statement under oath.

1. I am currently employed by the Department of Treasury, Internal Revenue Service, Office of Chief Counsel, as the Acting Area Counsel for General Legal Services in Dallas, Texas. I have held this position since November 15, 2005.

2. Agency records indicate that Plaintiff Michael L. Buesgens was formerly employed by the Internal Revenue Service, Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. Per Plaintiffs Official Personnel File (OPF) he began his employment with the Internal Revenue Service on October 22, 1990, and worked in Austin, Texas his entire IRS career. Plaintiff retired from the IRS on disability on March 7, 2005.

3. Files related to Plaintiffs employment which would be relevant to the above-captioned complaint are located in IRS offices in Austin, Texas. Plaintiffs Equal Employment Opportunity (EEO) complaints, including reports of investigation, are maintained at the Treasury Complaints Center in Dallas, Texas. Plaintiffs personnel, time and attendance, and medical records are located at various IRS offices in Austin, Texas. All disciplinary and other employment actions affecting Plaintiff were made by IRS employees in Austin, Texas. The IRS Wage & Investment Division, Accounts Management site at which Plaintiff was employed, as well as the IRS Labor Relations function servicing that site, are both located in Austin, Texas.

4. I am aware of no documents relevant to Plaintiffs employment at the Internal Revenue Service that are located in the District of Columbia.

5. On April 5, 2005, Plaintiff filed a complaint in the United States District Court for the Western District of Texas (Austin) (Civil No. 05-CA-243-SS) alleging discrimination on the bases of race, sex, reprisal for EEO activity, and failure to provide accommodation for a mental disability (depression). This complaint followed Plaintiffs litigation of three administrative EEO complaints before the Equal Employment Opportunity Commission that were consolidated for a single hearing on December 16,

2003. EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004 (EEOC Appeal No. 01A44842). A request for reconsideration was also denied on February 18, 2005. Plaintiff thereafter filed in the Western District of Texas. That suit is currently pending.

6. On May 17, 2005, Plaintiff filed an interlocutory appeal to the Fifth Circuit Court of Appeals (Case No. 05-50730) challenging the district court's denial of his request for appointment of counsel and motions to compel discovery. Additionally, on September 7, 2005, Plaintiff filed a separate petition before the Fifth Circuit (Case No. 05-60879) naming the EEOC as a defendant seeking review of the EEOC's administrative decision noted above. The EEOC responded with a Motion to Dismiss For Lack of Subject Matter Jurisdiction on November 4, 2005.

7. On May 31, 2005, Plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before EEOC judges is not neutral and is biased toward the agency. On December 6, 2005, Plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim under the Freedom of Information Act (FOIA) against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

MICHAEL L. SALYARDS
Acting Area Cou sel, General Legal Services
Dallas, Texas

Executed on this 7th day of February 2006.

1:05CV02334RcL
MICHAEL LYNN SALYARDS
PERJURED
DECLARATION
2/7/2006

*1:06CV01558 RCL*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

MICHAEL L. BUESGENS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　Civil Action No: 05-2334 (RCL)
　　　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
MARCIA H. COATES, Director　　　　　　　)
Office of Equal Employment Program　　　　)
U.S. Department of the Treasury,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
CART M. DOMINGUES, Chairman,
Equal Employment Opportunity Comm.,

KAY COLES, Director
Office of Personnel Management,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
JOHN W. SNOW, Secretary　　　　　　　　)
U.S. Department of Treasury,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
J. RUSSELL GEORGE, Inspector General　　)
Treasury Inspector General for Tax Admin.,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendants.　　　　)
　　　　　　　　　　　　　　　　　　　　)

---

## DECLARATION OF MICHAEL L. SALYARDS

I, Michael L. Salyards, make the following Declaration in lieu of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware that this Declaration will be filed in the United States District Court for the District of Columbia and that it is the legal equivalent of a statement under oath.

1. I am currently employed by the Department of Treasury, Internal Revenue Service, Office of Chief Counsel, as the Acting Area Counsel for General Legal Services in Dallas, Texas. I have held this position since November 15, 2005.

2.  Agency records indicate that Plaintiff Michael L. Buesgens was formerly employed by the Internal Revenue Service, Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. Per Plaintiffs Official Personnel File (OPF) he began his employment with the Internal Revenue Service on October 22, 1990, and worked in Austin, Texas his entire IRS career. Plaintiff retired from the IRS on disability on March 7, 2005.

3.  Files related to Plaintiffs employment which would be relevant to the above-captioned complaint are located in IRS offices in Austin, Texas. Plaintiffs Equal Employment Opportunity (EEO) complaints, including reports of investigation, are maintained at the Treasury Complaints Center in Dallas, Texas. Plaintiffs personnel, time and attendance, and medical records are located at various IRS offices in Austin, Texas. All disciplinary and other employment actions affecting Plaintiff were made by IRS employees in Austin, Texas. The IRS Wage & Investment Division, Accounts Management site at which Plaintiff was employed, as well as the IRS Labor Relations function servicing that site, are both located in Austin, Texas.

4.  I am aware of no documents relevant to Plaintiffs employment at the Internal Revenue Service that are located in the District of Columbia.

5.  On April 5, 2005, Plaintiff filed a complaint in the United States District Court for the Western District of Texas (Austin) (Civil No. 05-CA-243-SS) alleging discrimination on the bases of race, sex, reprisal for EEO activity, and failure to provide accommodation for a mental disability (depression). This complaint followed Plaintiffs litigation of three administrative EEO complaints before the Equal Employment Opportunity Commission that were consolidated for a single hearing on December 16,

2003. EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004 (EEOC Appeal No. 01A44842). A request for reconsideration was also denied on February 18, 2005. Plaintiff thereafter filed in the Western District of Texas. That suit is currently pending.

6.  On May 17, 2005, Plaintiff filed an interlocutory appeal to the Fifth Circuit Court of Appeals (Case No. 05-50730) challenging the district court's denial of his request for appointment of counsel and motions to compel discovery. Additionally, on September 7, 2005, Plaintiff filed a separate petition before the Fifth Circuit (Case No. 05-60879) naming the EEOC as a defendant seeking review of the EEOC's administrative decision noted above. The EEOC responded with a Motion to Dismiss For Lack of Subject Matter Jurisdiction on November 4, 2005.

7.  On May 31, 2005, Plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before EEOC judges is not neutral and is biased toward the agency. On December 6, 2005, Plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim under the Freedom of Information Act (FOIA) against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

_(signature)_

MICHAEL L. SAYARDS
Acting Area Cou sel, General Legal Services
Dallas, Texas

Executed on this 7th day of February 2006.

_1:06 CV01558 RcL_

_2/7/2006_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL L. BUESGENS,**<br>**Plaintiff,** | §<br>§<br>§ |
| **v.** | §    Civil Action No. A-05-CA-243-SS |
| | § |
| **HENRY PAULSON,**<br>**Secretary, Department of the Treasury,**<br>**Defendant.** | §<br>§<br>§ |

*DOCUMENT 86-2*
*FILED : 10/10/2006*

## DECLARATION OF MICHAEL SALYARDS

I, Michael Salyards, declare from personal knowledge, in lieu of an affidavit, under 28 U.S.C. § 1746 as follows:

1. I am an Attorney with the General Legal Services, U.S. Department of Treasury, Internal Revenue Service assigned to work this case. I have personal knowledge of this case because I handled it during the administrative phase before the Equal Employment Opportunity Commission.

