# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, D.C. 20001

**Michael L. Buesgens**

      Plaintiff

**RECEIVED**

JUL - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action
No. **06-1964(RBW)**

**V.**

**Charles Eads Brown**

**Shelley Bush Marmon**
Crady, Jewett, McCulley, LLP

**Gregory S. Cagle**
Armbrust & Brown, LLP

**Chester E. Beaver,**
Assistant Attorney
City of Austin

**Felix Tarango,**
Assistant Attorney
Travis County

**R. Barry Robinson, AUSA**
U.S. Attorney Office, <u>et.al.</u>

      Defendants

## PLAINTIFF BUESGENS RESPONSE TO THIS COURT ORDER TO SHOW CAUSE FOR SERVICE OF SUMMONS

Buesgens **only** served summons and complaint on Attorney Charles Eads Brown.

U.S. District Court for the District of Columbia **did** issue summons for defendants.

Buesgens **lost** summons sent to him by court staff. On **July 18, 2007**, Buesgens filed motion-**requesting** reissuance of summons. **See** Document **No. 24. No** one from the court responded.

The **central players** in this case are the following Attorneys:

1. **Charles Eads Brown**
   Falcon Ridge Apartments
   Austin, Texas

2. **Shelley Bush Marmon**
   Falcon Ridge Apartments
   Crady, Jewett, McCulley, LLP
   Houston, Texas

3. **Gregory S. Cagle**
   Falcon Ridge Apartments
   Armbrust & Brown, LLP
   Austin, Texas

4. **Chester E. Beaver**
   City of Austin
   A. Fair Housing Assistance Program-**FHAP**
   B. Dual Filed HUD case No. **06-06-0293-8**
   C. Falcon Ridge Apartments

5. **Felix Tarango**
   Travis County
   A. Falcon Ridge Apartments

6. **R. Barry Robinson, AUSA**
   U.S. Attorney Office
   A. Falcon Ridge Apartments
   Austin, Texas

Plaintiff Buesgens **requests** this court issue summons for the foregoing. Buesgens **requests** this court dismiss the remaining defendants.

**Attorneys** Brown, Marmon, and Cagle, are well aware of Buesgens complaints. See civil No. **2:07CV02116**-CM-JAR-JPO **Kansas**. Buesgens served summons and complaint on them in that case.

Attorney Shelley Bush Marmon also made appearance in civil No. **2:07CV01864**-TSZ-RAJ **Seattle, Washington**. That case is now on appeal at Ninth Circuit Appeal No. **08-35202**.

**3**

Michael L. Buesgens
          Plaintiff-Appellant

   **V.**

Alan Roswell Weiner
**Voir Dire Member-Charles Eads Brown Eviction case**
          Defendant-Appellee

The foregoing attorneys **participated** in cover-ups of tortuous injury in the District of Columbia by an act or omission in the District of Columbia.

**Kim Kendrick, Assistant Secretary Fair Housing Equal Opportunity** U.S. Department of Housing and Urban Development **made final decisions** on Buesgens housing discrimination complaint, **dual** filed **HUD** case No. 06-06-0293-8 **based on** information **provided** by attorneys.

**Kim Kendrick, et al** Washington, D.C. made **final administrative closure decisions** for HUD case No. 06-06-0293-8 **based on** trial has begun in Falcon Ridge Apartments eviction suit against Buesgens.

**HUD cannot close** Plaintiff Buesgens housing discrimination complaint **based on** trial has begun in Falcon Ridge Apartments eviction suit.

**4**

Kim Kendrick **does not have discretion** to close Buesgens housing discrimination complaint based on Falcon Ridge Apartments eviction trial January 26, 2006.

See the letter from attorney Charles Eads Brown dated **February 10, 2006** to **HUD** Certified **FHAP** Agency City of Austin Human Rights Commission. Charles Eads Brown is **notifying** HUD that **trial has begun** in Falcon Ridge Apartments eviction suit.

All the foregoing attorneys **actively** supported and had awareness of Charles Eads Brown misconduct.

The attorneys **used** Falcon Ridge eviction trial **January 26, 2006** to close Buesgens housing discrimination complaint. Attorneys **intentionally** and **willfully** participated in tortuous conduct **in** District of Columbia **causing** injury to Plaintiff Buesgens **in** District of Columbia.

Buesgens housing discrimination complaint was **never** subject of trial in any civil action. **All** the litigation that followed is **reversible error.**

**5**

**See** Buesgens Federal Tort Claims Act case recently filed against U.S. Department of Housing and Urban Development District of Columbia.

Attorneys and U.S. Attorney Office Austin, Texas directly **relate** that tort claim to the misconduct and injury that continues to occur in 2008.

## INTERESTED PARTIES

1. **Arnold Carl Tauch, Property Owner**
   Falcon Ridge Apartments
2. **Jack Cregg Moss, General Partner**
   A. Falcon Apartments of Austin I, Inc
   B. Falcon Group
   C. HUD case No. **06-06-0293-8**
   D. Falcon Ridge Apartments Eviction Trial Has
      Begun: **01/26/2006**

      5225 Katy Freeway, Suite 530
      Houston, Texas 77007

3. **Mandy Marie Rogers, Manager**
   Falcon Ridge Apartments
   A. **HUD** case No. **06-06-0293-8**

   500 East Stassney Lane, Apartment No. 1221
   Austin, Texas 78745

4. **Samantha Dawn Shepherd, Assistant Manager**
   Falcon Ridge Apartments
   A. HUD case No. **06-06-0293-8**
   11025 Franklin Tales Loop
   Austin, Texas 78748

Respectfully Submitted,

Michael L. Buesgens
July 3, 2008

## CERTIFICATE OF SERVICE

I certify that one true copy of the foregoing served by first class mail on this 3rd day of May 2008, addressed to the following:

1. **Charles Eads Brown**
   A. **HUD case No. 06-06-0293-8**
   B. Falcon Ridge Apt Eviction Trial: **01/26/06**
   C. Case No. 041509

