# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001

Michael L. Buesgens

      Plaintiff

                                  Civil No.
                           **1:06CV01964-RBW**

**V.**

Charles Eads Brown,
Attorney

R. Barry Robinson,
Assistant U.S. Attorney

      Defendants, et al

# PLAINTIFF BUESGENS MOTION FOR JOINDER
# OF CLAIMS, PARTIES, AND REMEDIES

Pursuant to Federal Rules of Civil Procedure
Rule 18(a) (b), Rule 19(a) (1) (A), Rule 20(a) (2)
(A), (B), and (3).

Plaintiff Buesgens has **two federal tort claims** and **Freedom of Information Act complaints** against United States Department of Housing and Urban Development **(HUD)**, **Kim Kendrick**, Assistant Secretary Fair Housing Equal Opportunity **(FHEO)** Washington, DC, and **Miniard Culpepper**, General Counsel; **HUD** New England tort claims center Boston, Massachusetts.

**Personal injury** administrative claims under the **Federal Tort Claims Act form SF95**. Buesgens filed these claims in **2006** and **2007** with **Kim Kendrick** and **Miniard Culpepper**. **There has not been** any litigation for these claims **in any forum**.

The **central issue** is **Kim Kendrick administrative closure** of Buesgens **housing discrimination complaint** against **Falcon Ridge Apartments Austin**, Texas, property owners, and general partners, **Arnold Carl Tauch** and **Jack Cregg Moss** Houston, Texas.

Plaintiff Buesgens **Dual filed,** City of Austin **(HUD Fair Housing Assistance Program-FHAP)** and U.S. Department of Housing and Urban Development **HUD** case No. **06-06-0293-8**.

One of the issues in **Plaintiff Buesgens** civil action No. **1:06CV01964-RBW** is Attorney **Charles Eads Brown** and Assistant U.S. Attorney **R. Barry Robinson** **interference,** and **misconduct,** in Buesgens **housing discrimination complaint** against **Falcon Ridge Apartments,** et al.

Attorney Charles Eads Brown **represented Arnold Carl Tauch, Jack Cregg Moss,** and Falcon Ridge Apartments in **HUD** case No. **06-06-0293-8** filed **December 28, 2005** and **eviction** case No. **041509** filed **December 30, 2005**.

Assistant U.S. Attorney **R. Barry Robinson represented** U.S. Department of Housing & Urban Development in Buesgens **petition for review** of **HUD** case No. **06-06-0293-8,** Petition No. **06-60777** at Fifth Circuit Court of Appeals.

HUD **case No.** 06-06-0293-8 filed **December 28, 2005** and **closed February 17, 2006.** Buesgens housing discrimination complaint **closed based** on a letter to **HUD** dated **February 10, 2006,** from the eviction Attorney **Charles Eads Brown.**

**Charles Eads Brown** letter **notified** the City of Austin, HUD, and U.S. Attorney Office that **trial has begun** in Buesgens housing discrimination complaint.

**The trial,** Attorney Brown was referring to in his letter was Falcon Ridge Apartments, Arnold Carl Tauch, and Jack Cregg Moss **eviction trial** against **tenant** Buesgens **January 26, 2006.**

The **sole issue** at **Charles Eads Brown** eviction trial **(January 26, 2006)** is the **possession** of the property. Buesgens **could not present** housing discrimination complaint at eviction trial. **See** Texas Rules of Civil Procedure, forcible detainer.

4

**Kim Kendrick,** Assistant Secretary **HUD** Fair Housing Equal Opportunity Office sent Buesgens a letter dated **July 28, 2006.**

**Kim Kendrick, approved** the **administrative closure** of Buesgens **dual filed** (City of Austin, TX, and HUD), housing discrimination complaint against **Falcon Ridge Apartments, et al.**

**HUD** case No. **06-06-0293-8** closed **based on trial has begun** in **Charles Eads Brown** eviction suit against **tenant Buesgens.**

### See Plaintiff Buesgens exhibits
### Federal Tort Claims Act Court Filing 07/31/08

1. Charles Eads Brown letter dated **02/10/2006.**

2. John A. Benavides, **HUD** certified investigator letter dated **02/17/2006.**

3. Kim Kendrick letter dated **07/28/2006.**

4. William J. Daley, **HUD** letter dated **10/01/2007**

5. Buesgens Federal Tort Claim **2006**

6. Buesgens Federal Tort Claim **2007**

7. **Buesgens** numerous **HUD Freedom of Information Act Requests** to **Kim Kendrick, et al Washington, DC** for The **Administrative Record HUD** case No. **06-06-0293-8**

## DISCRETION

**Kim Kendrick,** Assistant Secretary Fair Housing Equal Opportunity, U.S. Department of Housing & Urban Development, and **City of Austin** Fair Housing Assistance Program **(FHAP)** Office **do not have discretion.** To do her **HUD administrative closure** of Plaintiff Buesgens housing discrimination complaint **HUD** case No. 06-06-0293-8, **based on the trial has begun.** In attorney Charles Eads Brown, Falcon Ridge Apartment property Owners, Arnold Carl Tauch, and  Jack Cregg Moss, **eviction trial January 26, 2006.**

6

# THIS COURTS JURISDICTION

The interference and misconduct with Buesgens housing discrimination complaint occurred in Washington, DC and it continues into 2008.

Plaintiff Buesgens contacts with Kim Kendrick and HUD officials Washington, DC began in 2006 and continued throughout 2007 and 2008.

Buesgens **denied** housing accommodation in the United States and has resided at **Extended Stay Hotel** since **July 17, 2006.**

Plaintiff Buesgens **denied** housing accommodation at the following multi-family apartment communities

1. Heights Apartments Milwaukie, **Oregon**

2. Sandpiper Apartments Sacramento, **California**

3. Four Winds Apartments Overland Park, **Kansas**

4. Rosemount at Hidden Creek Apartments Austin, **TX**

5. Other multi-family apartment communities in Austin, Texas

Plaintiff Buesgens is a **former IRS employee** at **Commissioners Internal Revenue Service,** Customer Service Building 1821 Directors Blvd Austin, Texas 78744. The IRS customer service building is **located** one mile from **Falcon Ridge Apartments.**

Plaintiff Buesgens is a **former tenant** at Falcon Ridge Apartments **Apartment 1023** 500 East Stassney Lane Austin, Texas 78745.

Plaintiff Buesgens has alleged **(2006)** that **Commissioners Internal Revenue Service employees** living at Falcon Ridge Apartments **polluted the well,** with their talk about tenant Buesgens medical disability bipolar and his **involuntary** disability retirement at the IRS on **March 7, 2005.**

Buesgens claims that **IRS employee's misconduct** at Falcon Ridge Apartments **contributed** to his unlawful eviction **under color of state law** on **July 6, 2006 at 10:00am.**

From **July 6, 2006** through **July 12, 2006**, all **(10 Boxes)** of Buesgens **medical records**, VA medical records, **EEOC** records, **MSPB** records, administrative tort claims and federal court **evidence** for **potential** and **pending** litigation were **stolen** and **removed** from his apartment No. **1023** at Falcon Ridge Apartments.

Plaintiff Buesgens alleges that all the foregoing records **turned over** to **R. Barry Robinson**, AUSA **or** his agent and the **U.S. Attorney Office** Austin, Texas.

Buesgens was at Seton Shoal Creek Hospital from **July 6, 2006** through **July 12, 2006** for decompensating bipolar. The hospital bill is **$7,300.00**. Buesgens had **State Farm** (tenant/renter) policy No. **83-LV-0578-9**, his claims for personal injury and theft denied, and not litigated. **State Farm** Adjuster **Jay Lawrence Vath** refused to appear or turn over his investigative record despite Buesgens **subpoena in civil No. 1:06CV00226-LY.**

## RECORDS AND WITNESSES NOT ALLOWED

Private Attorneys Charles Eads Brown, Gregory Scott Cagle, Shelley Bush Marmon, and R. Barry Robinson, AUSA, the  efendants, and the courts staff Austin, Texas **promoted and participated** in the **no evidence** and **no legal remedies allowed** for Plaintiff-Defendant-Creditor-Adversary **Buesgens litigation.**

**For Example:**

1. **HUD** administrative record never presented **Dual Filed** HUD case No. **06-06-0293-8**

2. Buesgens housing discrimination complaint **never went to trial anywhere**

3. **Voir Dire witnesses** for Attorney Charles Eads Brown **misconduct** on **January 26, 2006** told to stay away and Buesgens could not subpoena them.

4. **Falcon Ridge Apartment Managers:** Mandy Marie Roger, Samantha Dawn Shepherd, Amanda Nicollet Wilson-Torres, and maintenance the man Jack E. Fritts **untouchable and no subpoena allowed.**

**Rogers**, **Shepherd**, **Torres**, and **Fritts** have **evidence** for Plaintiff Buesgens allegations against Commissioners Internal Revenue Service employees living at **Falcon Ridge Apartments** and **evidence** for Buesgens claim that his medical records and federal court **evidence** were in fact, **turned over** to U.S. Attorney Office Austin, Texas **July 6, 2006** through **July 12, 2006**.

5. **State Farm Fire and Casualty Company** adjuster **Jay Lawrence Vath** investigative record for Buesgens personal injury and theft claims at **Falcon Ridge Apartments** remains hidden and no subpoenas allowed. Renter/Tenant Policy No. **83-LV-0578-9**

6. The **only** witness against Buesgens **Megan Monique Goeres** received **economic benefits** for her **testimony against Buesgens** at eviction trial and the eviction appeal. Goeres got a **larger apartment** at reduced rental rate. Buesgens also believes she received **financial help** for her **June 2006 home purchase**.

11

**Creditor-Plaintiff Buesgens** forced to present his litigation claims for his **related** employment discrimination, housing discrimination, and creditor-adversary claims without his **record evidence** in the following litigation:

1. **IRS** Bankruptcy **Crimes** Case No. **06-11164-FRM**
   U.S. Bankruptcy Court Austin, Texas
   A. Filed 07/31/2006
   B. Discharged 02/07/2007
   C. Charles R. Nettles, Bankruptcy Attorney
   D. R. Barry Robinson, AUSA

2. Civil No. **1:06CV01558-RCL**
   U.S. District Court for the District of Columbia
   A. Filed 09/01/2006-**Federal Tort Claims Act**
   B. **Transferred to Texas 12/05/2006**
   C. R. Barry Robinson, AUSA
   D. Karen L. Melnik, AUSA

3. MSPB case No. **DA-1221-06-0171-W-1**
   A. Closed in August 2006
   B. Michael Lynn Salyard, IRS Attorney

4. Civil No. **1:05CV00243-SS**
   U.S. District Court Austin, Texas
   A. Filed 04/05/2005
   B. Closed 12/06/2006
   C. R. Barry Robinson, AUSA

5. Civil No. **1:05CV02334-RCL**
   U.S. District Court for the District of Columbia
   A. **Transferred to Texas 05/09/2006**
   B. Michael Lynn Salyards, IRS Attorney
   C. Karen L. Melnik, AUSA
   D. R. Barry Robinson, AUSA

U.S. Attorney Office Austin, Texas and Washington, DC have **actively participated** in a **cover up related** to Buesgens employment, housing, and bankruptcy litigation. That now includes litigation at U.S. Tax Court for Buesgens Petition **No. 05789-08**.

**See R. Barry Robinson**, AUSA in Buesgens petition for review No. **06-60777** at Fifth Circuit Court of Appeals. **No HUD** administrative record presented or allowed. **Same thing**, at the Tenth Circuit Court of Appeals, petition for review No. **07-9574**. **No HUD** record presented or allowed.

Respectfully Submitted,

Michael L. Buesgens

August 10, 2008

**13**

# CERTIFICATE OF SERVICE

I hereby certify, that I sent one true copy Priority mail, delivery confirmation, on this 13th day of August 2008 addressed to


1. R. Barry Robinson, AUSA
2. Pat S. Genis, AUSA
3. Karen L. Melnik, AUSA
4. Michael Lynn Salyards, IRS Attorney
   **U.S. Attorney Office**
   816 Congress Avenue, Suite 1000
   Austin, Texas 78701

5. **Kim Kendrick, Assistant Secretary**
   A. Fair Housing Equal Opportunity-**FHEO**
   B. Fair Housing Assistance Program-**FHAP**
   C. HUD case No. 06-06-0293-8, Texas
   D. HUD case No. 07-07-0814-8, Kansas
   E. HUD case No. 07-H-066, Sacramento, CA
   **U.S. Department of Housing & Urban Development**
   Mail Code E, Room 5100
   451 Seventh Street, SW
   Washington, DC 20410

6. **Charles Eads Brown**
   A. Eviction Trial **01/26/2006**
   B. Eviction Appeal Trial **06/16/2006**
   C. **No** Trial for Housing Discrimination
   3624 North Hills Drive, B 100
   Austin, Texas 78731

7. **Gregory Scott Cagle, Attorney**
   Armbrust & Brown, LLP
   A. **HUD** case No. **06-06-0293-8**
   B. **Trial never began anywhere**
8. Felix Tarango, Attorney, Travis County
9. Chester E. Beaver, Jr., Attorney
   City of Austin
   100 Congress Avenue Suit 1300
   Austin, Texas 78701

10. **Shelley Bush Marmon, Attorney**
    A. **HUD** case No. **06-06-0293-8**
    B. **No Housing Discrimination Complaint Trial**
11. Arnold Carl Tauch, Property Owner
12. Jack Cregg Moss, General Partner
    **Falcon Ridge Apartments**
    **Crady, Jewett, McCulley, LLP**
    2727 Allen Parkway, Suite 1700
    Houston, Texas 77019

**Michael L. Buesgens**
Plaintiff-Creditor- Debtor
Former IRS Employee
Former Tenant Falcon Ridge Apartments
Extended Stay Hotel
8821 North IH 35, Room 459
Austin, Texas 78753
**Mailing Address**
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com
**August 10, 2008**

# PLAINTIFF EXHIBIT NO. 1

3/28/06

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheets, if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

HUD - OFFICE OF LITIGATION ASSOCIATE GENERAL COUNSEL 457 7TH STREET S.W. WASHINGTON, DC 20410

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**

MICHAEL L. BUESGENS 500 E STASSNEY #1023 AUSTIN, TX 78745

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 040350 | SINGLE | DECEMBER 28, 2005 | 2:00 PM |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

THIS COMPLAINT IS BEING BROUGHT AGAINST THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT AND DEPARTMENT OF TREASURY AND INTERNAL REVENUE SERVICE AND U.S. POSTAL INSPECTION SERVICE U.S.P.S.          PLEASE SEE ATTACHMENT

**9.** PROPERTY DAMAGE

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** (Number, street, city, State, and Zip Code)

N/A

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.** (See instructions on reverse side.)

N/A

**10.** PERSONAL INJURY/WRONGFUL DEATH

**STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.**

PLEASE SEE ATTACHMENT

**11.** WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| WHO NEEDS WITNESSES WHEN YOU HAVE DOCUMENTARY OF GENUINE MATERIAL FACT AND A TIMELINE     PLEASE SEE ATTACHMENT | |

**12.** (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| NA | $5,000,000.00 | | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Michael Buesgens | 512-447-7031 | MARCH 28, 2006 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# PLAINTIFF EXHIBIT NO. 2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 5/26/07 |

**1. Submit To Appropriate Federal Agency:**
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT NEW ENGLAND FEDERAL TORT CLAIMS CENTER

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)**
MICHAEL L. BUESGENS 3112 WINDSOR RD #A322 AUSTIN, TEXAS 78703

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 09/03/50 | 5. MARITAL STATUS SINGLE | 6. DATE AND DAY OF ACCIDENT CONTINUING VIOLATIONS | 7. TIME (A.M. OR P.M.) |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)
PERSONAL INJURY - HOUSING DISCRIMINATION RETALIATION - CONTINUING VIOLATIONS - WRONGFUL EVICTION - WRONGFUL TERMINATION OF LEASE CONTRACT - INTERFERENCE WITH HUD COMPLAINT AND LEASE

**9. PROPERTY DAMAGE**

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)**

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)**
THEFT AND REMOVAL - UNLAWFUL CONVERSION OF MICHAEL L BUESGENS POSSESSIONS AND FEDERAL EVIDENCE

**10. PERSONAL INJURY/WRONGFUL DEATH**

**STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.**
PHYSICAL AND MENTAL INJURIES. AGGRAVATION OF MEDICAL DISABILITY. BIPOLAR. HOSPITALIZATION. INCREASE IN MEDICATIONS

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| DOCUMENTARY EVIDENCE - SEQUENCE OF EVENTS PRIMAFACIE CASE OF WRONGDOING BASED ON THE STATUTES AND REGULATIONS | |

**12. (See instructions on reverse.)     AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $1,245,000.00 | $1,500,000.00 | | $2,745,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Michael L Buesgens | 13b. Phone number of person signing form 512-339-6005 X 7958 | 14. DATE OF SIGNATURE MAY 26, 07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |

CULPEPPER - KATZ ET. AL.
PAGE 1 OF 29 + EXHIBITS

# PLAINTIFF EXHIBIT NO. 3



# MANAGEMENT
## S E R V I C E S

**Concession Reimbursement**
**Addendum to Apartment Lease Contract**

The move in special/concession or lease renewal special is contingent upon full and complete compliance with the Lease Agreement, including rent being paid on or before the stipulated due date each month and completing the full term of the lease agreement. If the lessee fails to comply with the lease agreement in any manner, including paying rent late or lease violations due to noise, etc., *or terminates the lease prior to the expiration of the term, the amount of the concession is due and payable in full.*

In case of conflict between the provisions of this addendum and any other provisions of the lease, the provisions of this addendum shall govern.

