# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001

RECEIVED

SEP - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Michael L. Buesgens**

Plaintiff

Civil No.

**1:06CV01964-RBW**

**V.**

**Charles Eads Brown**
Eviction Attorney

**R. Barry Robinson,**
Assistant U.S. Attorney
HUD case No. 06-06-0293-8
**U.S. Attorney Office**

**Kim Kendrick,**
Assistant Secretary
Fair Housing Equal Opportunity
Fair Housing Assistance Program
Federal Tort Claims Act
Freedom of Information Act
**HUD-FHEO-FHAP-FTCA-FOIA**
HUD case No. **06-06-0293-8**
U.S. Department of Housing
& Urban Development

**United States of America**

**Shelley Bush Marmon**
Attorney
Crady, Jewett, McCulley, LLP

**Gregory Scott Cagle,**
Attorney
Armbrust & Brown, LLP

**Chester Earl Beaver, Jr.**
Assistant Attorney
City of Austin, Texas
Fair Housing Office
**Dual Filed HUD case**
**No. 06-06-0293-8**

**Felix Tarango,**
Assistant Attorney
Travis County, Austin, Texas

Defendants, et al

## VOIR DIRE MEMBERS-JURY SELECTION
## RECALCITRANT WITNESSES
## ALAN ROSWELL WEINER, REDMOND, WASHINGTON
## HILARY LYN REYES, AUSTIN, TEXAS

## OBSTRUCTION OF JUSTICE
## JUROR TAMPERING
## SUBORNING PERJURY

Attorney Charles Eads Brown has **lied** to this

court. Charles Eads Brown has **contempt** for this court.

2

**R. Barry Robinson, AUSA** U.S. Attorney Office Austin, Texas has **participated** in this **contempt** and **obstruction of justice.**

Judge Sam Sparks, Judge Earl Leroy Yeakel, Judge J. David Phillips, Magistrate Judge Robert L. Pitman, Justices of the Peace Herbert E. Evans, Harriet M. Murphy, and court staff at **U.S. District Court for the Western District of Texas Austin Division, Travis County Court at Law No. 1, and Justice of the Peace Court, Precinct No.** 5 have all **promoted** and **participated** in **obstruction of justice** in Plaintiff Michael L. Buesgens litigation.

The foregoing and/or their **agents** have **intimidated** and **threatened** voir dire members in eviction case No. **041509.** Moreover, Plaintiff Buesgens requests for **subpoenas** and **subpoenas duces tecum** routinely diverted and rejected, by the courts.

The **summons** and **subpoenas** that Buesgens did serve, resulted in simulated compliance or no compliance and no appearance.

3

**The Attorneys** Charles Eads Brown, Shelley Bush Marmon, Gregory Scott Cagle, and **their legal partners** at **U.S. Attorney Office**, Douglas G. Houser, Bullivant, Houser, Bailey, PC Portland, Oregon and Judges **routinely use** Judge Sam Sparks self serving opinion and order in civil No. **1:07CV00427-SS** to have Buesgens complaints **dismissed**.

## For example, see the following:

1. **Judge Royce C Lamberth,** U.S. District Court for the District of Columbia, order denying, Plaintiff Buesgens court filing, against the U.S. Department of Housing and Urban Development.

2. **Judge Richard A. Jones** dismissal of Plaintiff Buesgens complaint against **Alan Roswell Weiner, voir dire member** in civil No. **2:07CV01846-RAJ, Seattle, Washington.**

3. **Shelley Bush Marmon, Attorney** and **Alan Roswell Weiner, voir dire member** submitted **Judge Sam Sparks** opinion and order in civil No. **1:07CV00427-SS** to **Judge Richard A. Jones,** which in turn caused Buesgens appeal

to the **Ninth Circuit**, appeal No. **08-35202** and Buesgens
had to produce another filing fee of **$455.00.**

4. **Look at Douglas G. Houser, respondeat superior,**
R.Daniel Lindahl, Appellate Attorney, and Maren Holmboe
at **Bullivant, Houser, Bailey,** PC **using** Judge Sam
Sparks's opinion and order in civil No. **3:07CV00043-GMK**
**Portland, Oregon.** This caused **Ninth Circuit** appeal
No. **07-35578** and another **$455.00** filing fee for
Plaintiff Buesgens.

5. **Look at Bullivant, Houser, Bailey, PC Portland,**
**Oregon, and Lathrop & Gage Overland Park, Kansas** use of
**Judge Sam Sparks** opinion and order in Kansas City,
Kansas in civil No. **2:07CV02116-CM-Jar-JPO.**

6. **Judge Carlos Murguia dismissed** Buesgens complaint
**based on** Judge Sam Sparks's opinion and order in civil
No. **1:07CV00427-SS Austin, Texas.**

7. **See** how Judge Sam Sparks and the attorneys work
together to **defeat every attempt** Plaintiff Buesgens
make for **justice.**

8. **Look at civil No. 3:07CV00043-GMK Portland, Oregon.**

Michael L. Buesgens
         Plaintiff

   **V.**

Scott H. Goeres Galloway, Recalcitrant Witness
United Parcel Service delivery driver
West Linn, Oregon
         Defendant

9. **Look** at the law firm in civil No. **3:07CV00043-GMK.**

**Bullivant, Houser, Bailey, PC**

10. Why would a law firm like Bullivant, Houser,

Bailey, PC be in this case against pro se Buesgens?

11. **Who hired** Bullivant, Houser, Bailey, and **who** is

**paying,** Doug Houser **billable hours?**

12. The answer to that is **Arnold Carl Tauch, Jack Cregg**

**Moss,** Real Estate Developers **(Falcon Ridge Apartments),**

and **Shelley Bush Marmon,** Attorney **Houston, Texas.**

13. Look at what **staff attorneys** at the **Ninth Circuit**

are doing with Appellant Buesgens appeals.