2. I declare under the penalty of perjury that the documents listed on Defendant's exhibit list, other than the non-EEO Declarations of Donald Tawney, Melissa Gates, Mary Carroll, and Anna Medlock, (Exhibits 15, 26 - 28) that were filed in support of Defendant's Motion for Summary Judgment are true and correct copies of documents contained within the original administrative record, as well as documents contained within Mr. Buesgens' personnel files maintained by the IRS to the best of my knowledge, information and belief.

1:05CV00243SS
10/10/2006

Case 1:05-cv-00243-SS    Document 86-2    Filed 10/10/2006    Page 23 of 23

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON this 10th day of October 2006.

Michael Salyards, Senior Counsel
General Legal Services
U.S. Department of Treasury
Internal Revenue Service
4050 Alpha Rd., 14th Floor
Dallas, TX 75244

**EXHIBIT 20**

R. BARRY ROBINSON, AUSA
CIVIL NO. 1:05CV00243SS
DESIGNATION OF WITNESSES IN
CIVIL ACTION 1:05CV00243SS
DOCUMENT 52
FILED: 7/18/2006

**EXHIBIT 21**

R. BARRY ROBINSON, AUSA
DONALD RAY TAWNEY, JR.
MICHAEL LYNN SALYARDS
MOTION FOR SUMMARY JUDGMENT IN
CIVIL ACTIONS
1:05CV00243SS
EEO NO. 03-2339
EEOC NO. 360-2003-8286X
DOCUMENT 86
FILED: 10/10/2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| *MICHAEL L. BUESGENS,*<br>**Plaintiff,** | §<br>§<br>§ | *1:05CV00243SS* |
| **v.** | §<br>§ | Civil Action No. A-05-CA-243-SS |
| *JOHN W. SNOW,*<br>*Secretary, Department of the Treasury,*<br>**Defendant.** | §<br>§<br>§<br>§ | *DOCUMENT 86*<br>*10/10/06* |

<u>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

NOW COMES Defendant John W. Snow, in his official capacity as the Secretary, Department

of the Treasury, by and through the U.S. Attorney for the Western District of Texas, and files this

Motion for Summary Judgment. In support thereof, the Defendant respectfully offers the following:

## I. <u>INTRODUCTION</u>

Plaintiff Michael L. Buesgens was formerly employed as a Contact Representative with the

Internal Revenue Service (IRS), a seasonal position that involved working on the Customer Service Toll-

Free system. Prior to his disability retirement in March 2005, Plaintiff filed three administrative EEO

complaints that were consolidated before the EEOC into a single hearing. The issues in Plaintiff's EEO

complaints concern events that occurred in the Fall of 2002 and the Spring of 2003. The primary

allegations are reprisal for Plaintiff's prior participation in EEO activity and the agency's failure to

provide reasonable accommodation for his mental disability (Bipolar & depression). The personnel

actions at issue are the Plaintiff's forfeiture of 71 hours of "use or lose" annual leave in January 2003,

and the agencies' denial of his request for job restructuring that would have eliminated an essential duty

of Plaintiff's position (telephone work). *R. BARRY ROBINSON -AUSA*

Defendant contends Plaintiff's case should be dismissed because he fails to state a claim upon

which relief can be granted, fails to establish a *prima facie* case of discrimination, retaliation, or hostile

work environment. *MICHAEL LYNN SALYARDS -IRS*

## II. FACTUAL SUMMARY

See Appendix A.    /: 05CV0024355

## III. STANDARD OF REVIEW

### The Review of Employment Discrimination Claims.

Where only circumstantial evidence of discrimination is offered, plaintiffs must rely on the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, the plaintiff has the initial burden of proving a *prima facie* case by a preponderance of the evidence. *Id*. Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate nondiscriminatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant proffers such a legitimate reason, the burden shifts back to the plaintiff to show that the defendant's reason was merely a pretext for discrimination. *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 138-42, 120 S. Ct. 2097 (2000)). Throughout, the ultimate burden of persuasion remains with the plaintiff. *Reeves*, 530 U.S. at 143.

## IV. LEGAL ARGUMENT

### Plaintiff's First EEO Complaint.

#### Plaintiff fails to establish a *prima facie* case of retaliation.

In Plaintiff's first EEO Complaint, he alleges he was the victim of reprisal for his involvement in prior EEO activity (request for reasonable accommodation), when in October 2002, his request to forfeit and restore 71 hours of use or lose annual leave was denied. (Append., ¶ 18).

To establish a *prima facie* case of retaliation a plaintiff must show that (1) he engaged in protected activity; (2) an adverse employment action was taken against him; and (3) a causal link existed between the protected activity and the adverse employment action. *Fierros v. Tex. Dep't of Health*, 274

2

F.3d 187, 191 (5th Cir. 2001). In June 2006, the Supreme Court broadened the standard of the second prong of the *prima facie* case of retaliation, *i.e.*, what constitutes an "adverse employment action." The *Burlington Northern* Court reasoned that, while the "ultimate employment decision" standard continues to apply to Title VII *discrimination* cases, the standard is not appropriate for Title VII *retaliation* cases.[1]

In the Fifth Circuit, "adverse employment actions" include only "ultimate employment decisions...'such as hiring, granting leave, discharging, promoting, and compensating.'" *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 519 (5th Cir. 2001). For the purpose of this summary judgment motion only, Defendant will concede that Plaintiff meets element one, but Defendant contends that Plaintiff was not subjected to an adverse employment action, and that he is unable to establish a causal link between his participation in prior EEO activity and the forfeiture of his 71 hours of annual leave.

Courts, when dealing with loss of leave issues, have distinguished between a refusal to grant accrued vacation time and merely delaying or restricting when the vacation time may be used. *See Paniagua v. Texas Dep't of Criminal Justice*, 2001 WL 540908 *6 (N.D. Tex.); *Washington v. Veneman*, 2004 WL 170315 *5 (E.D. La.). The courts have noted that employers routinely restrict the timing of employees' vacations based on the needs of the business. They have concluded that such scheduling decisions are closer to depriving an employee of "opportunities" rather than changing the "conditions or privileges of employment." *Id.*

In the present case, the IRS did not deny Plaintiff the opportunity to utilize his vacation leave, rather Plaintiff simply refused to use his leave at a time that was not in violation of the IRS's leave

---

[1]     *Burlington N. & Santa Fe Ry. Co. v. White*, ___ U.S. ___, 126 S.Ct. 2405, 2414 (2006)(holding that "we conclude that Title VII's substantive provision and its anti-retaliation provision are not coterminous. . . . We therefore reject the standards applied in the Court of Appeals that have treated the anti-retaliation provisions as forbidding the same conduct prohibited by the anti-discrimination provision. . . .").

policies. Moreover, Plaintiff fails to establish a causal connection between his protected activity and the loss of his 71 hours of use or lose leave. (Append., ¶¶ 27-31).

Based on the foregoing, Plaintiff fails to establish a *prima facie* case of retaliation. In the alternative, Plaintiff cannot overcome the Agency's legitimate business reasons for not permitting Plaintiff to restore his forfeited leave. (Append., ¶¶ 32-34).