   3624 North Hills Drive
   Austin, Texas 78731

2. **Gregory Scott Cagle**
   Armbrust & Brown, LLP
   A. **HUD case No. 06-06-0293-8**
   B. **Falcon Ridge Apartments**
   C. Eviction Appeal Cause No: C-1-CV-06-000678
   D. Appeal Trial: **06/16/2006**
   E. Writ of Possession Executed: **07/06/06-10:00am**

   100 Congress Avenue, Suite 1300
   Austin, Texas 78701

3. **Shelley Bush Marmon**
   Crady, Jewett, McCulley, LLP
   A. HUD case No. **06-06-0293-8**
   B. **Falcon Ridge Apartments**
   C. Civil No. 2:07CV01864-TSZ-RAJ, **Seattle, WA**
   D. **Ninth Circuit** Appeal No. 08-35202

   2727 Allen Parkway, Suite 1700
   Houston, Texas 77019

4. **Chester Earl Beaver Jr**
   Assistant Attorney
   City of Austin Human Rights Commission
   A. John Albert Benavides, **Subpoena**
   B. **Kim Kendrick,** HUD-FHEO Assistant Secretary
   C. Falcon Ridge Apartments
   C. **HUD case No. 06-06-0293-8**
   D. Appeal Cause No: C-1-CV-06-000678

   2205 La Casa Drive
   Austin, Texas 78704

5. **John Albert Benavides,** HUD Investigator
   A. Kim Kendrick, Assistant Secretary
   B. **Dual** Filed **HUD** case No. **06-06-0293-8**
   C. Trial has begun in **Falcon Ridge Apartments**
      Eviction suit case No. 041509
   D. **Trial: 01/26/2006**
   E. Subpoena Served on Benavides in Appeal
      Trial: 06/16/2006
   F. **Benavides hides out**

   906 Timber Trail
   Cedar Park, Texas 78613

6. **Felix Tarango**
   Assistant Attorney
   Travis County
   A. HUD case No. **06-06-0293-8**
   B. **Falcon Ridge Apt** Eviction Trial: 01/26/2006
   C. Appeal Trial 06/16/2006

   104 San Mateo Terrace
   Cedar Park, Texas 78613-2940

7. **Joseph Wayne Rosser, Deputy Constable**
   Travis County, Precinct No. 5
   A. HUD case No. **06-06-0293-8**
   B. Falcon Ridge Apartments-Apartment No. **1023**
   B. Writ of Possession Executed: **07/06/06-10:00am**
   C. Tenant Buesgens **not present**

   264 Ashford Park Blvd
   Buda, Texas 78610

*Michael Buesgens*

**Michael L. Buesgens**
Plaintiff
HUD case No. **06-06-0293-8**
Federal Tort Claims Act-Personal Injury
**Extended Stay Hotel**
8221 North IH 35, Room 459
Austin, Texas 78753

**Mailing Address:**
3112 Windsor Rd, Suite A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com
**July 3, 2008**

9

# EXHIBITS

**1. Civil No. 1:06CV01964-RBW**
   **U.S. District Court District of Columbia**

   A. Docket Entry **11/15/2006**-Summons Issued
   B. Docket Entry **07/18/2007**-Motion to Reissue
      Summons
   C. Plaintiff Buesgens Motion to Reissue Summons
      **07/18/2007**

**2. Related** Civil Action No. **2:07CV01864**-TSZ-RAJ
   U.S. District Court Seattle, Washington

   A. Plaintiff Buesgens serves summons on
      **Attorney Shelley Bush Marmon-03/24/2008**
   B. Related Ninth Circuit Appeal No. **08-35202**

**3.** Retaliatory Eviction Attorney Charles Eads Brown
   Letter Dated: **February 10, 2006**
   A. **Trial has begun HUD case No. 06-06-0293-8**
   B. Falcon Ridge Apartments Eviction Trial:
      **January 26, 2006**

**4. See** Defendant **Charles Eads Brown**
      **Memorandum of Points and Authorities**
   **In Support of Motion to Dismiss or in the**
      **Alternative Motion to Transfer Venue**

   A. Filed: **March 16, 2007**
   B. Civil No. **1:06CV01964**-RBW

   C. **Pages 5 and 6-Buesgens HUD case**
      **No: 06-06-0293-8 set for trial in**
      **January 2007**

5. **Kim Kendrick, Assistant Secretary**
   Fair Housing Equal Opportunity-**FHEO**
   Fair Housing Assistance Program-**FHAP**
   U.S. Department of Housing & Urban Development

   A. **No Discretion** Administrative Closures
   B. **HUD cannot** close Buesgens Housing
      Discrimination Complaint **Based** on
      **Falcon Ridge Apartments** Retaliatory Eviction
      Trial: **January 26, 2006**

6. **Voir Dire Members**-Jury Selection-**Case** No. **041509**

   A. **Charles Eads Brown,** Attorney Presiding
   B. Falcon Ridge Apartments **Eviction**
      **Trial:** January 26, 2006 at 9:00 am
   C. Justice of the Peace, Precinct 5
      Travis County, Austin, Texas

7. **Samantha Dawn Shepherd,** Assistant Manager **Falcon Ridge Apartments**

   A. Double Rent-Unlawful Reletting Fees
   B. Charged **July 6, 2006** through **July 12, 2006**
   C. **$3, 893.00**

8. **Miniard Culpepper,** General Counsel
   Letter Dated: **May 4, 2007**

   A. Federal Tort Claims Act-**FTCA-2006-2007**
   B. Freedom of Information Act-**FOIA**
   C. U.S. Department of Housing & Urban
      Development
      **Boston, Massachusetts**