The rental rate on Apartment # **1023** is being adjusted from $ **730** the current market rent, for the following reason and according to the following terms:
(Above market rent includes: check all that apply: ____ garage ____ carport ____ storage ____ washer/dryer)

1. _✓__ Concession of $ **111** per month.
   For the following specified month(s)(indicate each month and year, if more than one):
   **Dec. 21,** 2005 - **Oct. 22,** 200**6**

   **OR**

2. _____ A one time ____move-in___ renewal special of $ _____ for the month of _____, 200__, which will be the first full month.

The pro-rated amount upon move-in will be $ **619** for the month of **Dec** , 200**5**

Thereafter, the monthly rent will be $ **619** starting with the month of **Jan** ,200**6** and ending on the **22nd** day of the month of **Oct** , 200**6**

The total amount of the concession covered by this Lease Addendum is $ **1110**.

*If the Lease Agreement is terminated prior to the lease expiration date agreed in the apartment Lease Agreement, the total amount of the concession taken must be repaid at the time of the lease termination. The cancellation fee (if applicable, as discussed in the lease) is paid at the full market rental rate as stated on the front page of the Lease Contract, not the reduced rate mentioned above. Otherwise, you will be charge a re-letting fee (which is not a cancellation fee), in addition to owing accelerated rent through the end of your lease term.*
*If a locator referred you to our property, a fee will be paid to the locator. It is the locator's responsibility to reimburse our company the total fee paid should you break your contract within the first 90 days of residency. Should the locator default, and not reimburse us, you will be charged the entire amount of the locator fee. Should you break your lease contract after 90 days, we will require you to reimburse the property the prorated share of the locator fee paid. The prorated share is based on the lease term indicated on your lease contract.*

| | | |
|---|---|---|
| Resident Signature | Resident Signature | Date 12/5/06 |
| Resident Signature | Resident Signature | Date |
| Greystar Associate | Date 12/5/06 | |

**PLAINTIFF EXHIBIT NO. 4**

**CHARLES E. BROWN, P.C.**
ATTORNEY AT LAW
BOARD CERTIFIED
COMMERCIAL & RESIDENTIAL REAL ESTATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

3624 NORTH HILLS DR., SUITE B-100
AUSTIN, TEXAS 78731

512-346-6000
FAX: 512-346-6005
CBROWN@CHARLESBROWNLAW.COM

February 10, 2006    2/10/06

Mr. Charles H. Gorham, Administrator
Mr. John A. Benavides, Lead Investigator
City of Austin, Equal Employment/Fair Housing Office
505 Barton Springs Road, Suite 720
Austin, Texas 78704

*Via Facsimile (512) 974-3278*

Re:    Housing Discrimination Complaint
Michael Buesgens v. Falcon Ridge Apartments
COA, EE/FHO 01-06-0016-HG; HUD 06-06-0293-8

Dear Mr. Gorham and Mr. Benavides:

*EVICTION CASE 041509*
*TRIAL 1/26/06*
*TRIAL HAS BEGUN*

I have attached the following:

1. Defendant's Original Counterclaim (filed by Michael Buesgens in the eviction case heard by the Justice of the Peace, Precinct 5).

2. Notice of Appeal and Costs (Michael Buesgens' appeal of eviction judgment in favor of Falcon Ridge Apartments).

3. Plaintiff's Original Complaint, Petition for Damages, and Petition for Temporary Restraining Order (filed by Michael Buesgens in Travis County District Court).

There are approximately 50 pages of exhibits attached to Plaintiff's Original Petition. Due to their volume, I did not attach the exhibits. However, I will be happy to provide the documents at your request.

2-Falcon Ridge, Michael Buesgens, ltr to HUD and Benavides Appeal

*2/10/06*

*TRIAL HAS BEGUN IN EVICTION CASE 041509 TRIAL 1/26/2006*

Jan 31 04 10:40a    Charles F██████wn                    ,?3468005          p.3

Thank you for your attention to this matter. Please let me know if you have any questions or need further information.

Sincerely,

Charles E. Brown
Attachments

cc:    Falcon Ridge Apartments

*ADMINISTRATIVE CLOSURE OF HUD CASE 06-06-0293-8 BECAUSE TRIAL HAS BEGUN IN FALCON RIDGE APARTMENTS EVICTION SUIT*

# PLAINTIFF EXHIBIT NO. 5

HUD CASE NO. 06-06-0293-8



**City of Austin, Equal Employment/
Fair Housing Office**
Mailing:    P. O. Box 1088, Austin, Texas 78767
Physical:   505 Barton Springs Rd. Suite720 , Austin, Texas 78704
512/974-3251 *(Voice)* 512/974-2445 *(TDD)* 512/974-3278 *(Fax)*

EVICTION SUIT
CASE NO. 041509

February 17, 2006

Michael Buesgens
500E. Stassney Lane Apt-1023
Austin, Texas 78745

RE: 06-06-0293-8/ HUD; 01-06-0028-HG/COA.EE/FHO
   Michael Buesgens v Mandy Rogers, Falcon Ridge Apartments, Falcon Ridge LP

Dear Mr. Buesgens:

Please let this letter confirm our telephone conversation of this morning. You indicated that you wish to amend your complaint and you were told that your original complaint was heard in JP court with a jury trial. You confirmed that the decision was in favor of the complex and you were evicted and fined $5000.00 attorney's fees with a $10,000. Bond that you had to post. This court action took place on 01/26/2006. You indicated during your telephone conversation of 01/27/2006 that you would be appealing the decision in County Court.

You were invited to come in to file a new complaint. The original complaint has already been heard by the courts and the administrative processing is over when the matter is heard by the courts. That complaint will be closed based on the fact that it has been heard in the courts. We will take a new complaint on any issue that is covered by the Fair Housing Act that was not alleged on the first complaint.

I look forward to you coming in to file the new complaint.

Sincerely,

John A. Benavides
John A. Benavides
Lead Investigator

Cc: Nekesha Phoenix.
   Austin Tenants Council

# PLAINTIFF EXHIBIT NO. 6



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
Fort Worth Regional Office
Office of Fair Housing and Equal Opportunity
801 Cherry Street    PO Box 2905
Fort Worth, Texas 76113-2905
Telephone: 1-888-560-8913 Fax: 1-817-978-5876
www.Hud.Gov

APR 2 1 2006

Mr. Michael L. Buesgens
500 E. Stassney Apt 1023
Austin, TX  78745

Subject: Fair Housing Complaint Case No. 06-0293-8, Michael L. Buesgens v
         Mandy Rogers,

Dear Mr. Buesgens:

       Your February 28, 2006 fax regarding the processing of your complaint
by the City of Austin Equal Employment/Fair Housing Office (AEEFHO) was
received by this Office.  After analysis of your complaint, this Office
Office concurs with AEEFHO's determination to administratively close the
investigation based upon that fact that trial has begun.  As this is an
ongoing litigation, this Office will not initiate any further actions
regarding this matter.

       Your complaint forwarded from the Texas Workforce Commission Civil
Rights Division filed against Austin Fair Housing Office, Mr.Gorham, Mr.
Benavides and Mr. Brown was received in this office on March 28, 2006.  You
may address your concerns with employees of the City of Austin with the City
of Austin Director of Human Resources.  For your concerns with Mr. Brown, you
may contact the Texas Bar Association.

       As these issues are ongoing litigation, this Office will not initiate
any further actions regarding this matter.  If you have additional questions,
you may contact this office at 1-888-560-8913.

                         Sincerely,

                         Garry L. Sweeney
                         Director,
                         Office of Fair Housing
                            And Equal Opportunity
                         Region VI

cc: AEEFH

# PLAINTIFF EXHIBIT NO. 7



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-2000

July 28, 2006



ASSISTANT SECRETARY FOR
FAIR HOUSING AND EQUAL OPPORTUNITY

Mr. Michael L. Buesgens
500 Stassney, Apartment No.1023
Austin, TX 78745-3243

Dear Mr. Buesgens:

I am in receipt of your letters of May 31, 2006, and June 6, 2006, wherein you allege misconduct by Fair Housing and Equal Opportunity officials. You specifically allege that, "FHA Statutes and HUD Regulations are being ignored and omitted by them." As a result, you request the removal of U.S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity (FHEO), employees Garry Sweeney, Milton Turner, Turner Russell, and Joe F. Castillo. You also request the Department investigate the actions of certain staff of the City of Austin, Texas.

In response to your complaint, the Department reviewed and assessed the performance of the named HUD personnel in the conduct of their duties to ensure that their actions are in compliance with HUD's guidelines, procedures, and practices for conducting inquiries and investigations under Title VIII of the Fair Housing Act, as amended. We have concluded that there is no evidence to suggest HUD personnel acted improperly regarding the processing of your complaint. The evidence suggests the employees' conduct was appropriate and consistent with HUD policy.

Your decision to move your case to state court required that the City of Austin, Equal Employment/Fair Housing Office close your case. Additionally, the commencement of trial prevented further action by the Office of Fair Housing and Equal Opportunity. Garry Sweeney, FHEO Region VI Director, acting in compliance with Federal regulations and fair housing policy, advised you in a letter dated April 21, 2006, that your case was administratively closed because of the ongoing litigation. The relevant regulation states, "[u]nder the Act [...] the Secretary may not issue a charge of discrimination regarding an alleged discriminatory housing practice after trial begins in a civil action commenced by the aggrieved person under an Act of Congress or a State law seeking relief with respect to a discriminatory housing practice." 42 U.S.C. Section 3610(g)(4).

The Department does not have jurisdiction to investigate your allegations against non-federal government employees -- namely, Charles Gorham and John Benavides of Austin, Equal Employment/Fair Housing Office (AEEFHO). You may wish to contact Cathy Rodgers, Director, Human Resources and Civil Service of the AEEFHO at 512-974-3250. The address is P.O. Box 1088, Austin, Texas 78767-3243.

2

Because you elected to file an action in court, the Department can no longer assist you in this matter. However, an additional source of information that you may find helpful is the:

Texas Department of Housing & Community Affairs
Post Office Box 13941
Austin, TX 78711-3941

If the Department can be of further assistance, do not hesitate to contact Garry Sweeney at our Fort Worth Regional office on 817-978-5900.

Sincerely,

*Kim Kendrick*

Kim Kendrick

*ASSISTANT SECRETARY*
*HUD - FHEO*
*JULY 28, 2006*

# PLAINTIFF EXHIBIT NO. 8

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

_WESTERN_    DISTRICT OF    _TEXAS, AUSTIN DIVISION_

_MICHAEL L. BUESGENS_
V.
**SUBPOENA IN A CIVIL CASE**

_FALCON APARTMENTS OF AUSTIN_
_I, INC_    Case Number:[1]    _A-06-CA-226 CY_

TO:  _JAY VATH, CLAIMS REPRESENTATIVE_
_STATE FARM INSURANCE CAPITOL AREA OPERATIONS_
_10801 N MOPAC EXPRESSWAY BUILDING ONE, SUITE 100_

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.    _AUSTIN, TEXAS 78759_

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

Ⓖ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): _CLAIM # 53-9912-798_
_YOUR INVESTIGATIVE FILE OF BUESGENS THEFT_
_CLAIM AND PERSONAL INJURY CLAIM._

| PLACE  _CLERKS OFFICE_<br>_U.S. DISTRICT COURT AUSTIN DIVISION_ | DATE AND TIME  _9:00AM_<br>_09/15/2006_ |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| WILLIAM G. PUTNICKI      CLERK U.S. DISTRICT COURT | AUG 25 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

_Anita Katzenmeier_

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

POLICY NO. 83-LV-0578-9
SUBPOENA SERVED ON STATE FARM
JAY VATH, ADJUSTER

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | 8/31/06 @ 2:48pm | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jay Vath | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Samuel weeks | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___8/31/06___
                      DATE

_Samuel Weeks_
SIGNATURE OF SERVER

Weeks and Associates, L.L.C.
ADDRESS OF SERVER West 12th Street
Suite 305
Austin, Texas 78701

1:06CV00226LY-EP
U.S. DISTRICT COURT
AUSTIN, TEXAS

**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



*SUBPOENA*
*STATE FARM*

September 7, 2006

8900 Amberglen Blvd.
Austin, Texas 78729-1110

Michael L. Buesgens
Information Recovery Program
3112 Windsor Rd., #A322
Austin, Texas 78703

*1:06CV00226-LY-EP*

RE:    *Michael L. Buesgens vs. Falcon Apartments of Austin, Inc.*

Dear Mr. Buesgens:

Our office is in receipt of your correspondence requesting records concerning the above-referenced case.

We are unable to respond to your request for the following reason:

You have failed to identify a legal entity to whom the subpoena and notice is directed. The subpoena and notice must properly designate the entity from which you are requesting information and documents. The subpoena requests records pertaining to 53-Q912-998; the proper entity name for this 53-Q912-998 is State Farm Lloyds. No abbreviations are accepted. The subpoena must be served to the "Custodian of Records," State Farm Lloyds, 8900 Amberglen Boulevard, Austin, Texas 78729 via hand-delivery or certified mail.

We are closing our file at this time pending receipt of proper notice and a valid subpoena served in compliance with the Federal Rules of Civil Procedure.

If you have any questions, please feel free to contact me at (512) 918-4585.

Sincerely,

*JAY LAWRENCE VATH, INVESTIGATOR*
*IS NOT A LEGAL ENTITY*

Marc Malinger
Attorney

MM:ndt

# PLAINTIFF EXHIBIT NO. 9

OneSite - Final account statement : Michael Buesgens    Page 1 of 1

**Falcon Ridge**
500 E Stassney Ln
Austin, TX 78745-3243

Buesgens, Michael
500 E Stassney Ln Apt 1023
Austin, TX 78745-3275 US

## Final account statement

7/12/06

| Ledger Account at move-out | | | FAS Prepared | |
|---|---|---|---|---|
| Rent | 3,893.71 | | Date | 07/12/2006 |
| Balance at move-out | $3,893.71 | | User | Shepherd, Samantha |

| Deposit Activities | | | Payer | |
|---|---|---|---|---|
| Total Deposits on hand | $0.00 | | Buesgens, Michael | |

| Additional charges/credits/payments at move-out | | |
|---|---|---|
| Total additional charges / credits / payments | $0.00 | |

| Final Account balance | | | Lease information : Unit  01023 | |
|---|---|---|---|---|
| Balance at move-out | 3,893.71 | | Move-in | 06/28/2003 |
| Total Deposits | 0.00 | | Notice given | 07/07/2006 |
| Total additional charges / credits / payments | 0.00 | | Lease expires | 10/22/2006 |
| Total account balance due | $3,893.71 | | Move-out | 07/09/2006 |
| | | | Move-out reason   Evicted | |

*3,893.00*

Thank you for choosing Falcon Ridge as your home. We hope you enjoyed your residency with us and wish you the best in your new home. It has been a pleasure serving you, and we look forward to serving you in the future. Please remit the balance due within 30 days or contact the office to make payment arrangements to avoid further collection procedure.

_____
Manager

**PLAINTIFF EXHIBIT NO. 10**

*R. Barry Robinson — AUSA*

No. 06-60777

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

### MICHAEL L. BUESGENS,

**Petitioner,**

v.