   A. Appeal No. **07-35578**

   B. Appeal No. **08-35202**

14. **Look at** Judge Earl Leroy Yeakel III, Magistrate Judge Robert L. Pitman, Judge Sam Sparks, Bankruptcy Judge Frank R. Monroe, and R. Barry Robinson, AUSA **misconduct** and **orders** in the following cases:

A. **Civil No. 1:06CV00260-LY**
Gregory Scott Cagle, Attorney
Charles Eads Brown, Attorney
R. Barry Robinson, AUSA

B. **Civil No. 1:06CV00226-LY-RP**
Shelley Bush Marmon, Attorney
Gregory Scott Cagle, Attorney

C. **Civil No. 1:06CV00967-LY**
R. Barry Robinson, AUSA
Shelley Bush Marmon, Attorney

D. **Civil No. 1:05CV00243-SS**
**IRS**-TD-EEO case No. **03-2339**
**EEOC** case No. **360-2003-8286X**
**MSPB** case No. **DA-1221-06-0171-W-1**
R. Barry Robinson, AUSA
Jennifer Ann Randall, EEOC Attorney

E. **IRS** Bankruptcy **Crimes** case No. **06-11164-FRM**
Bankruptcy Judge Frank R. Monroe
Judge Sam Sparks
R. Barry Robinson, AUSA

F. Civil No. **1:07CV00127-LY, Bankruptcy Appeal**
Judge Earl Leroy Yeakel III

G. Civil No. **1:07CV00156-LY, Bankruptcy Appeal**
Judge Earl Leroy Yeakel III

H. Civil No. **1:07CV00209-LY, Adversary Appeal**

## VOIR DIRE CASSETTE TAPE EVIDENCE

Plaintiff Buesgens is submitting his tape recording evidence of his **telephone conversations** with voir dire members **Alan Roswell Weiner** and **Hilary Lyn Reyes** to this court.

### BACKGROUND

Attorney Charles Eads Brown **misconduct** at jury selection in eviction case No. **041509** contributed to Buesgens loss and the continuing litigation that has spread across the United States, including the District of Columbia.

On **January 26, 2006**, Attorney **Charles Eads Brown polluted the well** at jury selection. **Attorney Brown** talked to voir dire members (18) about Buesgens medical disability bipolar and asked voir dire members what they knew about bipolar medications.

Attorney Brown **labeled** and **stigmatized** Buesgens as a threat and a danger. **Brown made** Buesgens housing discrimination complaint a part of his eviction suit against Defendant Buesgens.

8

The **sole issue** in eviction is possession of the property. **See Attorneys** Charles Eads Brown, Gregory Scott Cagle, and Shelly Bush Marmon court filings in civil No. **1:06CV00260-LY** at U.S. District Court for the Western District of Texas Austin Division.

Civil No. **1:06CV00260-LY** is Buesgens **removal** of eviction appeal **cause** No. **C-1-CV-06-000678**, at Travis County Court at Law No 1 Austin, Texas.

Appeal cause No. **C-1-CV-06-000678 is** the appeal of Charles Eads Brown and Falcon Ridge Apartments eviction case No. **041509**.

Charles Eads Brown, Attorney has lied to this court in civil No. **1:06CV01964-RBW** and to U.S. District Court for The Western District of Texas Austin Division in civil No. **1:06CV00226-LY**. Charles Brown **denies** he said anything about Plaintiff Buesgens medical disability at voir dire on **January 26, 2006** in eviction case No. **041509**.

Voir dire members have been **intimidated**, and **threatened** by attorneys and their agents, and this includes U.S. Attorney Office Austin, Texas participation in this wrongdoing.

**R. Barry Robinson, AUSA** is **involved** in this **because** of Buesgens housing discrimination complaint, **HUD** case No. **06-06-0293-8**.

**No voir dire members** will come forward and speak the truth because of the **threats** and **intimidation** by attorneys and their agents. **Tape recordings** are the only option Plaintiff Buesgens has.

Plaintiff Buesgens housing discrimination complaint **closed based** on **Falcon Ridge Apartments** and Attorney Charles Eads Brown eviction case No. **041509**. **Trial, January 26, 2006**.

**HUD administrative closure** of Buesgens housing discrimination complaint **based on trial has begun** in Charles Eads Brown eviction suit.

Respectfully Submitted,

*[signature]*

Michael L. Buesgens

September 2, 2008

## CERTIFICATE OF SERVICE

I HEREBY Certify that I sent one true copy of the foregoing and one copy of cassette tapes by first class mail on this 3rd day of September 2008 to

1. **Charles Eads Brown**
2. Chester Earl Beaver, Jr
3. Felix Tarango
   Hunter-Kelsey Mortgage Brokers
   3624 North Hills Drive, B100
   Austin, Texas 78731

4. **Alan Roswell Weiner, Voir Dire Member**
   8675 233rd Place, NE
   Redmond, Washington 98053

5. **Shelley Bush Marmon**
   Crady, Jewett, McCulley LLP
   2727 Allen Parkway, Suite 1700
   Houston, Texas 77019

6. **Hilary Lyn Reyes, Voir Dire Member**
   8801 North FM 620, Apartment 1035
   Austin, Texas 78726-3521

7. **R. Barry Robinson, AUSA**
   U.S. Attorney Office
   816 Congress Avenue, Suite 1000
   Austin, Texas 78701

8. **Mariann M. Johnston, Voir Dire Member**
   4231 Westlake Drive, A1
   Austin, Texas 78746

9. **Judge Earl Leroy Yeakel III**
10. Magistrate Judge Robert L. Pitman
11. Judge J. David Phillips
12. Judge Sam Sparks
    **U.S. District Court for the Western District of Texas, Austin Division**
    200 West 8th Street
    Austin, Texas 78701

13. **James Patrick O'Grady, Voir Dire Member**
    701 Rogart Drive
    Spicewood, Texas 78669-2031

14. **Judge Carlos Murguia**
    **U.S. District Court for the District of Kansas**
    500 State Avenue
    Kansas City, Kansas 66101

15. **Scott Browning Coombes, Voir Dire Member**
    9701 Palmbrook Drive
    Austin, Texas 78717

16. **Judge Richard A. Jones**
    **U.S. District Court for the Western District of Washington, Seattle Division**
    700 Stewart Street, Lobby Level
    Seattle, Washington 98101

17. **Catherine Brown Spencer, Voir Dire Member**
    2100 Marquette Lane
    Austin, Texas 78723

18. **Kim Kendrick, Assistant Secretary**
    U.S. Department of Housing & Urban Development
    A. **HUD** case No. **06-06-0293-8**
    B. Federal Tort Claims Act-**FTCA**
    C. Freedom of Information Act-**FOIA**
       Mail Code E, Room 5100
       451 Seventh Street, SW
       Washington, DC 20410