**Plaintiff's Second EEO Complaint.**

**Buesgens fails to state a claim under the Rehabilitation Act.**

The Rehabilitation Act prohibits discrimination against otherwise qualified employees with a disability. 29 U.S.C. § 794(a). Courts reviewing disability discrimination claims use the "straightforward" three-part burden-shifting analysis used in other discrimination cases. *Burciaga v. West*, 996 F. Supp. 628, 634 (W.D. Tx. 1998). The plaintiff-employee must establish a *prima facie* discrimination case. *McDonnell-Douglas v. Green*, 93 S. Ct. 1817 (1973); *Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089 (1981). To do so, he must show that (1) he was an individual with a disability within the meaning of the statute[2]; (2) he was otherwise qualified; and (3) he was adversely treated solely because of his disability. *Burciaga*, 996 F. Supp. at 640; 29 U.S.C. § 794(a). *See also Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993)(requiring plaintiff to show that "he was adversely treated solely because of his handicap") and *Soledad v. United States Dep't of Treasury*, 304 F.3d 500, 504 (5th Cir. 2002) (citing *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997)). The burden of proof for each of these elements lies with the plaintiff. *Chandler*, 2 F.3d at 1390.

If the employee establishes a *prima facie* case, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the action. *Id.* If the employer satisfies this

_____

[2]   See 29 C.F.R. § 1614.203(b)(importing ADA standard into the Rehabilitation Act); 42 U.S.C. § 12102(2)(defining disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.").

burden, the burden then shifts back to the employee, who must prove that the legitimate reasons offered by the employer for the action were not its true reasons, but were a pretext for unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2104-2105 (2000). Plaintiff cannot establish elements two and three of a *prima facie* case. For the purposes of this summary judgment motion only, Defendant will concede that Plaintiff is disabled within the meaning of the Rehabilitation Act because the agency, albeit mistakenly, considered Plaintiff to be disabled[3].

**1. Plaintiff cannot show that he is a qualified person with a disability under the Rehabilitation Act.**

Assuming arguendo that Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act, Plaintiff still cannot establish a *prima facie* disability discrimination case because he was not "otherwise qualified for his position." "The law in this area is crystal clear: an otherwise qualified person is 'one who is able to meet all of the program's requirements in spite of his handicap.'" *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999). Determining whether Plaintiff is otherwise qualified for his job requires a two-part inquiry. First, the Court must determine whether Plaintiff can perform the essential functions of his position. If Plaintiff cannot perform the essential functions of his job, the Court must determine whether any reasonable accommodation would enable Plaintiff to perform those functions. *Burch,* 174 F.3d at 619; *Chandler,* 2 F.3d at 1393-94.

**a. Essential functions of the job.**

---

[3] To qualify for protection as a disabled person, a plaintiff must show that his impairment substantially limits a major life activity. *Toyota v. Williams*, 534 U.S. 185, 195 (2002). Major life activities include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Id.*; 45 C.F.R. § 84.3(j)(2)(ii). "Substantially limited" means "unable to perform a major life activity that the average person in the general population can perform" or "significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j).

5

According to regulations implementing the Americans with Disabilities Act (ADA), which are instructive in Rehabilitation Act cases,[4] "essential functions" means the "fundamental job duties" but does not include the marginal functions of the job. 29 C.F.R. § 1630.2(n)(1) and (2). One of the essential functions of a Contact Representative is to perform toll-free telephone duty. (Append., ¶¶ 16, 38). The summary judgment evidence establishes that Plaintiff was unable to perform the essential duty of telephone contact with taxpayers which, despite the agency's accommodations of eliminating telephone duty for several months or reducing it to four hours per day. (Append., ¶¶ 23, 24, 35, 38, 39, 41-46). In August 2004, Plaintiff submitted paperwork for his disability retirement and in support provided several physician statements supporting his request for disability retirement, indicating his condition had not changed and that his bipolar condition prevented him from fulfilling the critical job element of telephone work. (Id., ¶¶ 47-53).

**b.    Reasonable accommodations.**   *REASSIGNMENT*

Plaintiff has the burden of proving that the IRS could have made a reasonable accommodation to enable him to perform his job. *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 n.4 (5th Cir. 1997). *See also Burciaga*, 996 F. Supp. at 640 (discussing the many cases in which courts have placed the burden of proving reasonable accommodation on the plaintiff). As discussed above, despite the agency's reasonable accommodations, Plaintiff's medical condition continued to deteriorate to a level where his physicians recommended and supported his medical disability retirement request. (*Id.*)

Moreover, the IRS offered Plaintiff the only job available at the time that required no telephone contact with taxpayers, but he declined the offer. (Id., ¶ 38; DEX 28, Gates' Decl.) "[F]or the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997). If an open position

*EEO #03-2339*

---
[4]    *Burciaga*, 996 F. Supp. at 628, 634 n.10 (W.D. Tx. 1998).

exists, Plaintiff must "prove that he is qualified for that position." *Burch*, 174 F.3d at 622. Plaintiff cannot show any vacant GS-8 positions for which he qualified and management was not required to create one. *Chiari v. City of League City*, 920 F.2d 311, 318 (5th Cir. 1991). To the contrary, Plaintiff rejected the GS-4 clerical position, the only available position that would accommodate his medical restrictions[5]. (Append., ¶ 39).

   **b.     Plaintiff cannot show that he was adversely treated solely by his disability.**

   The Rehabilitation Act provides in relevant part "No otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . ." *Soledad*, 304 F.3d at 504. In the case at bar, Plaintiff cannot show that he was adversely treated solely because of his disability. As discussed above, all of Plaintiff's physicians' requests that Plaintiff be excused from telephone duty (or limited) were granted. Plaintiff's request that his Contact Representative job be restructured to eliminate telephone duty was not possible because telephone contact with taxpayers is an essential function of the job. (Append., ¶¶ 23, 24, 35, 37, 38).   *EEO # 03-2337*

   Even after Plaintiff declined the reasonable accommodation of reassignment to a job that required no telephone contact with taxpayers, his supervisors continued to accommodate him until his medical disability retirement in March 2005. (Append., ¶¶ 39-42) There is no evidence that the IRS forced Plaintiff to submit his request for disability retirement. Plaintiff's retirement is presumed to be voluntary, unless he comes forward and introduces evidence to rebut the presumption. *Cf., Gonzalez v. Dep't of Transp.*, 701 F.2d 36, 38 (5th Cir. 1983) (citing *Christie v. United States*, 207 Ct. Cl. 333, 518 F.2d 584, 587 (Ct.Cl.1975)). Plaintiff cannot rebut this presumption. To the contrary, Plaintiffs'

---

   [5] It is noteworthy that when Plaintiff declined the GS-4 Clerk position, he voluntarily wrote in the comments section: "I will contact my doctor and request an appointment to see if I can get a medical release for phone duties." (DEX 27, Tawney July 6, 2003 EEO Decl. ¶ 14, (p. 138)).

physicians fully supported his retirement application. Moreover, Plaintiff submitted a request for reconsideration after his application was initially denied. (Append., ¶¶ 51-53).

### Plaintiff's Third EEO Complaint.

**A.     Plaintiff Fails to Establish a *Prima Facie* Case of Hostile Work Environment or Retaliation.**

The gravamen of Plaintiff's hostile work environment and retaliation claims center around him being counseled for unprofessional conduct with customers on the telephone and the unfounded threat from a co-worker who maintained scissors at her work desk that she used when she knitted during her breaks. (Append. at ¶¶ 56-60). To establish a hostile work environment claim under the Rehabilitation Act, a plaintiff must prove that: (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability;  (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Soledad*, 304 F.3d at 506. *See also Felton v. Polles*, 315 F.3d 470, 484 (5th Cir. 2002). If the alleged harasser is a supervisor with immediate (or successively higher authority), the plaintiff need only satisfy the first four elements. *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 299 (5th Cir. 2001).  For harassment to affect a "term, condition, or privilege of employment" it must be sufficiently pervasive or severe so as to alter the conditions of employment and create an abusive working environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

Factors to consider in determining whether a work environment is hostile or abusive include such things as the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Id.* at 23. These standards for judging hostility are "demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998).