# PLAINTIFF EXHIBIT NO. 1

## 1:06CV01964-RBW

| | |
|---|---|
| 11/15/2006 | Summons (44)Issued as to FRANK B. BROWN, IV, GREGORY S. CAGLE, ARMBRUST & BROWN LLP, WARREN LAW FIRM, MARC ERIC MALINGER, CHESTER E. BEAVER, ANNE L. MORGAN, FELIX TARANGO, TIMOTHY MASHBURN, MICHAEL J. POWELL, GUY J. JOYNER, RAFAEL EDWARD CRUZ, MAUREEN RAY, JUDITH TAYLOR, JENNIFER RANDALL, ROBERT B. HARWIN, MICHAEL LYNN SALYARDS, THOMAS STANTON, KAREN MELNIK, R. BARRY ROBINSON, GERALD CONLEY CARRUTH, STEVEN BOCK BASS, BEN CASTLEMAN FLOREY, JR, DEREK HOWARD HOWARD, BARBARA A. ATKIN, DENNIS SCHNEIDER, JAMES PETRUCCI, TED CRUZ, CHARLES E. BROWN, WILLIAM S. WARREN, III, DUNHAM JEWETT, HUGH LAWRENCE MCCULLEY, SHELLEY BUSH MARMON, CRADY JEWETT MCULLEY LLP, DAVID B. ARMBRUST. (td, ) (Entered: 11/21/2006) |

| | | |
|---|---|---|
| 07/18/2007 | 24 | <u>1:06CV01964-RBW</u><br>MOTION for reissuance of summons by MICHAEL L. BUESGENS (Attachments: # 1 Exhibit)(td, ) (Entered: 07/20/2007) |



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW
WASHINGTON, DC 20001

MICHAEL L. BUESGENS
        PLAINTIFF

V.

1  RUSSELL B. KELMAN
2  DENNIS SCHNEIDER
3  BARBARA A. ATKIN

4  NATIONAL TREASURY EMPLOYEES
   UNION - NTEU - LEGAL
   COUNSEL

5  R. BARRY ROBINSON, AUSA
6  MICHAEL LYND SALYNDS
   IRS GENERAL LEGAL SERVICES
   EEOC NO. 360-2003-8286X
                    ET. AL.
        DEFENDANTS

CIVIL NO.
1:06 CV
01964
RBW

RECEIVED
JUL 18 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF MICHAEL L BUESGENS
MOTION FOR REISSUANCE OF
SUMMONS
AND
PRO SE RESPONSE TO MOTION TO
DISMISS BY NATIONAL TREASURY
EMPLOYEES UNION - NTEU LEGAL
COUNSEL

1. RUSSELL Bo KELMAN
2. DENNIS SCHNEIDER
3. BARBARA A. ATKIN


I.          BACKGROUND

1.    RUSSELL Bo KELMAN - NTEU
CHIEF STEWARD CHIEF STEWARD
REPRESENTED MICHAEL L BUESGENS
AT EEOC HEARING ON 12/16/2003

A. EEOC NO. 360-2003-8286 X
                 BECAME
B. CIVIL NO. 1:05CV00243SS
C. JUDGE SAM SPARKS PRESIDING
AUSTIN, TEXAS
                                2

**PLAINTIFF EXHIBIT NO. 2**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

*FOR THE WESTERN* District of *WASHINGTON*

*MICHAEL L. BUESGENS*
*PLAINTIFF*

V.

*SHELLEY BUSH MARMON*
*ATTORNEY*
*CRADY JEWETT & MCCULLEY, LLP*
*ALAN ROSWELL WEINER*
*DEFENDANTS*

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: *CV 07-1846 RAJ*

TO: (Name and address of Defendant)

*SHELLEY BUSH MARMON, ATTORNEY*
*CRADY JEWETT & MCCULLEY LLP*
*2727 ALLEN PARKWAY, 1700*
*HOUSTON, TEXAS 77019*

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

*MICHAEL L. BUESGENS*
*PLAINTIFF-PRO SE*
*3112 WINDSOR RD, A322*
*AUSTIN, TEXAS 78703*

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**BRUCE RIFKIN**

CLERK

*Consuelo O. Silverna*

(By) DEPUTY CLERK

*December 11, 2007*

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 3/24/08 |
| NAME OF SERVER *(PRINT)* Derald Jackson | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☑ Other (specify): _Re: Michael L. Goesyens, leave summons and complaint at_
_place it Employment. Documents left w/ receptionist named Teithe_

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___3/24/08___　　　___(signature)___
　　　　　　　　　　Date　　　　　　　　Signature of Server

___P.O. Box 711401 Houston, TX 77271___
Address of Server

YWANDA JACKSON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JAN. 7, 2012

_Ywanda Jackson_

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MICHAEL L. BUESGENS

V.

CHARLES E. BROWN,
ET AL

**SUMMONS IN A CIVIL CASE**

CASE NUMBER  1:06CV01964

JUDGE: Reggie B. Walton

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 11/15/2006

TO: (Name and address of Defendant)

CHARLES E. BROWN
ATTORNEY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S     PRO SE     (name and address)

MICHAEL L. BUESGENS
3112 WINDSOR ROAD
# A 322
AUSTIN, TEXAS  78703

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON                    NOV 1 5 2006

CLERK                                          DATE

(By) DEPUTY CLERK



AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 2/28/07 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| MIKE TECHOW | 2:00 P.M |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: 3624 N. HILLS DR B100
AUSTIN, TX 78731-3242

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___2/28/07___     _____
                              *Signature of Server*

PRACTICAL PROCESS SOLUTIONS
809 NUECES
AUSTIN, TX 78701
*Address of Server*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAR 5 - 2007

RECEIVED

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# PLAINTIFF EXHIBIT NO. 3

Jan 31 04 10:39a     Charles E   ɯwn                          ˙123466005          p.2

*TRIAL HAS BEGUN 01/26/2006*

## CHARLES E. BROWN, P.C.
### ATTORNEY AT LAW
**BOARD CERTIFIED**
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100                              512-346-6000
AUSTIN, TEXAS 78731                                        FAX: 512-346-6005
                                              CBROWN@CHARLESBROWNLAW.COM

February 10, 2006

Mr. Charles H. Gorham, Administrator
Mr. John A. Benavides, Lead Investigator
City of Austin, Equal Employment/Fair Housing Office
505 Barton Springs Road, Suite 720
Austin, Texas 78704                    *Via Facsimile (512) 974-3278*

Re:    Housing Discrimination Complaint
       Michael Buesgens v. Falcon Ridge Apartments
       COA, EE/FHO 01-06-0016-HG; HUD 06-06-0293-8

Dear Mr. Gorham and Mr. Benavides:

I have attached the following:

1. Defendant's Original Counterclaim (filed by Michael Buesgens in the eviction case heard by the Justice of the Peace, Precinct 5).