### UNITED STATES DEPARTMENT OF
### HOUSING AND URBAN DEVELOPMENT,

*HUD #06-06-2958*   **Respondent.**

---

### MOTION TO DISMISS PETITIONER'S
### PETITION FOR REVIEW FOR LACK OF SUBJECT MATTER
### JURISDICTION AND MEMORANDUM IN SUPPORT

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the United States of America, *ex rel.* Alphonso Jackson,

Secretary of the Department of Housing and Urban Development (hereafter "HUD"),

by and through the United States Attorney for the Western District of Texas, and

pursuant to FEDERAL RULE OF APPELLATE PROCEDURE 27, moves the Court to

dismiss Petitioners' (Buesgens) instant petition for review because this Court lacks

subject matter jurisdiction and the Fair Housing Act does not create an express or

implied cause of action against HUD regarding HUD's investigation of a Fair

Housing Complaint.  In support of this motion, HUD would show the Court as follows:

**MEMORANDUM OF SUPPORT**

## I.    STATEMENT OF THE CASE[1]

This case has its genesis in a housing discrimination complaint, pursuant to the Fair Housing Act, ("FHA"), 42 U.S.C. § 3600 et seq., filed on December 28, 2005, by Michael L. Buesgens ("Petitioner"), against the Falcon Ridge Apartments, (Falcon Ridge) Austin, Texas and its on-site management.  Buesgens alleged that Falcon Ridge refused to grant him a reasonable accommodation for his mental illness by not rescinding a notice to vacate received December 21, 2005, which resulted from allegations he was harassing neighbors concerning their dog.  (Exhibits 1 and 2, Request for Reasonable Accommodation and Housing Discrimination Complaint, respectively).

Under the FHA, the authority and responsibility for processing and investigating such complaints are vested in the Secretary of Housing and Urban Development ("HUD").  During its initial processing of Buesgens' fair housing complaint, HUD's Office of Fair Housing and Equal Opportunity ("FHEO")

---

[1] The exhibits referenced and attached to Respondent's motion to dismiss are true and accurate copies of documents contained within Petitioner's Petition for Review or documents filed in other cases where Buesgens complains of housing discrimination.

determined, pursuant to section 810 (f) of the Fair Housing Act, that the investigation and processing of the complaint was within the territorial jurisdiction of the City of Austin, Texas Equal Opportunity/Fair Housing Office ("EO/FHO") and referred the complaint to the City of Austin for investigation. 24 C.F.R. § 103.100(a); (Exhibit 3, 12/28/2005 letters from Austin Fair Housing Office). Thus, under the relevant statutory and regulatory provisions, the City of Austin EO/FHO assumed primary responsibility for the administrative processing and investigation of petitioner's housing discrimination complaint.

As noted briefly above, Buesgens received a notice to vacate his apartment on December 21, 2005 for certain violations of provisions of his lease related to the peace, enjoyment and safety of other tenants. (Exhibit 4, Notice to Vacate). In response, he submitted a written request for reasonable accommodation of his disability in which he requested that the notice to vacate be rescinded. (Exhibit 1). Falcon Ridge filed a Petition for Forcible Detainer on December 28, 2005 in the Justice Court, Precinct 3, Travis County, Texas. (Exhibit 5, Petition for Forcible Detainer). Buesgens filed a counter-claim and the matter was set for jury trial on January 26, 2006, in the Justice Court of Precinct 5. *Falcon Ridge Apartments v. Michael L. Buesgens*, Cause No. 041509, Prec. 5, Travis County, TX. (Exhibit 6,

3

Buesgens' Removal in case # A-06-CA-260-LY[2], pages 33 and 40). On January 26, 2006, a jury verdict was rendered in favor of Falcon Ridge and judgment was entered against Buesgens for possession of the apartment and $5,000.00 in attorney fees. (Exhibit 7). Buesgens filed an appeal of that judgment in the County Court at Law # 1, Travis County, Texas on February 2, 2006. That appeal was heard *de novo* on June 16, 2006, and Final Judgment was entered against Buesgens on June 20, 2006 for possession of the subject apartment and damages and attorneys fees in the sum of $28,249.00. (Exhibit 8).

Between the original jury trial in January 2006, and the *de novo* trial in June 2006, Buesgens filed several other state district court suits, some of which were removed to federal district court. *See, e.g., Buesgens v. Falcon Ridge Apartments, et al.*, A-06-CA-226-LY and *Falcon Ridge Apartments v. Buesgens*, A-06-CA-260-LY. Select, relevant pages from these cases are at Exhibits 9 and 6, respectively, to this motion to dismiss. Each of those actions raised allegations of housing discrimination in violation of the Fair Housing Act similar or identical to those contained in the December 28, 2005, Title VIII fair housing discrimination complaint filed with HUD and referred to the City of Austin EO/FHO.

---

[2] Because Buesgens' pleading is voluminous and contains many documents not relevant to the issues in the instant petition, HUD has included only select, relevant pages in Exhibit 6.

4

As a result of the commencement of the civil actions noted above, in which Buesgens raised his housing discrimination complaints, the City of Austin EO/FHO administratively closed his Fair Housing Complaint. *See,* 24 CFR §§ 103.325(b); 103.400(b). (Exhibit 10).

In the instant Petition before this Court, Buesgens seeks review of the administrative closure of his fair housing complaint by the City of Austin EO/FHO and HUD's decision not to reopen the investigation and issue a charge that the Assistant Secretary has determined that reasonable cause exists to believe that a discriminatory housing practice has occurred.

For the reasons discussed below, Respondent Alphonso Jackson, Secretary, U.S. Department of Housing and Urban Development (HUD), respectfully moves this Court to dismiss the petition for lack of subject-matter jurisdiction.

## II.    REGULATORY FRAMEWORK

### A.    Fair Housing Act.

Title VIII of the Civil Rights Acts, as amended, 42 U.S.C. §3601, *et seq.*, also known as the Fair Housing Act of 1968, as amended, provides within constitutional limitations, for fair housing throughout the United States.  Under the Fair Housing Act, no person shall be subjected to discrimination because of race, color, religion, sex, handicap, familial status, or national origin in the sale, rental, or advertising of

5

dwellings, in the provision of brokerage services, or in the availability of residential real estate-related transactions. 24 C.F.R. § 100.5 (a).

Under the Act, the authority and responsibility for administering the Fair Housing Act is vested in the Secretary of Housing and Urban Development who is also required to administer the programs of the agency in a manner affirmatively to further the purposes of the Act. 42 U.S.C. § 3608(a); (d).

An "aggrieved person" may file a complaint with the Secretary alleging a discriminatory housing practice. 42 U.S.C. §3610(a). A complaint may be filed against any person alleged to be engaged, to have engaged, or to be about to be engaged, in a discriminatory housing practice. 24 C.F.R §§ 103.10 & 103.15. If a charge is filed by the Secretary under Section 3610, a Complainant, or a Respondent, may elect to have the claims asserted in that charge decided in a civil action in a United States District Court, in lieu of an administrative hearing. 42 U.S.C. §3612(a); 24 C.F.R. § 103.410(a). Alternatively, an aggrieved person may also file a civil action in an appropriate United States District Court or State Court whether or not a complaint has been filed under § 3610(a). 42 U.S.C. § 3613(a)(1)(A) and (B). In addition, the Secretary and the Attorney General are authorized to seek, and the court authorized to grant, injunctive relief. 42 U.S.C. §§ 3610(e); 3613(e); 3614(d).

6

A "discriminatory housing practice" means any act that is unlawful under Sections 3604, 3605, 3606, or 3617 of the Act. 42 U.S.C. § 3602(f); 24 C.F.R. 103.9.

Whenever a complaint alleges a discriminatory housing practice that is within the jurisdiction of a substantially equivalent state or local fair housing enforcement agency and the agency is certified as a substantially equivalent agency under 24 C.F.R. Part 115 with regard to the discriminatory housing practice, the complaint will be referred by HUD to the state or local agency for further processing and investigation before HUD takes any action. 24 C.F.R. § 103.100 (a). A "substantially equivalent agency" means a state or local fair housing agency which HUD had determined administers a law which on its face provides rights and remedies for alleged discriminatory housing practices that are substantially equivalent to those provided by the Fair Housing Act and that the current practices and past performance of the agency demonstrate that, in operation, the law, in fact, provides rights and remedies which are substantially equivalent to those provided in the Act. 24 C.F.R. Part 115.

The purpose of the investigation is to obtain information and develop factual data necessary for the general counsel to make a determination whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, and for the Assistant Secretary to make a determination that no reasonable

7

cause exists to believe that a discriminatory housing practice has occurred or is about to occur. 24 C.F.R. §103.200. Where the Assistant secretary determines that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur and, thus, no complaint will be issued, written notice of this determination is provided, but the regulations provide no avenue for an appeal of a determination of no reasonable cause by the aggrieved person. *See*, 24 C.F.R. § 103.400.

Where an aggrieved person has commenced a civil action under an Act of Congress or a state law seeking relief with respect to the alleged housing discrimination practice and trial in the action has commenced, the assistant secretary may not issue a charge and conciliation efforts will terminate. 24 C.F.R. §§ 103.400(b); 103.325.

24 C.F.R. Part 180 governs the administrative proceedings before an administrative law judge (ALJ) adjudicating charges of housing discrimination issued under §103.405. After proceedings before an ALJ adjudicating the merits of a charge and the issuance of a Final decision, if any, by the Secretary, any party adversely affected by a final decision may file a petition in the appropriate U.S. Court of Appeals for review of the decision under 42 U.S.C § 3612(I).

### B.    Lack of Subject Matter Jurisdiction.

### 1.    Failure To Allege Any Facts In Support Of Jurisdiction.

The United States, as sovereign, is immune from suit except as it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed". *United States v. King*, 395 U.S. 1, 4 (1969). Also, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957). Thus, when the United States consents to be sued, the terms of its waiver of immunity define the extent of the Court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). As a result, Plaintiff's claims are barred unless they fall within some applicable Congressional waiver of sovereign immunity.

Review of an agency order is commenced by filing, within the time *prescribed by law*, a petition for review with the clerk of a court of appeals *authorized* to review the agency order. Rules of App. Pro. 15(a) (emphasis added).

Buesgens petitions this court to review a letter determination issued by the Assistant Secretary for FHEO for HUD which upheld the administrative closure of his housing discrimination complaint by the Director of the HUD FHEO for Region VI, Fort Worth, Texas. However, Buesgens fails to cite any jurisdictional basis for

such review. In fact, under the Fair Housing Act and its supporting regulations, review of a final decision by the appropriate United States Court of Appeals is only provided in those instances where a charge of discrimination was issued and that charge was adjudicated in an administrative proceeding before an administrative law judge. 24 C.F.R. Part 180; 24 C.F.R. § 180.710(a); 42 U.S.C. § 3612(i).

In this instance, however, no charge of discrimination was issued and there was no administrative proceeding before an administrative law judge. Thus, there is no final decision for which judicial review may be sought under 42 U.S.C. § 3612(i) or its companion regulation, 24 C.F.R. § 180.710(a). Moreover, no provision is provided in either statute or regulation for judicial review of the determination not to issue a charge or to administratively close an investigation. Inasmuch as Buesgens alleges no facts upon which such jurisdiction can be grounded, the Petition should be summarily dismissed.

2.    **The Fair Housing Act does not create an express or implied cause of action against HUD regarding HUD's investigation of a Fair Housing Complaint.**

The purpose of the Fair Housing Act is to provide for fair housing throughout the United States by declaring certain actions to be illegal and establishing an extensive enforcement mechanism to prosecute violations. Under Title VIII, HUD has the affirmative statutory obligation to administer its programs as well as enforce

10

Title VIII, in a manner affirmatively to further policies of eliminating discriminatory

housing practices. *NAACP, Boston Chapter v. Kemp*, 721 F.Supp. 361 (D.Mass.

1989), *vac. on other grnds.*, 817 F.2d 149 (1st Cir. 1987); *Anderson v. City of*

*Alpharetta, Ga.*, 737 F.2d 1530 (C.A.Ga. 1984).  In order to fulfill its affirmative

obligation, HUD has broad discretion and powers under Title VIII. *McGrath v. Dept.*

*of Housing & Urban Dev.*, 722 F.Supp. 902, 907 (D. Mass. 1989).

HUD submits that Buesgens has no private right of action against HUD under

the Fair Housing Act. *See, NAACP, Boston Chapter v. Pierce*, 624 F.Supp. 1083 (D.

Mass. 1984); *vac. on other grnds.*, 817 F.2d 149 (1st Cir. 1987); *Latinos Unidos De*

*Chelsea v. Sec. of Housing & Urban Development*, 799 F.2d 774 (1st Cir. 1986).

Moreover, the Fair Housing Act does not create an express or implied private right

of action against HUD for any alleged failure on the part of HUD to adequately

investigate a plaintiff's complaint. *Marinoff v. U.S. Dept. of Housing and Urban*

*Affairs*, 892 F. Supp. 493, 496 (S.D. N.Y. 1995).  Rather, review of final agency

action taken under Title VIII is available, if at all, only under the Administrative

Procedures Act ("APA").  *See, Alschular v. Dept. of Housing and Urban Dev.*, 686

F.2d 472, 481 (7th Cir. 1982).  Therefore, again, dismissal is proper for failure to

state a claim for which relief can be granted under Rule 12 (b) (6).[3]

---

[3] HUD submits that the Fair Housing Act analysis, <u>supra</u>., applies with equal force to
plaintiff's implied Section 504 claim.  Thus, where, as here, the agency is not the alleged

## CONCLUSION

WHEREFORE, for all the above reasons, this court lacks jurisdiction to hear the petition in this case or to review the July 28, 2006 letter decision of Assistant Secretary for FHEO Kim Kendrick, and the subject petition should be dismissed with prejudice.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____

R. BARRY ROBINSON
Assistant United States Attorney
Western District of Texas
Arkansas Bar No. 85206
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858/916-5854 (fax)

ATTORNEYS FOR DEFENDANT

---

discriminator but the administrator investigating a claim of discrimination, Section 504 has been held not to provide a private right of action on behalf of the Complainant against the agency. *See*, *Marlow v. U.S. Dept. of Educ.*, 820 F.2d 581 (2nd Cir. 1987); *Salvador v. Bennett*, 800 F.2d 97 (7th Cir. 1986); *Doe v. Attorney General of the United States*, 941 F.2d 780, 794, Fn. 19. (9th Cir. 1991).

No. 06-60777

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

### MICHAEL L. BUESGENS,

**Petitioner,**

**v.**

### UNITED STATES DEPARTMENT OF
### HOUSING AND URBAN DEVELOPMENT,

**Respondent.**

---

## DECLARATION OF R. BARRY ROBINSON

TO THE HONORABLE COURT OF APPEALS:

I, R. Barry Robinson, declare from personal knowledge, in lieu of an affidavit, under 28 U.S.C. § 1746 as follows:

1.      I am an Assistant United States Attorney for the Western District of Texas in Austin, Texas assigned to this case.

2.      I declare under the penalty of perjury that, to the best of my knowledge, information, and belief, that the documents listed on the exhibit list that was filed in support of Defendant's Motion to Dismiss Petitioner's Petition for Review for Lack of Subject Matter Jurisdiction are true and correct copies of documents contained

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and foregoing **Motion to Dismiss Petitioner's Petition for Review for La ck of Subject Matter Jurisdiction and Memorandum in Support** has been served by placing same in the United States mail, Certified Return Receipt Requested postage prepaid, on this the ͻ𝓃ᵈ day of May 2007, addressed to:

Michael L. Buesgens, *Pro Se*
3112 Windsor Road, #A322
Austin, Texas 78703

R. BARRY ROBINSON
Assistant United States Attorney

13

No. 06-60777

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

### MICHAEL L. BUESGENS,
**Petitioner,**

v.    *HUDCASE*
*06-06-02938*

### UNITED STATES DEPARTMENT OF
### HOUSING AND URBAN DEVELOPMENT,
**Respondent.**

---

### EXHIBIT LIST    *WHERE IS*
*EVICTION*
*CASE*
*04/509*

Exhibit 1    Request for Reasonable Accommodation

Exhibit 2    Housing Discrimination Complaint

Exhibit 3    Letters from Austin Fair Housing Office dated 12/28/05

Exhibit 4    Notice to Vacate dated 12/21/05

Exhibit 5    Petition for Forcible Detainer filed by Falcon Ridge on 12/28/05

Exhibit 6    Buesgens' Removal in Case No. A-06-CA-260-LY (relevant pages)

Exhibit 7    Travis County Jury Verdict and Judgment of 1/26/06 Against Buesgens

Exhibit 8    Final Judgment of 6/16/06 in Travis County Court at Law 1

Exhibit 9    A-06-CA-226-LY - Defendant's Notice of Removal, Plaintiff's Motion to
Remand, Interim Report and Recommendation, Final Judgment,    Jer
Vacating Final Judgment, Amended Final Judgment

Exhibit 10    Administrative Closure of Buesgens' Fair Housing Compl·

within Petitioner's petition for review or documents filed in other cases where Petitioner complains of housing discrimination.