19. **Rosemary Lumpkins, General Counsel**
    **Microsoft**
20. Alan Roswell Weiner, Microsoft Employee
    One Microsoft Way, Bldg 8
    Redmond, Washington 98052-6399

21. **Jolynn Janell Perez, Voir Dire Member**
    604 Deep Eddy Avenue
    Austin, Texas 78703-4514

22. **Edward B. Rust, Jr, President, CEO**
23. James Rutrough, Vice Chairman
24. Jay Lawrence Vath, Adjuster
    **State Farm Insurance Companies**
    A. Tenant/Renter Policy No. **83-LV-0578-9**
    B. HUD case No. 06-06-0293-8
    C. Eviction case No. 041509
    D. Eviction Appeal cause No. C-1-CV-06-000678
    E. **Blue Cross Blue Shield Subrogation**
       One State Farm Plaza, #A
       Bloomington, Illinois 61710-0001

25. **Gary Paul Davis, Voir Dire Member**
    5104 Ponderosa Parkway
    Austin, Texas 78727

26. **Brent Carlyle Pohl, Voir Dire Member**
    2212 Rimrock Drive
    Austin, Texas 78738

27. **Phyllis Weiner, Alan Weiner Mom**
    3306 Edgewood Lane
    Temple, Texas 76502

28. **Larry David Weiner, Alan Weiner Brother**
29. **Katie Leigh Hollon, Alan Weiner Companion**
    2930 Big Oaks
    Garland, Texas 75044

30. **Carl Weeks, Investigator**
    Weeks & Associates
    Case No. 951.06-242
    316 West 12th Street, Suite 316
    Austin, Texas 78701

Michael L. Buesgens
Plaintiff

Mailing Address
3112 Windsor Rd, Ste A322
Austin, Texas 78703
Phone: 512-339-6005X7958
Email: mikebuesgens@hotmail.com

September 2, 2008

# EXHIBITS

1. **Charles Eads Brown Denies**
   Civil No. **1:06CV00226-LY-RP**
   Document 71, Filed **07/12/2007**
   U.S. District Court for the Western District of
   Texas, Austin Division

2. **Charles Eads Brown Denies**
   Civil No. **1:06CV01964-RBW**
   Documents 11 and 12, Filed **03/19/2007**
   U.S. District Court for the District of Columbia

3. District Courts and Ninth Circuit Appeals Court
   Addresses

# Cassette Tapes

Alan Roswell Weiner, Voir Dire Member

Hilary Lyn Reyes, Voir Dire Member

**PLAINTIFF BUESGENS EXHIBIT NO. 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2006 JUL 12 PM 2: 16

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CAUSE NO. A-06-CA-226-LY |
| | § | |
| FALCON RIDGE APARTMENTS, | § | |
| FALCON APARTMENTS OF AUSTIN, | § | |
| LTD., FALCON APARTMENTS OF | § | |
| AUSTIN I, INC., GREYSTAR PROPERTY | § | |
| MANAGEMENT, DEBI WEHMEIER, | § | |
| MANDY ROGERS AND | § | |
| AMANDA WILSON | § | |
| Defendants | § | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S SECOND MOTION FOR SANCTIONS [Docket # 63]**

COME NOW Defendants Falcon Ridge Apartments, Falcon Apartments of

Austin, Ltd. Falcon Apartments of Austin I, Inc., Greystar Property Management, Debi

Wehmeier, Mandy Rogers, and Amanda Wilson, and their respective counsel and file this

Response to Plaintiffs [SIC] Second Motion for Sanctions and would respectfully show

as follows:

1.      Plaintiff's motion appears to be a motion to compel responses to discovery

in the above-styled and referenced case.  Plaintiff correctly states that this matter was

removed from state district court after he served interrogatories upon Defendants.

Defendants are in receipt of three (3) sets of interrogatories.  As stated in Defendants'

Response [Docket #32] to Plaintiff's first Motion to Compel [Docket #21], Defendants

waited to answer the outstanding discovery in order to comply with Rule 26 and in

compliance with Rule 33(a).  Once the scheduling conference had taken place and

- 1 -

Defendants had completed other Rule 26 obligations,[1] Defendants responded to the outstanding discovery requests, including responses to a Request for Production and three sets of Interrogatories.

2.    Plaintiff's interrogatories exceeded the number of permissible interrogatories under Rule 33.  Rule 33 limits the number of interrogatories to 25 in number, including all discrete subparts.  In Plaintiff's First Set of Interrogatories, there were thirteen (13) interrogatories, not including subparts.  In Plaintiff's Second Set of Interrogatories, there were twenty-four (24) interrogatories, not including subparts.  In Plaintiff's Third Set of Interrogatories, there were eighteen (18) interrogatories, not including subparts.  The interrogatories were directed generically to all "Defendants" without specification.  Therefore, all Defendants responded in writing to the first twenty-five (25) interrogatories.  Defendants interposed objections as they believed warranted and responded to all interrogatories in number greater than 25 that such interrogatories exceeded the permissible number of interrogatories and therefore Defendants would not respond beyond Interrogatory No. 25.[2]

3.    Plaintiff alleges that David Armbrust and Frank Brown "lied" in Responses to Requests for Admissions by denying that Charles Brown "polluted voir dire with talk of Buesgens' bipolar and medications."  He then requests that the jurors be called to trial in this case to testify about that issue.  First, David Armbrust and Frank

---

[1] Note, however, that Plaintiff has failed to comply with Rule 26 by failing to engage in a conference to consider a scheduling order, failing to file initial disclosures, failing to disclose expert testimony, and failing to cooperate in scheduling discovery.

[2] In paragraph 1 of the Motion, Plaintiff complains that Dunham Jewett of the firm of Crady, Jewett & McCulley responded to the interrogatories. In fact, Mr. Jewett has no involvement in this case. Counsel of record for these Defendants is Shelley Bush Marmon or Gregory Cagle. Ms. Marmon was the attorney responsible for signing the interrogatories for the Defendants.