"Properly applied, they will filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.*

In the case at bar, Plaintiff cannot establish elements 2-5 necessary to state a *prima facie* case of a hostile work environment. Defendant submits that as a matter of law none of Plaintiff's allegations, even if they are true, are sufficiently pervasive or severe so as to alter the conditions of employment and do not create an abusive working environment. Personal animosity between employees that is not predicated on a protected characteristic does not establish actionable hostile work environment. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)(cautioning that Title VII does not prohibit all verbal or physical harassment in the workplace, only those directed at discrimination because of a protected trait); *Vore v. Indiana Bell Tel. Co. Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994)(explaining that "federal law does not guarantee a utopian workplace, or even a pleasant one," and that "personality conflicts between employees are not the business of federal courts."). Based on the foregoing, Plaintiff has failed to establish a *prima facie* case of hostile work environment. To establish a *prima facie* retaliation claim, Plaintiff must show that (1) he engaged in activity protected by Title VII; (2) his employer took an adverse action against him; and (3) there was a causal link between the two. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). Plaintiff cannot establish any of the elements of a *prima facie* case. Plaintiff's request to transfer to another department was not based upon his disability. Rather it was related to his inability to get along with his supervisors and coworkers. (Append., ¶ 60). Alternatively, the legitimate, nondiscriminatory reasons discussed above apply with equal strength to Plaintiff's retaliation claim.

**Plaintiff fails to state a claim under the FMLA.**

NO FMLA CLAIM WAS MADE
1:05CV0024SS

The FMLA grants private and federal employees periods of leave for certain family or health related events. Title I of the FMLA governs private sector and federal employees with less than 12

9

months of service. 29 U.S.C. ¶¶ 2601 *et seq*. Title II of the FMLA governs actions relating to federal

employees with more than 12 months of federal service. 5 U.S.C. ¶¶ 6381 *et seq*. While both titles

guarantee the same substantive rights, Title I expressly creates a private right of action to redress

violations, whereas Title II does not. *Sullivan-OBST v. Powell*, 300 F.Supp.2d 85, 99 (D.D.C. 2004).

It is undisputed that the IRS employed Plaintiff for more than 12 months. Accordingly, Title I of the

FMLA does not afford the Plaintiff an avenue to assert his claim. *MEDICAL RECORDS*

**Plaintiff fails to state a claim under the Privacy Act.** *OWNED TAWNEY*

The Privacy Act is intended to protect the public from unwarranted collection, maintenance, use

and dissemination of personal information contained in agency records. *Sullivan-OBST,* 300 F.Supp.2d

at 98. The act provides for a cause of action if the Plaintiff can prove that (1) the agency disclosed

information, (2) the information disclosed is a record contained within a system of records; (3) an

adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional.

*Id.* In this case, Plaintiff alleges that the agency obtained his medical information without his consent.

(Append., ¶ 9). As part of the request for reasonable accommodation, Ms Schanhals requested Plaintiff's

medical information to assist her in determining the most appropriate accommodation. On January 24,

2003 Plaintiff signed an Authorization for Release of Medical Information. (Append., ¶ 24). As matter

of law, Plaintiff fails to state a claim for which relief can be granted because the alleged unauthorized

release of medical information, even if true, was done by a private medical care provider, not a federal

governmental entity. Moreover, the agency received medical information regarding Plaintiff either

directly from Plaintiff or pursuant to Plaintiff's authorization. *AUTHORIZING WHO*

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendant's motion for summary judgment.

Respectfully Submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

**1:05CV00243SS**

BY:    /s/ R. Barry Robinson
     R. BARRY ROBINSON
     Assistant United States Attorney
     816 Congress Avenue, Suite 1000
     Austin, Texas 78216
     (512) 916-5858 / 916-5854 (facsimile)
     Arkansas State Bar No. 85206

ATTORNEYS FOR DEFENDANT

**MICHAEL LYNN SACYREAS**

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and foregoing **Defendant's Motion For Summary Judgment** and proposed Order has been served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 10th day of October 2006, as follows: **EEOC # 360-2003-8286Y**

Michael L. Buesgens
3112 Windsor Rd. # A322
Austin, TX 78703
*[Pro se Plaintiff]*

_____ Via Fax
_____ Hand Delivery
___✓___ CM / RRR
_____ First Class U.S. Mail

     /s/ R. Barry Robinson
     R. BARRY ROBINSON
     Assistant United States Attorney

**CHARLES R. NETTLES
BANKRUPTCY ATTORNEY
06-11164 FRM
07-10008**

11

LAW OFFICES
**KATOR, PARKS & WEISER**
P.L.L.C.
SUITE 100
812 SAN ANTONIO STREET
AUSTIN, TEXAS 78701

(512) 322-0600
FAX: (512) 477-2828

November 8, 2006

Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX 78703

Dear Mr. Buesgens:

*CIVIL ACTION*
*1:05CV002Y3SS*

Just a quick note to thank you for contacting this firm. I am grateful that you gave me the opportunity to discuss your situation. This law firm is not in a position to represent you at this time. Since this firm has not been retained to represent you, we will not be taking any action on your behalf.

One very important reminder: strict deadlines must be met in order for you to preserve and pursue any legal claims you may have. Failure to meet these deadlines will jeopardize your ability to proceed.

In closing, you have my best wishes for success in the future.

*IRVING KATOR*

Sincerely,

Amanda Traphagan
Law Clerk
Kator, Parks & Weiser, P.L.L.C.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5011

*1:05CV00243SS*

Michael Buesgens,
　　　　Appellant

v.

Henry Paulson, Jr., Secretary of the Treasury
　　　　Appellee

September Term, 2006

*05cv00243*

Filed On:



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED　JAN 1 9 2007

CLERK

### O R D E R

Because appellant has not paid the appellate docketing fee in this case, it is

**ORDERED**, on the court's own motion, that by February 20, 2007, appellant either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, Western District of Texas, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in district court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a).  See Attachment.  In the event the district court denies leave to proceed on appeal in forma pauperis, appellant may renew that request in this court.  See Fed. R. App. P. 24(a)(5).

Appellant's failure to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the appeal for lack of prosecution.  See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested and by first class mail.

*$455.00 PAID*

FOR THE COURT:
Mark J. Langer, Clerk

BY:　*Sabrina M Crisp*

Sabrina M. Crisp
Deputy Clerk

**EXHIBIT 22**

EMAIL EVIDENCE OF WRONGDOING
2003 EMAILS
IRS OFFICIALS
DONALD RAY TAWNEY, JR.
ANNA S. MEDLOCK
NANCY A. SESSION
CHARLES WASHINGTON, JR., DIRECTOR
MARGARET F. WAITES, EEO

**Tawney Donald R**

| | |
|---|---|
| **From:** | Tawney Donald R |
| **Sent:** | Monday, February 10, 2003 10:44 AM |
| **To:** | Medlock Anne S |
| **Subject:** | Mike Buesgens |

2/10/2003

Anna,

PC to Thomas today. Thomas says anxiety/stress "probably" does not qualify as a disability per ADA, but he is fairly sure bi-polar does. The letters we received from Mike's Doctor last year mention depression, anxiety, and bi-polar condition. We don't know for sure what Mike's Doctor told FOH, but it probably mentioned bi-polar.