2. Notice of Appeal and Costs (Michael Buesgens' appeal of eviction judgment in favor of Falcon Ridge Apartments).

3. Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order (filed by Michael Buesgens in Travis County District Court).

There are approximately 50 pages of exhibits attached to Plaintiff's Original Petition. Due to their volume, I did not attach the exhibits. However, I will be happy to provide the documents at your request.

2-Falcon Ridge, Michael Buesgens, ltr to HUD encl Pet and Appeal

Thank you for your attention to this matter. Please let me know if you have any questions or need further information.

Sincerely,

Charles E. Brown
Attachments

cc: ⟨Falcon Ridge Apartments⟩

*TRIAC . 1/26/2006*
*RETALIATORY EVICTION*
*CASE NO. 041509*

*HUD ADMINISTRATIVE CLOSURE*



# City of Austin, Equal Employment/ Fair Housing Office

**Mailing:** P. O. Box 1088, Austin, Texas 78767
**Physical:** 505 Barton Springs Rd. Suite720 , Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

February 17, 2006

Michael Buesgens
500E. Stassney Lane Apt-1023
Austin, Texas 78745

RE: 06-06-0293-8/ HUD; 01-06-0028-HG/COA.EE/FHO
   Michael Buesgens v Mandy Rogers, Falcon Ridge Apartments, Falcon Ridge LP

Dear Mr. Buesgens:

Please let this letter confirm our telephone conversation of this morning. You indicated that you wish to amend your complaint and you were told that your original complaint was heard in JP court with a jury trial. You confirmed that the decision was in favor of the complex and you were evicted and fined $5000.00 attorney's fees with a $10,000. Bond that you had to post. This court action took place on 01/26/2006. You indicated during your telephone conversation of 01/27/2006 that you would be appealing the decision in County Court.

You were invited to come in to file a new complaint. The original complaint has already been heard by the courts and the administrative processing is over when the matter is heard by the courts. That complaint will be closed based on the fact that it has been heard in the courts. We will take a new complaint on any issue that is covered by the Fair Housing Act that was not alleged on the first complaint.

I look forward to you coming in to file the new complaint.

Sincerely,

*John A. Benavides*

John A. Benavides
Lead Investigator

Cc: Nekesha Phoenix,
    Austin Tenants Council

**PLAINTIFF EXHIBIT NO. 4**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS          §
Plaintiff                    §
                             §
v.                           §     CASE NO. 1:06-CV-01964-RCL
                             §
CHARLES E. BROWN, ET AL.     §
Defendants                   §

DOCUMENT 12

RECEIVED

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE

Charles E. Brown, Defendant, respectfully moves to dismiss this case for lack

of subject matter jurisdiction, improper venue, failure to state a claim upon which

relief can be granted, res judicata or, in the alternative, Defendant moves to transfer

this case to the Western District of Texas, Austin Division, pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a).  In support of this

Motion, the Defendant respectfully refers the Court to the accompanying

Memorandum of Points and Authorities and proposed Order.

Defendant requests that to the extent that this Motion is treated as one for

summary judgment, all factual assertions contained within the attached Memorandum

in support of this Motion be accepted by the Court as true unless Plaintiff submits

contravening affidavits or other documentary evidence. *Neal v. Kelly*, 963 F.2d 453

(D.C. Cir. 1992).

H:\A Work\CB\3-Brown, Buesgens, Motion to Dismiss.doc

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court

dismiss Plaintiff's claims against Defendant in Plaintiff's Complaint and enter such

other and further orders to which Defendant is justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

*HUD CASE NO. 06-06-0293-8*

H:\A WorkCB\3-Brown, Buesgens, Motion to Dismiss.doc

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS §
Plaintiff §
 §
 §
v. §          CASE NO. 1:06-CV-01964-RCL
 §
CHARLES E. BROWN, ET AL. §
Defendants §

*DOCUMENT II*

*RBW*

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S ORIGINAL ANSWER

Charles E. Brown, Defendant, files Defendant's Original Answer to Plaintiff's

Original Petition and shows:

### ANSWER

1.    Defendant denies that this Court has jurisdiction over the matters alleged by

Plaintiff.  (Plaintiff's Original Complaint, Paragraph II, pg. 15)

2.    Defendant denies employment discrimination or housing discrimination based

on disability or any basis. (Plaintiff's Original Complaint, Paragraph 14, pg.