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON this _1st_ day of May 2007.**

R. Barry Robinson
**Assistant United States Attorney**
**Western District of Texas**
**Austin, Texas**

*MAY 1, 2007*

*06-60777*

*HUD CASE 06-06-0293-8*

**PLAINTIFF EXHIBIT NO. 11**

CLOSED

# HUD-FEDERAL TORT CLAIMS ACT-FORM SF 95

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:07-cv-10538-WGY

## Kim Kendrick-Milton Turner-Miniard Culpepper

Buesgens v. Culpepper et al
Assigned to: Judge William G. Young
Cause: 42:1981 Housing Discrimination

Date Filed: 03/21/2007    X
Date Terminated: 03/22/2007
Jury Demand: Plaintiff
Nature of Suit: 360 P.I. Other
Jurisdiction: Diversity

**Plaintiff**

**Michael Buesgens**                    represented by **Michael Buesgens**
                                        Extended Stay America
                                        3112 Windsor Road
                                        #A322
                                        Austin, TX 78703
                                        PRO SE

V.

**Defendant**

**Miniard Culpepper** HUD General Counsel, Boston, MA

**Defendant**        New England Tort Claims Center

**Linda Katz**

**Defendant**

**Kim Kendrick** Assistant Secretary, HUD-FHEO

**Defendant**    Fair Housing Equal Opportunity

**Milton Turner**    Washington, D.C.

**Defendant**

**Alphonso Jackson**

**Defendant**

**Department of Housing and Urban
Development**

**Defendant**

**United States of America**

**Defendant**

**Falcon Group Interests General Partners**

**Defendant**

**John A. Benavides**
*HUD*
*Investigator*

**Defendant**

**Charles H. Gorham**
*HUD*
*Administrator*

**Defendant**

**Joseph Castillo**
*HUD Manager*

**Defendant**

**Garry Sweeney**
*Region VI*
*HUD FHEO,*
*Director*

**Defendant**

**Chester E. Beaver**
*Attorney-HUD*

**Defendant**

**Ann Morgan**
*Attorney-HUD*

**Defendant**

**Ann Morgan**
*Attorney-HUD*

**Defendant**

```
        HUD TORT CLAIM

    2006 ADMINISTRATIVE CLAIM




        1:07CV10538-WGY

    Boston, Massachusetts


    Filed: 03/21/2007


    Closed: 03/22/2007
```

**Felix Tarango**
*County*
*Attorney*

# Travis County, Texas

**Defendant**

## CHARLES EADS BROWN

**Charles Eads Brown**    HUD case No. 06-06-0293-8
*Attorney-HUD*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/21/2007 | 1 | COMPLAINT against all defendants , filed by Michael Buesgens. (Attachments: # 1 Civil Cover Sheet)(Filo, Jennifer) (Entered: 03/21/2007) |
| 03/21/2007 | | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander (Filo, Jennifer) (Entered: 03/21/2007) |
| 03/21/2007 | | Filing fee: $ 350.00, receipt number 78986 for 1 Complaint (Filo, Jennifer) (Entered: 03/21/2007) |
| 03/21/2007 | | Summons Issued as to Falcon Group Interests General Partners, John A. Benavides, Charles H. Gorham, Joseph Castillo, Garry Sweeney, Chester E. Beaver, Ann Morgan(Attorney-HUD), Ann Morgan(Attorney-HUD), Felix Tarango, Charles Eads Brown, Miniard Culpepper, Linda Katz, Kim Kendrick, Milton Turner, Alphonso Jackson, Department of Housing and Urban Development, United States of America. (Filo, Jennifer) (Entered: 03/21/2007) |
| 03/22/2007 X | | Judge William G. Young : Electronic ORDER entered. "THIS CASE IS DISMISSED SUA SPONTE BECAUSE VENUE IS INNAPPROPRIATE IN THIS DISTRICT AND THIS COURT HAS NO JURISDICTION OVER THE PARTIES. IT IS FURTHER ORDERED THAT THE SUMMONSES PREVIOUSLY ISSUED ON MARCH 21, 2007 ARE HEREBY RESCINDED. PLAINTIFF IS DIRECTED THAT HE MAY NOT SERVE THESE SUMMONSES ABSENT FURTHER ORDER OF THIS COURT. IF ANY DEFENDANT HAS BEEN SERVED OR IS INADVERTENTLY SERVED IN THE FUTURE, THE DEFENDANT IS NOT OBLIGATED TO RESPOND TO THE COMPLAINT ABSENT FURTHER ORDER OF THIS COURT." (Paine, Matthew) (Entered: 03/22/2007) |

| 03/22/2007 | | Civil Case Terminated. (Paine, Matthew) (Entered: 03/22/2007) |
|---|---|---|
| 03/27/2007 | 2 | MOTION for Reconsideration re Electronic Order of March 22, 2007, and NOTICE of Intent to Appeal, by Michael Buesgens. (Attachments: # 1 Exhibits)(Paine, Matthew) (Entered: 03/27/2007) |
| 03/28/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 2 MOTION for Reconsideration re Electronic Order of March 22, 2007. (Paine, Matthew) (Entered: 03/28/2007) |
| 04/06/2007 | 3 | MOTION To Judge William G. Young for Judicial Notice of Verifiable Facts That Are Directly Related to This Civil Action and to Buesgens Federal Tort Claims Act by Michael Buesgens. (Attachments: # 1 Exhibits)(Paine, Matthew) (Entered: 04/06/2007) |
| 04/09/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 3 MOTION To Judge William G. Young for Judicial Notice of Verifiable Facts That Are Directly Related to This Civil Action and to Buesgens Federal Tort Claims Act. (Paine, Matthew) (Entered: 04/09/2007) |
| 04/25/2007 | 4 | MOTION to Transfer The Case to a Venue that the Court Deems Appropriate and MOTION for Order on Miscellaneous Relief, by Michael Buesgens. (Attachments: # 1 Exhibits)(Paine, Matthew) (Entered: 04/26/2007) |
| 05/01/2007 X | | Judge William G. Young : Electronic ORDER entered re 4 MOTION to Transfer The Case to a Venue that the Court Deems Appropriate and MOTION for Order on Miscellaneous Relief. "Denied As Moot, The Case Already Having Been Dismissed." (Paine, Matthew) (Entered: 05/01/2007) |
| 05/31/2007 | 5 | MOTION to Reopen Civil Case and MOTION to Transfer Case to the U. S. District Court for the District of Maryland - Baltimore Division, by Michael Buesgens. (Attachments: # 1 Exhibits - Part 1# 2 Exhibits - Part 2)(Paine, Matthew) (Entered: 05/31/2007) |
| 06/06/2007 X | | Judge William G. Young : Electronic ORDER entered DENYING 5 MOTION to Reopen Civil Case and MOTION to Transfer Case to the U. S. District Court for the District of Maryland - Baltimore Division. (Paine, Matthew) (Entered: 06/06/2007) |

# PLAINTIFF EXHIBIT NO. 12



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
Fort Worth Regional Office, Region VI
Office of Regional Counsel
801 Cherry Street, Unit #45, Ste. 2500
Fort Worth, TX 76102
Phone: 817-978-5987 FAX: 817-978-5563

October 1, 2007

Mr. Michael L. Buesgens
Extended Stay America
3112 Windsor Road, A 322
Austin, TX 78703

RE:    *Michael L. Buesgens v. Alphonso Jackson, Secretary, U. S. Department of
Housing & Urban Development, et al*. No. 06-60777 (5th Cir.) (HUD Case
No. 06-06-293-8;

Dear Mr. Buesgens:

This will acknowledge receipt of your September 26, 2007 correspondence.
Please be advised that the matters presented in your correspondence are identical to
the matters previously presented by you to the Fifth Circuit Court of Appeals in the
above-styled litigation. The Fifth Circuit dismissed your petition for review on June 14,
2007.

Consequently, the Department considers all of the issues raised in your
September 26, 2007 correspondence to have been finally determined by the Circuit
Court decision. You have no further right of review or appeal before the Department,
and no further action will be taken. Finally, HUD Case No. 06-06-293-8 is closed.

Sincerely,

William J. Daley
Regional Counsel

# PLAINTIFF EXHIBIT NO. 13

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

MICHAEL L. BUESGENS,     )
                    )
      Petitioner,        )
                    )
v.                      )       No. 07-9574
                    )
WILLIAM J. DALEY,      )
                    )
      Respondent.      )

*12/04/2007*

*AUSA MICHAEL JOHNSON-DENVER*

---

## RESPONDENT'S JURISDICTIONAL MEMORANDUM BRIEF

---

Pursuant to this Court's Order filed November 2, 2007, Respondent William J. Daley, Regional Counsel, U.S. Department of Housing and Urban Development ("HUD"), files his jurisdictional memorandum brief in the above-captioned case. In its November 2, 2007 Order, the Court ordered that the parties address in their jurisdictional memorandum briefs the following appellate jurisdictional issue:

> Whether the letter dated October 1, 2007 from William J. Daley of the United States Department of Housing and Urban Development, which is appealed by Petitioner Buesgens, constitutes a final appealable decision?

As Respondent shows below, the letter dated October 1, 2007 from Mr. Daley does not constitute a final appealable decision. It is merely an "administrative response." The Secretary of HUD did not issue a housing discrimination charge in Buesgens' case, and the The Fair Housing Act, ("FHA"), 42 U.S.C. § 3600 et seq., confers no right of judicial review when the Secretary declines to issue a housing discrimination charge. Consequently, this matter should be dismissed.

## STATEMENT OF FACTS

This case has its genesis in a housing discrimination complaint, pursuant to the FHA, filed on December 28, 2005, by Petitioner Michael L. Buesgens against the Falcon Ridge Apartments ("Falcon Ridge"), Austin, Texas and its on-site management. HUD assigned case numbers 06-06-0293-8 and HUD; 01-06-0028-HG/COA, EE/FHO to Buesgens' housing discrimination complaint. (Ex. 1, Housing Discrimination Complaint). Buesgens was a tenant at Falcon Ridge at the time. He alleged in his housing discrimination complaint that Falcon Ridge refused to grant him a reasonable accommodation for his mental illness. Id. Buesgens' action was apparently prompted by the

2

fact that Falcon Ridge was seeking to evict Buesgens, apparently because he was harassing some neighbors in Falcon Ridge about their dog.

Under the FHA, the authority and responsibility for processing and investigating such complaints are vested in the Secretary of HUD. During its initial processing of Buesgens' housing discrimination complaint, HUD's Office of Fair Housing and Equal Opportunity ("FHEO") determined, pursuant to section 810(f) of the FHA, 42 U.S.C.A. § 3610(f), that the investigation and processing of the complaint was within the territorial jurisdiction of the City of Austin, Texas Equal Opportunity/Fair Housing Office ("EO/FHO"). Consequently, pursuant to 24 C.F.R. § 103.100(a), FHEO referred the complaint to the City of Austin for investigation and processing, and informed Buesgens of this by way of a letter dated December 28, 2005. (Ex. 2, December 28, 2005 letter). Under the relevant statutory and regulatory provisions, the City of Austin EO/FHO assumed primary responsibility for the administrative processing and investigation of Buesgens' housing discrimination complaint.

3

On or about December 28, 2005, Falcon Ridge filed an Eviction Notice and a Petition for Forcible Detainer against Buesgens. Buesgens received notice on or about December 30, 2005. (Ex. 3, Defendant's Counterclaim, at 5). Falcon Ridge's petition was filed in the State of Texas Justice Court, Precinct 5, Travis County, Texas, Cause No. 041509. Id. Buesgens filed a counter-claim. Id. The matter was set for jury trial. On January 26, 2006, a jury verdict was rendered in the state court action, in favor of Falcon Ridge, and judgment was entered against Buesgens for possession of the apartment and $5,000.00 in attorney fees. (Ex. 4).

As a result of the commencement of the civil action in state court, the City of Austin EO/FHO administratively closed his housing discrimination complaint. (Ex. 5, 6 and 7).

Buesgens then filed a Petition for Review with the U.S. Court of Appeals for the Fifth Circuit, seeking review of two administrative actions: the administrative closure of his fair housing complaint by the City of Austin EO/FHO, and HUD's decision not to reopen the investigation and issue a charge that reasonable cause exists to believe

4

that a discriminatory housing practice has occurred.  <u>See</u> <u>Buesgens v.</u>
<u>Jackson, et al.</u>, No. 06-60777 (5th Cir.).  On May 29, 2007, Buesgens
filed with the Fifth Circuit a document which he captioned an
"involuntary dismissal" of his Petition for Review.  <u>Id</u>.  On June 14,
2007, the Fifth Circuit granted his motion, dismissing the Petition for
Review pursuant to Rule 42 of the Federal Rules of Appellate Procedure
("F.R.A.P.").  <u>Id</u>.

On September 26, 2007, Buesgens submitted to William J. Daley,
HUD's Regional Counsel, a copy of a letter and attached material
Buesgens received from a law firm entitled "The Barbknecht Firm."
(Ex. 8).  The letter and the attachments ostensibly related to Buesgens'
state eviction case, Cause No. 041509.  (Ex. 8 at 1, 14, 18, 20).  In his
cover memo to William J. Daley, Buesgens asked:  "Who are the people
that Barknecht is talking about?" and "Does this have anything to do
with my complaint to the Illinois Department of
Insurance [regarding] eviction suit case no. 041509 [and/or] HUD 06-
06-293-8 . . . .?"  (Ex. 8 at 1).

5

On October 1, 2007, William J. Daley responded to Buesgens'
September 26, 2007 correspondence. (Ex. 9). Mr. Daley asserted that
his response referred to the Fifth Circuit case <u>Buesgens v. Jackson</u>, No.
06-60777, (5th Cir.) (HUD Case No. 06-06-293-8). <u>Id</u>. In his response
Mr. Daley stated:

> Please be advised that the matters presented in your
> correspondence are identical to the matters previously
> presented by you to the Fifth Circuit Court of Appeals in the
> above-styled litigation. The Fifth Circuit dismissed your
> petition for review on June 14, 2007.

> Consequently, the Department considers all of the
> issues raised in your September 26, 2007 correspondence to
> have been finally determined by the Circuit Court decision.
> You have no further right of review or appeal before the
> Department, and no further action will be taken. Finally,
> HUD Case No. 06-06-293-8 is closed.

<u>Id</u>.

October 16, 2007, Buesgens filed his Petition for Review with this
Court.

## REGULATORY FRAMEWORK

Title VIII of the Civil Rights Acts, as amended, 42 U.S.C. §3601,
*et seq.*, also known as the Fair Housing Act of 1968, as amended,
provides within constitutional limitations for fair housing throughout

6

the United States.  Under the FHA, no person shall be subjected to discrimination because of race, color, religion, sex, handicap, familial status, or national origin in the sale, rental, or advertising of dwellings, in the provision of brokerage services, or in the availability of residential real estate-related transactions.  Id.  The authority and responsibility for administering the FHA is vested in the Secretary of HUD, who is also required to administer the programs of the agency in a manner affirmatively to further the purposes of the FHA.  42 U.S.C. §§ 3608(a); (d).

An "aggrieved person" may file a complaint with the Secretary alleging a discriminatory housing practice.[1]  42 U.S.C. §3610(a).  A complaint may be filed against any person alleged to be engaged, to have engaged, or to be about to be engaged, in a discriminatory housing practice.  24 C.F.R §§ 103.10 & 103.15.  If a charge is filed by the Secretary under 42 U.S.C. § 3610, a Complainant, or a Respondent, may elect to have the claims asserted in that charge decided in a civil

---

[1]     A "discriminatory housing practice" means any act that is unlawful under Sections 3604, 3605, 3606, or 3617 of the FHA.  See 42 U.S.C. § 3602(f).

7

action in a United States District Court, in lieu of an administrative hearing. 42 U.S.C. §3612(a); 24 C.F.R. § 103.410(a). Alternatively, an aggrieved person may also file a civil action in an appropriate United States District Court or State Court whether or not a complaint has been filed under section 3610(a). 42 U.S.C. §§ 3613(a)(1)(A) and (B).

Whenever a complaint alleges a discriminatory housing practice that is within the jurisdiction of a substantially equivalent state or local fair housing enforcement agency, and the agency is certified as a substantially equivalent agency under 24 C.F.R. Part 115 with regard to the discriminatory housing practice, the complaint will be referred by HUD to the state or local agency for further processing and investigation before HUD takes any action. 24 C.F.R. § 103.100 (a).

The purpose of the investigation is to obtain information and develop factual data necessary for the general counsel to make a determination either that reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, or that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur. 24 C.F.R. §103.200(a)(3).

8

Where the Assistant Secretary determines that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur and, thus, no complaint will be issued, written notice of this determination is provided, but the regulations provide no avenue for an appeal of a determination of no reasonable cause by the aggrieved person. See 24 C.F.R. § 103.400.