# CHARLES EADS BROWN, ATTORNEY

Brown are not counsel of record in this matter and have no personal knowledge or interest in responding to requests for admissions. The requests for admissions were directed to the Defendants collectively and they responded to accordingly. The responses were compiled from the collective knowledge of all of the Defendants and their counsel. Defendants believe that Plaintiff is complaining about two requests for admission which he believes the Defendants have answered incorrectly. For the benefit of the Court, Defendants believe that Plaintiff complains of the following requests and answers:

6.    That Charles E Brown told voir dire in Justice Court #5 on January 26, 2006 that Buesgens has bipolar and requires medication.

**ANSWER:**    Denied.

7.    That Charles E Brown asked voir dire jurors what they knew about bipolar medication.

**ANSWER:**    Denied.

Defendants conferred with their former counsel, Charles Brown, to determine whether the statements in the requests were accurate. He responded that they were not accurate; therefore, the requests were denied. Defendants' only obligation is to comply with Rule 36 by either admitting the requests, denying the requests or responding to the requests by stating in detail why the requests cannot be truthfully admitted or denied. Defendants have complied with the rule.

4.    Plaintiff complains about Defendants "lied" in their production of documents. Defendants believe that Plaintiff complains of the following requests for production and responses:

2.    Your copy of the background investigation done on Buesgens by you and your agents including attorney Charles E. Brown.

**RESPONSE:**    None other than the one completed at the inception of your tenancy in June 2003.

3.    A copy of your credit report investigation of Buesgens done by you or your agents or anyone else.

**RESPONSE:**    None other than the one completed at the inception of your tenancy in June 2003.

4.    A copy of National Tenants Network San Antonio, Linda Jerdet Credit and Eviction Report on Buesgens.

**RESPONSE:**    None.

5.    A copy of your police investigation report done on Buesgens by you and your agent or anyone else.

**RESPONSE:**    None.

Plaintiff seems to believe that Defendants have conducted investigations other than as responded. In fact, Defendants have not conducted such investigation other than at the inception of Plaintiff's lease in 2003.

5.    Defendants do not believe a hearing on Plaintiff's Motion will further advance discovery in this matter and that Plaintiff will use the hearing for the purpose of continued harassment of the parties and their counsel. However, to the extent the Court believes a hearing is warranted, counsel for the Defendants will appear and respond appropriately.

WHEREFORE PREMISES CONSIDERED, Defendants request that Plaintiff's Motion for Sanctions [Docket #63] be denied and that the Court enter such other and further orders to which the parties may show themselves justly entitled.

## 1:06CV00226-LY-RP

Respectfully submitted,

By: _____
GREGORY S. CAGLE
State Bar No. 24003678
ARMBRUST & BROWN, L.L.P.
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300
(512) 435-2360 (Telecopy)

SHELLEY BUSH MARMON
State Bar No. 03497050
CRADY, JEWETT & McCULLEY, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125
Telephone: 713.739.7007
Facsimile: 713.739.8403
ATTORNEYS FOR DEFENDANTS
FALCON APARTMENTS OF AUSTIN,
LTD.

### CERTIFICATE OF SERVICE

I do hereby certify that on this 10 day of July , 2006 a true and correct copy of the foregoing document was mailed, by First Class Mail and U.S. Certified Mail, Return Receipt Requested, as follows:

Michael L. Buesgens
c/o Seton Shoal Creek Hospital
3501 Mills Avenue
Austin, TX 78731

William S. Warren
1011 Westlake Dr.
Austin, TX 78746

_____
Gregory S. Cagle

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA



| | | |
|---|---|---|
| **MICHAEL L. BUESGENS**<br>**Plaintiff** | § § § § | |
| v. | § | **CASE NO. 1:06-CV-01964-RCL** |
| **CHARLES E. BROWN, ET AL.**<br>**Defendants** | § § § | |

RBW

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S ORIGINAL ANSWER

Charles E. Brown, Defendant, files Defendant's Original Answer to Plaintiff's

Original Petition and shows:

### ANSWER

1.    Defendant denies that this Court has jurisdiction over the matters alleged by

Plaintiff.  (Plaintiff's Original Complaint, Paragraph II, pg. 15)

2.    Defendant denies employment discrimination or housing discrimination based

on disability or any basis. (Plaintiff's Original Complaint, Paragraph 14, pg.

18)

3.    Defendant denies retaliation against Plaintiff because of employment

discrimination or housing discrimination complaints. (Plaintiff's Original

Complaint, Paragraph 15, pg. 18)

4.   Defendant is without sufficient knowledge to admit or deny any facts regarding the constitutionality of state statutes. (Plaintiff's Original Complaint, Paragraph 16, pg. 18-19)

5.   Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise taxes. (Plaintiff's Original Complaint, Paragraph 17, pg 19)

6.   Defendant is without sufficient knowledge to admit or deny any facts regarding certificates of authority to do business. (Plaintiff's Original Complaint, Paragraph 18, pg. 19)

7.   Defendant denies any assumed name or true name violations. (Plaintiff's Original Complaint, Paragraph 19, pg. 19)

8.   Defendant is without sufficient knowledge to admit or deny any facts regarding state franchise tax liability nexus to Federal Corporate IRS tax reporting. (Plaintiff's Original Complaint, Paragraph 20, pg. 19)

9.   Defendant denies that there has been collusion between attorneys, law firms and real estate developers and state agencies against Plaintiff. (Plaintiff's Original Complaint, Paragraph 21, pg. 19)

10.  Defendant denies that there is or has been a civil conspiracy intertwined in Plaintiff's housing discrimination complaint and employment discrimination complaint. (Plaintiff's Original Complaint, Paragraph 22, pg. 20)

11.    Defendant denies retaliation against Plaintiff. (Plaintiff's Original Complaint, Paragraph 23, pg. 20)

12.    Defendant denies discrimination and retaliation in collusion with any other parties against Plaintiff. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

13.    Defendant denies discrimination or retaliation in collusion with the National Apartment Association, Texas Apartment Association, or Austin Apartment Association. (Plaintiff's Original Complaint, Paragraph 24, pg. 20)

14.    Defendant denies a breach of duty owed against Plaintiff. (Plaintiff's Original Complaint, Paragraph 25, pg. 21)

15.    Defendant denies any breach of fiduciary duty to the courts or to Plaintiff. (Plaintiff's Original Complaint, Paragraph 26, pg. 21)

16.    Defendant denies any negligent misrepresentations to Plaintiff in employment discrimination or housing discrimination. (Plaintiff's Original Complaint, Paragraph 27, pg. 21)