Dave Ronquillo's case involves just anxiety/stress. Dave sent out a memo all over the Austin campus inquiring about a reassignment for their employee. No takers. Somewhere in the mix Dave determined that anxiety/stress was not covered under ADA. Problem is, he is not supposed to have any information regarding the employee's medical condition. He needs to obtain the information officially before he can begin to build a case. LR, GLS, Management and EEO are fighting it out right now on whether EEO is obligated to give Management the medical information on the employee. This in-house struggle has been going on for about a month. Thomas says he's not sure EEO will give the information even if LR, GLS and Management provide convincing evidence that Management is entitled to it.

If Management gets the info, we still have to prove that anxiety/stress is not covered--Thomas is not sure whether it is covered or not.

I think all this means we're on shaky ground if we base our case on Mike's condition not being covered under ADA. I suggest we proceed as if it is covered: I'll contact Margaret Welles by phone and tell her we cannot restructure his job duties to eliminate his phone time. I'll get the info we need from her in the next step--Thomas says she should provide us a list of all Campus contacts for possible reassignment. I'll prepare the memo based on her instructions and give it to you for dissemination. Thomas said this memo goes out from the Department level. If there are no lateral reassignments out there, then we'll offer him a downgrade to whatever is available. I won't commit to any of these actions with Margaret--I'll just take down the information.

Let me know if you agree with my suggestion.

*Don Tawney*

Team 403 Supervisor
AMOP 2: Dept. 4
~~460-1164~~
6573 AUSC

MEDICAL RECORDS
HIPAA
VIOLATIONS
TAWNEY IS ON SHAKY
GROUND
VOLUNTARY CHPT 7 061164

**Tawney Donald R**

| | |
|---|---|
| **From:** | Tawney Donald R |
| **Sent:** | Monday, February 24, 2003 2:30 PM |
| **To:** | Medlock Anna S |
| **Subject:** | FW: Mike Buesgens |

*2/24/2003*

Anna,
   I spoke with Thomas. He agrees with Margaret that we should not address the issues in the memo. He said when the deadline gets here if we have not found anything, or if Mike declines what we find, then I am to direct him back to the phones. If he refuses, then it becomes a conduct issue. I'll meet with you before I give the memo to Mike.

Thanks,
Don
——Original Message——
**From:** Tawney Donald R
**Sent:** Thursday, February 20, 2003 6:28 PM
**To:** Theis Thomas J
**Cc:** Medlock Anna S
**Subject:** Mike Buesgens

Thomas,
   Attached is a memo regarding Michael Buesgens' request for reasonable accomodation. The memo has been approved by Margaret Waites.
   I have concerns about the memo. It does not mention what may happen if we cannot find anything for Mike by March 14th, nor does it address what we will do if Mike declines a position we find for him. Margaret said we should not address these issues in the memo. If not in the memo, then in some form I think we should inform Mike that if we do not find a position or he declines what we do find, then we will begin the process of terminating his employment. What is the appropriate way to give Mike this information?
   Thank you for your assistance,

*Don Tawney*
**Team 403 Supervisor**
**AMOP 2: Dept. 4**
**460-1164**
**6573 AUSC**

*TERMINATE*
*CHANGE MEDICAL RECORDS*
*TO KEEP JOB*

Tawney Donald R

| | |
|---|---|
| **From:** | Theis Thomas J |
| **Sent:** | Thursday, March 27, 2003 9:25 AM |
| **To:** | Tawney Donald R |
| **Cc:** | Medlock Anna S; Session Nancy A |
| **Subject:** | RE: Mike Buesgens |
| **Signed By:** | (There were errors displaying the signers of this message, please click on the signature icon for more details.) |

3/27/2003

**Importance:** High

Don,

Austin AM Op 1 management has requested an opinion from GLS (Dallas) on whether or not EEO should turn over medical information from an RA issue. That opinion has not been received.

Currently, AM Op 1 management is working this same issue. In a conference call, GLS informed AM Op 1 management that once the RA process was completed.....i.e. the employee requested RA, Medical was provided, EEO found out their limitations, management searched for a position to suit the RA, a position had been offered to the employee, and the employee declined......then management had legally met the requirements of RA and could direct the employee to return to their job activities.

The reason management requested the opinion, is that EEO has not turned over the medical information to management on this issue. EEO indicates that they can not turn over the medical to management. Management wants the medical information to determine if it would support a non-disciplinary downgrade of the employee or a non-disciplinary removal from the Service.

At this point, I see four possible endings:
1. The employee accepts the new job offer/RA resolved.
2. The employee declines, and is directed back to the phones/his duties.
3. Management obtains the medical information and decides to:
   a. Propose a non-disciplinary downgrade (if a position is found) or
   b. Propose a non-disciplinary removal.

You've indicated that the employee will probably not accept a downgrade. I believe management should do # 2 or # 3a before recommending # 3b.

In # 2 and # 3 above, I would expect the employee to exhaust his appeal rights on both. Please keep good notes and records of all transactions you have with the employee, EEO, GLS, management and LR on this issue.

If you need anything else, please let me know. Thanks!

*Thomas J. Theis*
Labor Relations Specialist
(512) 499-5450
FAX (512) 499-5303
STOP 1500 AUS

REMOVAL
OR
CHANGE MEDICAL RECORDS
OR
ONLY JOB AVAILABLE
GRADE 4

-----Original Message-----
**From:** Tawney Donald R
**Sent:** Wednesday, March 26, 2003 4:43 PM
**To:** Theis Thomas J
**Cc:** Medlock Anna S



IRS
DONALD RAY TAWNEY, JR
THOMAS I. THEIS
3/27/2003

2 of 2

**Subject:** Mike Buesgens

Thomas,

    In past discussions with you on the telephone I have understood you to say that if we do not find, through the RA process, another position for Mike, or if he declines what we do find, then we have the authority to direct him to the Toll-Free lines even though EEO has a report from his Doctor that compels the DOH to say in their 1/29/03 letter to Margaret Waites:

    "The Physician's Statements list some physical limitations, which do not seem to be at issue with regard to his occupational activities. The primary issue affecting his work would be the restriction, "no phone work." I spoke with ...to review the information he has provided. He has confirmed the diagnosis, evaluation, treatment, and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of daily living and he is disabled per the definition of disability pursuant to the Americans' with Disabilities Act (ADA). The requested accommodations is directly related to his medical condition." (I faxed a copy of this letter to you on 3/7/03).

    I want to be sure we are on solid ground should we direct him back to the phones. Would you please confirm this for me.

    If he declines what we find, or we find nothing, and we are not able to direct him back to the phones, our next course of action as I see it—and I believe we've discussed this on the phone—is to move toward removing him from the Service. If this turns out to be the course of action we take, I will need to discuss with you the appropriate procedures for this action.