18)

3.    Defendant denies retaliation against Plaintiff because of employment

discrimination or housing discrimination complaints. (Plaintiff's Original

Complaint, Paragraph 15, pg. 18)

4.  Defendant is without sufficient knowledge to admit or deny any facts regarding the constitutionality of state statutes. (Plaintiff's Original Complaint, Paragraph 16, pg. 18-19)

5.  Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise taxes. (Plaintiff's Original Complaint, Paragraph 17, pg 19)

6.  Defendant is without sufficient knowledge to admit or deny any facts regarding certificates of authority to do business. (Plaintiff's Original Complaint, Paragraph 18, pg. 19)

7.  Defendant denies any assumed name or true name violations. (Plaintiff's Original Complaint, Paragraph 19, pg. 19)

8.  Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise tax liability nexus to Federal Corporate IRS tax reporting. (Plaintiff's Original Complaint, Paragraph 20, pg. 19)

9.  Defendant denies that there has been collusion between attorneys, law firms and real estate developers and state agencies against Plaintiff. (Plaintiff's Original Complaint, Paragraph 21, pg. 19)

10. Defendant denies that there is or has been a civil conspiracy intertwined in Plaintiff's housing discrimination complaint and employment discrimination complaint. (Plaintiff's Original Complaint, Paragraph 22, pg. 20)

11.   Defendant denies retaliation against Plaintiff. (Plaintiff's Original Complaint, Paragraph 23, pg. 20)

12.   Defendant denies discrimination and retaliation in collusion with any other parties against Plaintiff. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

13.   Defendant denies discrimination or retaliation in collusion with the National Apartment Association, Texas Apartment Association, or Austin Apartment Association. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

14.   Defendant denies a breach of duty owed against Plaintiff. (Plaintiff's Original Complaint, Paragraph 25, pg. 21)

15.   Defendant denies any breach of fiduciary duty to the courts or to Plaintiff. (Plaintiff's Original Complaint, Paragraph 26, pg. 21)

16.   Defendant denies any negligent misrepresentations to Plaintiff in employment discrimination or housing discrimination. (Plaintiff's Original Complaint, Paragraph 27, pg. 21)

17.   Defendant denies connected or coordinated adverse actions against Plaintiff or circumventing federal statutes, state statutes, or federal and state rules of civil procedure. (Plaintiff's Original Complaint, Paragraph 28, pg. 22)

18.   Defendant denies attorney and law firm private and government misconduct. (Plaintiff's Original Complaint, Paragraph 29, pg. 22)

19.    Defendant denies state and federal tax fraud. (Plaintiff's Original Complaint, Paragraph 30, pg. 22)

20.    Defendant denies violations of Secretary of State regulations for business and non-profit entities. (Plaintiff's Original Complaint, Paragraph 31, pg. 22)

21.    Defendant denies that he failed to acquire fictitious name certification. (Plaintiff's Original Complaint, Paragraph 32, pg. 23)

22.    Defendant denies misrepresenting the true name and identity and standing, and capacity of the owners and general partners of residential multi-family communities. (Plaintiff's Original Complaint, Paragraph 33, pg. 23)

23.    Defendant denies negligent or intentionally negligent misrepresentations for mandatory disclosures. (Plaintiff's Original Complaint, Paragraph 34, pg. 23)

24.    Defendant denies fraudulent acts or negligently allowing fraudulent acts, willful or premeditated activities regarding legal and business decisions, fraudulent activities that are foreign to the duties of an attorney, acting outside the scope of Defendant's duties, or fraudulent acts on behalf of Defendant's clients. (Plaintiff's Original Complaint, Paragraph 35, pg. 23-24)

25.    Defendant is unable to admit or deny the statement made regarding "any limitations to rely on or disclaimers as to the accuracy of attorney representations made to Plaintiff or unrepresented non-clients", as the

H.\A\WorkCB\J-Brown, Bucsgens. Answer.Doc

statement is vague and non-sensical.    (Plaintiff's Original Complaint, Paragraph 36, pg. 25)

26.    Defendant denies aiding and abetting a breach of fiduciary duty based on rendition of legal advice. (Plaintiff's Original Complaint, Paragraph 37, pg. 25)

27.    Defendant denies violations of rules of professional conduct toward persons involved in the judicial process. (Plaintiff's Original Complaint, Paragraph 38, pg. 25)

28.    Defendant denies not reporting any professional misconduct and denies any knowledge of any professional misconduct.  (Plaintiff's Original Complaint, Paragraph 39, pg. 26)

29.    Defendant denies that he has caused the multiple civil litigation filings by Plaintiff. (Plaintiff's Original Complaint, Paragraph 40, pg. 26)

30.    Defendant denies any retaliation, abuse of process, abuse of power, abuse of relationships, abuse of knowledge, or discrimination against Plaintiff. (Plaintiff's Original Complaint, Paragraph 41, pg. 26)

31.    Defendant denies that he "pisses on" Plaintiff because he is pro se, or that statutes and laws and rules are only lip service and are routinely manipulated. (Plaintiff's Original Complaint, Paragraph 42, pg. 27)

32.     Defendant (denies) that Plaintiff is entitled to or should recover any

compensatory damages, punitive damages, or exemplary damages.

PRAYER

Defendant prays that Plaintiff take nothing and that Defendant be granted all

additional relief to which this Court finds Defendant justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007 a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

*HUD CASE NO. 06-06-0293-8*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS          §
**Plaintiff**                §
                             §
                             §
v.                           §          CASE NO. 1:06-CV-01964-RCL
                             §
                             §
CHARLES E. BROWN, ET AL.     §
**Defendants**               §

**RECEIVED**

**MAR 1 6 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

Plaintiff, Michael L. Buesgens, has brought suit against thirty-five (35) Defendants, including the Defendant Charles E. Brown, for alleged violations of housing discrimination laws, attorney malpractice, employment discrimination and other incoherent claims. Upon information and belief, the Plaintiff is a resident of Texas and all claims made by Plaintiff arise out of facts which occurred in Texas. Plaintiff has other active civil matters already pending in the Western District of Texas from which there have been multiple appeals docketed with the United States Court of Appeals for the Fifth Circuit. Prior attempts by him to initiate and prosecute claims against Texas defendants in this court have been rebuffed and the case transferred to the proper court with jurisdiction and proper venue—the United States District Court for the Western District of Texas—Austin Division.