Where an aggrieved person has commenced a civil action under an Act of Congress or a state law seeking relief with respect to the alleged housing discrimination practice and trial in the action has commenced, the Assistant Secretary may not issue a charge. 24 C.F.R. § 103.400(b). Conciliation efforts will terminate unless the court specifically requests assistance from the Assistant Secretary. 24 C.F.R. § 103.325(b).

Part 180 of 24 C.F.R. – i.e., 24 C.F.R. §§ 180.100-180.805 – governs the administrative proceedings before an administrative law judge (ALJ) adjudicating charges of housing discrimination issued under 24 C.F.R §103.405. If the Assistant Secretary issues a charge, the charge is filed along with the notifications described in 24 C.F.R. § 180.410(b) with the Office of Administrative Law Judges, see 24 C.F.R

9

§103.405(b)(2), and the charge is then served in accordance with 24 C.F.R. § 180.410(a).  See 24 C.F.R §103.405(b)(3).  After the conclusion of proceedings before an ALJ adjudicating the merits of a charge and the issuance of a Final decision, if any, by the Secretary, any party adversely affected by a final decision may file a petition in the appropriate U.S. Court of Appeals for review of the decision pursuant to 42 U.S.C § 3612(i).

## ARGUMENT

Buesgens petitions this court to review the October 1, 2007 letter by HUD's Regional Counsel.  The October 1, 2007 letter does not constitute a final appealable decision.

Under the FHA and its supporting regulations, review of a final decision by the appropriate United States Court of Appeals is only provided in those instances where a charge of discrimination was issued and that charge was adjudicated in an administrative proceeding before an administrative law judge.  24 C.F.R. Part 180; 24 C.F.R. § 180.710(a); 42 U.S.C. § 3612(i).  This Court generally would have jurisdiction if the following occurred:  (1) the Secretary determined that

10

reasonable cause existed to believe that a discriminatory housing practice had occurred or was about to occur; (2) the Secretary filed a charge of discrimination pursuant to 42 U.S.C. § 3610(g); (3) a trial was held before an ALJ pursuant to 42 U.S.C. § 3612; (4) the Secretary entered a final order against the discriminating party; and (5) the party filed a timely petition for review pursuant to 42 U.S.C. § 3612(i). <u>See</u> <u>Aylett v. Secretary of Housing and Urban Development</u>, 54 F.3d 1560, 1561 (10th Cir. 1995) (finding that under such circumstances jurisdiction would lie pursuant to 28 U.S.C. § 2342(6)).

These circumstances do not, however, exist in the present case. No charge of discrimination was issued and there was no administrative proceeding before an administrative law judge. Thus, there is no final decision for which judicial review may be sought under 42 U.S.C. § 3612(i) or its companion regulation, 24 C.F.R. § 180.710(a). In essence, the October 1, 2007 letter that Buesgens requests this Court to review is merely "an administrative response." It is not a final order or final decision which is appealable to this Court.

11

At bottom, this case is no different than <u>Godwin v. Secretary of Housing and Urban Development</u>, 356 F.3d 310 (D.C. Cir. 2004); and <u>Marinoff v. U.S. Dept. of Housing and Urban Development</u>, 892 F.Supp. 493 (S.D.N.Y. 1995). In both of those cases tenants petitioned for review of orders of the Secretary dismissing their housing discrimination complaints. The courts in both cases held that the FHA confers no right of judicial review when the Secretary declines to issue a housing discrimination charge. In addition, both courts held that a private action against the landlord, which is authorized by the FHA, constituted an adequate alternative remedy for the tenant, precluding judicial review under the Administrative Procedure Act (APA). <u>Godwin</u>, 356 F.3d at 312-13; <u>Marinoff</u>, 892 F.Supp. at 496-97.

This Court should hold, consistent with the holdings in <u>Godwin</u> and <u>Marinoff</u>, that no statute authorizes <u>any</u> court to hear Buesgens' Petition for Review. The Secretary declined to issue a housing discrimination charge in Buesgens' case. The FHA creates no cause of action in cases like this and, moreover, the APA bars judicial review

07-9574        06-06-0293-8

12

because Buesgens has an adequate alternative remedy– a private civil action against Falcon Ridge under 42 U.S.C. § 3613.

## CONCLUSION

WHEREFORE, for all the above reasons, this court lacks jurisdiction to hear the Petition for Review in this case or to review the October 1, 2007 letter of William J. Daley, Regional Counsel. Because no statute authorizes any court to hear Buesgens' Petition for Review, this matter should be dismissed with prejudice.

DATED: December 4, 2007

Respectfully submitted,

TROY A. EID
United States Attorney

*s/ Michael C. Johnson*
MICHAEL C. JOHNSON
Assistant U.S. Attorney
DC# 391813
1225 17th Street, Suite 700
Denver, Colorado  80202
(303) 454-0100
Email: USACO.ECFAppellate@usdoj.gov
          Michael.Johnson2@usdoj.gov

13

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>4th</u> day of Decemberr, 2007, I mailed a true and correct copy of the foregoing to the following individual at the following address, by U.S. mail:

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, TX 78703-0000

s/ Ma-Linda Stevens
United States Attorney's Office
District of Colorado

## CERTIFICATE OF DIGITAL SUBMISSION

All required privacy redactions, if any, have been made and, with the exception of those redactions, every document submitted in Digital form or scanned PDT format is an exact copy of the written document filed with the Clerk.

The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, TREND MICRO Office Scan for Windows, Version 6.5, Engine Version 7.100, Virus Pattern File 4.861.00, dated 12/04/07, and according to the program are free of viruses.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

s/ Ma-Linda Stevens
United States Attorney's Office
District of Colorado

14

# PLAINTIFF EXHIBIT NO. 14



**U.S. Department of Housing and Urban Development**

Northwest/Alaska Area
Office of Fair Housing and Equal Opportunity
Seattle HUB
Program Center
909 First Avenue, Suite 205
Seattle, WA 98104-1000

June 15, 2007

**CERTIFIED MAIL/REGULAR MAIL**

Michael L. Buesgens
Extended Stay America
3112 Windsorra  #A322
Austin, Texas 78703

Dear Mr. Beusgens:

Subject:  HUD Inquiry Number 233318     *SEATTLE, WA*

You recently contacted this office wanting to file a complaint of retaliation against the Heights Apartments in Portland, Oregon. You stated you wanted to file the complaint because they rejected your rental application due to poor credit. You claimed it was retaliation related to a previous fair housing complaint that you filed against a housing provider in Austin, Texas, for failure to provide reasonable accommodations. Please note that the Oregon State Tenant-Landlord Act allows housing providers to make inquiries into the credit history of potential renters and determine the suitability of an applicant for housing.

With respect to your complaint against the housing provider in Austin, Texas, we researched our records and found that investigations were terminated because you have started a court action to seek a remedy to the issues raised in the complaint. Because of the court action, this office will take no further action on the matter you brought to our attention on May 25, 2007, regarding the complaint you filed in Texas. We also will not be filing a complaint against the Heights Apartments because checking an applicants credit is not a violation of the Federal Fair Housing Act.

This determination does not reflect a judgment on the merits of the allegations made. You may commence a civil action under Section 813 of the Fair Housing Act in an appropriate Federal District Court not later than two years after the occurrence or termination of the alleged discriminatory housing practice.

### Retaliation is a violation of Federal Law

Retaliation is unlawful under Section 818 of the Act [42 U.S.C. 3617].  A complaint of retaliation may be filed with the Department.  If you believe that you are being retaliated against because of your contact with the Office Fair Housing and Equal Opportunity regarding this matter, please contact the Intake Section.

Should you have any questions regarding this closure, please contact the Intake/Assess Unit at (206) 220-5170 or 1-800-877-0246 [TDD (206) 220-5185].

Sincerely,

Judith A. Keeler
Regional FHEO Director
Seattle Region



**U.S. Department of Housing and Urban Development**

Northwest/Alaska Area
Fair Housing Enforcement Center
909 First Avenue, Suite 205
Seattle, WA 98104-1000

July 17, 2007

**<u>REGULAR MAIL/CERTIFIED MAIL</u>**
Michael Buesgens
Extended Stay America
3112 Windsor Road  - A322
Austin, Texas 78703

Dear Mr. Buesgens

**SUBJECT:**  **Instructions for completing complaint form**
**INQUIRY NUMBER:  234748**

The Office of Fair Housing and Equal Opportunity will not take further action on these matters. We are unable to proceed because:

Your previous Inquiry, number 233318 addressed the same issues and that Inquiry was closed, no jurisdiction.

Sincerely,

Judith A. Keefer
FHEO Director
Region X

SEATTLE, WASHINGTON

Should you have any questions regarding this closure, please contact the Intake/Asses Unit àt (206) 220-5170 or 1-800-877-0246 [TDD (206) 220-5185].

Sincerely,

Judith A. Keeler
Regional FHEO Director
Seattle Region

# PLAINTIFF EXHIBIT NO. 15



**U.S. Department of Housing and Urban Development**
Office of Fair Housing and Equal Opportunity – Region IX
600 Harrison Street, 3rd Floor
San Francisco, California 94107-1387
Voice: (800) 347-3739  (415) 489-6524
TTY: (415) 489-6564 Fax: (415) 489-6560
www.hud.gov
espanol.hud.gov

October 9, 2007

Michael Buesgens
3112 Windsor Road #A322
Austin, TX  78703

*10/9/2007*

Dear Complainant:

Subject:    Housing Discrimination Inquiry
            HUD Inquiry No. 240303

       The above-referenced housing discrimination inquiry was received by the U. S.
Department of Housing and Urban Development (hereinafter "the Department") pursuant to
federal fair housing laws.  This claim has been administratively closed for lack of jurisdiction
because federal fair housing laws do not cover the subject matter and/or bases of the alleged
discrimination.  As you reported in an interview with Chuck Hauptman and as indicated in the
documents you provided, the landlord in your previous tenancy did not reveal any eviction
activity that allegedly took place in your prior tenancy in Texas.  You yourself revealed that
activity to the prospective landlord in Sacramento.  Therefore, no violation of federal fair
housing laws occurred as the result of your revelation to the respondent of your eviction in this
inquiry.  In addition, you alleged that the prior landlord in Texas failed to provide a reference to
the prospective landlord in Sacramento, who did not accept your application on that basis.  It is
our opinion that the prospective landlord has the right to require a reference from a prior landlord
as a condition on accepting an application.  Your accommodation request to waive this condition
is not related to your disability since the requirement for a reference on its face is not an injury;
only the receipt of a bad reference would constitute injury and no reference was received.  Even
if the request were related to your disability, the request constitutes a fundamental alteration of
the Sacramento landlord's admission policies.  Also, it is an established policy in this office that
a prospective landlord does not have the duty to investigate prior eviction activity to determine if
it was discriminatory.

       This administrative closure does not represent a judgment upon the merits of the
allegations contained in the claim.

       The Fair Housing Act provides that, notwithstanding this action by the Department, a
Complainant may file a civil action in an appropriate United States District Court, or a State
Court, no later than two (2) years after the occurrence or the termination of the alleged
discriminatory housing practice(s).  The computation of this two-year period does not include the
time during which the claim was pending with the Department.

10/9/07

**Should there be questions about this closure, please contact Laura Uribe, in our Intake Unit, at (800) 347-3739 or (415) 489-6553.**

Sincerely,

Paul E. Smith
Chief, Intake Branch
Office of Fair Housing and
    Equal Opportunity

SAN FRANCISCO, CA
HUD
R. FAYE AUSTIN
HUD GENERAL COUNSEL

# PLAINTIFF EXHIBIT NO. 16



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-3000

OFFICE OF ADMINISTRATION

APR 11 2007

Michael L. Buesgens
Extended Stay America
3112 Windsor Road, # A322
Austin, TX 78703-2350

RE: Freedom of Information Act Request
FOIA Control No.: FI-463657

Dear Mr. Buesgens:

This letter acknowledges the Department of Housing and Urban Development's receipt of your Freedom of Information Act (FOIA) request dated April 3, 2007. Your request was received in the Department's FOIA Office on April 9, 2007.

Pursuant to the FOIA, 5 USC 552(a)(6)(A)(i), once HUD properly receives a FOIA request, the Department has 20 working days within which to make a determination on the request unless unusual circumstances exist. Under unusual circumstances, such as an agency's backlog, or the need to examine a voluminous amount of records required by the request, HUD can extend the 20-day time limit for processing a request. As of April 9, 2007, HUD's FOIA Office had 395 open FOIA requests. Based upon HUD's experience and current inventory, it is estimated that it may take approximately 30 days to complete processing of your request.

HUD's policy is to process FOIA requests using "multi-track processing," which allows the Department to process FOIA requests on a first-in/first-out basis, within each track. HUD places FOIA requests in its routine or complex track based on the amount of work and time involved in processing the request. The criteria for assignment to a specific track are found in HUD's FOIA regulations, 24 CFR 15 §105(a), which were published in the Federal Register on January 22, 2001, at 66 FR 6964. Your request is being processed on the complex track. You may consult with the HUD FOIA Specialist handling your request in order to determine whether your request can be modified and transferred to the routine track. Please note that upon further evaluation of your request, you may be notified that your request has been transferred to another track.



**U.S. Department of Housing and Urban Development**

**Office of the Regional Counsel**
**Thomas P. O'Neill, Jr. Federal Building**
**10 Causeway Street**
**Boston, Massachusetts 02222-1092**

New England                          (617) 994-8250   FAX: 565-7337

MAY - 4 2007

Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX  78703

Subject: <u>Freedom of Information Act Request</u>

Dear Mr. Buesgens:

This letter is in response to your Freedom of Information Act ("FOIA") request dated April 3, 2007 seeking documents and audiotapes of your telephone conversation with John A. Benavides and Charles Eads Brown. Please be advised that the records you have described in your FOIA request are not in the possession of our office.

Pursuant to 24 C.F.R. § 15.111 you may appeal this denial of your request within thirty (30) days of the date of this letter. Your appeal should describe and identify the basis for your appeal, and in particular indicate why you believe that the information is not in the possession of this office. Your appeal must include a copy of your original FOIA request and a copy of this response to your request, as well as a statement of all of the reasons, circumstances, or arguments that you wish to assert in support of disclosure. The envelope containing your appeal should be clearly identified and prominently marked as a "Freedom of Information Act Appeal" and it should be addressed to the Assistant General Counsel for Procurement and Administrative Law. Room 10176, 451 Seventh Street, SW, Washington. D.C., 20410.

Sincerely,

Miniard Culpepper
Regional Counsel



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-3000

OFFICE OF ADMINISTRATION

SEP 21 2007

9/21/07

Mr. Michael Buesgens
Extended Stay America
3112 Windsor Road, #A322
Austin, TX 78703

RE:     Freedom of Information Act Request
        FOIA Control No.: FI-467396

Dear Mr. Buesgens:

This letter acknowledges the Department of Housing and Urban Development's receipt of your Freedom of Information Act (FOIA) request dated July 31, 2007. Your request was received in the Department's FOIA Office on August 8, 2007.

Pursuant to the FOIA, 5 USC 552(a)(6)(A)(i), once HUD properly receives a FOIA request, the Department has 20 working days within which to make a determination on the request unless unusual circumstances exist. Under unusual circumstances, such as an agency's backlog, or the need to examine a voluminous amount of records required by the request, HUD can extend the 20-day time limit for processing a request. As of September 18, 2007, HUD's FOIA Office had 476 open FOIA requests. Based upon HUD's experience and current inventory, it is estimated that it may take approximately 30 days to complete processing of your request.

HUD's policy is to process FOIA requests using "multi-track processing," which allows the Department to process FOIA requests on a first-in/first-out basis, within each track. HUD places FOIA requests in its routine or complex track based on the amount of work and time involved in processing the request. The criteria for assignment to a specific track are found in HUD's FOIA regulations, 24 CFR 15.105(a), which were published in the Federal Register on January 22, 2001, at 66 FR 6964. Your request is being processed on the routine track. Please note that upon further evaluation of your request, you may be notified that your request has been transferred to another track.

The Department will comply with your request to the extent permissible by law. Any records not subject to an exemption will be forwarded to you promptly upon the completion of HUD's search and review process. Your request has been assigned to Ms. Joan Campion for processing. If you have any questions regarding your request, please contact Ms. Campion at (202) 402-5127.

Thank you for your interest in the Department's programs and policies.