17.    Defendant denies connected or coordinated adverse actions against Plaintiff or circumventing federal statutes, state statutes, or federal and state rules of civil procedure. (Plaintiff's Original Complaint, Paragraph 28, pg. 22)

18.    Defendant denies attorney and law firm private and government misconduct. (Plaintiff's Original Complaint, Paragraph 29, pg. 22)

19.    Defendant denies state and federal tax fraud. (Plaintiff's Original Complaint, Paragraph 30, pg. 22)

20.    Defendant denies violations of Secretary of State regulations for business and non-profit entities. (Plaintiff's Original Complaint, Paragraph 31, pg. 22)

21.    Defendant denies that he failed to acquire fictitious name certification. (Plaintiff's Original Complaint, Paragraph 32, pg. 23)

22.    Defendant denies misrepresenting the true name and identity and standing, and capacity of the owners and general partners of residential multi-family communities. (Plaintiff's Original Complaint, Paragraph 33, pg. 23)

23.    Defendant denies negligent or intentionally negligent misrepresentations for mandatory disclosures. (Plaintiff's Original Complaint, Paragraph 34, pg. 23)

24.    Defendant denies fraudulent acts or negligently allowing fraudulent acts, willful or premeditated activities regarding legal and business decisions, fraudulent activities that are foreign to the duties of an attorney, acting outside the scope of Defendant's duties, or fraudulent acts on behalf of Defendant's clients. (Plaintiff's Original Complaint, Paragraph 35, pg. 23-24)

25.    Defendant is unable to admit or deny the statement made regarding "any limitations to rely on or disclaimers as to the accuracy of attorney representations made to Plaintiff or unrepresented non-clients", as the

statement is vague and non-sensical.    (Plaintiff's Original Complaint, Paragraph 36, pg. 25)

26.    Defendant denies aiding and abetting a breach of fiduciary duty based on rendition of legal advice.  (Plaintiff's Original Complaint, Paragraph 37, pg. 25)

27.    Defendant denies violations of rules of professional conduct toward persons involved in the judicial process. (Plaintiff's Original Complaint, Paragraph 38, pg. 25)

28.    Defendant denies not reporting any professional misconduct and denies any knowledge of any professional misconduct.  (Plaintiff's Original Complaint, Paragraph 39, pg. 26)

29.    Defendant denies that he has caused the multiple civil litigation filings by Plaintiff.  (Plaintiff's Original Complaint, Paragraph 40, pg. 26)

30.    Defendant denies any retaliation, abuse of process, abuse of power, abuse of relationships, abuse of knowledge, or discrimination against Plaintiff. (Plaintiff's Original Complaint, Paragraph 41, pg. 26)

31.    Defendant denies that he "pisses on" Plaintiff because he is pro se, or that statutes and laws and rules are only lip service and are routinely manipulated. (Plaintiff's Original Complaint, Paragraph 42, pg. 27)

32.    Defendant denies that Plaintiff is entitled to or should recover any

compensatory damages, punitive damages, or exemplary damages.

<u>PRAYER</u>

Defendant prays that Plaintiff take nothing and that Defendant be granted all

additional relief to which this Court finds Defendant justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

**PLAINTIFF BUESGENS EXHIBIT NO. 2**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:06-CV-01964-RCL** |
| | § | |
| **CHARLES E. BROWN, ET AL.** | § | |
| **Defendants** | § | |



PRO

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## <u>DEFENDANT'S MOTION TO DISMISS OR FOR TRANSFER OF VENUE</u>

Charles E. Brown, Defendant, respectfully moves to dismiss this case for lack

of subject matter jurisdiction, improper venue, failure to state a claim upon which

relief can be granted, <u>res judicata</u> or, in the alternative, Defendant moves to transfer

this case to the Western District of Texas, Austin Division, pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a). In support of this

Motion, the Defendant respectfully refers the Court to the accompanying

Memorandum of Points and Authorities and proposed Order.

Defendant requests that to the extent that this Motion is treated as one for

summary judgment, all factual assertions contained within the attached Memorandum

in support of this Motion be accepted by the Court as true unless Plaintiff submits

contravening affidavits or other documentary evidence. *Neal v. Kelly*, 963 F.2d 453

(D.C. Cir. 1992).

H:\A WorkCB\J-Brown, Buesgens, Motion to Dismiss.doc

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court

dismiss Plaintiff's claims against Defendant in Plaintiff's Complaint and enter such

other and further orders to which Defendant is justly entitled.

Respectfully Submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the
foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No.
7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA



**MICHAEL L. BUESGENS**
**Plaintiff**

§
§
§

**v.**

§

CASE NO. 1:06-CV-01964-RCL

§
§

**CHARLES E. BROWN, ET AL.**
**Defendants**

§
§

**RECEIVED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

Plaintiff, Michael L. Buesgens, has brought suit against thirty-five (35) Defendants, including

the Defendant Charles E. Brown, for alleged violations of housing discrimination laws, attorney

malpractice, employment discrimination and other incoherent claims. Upon information and belief,

the Plaintiff is a resident of Texas and all claims made by Plaintiff arise out of facts which occurred

in Texas. Plaintiff has other active civil matters already pending in the Western District of Texas

from which there have been multiple appeals docketed with the United States Court of Appeals for

the Fifth Circuit. Prior attempts by him to initiate and prosecute claims against Texas defendants in

this court have been rebuffed and the case transferred to the proper court with jurisdiction and proper

venue—the United States District Court for the Western District of Texas—Austin Division.

The Defendant Charles E. Brown is not a resident of the District of Columbia and has no

contact with the District of Columbia. Furthermore, all of the events, actions and transactions by and

between the Defendant Charles E. Brown and the Plaintiff occurred in Travis County, Texas.

Accordingly, the Defendant Charles E. Brown moves to dismiss the Plaintiff's lawsuit based on lack

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

of personal jurisdiction, improper venue and for failure to state a claim upon which relief could be granted. If the Court is not inclined to dismiss these claims on these bases, the Defendant Charles E. Brown requests that the case be transferred to the Western District of Texas—Austin Division.