Thank you,

*D. Tawney*

Team 403 Supervisor
AMOP 2: Dept. 4
460-1164
6573 AUSC

REMOVE
MICHAEL L. BUESGENS
FROM
SERVICE AT IRS

**EXHIBIT 23**

OPM LETTER, DATED:
FEBRUARY 23, 2005
TO
IRS EMPLOYEE
MICHAEL L. BUESGENS



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                     Program Support Center

                                                             Federal Occupational Health Service
                                                             4300 East-West Highway
                                                             Bethesda, Maryland 20814

January 29, 2003

Margaret Waites
EEO & Diversity Territory Office                    1/29/03
Internal Revenue Service
P.O. Box 934 MS 1105 AUSC
Austin, Texas 78767

Fax 512-460-7955

Re: Reasonable Accommodation Request for Mr. Michael Buesgens

Dear Ms. Waites:

This letter is in response to the request for reasonable accommodation for IRS
employee, Mr. Michael Buesgens. Mr. Buesgens is a Customer Service Representative,
GS-0962-08. I have received your package of information including:

   o  Memorandum, Ms. Waites, 1/24/03, Request for Reasonable Accommodation
   o  Authorization for Release of Medical Information, Dr. David Jones, 1/24/03
   o  Internal Revenue Service Standard Position Description, "Customer Service
      Representative", GS-962-08
   o  Physicians Statement from Dr. David Jones, 9/1/02
   o  Medical Notes, Dr. David Jones, 10/1/01-8/28/02

I spoke with you to review this request. Mr. Buesgens is a Customer Service
Representative, who is expected to perform telephone activities as a critical
element/essential function of his job. Included under the "Major Duties" of the
Standard Position Description," is the statement, "Completes contacts, i.e. conducts
personal or telephone interviews with a wide range of individuals…" "This position
covers work performed on the Customer Service Toll-Free system used by the public to
resolve issues and obtain information about tax administration."

The Physician's Statements list some physical limitations, which do not seem to be at
issue with regard to his occupational activities. The primary issue affecting his work
would be the restriction, "no phone work." I spoke with Dr. Jones to review the
information he has provided. He has confirmed the diagnosis, evaluation, treatment,
and prognosis for Mr. Buesgens. He confirmed this condition impacts his activities of
daily living and he is disabled per the definition of disability pursuant to the Americans'
with Disabilities Act (ADA). The requested accommodation is directly related to his
medical condition.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**          Program Support Center

Federal Occupational Health Servic
4350 East-West Highway
Bethesda, Maryland 20814

*1/29/03*

I believe Mr. Buesgens is an individual with a disability per the ADA. The activity of using phones does appear to be an essential function ("Major Duty") of the job of Customer Service Representative. If it were possible to reassign duties with other staff of a similar job description and eliminate the use of the phone by Mr. Buesgens, this could be considered as a reasonable accommodation. However, if this were not possible administratively, consideration could also be given to a job reassignment to a position for which Mr. Buesgens is a qualified individual with or without reasonable accommodation and consistent with the policies and procedures of the Internal Revenue Service.

I hope this information has been helpful. Please contact this office at (301) 594-4209 if I can be of any further assistance in this matter.

Sincerely,

Mark Frank, M.D.
Occupational Medicine Consultant
Board Certified, Occupational Medicine
Board Certified, Internal Medicine



United States
# Office of
# Personnel Management   Washington, DC  20415-0001

February 23, 2005

Michael L. Buesgens
500 East Stassney Lane, #1023
Austin, TX 78745

Dear Mr. Buesgens:

Your application for disability retirement has been approved.

According to information we have received from your agency, you have not been separated from Government service.  Therefore, we are notifying your agency of the approval and asking them to separate you.  We are asking them to give us your last day of pay.  Payment of annuity cannot start until after your last day of pay.  We are asking your agency to send us your final separation records so we can establish your final annuity rate.

We cannot start your annuity payments until we receive confirmation that you have applied for Social Security disability benefits.  If you have not already done so, you must now apply for them.  Please send us a copy of the receipt (or notice of allowance or disallowance) which you receive from the Social Security Administration after you file the application.

If the Social Security Administration awards you monthly benefits, you must also notify OPM of the amount of the monthly Social Security benefit and effective date of payment immediately upon becoming eligible (a photocopy of the award notice or a statement showing the monthly Social Security benefit and effective date when they determined your eligibility began would be helpful).  OPM will be conducting periodic checks against Social Security records to discover unreported awards.  Notification of Social Security benefits, and the confirmation that you have applied to Social Security should be sent to:

Office of Personnel Management
Federal Employees Retirement System
Boyers, PA  16017

**EXHIBIT 24**

IRS – DEPARTMENT OF THE TREASURY
LETTER, DATED:
SEPTEMBER 23, 2005
FROM
STEPHANIE K. YOUNG, DISCLOSURE OFFICER
FOIA – PRIVACY ACT
AUSTIN, TEXAS
(ALL BUESGENS RECORDS
WERE TRANSFERRED TO OPM ON MARCH 7, 2005.)



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

SEP 23 2005                    9/23/2005

MICHAEL L BUESGENS
500 E STASSNEY APT 1023
AUSTIN TX 78745

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act requests dated July 29, 2005, and August 16, 2005, which were received in this office on August 9, 2005, and August 25, 2005.

Our research shows that upon retirement, your records were transferred to Office of Personnel Management (OPM). I am providing you the address and phone numbers for OPM. Future requests regarding your records should be made to their office.

*OPM*

Office of Personnel Management
PO Box 45
Boyers, Pennsylvania 16017
1-888-767-6738 or
(202) 606-0500 located in DC

The enclosed Notice 393 explains your appeal rights

For further information, please contact Paula Ward, Disclosure Specialist, ID number 18-03230, 512-460-4433 or fax 512-460-4437, Internal Revenue Service, Austin Campus Disclosure Office, PO Box 2986, Mail Stop 7000 AUSC, Austin, Texas 78768. Please refer to case numbers 18-2005-02810 and 18-2005-03034.

Sincerely,

*Rodriguez*

Stephanie K. Young
18-02241
Disclosure Officer
Austin Campus

*IRS*

Enclosure

**EXHIBIT 25**

CHARLES R. NETTLES, BANKRUPTCY ATTORNEY
SPEAKS
BUESGENS SENDS HIM A $500.00 CASHIER'S CHECK
FOR HIS ATTORNEY FEE, DEMANDS,
AND REQUEST FOR SANCTIONS AGAINST
CREDITOR-ADVERSARY MICHAEL L. BUESGENS

*BANKRUPTCY*
*DONALD RAY TAWNEY, JR*

12/14/2007 1:47 PM

**07-10008 Buesgens v. Paulson et al**
**Case type: ap Related bankruptcy: Lead case not found Bankruptcy Judge:**
**S. Martin Teel, Jr.**
**Date filed: 02/23/2007 Date of last filing: 10/17/2007**

*07-10008*

## Parties

*DISTRICT OF COLUMBIA*

**Michael L. Buesgens**
**3112 Windsor Road**
**#A322**
**Austin, TX 78703**
*Added: 03/01/2007*
*(Cross-Claimant)*
**PRO SE**

**Michael L. Buesgens**
**3112 Windsor Road**
**#A322**
**Austin, TX 78703**
*Added: 03/01/2007*
*(Plaintiff)*
**PRO SE**

**Mark Everson**    *IRS*
*Added: 03/01/2007*
*(Cross Defendant)*

**Mark Everson**
*Added: 03/01/2007*
*(Defendant)*                    represented by

**Karen Melnik**
**555 4th Street**
**Washington, DC 20530**
*Assigned: 03/01/07*
*LEAD ATTORNEY*

**12/14/2007 1:47 PM**

*07-10008*

**Henry Paulson**
*Added: 03/01/2007*
*(Cross Defendant)*

**Henry Paulson**
*Added: 03/01/2007*
*(Defendant)*                    **represented by**

**Karen Melnik**
**555 4th Street**
**Washington, DC 20530**
*Assigned: 03/01/07*
*LEAD ATTORNEY*

**Donald Ray Tawney, Jr**
*Added: 03/01/2007*          *IRS*
*(Cross Defendant)*

**Donald Ray Tawney, Jr**
*Added: 03/01/2007*
*(Defendant)*                    **represented by**

**Pat S. Genis**
**U.S. Department of Justice**
**P.O. Office Box 227**
**Ben Franklin Station**
**Washington, DC 20044**
**202-307-6390**
**pat.genis@usdoj.gov**
*Assigned: 06/06/07*