The Defendant Charles E. Brown is not a resident of the District of Columbia and has no contact with the District of Columbia. Furthermore, all of the events, actions and transactions by and between the Defendant Charles E. Brown and the Plaintiff occurred in Travis County, Texas. Accordingly, the Defendant Charles E. Brown moves to dismiss the Plaintiff's lawsuit based on lack

H:\A Work\CB\3-Brown, Buesgens, Memorandum.doc

Page 1 of 8

*8 -PAGES*

of personal jurisdiction, improper venue and for failure to state a claim upon which relief could be granted. If the Court is not inclined to dismiss these claims on these bases, the Defendant Charles E. Brown requests that the case be transferred to the Western District of Texas—Austin Division.

## ARGUMENT AND AUTHORITIES

### NO PERSONAL JURISDICTION OVER THE DEFENDANT CHARLES E. BROWN

The Defendant Charles E. Brown is a resident in Texas. Plaintiff Buesgens' complaints against the Defendant Charles E. Brown arise out of his tenancy in, and ultimate eviction from, an apartment community in Austin, Texas known as "Falcon Ridge" owned by Falcon Apartments of Austin, Ltd. Charles Brown, P.C. represented the landlord in a lawsuit to evict the Plaintiff. Armbrust & Brown, L.L.P. represented the landlord in Plaintiff's appeal of his eviction and is co-counsel in representing Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Management Services, L.P., GREP General Partner, L.L.C., Debi Wehmeier, Mandy Rogers and Amanda Torres-Wilson in Plaintiff's fair housing lawsuit pending in the Western District of Texas—Austin Division. Crady, Jewett & McCulley, LLP is co-counsel with Armbrust & Brown in the same federal district lawsuit and also represents these same Defendants in related proceedings filed by Plaintiff with the Multi-District Litigation Panel and pending before the United States Court of Appeals for the Fifth Circuit.

All of the factual statements related to the Defendant Charles E. Brown, even if taken as true, occurred entirely and solely within the State of Texas.

District of Columbia Long Arm Jurisdiction Statute

The Defendant Charles E. Brown does not meet the statutory requirements sufficient to permit this Court to exercise personal jurisdiction over him either through conduct or through an enduring relationship. D.C. CODE ANN. § 12-422, 12, 423 (1981). All of the actions or omissions

H:\A Work\CB\3-Brown, Buesgens, Memorandum.doc

complained of by the Plaintiff about the Defendant Charles E. Brown (occurred in Texas.) Plaintiff fails to allege that any of the incidents giving rise to his claims against the Defendant Charles E. Brown occurred in the District of Columbia.

Due Process Considerations

If this Court were to exercise personal jurisdiction over the Defendant Charles E. Brown, it would violate the due process rights of the Defendant Charles E. Brown guaranteed to them by the Fourteenth Amendment to the United States Constitution. Before this court may exercise personal jurisdiction over a non-resident defendant two requirements must be met: the non-resident defendant must have availed itself of the benefits and protections of the forum states by establishing minimum contacts with it and the court's exercise of personal jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Plaintiff does not allege specific jurisdictional facts but appears to rely on conclusory allegations and appears to aggregate factual allegations among the various Defendants. Such efforts should fail. Plaintiff bears the burden of establishing personal jurisdiction over each individual Defendant. The Plaintiff must allege specific facts upon which personal jurisdiction can be based. *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom., GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Dir. 2000). They may not aggregate factual allegations concerning multiple Defendants in order to demonstrate personal jurisdiction over any one Defendant. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).

*HUD CASE NO. 06-06-0293-8*

A defendant's minimum contacts with the forum state can establish personal jurisdiction. The jurisdiction is either general or specific. General jurisdiction arises when the defendant's contacts

with the forum state are so continuous and systematic as to confer jurisdiction, even when none of the contacts directly relate to the instant case. In that case, even if the forum state has no interest in the specific dispute between the parties, the forum state may still have interest in the defendant because the defendant has already created substantial connections with it. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984). Sporadic or limited contacts with the forum are insufficient to confer general jurisdiction over a non-resident defendant. The Defendant Charles E. Brown has had no contact with the District of Columbia, much less sporadic contacts. Therefore, the Plaintiff cannot establish a systematic or continuing contact between Defendant and the District of Columbia and therefore cannot establish general jurisdiction over the Defendant Charles E. Brown. *HUD CASE NO. 06-06-0293-8*

Plaintiff cannot establish specific jurisdiction over the Defendant Charles E. Brown for the same reason. Specific jurisdiction arises when a defendant's contacts with the forum state are specifically related to the lawsuit in which the Plaintiff seeks to establish jurisdiction. In order to establish the minimum contacts which confer specific jurisdiction, the defendant must have purposefully performed some act or consummated some transaction within the forum state and the cause of action alleged by the Plaintiff must arise from or be connected with that act or transaction. *International Shoe*, 326 U.S. at 318. The Plaintiff's allegations regarding the Defendant Charles E. Brown occurred solely within the State of Texas, Travis County to be precise. None of the allegations have any connection with the District of Columbia.

Finally, the Court should also analyze whether anything within the circumstances of this lawsuit could confer jurisdiction over the Defendant Charles E. Brown so as to comport with the traditional notions of fair play and substantial justice. In reviewing this standard, the Court must consider the following factors: the burden on the Defendant Charles E. Brown, the interest of the

H:\A WorkCB\J-Brown, Ruesgens, Memorandum.doc

forum state, the interests of the Plaintiff in obtaining convenient and effective relief, the interest of the judicial system in efficiently resolving controversies and the interests of the states in furthering fundamental policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105, S.Ct. 2174 (1985).