Sincerely,

Cynthia O'Connor

Cynthia A. O'Connor
Executive Secretary

EPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OF THE ASSISTANT SECRETARY FOR ADMINISTRATION
WASHINGTON, D.C. 20410-3000

**OFFICIAL BUSINESS**



02 1A                          $ 00.41
0004202434         SEP 24 200
MAILED FROM ZIP CODE 2041

78703$2350 C044



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-0500

OFFICE OF GENERAL COUNSEL

October 25, 2007

Mr. Michael L. Buesgens
3112 Windsor Road #A322
Austin, TX 78703

*10/25/07*

Re:    Freedom of Information Act Appeal:
       FOIA Appeal No.: 463485

Dear Mr. Buesgens:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated May 11, 2007 and a copy of the same appeal, dated June 12, 2007. By letter dated April 3, 2007, you requested that HUD provide you documents and audio tapes of your telephone conversations with John A. Denavides, an investigator with the Equal Employment/Fair Housing Office of Austin, Texas, and Charles Eads Brown, an attorney for Falcon Ridge Apartments, an Austin apartment complex in which you previously lived. Your FOIA request has been directed both to HUD Headquarters and to HUD's New England Office for separate responses. With regard to the response from HUD's New England Office, by letter dated May 4, 2007, HUD's Office of the New England Regional Counsel denied your FOIA request on the basis that it did not possess the requested items. By letter dated May 11th, you appealed that decision.

Upon review, I find that an adequate search was conducted for the requested items in the New England Office but no responsive documents were located. Therefore, I deny this aspect of your appeal. As to whether or not there are any responsive documents at HUD Headquarters, the Executive Secretariat will be responding separately to this aspect of your original FOIA request. Therefore, this aspect of your appeal is not ripe at this time.

With regard to your allegations of discrimination, by letter dated April 21, 2006, HUD's Fort Worth, Texas Office of FHEO apprised you that it would not initiate further action regarding your allegations of housing discrimination.[1] My office lacks jurisdiction to review your allegations of housing discrimination, FOIA abuse and conspiracy of wrongdoing by the City of Austin and HUD. Pursuant to 24 C.F.R. §15.111, my office is only authorized to review FOIA denials and FOIA fee disputes on appeal. In light of the FHEO response to your allegations of housing discrimination, you may file a civil lawsuit in an appropriate federal or state court if you wish to further pursue these allegations.

---

[1] The Fort Worth, Texas Office of FHEO is charged with investigating complaints of housing discrimination pursuant to the Fair Housing Act of 1968 (42 U.S. §3601 et seq.).

www.hud.gov

2

The Department will comply with your request to the extent permissible by law. Any records not subject to an exemption will be forwarded to you promptly upon the completion of HUD's search and review process. Your request has been assigned to Ms. Marie Perry for processing. If you have any questions regarding your request, please contact Ms. Perry at (202) 402-5503.

Thank you for your interest in the Department's programs and policies.

Sincerely,                    *10/25/07*

*Cynthia A. O'Connor*

Cynthia A. O'Connor
Executive Secretary

*WASHINGTON, DC*
*HUD - FOIA*
*FOR*
*HUD #06-06-293-8*



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-3000

OFFICE OF ADMINISTRATION

October 25, 2007

Mr. Michael Buesgens                                      *10/25/07*
Extended Stay America
3112 Windsor Road, #A322
Austin, TX 78703-2350

                        RE:  Freedom of Information Act Request
                        FOIA Control No.:  FI-467396

Dear Mr. Buesgens:

    This letter is in response to your Freedom of Information Act (FOIA) request dated July 31, 2007.  In your letter, you requested a production of records for the Ninth Circuit Court of Appeals case number 07-35578 regarding Michael L. Buesgens, Appellant-Petitioner v. Scott Goeres Galloway, Kim Kendrick, City of Austin, Texas et al.

    When responding to a FOIA request, the Department of Housing and Urban Development searches for responsive documents existing up to the date the request is received in the Department's FOIA Office.  Your request was received on August 7, 2007.

    A search of Headquarters' records by knowledgeable staff failed to locate any documents at HUD Headquarters that are responsive to your request.  Records potentially responsive to your request may be located in the Ft. Worth, Texas Regional Office.  Therefore, your request has been referred to that office for processing and direct reply to you.  If you have any questions regarding your request, you may contact the Ft. Worth Regional Office at:

                U.S. Department of Housing and
                  Urban Development
                Unit 45, Suite 2500
                Burnett Plaza, 25th Floor
                801 Cherry Street
                Ft. Worth, TX 76102

                Attention:  Ms. Margaret Lara
                        FOIA Liaison
                Telephone:  (817) 978-5972
                Facsimile:  (817) 978-5567

2

For your information, your FOIA request, including your identity and any information made available, is releasable to the public under subsequent FOIA requests. In responding to these requests, the Department does not release personal privacy information, such as home address, telephone number, or social security number, all of which are protected from disclosure under FOIA Exemption 6.

Thank you for your interest in the Department's programs and policies.

Sincerely,    10/25/07

*Cynthia O'Connor*

Cynthia A. O'Connor
Executive Secretary

# PLAINTIFF EXHIBIT NO. 17

8024.01 REV - 2

## CHAPTER 9. ADMINISTRATIVE CLOSURES AND WITHDRAWALS WITH RESOLUTION

## KIM KENDRICK, HUD-FHEO ASSISTANT SECRETARY

### 9-1 INTRODUCTION DUAL FILED HUD CASE 06-06-0293-8

This chapter establishes standards and procedures to ensure consistency in the handling of administrative closures and describes the conditions and factors that must be assessed in administratively closing a complaint. This chapter also discusses closures for lack of jurisdiction and withdrawals with resolution.

X    Administrative closures should be used neither casually nor routinely. It is critical that cases not be closed administratively except under specific circumstances as set forth in this chapter. Whenever possible, intake activities should be conducted that will avoid the need for a later administrative closure.

X    Administrative closures should be distinguished from closures on the merits, and may not be used in place of making recommendations or determinations of reasonable or no reasonable cause. If the investigation is virtually complete, and there is sufficient evidence to support a determination of no reasonable cause, the case should be closed with a no reasonable cause determination rather than administratively. If the investigator has completed the investigation, and the facts and circumstances support a reasonable cause determination, consult with the Office of Regional Counsel.

X    There are essentially four circumstances where administrative closures may be appropriate:

   1. Failure to Cooperate: When an investigation cannot be completed because the investigation requires additional information that can only be provided by the complainant to make any determination, and the complainant fails or refuses to respond to reasonable requests for the information, the complainant has failed to cooperate with the investigation based on the standards set forth below.

   2. Inability to Locate: When an investigation cannot be completed, and completion of the investigation requires additional information that can only be provided by the complainant to make any determination, and the complainant cannot be located through the reasonable efforts of the investigator, the complaint may be closed because of the inability to locate the complainant.

   3. Withdrawal without Resolution: When a complainant expressly states his or her decision not to proceed or participate in the investigation, or has lost the right to proceed with further actions, and to withdraw the complaint.

X    4. When Civil Trial has Commenced: When a trial has commenced, pursuant to the provisions of the Fair Housing Act (the Act).

## FALCON RIDGE APARTMENT EVICTION CASE NO. 041509

## TRIAL: 01/26/2006, TRAVIS COUNTY, AUSTIN, 05/2005 TEXAS

## ATTORNEY CHARLES EADS BROWN

C. Trial has Commenced    EVICTION CASE TRIAL 01/26/06

Under the Act, 42 U.S.C. § 3610(g)(4), the Secretary may not issue a charge of discrimination regarding an alleged discriminatory housing practice after the trial begins in a civil action commenced by the aggrieved person under an Act of Congress or a State law seeking relief with respect to that discriminatory housing practice. A complaint should not be closed merely because the aggrieved person has filed a lawsuit, or because the court has set a trial date.

X    The determination of whether legal action bars further investigation requires consultation with Regional Counsel. If the trial has begun, an administrative closure should be supported by documentation. The best documentation is written information from the clerk of the court in the jurisdiction that hears the case. Other forms of documentation may be letters from the complainant, the complainant's representative, the respondent or the respondent's representative that the court has begun the trial. If the investigator receives any of these documents, the investigator must verify the accuracy of the information with the clerk of the court.

## KIM KENDRICK, ASSISTANT SECRETARY DOCUMENTATION

05/2005                          9-6

# CHARLES EADS BROWN ATTORNEY LETTER 02/10/06

**Homes &**
**Communities**
U.S. Department of Housing
and Urban Development

Administration

En español , Contact Us , Text only , Se

Administration
About Us
Freedom of
Information Act
(FOIA)
Grants
Management
Handbooks,
Forms and
Publications

HUD news

Homes

Resources

Communities

Working with
HUD

Tools
Webcasts
Mailing lists
RSS Feeds
Help



# Title VIII Complaint Intake Investigation, and Conciliation Handbook (8024.01)

‣ **Transmittal**
80241trnFHEH

‣ **Table of Contents**
80241tocFHEH

‣ **CHAPTER 1. RESERVED**
80241c1FHEH

‣ **CHAPTER 2. THEORIES OF DISCRIMINATION**
80241c2FHEH

    80241c2-e2-1FHEH **Exhibit 2-**
1

    80241c2-e2-2FHEH **Exhibit 2-**
2

    80241c2-e2-3FHEH **Exhibit 2-**
3

‣ **CHAPTER 3. JURISDICTION**

80241c3-1FHEH **Pages 3-1 to 3-34**

80241c3-35FHEH **Pages 3-35 to End**

# HUD CASE NO. 06-06-0293-8

▸ **CHAPTER 4. COMPLAINT INTAKE**
80241c4FHEH

▸ **CHAPTER 5. RESERVED**
80241c5FHEH

▸ **CHAPTER 6. RESERVED**
80241c6FHEH

▸ **CHAPTER 7. PLANNING AND CONDUCTING THE INVESTIGATION**
80241c7FHEH

▸ **CHAPTER 8: Analysis of Specific Cases**
80241c8-1FHEH **Pages 8-1 to 8-39**

80241c8-40FHEH **Pages 8-40 to 8-79**

80241c8-80FHEH **Pages 8-80 to End**

    80241c8-e8-1FHEH **Exhibit 8-1**

    80241c8-e8-2FHEH **Exhibit 8-2**

    80241c8-e8-3FHEH **Exhibit 8-3**

Case 1:06-cv-01964-RBW    Document 41-18    Filed 08/13/2008    Page 6 of 8

80241c8-e8-4FHEH **Exhibit 8-4**

--

80241c8-e8-5FHEH **Exhibit 8-5**

--

## EVICTION TRIAL HAS BEGUN

✗

▸ **CHAPTER 9: ADMINISTRATIVE CLOSURES**
80241c9FHEH80241c9FHEH

▸ **CHAPTER 10: PREPARATION OF THE CASE FILE**
80241c10FHEH

▸ **CHAPTER 11: CONCILIATION**
80241c11FHEH

▸ **CHAPTER 12: RESERVED**
80241c12FHEH

▸ **CHAPTER 13: RESERVED**
80241c13FHEH

▸ **CHAPTER 14: RESERVED**
80241c14FHEH

Content updated April 26, 2007          ○ **Back to t**

**FOIA      Privacy    Web Policies and**

# <u>KIM KENDRICK, HUD ASSISTANT SECRETARY</u>



# USER'S

# MANUAL

### DUAL FILED HUD CASE NO. 06-06-0293-8

*Title Eight Automated Paperless Office Tracking System (TEAPOTS)*

*Version 4.4*　　　　　　<u>TEAPOTS</u>

**U.S. Department of Housing and Urban Development**

December, 2004

| E08EFCD | Case Processing Activity Detail Report – Administrative Closures | A series of reports providing detail backup for various parts of E08EAC, the "Case Processing Activity Summary." |
|---------|------------------------------------------------------------------|----------------------------------------------------------------------------------------------------------------|

# PLAINTIFF EXHIBIT NO. 18

<u>DUAL FILED HUD CASE NO. 06-06-0893-8</u>

*42 USC 3617*

*N.B. This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html).*

**TITLE 42 - THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 45 - FAIR HOUSING**
**SUBCHAPTER I - GENERALLY**

**§ 3617. Interference, coercion, or intimidation**

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

(Pub. L. 90–284, title VIII, § 818, formerly § 817, Apr. 11, 1968, 82 Stat. 89; renumbered § 818 and amended Pub. L. 100–430, §§ 8(1), 10, Sept. 13, 1988, 102 Stat. 1625, 1635.)

**Prior Provisions**

A prior section 818 of Pub. L. 90–284 was renumbered section 819 and is classified to section 3618 of this title.

**Amendments**

1988—Pub. L. 100–430 struck out at end "This section may be enforced by appropriate civil action."

**Effective Date of 1988 Amendment**

Amendment by Pub. L. 100–430 effective on the 180th day beginning after Sept. 13, 1988, see section 13(a) of Pub. L. 100–430, set out as a note under section 3601 of this title.

1. FALCON RIDGE APARTMENTS

   <u>LANDLORDS</u>
2. Arnold Carl Tauch
3. Jack Cregg Moss
   Houston, Texas

   <u>ATTORNEYS</u>
4. Charles Eads Brown
5. Gregory S. Cagle
   Armbrust & Brown, LLP
   Austin, Texas
6. Shelley Bush Marmon
   Crady, Jewett, McCulley, LLP
   Houston, Texas

**PLAINTIFF EXHIBIT NO. 19**

## Electronic Code of Federal Regulations

*e-CFR* ™

**e-CFR Data is current as of June 26, 2008**

**Title 24** **Housing and Urban Development**

*100.50*

PART 100—DISCRIMINATORY CONDUCT UNDER THE FAIR HOUSING
ACT
Subpart B—Discriminatory Housing Practices

*CHARLES E. BROWN*
*REAL ESTATE BROKER*

Browse Next

**§ 100.50** **Real estate practices prohibited.**

(a) This subpart provides the Department's interpretation
of conduct that is unlawful housing discrimination under
section 804 and section 806 of the Fair Housing Act. In
general the prohibited actions are set forth under
sections of this subpart which are most applicable to the
discriminatory conduct described. However, an action
illustrated in one section can constitute a violation
under sections in the subpart. For example, the conduct
described in §100.60(b)(3) and (4) would constitute a
violation of §100.65(a) as well as §100.60(a).

(b) It shall be unlawful to:

(1) Refuse to sell or rent a dwelling after a *bona fide*
offer has been made, or to refuse to negotiate for the
sale or rental of a dwelling because of race, color,
religion, sex, familial status, or national origin, or to
discriminate in the sale or rental of a dwelling because
of handicap.

*HUD CASE NO.*
*06-06-0293-8*

(2) Discriminate in the terms, conditions or privileges
of sale or rental of a dwelling, or in the provision of
services or facilities in connection with sales or
rentals, because of race, color, religion, sex, handicap,
familial status, or national origin.

(3) Engage in any conduct relating to the provision of
housing which otherwise makes unavailable or denies
dwellings to persons because of race, color, religion,
sex, handicap, familial status, or national origin.

(4) Make, print or publish, or cause to be made, printed
or published, any notice, statement or advertisement with
respect to the sale or rental of a dwelling that
indicates any preference, limitation or discrimination

PLAINTIFF EXHIBIT NO. 20

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

Electronic Code of Federal Regulations

e-CFR ™

*103.100*

e-CFR Data is current as of June 26, 2008

**Title 24: Housing and Urban Development**    *HUD #06-06-0293-8*
PART 103—FAIR HOUSING—COMPLAINT PROCESSING
Subpart C—Referral of Complaints to State and Local
Agencies    *CITY OF AUSTIN HUMAN RIGHTS COMMISSION*

Browse Next

**§ 103.100** **Notification and referral to substantially equivalent
State or local agencies.**

(a) Whenever a complaint alleges a discriminatory housing
practice that is within the jurisdiction of a
substantially equivalent State or local agency and the
agency is certified or may accept interim referrals under
24 CFR part 115 with regard to the alleged discriminatory
housing practice, the Assistant Secretary will notify the
agency of the filing of the complaint and refer the
complaint to the agency for further processing before HUD
takes any action with respect to the complaint. The
Assistant Secretary will notify the State or local agency
of the referral by certified mail.

(b) The Assistant Secretary will notify the aggrieved
person and the respondent, by certified mail or personal
service, of the notification and referral under paragraph
(a) of this section. The notice will advise the aggrieved
person and the respondent of the aggrieved person's right
to commence a civil action under section 813 of the Fair
Housing Act in an appropriate United States District
Court, not later than two years after the occurrence or
termination of the alleged discriminatory housing
practice. The notice will state that the computation of
this two-year period excludes any time during which a
proceeding is pending under this part or part 180 with
respect to complaint or charge based on the alleged
discriminatory housing practice. The notice will also
state that the time period includes the time during which
an action arising from a breach of a conciliation
agreement under section 814(b)(2) of the Fair Housing Act
is pending.