## ARGUMENT AND AUTHORITIES

## NO PERSONAL JURISDICTION OVER THE DEFENDANT CHARLES E. BROWN

The Defendant Charles E. Brown is a resident in Texas. Plaintiff Buesgens' complaints against the Defendant Charles E. Brown arise out of his tenancy in, and ultimate eviction from, an apartment community in Austin, Texas known as "Falcon Ridge" owned by Falcon Apartments of Austin, Ltd. Charles Brown, P.C. represented the landlord in a lawsuit to evict the Plaintiff. Armbrust & Brown, L.L.P. represented the landlord in Plaintiff's appeal of his eviction and is co-counsel in representing Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Management Services, L.P., GREP General Partner, L.L.C., Debi Wehmeier, Mandy Rogers and Amanda Torres-Wilson in Plaintiff's fair housing lawsuit pending in the Western District of Texas—Austin Division. Crady, Jewett & McCulley, LLP is co-counsel with Armbrust & Brown in the same federal district lawsuit and also represents these same Defendants in related proceedings filed by Plaintiff with the Multi-District Litigation Panel and pending before the United States Court of Appeals for the Fifth Circuit.

All of the factual statements related to the Defendant Charles E. Brown, even if taken as true, occurred entirely and solely within the State of Texas.

District of Columbia Long Arm Jurisdiction Statute

The Defendant Charles E. Brown does not meet the statutory requirements sufficient to permit this Court to exercise personal jurisdiction over him either through conduct or through an enduring relationship. D.C. CODE ANN. § 12-422, 12, 423 (1981). All of the actions or omissions

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

complained of by the Plaintiff about the Defendant Charles E. Brown occurred in Texas. Plaintiff fails to allege that any of the incidents giving rise to his claims against the Defendant Charles E. Brown occurred in the District of Columbia.

Due Process Considerations

If this Court were to exercise personal jurisdiction over the Defendant Charles E. Brown, it would violate the due process rights of the Defendant Charles E. Brown guaranteed to them by the Fourteenth Amendment to the United States Constitution. Before this court may exercise personal jurisdiction over a non-resident defendant two requirements must be met: the non-resident defendant must have availed itself of the benefits and protections of the forum states by establishing minimum contacts with it and the court's exercise of personal jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Plaintiff does not allege specific jurisdictional facts but appears to rely on conclusory allegations and appears to aggregate factual allegations among the various Defendants. Such efforts should fail. Plaintiff bears the burden of establishing personal jurisdiction over each individual Defendant. The Plaintiff must allege specific facts upon which personal jurisdiction can be based. *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom., GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Dir. 2000). They may not aggregate factual allegations concerning multiple Defendants in order to demonstrate personal jurisdiction over any one Defendant. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).

A defendant's minimum contacts with the forum state can establish personal jurisdiction. The jurisdiction is either general or specific. General jurisdiction arises when the defendant's contacts

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

with the forum state are so continuous and systematic as to confer jurisdiction, even when none of the contacts directly relate to the instant case. In that case, even if the forum state has no interest in the specific dispute between the parties, the forum state may still have interest in the defendant because the defendant has already created substantial connections with it. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868 (1984). Sporadic or limited contacts with the forum are insufficient to confer general jurisdiction over a non-resident defendant. The Defendant Charles E. Brown has had no contact with the District of Columbia, much less sporadic contacts. Therefore, the Plaintiff cannot establish a systematic or continuing contact between Defendant and the District of Columbia and therefore cannot establish general jurisdiction over the Defendant Charles E. Brown.

Plaintiff cannot establish specific jurisdiction over the Defendant Charles E. Brown for the same reason. Specific jurisdiction arises when a defendant's contacts with the forum state are specifically related to the lawsuit in which the Plaintiff seeks to establish jurisdiction. In order to establish the minimum contacts which confer specific jurisdiction, the defendant must have purposefully performed some act or consummated some transaction within the forum state and the cause of action alleged by the Plaintiff must arise from or be connected with that act or transaction. *International Shoe,* 326 U.S. at 318. The Plaintiff's allegations regarding the Defendant Charles E. Brown occurred solely within the State of Texas, Travis County to be precise. None of the allegations have any connection with the District of Columbia.

Finally, the Court should also analyze whether anything within the circumstances of this lawsuit could confer jurisdiction over the Defendant Charles E. Brown so as to comport with the traditional notions of fair play and substantial justice. In reviewing this standard, the Court must consider the following factors: the burden on the Defendant Charles E. Brown, the interest of the

H:\A WorkCB\3-Brown, Buesgens, Memorandum.doc

forum state, the interests of the Plaintiff in obtaining convenient and effective relief, the interest of the judicial system in efficiently resolving controversies and the interests of the states in furthering fundamental policies. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105, S.Ct. 2174 (1985).

In applying these factors, exercising jurisdiction over the Defendant Charles E. Brown does not comport with the traditional notions of fair play and substantial justice. The burden on the Defendant Charles E. Brown to defend against the vague complaints in a jurisdiction hundreds of miles from his residence would be substantial. Several of the Defendants are individuals of limited means with only tangential relationship to the allegations made by the Plaintiff. The Defendant Charles E. Brown does not have an office or other business within the District of Columbia. Nothing within Plaintiff's Complaint indicates any specific connection with the District of Columbia as such allegations relate to the Defendant Charles E. Brown. Defendant Charles E. Brown is a resident of Texas and the allegations raised by Plaintiff relate to his fair housing complaints, which are already the subject of a suit pending in the United States District Court for the Western District of Texas— Austin Division (the "Texas Federal Case") and an appeal pending before the United States Court of Appeals for the Fifth Circuit. The fair housing suit in federal district court was set for trial in January 2007 and the appellate case is set on a briefing schedule which begins October 17, 2007. Plaintiff has already elected the forums located in Texas for the resolution of his dispute against the Defendant Charles E. Brown. Clearly the prosecution of these complaints in yet another forum would not promote the convenient or efficient resolution of his claims.