**Karen Melnik**
**555 4th Street**
**Washington, DC 20530**
*Assigned: 03/01/07*
*LEAD ATTORNEY*

*06-01248 FM*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | TAWNEY JR., DONALD RAY *IRS* | * | CASE NO. 06-11164FM |
| DEBTOR. | | * | CHAPTER 7 |
| | | * | |
| MICHAEL L. BUESGENS | | * | |
| PLAINTIFF | | * | |
| | | * | |
| VS. | | * | ADV NO. 06-1248FM |
| | | * | |
| DONALD RAY TAWNEY JR. | | * | *10* |
| DEFENDANT | | * | *1/4/2007* |

### MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record,

Charles R. Nettles, and this Motion for More Definite Statement and for cause would

show as follows:

1. This Complaint is ostensibly a Complaint to Deny Discharge and a Complaint Objecting to Discharge.
2. The Complaint sets out a number of facts which, if true, might provide plaintiff, Mr. Buesgens with his desired result. Other parts of the Complaint make no sense.
3. For example, paragraph 3 is a list of individuals including Mr. Tawney but contains no allegation.
4. Paragraph 4 of the Complaint references a prior EEOC Administrative Hearing and nothing more. Paragraphs 5, 6, 7, 8, 9, 10 likewise reference individuals and/or lawsuits but contain no allegations as to their relevance.
5. Paragraph 11 makes a factual allegation as does paragraph 13 but paragraph 14 is a list of US Government Attorneys.
6. Defendant's Attorney, Charles Nettles, has spent considerable time attempting to make sense of this pleading but cannot. The Defendant requests that this Court award attorneys fees to Mr. Nettles to be paid by Mr. Buesgens for his efforts in reviewing the voluminous pleadings filed in this case.

*ATTORNEY FEES FOR CHARLES NETTLES*

WHEREFORE, PREMISES CONSIDERED, Movant requests that this Court

require Plaintiff to state with particularity what actions are complained of and explain

why and how those actions form the basis for a discharge/dischargeability Complaint.

Respectfully Submitted,

_____

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
(512) 459-0842 Facsimile
TSB# 14927200

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed via first class U.S. Mail to the following parties:

Randolph Osherow
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

Michael L. Buesgens
3112 Windsor Road, Apt. A322
Austin, TX 78703

DATED:_____

_____

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, TX 78704
(512) 459-3212
(512) 459-0842 Facsimile
TSB# 14927200

*R. BARRY ROBINSON*
*AUSA*
*TORT CLAIM*

*CHAPTER 7 OR 13 - NETTLES*

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | TAWNEY JR., DONALD RAY | CASE NO. 06-11164FM |
| DEBTOR. | *IRS* | |
| | | CHAPTER 13 ✓ |
| MICHAEL L. BUESGENS | | *7* |
| PLAINTIFF | | |
| VS. | | |
| | | ADV. NO. 06-1248FM |
| DONALD RAY TAWNEY JR. | | *13* |
| DEFENDANT | | *1/04/2007* |

## DEFENDANT'S MOTION TO DISMISS
## ADVERSARY FOR LACK OF STANDING

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE, NO HEARING WILL BE HELD AND THE RELIEF REQUESTED IN THE MOTION WILL BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record and files this Motion to Dismiss the Adversary Complaint for Lack of Standing and for cause would show:

1. This Complaint seeks relief under both 11 U.S.C. §727 and 11 U.S.C. §523.

2. Plaintiff is not now nor has he ever been a creditor of the Debtor.

3. In an effort to gain standing, Plaintiff has filed two claims in this no asset case. *ONE CLAIM*

4. One claim is for $200,000.00 and the other claim is for $2,000,000.00. Defendant has objected to both.

5. If Plaintiff is not a creditor with a claim, then he does not have standing to object to discharge or dischargeability.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this adversary be dismissed and that Defendant's attorney be awarded attorney's fees of $500.00 for responding to same.

Respectfully submitted,

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, Texas 78704
(512) 459-3212
TSB# 14927200

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss Adversary for Lack of Standing was mailed via first class mail on ____ day of January, 2007:

Randolph Osherow
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Michael Buesgens
3112 Windsor Road, Apt A322
Austin, TX 78703

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

DATED: 1 - 4 - 07

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, Texas 78704
(512) 459-3212
TSB# 14927200

R. BARRY ROBINSON
AUSA
TORT CLAIM

*06-01248FRM*

**7 OR 13 NETTLES**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**FILED**

JAN 3 1 2007

U.S. BANKRUPTCY COURT
BY_____ DEPUTY

IN RE:    TAWNEY JR., DONALD RAY    •    CASE NO. 06-11164FM

*IRS*

DEBTOR.                              •    CHAPTER 13

**7**

MICHAEL L. BUESGENS            •    **20**
PLAINTIFF                                **1/31/2007**

VS.                                  •

DONALD RAY TAWNEY JR.          •    ADV. NO. 06-1248FM
DEFENDANT                       •

## RESPONSE TO PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record

and files this Response to Plaintiff's Motion for Default Judgment and for cause would

show:

**FRCP 12(e)**

1. Defendant has filed a Motion for More Definite Statement Pursuant to FCRP 12(e). No responsive pleading to Plaintiff's Complaint is necessary until a hearing has been held on the Motion for More Definite Statement. A hearing is scheduled on that Motion on February 6, 2007.

WHEREFORE, PREMISES CONSIDERED, Defendant asks that Plaintiff's

Motion for Default Judgment be denied.

**CHARLES R. NETTLES**

Respectfully submitted,

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, Texas 78704
(512) 459-3212
TSB# 14927200

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Response to Plaintiff's Motion for Default Judgment was mailed via first class mail on ____ day of January, 2007:

Randolph Osherow
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Michael Buesgens
3112 Windsor Road, Apt A322
Austin, TX 78703

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

DATED: 1 - 31 - 07

Charles R. Nettles
1524 South IH-35, Suite 233
Austin, Texas 78704
(512) 459-3212
TSB# 14927200

R. BARRY ROBINSON
AUSA
TORT CLAIM

*06-01248 FRM*

Granted for the reasons stated in the ruling the court made at the
hearing on the motion.

## IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: February 07, 2007

*26*
*2/7/2007*

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE:  TAWNEY JR., DONALD RAY | * | CASE NO. 06-11164FM |
| | * | |
| DEBTOR | * | CHAPTER 7 |
| | * | |
| MICHAEL L. BUESGENS | * | |
| PLAINTIFF | * | |
| | * | |
| VS. | * | ADV. NO. 06-1248FM |
| | * | |
| DONALD RAY TAWNEY JR. | * | |
| DEFENDANT | * | |

### ORDER DISMISSING ADVERSARY FOR LACK OF STANDING

On this day came on to be heard Defendant's Motion to Dismiss Adversary for

Lack of Standing.  It appearing to the Court that all parties have been properly served,

and that the Motion is well founded, it is therefore,

ORDERED that Plaintiff's Complaint to Dischargeabilty is hereby Dismissed.