In applying these factors, exercising jurisdiction over the Defendant Charles E. Brown does not comport with the traditional notions of fair play and substantial justice. The burden on the Defendant Charles E. Brown to defend against the vague complaints in a jurisdiction hundreds of miles from his residence would be substantial. Several of the Defendants are individuals of limited means with only tangential relationship to the allegations made by the Plaintiff. The Defendant Charles E. Brown does not have an office or other business within the District of Columbia. Nothing within Plaintiff's Complaint indicates any specific connection with the District of Columbia as such allegations relate to the Defendant Charles E. Brown. Defendant Charles E. Brown is a resident of Texas and the allegations raised by Plaintiff relate to his fair housing complaints, which are already the subject of a suit pending in the United States District Court for the Western District of Texas— Austin Division (the "Texas Federal Case") and an appeal pending before the United States Court of Appeals for the Fifth Circuit. The fair housing suit in federal district court was set for trial in January 2007 and the appellate case is set on a briefing schedule which begins October 17, 2007. Plaintiff has already elected the forums located in Texas for the resolution of his dispute against the Defendant Charles E. Brown. Clearly the prosecution of these complaints in yet another forum would not promote the convenient or efficient resolution of his claims.

*TRIAL HAS BEGUN ON JANUARY 26, 2006*

## IMPROPER VENUE

Should the Court determine that there is sufficient basis for personal jurisdiction over the Defendant Charles E. Brown, he moves to dismiss this case based on improper venue. It is unclear the basis for Plaintiff's establishment of jurisdiction. If the claims that jurisdiction over the

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

*BUESGENS CANNOT BRING LAWSUIT IN TEXAS SEE JUDGE SPARK ORDER*

Defendant Charles E. Brown are based upon diversity, venue would be proper only in the following

districts: 1) the judicial district where any Defendant resides, if all Defendants reside in the same

state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred or a substantial part of property that this the subject of the action is situated, or 3) a

judicial district in which any Defendant may be found, if there are no districts in which the action

may otherwise be brought.  28 U.S.C. § 1391(b).

Accordingly, venue would be proper in the District of Columbia only if all of the Defendants

resided in the District of Columbia, a substantial part of the actions or omissions which the Plaintiff

alleges occurred in the District of Columbia, or one of the residents resides in the District of

Columbia and there is no other district in which Plaintiff could bring his lawsuit.  None of these

circumstances apply to the Plaintiffs' cause of action.  Accordingly, venue is not proper and the

Plaintiff's claims against the Defendant Charles E. Brown should be dismissed.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff has failed to allege any statutory or common law basis for any claims against the

Defendant Charles E. Brown.  Plaintiff Buesgens filed suit in Federal Court in the Western District

of Texas against many of the same defendants named in this suit.  The Texas Federal Case which

was set for trial in January 2007.  The allegations in the instant case appear to mirror the allegations

in the Texas Federal Case.  Plaintiff Buesgens is apparently not pleased with the way his suit is

progressing and must have thought that naming the defendants in yet another lawsuit might change

the results.  Further, the Plaintiff's Complaint within the instant case fails to state any basis for relief

against Defendant Charles E. Brown.  *TRIAL JANUARY 26, 2006*

Defendant Charles E. Brown represented Falcon Ridge in an eviction case in Justice of the

Peace Court, Precinct 5, Travis County, Texas, and the subsequent appeal of that case in the County

*HUD ADMINISTRATIVE CLOSURE FEBRUARY 17, 2006*

*WHY NOT ?*

Court of Travis County, Texas. Charles E. Brown no longer represents Falcon Ridge in any matters.

Nothing within Plaintiff's Complaint gives rise to any basis for any liability of Charles E. Brown for

representing his clients in litigation with Plaintiff in other forums. Plaintiff alleges that Charles E.

Brown and other attorneys engaged in interference with a contract (Paragraph 35), collusion

(Paragraph 36) and theft or conversion (Paragraph 39). Even if any of these complaints were true,

which Defendant Charles E. Brown strenuously denies. Plaintiff has failed to allege sufficient

specific facts to support these claims and these attorneys have no personal liability to this Plaintiff

for acts taken in the course of representing their clients. *Taco Bell v. Cracken*, 939 F.Supp. 528

(N.D. Tex 1996); *Chapman Children's Trust v. Porter & Hedges L.L.P.* 32 SW 3d 429 (Tex App—

Houston [14th] 2000 pet denied). Plaintiff further suggests that these attorneys have committed third

degree felony offenses in allowing certain corporate charters to be forfeited. (Paragraph 48) Even if

such allegations are true, Plaintiff does not have standing to prosecute such claims, nor does it

provide a basis upon which relief could be granted in favor of Plaintiff.

*R. BARRY ROBINSON*
*AUSA HAS*
*STANDING*

## CONCLUSION

Plaintiff's causes of action against Defendant Charles E. Brown should be dismissed for lack

of personal jurisdiction over him and for improper venue. Nothing within Plaintiff's Complaint gives

rise to a claim upon which relief could be granted.

WHEREFORE PREMISES CONSIDERED, Defendant Charles E. Brown requests this Court

to dismiss Plaintiff's claims against him in Plaintiff's Complaint, or in the alternative, to transfer this

case to the United States District Court for the Western District of Texas—Austin Division, and

enter such other and further orders to which these parties may show themselves to be justly entitled.

Respectfully submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

*1:06CV01964 RBW*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

*HUD CASE NO. 06-06-0293-8
TRIAL HAS BEGUN IN
FALCON RIDGE APARTMENTS
EVICTION TRIAL: 01/26/06*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:06-CV-01964-RCL** |
| | § | |
| **CHARLES E. BROWN, ET AL.** | § | |
| **Defendants** | § | |
| | § | |

RBW

3/16/2007

## <u>ORDER</u>

Upon consideration of Defendant Charles E. Brown's Motion to Dismiss or, in the alternative, to transfer the pending action to the United States District Court for the Western District of Texas-Austin, it is hereby

ORDERED that Defendant Charles E. Brown's Motion to Dismiss is GRANTED/DENIED.

ORDERED that Defendant Charles E. Brown's Motion to transfer the pending action to the United States District Court for the Western District of Texas-Austin is GRANTED/DENIED.