[54 FR 3292, Jan. 23, 1989, as amended at 61 FR 52218,

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

Electronic Code of Federal Regulations
e-CFR
TM

**e-CFR Data is current as of June 26, 2008**

*103.105*

**Title 24:** **Housing and Urban Development**
PART 103—FAIR HOUSING—COMPLAINT PROCESSING
Subpart C—Referral of Complaints to State and Local
Agencies

Browse Previous | Browse Next    HUD CASE 06-06-0293-8

**§ 103.105    Cessation of action on referred complaints.**

A referral under §103.100 does not prohibit the Assistant
Secretary from taking appropriate action to review or
investigate matters in the complaint that raise issues
cognizable under other civil rights authorities
applicable to departmental programs (see §103.5).

[54 FR 3292, Jan. 23, 1989, as amended at 61 FR 14379,
Apr. 1, 1996]

Browse Previous | Browse Next

For questions or comments regarding e-CFR editorial
content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery
issues, email webteam@gpo.gov.

Section 508 / Accessibility

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

Electronic Code of Federal Regulations

*e-CFR* ™

**e-CFR Data is current as of June 26, 2008**

*103.110*

**Title 24: Housing and Urban Development**
PART 103—FAIR HOUSING—COMPLAINT PROCESSING
Subpart C—Referral of Complaints to State and Local
Agencies

Browse Previous | Browse Next

HUD # 06-06-0293-8

**§ 103.110   Reactivation of referred complaints.**

The Assistant Secretary may reactivate a complaint
referred under §103.100 for processing by HUD if:

(a) The substantially equivalent State or local agency
consents or requests the reactivation;

(b) The Assistant Secretary determines that, with respect
to the alleged discriminatory housing practice, the
agency no longer qualifies for certification as a
substantially equivalent State or local agency and may
not accept interim referrals; or

(c) The substantially equivalent State or local agency
has failed to commence proceedings with respect to the
complaint within 30 days of the date that it received the
notification and referral of the complaint; or the agency
commenced proceedings within this 30-day period, but the
Assistant Secretary determines that the agency has failed
to carry the proceedings forward with reasonable
promptness.

[54 FR 3292, Jan. 23, 1989, as amended at 61 FR 14379,
Apr. 1, 1996]

Browse Previous | Browse Next

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

Electronic Code of Federal Regulations

e-CFR ™

e-CFR Data is current as of June 26, 2008

**Title 24: Housing and Urban Development**        *103.5*
PART 103—FAIR HOUSING—COMPLAINT PROCESSING
Subpart A—Purpose and Definitions

Browse Previous | Browse Next

**§ 103.5   Other civil rights authorities.**

In addition to the Fair Housing Act, other civil rights
authorities may be applicable in a particular case. Thus,
where a person charged with a discriminatory housing
practice in a complaint filed under section 810 of the
Fair Housing Act is also prohibited from engaging in
similar practices under title VI of the Civil Rights Act
of 1964 (42 U.S.C. 2000d-2000d-5), section 109 of the
Housing and Community Development Act of 1974 (42 U.S.C.
5309), Executive Order 11063 of November 20, 1962, on
Equal Opportunity in Housing (27 FR 11527-11530, November
24, 1962), section 504 of the Rehabilitation Act of 1973
(29 U.S.C. 794), the Age Discrimination Act (42 U.S.C.
6101) or other applicable law, the person may also be
subject to action by HUD or other Federal agencies under
the rules, regulations, and procedures prescribed under
title VI (24 CFR parts 1 and 2), section 109 (24 CFR
570.602)), Executive Order 11063 (24 CFR part 107),
section 504 (24 CFR part 8), or other applicable law.

Browse Previous | Browse Next

For questions or comments regarding e-CFR editorial
content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

Electronic Code of Federal Regulations
e-CFR™

**e-CFR Data is current as of June 26, 2008**

115.206

**Title 24: Housing and Urban Development**
PART 115—CERTIFICATION AND FUNDING OF STATE AND LOCAL
FAIR HOUSING ENFORCEMENT AGENCIES
Subpart B—Certification of Substantially Equivalent
Agencies

Kim KENDRICK

Browse Previous | Browse Next

**§ 115.206   Performance assessments; Performance standards.**

(a) *Frequency of on-site performance assessment during
interim certification.* The Assistant Secretary, through
the appropriate FHEO regional office, may conduct an on-
site performance assessment not later than six months
after the execution of the interim agreement. An on-site
performance assessment may also be conducted during the
six months immediately prior to the expiration of the
interim agreement. HUD has the discretion to conduct
additional performance assessments during the period of
interim certification, as it deems necessary.

(b) *Frequency of on-site performance assessment during
certification.* During certification, the Assistant
Secretary through the FHEO regional office, may conduct
on-site performance assessments every 24 months. HUD has
the discretion to conduct additional performance
assessments during the period of certification, as it
deems necessary.

(c) In conducting the performance assessment, the FHEO
regional office shall determine whether the agency
engages in timely, comprehensive, and thorough fair
housing complaint investigation, conciliation, and
enforcement activities. In the performance assessment
report, the FHEO regional office may recommend to the
Assistant Secretary whether the agency should continue to
be interim certified or certified. In conducting the
performance assessment, the FHEO regional office shall
also determine whether the agency is in compliance with
the requirements for participation in the FHAP enumerated

*24 CFR 115.206* (handwritten)

(iii) Whether the agency makes a determination of reasonable cause or no reasonable cause with respect to a complaint within 100 days from the date of receipt or, if it is impracticable to do so, notifies the parties in writing of the reason(s) for the delay;

(iv) Whether the agency makes a final administrative disposition of a complaint within one year from the date of receipt or, if it is impracticable to do so, notifies the parties in writing of the reason(s) for the delay; and

(v) Whether the agency completed the investigation of the complaint and prepared a complete, final investigative report.

(vi) When an agency is unable to complete investigative activities with respect to a complaint within 100 days, the agency must send written notification to the parties, indicating the reason(s) for the delay, within 110 days of the filing of the complaint.

(2) *Performance Standard 2*. Administrative closures are utilized only in limited and appropriate circumstances. Administrative closures should be distinguished from a closure on the merits and may not be used instead of making a recommendation or determination of reasonable or no reasonable cause. HUD will provide further guidance to interim and certified agencies on the appropriate circumstances for administrative closures.

*EVICTION TRIAL CASE 041509  HUD CASE 06-06-0293-8* (handwritten)

(3) *Performance Standard 3*. During the period beginning with the filing of a complaint and ending with filing of a charge or dismissal, the agency will, to the extent feasible, attempt to conciliate the complaint. After a charge has been issued, the agency will, to the extent feasible, continue to attempt settlement until a hearing or a judicial proceeding has begun.

(4) *Performance Standard 4*. The agency conducts compliance reviews of settlements, conciliation agreements, and orders resolving discriminatory housing practices. The performance assessment shall include, but not be limited to:

(i) An assessment of the agency's procedures for conducting compliance reviews; and

(ii) Terms and conditions of agreements and orders issued.

(5) *Performance Standard 5*. The agency must consistently and affirmatively seek and obtain the type of relief

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

Electronic Code of Federal Regulations
e-CFR
TM

**e-CFR Data is current as of June 26, 2008**

**Title 24: Housing and Urban Development**
PART 115—CERTIFICATION AND FUNDING OF STATE AND LOCAL
FAIR HOUSING ENFORCEMENT AGENCIES
Subpart C—Fair Housing Assistance Program

*115.307*

Browse Previous | Browse Next

**§ 115.307   Requirements for participation in the FHAP; Corrective
and remedial action for failing to comply with requirements.**

(a) Agencies that participate in the FHAP must meet the
requirements enumerated in this section. The FHEO
regional office shall review the agency's compliance with
the requirements of this section when it conducts on-site
performance assessments in accordance with §115.206. The
requirements for participation in the FHAP are as
follows:

(1) The agency must conform to all reporting and record
maintenance requirements set forth in §115.308, as well
as any additional reporting and record maintenance
requirements identified by the Assistant Secretary.

*HUD
TENANTS
MANUAL*

(2) The agency must agree to on-site technical assistance
and guidance and implementation of corrective actions set
out by the Department in response to deficiencies found
during the technical assistance or performance assessment
evaluations of the agency's operations.

(3) The agency must use the Department's official
complaint data information system and must input all
relevant data and information into the system in a timely
manner.

(4) The agency must agree to implement and adhere to

policies and procedures (as the agency's laws allow) provided to the agency by the Assistant Secretary, including, but not limited to, guidance on investigative techniques, case file preparation and organization, and implementation of data elements for complaint tracking.

(5) If an agency that participates in the FHAP enforces antidiscrimination laws other than a fair housing law (e.g., administration of a fair employment law), the agency must annually provide a certification to HUD stating that it spends at least 20 percent of its total annual budget on fair housing activities. The term "total annual budget," as used in this subsection, means the entire budget assigned by the jurisdiction to the agency for enforcing and administering antidiscrimination laws, but does not include FHAP funds.

(6) The agency may not co-mingle FHAP funds with other funds. FHAP funds must be segregated from the agency's and the state or local government's other funds and must be used for the purpose that HUD provided the funds.

(7) An agency may not unilaterally reduce the level of financial resources currently committed to fair housing activities (budget and staff reductions or other actions outside the control of the agency will not, alone, result in a negative determination for the agency's participation in the FHAP).

CITY OF AUSTIN

(8) The agency must comply with the provisions, certifications, and assurances required in any and all written agreements executed by the agency and the Department related to participation in the FHAP, including, but not limited to, the cooperative agreement.

(9) The agency must draw down its funds in a timely manner.

(10) The agency must be audited and receive copies of the audit reports in accordance with applicable rules and regulations of the state and local government in which it is located.

(11) The agency must participate in all required training, as described in §115.306(b).

(12) If the agency subcontracts any activity for which

the subcontractor will receive FHAP funds, the agency must conform to the subcontracting requirements of §115.309.

(13) If the agency receives a complaint that may implicate the First Amendment of the United States Constitution, then the agency must conform to the requirements of §115.310.

(14) If the agency utilizes FHAP funds to conduct fair housing testing, then the agency must conform to the requirements of §115.311.

(b) *Corrective and remedial action for failing to comply with requirements.* The agency's refusal to provide information, assist in implementation, or carry out the requirements of this section may result in the denial or interruption of its receipt of FHAP funds. Prior to denying or interrupting an agency's receipt of FHAP funds, HUD will put the agency on notice of its intent to deny or interrupt. HUD will identify its rationale for the denial or interruption and provide the agency with an opportunity to respond within a reasonable period of time. If, within the time period requested, the agency does not provide information or documentation indicating that the requirement(s) enumerated in this section is/are met, HUD may proceed with the denial or interruption of FHAP funds. If, at any time following the denial or interruption, HUD learns that the agency meets the requirements enumerated in this section, HUD may opt to reinstate the agency's receipt of FHAP funds.

Browse Previous | Browse Next

For questions or comments regarding e-CFR editorial content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery issues, email webteam@gpo.gov.

Section 509 / Accessibility

Home Page > Executive Branch > Code of Federal
Regulations > Electronic Code of Federal Regulations

## Electronic Code of Federal Regulations
### e-CFR
™

**e-CFR Data is current as of June 26, 2008**

**Title 24: Housing and Urban Development**
PART 115—CERTIFICATION AND FUNDING OF STATE AND LOCAL
FAIR HOUSING ENFORCEMENT AGENCIES
Subpart C—Fair Housing Assistance Program

Browse Previous | Browse Next

*115.308*

**§ 115.308   Reporting and recordkeeping requirements.**

(a) The agency shall establish and maintain records
demonstrating:

(1) Its financial administration of FHAP funds; and

(2) Its performance under the FHAP.

(b) The agency will provide to the FHEO regional director
reports maintained pursuant to paragraph (a) of this
section. The agency will provide reports to the FHEO
regional director in accordance with the frequency and
content requirements identified in the cooperative
agreement. In addition, the agency will provide reports
on the final status of complaints following reasonable
cause findings, in accordance with Performance Standard 8
identified in §115.206.

(c) The agency will permit reasonable public access to
its records consistent with the jurisdiction's
requirements for release of information. Documents
relevant to the agency's participation in the FHAP must
be made available at the agency's office during normal
working hours (except that documents with respect to
ongoing fair housing complaint investigations are exempt
from public review consistent with federal and/or state
law).

Electronic Code of Federal Regulations:

(d) The Secretary, Inspector General of HUD, and the Comptroller General of the United States or any of their duly authorized representatives shall have access to all pertinent books, accounts, reports, files, and other payments for surveys, audits, examinations, excerpts, and transcripts as they relate to the agency's participation in FHAP.

(e) All files will be kept in such fashion as to permit audits under applicable Office of Management and Budget circulars, procurement regulations and guidelines, and the Single Audit requirements for state and local agencies.

Browse Previous | Browse Next

*HUD CASE 06-06-0293-8*
*DUAL FILED AT CITY OF AUSTIN HUMAN RIGHTS COMMISSION*

For questions or comments regarding e-CFR editorial content, features, or design, email ecfr@nara.gov.

For questions concerning e-CFR programming and delivery issues, email webteam@gpo.gov.

Section 508 / Accessibility

# PLAINTIFF EXHIBIT NO. 21

This page is located on the U.S. Department of Housing and Urban Development's Homes and Communities Web site at **http://www.hud.gov/offices/adm/foia/foiaservicecenters.cfm**.



# FOIA Requester *HUD* Service Centers and Public Liaisons

Contact information for nationwide HUD FOIA Requester Service Centers is available here.

If a requester is not happy with the service they have received from their FOIA Requester Service Center, they may contact the FOIA Public Liaison for their geographical region as listed below:

**HUD Headquarters**

Vicky J. Lewis
Office of the Executive Secretariat
U.S. Department of Housing and Urban Development
451 7th St., S.W., room 10139
Washington, D.C. 20410
202-708-3054

**Region I** (Boston, Hartford, Manchester, Providence)
James H. Barnes
Deputy Regional Director
U.S. Department of Housing & Urban Development
10 Causeway Street--Room 301
Boston, MA 02222-1092
(617) 994-8223 Office

**Region II** (New York, Buffalo, Newark)
JoAnna Aniello

☑ Information by State
🖨 Print version

**FOIA Processing Time**

Current FOIA processing time for routine FOIA requests is 30 days and 45 days for complex FOIA requests.

**Helpful Links**

*CYNTHIA O'CONNOR*

*MINIACD CULPEPPER*
*FOIA*
*FTCA*
*HUD # 06-06-0293-8*

**PLAINTIFF EXHIBIT NO. 22**

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

NOTICE TO PARTIES:

    Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT: KIM KENDRICK, HUD ASSISTANT SECRETARY

    Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL U.S. ATTORNEY OFFICE

    Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

    A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

    [X] (a)    relates to common property

    [X] (b)    involves common issues of fact

    [X] (c)    grows out of the same event or transaction    RETALIATORY EVICTION SUIT
                                                  CASE NO. 041509

    [ ] (d)    involves the validity or infringement of the same patent HUD CASE NO. 06-06-0293-8

    [X] (e)    is filed by the same pro se litigant    TRIAL HAS BEGUN IN EVICTION SUIT
                                                  TRIAL 01/26/2006

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(S)

    A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.    HUD ADMINISTRATIVE CLOSURE BASED ON TRIAL

    HAS BEGUN IN FALCON RIDGE APARTMENTS
Check box if new case is related to a dismissed case: [X]    EVICTION SUIT CASE NO. 041509

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

    JUSTICE OF THE PEACE, PRECINT NO. 5, TRAVIS COUNTY, AUSTIN, TEXAS

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

                                                                   CASE NO. _____

FALCON RIDGE APARTMENTS      v.    MICHAEL L. BUESGENS      [X] C.A. No. 041509

06/29/2008
_____        _____
DATE                                Signature of Plaintiff /Defendant (or counsel)

CLERK:S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk:s records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:** KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL** U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

- [✗] (a)    relates to common property
- [✗] (b)    involves common issues of fact
- [✗] (c)    grows out of the same event or transaction
- [ ] (d)    involves the validity or infringement of the same patent
- [✗] (e)    is filed by the same pro se litigant

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case:    [✗]

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):
      U.S. DISTRICT COURT DISTRICT WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

FALCON RIDGE APARTMENTS    ■ v.    MICHAEL L. BUESGENS    ■ C.A. No. 1:06CV00260

06/29/2008
DATE                         Signature of Plaintiff /Defendant (or counsel)

CLERK'S OFFICE                                                           CO-932
UNITED STATES DISTRICT COURT                                            Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
## IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:** KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL** U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.    **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

[X] (a)    relates to common property

[X] (b)    involves common issues of fact

[X] (c)    grows out of the same event or transaction

[ ] (d)    involves the validity or infringement of the same patent

[X] (e)    is filed by the same pro se litigant

2.    **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case:  [X]

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):
**U.S. DISTRICT COURT DISTRICT WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**MICHAEL L. BUESGENS**       v. **FALCON RIDGE APARTMENTS**       ■ C.A. No. 1:06CV00226

**06/29/2008**
_____       _____
DATE                      Signature of Plaintiff Defendant (or counsel)

# Loislaw Federal District Court Opinions

IN RE MICHAEL L. BUESGENS LITIGATION (JPML 2007)

483 F. Supp.2d 1357

In re MICHAEL L. BUESGENS LITIGATION, Michael L. Buesgens v. Charles E.