## IMPROPER VENUE

Should the Court determine that there is sufficient basis for personal jurisdiction over the Defendant Charles E. Brown, he moves to dismiss this case based on improper venue. It is unclear the basis for Plaintiff's establishment of jurisdiction. If the claims that jurisdiction over the

Defendant Charles E. Brown are based upon diversity, venue would be proper only in the following districts: 1) the judicial district where any Defendant resides, if all Defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that this the subject of the action is situated, or 3) a judicial district in which any Defendant may be found, if there are no districts in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Accordingly, venue would be proper in the District of Columbia only if all of the Defendants resided in the District of Columbia, a substantial part of the actions or omissions which the Plaintiff alleges occurred in the District of Columbia, or one of the residents resides in the District of Columbia and there is no other district in which Plaintiff could bring his lawsuit. None of these circumstances apply to the Plaintiffs' cause of action. Accordingly, venue is not proper and the Plaintiff's claims against the Defendant Charles E. Brown should be dismissed.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff has failed to allege any statutory or common law basis for any claims against the Defendant Charles E. Brown. Plaintiff Buesgens filed suit in Federal Court in the Western District of Texas against many of the same defendants named in this suit. The Texas Federal Case which was set for trial in January 2007. The allegations in the instant case appear to mirror the allegations in the Texas Federal Case. Plaintiff Buesgens is apparently not pleased with the way his suit is progressing and must have thought that naming the defendants in yet another lawsuit might change the results. Further, the Plaintiff's Complaint within the instant case fails to state any basis for relief against Defendant Charles E. Brown.

Defendant Charles E. Brown represented Falcon Ridge in an eviction case in Justice of the Peace Court, Precinct 5, Travis County, Texas, and the subsequent appeal of that case in the County

H:\A Work\CB\3-Brown, Buesgens, Memorandum.doc

Court of Travis County, Texas. Charles E. Brown no longer represents Falcon Ridge in any matters. Nothing within Plaintiff's Complaint gives rise to any basis for any liability of Charles E. Brown for representing his clients in litigation with Plaintiff in other forums. Plaintiff alleges that Charles E. Brown and other attorneys engaged in interference with a contract (Paragraph 35), collusion (Paragraph 36) and theft or conversion (Paragraph 39). Even if any of these complaints were true, which Defendant Charles E. Brown strenuously denies, Plaintiff has failed to allege sufficient specific facts to support these claims and these attorneys have no personal liability to this Plaintiff for acts taken in the course of representing their clients. *Taco Bell v. Cracken*, 939 F.Supp. 528 (N.D. Tex 1996); *Chapman Children's Trust v. Porter & Hedges L.L.P.* 32 SW 3d 429 (Tex App—Houston [14th] 2000 pet denied). Plaintiff further suggests that these attorneys have committed third degree felony offenses in allowing certain corporate charters to be forfeited. (Paragraph 48). Even if such allegations are true, Plaintiff does not have standing to prosecute such claims, nor does it provide a basis upon which relief could be granted in favor of Plaintiff.

## CONCLUSION

Plaintiff's causes of action against Defendant Charles E. Brown should be dismissed for lack of personal jurisdiction over him and for improper venue. Nothing within Plaintiff's Complaint gives rise to a claim upon which relief could be granted.

WHEREFORE PREMISES CONSIDERED, Defendant Charles E. Brown requests this Court to dismiss Plaintiff's claims against him in Plaintiff's Complaint, or in the alternative, to transfer this case to the United States District Court for the Western District of Texas—Austin Division, and enter such other and further orders to which these parties may show themselves to be justly entitled.

H:\A Work\CB\3-Brown, Buesgens, Memorandum.doc

Respectfully submitted,

CHARLES E. BROWN
Attorney for Defendant
State Bar No. 03101650
3624 North Hills Dr., Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, a true and correct copy of the foregoing instrument was forwarded by Certified Mail, Return Receipt Requested No. 7006 0810 0000 9973 3652, as follows:

Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, Texas 78703.

CHARLES E. BROWN

H:\A Work\CB\3-Brown, Buesgens, Memorandum.doc

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL L. BUESGENS**<br>**Plaintiff** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CASE NO. 1:06-CV-01964-RCL** |
| **CHARLES E. BROWN, ET AL.**<br>**Defendants** | §<br>§<br>§ | |

RBW

### ORDER

Upon consideration of Defendant Charles E. Brown's Motion to Dismiss or, in the alternative, to transfer the pending action to the United States District Court for the Western District of Texas-Austin, it is hereby

ORDERED that Defendant Charles E. Brown's Motion to Dismiss is GRANTED/DENIED.

ORDERED that Defendant Charles E. Brown's Motion to transfer the pending action to the United States District Court for the Western District of Texas-Austin is GRANTED/DENIED.

_____
ROYCE C. LAMBERTH
United States District Judge

**PLAINTIFF BUESGENS EXHIBIT NO. 3**

# U.S. DISTRICT COURT GENERAL INFORMATION



| Home | Information | Opinions | Schedules | Rules & Forms | ECF | Judges | Links |

*1:06CV01964-RBW*



**Nancy Mayer-Whittington**
**Clerk of Court**

Clerk's Office
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

---

**HOURS:**
Due to staffing shortages, until further notice, the Clerk's Office will be
open from 9:00 a.m. - 4:00 p.m. Monday through Friday, except holidays.

| U.S. DISTRICT & BANKRUPTCY COURT TELEPHONE LISTINGS: | |
|---|---|
| U.S. District Court Clerk's Office Information | (202) 354-3000 |
| Human Resources | (202) 354-3200 |
| Files & Copies | (202) 354-3080 |
| New Case Desk (Civil Intake & Miscellaneous Case Desk) | (202) 354-3120 |
| Attorney Admissions/Naturalization | (202) 354-3107 |
| Civil ECF Help Line | (202) 354-3190 |
| Criminal ECF Help Line | (202) 354-3060 |
| Jury Office | (202) 354-3360 |
| Office of the Clerk of the Court | (202) 354-3050 |

1: 06CV00260-LY
1: 06CV00226-LY-RP

**U.S. District Court**

**Divisional Office Manager:**
   Mr. David O'Toole
**Assistant Divisional Office Manager:**
   Ms. Linda Clevenger
**Address:**
   U.S. District Clerk's Office
   200 West 8th St., Room 130
   Austin, Texas 78701
**Phone:**
   (512) 916-5896
**Office Hours:**
   8:00 a.m. - 5:00 p.m.
   Central Standard Time (CST)

1: 06CV00967-LY
1: 05CV00243-SS
1: 07CV00127-LY
1: 07CV00156-LY
1: 07CV00209-LY
1: 07CV00427-SS
      ET.AL.