### ###

06-01248 FRM



IT IS HEREBY ADJUDGED and DECREED that the
below described is DENIED.

ORDER

Dated: February 07, 2007

25
2/7/2007

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:        TAWNEY JR., DONALD RAY        *    CASE NO. 06-11164FM

DEBTOR.        *    CHAPTER 7

DONALD RAY TAWNEY JR.        *
MOVANT,

vs.        *    ADV. NO. 06-1248FM

MICHAEL L. BUESGENS        *
RESPONDENT.        *

### ORDER STRIKING PLEADINGS

On this day came on to be heard Debtor's Motion to Strike Pleadings. It
appearing to the Court that all parties have been properly served, and that the Motion is
well founded, it is therefore,

ORDERED that the Complaint Objecting to Discharge under 11 U.S.C. §727 and
Dischargeability under 11 U.S.C. §523 are stricken and Plaintiff has 10 days to replead or
his case is dismissed.

### ###

**FILED**

FEB 0 7 2007

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

U.S. BANKRUPTCY COURT
BY _____ DEPUTY

| | |
|---|---|
| IN RE:    TAWNEY JR., DONALD RAY | CASE NO. 06-11164FM |
| DEBTOR. | CHAPTER 13 |
| MICHAEL L. BUESGENS <br> PLAINTIFF | |
| VS. | ADV. NO. 06-1248FM |
| DONALD RAY TAWNEY JR. <br> DEFENDANT | |

28
2/7/2007

## RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER VENUE

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Donald Ray Tawney Jr., by and through his attorney of record and files this Response to Plaintiff's Motion to Transfer Venue and for cause would show:

1. This Motion has no basis in law or fact.

2. All of the fact witnesses are in Austin.

3. The parties both reside in Austin.

4. The Agency complained of has an office in Austin.

5. Prior proceedings in this matter have occurred in Austin.

6. There is no reason to transfer this action to Washington, D.C.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court deny Plaintiff's Motion to Transfer Venue.

*06-01248 FRM*

*28*
*2/7/2007*

Respectfully submitted,

_____
Charles R. Nettles
1524 South IH-35, Suite 233
Austin, Texas 78704
(512) 459-3212
TSB# 14927200

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Response to Plaintiff's Motion to Transfer Venue was mailed via first class mail on *7th* day of January, 2007:

Randolph Osherow
342 W. Woodlawn, Suite 300
San Antonio, TX 78212

Michael Buesgens
3112 Windsor Road, Apt A322
Austin, TX 78703

US Trustee
903 San Jacinto, Suite 230
Austin, TX 78701

DATED: *2-7-07*

_____
Charles R. Nettles
1524 South IH-35, Suite 233
Austin, Texas 78704
(512) 459-3212
TSB# 14927200

*R. BARRY ROBINSON*
*AUSA*

**EXHIBIT 26**

$500.00 CASHIER'S CHECK
PAYABLE TO
CHARLES R. NETTLES
TORT CLAIM
1:06CV01558RCL
BANKRUPTCY NO. 06-11164FRM
ADVERSARY NO. 07-10008



06-11164 FRM    07-10008
#500.00                    1/16/2008
TO
CHARLES R. NETTLES

**CHASE** ⬡

FOR YOUR PROTECTION SAVE THIS COPY
**OFFICIAL CHECK**

Customer Copy

474834424

01/16/2008

Texas

Remitter MICHAEL BUESGENS CREDITOR-ADVERSARY

Pay To The
Order Of     BANKRUPCY ATTORNEY CHARLES R NETTLES
             BANKRUPCY CASE # 06-11164FRM ATTY FEES

$ ***********500.00 ***

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION. TO REPORT A LOSS OR FOR ANY OTHER INFORMATION
ABOUT THE INSTRUMENT, CONTACT THE INSTITUTION FROM WHICH YOU RECEIVED THE INSTRUMENT.



499156143950 499157 REV2 07/07 8710036152

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK    **OFFICIAL CHECK**    HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**CHASE** ⬡                                             474834424   23-97
                                                                    1020
Texas                                                  Date  01/16/2008

Remitter MICHAEL BUESGENS CREDITOR-ADVERSARY

Pay:    FIVE HUNDRED DOLLARS AND 00 CENTS

Pay To The     BANKRUPCY ATTORNEY CHARLES R NETTLES
Order Of       BANKRUPCY CASE # 06-11164FRM ATTY FEES

$ ***********500.00 ***

Drawer: JPMORGAN CHASE BANK, N.A.

First Vice President

Issued by Integrated Payment Systems Inc., Englewood, Colorado
JPMorgan Chase Bank, N.A., Denver, Colorado

⑈450918⑈ ⑆102000979⑉ 2500474834424⑈



**Cornell University Law School**

Search Law School    Search Cornell

**LII / Legal Information Institute**

**U.S. Code collection**

06-11164FRM
07-10008

## TITLE 11 > CHAPTER 7 > SUBCHAPTER II > § 727

# § 727. Discharge

**discharge, unless—**

(a)  The court shall grant the debtor a

(1)  the debtor is not an individual;

(2)  the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

  (A)  property of the debtor, within one year before the date of the filing of the petition; or

  (B)  property of the estate, after the date of the filing of the petition;

(3)  the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4)  the debtor knowingly and fraudulently, in or in connection with the case—

  (A)  made a false oath or account;

  (B)  presented or used a false claim;

  (C)  gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

  (D)  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents,

**BANKRUPTCY CASE NO. 06-11164FRM**

records, and papers, relating to the debtor's property or financial affairs;

**(5)** the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

**(6)** the debtor has refused, in the case—

    **(A)** to obey any lawful order of the court, other than an order to respond to a material question or to testify;

    **(B)** on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

    **(C)** on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

**(7)** the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

**(8)** the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition;

**(9)** the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

    **(A)** 100 percent of the allowed unsecured claims in such case; or

    **(B)**

        **(i)** 70 percent of such claims; and

        **(ii)** the plan was proposed by the debtor in good faith, and was the debtor's best effort;

**(10)** the court approves a written waiver of discharge executed by the

debtor after the order for relief under this chapter;    *06-11164*

✓ **(11)** after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109 (h)(4) or who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section (The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in this paragraph shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter.); or    *FORM 23*

**(12)** the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is reasonable cause to believe that—

> **(A)** section 522 (q)(1) may be applicable to the debtor; and

> **(B)** there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522 (q)(1)(A) or liable for a debt of the kind described in section 522 (q)(1)(B).

**(b)** Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

**(c)**

> **(1)** The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.

> **(2)** On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

**(d)** On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

**BANKRUPTCY CASE NO. 06-11164FRM**

(1)  such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2)  the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;

(3)  the debtor committed an act specified in subsection (a)(6) of this section; or

(4)  the debtor has failed to explain satisfactorily—

    (A)  a material misstatement in an audit referred to in section 586 (f) of title 28; or

    (B)  a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586 (f) of title 28.

(e)  The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1)  under subsection (d)(1) of this section within one year after such discharge is granted; or

(2)  under subsection (d)(2) or (d)(3) of this section before the later of—

    (A)  one year after the granting of such discharge; and

    (B)  the date the case is closed.

*LII has no control over and does not endorse any external*
*Internet site that contains links to or references LII.*

**BANKRUPTCY CASE NO. 06-11164FRM**