_____
ROYCE C. LAMBERTH
United States District Judge

Page 1 of 1

# PLAINTIFF EXHIBIT NO. 5

HUD CASE 06-06-293-8

24 CFR PART 115 SUBPART B SECTION 115.206

**(2) *Performance Standard 2*. Administrative closures are utilized only in limited and appropriate circumstances. Administrative closures should be distinguished from a closure on the merits and may not be used instead of making a recommendation or determination of reasonable or no reasonable cause. HUD will provide further guidance to interim and certified agencies on the appropriate circumstances for administrative closures.**

PETITIONER BUESGENS HOUSING
DISCRIMINATION COMPLAINT WAS
DISMISSED BASED ON TRIAL HAS
BEGUN IN EVICTION SUIT 041509
TRIAL 1/26/2006

*FALCON RIDGE APARTMENTS TRIAL*

**5. Trial has Commenced:** *EVICTION SUIT 041509*

Under the I air Housing Act, a complaint may be closed once a civil trial of a lawsuit on the allegations in the complaint has begun. A complaint should not be closed merely because a lawsuit has been filed, because a trial date has been set, or because the case has been dismissed on a motion of a party, such as a motion for summary judgment. *TRIAL 1 /26/06*

The determination of whether legal action has been taken to bar further investigative action may require consultation with counsel. In some circumstances, the issue is not whether the trial has commenced but whether the action taken in an administrative or judicial proceeding itself bars further Departmental action under principles of res iudicata or collateral estoppel. Completion of an eviction proceeding, even if there has been a trial, may not be enough to bar further investigation. Similarly, administrative action by a State or local agency, even if it enforces rights and remedies which are substantially equivalent to those in the Act, may not be a bar. Even action by another federal agency, such as the Department of Justice in a pattern and practice case, may not bar an individual action. Consult counsel in these and similar circumstances. *HUD CASE 06-06-293-8*

If trial has begun, an administrative closure must be supported by documentation that this is the case. A written affirmed statement from the complainant or attorney for the complainant is adequate, as is written information from the clerk of the court in which the case is being heard. Such a closure should include written notification to all parties by regular and certified mail.

# PLAINTIFF EXHIBIT NO. 6

VOIR DIRE
TRIAL
1/26/2006
EVICTION
SUIT
041509

√ = jurors selected

CAUSE # 041509 Falcon Ridge Apartments VS. Michael L. Desagun

Jan 26, 2006
9:15 AM

| | | | | |
|---|---|---|---|---|
| 20 JR LYNN JANELL PEREZ *Excused* | 19 BRENT CARLYLE POHL *Excused* | 18 BETTY CRAWFORD | 17 MARIANN JOHNSTON | 16 HILARY LYN REYES |
| 15 ALAN ROSWELL WERNER *Excused* | 14 RACHEL ANN ATTEBURY *Excused* | 13 MADELON URLAUF √ | 12 GARY PAUL DAVIS √ | 11 CATHERINE BROWN SPENCER √ |
| 10 KENNETH WAYNE GOHEEN *Excused* | 09 RAMON HERRERA *No Show* | 08 JAMES PATRICK OGRADY √ | 07 *EXCUSED* | 06 AMANDA DANIELLE VELA √ |
| 05 SCOTT BROWNING COOMBES | 04 EXCUSED | 03 ANGEL GUILLERMO CORTINA √ | 02 LAUREN A DAVIS √ | 01 DARLENE JONES √ |

# PLAINTIFF EXHIBIT NO. 7

OneSite } Final account statement : Michael Buesgens                    Page 1 of 1

**Falcon Ridge**
500 E Stassney Ln
Austin, TX 78745-3243

Buesgens, Michael
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US

## Final account statement

| Ledger Account at move-out | | FAS Prepared | |
|---|---|---|---|
| Rent | 3,893.71 | Date | 07/12/2006 |
| Balance at move-out | $3,893.71 | User | Shepherd, Samantha |
| **Deposit Activities** | | **Pay to** | |
| Total Deposits on hand | $0.00 | Buesgens, Michael | |
| **Additional charges/credits/payments after move-out** | | | |
| Total additional charges / credits / payments | $0.00 | **Lease Information : Unit 01023** | |
| | | Move-in | 06/26/2003 |
| **Final Account balance** | | Notice given | 07/07/2006 |
| Balance at move-out | 3,893.71 | Lease expires | 10/22/2006 |
| Total Deposits | 0.00 | Move-out | 07/09/2006 |
| Total additional charges / credits / payments | 0.00 | Move-out reason  Evicted | |
| Total account balance due | $3,893.71 | | |

*3,893.00*

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

_____          SAMANTHA DAWN SHEPHERD
Manager

# PLAINTIFF EXHIBIT NO. 8



**New England**

**U.S. Department of Housing and Urban Development**

Office of the Regional Counsel
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street
Boston, Massachusetts 02222-1092

*FEDERAL TORT CLAIMS ACT*

(617) 994-8250   FAX: 565-7337

*HUD CASE NO. 06-06-0293-8*

*MAY - 4 2007*

Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX 78703

Subject: <u>Freedom of Information Act Request</u>

Dear Mr. Buesgens:

This letter is in response to your <u>Freedom of Information Act</u> ("FOIA") request dated April 3, 2007 seeking documents and audiotapes of your telephone conversation with John A. Benavides and Charles Eads Brown. Please be advised that the records you have described in your FOIA request are not in the possession of our office.

Pursuant to 24 C.F.R. § 15.111 you may appeal this denial of your request within thirty (30) days of the date of this letter. Your appeal should describe and identify the basis for your appeal, and in particular indicate why you believe that the information is not in the possession of this office. Your appeal must include a copy of your original FOIA request and a copy of this response to your request, as well as a statement of all of the reasons, circumstances, or arguments that you wish to assert in support of disclosure. The envelope containing your appeal should be clearly identified and prominently marked as a "Freedom of Information Act Appeal" and it should be addressed to the Assistant General Counsel for Procurement and Administrative Law. Room 10176, 451 Seventh Street, SW, Washington. D.C., 20410.

Sincerely,

Miniard Culpepper
Regional Counsel
*BOSTON, MA*