Brown, et al., D. District of Columbia, C.A. No. 1:06-1964, Michael L.

Buesgens v. United States of America, et al., W.D. Texas, C.A. No.

1:06-967

No. MDL-1800.

Judicial Panel on Multidistrict Litigation.

April 18, 2007

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK
MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and
ANTHONY J. SCIRICA,[fn*] Judges of the Panel.

[fn*] Judge Scirica took no part in the decision of this
matter.

### ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation consists of two actions pending in two federal
districts. Before the Panel is a motion by the sole plaintiff, pro
se, in both actions, pursuant to 28 U.S.C. § 1407, seeking
centralization of the actions for pretrial proceedings in the
District of the District of Columbia or in any federal district
court other than the Western District of Texas that is outside
the Fifth Circuit.[fn1] The Federal Government[fn2] and Falcon
Ridge[fn3] defendants oppose the motion.

West Page 1358

On the basis of the papers filed and hearing session held, the
Panel finds that Section 1407 transfer would neither serve the
convenience of the parties and witnesses nor further the just
and efficient conduct of the litigation. Plaintiff's allegations,
spawned by his employment and housing situation, can be fairly
and expeditiously resolved elsewhere without any further Panel

involvement.

IT IS THEREFORE ORDERED that the motion, pursuant to
**28 U.S.C. § 1407,** for centralization of these actions is denied.**[fn4]**

[fn1] An additional action included on the Section 1407 motion
— *Michael L. Buesgens v. Donald Ray Tawney*, W.D. Texas,
C.A. No. 1:07-127 — was dismissed with prejudice on March
19, 2007. Accordingly, the question of inclusion of this action
in MDL-1800 proceedings is moot. Plaintiff has notified the
Panel that he has filed other potentially related actions.

[fn2] John W. Snow, Secretary of the Treasury; Marcia H. Coates,
EEO Program of the Department of the Treasury; Cari M. Dominguez,
Chairman of the Equal Employment Opportunity Commission; Kay
Coles James, Director of the Office of Personnel Management; J.
Russell George, Inspector General of Treasury Department Tax
Administration; and the United States of America.

[fn3] Falcon Ridge Apartments; Falcon Apartments of Austin, Ltd.;
Falcon Apartments of Austin I. Inc.; Greystar Property Management;
GREP General Partner, LLC; Charles E. Brown, P.C.; Armbrust &
Brown, LLP; Grady, Jewett & McCulley, LLP; Megan Goeres; Debi
Wehmeier; Mandy Rogers; and Amanda Wilson-Torres.

[fn4] The request of defendant in the now-dismissed Texas action
for attorneys' fees is denied.

Copyright © 2008 Loislaw.com, Inc. All Rights Reserved

CLERK∘S OFFICE                                                         CO-932
UNITED STATES DISTRICT COURT                                          Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

<u>NOTICE TO PARTIES:</u>

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk∘s records, one copy for the Judge to whom the cases is assigned and one copy  for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

<u>NOTICE TO DEFENDANT:</u>  KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

<u>NOTICE TO ALL COUNSEL</u>  U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must  complete the following:

I.    <u>RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).</u>

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

- [X] (a)    relates to common property
- [X] (b)    involves common issues of fact
- [X] (c)    grows out of the same event or transaction
- [ ] (d)    involves the validity or infringement of the same patent
- [X] (e)    is filed by the same pro se litigant

2.    <u>RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)</u>

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.  FEDERAL TORT CLAIMS ACT-FORM SF 95

Check box if new case is related to a dismissed case:  [X]

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. DISTRICT COURT DISTRICT WESTERN DISTRICT OF MASSACHUSETTS**

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E·S).  IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**MICHAEL L. BUESGENS** _____ v. **MINIARD CULPEPPER, HUD COUNSEL**  C.A. No. 1:07CV10538

**06/29/2008** _____
DATE                              Signature of Plaintiff /Defendant (or counsel)

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**  KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**  U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.    **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

| | | |
|---|---|---|
| ☒ | (a) | relates to common property |
| ☒ | (b) | involves common issues of fact |
| ☒ | (c) | grows out of the same event or transaction |
| ☐ | (d) | involves the validity or infringement of the same patent |
| ☒ | (e) | is filed by the same pro se litigant |

2.    **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case:  ☒

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. DISTRICT COURT DISTRICT OF OREGON**

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE

**MICHAEL L. BUESGENS**  v.  **SCOTT H. GALLOWAY**   ■ C.A. No. 3:07CV00043

**06/29/2008**
DATE                    Signature of Plaintiff /Defendant (or counsel)

CLERK'S OFFICE

CO-932

UNITED STATES DISTRICT COURT

Rev. 4/96

FOR THE DISTRICT OF COLUMBIA

### NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
### IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

### NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

### NOTICE TO DEFENDANT:  KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

### NOTICE TO ALL COUNSEL  U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

---

The plaintiff, defendant or counsel must complete the following:

1. ### RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

- [X] (a) relates to common property
- [X] (b) involves common issues of fact
- [X] (c) grows out of the same event or transaction
- [ ] (d) involves the validity or infringement of the same patent
- [X] (e) is filed by the same pro se litigant

2. ### RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case: [X]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT**

4. CAPTION AND CASE NUMBER OF RELATED CASE(E-S) IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**MICHAEL L. BUESGENS**     v.   **SCOTT H. GALLOWAY**        C.A. No. **07-35578**

**06/29/2008**

DATE                Signature of Plaintiff /Defendant (or counsel)

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**  KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**  U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.  **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

- [X]  (a)  relates to common property
- [X]  (b)  involves common issues of fact
- [X]  (c)  grows out of the same event or transaction
- [ ]  (d)  involves the validity or infringement of the same patent
- [X]  (e)  is filed by the same pro se litigant

2.  **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case:  [X]

3.  NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

U.S. DISTRICT COURT DISTRICT OF WASHINGTON, WESTERN DIVISION

4.  CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

MICHAEL L. BUESGENS         v.  ALAN ROSWELL WEINER         C.A. No. 2:07CV01846

06/29/2008
DATE                          Signature of Plaintiff/Defendant (or counsel)

CLERK:S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk:s records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:** KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL** U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff , defendant or counsel must  complete the following:

I.   **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

[X]  (a)    relates to common property

[X]  (b)    involves common issues of fact

[X]  (c)    grows out of the same event or transaction

[ ]  (d)    involves the validity or infringement of the same patent

[X]  (e)    is filed by the same pro se litigant

2.   **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case:  [X]

3.   NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT**

4.   CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**MICHAEL L. BUESGENS**          v.  **ALAN ROSWELL WEINER**          C.A. No. **08-35202**

**06/29/2008**
DATE                          Signature of Plaintiff /Defendant (or counsel)

CLERK˙S OFFICE                                          CO-932
UNITED STATES DISTRICT COURT                            Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerks records, one copy for the Judge to whom the cases is assigned and one copy  for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:  KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL  U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff , defendant or counsel must  complete the following:

I.     RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

- [X] (a)     relates to common property
- [X] (b)     involves common issues of fact
- [X] (c)     grows out of the same event or transaction
- [ ] (d)     involves the validity or infringement of the same patent
- [X] (e)     is filed by the same pro se litigant

2.     RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case:  [X]

3.     NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. DISTRICT COURT DISTRICT OF KANSAS**

4.     CAPTION AND CASE NUMBER OF RELATED CASE(E-S).  IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**MICHAEL L. BUESGENS**          v.  **DOUGLAS G. HOUSER**          C.A. No. 2:07CV2116

**06/29/2008**
DATE                                Signature of Plaintiff /Defendant (or counsel)

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
## IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**   KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**   U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.   **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case:   [Check appropriate box(es) below.]

| | | |
|---|---|---|
| [X] | (a) | relates to common property |
| [X] | (b) | involves common issues of fact |
| [X] | (c) | grows out of the same event or transaction |
| [ ] | (d) | involves the validity or infringement of the same patent |
| [X] | (e) | is filed by the same pro se litigant |

2.   **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(S)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case:   [X]   MOTION TO INTERVENE

3.   NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. DISTRICT COURT DISTRICT OF ARIZONA**
_____

4.   CAPTION AND CASE NUMBER OF RELATED CASE(E-S).  IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

NANCY WALRAVEN   v.   JOHN W. SNOW, SECRETARY   C.A. No. 2:06CV00864

**06/29/2008**
_____        _____
DATE                   Signature of Plaintiff/Defendant (or counsel)

CLERK≀S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
### IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerks records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:** KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL** U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.    **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case:   [Check appropriate box(es) below.]

- [X] (a)    relates to common property
- [X] (b)    involves common issues of fact
- [X] (c)    grows out of the same event or transaction
- [ ] (d)    involves the validity or infringement of the same patent
- [X] (e)    is filed by the same pro se litigant

2.    **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(S)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case:   [X]   MOTION TO INTERVENE
BANKRUPTCY CASE 08-10749, VIRGINIA

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**U.S. DISTRICT COURT DISTRICT OF COLUMBIA**

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**TESSA ELENA BERGMAN**          v.   **JOHN W. SNOW, SECRETARY**          1:06CV00303
[X] C.A. No.

**06/29/2008**
DATE                              Signature of Plaintiff/Defendant (or counsel)

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

### NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
### IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**  KIM KENDRICK, HUD ASSISTANT SECRETARY

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**  U.S. ATTORNEY OFFICE

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.  **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

- [X] (a)  relates to common property
- [X] (b)  involves common issues of fact
- [X] (c)  grows out of the same event or transaction
- [ ] (d)  involves the validity or infringement of the same patent
- [X] (e)  is filed by the same pro se litigant

2.  **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(S)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case:  [X]

3.  NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):
U.S. TAX COURT - THIS TAX COURT CASE IS NOW ON APPEAL AT THE NINTH CIRCUIT APPEAL NO. 08-16242

4.  CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

COMMISSIONER                v.  MICHAEL L. BUESGENS              C.A. No. 5378-08

06/29/2008
DATE                          _____
                              Signature of Plaintiff/Defendant (or counsel)

5378-08

**U.S. Tax Court Docket Sheet**

PETITIONER BUESGENS MOTION TO
DISMISS HIS PETITION BASED ON
JUDGE SAM SPARKS OPINION & ORDER
IN 1:07CV00427-SS
TAX COURT RUNS AROUND IT

07/01/08

T

S

U N I T E D  S T A T E S  T A X  C O U R

D O C K E T  E N T R I E

Docket No.    5378-08
INDEX
    Michael L.
Buesgens

**NINTH CIRCUIT APPEAL**

**NO.  08-72530**

                    v. COMMISSIONER OF INTERNAL

REVENUE

                                        Pro

Se

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT | DTE SERVED |
|-----|------|-------|-------------------------|----------|------------|

M

0001 03/03/08 PF    PETITION Filed:Fee Paid                          R
03/10/08
0002 03/03/08 REQT  REQUEST for Place of Trial at                    R
03/10/08
                    Washington,
DC
0003 04/09/08 MOTP  MOTION by petr. to dismiss for  X    **04/09/2008**
04/17/08                                                         R
                    LOJ. w/Exs.                       ORD
05/07/08
0004 04/15/08 O     ORDER parties by 5-6-08
show
                    cause why case should not be    X    **04/15/2008**
C                                                      B 04/17/08
                    dismissed for LOJ. (R-Re.M. 5-12-
08)
0005 04/22/08 MOTR  MOTION by resp. for more
definite
                    statement. (C/S 4/21/08) (MOOT)  ORD
05/07/08
0006 04/25/08 O     ORDER mot. for more

definite

statement held in abeyance.                          B 04/28/08

C
' 0007 04/30/08 RESP RESPONSE by Petr. to OSC
dtd.

4-15-08.                                R

05/07/08
0008 05/02/08 RESP RESPONSE by Resp. to OSC
dtd.

4-15-08. (C/S

5/1/08)
0009 05/07/08 OD   ORDER OF DISMISSAL
ENTERED,

Judge Colvin.  For LOJ. OSC               B 05/07/08

C

dtd. 4-15-08 made absolute. Denying as moot Resp. mot.
(5)

for more definite statemenet.  Denying Petr. mot. (3)
to

dismiss.

                A P P E L L A T E   P R O C E E D I N G

S
0010 05/29/08 NOAP NOTICE OF APPEAL by petr(s).  X
to

U.S.C.A., 9th Cir. (C/S                     B 06/03/08

C

5/24/08) No fee rec'd. (C.A.# 08-
72530)
0011 06/03/08 NOFC NOTICE of Filing w/ copy of
Not.

of App. sent to the parties.               B 06/03/08

C


# MICHAEL L. BUESGENS
## Former IRS Employee
## Debtor-Creditor
## Tax Court-Bankruptcy Court

# MICHAEL L. BUESGENS LITIGATION

## NINTH CIRCUIT COURT OF APPEALS

| Case No./Title | Opening Date | Party | Last Docket Entry | Originating Case No. |
|---|---|---|---|---|
| 07-35578 Buesgens v. Galloway | 07/18/2007 | Michael L. Buesgens | 06/11/2008 13:55:02 | CV-07-00043-GMK |
| 07-74126 Buesgens, et al v. HUD | 10/22/2007 | Michael L. Buesgens | 04/10/2008 14:06:03 | |
| 08-16242 Nancy Walraven, et al v. Henry Paulson | 05/21/2008 | Michael L. Buesgens | 06/17/2008 11:55:05 | 2:06-CV-00864-FJM |
| 08-35202 Michael Buesgens v. Alan Weiner | 03/17/2008 | Michael L. Buesgens | 06/12/2008 13:56:32 | 2:07-cv-01846-RAJ |
| 08-72530 Michael Buesgens v. CIR | 06/16/2008 | Michael L. Buesgens | 06/16/2008 10:23:25 | 5378-08 |



FEDERAL TORT CCAIMS ACT

U.S. Department of Housing and Urban Development

# KIM KENDRICK, ASSISTANT SECRETARY HUD FHEO-FHAP

| Special Attention of:<br>All FHEO Region Directors<br>All Associate General Counsel<br>All FHEO Staff | **Transmittal** for Handbook No.: 8024.01, REV-2<br>Issued: May 11, 2005<br>**DUAL FILED HUD CASE NO. 06-06-0293-8** |

1. This Transmits

one new chapter and four revised chapters of the Title VIII Complaint Intake, Investigation, and Conciliation Handbook, 8024.01. The original handbook was published in 1995, and included six chapters: Jurisdiction, Complaint Intake, Special Intake, Conciliation, Planning and Conducting the Investigation, and Administrative Closures. Two chapters were added in 1998; Theories of Discrimination and Analysis of Specific Cases.

One new chapter, Chapter 10, Preparation of the Case File has been added, and four chapters: Chapter 4, Complaint Intake; Chapter 7, Planning and Conducting the Investigation; Chapter 9, Administrative Closures; and Chapter 11, Conciliation, have been revised and updated to reflect current FHEO guidance.

Chapter 10: Preparation of the Case File, provides guidance to FHEO staff on the organization and placement of evidence in the investigative case file, including privileged and confidential information.

Chapter 4: Complaint Intake, combines and revises Chapters 4 and 5 from the 1995 edition of the Handbook, and provides updated and revised guidance for complaint intake activities and special intake issues, previously contained in Chapter 4 (Complaint Intake) and Chapter 5 (Special Intake).  X

Chapter 7: Planning and Conducting the Investigation, Chapter 9, Administrative Closures, and Chapter 11, Conciliation, have been updated to include current FHEO policies and practices.

Remove Chapters 4,5, 7, 9 and 11 and insert Handbook 8024.01, REV-2, Chapters 4, 7, 9, 10 and 11, with Appendices.

Assistant Secretary
for Fair Housing and Equal Opportunity

Distribution: W-3-1,

# CHAPTER 9 ADMINISTRATIVE CLOSURES

1. Trial has begun in Falcon Ridge Apartments Eviction Suit Case No. 041509

2. Trial: 01/26/2006



Received
Mail Room

JUL -3 2008

**Nancy Mayer Whittington, Clerk**
**US District Court, District of Columbia Circuit**