08-35202
07-35578

### United States Court of Appeals for the Ninth Circuit –
### Public Telephone Nos.
#### General Information: 415-355-8000

**Mailing Address:**

P.O. Box 193939 415-355-8000
San Francisco, CA 94119-3939

**Overnight Mailing:**

95 Seventh Street
San Francisco, CA 94103

| Department | Telephone Number (415) 355- | Fax * Number (415) 355- | Department | Telephone Number (415) 355- | Fax * Number (415) 355- |
|---|---|---|---|---|---|
| General Information | 8000 | | Library | 8650 | |
| Attorney Admissions | 7800 | | Judicial Misconduct | 8199 | |
| Calendar Unit | 8190 | | Human Resources | 7864 / 7868 | |
| Circuit Executive | 8800 | | Procedural Motions | 7860 | |
| Circuit Mediators | 7900 | | Procurement | 8050 | |
| Computer Operations | 7890 | | Pro Se Unit | 8040 | |
| Death Penalty | 8197 | 8564 | Motions Attorneys | 8020 | 8561 |
| Divisional Offices: Pasadena: Portland: Seattle: | 626-229-7250 503-833-5300 206-553-2937 | | Operation Assistants | 7920 | |
| Docketing - Civil | 7830 | | Office of the Appellate Commissioner | 8110 | |
| Docketing - Criminal | 7840 | | Records Unit | 7820 | |
| Extensions of Time/Briefs: Request* | Written: 7860 Telephone 7853 (14 days, only) Pasadena 626-229-7261 Seattle 206-553-0191 | Pasadena: 626-229-7462 Seattle: 206-553-4767 | Staff Attorneys | 8020 | 8565 |
| | | | Tours | 7930 | |

*Documents may only be faxed by with permission of court personnel. Refer to Circuit Rule 25-3, Facsimile filing.

**Telephonic requests for extensions of time to file briefs under Circuit Rule 31-2.2(a) for appeals originating from the Central and Southern Districts of California are administered by the Pasadena office Please contact 626-229-7261.

Telephone requests for extensions of time to file briefs under Circuit Rule 31-2.2(a) for appeals originating from the Districts of Alaska, Eastern and Western Washington, Idaho, Montana and Oregon are administered by the Seattle office. Please contact 206-553-0191.

Requests for appeals originating from all other districts and for petitions for review of agency orders are administered by the San

*2:07CV01846-TSZ-RAJ*

## Contact Us

| | |
|---|---|
| ***U.S. District Court***<br>***Seattle Clerk's Office***<br>U.S. Courthouse<br>700 Stewart Street, Lobby Level<br>Seattle, WA 98101<br>206-370-8400 | ***U.S. District Court***<br>***Tacoma Clerk's Office***<br>U.S. Courthouse<br>1717 Pacific Avenue, Room 3100<br>Tacoma, WA 98402-3200<br>253-882-3800 |
| ***Judges and Chambers***<br>For alphabetical listing, see the<br>Court Directory | ***Jury Department***<br>Local: 206-370-8413<br>Toll-free: 800-488-3350<br>E-mail and Mailing Address |
| ***Electronic Filing Help Desk***<br>206-370-8440 or<br>Toll Free 866-323-9293<br>cmecf@wawd.uscourts.gov | ***Financial Office***<br>206-370-8415<br>seafin@wawd.uscourts.gov |
| ***Human Resources - Personnel***<br>206-370-8499<br>seattle_personnel@wawd.uscourts.gov | ***Attorney Admissions***<br>206-370-8862 or E-mail |
| ***U.S. Court Library***<br>206-370-8975 | |

***Website Feedback and Questions***
info@wawd.uscourts.gov

3:07CV00043-GMK



# Contact Information

Oregon U.S. District Court chambers and administrative offices are open Monday to Friday from 8:30am to 4:30pm.

*Quick Links:*   **Judges' Chambers**   **Probation Offices**   **Pretrial Services Offices**

**Portland Office:**

Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902

Civil Cases: (503) 326-8008
Criminal Cases (503) 326-8003
▶ Hatfield Filings Drop Box Information

**Divisional Offices:**

back to top

| | | |
|---|---|---|
| **Eugene** | Wayne L. Morse U.S. Courthouse 405 East Eighth Avenue, Room 2100 Eugene, OR 97401 | **(541) 431-4100** |
| **Medford** | James A. Redden U.S. Courthouse 310 West Sixth, Room 201 Medford, OR 97501 | **(541) 608-8777** |

**Judges' Chambers Contacts:**

back to top

| | | |
|---|---|---|
| Hon. Ancer L. Haggerty, Chief Judge | Judicial Assistant: Sandi Payne Courtroom Deputy: Jenny Raun | (503) 326-8320 (503) 326-8031 |
| Hon. Ann Aiken | Judicial Assistant: Kellie King Courtroom Deputy: Leslie Engdall | (541) 431-4140 (541) 431-4102 |
| Hon. Garr King | Judicial Assistant: Pamela Cooney Courtroom Deputy: Mary Austad | (503) 326-8230 (503) 326-8034 |
| Hon. Anna J. Brown | Administrative Law Clerk: Sandra Dixon Courtroom Deputy: Steve M. Minetto | (503) 326-8350 (503) 326-8053 |
| Hon. Michael R. Hogan | Judicial Assistant: Mary Pat Piazza Courtroom Deputy: Lea Force | (541) 431-4150 (541) 431-4103 |
| Hon. Michael W. Mosman | Judicial Assistant: Mary Jo Peters Courtroom Deputy: Dawn Stephens | (503) 326-8330 (503) 326-8024 |
| Hon. Robert E. Jones | Judicial Assistant: Cindy Schultz | |

2:07CV02116-CM-JAR-JPO

*Kansas City*





500 State Ave.
259 U.S. Courthouse
Kansas City, Kansas 66101
(913) 551-6719
ksd_clerks_kansascity@ksd.uscour

**Home**
+ **Attorneys**
+ **CJA**
+ **Chambers**
+ **CM/ECF**
− **Clerk's Offices**
    **Locations and Hours**
    **Holidays**
    **Fees**
    **Filing Locations**
    **Post Judgment Interest Rates**
+ **Employment**
**Forms**
+ **Guidelines**
**Judicial Misconduct and Disability**
+ **Jury**
+ **Links**
**Open Procurements**
**Press Information**
+ **Pro Se / Self-Help Information**
+ **Rules**